IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>OCEAN DUKE CORPORATION,<br><br>        Defendant. | CIVIL NO. CV 04-0055 DAE BMK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

    Defendant Ocean Duke Corporation ("Ocean Duke" or "Defendant") hereby submits the following Memorandum of Points and Authorities in support of its Motion for Partial Summary Judgment.

I.     **INTRODUCTION AND STATEMENT OF FACTS**

    Ocean Duke is a California corporation that imports and sells frozen seafood products.  (Declaration of Roger Lin ("Lin Decl."), ¶ 3.)  Ocean Duke obtains its products from Bali, in pre-processed condition; it does not do its own processing. (Lin Decl., ¶ 3.)  In 2000, Ocean Duke received a demand letter from plaintiff Hawaii International Seafoods, Inc., alleging patent infringement of U.S. Patent No. 5,972,401 (hereafter, the "Kowalski" patent).  (Lin Decl., Exh. A.)  This was

followed some time later by plaintiffs' complaint for patent infringement, alleging infringement of the Kowalski patent.

Contrary to the allegations of the plaintiffs' complaint, Ocean Duke's products are not processed by use of the Kowalski patent; rather, a completely different patented process is used by Ocean Duke's supplier. (Lin Decl., ¶¶ 5-8.) Specifically, Ocean Duke's supplier uses the processes described in U.S. Patent No. 6,331,322 (hereafter, the "Shih Patent"). This patented process is completely different from the process described in the Kowalski patent, and does not infringe on the Kowalski patent. (Lin Decl., ¶¶ 5-8; Iwaoka Decl., Exh. D.) The evidence is clear that Ocean Duke Corporation has never acquired, purchased, stored, owned, held possession of, or sold any fish treated with the processes or methods described in the Kowalski patent, as alleged by plaintiff in its complaint. (Lin Decl., ¶ 8.)

This motion is premised on the fact that plaintiffs have no evidence that defendant Ocean Duke Corporation has used the Kowalski patent, or that the Kowalski patent infringes upon the Shih patent. Based thereon, Ocean Duke respectfully urges that partial summary judgment be granted in its favor on plaintiffs' first claim for relief, for patent infringement.

/ / /

/ / /

4

## II.     ARGUMENT.

### A.     STANDARDS FOR PARTIAL SUMMARY JUDGMENT

"Partial summary judgments" are allowed under the federal rules to eliminate claims for relief, even where there will still be other claims left for trial.  Upon a showing that there are no genuine issues of material fact as to a particular claim or defense, the court may grant summary judgment in the party's favor "upon all or any part thereof ."  (Fed. R. Civ. P. 56(a), (b); *see Beal Bank, SSB v. Pittorino Mitsubishi Electronics, America, Inc.* (CD CA 1993) 860 F. Supp. 1448, 1450.)

The standards for summary judgment under Rule 56 are well known.  "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."  (Fed. R. Civ. Proc. 56(b).)  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (Fed. R. Civ. P. 56(c).)  A fact is material if it "might affect the outcome of the suit under the governing law." (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).)  A factual dispute is genuine

5

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (*Id.*)

The moving party in a summary judgment motion bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).)  If the moving party makes this initial showing, the nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.' " (*Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (citation omitted).)  Where the non-moving party bears the burden of proof at trial on an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element in order to avoid summary judgment. (*Id.* at 322, 106 S.Ct. 2548.)  To defeat a summary judgment motion, the opponent may not rely on the pleadings, but must affirmatively come forth with sufficient evidence to substantiate its claims or defenses. (*Id.* at 324, 106 S.Ct. 2548.)

    **B.**    **SUMMARY JUDGMENT IN PATENT INFRINGEMENT CASES**

Plaintiffs' claims for patent infringement purports to arise under 35 U.S.C. 271, which provides in relevant part as follows:

    (a)    Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention,

> within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
>
> * * *
>
> (g)   Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent. . . .

(35 U.S.C. § 271(a), (g) (hereafter, "Section 271".)

Summary judgment is appropriate in a patent case, as in any other case, where there in no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (*Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed.Cir.1994) (citations omitted).) Although determination of infringement is normally a fact-intensive issue, comparison of a properly interpreted claim with a stipulated or uncontested description of an accused process would reflect such an absence of material fact as to warrant summary judgment of infringement or non-infringement. (*Norian Corp. v. Stryker Corp.*, 433 F.Supp.2d 1051, 1053 (N.D.Cal.2004) (citing D.M.I. Inc. v. Deere & Co., 755 F.2d 1570, 1573 (Fed.Cir.1985)).)

### C. PLAINTIFFS' FIRST CLAIM FOR RELIEF FOR PATENT INFRINGEMENT

Plaintiffs accuse Ocean Duke of violating Section 271's prohibtion against "import[ing] into the United States or offer[ing] to sell, sell[ing], or us[ing] within the United States a product which is made by a process patented in the United States . . . ."  However, the evidence presented with this motion is to the contrary.  Ocean Duke's products are not processed by use of the Kowalski patent; rather, a completely different patented process is used by Ocean Duke's supplier.  (Lin Decl., ¶¶ 5-8.)  Specifically, Ocean Duke's supplier uses the processes described in U.S. Patent No. 6,331,322 (hereafter, the "Shih Patent").  This patented process is completely different from the process described in the Kowalski patent, and does not infringe on the Kowalski patent.  (Lin Decl., ¶¶ 5-8; Iwaoka Decl., Exh. D.)  The evidence is clear that Ocean Duke Corporation has never acquired, purchased, stored, owned, held possession of, or sold any fish treated with the processes or methods described in the Kowalski patent, as alleged by plaintiff in its complaint.  (Lin Decl., ¶ 8.)

Further, there is no evidence that the Shih process infringes on the Kowalski process.  As stated by Ocean Duke's expert witness, Dr. Iwaoka, any "similarities" between the two processes "end when details of the processes described by the Shih and Kowalski patents are closely examined."  (Iwaoka Decl., Exh. D, page 6.)  Specifically, "there are two processes in each patent that appear to be sufficiently different from each other that would preclude a Shih patent infringement upon the

8

Kowalski patent, namely 1) the initial heating device and the respective materials used to generate the volatile compounds, and 2) the purity of the final product used to treat the marine foods." (*Id.*)  The differences are obvious and apparent.  The Shih patent involves a process of heating charcoal in a vacuum oven, to a temperature of about 180ºC.  The equipment described in the patent then separates the resulting carbon monoxide, by removing water vapor in a separating device.  The carbon monoxide is then drawn into an airbag, and then into a seafood processing device, where the carbon monoxide treats the seafood for color retention.  (Lin Decl., ¶¶ 6-7; Iwaoka Report, p. 5.)

     In contrast, under the process described in the Kowalski patent, sawdust is used to create smoke, and that smoke is then altered by a certain process that creates "tasteless super-purified smoke" to treat the seafood.  Plaintiffs allege that the Kowalski patent uses a tower purification system that is made up of ice, two cloth filters, and activated carbon, to remove certain chemical constituents of smoke and smoke particulates, thereby producing the "tasteless super-purified smoke."  (Iwaoka Report, p. 11.)  The Shih patent process simply does not use anything resembling this process, but instead involves a separating device whose described function is to separate water vapor from the carbon monoxide.  (Lin Decl., ¶ 7.)  The Shih patent does not claim to "purify" the carbon monoxide by the method described in the

9

Kowalski patent; rather, it separates the carbon monoxide from the water vapor, and uses the resulting carbon monoxide to treat the seafood. (Iwaoka Report, pp. 11-12.)

## III.   CONCLUSION

As this court is aware, plaintiffs have sued a large number of their competitors, alleging infringement of the Kowalski patent. Ocean Duke appears to be the only one of these defendants whose defense to the patent infringement claim is based on the use of the Shih patent. That defense is solid, and fundamental. That is to say, there is simply no evidence plaintiffs can produce that suggests that Ocean Duke's supplier uses the Kowalski patent; to the contrary, the only evidence in this case is that the Shih patent is the exclusive method used. Further, as shown in this motion, the Shih patent's processes are significantly different from those described in the Kowalski patent, and do not infringe on the Kowalski patent.

Wherefore, defendant Ocean Duke respectfully requests that this court grant partial summary judgment in its favor, on plaintiffs' first claim for relief, for patent infringement.

DATED:  Honolulu, Hawai`i, August 15, 2007.

/s/ Louise K. Y. Ing_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
Attorneys for defendant
OCEAN DUKE CORPORATION