IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>OCEAN DUKE CORPORATION,<br><br>        Defendant. | CIVIL NO. CV 04-00055 BMK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Ocean Duke Corporation ("Ocean Duke" or "Defendant") hereby submits the following Memorandum of Points and Authorities in support of its Motion for Partial Summary Judgment.

### I.   INTRODUCTION

As this court is aware, plaintiffs have sued a large number of their competitors, alleging infringement of the so-called "Kowalski" patent. Defendant Ocean Duke Corporation appears to be the only one of these competitors/defendants whose defense to the patent infringement claim is based on the use of a separate patent (the "Shih" patent), which describes a completely different methodology for the processing of seafood from that described in the Kowalski patent.

656,106/8827-1

Discovery in this lawsuit is still ongoing, with at least one expert deposition scheduled for September, and several percipient witness depositions -- including the deposition of plaintiff himself -- scheduled for October.

This motion seeks "trifurcation" of trial, into three phases: a claims construction phase, a liability phase, and a damages phase.

Claims construction is, of course, a key element of patent litigation. Given the status of discovery, neither party has been in a position to bring a pre-trial *Markman* hearing to establish the proper construction of the Kowalski and Shih patents; at least, no such motion has been filed. Based on the continuing nature of discovery in this case, defendant Ocean Duke submits that a three-part trial will be more efficient for the parties and the court, and will improve the administration of justice.

In the alternative, Ocean Duke requests a bifurcated trial, with the *Markman* hearing tried to the court, followed at some point thereafter by a jury trial on the remaining issues.

II. **STATEMENT OF FACTS**

Moving party Ocean Duke Corporation is a California corporation that imports and sells frozen seafood products. Ocean Duke obtains its products from Bali, in pre-processed condition; it does not do its own processing. Thus, Ocean Duke itself has never infringed the Kowalski patent or any other patent; processing seafood is simply not what Ocean Duke does.

In 2001, Ocean Duke received a demand letter from plaintiff Hawaii International Seafoods, Inc., alleging patent infringement of U.S. Patent No. 5,972,401 (hereafter, the "Kowalski" patent). This was followed some time later by plaintiffs' complaint for patent infringement, alleging infringement of the Kowalski patent through the importation of seafood that was purportedly processed using methods described in the Kowalski patent.

Contrary to the allegations of the plaintiffs' complaint, Ocean Duke's products are not processed by use of the Kowalski patent; rather, a completely different patented process is used by Ocean Duke's supplier. Specifically, Ocean Duke's supplier uses the processes described in U.S. Patent No. 6,331,322 (hereafter, the "Shih Patent"). This patented process is completely different from the process described in the Kowalski patent, and does not infringe on the Kowalski patent. Ocean Duke asserts that it has never acquired, purchased, stored, owned, held possession of, or sold any fish treated with the processes or methods described in the Kowalski patent, as alleged by plaintiff in its complaint.

Trial is currently set for December 2007, with discovery scheduled for completion in October. To improve the administration of justice and the efficient trial of this case, Ocean Duke herewith moves for separate trials under FRCP 42.

III.     **SEPARATE TRIALS ARE APPROPRIATE IN THIS CASE.**

Federal Rule of Civil Procedure 42(b) provides that "the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue." (Fed. R. Civ. P. 42(b).) The decision to order separate trials is committed to the sound discretion of the trial court. (*Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982); *Gardco Mfg., Inc. v. Herst Lighting*, 820 F.2d 1209, 1212 (Fed. Cir. 1987) ("[u]nder Rule 42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management").)

Patent cases are particularly appropriate for trial of separate issues. As is well known, the United States Supreme Court has ruled that "claims construction" is a matter of law for the court to decide:

> The question here is whether the interpretation of a so-called patent claim, the portion of the patent document that defines the scope of the patentee's rights, is a matter of law reserved entirely for the court, or subject to a Seventh Amendment guarantee that a jury will determine the meaning of any disputed term of art about which expert testimony is offered. We hold that the construction of a patent, including terms of art within its claim, is exclusively within the province of the court.

(*Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).)

Because claims construction is a matter of law for the court to decide, and because claims construction is a central aspect of many patent lawsuits, there is

656106-1                                                        4

abundant case authority authorizing bifurcation of this aspect of a patent lawsuit. (*See, e.g.,* Manual for Complex Litigation, Fourth, § 33.223, at pp. 607-610.) Often, it is desirable to await the conclusion of discovery -- as in this case -- before embarking on the "claims construction" process:

> With most aspects of the trial hinging on [claim construction] -- 'now strictly a question of law of the court' -- a conservative court will generally endeavor to make this ruling before trial . . . As in this case, this proceeding to assist the court in ascertaining the law is likely to occur *after discovery in which the parties have exchanged information relevant to their understanding of the claims.*"

(*Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 911 F. Supp. 76, 79 (E.D.N.Y. 1996); emphasis added.)

It is also expedient in many cases to bifurcate damages and liability. (*See, e.g., Mag Instrument, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 123 F.R.D. 543, 545 (N.D. Tex. 1988); *Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., Inc.*, 2007 U.S. Dist. LEXIS 4652, at *13 (D.N.J. January 22, 2007) ("[i]n patent cases, bifurcation of liability and damages is not uncommon, especially when the damages issues are complicated and extensive evidence would be necessary"); *Intellectual Prop. Dev., Inc. v. UA-Columbia Cablevision of Winchester*, 2002 U.S. Dist. LEXIS 17 (S.D.N.Y. 2002) (bifurcating liability from damages in a patent infringement case and staying discovery on selected damages issues).) Indeed, damages in patent cases often present legal and factual issues that are not relevant to the determination of liability. (*See, e.g., Swofford v. B&W, Inc.*, 34 F.R.D. 15, 19-20 (S.D. Tx. 1963),

*aff'd*, 366 F.2d 402 (5th Cir. 1964), cert. denied, 379 U.S. 962 (1965) ("[i]n the normal case, separate trial of issues is seldom required, but in a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate trials on the issues of liability and damages.  The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent. . . ."); *Landmark Graphics Corp. et al. v. Seismic Micro Technology, Inc.*, 2006 U.S. Dist. LEXIS 77664, at *3 (S.D. Tx. October 25, 2006); *Yamaha Hatsudoki Kabushiki Kaisha et al. v. Bombardier Inc., et al.*, 2001 U.S. Dist. LEXIS 10738, at *9 (C.D. Cal. May 4, 2001) ("the liability and damage issues are not so interwoven that one cannot be determined independently of the other . . . . Bifurcation, while perhaps not routine, is nonetheless common in patent litigation. . . ."); *see also Medpointe, supra,* 2007 U.S. Dist. LEXIS 4652, at *14 ("[u]nlike the technological information necessary to prove liability . . . , financial and economic evidence will be used to prove and defend the issue of damages.").)

Several factors are considered in determining whether bifurcation is appropriate in patent cases, including:  1) convenience; 2) prejudice; and 3) expediency and judicial economy.  (*See Giro Sport Design, Inc. v. Pro-Tec, Inc.*, 1989 U.S. Dist. LEXIS 9423, at *4-9 (N.D. Cal. March 17, 1989).  The primary advantage of trifurcation (or bifurcation) in this case is that a bench trial on the

claims construction issues would allow the parties to work toward a speedy and focused resolution on those aspects of the case that must be tried to a jury. Thus, in this case, conducting separate trials will not delay, but rather will expedite resolution of these proceedings. Further, if the court is so inclined, a bench trial would allow the court to combine *Markman* and summary judgment proceedings together, if appropriate.

Finally, bifurcation of liability and damages issues will further expedite the trial, and will not prejudice either party. If the liability issues are resolved in favor of Ocean Duke, a trial on damages will not be necessary. On the other hand, a resolution in favor of plaintiffs will facilitate settlement, without an expensive and time-consuming trial on damages. (*See Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977, 984 (D. Del. 1982) (granting motion to bifurcate liability and damages, finding that bifurcation would not unduly prejudice either party); *Swofford, supra,* 34 F.R.D. 15, 20 ("preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in substantial saving of time of the court and counsel and the reduction of expense to the parties. . . . Moreover, separate trial of the issue of liability may present counsel the opportunity to obtain final settlement of that issue or appeal without having reached the often time-consuming and difficult damages question. . . .").)

IV.   **CONCLUSION**

Based on the foregoing, defendant Ocean Duke respectfully requests that this court grant separate trials on the claims construction, liability, and damages phases of this lawsuit.

DATED:  Honolulu, Hawaii, September 5, 2007.

/s/ Louise K. Y. Ing
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
Attorneys for Defendant
OCEAN DUKE CORPORATION
