CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4216
Telephone:  (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> DECLARATION OF MILTON M. YASUNAGA AS PLAINTIFFS WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S OPPOSITION TO DEFENDANT OCEAN DUKE CORPORATION'S MOTION FOR TRIFURCATION, OR, IN THE ALTERNATIVE, BIFURCATION OF TRIAL; EXHIBIT 1; CERTIFICATE OF SERVICE <br><br> HEARING <br> Date:    October 23, 2007 <br> Time:    2:00 p.m. <br> Magistrate Judge:  Barry M. Kurren <br><br> Trial:    December 4, 2007 |

DECLARATION OF MILTON M. YASUNAGA AS
PLAINTIFFS WILLIAM R. KOWALSKI AND HAWAII
INTERNATIONAL SEAFOOD, INC.'S OPPOSITION TO
DEFENDANT OCEAN DUKE CORPORATION'S
MOTION FOR TRIFURCATION, OR, IN THE
ALTERNATIVE, BIFURCATION OF TRIAL

MILTON M. YASUNAGA, hereby declares:

1.  This declaration is submitted as William R. Kowalski and Hawaii International Seafood, Inc.'s opposition to Defendant's motion for trifurcation or bifurcation.

2.  The motion seeks to trifurcate trial in this case into a first trial dealing with claim construction, a second trial dealing with liability, and a third trial dealing with damages. The motion is brought under Fed. R. Civ. Pro. Rule 42(b), which provides that "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," the court "may order a separate trial." The motion should be denied because Defendant has not shown that any of these conditions apply, and also because separate trials would unduly prejudice Plaintiffs. "'The party seeking bifurcation has the burden of demonstrating judicial economy would be promoted and that no party would be prejudiced by separate trials.' Princeton Biochemicals, Inc. v. Beckman Instruments, Inc., 180 F.R.D. 254, 256 (D.N.J.1997)."[1] Defendant has not carried

---

[1] K.W. Muth Co. v. Bing-Lear Mfg. Group, 2002 WL 1879943 (D. Mich. 2002) (A patent case, in which the court denied defendant's motion for bifurcation. The

that burden.

3. Defendant's argument for a separate trial on claim construction should be rejected because claim construction does not justify separate trials. It is true that the judge handles claim construction, but that does not mean there should be separate trials. Just as the judge handles jury instructions as a matter of law before the case goes to the jury without any need for separate trials of instructions and the rest of the case, the Court in this case, as in all other patent cases, can handle claim construction before the case goes to the jury, without any need for separate trials of claim construction and the rest of the case. It should be noted that the case authority cited by Defendant[2] did not involve a separate trial for claim construction or a Rule 42(b) motion asking for that.

4. This is the proper and usual time for claim construction because the parties are at the standard (according to the court's setting of pretrial deadlines relative to the trial date) discovery cutoff date (October 5) and there are still the standard two months before trial begins.[3] The claim construction proceedings have

---

case cited by Muth, Princeton, in turn cited the Ninth Circuit district court case of Spectra-Physics Lasers, Inc. v. Uniphone Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992)).

[2] Loral Fairchild Corp. v. Victor Co. of Japan, Ltd., 911 F.Supp. 76 (E.D.N.Y. 1996).

[3] Discovery is completed except for less than a handful of depositions, and that lack of completion is due to Defendant, but those depositions will be completed soon. Plaintiffs wanted (and earlier requested) the depositions of Roger Lin and Duke Lin to occur in mid-September (and thus, Plaintiffs asked for these

ImanageDB:757954.1

in fact already begun because:

> (1) Defendant's pending motion for partial summary judgment of non-infringement means Defendant already had to have analyzed claim construction and the filing of Defendants motion for summary judgment itself actually triggered the claim construction process because it is basic patent law that, for the court to determine whether a patent has been infringed or not infringed, "First, the court must construe the asserted claim. Second, the court must determine whether the accused product or process contains each limitation of the properly construed claims, either literally or by a substantial equivalent." Freedman Seating Co. v. American Seating Co., 420 F.3d 1350, 1356-57 (Fed. Cir. 2005); and
>
> (2) As part of those pending summary judgment proceedings, Plaintiffs' have filed a countermotion for claim construction.

5. Defendant argues that holding a separate trial for claim construction

---

depositions well before the weekend of the October 1 settlement conference), but Defendant refused to make them available before October 8 and 9, so Plaintiffs had no choice (after their request for September 29 or 30 was also refused) but to agree to depose them on the 8th and 9th. Defendant unilaterally chose to notice the deposition of Plaintiffs' damage expert for October 4 in Los Angeles, and I reminded Defendant's counsel well ahead of time that that expert did not reside in Los Angeles so Defendant could not require him to submit to deposition there. It was only after the October 1 settlement conference that Defendant's counsel responded to my notice that the expert did not reside in Los Angeles by saying that Defendant would pay the cost of bringing the expert to Los Angeles to be deposed on October 10 during the same trip when I deposed the Lins on October 8 and 9. The expert could not make that date because he is being deposed in New York, but he will be deposed by Defendant's counsel on the 12th instead. Thus, all those depositions will be completed next week. Defendant asked to depose Mr. Kowalski on October 2 while Defendant's counsel was in Hawaii for the October 1 settlement conference, and Mr. Kowalski and I agreed, but at the last minute, in explaining why Roger Lin was not available to be deposed in Hawaii, Defendant's counsel announced that he was leaving Hawaii in the morning on October 2, and thus apparently would not be taking Mr. Kowalski's deposition as scheduled on October 2. Mr. Kowalski's deposition is presently being rescheduled, and we have provided days when he is available around the period suggested by Defendant, but Defendant's counsel has not yet responded.

- 3 -

ImanageDB:757954.1

"will not delay, but rather will expedite resolution of these proceedings." That is not correct. It seems clear that Defendant is suggesting that the present December 4 trial date be used for claim construction and the jury trial be moved later, which would necessarily delay resolution of the case. Furthermore, separate trials would be prejudicial to Plaintiffs because that would delay resolution and increase expense. Defendant's counsel has recently indicated that they have reason to believe Plaintiffs are in precarious financial health. Any delay or increase in expense would certainly make it more difficult for Plaintiffs to afford to vindicate their rights in court, and would thus be unduly prejudicial and give Defendant an undeserved reprieve.

  6. Defendant argues that "bifurcation of liability and damages issues will further expedite the trial, and will not prejudice either party," but they certainly have not met their burden of proving that. In fact, the evidence is to the contrary. First, it should be noted that bifurcation of liability and damages in patent cases is not the norm (in fact, even one of the authorities cited by Defendant admitted that bifurcation in patent cases is "not routine." Yamaha v. Bombardier, Inc., 2001 U.S. Dist. LEXIS 10738, at *9 (C.D. Cal. May 4, 2001). Second, Plaintiffs have already incurred the time and expense of preparing their damage case (Plaintiffs have incurred the great expense of retaining a damage expert and obtaining an extensive and detailed damage report from him, which report and related papers

- 4 -

have months ago been produced to Defendant on the deadline), so it is too late to obtain the usual benefit, if any, from bifurcating off damages, and such bifurcation will in fact prejudice Plaintiffs. The authorities cited by Defendant all involve requests for bifurcation of damages well ahead of trial and the discovery cutoff, and long before the plaintiff (as in the present case) has already incurred the time and expense of getting a damage report from an expert and done the other things needed to prepare its damage case.

7. Besides the abovementioned K.W. Muth Co. v. Bing-Lear Mfg. Group, 2002 WL 1879943 (D. Mich. 2002), other examples of the many **patent** cases refusing to order separate trials include the following:

8. Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc., 707 F.Supp. 1429, 1435 (D. Delaware 1989) (patent re data transmission):

> Neither party disputes the assertion that the technology involved in this case is very complex. However, ... defendants have failed to show that a substantial risk of confusion will result if all issues in this case are decided at a single trial....
>
> Perhaps the most important consideration for a court ruling on a motion to bifurcate is whether separate trials would unduly prejudice the non-moving party. As plaintiff has correctly indicated, prejudice under these circumstances may simply amount to unfair delay of the final disposition of the matter. Applying this definition of prejudice, the Court finds that separate trials here might very well prejudice plaintiff....
>
> [D]efendant appears to be able to point to little in the way of convenience or judicial economy to support its motion. It is undeniable that, if the Court were to bifurcate the trial and defendants were to prevail on the infringement issue, there would be no trial on damage; however, if defendant were to lose

on liability, the two trials would end up taking considerably more time than would have been required to reach the same outcome with a single trial. Given the very limited benefit to be derived from bifurcation in this case, the Court is simply unwilling to take the gamble that defendant recommends. Defendant's motion will thus be denied.

9. H.B. Fuller Co. v. National Starch & Chemical Corp., 595 F.Supp. 622, 625 (D. Del. 1984) (patent re adhesive):

> It is true of any case that a separate trial on a dispositive issue might save some time and energy; however, that fact has not led to the routine bifurcation of trial for the simple reason that judicial economy is not the be all and end all of the administration of justice. Justice includes, as Federal Rule of Civil Procedure 42(b) suggests, a consideration of the potential prejudice to the parties in determining whether separate trials should be conducted on the issues in a single case.... [T]he Court believes that the overall equities of this case will be better considered and prejudice to Fuller will thus be avoided if the entire case is considered in a single trial. National's request for a separate trial on its two defenses would in this Court's opinion unduly extend the final disposition of this case to Fuller's prejudice and therefore the alternative motion for separate trials ... will be denied.

10. Perhaps most significant is the November 22, 2004 order of a judge of this court (true and accurate copy attached as Ex. 1 hereto) denying the motion for bifurcation brought by the defendant in another infringement case (Kowalski v. Jana Brands, CV 3-15 DAE-KSC) brought by Mr. Kowalski on the same patent at issue in the present case. In that case, the parties had originally sought bifurcation, each for its own reasons, but The Honorable David A. Ezra indicated a less than favorable view of bifurcation in his ruling that bifurcation would not be allowed by stipulation and a motion justifying bifurcation had to be filed. By the time

- 6 -

Defendant filed a motion many months later, Plaintiffs had to oppose the motion because of various particulars of the motion and because by that time circumstances had changed (see footnote 4) so that Plaintiffs did not agree that bifurcation was appropriate at that time, and the Court denied the motion, holding:

> The patent liability, antitrust and damage claims in the case brought by Plaintiff are interwoven. It would be difficult to isolate and separate the evidence so that there would be no repeated witnesses and/or no overlapping evidence presented at each trial. As a result, this court cannot state that bifurcation would result in a benefit to the parties or the court. Rather than advancing the policies of judicial economy and swift adjudication of the claims, bifurcation could result in likely duplication of effort, significant delay and unnecessary expense.
>
> Nor can the court state that the issues presented are so difficult or complex that a jury would likely be confused or misled by the evidence presented at a single trial. Any potential prejudice to Defendant may be addressed by appropriate instructions to the jury.
>
> Based on the record presented, the court finds in the exercise of judicial discretion that bifurcation is not warranted in this case.[4]

11. Bifurcation would cause much duplication of expense and delay because a second jury will have to start all over again on the same evidence (it would be

---

[4] In the Jana Brands case, the court granted a continuance of trial because the parties both agreed that a continuance was needed (e.g., plaintiffs needed discovery for damages and much of that evidence also was relevant for liability, which evidence had been withheld until then on the excuse that the case would be bifurcated, and that withholding of evidence on the excuse of bifurcation was part of the reason that plaintiffs' position on bifurcation in that case had changed, along with the indication of the court that bifurcation was not favored and other factors). In contrast, in the present case, Plaintiffs do not agree to a continuance, Defendant has not moved for one, there was no earlier expectation of bifurcation, there was no limitation on discovery, Plaintiffs have already spent the money to obtain a damage report, the expert report and motions to compel deadlines have passed, and the discovery cutoff is today.

- 7 -

impossible to hold the same jury – or would require them to be involved for a very long time), greatly delay a final resolution of this case, and not result in justice.

12. This is not a personal injury case where sympathy for the plaintiff's injuries may improperly sway a jury, so that reason for bifurcation does not exist.

13. Bifurcation would require recalling to Hawaii for the second trial many witnesses who live in other states and other countries.

14. The delay and added expense of three and even two trials would be unduly prejudicial to Plaintiffs and might mean that they run out of resources to complete the litigation. The fact that Defendant asks for trifurcation makes the added expense, delay, and prejudice even worse.

15. For all of the above reasons, the motion to trifurcate or in the alternative bifurcate should be denied.

DATED: Honolulu, Hawaii, October 5, 2007.

CADES SCHUTTE LLP

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA
Attorney for Plaintiffs
WILLIAM R. KOWALSKI and HAWAII
INTERNATIONAL SEAFOOD, INC.