

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 2 2004

at 4 o'clock and 00 min. P M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI, | CIVIL NO. 03-00015 DAE-KSC |
| Plaintiff and Counterclaim Defendant, | ORDER DENYING MOTION FOR BIFURCATED TRIALS ON THE PATENT LIABILITY AND ANTITRUST/DAMAGES ISSUES |
| vs. | |
| JANA BRANDS, INC., | |
| Defendant and Counterclaim Plaintiff | |
| vs. | |
| HAWAII INTERNATIONAL SEAFOOD, INC., | |
| Additional Counterclaim Defendant. | |

ORDER DENYING MOTION FOR BIFURCATED TRIALS ON
THE PATENT LIABILITY AND ANTITRUST/DAMAGES ISSUES

On October 19, 2004, Defendant/Counterclaim Plaintiff Jana Brands, Inc. ("Defendant") filed its Motion for Bifurcated Trials on the Patent Liability and Antitrust/Damages Issues ("Motion").

The Motion came on for hearing on November 22, 2004. Attorney Milton M. Yasunaga appeared for

Exhibit 1

Plaintiff William Kowalski and Additional Counterclaim Defendant Hawaii International Seafood, Inc. (collectively "Plaintiff"); Attorneys Stephen G. Dyer appeared in person, and Andrew K. Beverina and Jeffrey B. McIntyre appeared by telephone, for Defendant.

The court having carefully reviewed the written submission, arguments of counsel and record, herein, hereby DENIES Defendant's Motion for Bifurcated Trials on the Patent Liability and Antitrust/Damages Issues.

## BACKGROUND

On January 13, 2003, Plaintiff filed a Complaint alleging patent infringement. Defendant filed its answer to complaint and counterclaim against Plaintiff on March 10, 2003. On March 31, 2003, Defendant filed an Amended Counterclaim against Hawaii International Seafood, Inc.

On February 12, 2004, a status conference was held. At the status conference, the parties informed the court that they were discussing and had agreed that they would seek bifurcation of the trial in this case.

2

In response, the court told the parties to submit the appropriate stipulation to bifurcate to the court.

Thereafter, a Stipulation to Bifurcate was submitted to Chief District Judge David A. Ezra, who declined to sign the stipulation, and indicated that filing of a motion would be more appropriate.

Thereafter, Defendant's Motion to Bifurcate was filed on October 19, 2004. On November 4, 2004, Plaintiff filed the Declaration of Milton M. Yasunaga as Opposition to the Motion. Defendant filed a Reply Memorandum on November 10, 2004.

### DISCUSSION

Defendant seeks bifurcation of the trial in this case separating the patent liability issues and the antitrust/damages issues. Rule 42(b) of the Federal Rules of civil Procedure provides for bifurcation of a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy[.]"

Defendant contends that bifurcation of the trial would be more economical and expeditious because

3

the litigation of issues such as damages and willfulness would not be necessary if Defendant prevails on the patent liability issues. Thus, Defendant argues that the court would not need to expend more time and resources.

Defendant further contends that bifurcation would limit or prevent complex issues from being presented to the jury. Moreover, Defendant argues that bifurcation is necessary to avoid any prejudice to it in having to prepare for a trial in six months after relying upon an apparent agreement to bifurcate made with Plaintiff.

Defendant's arguments are unpersuasive.

The patent liability, antitrust and damage claims in the case brought by Plaintiff are interwoven. It would be difficult to isolate and separate the evidence so that there would be no repeated witnesses and/or no overlapping evidence presented at each trial. As a result, this court cannot state that bifurcation would result in a benefit to the parties or the court. Rather than advancing the policies of judicial economy

and swift adjudication of the claims, bifurcation could result in likely duplication of effort, significant delay and unnecessary expense.

Nor can the court state that the issues presented are so difficult or complex that a jury would likely be confused or misled by the evidence presented at a single trial. Any potential prejudice to Defendant may be addressed by appropriate instructions to the jury.

Based on the record presented, the court finds in the exercise of judicial discretion that bifurcation is not warranted in this case.

In deciding the Motion, the court disregarded Plaintiff's argument presented at the hearing regarding the effects, if any, that bifurcation would have on mediation and possible settlement of the case. Such argument is irrelevant to the question of bifurcation. The court considered and applied the factors identified in Rule 42(b) of the Federal Rules of Civil Procedure.

Recognizing that counsel will require additional time to conduct discovery of Plaintiff's claims and prepare for trial, the court will allow a short continuance of the trial in order for the parties to complete discovery and to file motions now that the issue of bifurcation has been resolved.  The new trial date and applicable deadlines will be addressed at a status conference to be held on November 29, 2004, at 9:00 a.m. with the court and counsel.

## CONCLUSION

Based on the foregoing, the court DENIES Defendant/Counterclaim Plaintiff Jana Brands, Inc.'s Motion for Bifurcated Trials on the Patent Liability and Antitrust/Damages Issues.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, _____NOV 22 2004_____.

_____
KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE

CIVIL NO. 03-00015 DAE-KSC.  <u>WILLIAM R. KOWALSKI vs. JANA BRANDS, INC. vs. HAWAII INTERNATIONAL SEAFOOD, INC.</u>; ORDER DENYING MOTION FOR BIFURCATED TRIALS ON THE PATENT LIABILITY AND ANTITRUST/DAMAGES ISSUES