LOUISE K. Y. ING    2394-0
ALLISON GRIFFITHS   8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Emails:  ling@ahfi.com
         agriffiths@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street. Suite 703
Los Angeles, California 90012
Telephone:  (213) 625 -2625
Facsimile:  (213) 625-2650
Email: tneufeld@neufeldlawgroup.com

Attorneys for Defendant
  OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. CV 04-0055 DAE BMK<br><br>**OCEAN DUKE CORPORATION'S REPLY IN SUPPORT OF MOTION FOR TRIFURCATION, OR IN THE ALTERNATIVE, BIFURCATION OF TRIAL, FILED 9/5/07**; CERTIFICATE OF SERVICE<br><br>DATE:   October 23, 2007<br>TIME:   9 a.m.<br>JUDGE:  Barry M. Kurren<br><br>TRIAL:  December 4, 2007 |

130345.1

**OCEAN DUKE CORPORATION'S REPLY IN SUPPORT OF MOTION FOR TRIFURCATION, OR IN THE ALTERNATIVE, BIFURCATION OF TRIAL, FILED 9/5/07**

A.   <u>Introduction.</u>

In essence, this court has already (partially) granted this motion by setting a claims construction ("*Markman*") hearing for November 16, 2007.  Thus, the only issue remaining is whether the liability and damages aspects of the case should be bifurcated.

B.   <u>The Damages Phase Should Be Bifurcated from the Liability Phase.</u>

"Experienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to a jury." (Thomas L. Creel & Robert P. Taylor, Bifurcation, Trifurcation, Opinions of Counsel, Privilege and Prejudice, 424 PLI/Pat 823, 826 (1995); *see also* Manual for Complex Litigation (Third) § 33.62 (1995) (advising trial judges to bifurcate or trifurcate overly complex patent trials).)  In fact, bifurcation of complex patent trials has become common. (Steven S. Gensler, Bifurcation Unbound, 75 Wash. L. Rev. 705, 725 (2000) ("Bifurcation is also common in patent litigation...."); Creel & Taylor, *supra*, at 825 ("Bifurcation or even

trifurcation is common in patent cases.").)  Typically, courts bifurcate patent cases into liability and damage trials.  (*Swofford v. B&W, Inc.*, 336 F.2d 406 (5th Cir. 1964), cert. denied, 379 U.S. 962 (1965) (bifurcating patent case into liability and damage trials).  Courts also bifurcate complex patent cases in such a way to prevent jury confusion.  (*Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977, 984 (D. Del. 1982) (finding "that one trial of both issues [i.e., liability and damages] would tend to clutter the record and to confuse the jury").

Bifurcation is an important discretionary tool that district courts use in patent cases to ensure that the cases are resolved in a just manner, by juries that understand the complex issues before them.[1]  Many scholars have endorsed bifurcation in complex cases as a method of improving juror comprehension.  Specifically, bifurcation will enhance jury decision-making in this case in two ways:  first, by presenting the evidence in a manner that is easier for the jurors to understand; and second, by limiting the number of legal issues the jury must address at any particular time.  (Gensler, *supra*, at 751.)

Here, defendant Ocean Duke is moving for bifurcation precisely because it is confident that it can defeat the liability claim, and any discussion of damages issues

---

[1]  Counsel for plaintiffs points out that a case cited by Ocean Duke (*Yamaha v. Bombardier, Inc.*, 2001 U.S. Dist. Lexis 10738, at *9 (C.D. Cal. May 4, 2001)) acknowledges that bifurcation in patent cases is "not routine."  This much is true, but the full quote from the court's opinion is as follows:  "Bifurcation, while perhaps not routine, is nonetheless common in patent litigation."  (*Id.*)

by necessity will interject issues irrelevant to liability -- specifically, the financial condition of one or both parties.  Indeed, Ocean Duke requests bifurcation recognizing that bifurcation is risky for defendants because, if there is a finding that the Kowalski patent was infringed by Ocean Duke's supplier, then damages are a virtual certainty.  Thus, the second phase of a bifurcated trial would be an examination of Ocean Duke's business and finances, with the jury already knowing that a finding of infringement, adverse to Ocean Duke, has been made.  That is not an enviable position for a defendant to be in, but Ocean Duke welcomes the challenge, because it is so confident of its defense on liability issues.

    Plaintiffs, on the other hand, will not admit that their opposition to bifurcation is based principally on tactics and litigation strategy.  This case was filed in early 2004, and plaintiffs have suggested, requested, or stipulated to several trial continuances over the course of this case.  Defendant Ocean Duke Corporation did not object to the trial continuances (as usually happens with defendants).  However, now plaintiffs want to press forward with a jury trial on an extremely tight schedule, for no other reason than litigation tactics (or, more likely, settlement tactics).[2]

---

[2]    Regarding the tight schedule, note, for example, that plaintiffs demanded the depositions of Ocean Duke's two key executives (the first and only Ocean Duke witnesses to give depositions in this case), ***for the first time***, less than one month before the discovery cutoff date.  (Those depositions were concluded in mid-October, just three days before this reply brief was filed). Note also that plaintiffs filed a *Markman* motion just last week, after all motion cutoff dates had passed.  Finally, plaintiffs have offered to produce

In this regard, plaintiffs' oft-heard mantra -- that "this case is plaintiffs' strongest case" among the many Kowalski patent infringement cases -- in actuality boils down to two things: (1) plaintiffs' misguided belief that character assassination has a place in this patent infringement trial,[3] and (2) the fact that Ocean Duke, in terms of volume of business, tends to be larger than some of the other defendants who have had the misfortune of being sued by the Kowalski plaintiffs. In other words, plaintiffs want a single, non-bifurcated jury trial to begin on December 4, 2007, because they think they have a defendant with a deep pocket, and they also think (wrongly) that they have a defendant with some dirty laundry that would come out in court.

---

Mr. Kowalski for deposition only in late October or early November, even though that deposition was requested well before plaintiffs asked for the deposition of the Ocean Duke witnesses.

[3] Plaintiffs seem to believe that certain suppliers of Ocean Duke Corporation are being investigated by the authorities for some type of misfeasance, and that such "evidence" can be introduced in this patent infringement trial, because the purported evidence "goes to credibility." But plaintiffs' attempted use of any such investigations is nothing more than a litigation "cheap shot" that has absolutely nothing to do with the patents or the infringement claims involved in this case. These "character assassination" issues will be addressed in Ocean Duke's motions *in limine*, and it will be shown that there are no known investigations against the company that supplies Ocean Duke its treated fish (allegedly in violation of the Kowalski patent), let alone charges or court findings of wrongdoing. But the point here is that Ocean Duke is very comfortable with defending its own conduct, and its supplier's processing of its seafood, against the patent infringement charges brought by plaintiffs.

But those issues should not be allowed to get plaintiffs where they want to be. On the "dirty laundry" issue, Ocean Duke will bring motions *in limine* that will dispose of plaintiffs' attempts at character assassination on subject matters that are wholly unrelated to any of the issues in this case (and that are not what plaintiffs think they are, in any event). On the "deep pockets" issue, Ocean Duke requests that this motion should be granted, so as to avoid confusion of the issues.

Ocean Duke urges that this trial be a pure examination of whether Ocean Duke's supplier has infringed the Kowalski patent, without the implications that plaintiffs counsel would otherwise make at trial, to the effect that Ocean Duke is a deep pocket deserving of an adverse jury verdict.

DATED: Honolulu, Hawaii, October 12, 2007.

/s/ Louise K. Y. Ing
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
Attorneys for Defendant
  OCEAN DUKE CORPORATION

659,553 / 8827-1

6