LOUISE K. Y. ING      2394-0
ALLISON GRIFFITHS   8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Emails:   ling@ahfi.com
          agriffiths@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street. Suite 703
Los Angeles, California 90012
Telephone:  (213) 625 -2625
Facsimile:  (213) 625-2650
Email: tneufeld@neufeldlawgroup.com

Attorneys for Defendant
  OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. CV 04-00055 BMK<br><br>**DEFENDANT OCEAN DUKE CORPORATION'S STATEMENT REGARDING ITS MOTION FOR PARTIAL SUMMARY JUDGMENT, FILED 8/15/07**; CERTIFICATE OF SERVICE<br><br>DATE:   October 23, 2007<br>TIME:    2 p.m.<br>JUDGE:   Barry M. Kurren<br><br>TRIAL:  December 4, 2007 |

659,584

## DEFENDANT OCEAN DUKE CORPORATION'S STATEMENT REGARDING ITS MOTION FOR PARTIAL SUMMARY JUDGMENT, FILED 8/15/07

Defendant Ocean Duke Corporation filed its motion for summary judgment on the last date for filing dispositive motions in this case, August 15, 2007. Plaintiffs filed their opposition papers one week ago, and filed a cross-motion for claim construction. In their companion opposition to Ocean Duke's motion for trifurcation, Plaintiffs argued:

> Defendant's pending motion for partial summary judgment of non-infringement means Defendant already had to have analyzed claim construction and the filing of Defendant's motion for summary judgment itself actually triggered the claim construction process because it is basic patent law that, for the court to determine whether a patent has been infringed or not infringed, "First, the court must construe the asserted claim. Second, the court must determine whether the accused product or process contains each limitation of the properly construed claims, either literally or by a substantial equivalent." (*Freedman Seating Co. v. American Seating Co.*, 420 F. 3d 1350, 1356-57 (Fed. Cir. 2005).)

(*See* Plaintiffs' Opposition to Motion for Trifurcation, at p. 3.)

Following plaintiffs' recent court filing of a cross-motion for claim construction, the court ordered that a claim construction hearing be set for November 16, 2007, and established a briefing schedule.

Defendant concurs with the concept advanced by plaintiff, that the summary judgment process includes claims construction as a necessary element. Defendant respectfully submits that judicial economy and efficiency will best be served by continuing the hearing on motion for summary judgment, now set for October 23,

2007, until after the November 16, 2007 hearing date for the claims construction motion(s) and the court's rulings on such motion(s).  Defendant further requests an opportunity for further briefing by the parties on the summary judgment motion after the court rules on the claim construction motions, in order to take into account the claim construction rulings made by the court at or after the November 16, 2007 hearing.

        DATED:  Honolulu, Hawaii, October 12, 2007.

        /s/ Louise K. Y. Ing
        LOUISE K. Y. ING
        ALLISON KIRK GRIFFITHS
        TIMOTHY L. NEUFELD
        Attorneys for Defendant
          OCEAN DUKE CORPORATION