CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA            2954-0
ALLISON MIZUO LEE     7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 544-3833
E-mail: myasunaga@cades.com

Attorneys for WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>PLAINTIFFS WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S PRETRIAL STATEMENT; CERTIFICATE OF SERVICE |

ImanageDB:768359.1

PLAINTIFFS WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S PRETRIAL STATEMENT

Pursuant to Local Rule 16.6 of the Rules of the United States District Court for the District of Hawaii, Plaintiffs hereby submit the following Pretrial Statement.

I. **PARTY**

This is the pretrial statement of Plaintiffs WILLIAM R. KOWALSKI (Kowalski) and HAWAII INTERNATIONAL SEAFOOD, INC., (HISI).

II. **JURISDICTION AND VENUE**

This court has jurisdiction over the subject matter of this action pursuant to: (A) 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331, in that this action includes a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and claims for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (B) 28 U.S.C. § 1338(b), in that this action asserts claims of unfair competition and other state law claims that are joined with a substantial and related claim under the patent and federal trademark laws; and (C) 28 U.S.C. § 1367(a), in that any other claims are related to the claims for patent infringement, trademark infringement, and unfair competition and are therefore proper under this court's supplemental jurisdiction. Venue for this action

is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) and there is jurisdiction over Defendant because there is general jurisdiction and specific jurisdiction over Defendant because its contacts with the forum are "continuous and systematic" and Defendant has committed acts of infringement and other actionable acts, and has caused Plaintiffs harm in this judicial district. Defendant brought a motion for change of venue and the Court denied the motion in its June 7, 2004 order.

### III. SUBSTANCE OF THE ACTION

This is a patent infringement action. On October 26, 1999, Kowalski, an individual who resides in Hawaii, was issued United States Patent No. 5,972,401 (Kowalski Patent). He is President and owner of HISI, a Subchapter S corporation that imports and sells in the United States seafood treated with his patented process. The patent broadly covers the use of smoke, not for the traditional purpose of giving a smoke odor and taste to food, but for the novel purpose of preserving or retaining the fresh-like color of food without the food ending up with a smoke taste or odor. Thus, in agreeing to issue the Patent, the United State Patent & Trademark Office concluded, "[Patent] applicant [Kowalski] defines over the prior art of record by not imparting smoke taste & flavor & odor". See the patent examiner's Interview Summary, Ex. 1. The case also involves a claim that Ocean Duke's use of the name "CRYO-FREEZE" for its fish treated with smoke

for color retention and not to add smoke taste or odor infringes Kowalski's trademark "CRYOFRESH", which his company HISI uses for its fish treated with smoke for color retention and not to add smoke taste or odor. There are also claims of unfair competition and deceptive trade practices related to the use of the name "CRYO-FREEZE", as well as a claim for treble or punitive damages. Defendant denies that it is liable for patent or trademark infringement, unfair competition or deceptive trade practices, or treble or punitive damages, and its answer states sixty-six affirmative defenses. Defendant has stated in response to interrogatories that "Ocean Duke imports fish that have been processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,322, issued .. to Shih and … Chiu. That patent and the processes, disclosures, claims and teachings thereunder are completely different from the patent alleged in plaintiff William R. Kowalski's complaint …."

## IV.   UNDISPUTED FACTS

In its Answer to the Complaint, Ocean Duke admitted that it is a California corporation, that the two letters dated January 2000 addressed to "Ocean Duke Corp. Attn: Mr. Duke Lin" and titled "Notice of Infringement of U.S. Patent No. 5,972,401" (Kowalski Patent) and "Letter Providing Supplemental Information" "exist and speak for themselves", that "some of the products [Ocean Duke] imports and distributes bear the words 'Cryo-Freeze'". Ocean Duke's Answer purported to

dispute all other facts stated in the Complaint (Ocean Duke's answer would not even admit that it received the January 2000 letters, although the Fed Ex receipt and Ocean Duke's production of those letters in response to requests for production show that it did receive those letters). In its Supplemental Responses to Interrogatories, Ocean Duke admitted that "Ocean Duke purchases fish treated for color retention from PT Inti Samudera Citra Perkasa" and that the fish is treated with "filtered smoke" and "Ocean Duke Corporation has used the terms 'processed smoke' [and] 'filtered smoke'".

## V.  DISPUTED FACTS

Aside from the above, it would appear that all other facts are disputed, but when we receive transcripts of depositions of Roger and Duke Lin taken on October 8 and 9, other admissions may become apparent. Ocean Duke disputes that the process by which its product is processed falls within any claim of the Kowalski Patent -- this is a legal conclusion rather than a dispute of fact because Ocean Duke has not set out facts to support its position. In answers to interrogatories, Ocean Duke claims that "Ocean Duke imports fish that have been processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,322, issued .. to Shih", and Plaintiffs dispute that assertion, but also take the position that, even if the assertion were true, Defendant would still be liable for infringement of the Kowalski Patent.

## VI. **RELIEF PRAYED**

As set forth in the Complaint, Plaintiffs request entry of judgment in their favor and against Defendant as follows:

    A. Declaring the '401 Patent valid and enforceable, and that Defendant has infringed one or more claims of that patent;

    B. Preliminarily and permanently enjoining Defendant and its agents, representatives, employees, servants, officers, directors, shareholders, attorneys, affiliates, trustees, successors, assigns, and any others within their control or supervision, and all persons acting in active concert or participation with them, from further infringing, contributing to and/or inducing the infringement of the '401 Patent, in accordance with 35 U.S.C. § 283, or assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

    C. Awarding Plaintiffs damages in an amount adequate to compensate them for Defendant's patent infringement, in accordance with 35 U.S.C. § 284, including pre-judgment interest;

    D. Increasing the damages to three times the amount found or assessed by virtue of the deliberate and willful nature of Defendant's patent infringement, in accordance with 35 U.S.C. § 284;

    E. Awarding Plaintiffs Defendant's profits, Plaintiffs' damages, treble and/or punitive damages, and prejudgment interest for harm caused by Defendant's trademark infringement, unfair competition, deceptive trade practices, and other conduct described above.

    F. Preliminarily and permanently enjoining Defendant and its agents, representatives, employees, servants, officers, directors, shareholders, attorneys, affiliates, trustees, successors, assigns, and any others within their control or supervision, and all persons acting in active concert or participation with them, from further infringing, contributing to and/or inducing the infringement of the trademark, or assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

    G. Ordering Defendant to deliver to this Court, to be impounded during the pendency of this action, all materials in their possession or control as are

herein alleged to infringe on the trademark, or which may be used to so infringe;

      H. Ordering Defendant to send written notice to each person or entity who has received from Defendant, or its respective agents, representatives, employees or servants, any items that infringe on the trademark, said notice to: (a) request each such recipient to return all such items to Defendant; and (b) advise each such recipient that each such item is in violation of Plaintiffs' rights to the trademark;

      I. Awarding Plaintiffs punitive, exemplary, or treble damages to which Plaintiffs are entitled.

      J. Awarding Plaintiffs their costs, reasonable attorneys' fees, and granting such other and further relief as this Court deems just and proper.

**Damages:** As for the specifics of the monetary damages owed by Defendants to Plaintiffs, these are set forth in the July 16, 2007 report of Plaintiffs' damage expert, economist David Francom, and can be summarized as follows:

| | |
|---|---|
| Lost Profit damages for patent infringement | $ 6,358,983 |
| Prejudgment interest | 2,782,716 |
| Consequential damages of excess interest and bank fees | 2,020,560 |
| Subtotal | $11,162,259 |

The above damages should be trebled for willful infringement, and attorneys fees and costs should also be awarded.

(In the event the jury decides lost profit damages have not been proven, an alternative damage calculation based on the minimum damage mode of reasonable royalties has also been provided, but reasonable royalties is only a minimum alternative. That would substitute royalties of $2,009,073 for the lost profit component, and reduce the prejudgment interest to $777,943.)

## VII. DISPUTED POINTS OF LAW

At this time, disputes as to points of law have not yet surfaced.

## VIII. PREVIOUS MOTIONS

A. Defendant brought a motion for change of venue and the Court denied the motion in its June 7, 2004 order.

B. Defendant brought a motion for trifurcation or in the alternative bifurcation of trial, which is set to be heard October 23, 2007.

C. Defendant brought a motion for partial summary judgment which was originally set to be heard October 23, 2007, but the Court vacated that hearing date and announced that the motion would be dealt with after the November 16, 2007 claim construction hearing.

D. Plaintiffs filed a cross motion for claim construction, which the Court has set for hearing on November 16, 2007.

## IX. WITNESSES TO BE CALLED

A. William R. Kowalski –To describe his patent, the technology involved, the industry and regulatory context, to show Defendant infringed his patent and his trademark, evidence of damages.

B. Clinton Taylor – possibly, re evidence of liability and damages to supplement Mr. Kowalski, especially re financial information provided to economic expert.

C. John Stalker – re Ocean Duke infringed the Kowalski Patent.

D. Dr. Joseph Maga, expert regarding the use of smoke in food processing – re evidence of liability (see points mentioned in his report).

E. Dr. David Francom – re damage expert (see points mentioned in his report and deposition).

F. Roger Lin – re evidence of liability and damages (selected points mentioned in his responses to interrogatories, declaration, deposition, and writings).

G. Duke Lin – re evidence of liability and damages (selected points mentioned in his deposition and writings).

X.   **EXHIBITS, SCHEDULES, AND SUMMARIES**

Under the Amended Rule 16 Scheduling Order issued January 23, 2007, the parties shall exchange or, when appropriate, make available for inspection all exhibits to be offered, other than for impeachment or rebuttal, and all demonstrative aids by November 6, 2007, but at the present time, the following exhibits can be mentioned (with supplementation to follow on the November 6, 2007 due date) (the identity of the sponsoring witness is provided at the end of each description).

1. The Kowalski Patent, contains the claims infringed and the specifications and other portions of the patent – Kowalski (K).

2. The Notice of Infringement Letter and Letter Containing Supplemental Information regarding infringement sent by Kowalski to Ocean Duke in January 2000, and courier receipt proving Ocean Duke received the letter – K.

3. Report and exhibits and related working and source papers of Dr. David Francom – (produced on July 16, 2007 and also in conjunction with his deposition on October 12, 2007) re (non-trebled) damages owing of $11,162,259, and alternative damage calculations – Francom (F), or (in the case of Plaintiffs' financial information) K (or Taylor [T]) and (in the case of Ocean Duke's financial information) Duke or Roger Lin (L).

4. The Shih Patent (ODC 126-28) – K or L.

5. Report of Dr. Joseph A. Maga – re smoke, chemistry, industry, and infringement issues – Maga (M).

6. Selected portions of Ocean Duke's Supplemental Responses to Interrogatories – e.g., identity of supplier, use of "filtered smoke" to treat fish "for color retention", use of the labels "filtered smoke" and "processed smoke", description of process used, damages and defenses, etc. (It is possible this may be used only in rebuttal) – K or L.

7. Selected portions of the Report of Dr. Iwaoka regarding how heating charcoal will not produce only carbon monoxide and water and re the creation of charcoal – (possibly only in rebuttal, if necessary) Iwaoka.

8. ODC 1-11 – re process allegedly used by Ocean Duke's supplier - (possibly only in rebuttal, if necessary) L.

9. ODC 12 – 2/17/04 email from Wilson to Roger Lin (R Lin), et al. re labeling – K or L.

10. ODC 13-14 – 2/6/04 letter from FDA to Wilson re labeling – K or L.

11. ODC 15-17 – 10/7/03 letter from Wilson to FDA re labeling – K or L.

12. ODC 18 – chart of ODC sales of treated fish – L or F.

13. ODC 19 - chart of ODC sales of untreated fish – L or F.

14. ODC 21-54 (or excerpts only, consisting of 21-25, and 54) – USDC's list showing Ocean duke's supplier listed as processor of "Filtered Smoke Treated

Fishery Products" – K or L.

15. ODC 69-70 – 1/24/00 letter from K to Duke L offering license – K or L.

16. ODC 71-74 – proposed license – K or L.

17. ODC 75-77 – 1/24/00 ltr from K to ODC – notice of infringement – K or L.

18. ODC 78-81 – 1/24/00 ltr from K to ODC – supplemental information re notice of infringement – K or L.

19. ODC 83-86 – 6/06/00 ltr from Schroeder to R Lin re (and attaching) 1/24/00 notice of infringement – L.

20. ODC 87 – 2/11/00 ltr from Intellectual Property Insurance Services to Duke Lin (D Lin) re notice of infringement – K or L.

21. ODC 88-105 – copy of Kowalski Patent attached to ODC 87 – 2/11/00 ltr from Intellectual Property Insurance Services to Duke Lin (D Lin) re notice of infringement – K or L.

22. ODC 106-18 – "Twelve Reasons Why Not To Be A Patent Infringer" attached to ODC 87 – 2/11/00 ltr from Intellectual Property Insurance Services to Duke Lin (D Lin) re notice of infringement – K or L.

23. ODC 119-124 – 10/07/02 letter from K to D Lin re Hilo fish settlement and judgment and injunction with copy of article and 1/24/00 notice letter and FedEx proof of receipt by D Lin on 10/10/02 – K or L.

24. ODC 125 – 10/10/02 fax transmission report - L.

25. ODC 126-28 - The Shih Patent – K or L.

26. ODC 129 – Shih ltr to R Lin 10/11/02 re Shih uses smoke - L.

27. ODC 130-32 – 3/10/02 FDA GRAS Response Ltr re tasteless smoke is GRAS – L or K.

28. ODC 192 – notes by Shih to R Lin re process allegedly used – L.

29. Kowalski Patent history files – contains the documents that were part of the Kowalski Patent application – K.

30. Shih Patent history files – contains the documents that were part of the Shih Patent application – K or L.

31 Demonstrative exhibits – K or F or M.

32. Treatises/secondary sources – Maga, Francom.

33. Various documents produced by Kowalski (including videos and photos) may be used to provide background, to describe his patent and patented process, the technology involved, the industry and regulatory context, the FDA's banning of carbon monoxide and acceptance of tasteless smoke, the public's aversion to carbon monoxide, to show Defendant was provided notice of the patent and infringement thereof, Defendant infringed the patent and trademark (these will include exhibits attached to the complaint and various motion papers of Kowalski, and also background documents in Francom's files) - they will be introduced by

Kowalski.

## XI. FURTHER DISCOVERY OR MOTIONS

The only remaining discovery is the deposition of Kowalski. It had been set and agreed upon for October 2 – the day after the October 1 settlement conference while Defendant's counsel would still be in Hawaii, but Defendant's unilaterally cancelled that deposition a few days before October 2, deciding to leave Hawaii in the morning of October 2. Motions in limine remain.

## XII. STIPULATIONS

At this time, the parties have not agreed upon any stipulations.

## XIII. AMENDMENTS, DISMISSALS

None at the present time.

## XIV. SETTLEMENT DISCUSSIONS

A mediation was held with court appointed mediator Clyde Matsui on October 18, 2004 and a settlement conference with the Court was held on October 1, 2007. Aside from counsel, Ocean Duke was represented only by Ocean Duke's Chief Operating Officer, Roger Lin, who only graduated from school and began working for the company in 1996. Roger Lin's father, Duke Lin, who is founder and Chief Executive Officer of Ocean Duke, did not participate in either the mediation or settlement conference. Plaintiffs are willing to engage in further discussions if Ocean Duke is interested in doing so and if Ocean Duke's CEO Duke Lin participates, although Plaintiffs are against any continuance of trial.

## XV. AGREED STATEMENT

The parties have not yet had time to discuss whether presentation of the action or proceeding, in whole or in part, upon an agreed statement of facts is feasible or desired, but it appears to Plaintiffs that doing so is not likely given the remaining disagreements.

## XVI. BIFURCATION, SEPARATE TRIAL OF ISSUES

Defendant has filed a motion to trifurcate or bifurcate, which Plaintiffs have opposed. Hearing is set for October 23.

## XVII. REFERENCE TO MASTER OR MAGISTRATE JUDGE

The parties have long ago stipulated to The Honorable Barry M. Kurren as trial judge. At this stage, Plaintiffs are not in favor of use of a master for any issues or tasks.

## XVIII. APPOINTMENT AND LIMITATION OF EXPERTS

Plaintiffs are not in favor of appointment by the Court of an expert witness. Expert witnesses should be limited to only those experts whose reports have been produced and exchanged by the already expired deadlines (Iwaoka, Maga, Francom).

## XIX. TRIAL

Trial is set for December 4, 2007. A demand for trial by jury accompanied the Complaint.

## XX. ESTIMATE OF TRIAL TIME

Plaintiff expects to be able to present its case in 4 days.

## XXI. CLAIMS OF PRIVILEGE OR WORK PRODUCT

Many of the documents and some testimony will include confidential financial information of the parties and perhaps some trade secrets, so discussion of how that will be handled at trial should be discussed.

## XXII. MISCELLANEOUS

Nothing at this time.

DATED: Honolulu, Hawaii, October 16, 2007.

CADES SCHUTTE LLP

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA
MARTIN E. HSIA
ALLISON MIZUO LEE
Attorneys for
WILLIAM R. KOWALSKI and HAWAII
INTERNATIONAL SEAFOOD, INC.