IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> MEMORANDUM IN SUPPORT OF MOTION |

ImanageDB:778506.2

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

The applicable sections regarding background of the case, law regarding patent claim construction, construction of Claim 1, and exhibits (such as Exhibit 1 – being the Kowalski Patent) appearing in the earlier filed memorandum in support of Plaintiffs' cross motion for claim construction are incorporated by reference.

### II. CLAIM CONSTRUCTION

#### A. Claim 33 of the Kowalski Patent

Claim 33 states:

> **33. A process according to any one of claims 1 to 3, wherein said heating step is carried out by heating said organic material at between approximately 400 degrees Fahrenheit (204 degrees Centigrade) and approximately 950 degrees Fahrenheit (510 degrees Centigrade).**

Claim 33 is a dependent claim. In this instance, Plaintiffs are using Claim 33 as dependent on Claim 1 (not Claim 2 or Claim 3).

The terms "organic material" and "heating" appear in Claim 1 and have already been dealt with.

The difference Claim 33 makes to Claim 1 is the addition of the words "at between approximately 400 degrees Fahrenheit (204 degrees Centigrade) and approximately 950 degrees Fahrenheit (510 degrees Centigrade)."

The word "at" refers to the temperature of the heating apparatus (which can also be referred to as "heating medium"). See Eastman Kodak Co. v. Goodyear

ImanageDB:778506.2

Tire & Rubber Co., 114 F.3d 1547 (Fed. Cir. 1997) (Involved a patent using a "heating apparatus" to heat granules of polyethylene to crystallize them. The dispute was whether that temperature limitation referred (1) to the **"temperature settings of the heating apparatus"** used to crystallize the granulate, id. at 1554, or (2) to the temperature of the granulate (aka "polymer"). The Court held that "at" meant the temperature range referred to the temperature of the heating apparatus (aka "heating medium"[1] or "crystallization chamber"). See id. at 1553-54; see also Chef America, Inc. v. Lamb-Weston, Inc., 358 F.3d 1371, 1373-74 (Fed. Cir. 2004) (which contrasted the word "to" with the word "at":

> **Chef America urges us to interpret the claim as if it read "heating the … dough at a temperature in the range of," i.e., to apply the heating requirement to the place where the heating takes place (the oven) rather than the item being heated (the dough).**
>
> between approximately 400 degrees Fahrenheit (204 degrees Centigrade) and approximately 950 degrees Fahrenheit (510 degrees Centigrade).

The words "between approximately 400 degrees Fahrenheit (204 degrees Centigrade) and approximately 950 degrees Fahrenheit (510 degrees Centigrade)" mean "the temperature of the heating medium is to be between **about** 204 degrees Centigrade and **about** 510 degrees Centigrade (or, if one is using Fahrenheit, about 400 degrees Fahrenheit and about 950 degrees Fahrenheit)." The New Roget's

---

[1] "Medium" is defined in Webster's Third New International Dictionary (1981) as "something through or by which something is accomplished, conveyed, or carried on" such as an "instrumentality or means".

Thesaurus states that "about" is another word for "approximately" ("approximately adv. about"). See New Roget's Thesaurus 2 (Berkley Books 1978).

## III. CONCLUSION

The Court should grant the Motion and enter an order declaring the claim construction set forth in this memorandum.

DATED: Honolulu, Hawaii, October 22, 2007.

                CADES SCHUTTE LLP

                /s/ Allison Mizuo Lee
                Allison Mizuo Lee
                Attorney for Plaintiffs
                WILLIAM R. KOWALSKI and HAWAII
                INTERNATIONAL SEAFOOD, INC.