LOUISE K. Y. ING            2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:   ling@ahfi.com
          agriffiths@ahfi.com

TIMOTHY L. NEUFELD     *Pro Hac Vice*
PAUL S. MARKS          *Pro Hac Vice*
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone: (213) 625-2625
Facsimile: (213) 625-2650
E-mail:   tneufeld@neufeldlawgroup.com
          pmarks@neufeldlawgroup.com

Attorneys for Defendant
OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Civil No. CV04-00055 BMK <br><br> **DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S CROSS MOTION FOR CLAIM CONSTRUCTION, FILED 10/5/07**; DECLARATION OF LOUISE K. Y. |

661,347 / 8827-1

|  |  |
|---|---|
| _____ ) | ING; EXHIBITS A AND B; CERTIFICATE OF SERVICE |
| | DATE:     November 16, 2007 |
| | TIME:     9 a.m. |
| | JUDGE:    Barry M. Kurren |
| | TRIAL:    December 4, 2007 |

**DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S CROSS MOTION FOR CLAIM CONSTRUCTION, FILED 10/5/07**

**A.    INTRODUCTION**

On October 15, 2007, plaintiffs filed their motion for construction of certain claims (Claim 1 and Claims 67 through 69) of the so-called "Kowalski" patent. The court set the matter for hearing on November 16, 2007, and established a briefing schedule.

Shortly after the filing of plaintiffs' Markman motion, this court, in separate patent litigation which the same plaintiffs had filed against different defendants, construed Claim 1 and Claim 67 of the Kowalski patent.  (*See* "Claims Construction Order for the Yamaoka and Kowalski Patents," dated October 17, 2007; relevant excerpts are attached to the accompanying declaration as Exhibit A; this court order is hereafter referred to as the "TPI Markman Ruling.")  As discussed below, in addition to construing those two claims in the TPI Markman Ruling, the court found these claims to be invalid as a matter of law.

661,347 / 8827-1                                    2

(*Id.*, at pp. 17-28.)

Defendant Ocean Duke Corporation (sometimes, "ODC") asserts the following in this opposition to the current Markman motion:

1.  Uniformity of claim construction is a critical judicial principle in patent cases; accordingly, defendant ODC urges that Claims 1 and 67 of the Kowalski patent should be interpreted in the instant action in the same manner as set forth in the TPI Markman Ruling.

2.  Because Claims 68 and 69 contain many of the same terms -- including the key term "heating" -- that were construed in Claims 1 and 67, those terms should be construed in the same fashion as they were construed in the TPI Markman Ruling.

3.  Because the court found Claims 1 and 67 to be invalid, defendant ODC urges that those claims, as well as Claims 68 and 69 of the Kowalski patent, be deemed invalid for the same reasons.

Based thereon, defendant ODC would respectfully urge the court to permit supplemental or re-briefing of the currently pending motion for summary judgment brought by ODC, to take into account the claim construction ruling of this court.

B.  **PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLAIM CONSTRUCTION**

Following the issuance of the TPI Markman Ruling, plaintiffs amended their motion for claim construction. In their supplemental motion, plaintiffs assert that they will seek to hold defendant ODC liable for infringing Claim 33 of the Kowalski patent as well as Claims 1 and 67 through 69. However, as discussed herein, Claim 33 of the Kowalski patent is dependent on Claim 1, and suffers from some of the same defects appearing in Claim 1. Accordingly, defendant ODC urges the court to find Claim 33 of the Kowalski patent invalid as well.

C.  **ARGUMENT**

1.  **Claims 1 and 67**

In the TPI Markman Ruling, the court construed the Kowalski patent based on the language of the patent itself, without reference to extrinsic evidence. *See* TPI Markman Ruling at pp. 17-29. *See also Riverwood Int'l Corp. v. RA Jones & Co.*, 324 F.3d 1346, 1347 (Fed. Cir. 2003). The language of the patent's claims is the primary source for proper construction; however, where the language of a claim necessarily requires context for its proper construction, the court is authorized to consult the specifications of the patent, in order to ascertain that context. *See, e.g., Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*, 114 F.3d 1547, 1552 (Fed. Cir. 1997). It has been held that a patent's claims "may be no

broader" than the supporting disclosure made in the specifications. *Gentry Gallery v. Berkline Corp.*, 134 F.3d 1473, 1479 (Fed. Cir. 1998).

Claims 1 and 67 of the Kowalski patent (the patent is attached to the Cross-Motion as Exhibit 1 ("Ex. 1 to Cross-Motion")) state as follows:

> 1. A process for treating meat comprising: heating organic material to generate smoke having a gaseous vapor phase; super purifying said smoke to reduce taste imparting components below thresholds for imparting smoke odor and taste, whereby a substantially tasteless super-purified smoke is created; and treating meat having a freezing point with said tasteless super-purified smoke.
>
> 67. A process for treating food comprising: heating organic material to generate smoke; filtering components that impart smoke flavor from said smoke to below limits for imparting smoke flavoring to food; and exposing said filtered smoke to food without imparting a smoke flavor to said food.

Both Claims 1 and 67 refer to the term "heating," without any defined temperature range. However, both the preferred embodiment of the patent, as well as most sections the patent's specification, disclose an operable temperature range of 204º to 510º Centigrade. For example, in the "Background Art" section of the patent, the Kowalski patent states that "[t]o minimize formation of these compounds and to conform to empirical data from our laboratory tests, an operable combustion temperature range of 400 to 950 degrees Fahrenheit (204 to 510 degrees Centigrade), a preferred range of 500 to 800 degrees Fahrenheit. . . [is] established for the process described herein." (*See* Ex. 1 to Cross-Motion, at

Col. 6-7.) In addition, the "Summary of the Invention" section of the patent states that the "manufacturing process" includes combusting wood sawdust "at temperatures in an operable temperature range of 400 to 950 degrees Fahrenheit (204 to 510 degrees Centigrade)." (*See* Ex. 1 to Cross-Motion, at Col. 11, lines 44-49.) Finally, the "Best Mode" section of the patent specifies that the sawdust "is combusted by heating the cylinders with the natural gas burner to an operable temperature range of 400 to 950 degrees Fahrenheit (204 to 510 degrees Centigrade)." (*See* Ex. 1 to Cross-Motion, at Col. 16, lines 39-41.)

Because virtually every other important section of the Kowalski patent defines "heating" as constituting an "operable temperature range of 400 to 950 degrees Fahrenheit (204 to 510 degrees Centigrade)," the court construed Claims 1 and 67 to comport with that definition. As such, and under the authority of *Gentry, supra*, the court found the claims were broader than the supporting disclosure made in the specifications, and thus the subject claims were invalid as a matter of law.

### 2.   Claims 68 and 69

Claim 68 and Claim 69 of the Kowalski patent state as follows, in their entirety:

> 68.  A process for treating food comprising:  heating organic material to generate smoke; removing components that impart smoke odor from said smoke; and exposing food to said smoke,

whereby the quantity of smoke odor imparting components removed from said smoke is adequate to prevent imparting a smoke odor to said food.

69.  A process for treating food comprising:  heating organic material to generate smoke that contains a vapor phase having smoke odor and flavor imparting components; filtering said smoke to remove a portion of said smoke odor and flavor imparting components; exposing food to said filtered smoke as to prevent smoke flavoring of said flavor by reducing the quantity of said filtered smoke exposed to said food.

Both Claims 68 and 69 contain the term "heating," and use that term in a fashion that is virtually identical to the use of the term in Claims 1 and 67.  In other words, the term is not defined, and no temperature range is associated with the term.  Accordingly, defendant ODC urges that the same construction be placed on the term "heating" in Claims 68 and 69 as was determined by the court for Claims 1 and 67.  *Southwall Techs., Inc. v. Cardinal IG Co.,* 54 F.3d 1570, 1579 (Fed. Cir. 1995) (claim language "cannot be interpreted differently in different claims because claim terms must be interpreted consistently").  Further, defendant ODC requests that Claims 68 and 69 be determined invalid under *Gentry, supra*, because each claim is broader than the supporting disclosure made in the specifications.

### 3. Governing Law re Uniformity of Claims Construction

Uniformity is a key concept in patent law. From the establishment of the United States Court of Appeals for the Federal Circuit in 1983 -- a court which was given exclusive jurisdiction over patent-related appeals, in an effort to help bring about uniformity in the field of patent law -- to the overriding theoretical basis for the Supreme Court's decision in *Markman v. Westview Instruments*, 517 U.S. 370 (1996) (finding that claim construction by courts, and not juries, would promote uniformity of treatment within the judicial system through application of stare decisis), the law has seen an increasing movement toward uniformity in many areas of patent law. The same is true in the field of claims construction. In this case, there is every reason for the court to construe Claims 1 and 67 of the Kowalski patent in the same fashion as it did in the TPI Markman Ruling. Uniformity will best be served by an identical construction of the subject claims.

### 4. Claim 33

Following the TPI Markman Ruling, plaintiffs amended their claims construction motion to state that they would be proceeding under Claim 33 of the Kowalski patent. Claim 33 provides as follows:

> A process according to any one of claims 1 and 3, wherein said heating step is carried out by heating said organic material at between approximately 500 degrees Fahrenheit (204 degrees Centigrade) and approximately 950 degrees Fahrenheit (571 degrees Centigrade).

Ex. 1 to Cross-Motion, col. 25, para. 33. With the court's ruling that the broad "heating" language of Claim 1 is not supported by the Kowalski's patents specifications, the only surviving claims dealing with "heating" are arguably Claims 33, 34 and 35. Plaintiffs have only made the construction of Claim 33 an issue in their supplemented Cross-motion.

However, the approximate temperature ranges stated in Claim 33 do not save Claim 1 from being overly broad in relation to the Kowalski patent's specification. By using the word "approximately" in connection with both the high and low ends of the temperature range and stating a high-end temperature beyond even that in the specification and other important parts of the patent, Claim 33 purports to expand the temperature range of the Kowalski patent to some undefined points beyond the 204 to 510 degrees Centigrade range stated in the patent specification. Under the rationale of the Court's TPI Markman Ruling with respect to Claim 1, this Court should also construe Claim 33 to be overbroad and beyond the scope of the patent set forth in its specification. Under *Gentry, supra*, Claim 33 should therefore also be ruled invalid. *National Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.,* 166 F.3d 1190, 1198 (Fed. Cir. 1999) (dependent claims stand or fall with independent claim; therefore, invalidity of independent claim rendered dependent claims invalid), *cited in Chiron Corp. v. Genentech, Inc.,* 363 F.3d 1247, 1260 (Fed. Cir. 2004).

### 5. "Below thresholds for imparting smoke odor and taste."

In its TPI Markman Ruling, the court declined the invitation by the parties adverse to the Kowalski patent to read numerical limits into the phrase "below thresholds for imparting smoke odor and taste" that appears in Claim 1, or the similar phrase "below limits for imparting smoke flavoring to food" that appears in Claim 67. *TPI Markman Ruling,* at 25. Defendant ODC does not challenge that decision in this opposition.

Rather, defendant ODC maintains that, so construed, the subject claims are indefinite as a matter of law. This is because the claims provide no standard whatsoever for determining the scope of the taste and odor thresholds. So construed, the subject claims are arbitrary because the threshold for imparting smoke odor and taste is left to the subjective palate of the individual who is experiencing the taste or odor. Without objective standards, it is impossible to determine the threshold for imparting smoke flavoring, and hence it is impossible for "one skilled in the art" to determine whether the thresholds have been met or for the finder of fact to determine whether a given process infringes upon the claims of the patent. *See Phillips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005) ("[t]o sustain claims so indefinite as not to give the notice required by statute would be in direct contravention of the public interest which Congress therein recognized and sought to protect") (*quoting United Carbon Co. v. Binney*

*& Smity Co.*, 317 U.S. 228 (1942); 35 U.S.C. sec. 112, para. 1 (the specification is required to describe the claimed invention in "full, clear, concise, and exact terms"). Without objective standards, the finder of fact would have no guideposts by which to decide whether the Kowalski patent has been infringed with respect to "thresholds for imparting smoke odor and taste."

It may be that this issue is not an appropriate one for claims construction. If so, then this Court should order new or supplemental briefing on ODC's pending motion for summary judgment on invalidity of the "below thresholds" standard due to indefiniteness.

### 6. "Super-purifying"

In its TPI Markman Ruling, the Court also declined to define objective factors for teaching the process of "super purifying" the "smoke" purportedly produced under Claim 1 of the Kowalski patent "below thresholds for imparting smoke odor and taste." *TPI Markman Ruling,* at 27. Defendant ODC does not challenge that ruling in this opposition.

Rather, defendant ODC maintains that, as with the "below thresholds" phrase discussed in the preceding section and for the reasons discussed there, Claim 1 is indefinite as a matter of law with respect to its use of the term "super purify" because that term is so lacking in clear, concise, specific standards.

In Claim 1 the definition given is to "super purify said smoke to reduce taste imparting components below thresholds for imparting smoke odor and taste, whereby a substantially tasteless super-purified smoke is created." *Ex. 1 to Cross-Motion.* One should normally look to the differences among claims to guide understanding of the meaning of particular claims terms. *Phillips*, 415 F.3d 1314 *citing Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991). This can normally be helpful as "the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *Phillips*, 415 F.3d 1315 *citing Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 910 (Fed.Cir. 2004). However, th Kowalski patent fails this requirement by giving wildly varying figures for when smoke becomes "tasteless." *Compare dependent claims in Ex. 1 to Cross-Motion* (Claim 12 filters gaseous vapors as well; Claim 13 addresses carrying out of super purification by reducing phenols in smoke to below recognition thresholds; Claims 14-22 address reducing phenols to nine completely different ppm levels). The Kowalski patent provides no means of telling which of these claims purport to teach the super purification step.

Extrinsic sources like "dictionaries, encyclopedias and treatises are normally particularly useful resources to assist the court in determining the ordinary and customary meanings of claim terms." *Texas Digital Systems, Inc. v.Telegenix,*

*Inc.*, 308 F.3d 1193, 1202 (Fed.Cir. 2002).  Dictionaries may be freely consulted in order to better understand the technology and to construe claims as long as the dictionary definition does not contradict any definition found intrinsically. *Phillips*, 415 F.3d at 1322-1323.  Dictionaries have the benefit of being an unbiased source, "accessible to the public in advance of litigation." *Vitro nics*, 90 F.3d at 1585.

However, there is no dictionary entry for either "super-purify" or "super-purifying." "Super" in the context of the '401 patent means "an article or product of superior size, quality, or grade" or "excellent, first-rate".  Exhibit 12 "Purify" in the context of the '401 patent means, "to rid of impurities; cleanse" or "to rid of foreign or objectionable elements."  Exhibit 13.  Therefore, together "super-purify" means nothing more clear or specific than some purported superior purification or better filtering than other patents teaching processes for producing color-retention treatment gases for meat or fish.

Thus, this Court should allow new or supplemental briefing on ODC's motion for summary judgment on the invalidity of the term "super purifying" due to indefiniteness.

**D.    CONCLUSION**

For the foregoing reasons, this Court should construe Claims 1, 33, 67-69 of the Kowalski patent consistently with its TPI Markman Ruling.  The Court should

also order further briefing on ODC's Motion for Summary Judgment.  The Shih patent at issue in this case (Ex. B, attached), teaches a process that uses a temperature range of 180-190 degrees Centigrade, clearly below the range stated in the Kowalski patent's specifications.  The Shih patent's lack of infringement on temperature ranges in the Kowalski patent are an appropriate subject for summary judgment.  Moreover, supplemental briefing can address other issues appropriate for summary judgment, such as whether the Kowalski patent's claims should be invalidated due to indefiniteness.

      DATED:    Honolulu, Hawai`i, November 1, 2007.

      /s/ Louise K. Y. Ing
      LOUISE K. Y. ING
      ALLISON KIRK GRIFFITHS
      TIMOTHY L. NEUFELD
      PAUL S. MARKS
      Attorneys for Defendant
      OCEAN DUKE CORPORATION