CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA    2954-0
ALLISON MIZUO LEE    7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4216
Telephone:  (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR CROSS MOTION FOR CLAIM CONSTRUCTION FILED OCTOBER 5, 2007 AND SUPPLEMENTAL MOTION FOR CLAIM CONSTRUCTION FILED OCTOBER 22, 2007; DECLARATION OF MILTON M. YASUNAGA; EXHIBITS "A" - "F"; CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5; CERTIFICATE OF SERVICE |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION......................................................................... 1

II.     ARGUMENT ............................................................................... 2

    A.    Plaintiffs' Construction Of The Language Of The Subject
        Claims Should Be Adopted Because Ocean Duke Did Not
        Proffer An Alternative Construction Or Argument Opposing
        Plaintiffs' Proposed Construction....................................................... 2

    B.    Ocean Duke's Attempt To Raise Issues Of Invalidity Via Their
        Opposition To Plaintiffs' Cross Motion for Claim Construction
        Is Improper; The Court Should Not Grant Ocean Duke Leave
        To Move For Summary Judgment At This Late Stage Of The
        Lawsuit On Defenses Not Disclosed During Discovery ..................... 5

    C.    Even Assuming Arguendo That The Court Permits Ocean Duke
        To Assert The Previously Undisclosed Defenses, The Subject
        Claims Are Neither Invalid For Inadequate Written Description
        Or Indefiniteness............................................................................... 11

        1.    The subject patent claims are not invalid for failure to
            meet the written description requirement................................ 11

        2.    The subject patent claims are not indefinite............................ 14

III.    CONCLUSION ........................................................................... 17

## TABLE OF AUTHORITIES

**Page**

### CASES

Abbott Lab. v. Syntron Bioresearch, Inc., 334 F.3d 1343
(Fed. Cir. 2003) ................................................................. 12

Acumed LLC v. Stryker Corp., 483 F.3d 800 (Fed. Cir. 2007)........................ 17, 18

Aero Products Int'l, Inc. v. Intex Recreation Group,
466 F.3d 1000 Fed. Cir. 2007) ......................................... 16, 17, 18

Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.,
796 F.2d 443 (Fed. Cir. 1986) ...................................................... 13

Cf. Wong v. Regents of the Univ. of Cal., 410 F.3d 1052
(9th Cir. 2004) ................................................................. 8, 9

Exxon Research & Eng. Co v. United States, 265 F.3d 1371
(Fed. Cir. 2001) ............................................................ 16, 18

Grinnel Corp. v. American Monorail Co., 285 F.Supp. 219
(D. S.C. 1967) ................................................................... 13

Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100 (C.D. Cal. 2002) ....................... 11

Kao Corp. v. Unilever United States, Inc., 441 F.3d 963
(Fed. Cir. 2006) .................................................................. 15

MMC, 2006 WL 757977 (N.D. Cal. Mar. 23, 2006) ...................................... 3

Nat'l Recovery Tech. Inc. v. Magnetic Separation Sys., Inc.,
166 F.3d 1190 (Fed. Cir. 1999)....................................................... 14

Nova Measurement Instr. Ltd. v. Nanometrics, Inc.,
Civ. No. C-05-0986 MMC, 2006 WL 757977
(N.D. Cal. Mar. 23, 2006) .......................................................... 3

Pfingston v. Ronan Eng. Co., 284 F.3d 999 (9th Cir. 2002)................................ 11

# TABLE OF AUTHORITIES
### (continued)

**Page**

Rhine v. Casio, Incorp., 183 F.3d 1342 (Fed. Cir. 1999) .......................................... 6

Sud-Chemie Inc. v. CSP Tech., Inc., No 4:03CV003SEBWCH,
    2006 WL 2246404 (S.D. Ind. Aug. 4, 2006) ................................ 15

Thorm EMI N. Am. Incorp. v. Intel Corp., 936 F. Supp. 1186
    (D. Del. 1996) ........................................................................ 12

Union Oil Co. of Cal. v. Atlantic Richfield Co., 208 F.3d 989
    (Fed. Cir. 2000) ..................................................................... 15

Ventra v. United States, 121 F. Supp. 2d 326 (S.D.N.Y. 2000) ............................. 10

Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.,
    326 F. Supp. 2d 1060 (C.D. Cal. 2003) ........................................ 5

Visto Corp. v. Sproqit Technologies, Inc., 413 F. Supp. 2d 1073
    (N.D. Cal. 2006) .......................................................... 4, 5, 6

Weiland v. Linear Const., Ltd., No. 00 C 6172, 2002 WL 31307622
    (N.D. Ill. Oct. 15, 2002) ...................................................... 10

Wilson v. Bradlees of New England, Inc., 250 F.3d 10 (1st Cir. 2001) ................. 11

## STATUTES

35 U.S.C. § 112 ......................................................................... 15

35 U.S.C. § 282 ......................................................................... 12

35 U.S.C. § 131 ......................................................................... 13

Fed. R. Civ. P. 26(e)(2) ............................................................ 10

Fed. R. Civ. P. 37(c)(1) ......................................................... 10, 11

**WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL
SEAFOOD, INC.'S REPLY MEMORANDUM IN SUPPORT OF
THEIR CROSS MOTION FOR CLAIM CONSTRUCTION
FILED OCTOBER 5, 2007 AND SUPPLEMENTAL MOTION
<u>FOR CLAIM CONSTRUCTION FILED OCTOBER 22, 2007</u>**

## I.    <u>INTRODUCTION</u>

Plaintiffs WILLIAM R. KOWALSKI ("*Kowalski*") and HAWAII

INTERNATIONAL SEAFOOD, INC. ("*HISI*") (collectively, "*Plaintiffs*") submit

this Reply Memorandum in Support of their Cross Motion For Claim Construction,

filed on October 5, 2007 ("*Cross Motion*") and their Supplemental Motion for

Claim Construction, filed on October 22, 2007 ("*Suppl. Motion*").  The Cross

Motion and Suppl. Motion should be granted because:

> (A)    Defendant OCEAN DUKE CORPORATION ("*Ocean Duke*")
> proffers no alternative construction of the language of Claims 1, 33,
> 67, 68, and 69 of the Kowalski patent ("*subject patent claims*") or
> argument against Plaintiffs' proposed construction of the subject
> patent claims;

> (B)    Ocean Duke's attempt to invalidate the subject patent claims is
> improper in the context of a motion for claim construction and the
> Court should not grant Ocean Duke leave to file a subsequent motion
> for summary judgment because (i) the continued deadline for filing
> dispositive motions lapsed months ago on August 15, 2007, (ii) trial is
> set to commence in less than a month, and (iii) Ocean Duke did not in
> their interrogatory responses disclose or explain the defenses of
> indefiniteness and inadequate written description; and

> (C)    The subject patent claims are not invalid for indefiniteness or
> inadequate written description.

## II.    ARGUMENT

### A.    Plaintiffs' Construction Of The Language Of The Subject Claims Should Be Adopted Because Ocean Duke Did Not Proffer An Alternative Construction Or Argument Opposing Plaintiffs' Proposed Construction.

Despite that the subject Cross Motion and Suppl. Motion request the Court to construe Claims 1, 33, 67, 68, and 69 of the Kowalski Patent, Ocean Duke argues that the subject claims are invalid due to an inadequate written description and indefiniteness.[1]  Ocean Duke does not propose alternative interpretations of the language of the subject patent claims or give any reasons why Plaintiffs' proposed construction is defective.

Specifically, with respect to Claims 1 and 67, Ocean Duke's sole argument is that the Court should invalidate these claims based on its reasoning in the "TPI Markman Ruling," referring to the Court's October 17, 2007 Claims Construction Order  for the Yamaoka and Kowalski Patents issued in a consolidated case <u>Tuna Processor, Inc. v. HISI, et al.</u>; Civ. No. 05-00517, Civ. No. 05-00679, Civ. No. 06-

---

[1] Ocean Duke challenges the validity of the subject patent claims without first proffering any arguments regarding their proper interpretation.  Generally, courts will construe the claim before engaging in an invalidity analysis.  <u>See Nova Measurement Instr. Ltd. v. Nanometrics, Inc.</u>, Civ. No. C-05-0986 MMC, 2006 WL 757977 *1, *1-2 (N.D. Cal. Mar. 23, 2006) ("Because the written description inquiry 'focuses on a comparison between the specification and the invention referenced by the terms of the claim,' such inquiry normally begins with a construction of the claims" and "the Court declines to deviate from the general rule that claims should be construed before a motion seeking a finding of invalidity is entertained.")

00182, Civ. No. 05-00787, in which the Court *sua sponte* held invalid Claims 1 and 67 of the Kowalski Patent for failure to meet the written description requirement.[2]  See Opp. to Cross Motion at 4-6.  Ocean Duke's opposition does not argue against Plaintiffs' proposed construction of Claims 1 or 67.  See id.  As such, the Court should adopt Plaintiffs' proposed construction of Claims 1 and 67.  See, e.g., Visto Corp. v. Sproqit Technologies, Inc., 413 F. Supp. 2d 1073, 1079 n.4 (N.D. Cal. 2006) (adopting patent holder's construction of claim term and noting that the alleged infringer "does not oppose the [patent holder's] proposed construction or suggest an alternative").

With respect to Claims 68 and 69, Ocean Duke urges that these claims "be determined invalid under *Gentry, supra*, because each claim is broader than the supporting disclosure made in the specifications."  Opp. to Cross Motion at 6-7. Ocean Duke does not oppose Plaintiffs' proposed construction or propose alternatives.  As such the Court should adopt Plaintiffs' proposed construction of claims 68 and 69.  See Visto Corp., 413 F. Supp. 2d at 1079 n.4.

Similarly, as to Claim 33, Ocean Duke requests a ruling of invalidity.  Ocean Duke says that "[u]nder the rationale of the Court's TPI Markman Ruling with respect to Claim 1, this Court should also construe Claim 33 to be overbroad and

---

[2] Notably, Plaintiffs filed a Motion for Clarification and for Reconsideration of the TPI Markman Ruling on October 30, 2007, attached hereto as Exhibit "E," two days prior to Ocean Duke's filing of its memorandum in opposition to the Cross Motion and Suppl. Motion.

beyond the scope of the patent set forth in its specification.  Under *Gentry, supra,*

Claim 33 should therefore also be ruled invalid."  Opp. to Cross Motion at 9.

Again, Ocean Duke does not oppose Plaintiffs' proposed construction or suggest

alternatives.  The Court should adopt Plaintiffs' proposed construction of claims 68

and 69.  See Visto Corp., 413 F. Supp. 2d at 1079 n.4.

Ocean Duke appears to contend that the Court should adopt the "identical"

construction given to Claims 1 and 67 of the Kowalski Patent set forth in the TPI

Markman Ruling.  See Opp. to Cross Mot. at 8.  Plaintiffs' proposed construction

of Claims 1, 33, 67, 68 and 69 is consistent with the TPI Markman Ruling and

Plaintiffs generally agree with Ocean Duke that the Court's construction in the TPI

Markman Ruling of Claims 1 and 67 should be followed where applicable.  See

Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P., 326 F. Supp. 2d 1060,

1069 (C.D. Cal. 2003) ("to the extent that the AT&T Order [construing subject

patent] addresses identical or similar issues of claim construction, it can be viewed

as persuasive and highly relevant, rather than binding authority").  The TPI

Markman Ruling, however, does not encompass every aspect of the construction

requested in the Cross Motion and Suppl. Motion.  For example, the TPI Markman

Ruling does not address Plaintiffs' request for construction of term the "filtering"

of Claim 67 to include condensation which is particularly significant for purposes

of this case because Ocean Duke claims that part of its process involves

condensing vapors and removing the resulting liquid.  See Cross Motion at 10-13.

The law is that, in a particular case, a court need not deal with claim construction

issues not disputed or relevant in that case.  Further, among other things, the TPI

Markman Ruling clearly does not pass upon/construe the language of Claims 33,

68 and 69 of the Kowalski Patent.  Compare Claim Construction Order for the

Yamaoka and Kowalski Patents, filed 10/17/07, at 17-29 with Memo. in Support of

Cross Motion at 19-22, and Memo. in Support of Suppl. Motion at 1-3.  Given

Ocean Duke's failure to propose alternative claim construction or offer argument

in opposition, Plaintiffs' proposed construction of the subject claims, summarized

in Exhibit "A" attached hereto, should be adopted in its entirety.  See Visto Corp.,

413 F. Supp. 2d at 1079, n.4.

**B.    Ocean Duke's Attempt To Raise Issues Of Invalidity Via Their Opposition To Plaintiffs' Cross Motion for Claim Construction Is Improper; The Court Should Not Grant Ocean Duke Leave To Move For Summary Judgment At This Late Stage Of The Lawsuit On Defenses Not Disclosed During Discovery.**

Ocean Duke cannot short cut the invalidity analysis, and **its** attendant burden

of overcoming the presumption of invalidity with clear and convincing evidence,

by "raising the specter of invalidity" in the context of a claim construction motion.

See Rhine v. Casio, Incorp., 183 F.3d 1342, 1346 (Fed. Cir. 1999) ("**Casio cannot**

**avoid a full-blown validity analysis by raising the specter of invalidity during**

**the claim construction phase.**") (emphasis added).  It appears that Ocean Duke

acknowledges that its challenge to the validity of the subject patent claims is improper in the context of opposing Plaintiffs' motion for claim construction. See Opp. to Cross Mot. at 11 ("It may be that this issue [indefiniteness] is not an appropriate one for claims construction. If so, then this Court should order new or supplemental briefing on ODC's pending motion for summary judgment on invalidity of the 'below thresholds' standard due to indefiniteness.").

Instead, Ocean Duke requests that it be granted leave to move for summary judgment on grounds that the subject claims are invalid for indefiniteness and inadequate written description. See Opp. to Cross Mot. at 3, 11, 13-14. The Court should not re-open the dispositive motions deadline for the following reasons.

First, this case has been pending for nearly four years; the Complaint was filed on January 27, 2004. Pursuant to the Court's Amended Rule 16 Scheduling Order issued on January 23, 2007 ("*Am. Scheduling Order*"), trial is scheduled to commence in less than a month, on December 4, 2007. The Am. Scheduling Order set the deadline to file dispositive motions for July 5, 2007, but this deadline was continued to August 15, 2007 pursuant to stipulation of the parties. Thus, the deadline to file motions for summary judgment lapsed nearly three months ago. Ocean Duke, however, does not explain why it could not have moved for summary judgment on grounds of invalidity prior to the continued August 15, 2007 deadline. Ocean Duke's requested additional summary judgment "re-briefing," if granted,

will inevitably delay trial and prejudice Plaintiffs who have diligently prepared and made arrangements for its out-of-state witnesses to proceed with trial on December 4, 2007. Cf. Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1063 (9th Cir. 2004) ("If Wong had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance [in its status conference order], and understood by the parties, would have to have been altered as well. **Disruption to the schedule of the court and other parties in that manner is not harmless.**") (emphasis added). Furthermore, Ocean Duke's counsel has already indicated an interest in taking advantage of Plaintiffs' relative lack of financial strength, and reopening the deadlines to allow Defendant to make this litigation even more expensive for Plaintiffs would unfairly prejudice Plaintiffs. See Yasunaga Decl. at ¶ 2.

Next, Ocean Duke did not disclose or explain the defenses of indefiniteness or inadequate written description in response to Plaintiffs' interrogatory that specifically asked for this information. Plaintiffs served their First Request for Answers to Interrogatories on or about October 15, 2004 ("*Plaintiffs' First RAI*"). Interrogatory No. 3 of Plaintiffs' First RAI ("*Interrogatory No. 3*") stated: "Explain with particularity (and as to each claim of the '401 patent) and identify all reasons, facts, references, prior art, documents, and bases for or relating to each of Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses; the

identities of the persons with knowledge of the above information and the substance of the knowledge of each person." **Interrogatory No. 3 was of critical importance to Plaintiffs' ability to prepare this case because Ocean Duke asserted <u>no less than sixty-seven (67) affirmative defenses</u>[3] in its Answer to the Complaint filed on March 4, 2004.** <u>See</u> Answer, filed 3/4/05 at ¶¶ 55-121.

Ocean Duke, however, did not identify or explain any of the defenses it intended to rely on other than non-infringement. Its response on or about November 15, 2004 to Interrogatory No. 3 stated only that "Defendant will furnish such unprivileged responsive information as is available and relevant to the issue of infringement in this case within a reasonable time after entry of an appropriate protective order." <u>See</u> Ex. "B" (Ocean Duke's Resp. to Plts' 1st RAI) at 14. On July 5, 2006, Ocean Duke served its Supplemental Responses to Plaintiffs' First RAI. In response to Interrogatory No. 3, Ocean Duke stated that the fish it imports is processed in accordance with the teachings of the Shih patent. <u>See</u> Ex. "C" (Ocean Duke's Suppl. Resp. to Plts' 1st RAI) at 4. Ocean Duke's response to Interrogatory No. 3 did not mention any invalidity defenses, much less explain or even make reference to the defenses of indefiniteness or inadequate written description. <u>See id.</u> Plaintiffs, therefore, reasonably believed that Ocean Duke's

---

[3]  Ocean Duke's assertion of every possible defense without regard to what defenses may actually apply to the issues of this case lacks good faith and is meaningless for purposes of giving Plaintiffs notice of the actual defenses that Ocean Duke intended to rely on.

only defense was that it did not infringe the Kowalski Patent.

Rule 37(c) of the Federal Rules of Civil Procedure ("***FRCP***") provides in relevant part:

> **(c)  Failure to Disclose. . . .**
>
> (1)  A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2)[4], **is not**, unless such failure is harmless, **permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.** . . . .

Fed. R. Civ. P. 37(c)(1).  The purpose of Rule 37(c)(1) is to prevent "sandbagging."  See Ventra v. United States, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000); see also Weiland v. Linear Const., Ltd., No. 00 C 6172, 2002 WL 31307622 *1, *2 (N.D. Ill. Oct. 15, 2002) ("The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial without any party suffering

---

[4] Rule 26(e)(2), FRCP, provides in relevant part:

> (e)  Supplementation of Disclosures and Responses.  A party who has . . . responded to a request for discovery with a . . . response is under a duty to supplement or correct the  . . . response to include information thereafter acquired . . . in the following circumstances:
>
> . . . .
>
> (2)  A party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2).

prejudice as a result of nonfeasance or malfeasance during discovery."). Rule 37(c)(1) "requires the near automatic exclusion of Rule 26 information that is not timely disclosed." Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20-21 (1st Cir. 2001) (describing Rule 37(c)(1) as "self-executing").

To the extent that Ocean Duke intended to rely on the defenses of indefiniteness and inadequate written description (or any other defense), it was required to amend its response to Interrogatory No. 3 prior to the October 5, 2007 discovery cut-off. See Fed. R. Civ. P. 37(c)(1) and 26(e)(2). Ocean Duke cannot belatedly raise these defenses now, with the discovery deadline having lapsed and trial set to commence in less than a month.[5] Where, as here, a party offers no justification for belated disclosure of a defense and the opposing party is at a distinct disadvantage not having been aware of the party's intent to rely on the defense, imposition of the preclusion sanction of Rule 37(c)(1) is warranted. See Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1117-18 (C.D. Cal. 2002) (citing Pfingston v. Ronan Eng. Co., 284 F.3d 999, 1005 (9th Cir. 2002), for the proposition that "if a party had been able to show prejudice and/or unfair surprise as a result of his opponent's failure to disclose information pursuant to Rule 26(e)(1), the district court could have properly barred its use at summary

---

[5] Plaintiffs intend to move the Court, *in limine*, for an order precluding Ocean Duke from introducing at trial any argument or evidence supporting defenses that were not disclosed in its responses to Interrogatory No. 3.

judgment"); see also <u>Thorm EMI N. Am. Incorp. v. Intel Corp.</u>, 936 F. Supp. 1186, 1191 (D. Del. 1996) ("The court will prevent a party from raising a claim or defense at trial that was not adequately described in a response to a contention interrogatory[.]'").

In short, the Court should not entertain Ocean Duke's arguments regarding indefiniteness and inadequate written description here, in response to Plaintiffs' motion for claim construction, and should also deny Ocean Duke's belated request for leave to move for summary judgment on these previously undisclosed defenses.

**C.** **Even Assuming _Arguendo_ That The Court Permits Ocean Duke To Assert The Previously Undisclosed Defenses, The Subject Claims Are Neither Invalid For Inadequate Written Description Or Indefiniteness.**

    1.    The subject patent claims are not invalid for failure to meet the written description requirement.

With respect to Ocean Duke's reliance on the TPI Markman Ruling, Plaintiffs incorporate by reference the arguments and evidence set forth in its Motion for Clarification and Reconsideration of the Claims Construction Order For the Yamaoka And Kowalski Patents, Filed 10/17/07 ("**_Motion for Recon._**"), attached hereto as Ex. "E" (Motion for Recon.).

As discussed in greater detail in the Motion for Recon., patents, and all their claims contained therein, are endowed by statute with a presumption of validity. <u>See</u> 35 U.S.C. § 282; <u>see also</u> <u>Abbott Lab. v. Syntron Bioresearch, Inc.</u>, 334 F.3d

1343, 1357 (Fed. Cir. 2003) ("all issued claims are presumed valid."). The

presumption of validity is based in part on the recognition of the PTO's examiners'

"expertise in interpreting the references and … familiarity with the level of skill in

the art." Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc., 796 F.2d 443,

447 (Fed. Cir. 1986). As explained in Grinnel Corp. v. American Monorail Co.,

285 F.Supp. 219 (D. S.C. 1967):

> The presumption of validity, and the severe burden it places on defendant,
> are based largely on the fact that to hold a patent invalid in an infringement
> action involves overruling of a decision by an arm of a co-ordinate branch of
> Government specially empowered to pass upon patentability and specially
> trained in the technical questions involved. Thus, it is the duty of the Patent
> Office carefully to examine each patent application in the light of all
> statutory requirements for patentability and to withhold issuance unless "it
> appears that the applicant is entitled to patent under the law"' (35 U.S.C.
> section 131).

Id. at 223.

In this case, the subject patent claims were examined for compliance with all

statutory requirements and allowed by USPTO Patent Examiner Drew Becker, and

Supervisory Patent Examiner David Lacey. See Ex. "E" (Mot. Recon.) at Ex. "5"

(Notice of Allowability); see also Exhibit "F" (USPTO Rules and Practice)

(requiring examiners to ensure that claims meet the statutory requirements, such as

the written description and definiteness requirements, before a patent can issue).

Ocean Duke has proffered no evidence that would support a finding that no

reasonable fact-finder could find that Ocean Duke demonstrated invalidity of the

subject patent claims for lack of an adequate written description by clear and convincing evidence.

Furthermore, to the extent that the TPI Markman Ruling regarding the invalidity of Claim 1 is not vacated pursuant to the Motion for Recon., Claim 33 of the Kowalski Patent,[6] specifically addresses the requirement that "claims may be no broader than the supporting disclosure."  TPI Markman Ruling, filed 10/17/07, at 19.  The language of Claim 33 expressly references the 204 to 510 degree temperature range disclosed in the specification.  See supra footnote 6.

Ocean Duke's unsupported contention[7] that the word "approximately," used in connection with the temperature range 204 to 510 degrees Centigrade, renders Claim 33 invalid for failure to meet the written description requirement, see Opp. to Cross Mot. at 8-9, is incorrect.  It is well-settled that the disclosure "does not

---

[6] Ocean Duke incorrectly cites the text of Claim 33 at page 8 of its opposition. Claim 33 reads "A process according to any one of claims 1 to 3, wherein said heating step is carried out by heating said organic material at between approximately **400** [not 500] degrees Fahrenheit (204 degrees Centigrade) and approximately 950 degrees Fahrenheit (**510** [not 571] degrees Centigrade)."  See Ex. "1" to Cross Mot. at Col 25, ln. 11-15 (emphasis added).

[7] Nat'l Recovery Tech. Inc. v. Magnetic Separation Sys., Inc., 166 F.3d 1190 (Fed. Cir. 1999), cited by Ocean Duke at page 9 of its opposition for the proposition that "dependent claims stand or fall with independent claim; therefore, invalidity of independent claim rendered dependent claims invalid," discussed enablement (and held claim 1 not enabled and thus invalid), not the written description requirement. See id. at 1198.  While it may be so with respect to enablement, it is implausible that a dependent claim, which narrows an independent claim that is deemed overly broad and unsupported by the written description, automatically falls with the independent claim.

have to provide *in haec verba* support for the claimed subject matter at issue."

Kao Corp. v. Unilever United States, Inc., 441 F.3d 963, 968 (Fed. Cir. 2006).

Indeed, "the ranges in applicant's claims need not correspond exactly to those

disclosed in the parent application." Sud-Chemie Inc. v. CSP Tech., Inc., No

4:03CV003SEBWCH, 2006 WL 2246404 *1, *41-42 (S.D. Ind. Aug. 4, 2006)

(citing Union Oil Co. of Cal. v. Atlantic Richfield Co., 208 F.3d 989, 1001 (Fed.

Cir. 2000), in support of its holding that patent's written description disclosing

preferred embodiment range of 45% to 60% supported the limitation of 40% to

60% by weight of desiccant).  Persons skilled in the art of processing food with

smoke would have recognized that Kowalski's invention included and would work

with generating smoke at temperatures above, between, and below the temperature

range of 204 to 510 degrees Celcius.  See Ex. "D" (Maga Decl. dated October 31,

2007) at ¶ 4-5.  Thus, as the trained patent examiners already determined, Claim 33

meets the written description requirement.

       2.     The subject patent claims are not indefinite.

Ocean Duke states in its opposition that it does not challenge the Court's

interpretation of the phrase "below limits for imparting smoke flavoring to food"

of Claim 1 set forth in the TPI Markman Ruling.  See Opp. to Cross Mot. at 10.

Ocean Duke maintains, however, that "so construed, the subject claims are

indefinite as a matter of law."  Id.  Ocean Duke also contends that the Court's

failure to read numeric limitations into the term "super-purifying" of Claim 1 in the TPI Markman Ruling renders it indefinite because "that term is so lacking in clear, concise, specific standards." Id. at 11. Notably, Ocean Duke does not cite a single case discussing the test for indefiniteness or supporting its contention that the lack of numerical boundaries renders the subject patent claims indefinite.

The definiteness requirement derives from 35 U.S.C. § 112, ¶ 2, which requires that "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as the invention." Because a patent is presumed valid, and the burden of establishing invalidity rests upon the party asserting invalidity, Ocean Duke must come forth with clear and convincing evidence to invalidate the subject patent claims. See Aero Products Int'l, Inc. v. Intex Recreation Group, 466 F.3d 1000, 1015 (Fed. Cir. 2007). "In light of the presumption [of validity] and the difference in posture between an applicant whose application has been rejected and a patentee with an issued patent, close questions of indefiniteness in litigation involving issued patents are properly resolved in favor of the patentee." Exxon Research & Eng. Co v. United States, 265 F.3d 1371, 1380 (Fed. Cir. 2001).

The definiteness requirement is met "[i]f one skilled in the art would understand the bounds of the claim when read in light of the specification[.]" Id. 1374 (Fed. Cir. 2001). The Federal Circuit advises that "[i]f a claim is amenable

to construction, 'even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree,' the claim is not indefinite." Aero Products Int'l Inc., 466 F.3d at 1016.

Ocean Duke's contention that the claim language "below thresholds for imparting smoke odor and taste" and "super-purifying," without adding numeric limitations, is indefinite because it is lacking in specific standards is akin to the argument unsuccessfully advanced by the alleged infringer in Acumed LLC v. Stryker Corp., 483 F.3d 800 (Fed. Cir. 2007). In Acumed LLC, the district court construed the phrase "a curved shank" as meaning "has a bend or deviation from a straight line without sharp corners or sharp angles." Id. at 805. The alleged infringer argued that the district court's failure "to specify precisely how 'sharp' is too sharp" rendered the construction insufficiently definite. See id. at 805-06. The Federal Circuit disagreed. In so doing, the Federal Circuit reasoned that "**a sound claim construction need not always purge every shred of ambiguity. The resolution of some line-drawing problems-especially easy ones like this one- is properly left to the trier of fact.**" Id. at 806 (emphasis added).

Likewise, here, the challenged claim language is amenable to the construction proposed by Plaintiffs. The Court agreed as much in its TPI Markman Ruling. The claim construction given to the challenged claim language need not draw a line as to what precisely constitutes (1) giving, or not giving, a

smoke taste or odor to meat, or (2) smoke that does, or does not, impart smoke taste. The subject matter of the claim limitations is such that the jury can make these easy distinctions. Furthermore, the phrase "below limits for imparting smoke flavoring" turns on the practical test of whether or not the fish sold was actually perceived as having a smoke taste – relevant indicators that the fish had no smoke taste being whether the defendant was able to sell the fish as not having a smoke taste, whether any buyers complained about the fish having a smoke taste, etc. People in the industry operate by such practical factors, not by measuring numerical chemical amounts in each piece of smoked fish. Thus, as the trained patent examiners have already determined, the phrase "below thresholds for imparting smoke taste and odor" and term "super-purifying," see Cross Motion at 17, are amenable to construction and sufficiently definite as a matter of law. See Acumed LLC, 483 F.3d at 805-06, Aero Products Int'l Inc., 466 F.3d at 1016; see also Exxon Research & Eng. Co., 265 F.3d at 1381 ("In this setting . . . mathematical precision is not required – only a reasonable degree of particularity and definiteness.").

## III.    **CONCLUSION**

For the foregoing reasons, the Court should:

(1)    adopt Plaintiffs' proposed construction of Claims 1, 33, 67, 68 and 69 of the Kowalski Patent, as summarized in Exhibit "D," in its entirety;

(2)    preclude Ocean Duke from raising the defenses of indefiniteness and

inadequate written description; and

(3)   to the extent that the Court entertains Ocean Duke's invalidity challenge, the Court should find that Ocean Duke has failed to sustain its burden of showing by clear and convincing evidence that the subject patent claims are invalid for inadequate written description or indefiniteness.

DATED:  Honolulu, Hawaii, November 8, 2007.

CADES SCHUTTE LLP

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA
Attorney for Plaintiffs
WILLIAM R. KOWALSKI and HAWAII
INTERNATIONAL SEAFOOD, INC.