Case 1:04-cv-00055-BMK   Document 90-9   Filed 11/08/2007   Page 1 of 4

# Patent Office Rules and Practice

MANUAL OF PATENT EXAMINING PROCEDURE
EIGHTH EDITION, REVISION 5 (AUGUST 2006)

Lester Horwitz



LexisNexis

Exhibit "F"

or necessary structural cooperative relationships of elements described by the applicant(s) as necessary to practice the invention.

In addition, a claim which fails to interrelate essential elements of the invention as defined by applicant(s) in the specification may be rejected under 35 U.S.C. 112, second paragraph, for failure to point out and distinctly claim the invention. See *In re Venezia*, 530 F.2d 956, 189 USPQ 149 (CCPA 1976); *In re Collier*, 397 F.2d 1003, 158 USPQ 266 (CCPA 1968). >But see *Ex parte Nolden*, 149 USPQ 378, 380 (Bd. Pat. App. 1965) ("[I]t is not essential to a patentable combination that there be interdependency between the elements of the claimed device or that all the elements operate concurrently toward the desired result"); *Ex parte Huber*, 148 USPQ 447, 448-49 (Bd. Pat. App. 1965) (A claim does not necessarily fail to comply with 35 U.S.C. 112, second paragraph where the various elements do not function simultaneously, are not directly functionally related, do not directly intercooperate, and/or serve independent purposes.).<

## 2173 Claims Must Particularly Point Out and Distinctly Claim the Invention

The primary purpose of this requirement of definiteness of claim language is to ensure that the scope of the claims is clear so the public is informed of the boundaries of what constitutes infringement of the patent. A secondary purpose is to provide a clear measure of what applicants regard as the invention so that it can be determined whether the claimed invention meets all the criteria for patentability and whether the specification meets the criteria of 35 U.S.C. 112, first paragraph with respect to the claimed invention.

### 2173.01 Claim Terminology [R-2]

A fundamental principle contained in 35 U.S.C. 112, second paragraph is that applicants are their own lexicographers. They can define in the claims what they regard as their invention essentially in whatever terms they choose so long as **>any special meaning assigned to a term is clearly set forth in the specification. See MPEP § 2111.01.< Applicant may use functional language, alternative expressions, negative limitations, or any style of expression or format of claim which makes clear the boundaries of the subject matter for which protection is sought. As noted by the court in *In re Swinehart*, 439 F.2d 210, 160 USPQ 226 (CCPA 1971), a claim may not be rejected solely because of the type of language used to define the subject matter for which patent protection is sought.

### 2173.02 Clarity and Precision [R-3]

The examiner's focus during examination of claims for compliance with the requirement for definiteness of 35 U.S.C. 112, second paragraph, is whether the claim meets the threshold requirements of clarity and precision, not whether more suitable language or modes of expression are available. When the examiner is satisfied that patentable subject matter is disclosed, and it is apparent to the examiner that the claims are directed to such patentable subject matter, he or she should allow claims which define the patentable subject matter with a reasonable degree of particularity and distinctness. Some latitude in the manner of expression and the aptness of terms should be permitted even though the claim language is not as precise as the examiner might desire. Examiners are encouraged to suggest claim language to applicants to improve the clarity or precision of the language used, but should not reject claims or insist on their own preferences if other modes of expression selected by applicants satisfy the statutory requirement.

The essential inquiry pertaining to this requirement is whether the claims set out and circumscribe a particular subject matter with a reasonable degree of clarity and particularity. Definiteness of claim language must be analyzed, not in a vacuum, but in light of:

(A) The content of the particular application disclosure;

(B) The teachings of the prior art; and

(C) The claim interpretation that would be given by one possessing the ordinary level of skill in the pertinent art at the time the invention was made.

In reviewing a claim for compliance with 35 U.S.C. 112, second paragraph, the examiner must consider the claim as a whole to determine whether the claim apprises one of ordinary skill in the art of its scope and, therefore, serves the notice function required by 35 U.S.C. 112, second paragraph, by providing clear warning to others as to what constitutes infringement of the patent. See, e.g., *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379, 55 USPQ2d 1279, 1283

(Fed. Cir. 2000). See also *In re Larsen*, No. 01-1092 (Fed. Cir. May 9, 2001) (unpublished) (The preamble of the *Larsen* claim recited only a hanger and a loop but the body of the claim positively recited a linear member. The court observed that the totality of all the limitations of the claim and their interaction with each other must be considered to ascertain the inventor's contribution to the art. Upon review of the claim in its entirety, the court concluded that the claim at issue apprises one of ordinary skill in the art of its scope and, therefore, serves the notice function required by 35 U.S.C. 112 paragraph 2.). >See also *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1366, 71 USPQ2d 1081, 1089 (Fed. Cir. 2004) ("The requirement to 'distinctly' claim means that the claim must have a meaning discernible to one of ordinary skill in the art when construed according to correct principles....Only when a claim remains insolubly ambiguous without a discernible meaning after all reasonable attempts at construction must a court declare it indefinite.").

Accordingly, a claim term that is not used or defined in the specification is not indefinite if the meaning of the claim term is discernible. *Bancorp Services, L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1372, 69 USPQ2d 1996, 1999-2000 (Fed. Cir. 2004) (holding that the disputed claim term "surrender value protected investment credits" which was not defined or used in the specification was discernible and hence not indefinite because "the components of the term have well recognized meanings, which allow the reader to infer the meaning of the entire phrase with reasonable confidence").<

If the language of the claim is such that a person of ordinary skill in the art could not interpret the metes and bounds of the claim so as to understand how to avoid infringement, a rejection of the claim under 35 U.S.C. 112, second paragraph, would be appropriate. See *Morton Int'l, Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1470, 28 USPQ2d 1190, 1195 (Fed. Cir. 1993). However, if the language used by applicant satisfies the statutory requirements of 35 U.S.C. 112, second paragraph, but the examiner merely wants the applicant to improve the clarity or precision of the language used, the claim must not be rejected under 35 U.S.C. 112, second paragraph, rather, the examiner should suggest improved language to the applicant.

For example, a claim recites "a suitable liquid such as the filtrate of the contaminated liquid to be filtered and solids of a filtering agent such as perlite, cellulose powder, etc." The mere use of the phrase "such as" in the claim does not by itself render the claim indefinite. Office policy is not to employ *per se* rules to make technical rejections. Examples of claim language which have been held to be indefinite set forth in MPEP § 2173.05(d) are fact specific and should not be applied as *per se* rules. The test for definiteness under 35 U.S.C. 112, second paragraph, is whether "those skilled in the art would understand what is claimed when the claim is read in light of the specification." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1576, 1 USPQ2d 1081, 1088 (Fed. Cir. 1986). If one skilled in the art is able to ascertain in the example above, the meaning of the terms "suitable liquid" and "solids of a filtering agent" in light of the specification, 35 U.S.C. 112, second paragraph, is satisfied. If upon review of the claim as a whole in light of the specification, the examiner determines that a rejection under 35 U.S.C. 112, second paragraph, is not appropriate in the above-noted example, but is of the opinion that the clarity and the precision of the language can be improved by the deletion of the phrase "such as" in the claim, the examiner may make such a suggestion to the applicant. If applicant does not accept the examiner's suggestion, the examiner should not pursue the issue.

If upon review of a claim in its entirety, the examiner concludes that a rejection under 35 U.S.C. 112, second paragraph, is appropriate, such a rejection should be made and an analysis as to why the phrase(s) used in the claim is "vague and indefinite" should be included in the Office action. If applicants traverse the rejection, with or without the submission of an amendment, and the examiner considers applicant's arguments to be persuasive, the examiner should indicate in the next Office communication that the previous rejection under 35 U.S.C. 112, second paragraph, has been withdrawn and provide an explanation as to what prompted the change in the examiner's position (e.g., examiners may make specific reference to portions of applicant's remarks that were considered to be the basis as to why the previous rejection was withdrawn).

By providing an explanation as to the action taken, the examiner will enhance the clarity of the prosecution history record. As noted by the Supreme Court in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 122 S.Ct. 1831, 1838, 62 USPQ2d 1705, 1710 (2002), a clear and complete prosecution file record is important in that "[p]rosecution history estoppel requires that the claims of a patent be interpreted in light of the proceedings in the PTO during the application process." In *Festo*, the court held that "a narrowing amendment made to satisfy any requirement of the Patent Act may give rise to an estoppel." With respect to amendments made to comply with the requirements of 35 U.S.C. 112, the court stated that "[i]f a § 112 amendment is truly cosmetic, then it would not narrow the patent's scope or raise an estoppel. On the other hand, if a § 112 amendment is necessary and narrows the patent's scope—even if only for the purpose of better description—estoppel may apply." *Id.*, at 1840, 62 USPQ2d at 1712. The court further stated that "when the court is unable to determine the purpose underlying a narrowing amendment—and hence a rationale for limiting the estoppel to the surrender of particular equivalents—the court should presume that the patentee surrendered all subject matter between the broader and the narrower language...the patentee should bear the burden of showing that the amendment does not surrender the particular equivalent in question." *Id.*, at 1842, 62 USPQ2d at 1713. Thus, whenever possible, the examiner should make the record clear by providing explicit reasoning for making or withdrawing any rejection related to 35 U.S.C. 112, second paragraph.

## 2173.03   Inconsistency Between Claim *>and< Specification Disclosure or Prior Art [R-1] [R-1]

Although the terms of a claim may appear to be definite, inconsistency with the specification disclosure or prior art teachings may make an otherwise definite claim take on an unreasonable degree of uncertainty. *In re Cohn*, 438 F.2d 989, 169 USPQ 95 (CCPA 1971); *In re Hammack*, 427 F.2d 1378, 166 USPQ 204 (CCPA 1970). In *Cohn*, the claim was directed to a process of treating a surface with a corroding solution until the metallic appearance is supplanted by an "opaque" appearance. Noting that no claim may be read apart from and independent of the supporting disclosure on which it is based, the court found that the description, definitions and examples set forth in the specification relating to the appearance of the surface after treatment were inherently inconsistent and rendered the claim indefinite.

## 2173.04   Breadth Is Not Indefiniteness

Breadth of a claim is not to be equated with indefiniteness. *In re Miller*, 441 F.2d 689, 169 USPQ 597 (CCPA 1971). If the scope of the subject matter embraced by the claims is clear, and if applicants have not otherwise indicated that they intend the invention to be of a scope different from that defined in the claims, then the claims comply with 35 U.S.C. 112, second paragraph.

Undue breadth of the claim may be addressed under different statutory provisions, depending on the reasons for concluding that the claim is too broad. If the claim is too broad because it does not set forth that which applicants regard as their invention as evidenced by statements outside of the application as filed, a rejection under 35 U.S.C. 112, second paragraph, would be appropriate. If the claim is too broad because it is not supported by the original description or by an enabling disclosure, a rejection under 35 U.S.C. 112, first paragraph, would be appropriate. If the claim is too broad because it reads on the prior art, a rejection under either 35 U.S.C. 102 or 103 would be appropriate.

## 2173.05   Specific Topics Related to Issues Under 35 U.S.C. 112, Second Paragraph [R-1]

The following sections are devoted to a discussion of specific topics where issues under 35 U.S.C. 112, second paragraph, have been addressed. These sections are not intended to be an exhaustive list of the issues that can arise under 35 U.S.C. 112, second paragraph, but are intended to provide guidance in areas that have been addressed with some frequency in recent examination practice. The court and Board decisions cited are representative. As with all appellate decisions, the results are largely dictated by the facts in each case. The use of the same language in a different context may justify a different result.

>See MPEP § 2181 for guidance in determining whether an applicant has complied with