IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>OCEAN DUKE CORPORATION,<br><br>        Defendant. | Case No. CV04-00055 BMK<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.     INTRODUCTION**

Movant respectfully requests that the Court issue an order excluding reference to Hawaii International Seafood, Inc. ("HISI"), because HISI lacks standing in this case.  William Kowalski is the sole owner of the patent and the Cryofresh trademark at issue herein, and there is no written assignment of the Kowalski patent or the Cryofresh trademark to HISI.  Thus, HISI has no rights it can enforce relating to the patent or the trademark; any reference to HISI and its alleged damages or lost profits would be irrelevant to the issues in this case.

*In limine* rulings are an adjunct of the "district court's inherent authority to manage the course of trials." (*Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).) Courts have broad discretion with respect to the ordering and presentation of proof and the handling of evidentiary questions. (*See U.S. v. Holmquist,* 36 F.3d 154, 163 (1st Cir. 1994); *see, e.g.,* Fed. R. Evid. 104(c) (stating that hearings on preliminary matters may be concluded out of the hearing of the jury when the interests of justice require); Fed. R. Evid. 611(a) (empowering district courts to exercise "reasonable control" over mode and presentation of evidence).)

## II.     HISI LACKS STANDING TO SUE FOR INFRINGEMENT

A.     *HISI Lacks Standing to Sue Because It Does Not Own The Patent*

A significant new issue of standing relating to one of the two plaintiffs in this case -- HISI -- has arisen as a result of the very recent deposition of William Kowalski on November 1 and 2, 2007. In short, it appears that HISI lacks standing to bring claims for patent infringement because it does not own the Kowalski patent, and the patent has not been assigned to HISI. HISI is therefore not a proper plaintiff, and its claim of lost profits and other damages is irrelevant. Ocean Duke therefore moves to exclude reference to HISI as a plaintiff, as well as its damages claim, as such references would only serve to confuse and mislead the jury.

662,465 / 8827-1                                                    2

1.      Facts Regarding HISI's Standing

Plaintiffs are seeking over ten million dollars, chiefly in "lost profits" damages. However, the only plaintiff earning profits that could be the subject of a "lost profits" claim is the corporate plaintiff, HISI, and not the individual plaintiff, William Kowalski. This can be seen from the fact that defendant Ocean Duke Corporation ("Ocean Duke") does not process its own seafood; therefore, the only actionable conduct alleged is that Ocean Duke imports and sells seafood that *someone else* has processed, allegedly using the Kowalski patent's processes. This purported wrongful conduct leads to HISI's lost profits claim, under the theory that HISI would be selling the seafood that Ocean Duke now sells, but for Ocean Duke's purported (secondary) infringement (*i.e.*, the sale of product acquired from *someone else* who allegedly infringed the Kowalski patent). Because HISI, and not Mr. Kowalski individually, is in the business of selling seafood, only HISI can claim lost profits damages.

The problem is that HISI apparently does not have standing to bring a claim for patent infringement, under recent case law from the Federal Circuit. At his recent deposition, Mr. Kowalski admitted:

1.      He alone has always owned the Kowalski patent;

2.      He is not aware of any written assignment of the patent to HISI;

662,465 / 8827-1                            3

      3.      HISI's right to sue in this case arises out of an alleged *oral* agreement between him and HISI, dating from the initiation of this litigation (in late 2004).

(Marks Decl., ¶ 5, Exh. A.)

Other facts bear out the truth and accuracy of the foregoing testimony by Mr. Kowalski (except, perhaps, for the alleged oral agreement). The United States Patent and Trademark Office does not show a recorded assignment of the patent from Mr. Kowalski to HISI (although it does show an assignment to someone else, apparently for financing reasons). (Marks Decl., Exh. B.) Further, the proposed licensing agreements which plaintiffs sent to Ocean Duke both before and during the litigation indicate that Kowalski is the sole owner of the patent, and that Mr. Kowalski himself retains the right to control patent infringement litigation. (Marks Decl., ¶ 7, Exh. C.) Finally, license agreements that have been turned over in discovery confirm that Mr. Kowalski, and not HISI, has always been the "licensor" of rights in the Kowalski patent. (Marks Decl., ¶ 8, Exh. D.)

Perhaps the most persuasive evidence that HISI is not a proper plaintiff for patent infringement purposes appears -- or, better, *fails* to appear -- on plaintiff's recently-served Exhibit List. That Exhibit List reveals that plaintiffs apparently do not intend on offering ***any written documentation*** at trial that would

demonstrate that Mr. Kowalski has assigned to HISI the Kowalski patent, or any significant portion thereof. (Marks Decl., ¶ 9, Exh. E.)

Case law establishes that, under the facts detailed above, HISI lacks standing to sue for patent infringement, and that HISI's purported lost profits damages are therefore unrecoverable.

2. <u>Governing Law on Standing in Patent Infringement Cases.</u>

Under settled law, only the "patentee" can bring actions for patent infringement. (35 U.S.C. § 281.) The term "patentee" includes "the successors in title to the patentee." (*Id.*) Thus, the party suing for patent infringement must ordinarily be the holder of legal title to the patent. (*Sicom Systems, Ltd. v. Agilent Technologies, Inc.*, 427 F. 3d 971, 976 (Fed. Cir. 2005); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc).) In this case, that person is and has always been Mr. Kowalski, and not his company, which is a separate legal entity.

Importantly, where the plaintiff claiming patent infringement is the assignee of patent rights, the assignment must be in writing. (35 U.S.C. § 261; *Enzo Apa & Son, Inc. v. Geapag A.G.,* 134 F.3d 1090, 1093 (plaintiff lacked standing to sue where no written transfer of rights under patent had been made at time claims were brought); *Kahn v. General Motors Corp.,* 33 USPQ 2d 2011, 2013 (S.D.N.Y. 1995) (*accord*).)

A recent leading case in the area of standing to sue for patent infringement is *Propat International Corp. v. RPost, Inc.*, 473 F.3d 1187 (Fed. Cir. 2007). In *Propat*, the key question was whether the plaintiff had sufficient ownership interest in the subject patent to be entitled to sue for patent infringement. (473. F.3d at 1188.) The Court stated that a party can sue even where it does not hold legal title to the patent, provided that the patent's true owner "conveys all substantial rights in the patent" to the plaintiff filing suit. (473 F.3d at 1189.) To determine whether such a conveyance has occurred, courts must look to the agreement between the patent owner and the plaintiff suing for infringement. (*Id.*)

In *Propat*, the Federal Circuit upheld the dismissal of the plaintiff's patent infringement claim for lack of standing. The Court held that the plaintiff's rights in the patent were insufficient to confer standing. (473 F.3d at 1190 *et seq.*) Those rights that were deemed insufficient included rights far broader than the rights owned by plaintiff HISI in the present case, including the following:

1. The right to license the patent to third parties;
2. The right to enforce licensing agreements; and
3. The right to sue infringers.

(473 F.3d at 1190.)

In the present case, plaintiff HISI appears not to own even those rights that were held insufficient to confer standing in *Propat*. There is no evidence of a

written assignment to confer "substantially all" patent rights from Mr. Kowalski to HISI. (Marks Decl., ¶¶ 5-8.) Indeed, the United States Patent and Trademark Office's website shows no assignment whatsoever to HISI (although it does show an assignment to another individual not a party to these proceedings). (Marks Decl., ¶ 6, Exh. B.) Further, all licenses of the Kowalski patent known to defendant Ocean Duke were entered into by Mr. Kowalski himself, and not by HISI. (Marks Decl., ¶ 8, Exh. D.) Additionally, the very license agreement that Mr. Kowalski proposed to Ocean Duke before filing suit clearly retained all substantial license rights for Mr. Kowalski himself, including the exclusive right to sue infringers. (Marks Decl., Exh. C.) Finally, the only alleged agreement permitting HISI to sue for patent infringement in this case is an alleged *oral* agreement, entered into at the time of filing of suit in 2004. (Marks Decl., ¶ 5.) Other than permitting the filing of the lawsuit, there were no other terms to that agreement, according to Mr. Kowalski. (*Id.*) Thus, there are questions about whether there was adequate consideration for the agreement, and whether it was an agreement to recover past damages for infringement. But those questions are academic, since the law requires patent assignment agreements to be in writing. (*Enzo Apa & Son, Inc. v. Geapag A.G., supra,* 134 F.3d at 1093.)

     In summary, as was the case in *Propat, supra*, plaintiff Kowalski in the present case "retains sufficient rights in the patent that [he] cannot be said to have

assigned 'all substantial rights' in the patent" to the other plaintiff suing for infringement, HISI. (473 F.3d at 1190-91.) *See also Morrow v. Microsoft*, 499 F.3d 1332, 1342 (no standing to sue for alleged transferee of patent rights, where "agreement did not clearly manifest that the owner would refrain from granting a license to anyone else in the particular filed of exclusivity"); *Sicom Systems, Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971 (Fed. Cir. 2005).) Under the circumstances, it appears that HISI lacks standing to bring this suit for patent infringement, and without standing to sue, a plaintiff does not have a "case or controversy" upon which to base federal court jurisdiction. (*United States v. Hays, supra,* 515 US at 742 (1995).)

    3.    <u>Plaintiff's "Flow-Through" Theory of Damages Is Legally Untenable.</u>

Mr. Kowalski himself may actually agree with foregoing analysis, because at his deposition he gave a different, "non-standing-based" reason for HISI's ability to sue for lost profits. In his deposition, Mr. Kowalski stated that he was entitled to claim lost profits of HISI on grounds that he was, and is, the 100% owner of HISI. He explained his belief as follows:

> Q.    Do you know, as you sit here today, and if you don't know, then you don't know, do you know the basis upon which Hawaii International Seafood, which is not an owner of the patent, is making a claim in this lawsuit for patent infringement?

>    A.   Yes, I believe I do.  Yes.
>
>    Q.   Okay.  And what is your understanding or what is your belief based on?
>
>    A.   Well, I own the patent and I own the company, so if – if it weren't for their infringement then, you know, I would personally benefit from additional business HIS would do, which I own.

(Marks Decl., ¶ 5, Exh. A, p. 37.)

However, this "pass-through" theory of damages, appealing as it may be to non-lawyers, is not supported by the governing statutes, the case authorities, or the common law.  "Well-established principles of corporate law prevent a shareholder from bringing an individual direct cause of action for an injury done to the corporation or its property by a third party."  (*United States v. Stone*, 83 F.3d 1156, 1160-61 (9th Cir. 1996).)  "The law is clear and uniform:  shareholders cannot sue for injuries arising from the diminution in value of their shareholdings resulting from wrongs allegedly done to their corporations."  (*Container Mfg. Inc v. Ciba-Geigy Corp.,* 870 F. Supp. 1225, 1231 (D.N.J. 1994).)  "In the case of a corporation, . . . since it constitutes a legal entity separate and apart from its individual owners, the shareholders cannot sue to vindicate its alleged . . . rights, even in situations where they are sole stockholders of the victim corporation."

(*Colon-Pratts v. Municipality of San Sebastian*, 194 F. Supp. 2d 67, 72 (D. Puerto Rico 2002).)

Suffice it to say that the basis upon which plaintiff HISI is suing in this case appears tenuous and murky.  Although Mr. Kowalski owns the subject patent and has apparently retained for himself the right to sue for infringement and to license the patent, he himself, as an individual, does not conduct business in the same industry as defendant Ocean Duke.  Therefore, Mr. Kowalski himself has certainly sustained no "lost profits" as a result of Ocean Duke's allegedly infringing sales, and he cannot (personally) recover "lost profits" damages based on those sales.  On the other hand, the legal entity which *does* conduct business in the same field as Ocean Duke, and which (according to plaintiffs) **has** suffered lost profits damages -- HISI -- appears not to have standing to sue for patent infringement under established patent law.

4.   HISI's Lack of Standing for "Non-Patent" Claims for Relief.

The remaining claims for relief in plaintiffs' complaint are trademark-based.[1]  Mr. Kowalski is the record owner of the mark "CRYO-FRESH," and the complaint alleges that Ocean Duke infringes that mark by its use of the term "CRYO-FREEZE" on some of its packaging.  However, CRYO-FREEZE is

---

[1] Counts Two and Three of the complaint are trademark infringement claims under the Lanham Act; Counts Four and Five are state law claims based on trademark infringement; and Count Six seeks treble damages based on Counts Two through Five.

not a brand name of any of Ocean Duke's products, and its limited use on some of Ocean Duke's packaging is merely descriptive, and a fair use of the term. (15 U.S.C. §1115(b)(4).)

But apart from the merits of the case, it appears HISI is not a proper plaintiff for trademark claims either. Mr. Kowalski admitted in deposition that he alone, and not his company, is the owner of the mark CRYO-FRESH. (Marks Decl., ¶ 11.) Further, neither the United States Patent and Trademark Office, nor plaintiffs' Exhibit List, contains evidence of an assignment or other instrument granting HISI rights in the mark. (Marks Decl., ¶ 12.) As is the case with patents, trademark assignments are not effective unless they are in writing. (15 U.S.C. § 1060(a)(3) ("[a]ssignments shall be by instruments in writing duly executed. . . .").)

In conclusion, it appears that HISI is not a proper plaintiff for any of the claims alleged in plaintiffs' complaint.

## III.   GOOD CAUSE EXISTS TO EXCLUDE PREJUDICIAL EVIDENCE OF HISI'S CLAIMS

As established above, any reference to HISI and its alleged damages or lost profits would be irrelevant to the issues in this case. Given HISI's lack of standing, introduction of evidence or comment regarding HISI as a plaintiff in this case can have no other effect than to confuse or prejudice the jury, and unnecessarily extend the trial. Such evidence or comment is of no probative value and is substantially

outweighed by the danger of undue prejudice, confusing the issues, misleading the jury, or an undue consumption of time and should therefore be excluded under Federal Rule of Evidence 403.

## IV. CONCLUSION

For the foregoing reasons, Ocean Duke respectfully requests that this Court grant this Motion in Limine, and preclude plaintiffs and their representatives, attorneys, and witnesses from arguing or presenting any evidence of, or commenting on, Hawaii International Seafood, Inc.'s purported status as a plaintiff in this case, or its claim for damages, including but not limited to its claim for lost profits.

DATED:  Honolulu, Hawai`i, November 13, 2007.

/s/ Louise K. Y. Ing_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
*For* PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION