IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>         Plaintiffs,<br><br>    v.<br><br>OCEAN DUKE CORPORATION,<br><br>         Defendant. | Case No. CV04-00055 BMK<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.    INTRODUCTION**

As a business that deals with the United States Customs Office, the Department of Commerce, and other local, state and federal agencies on a weekly if not daily basis, defendant Ocean Duke Corporation is required to follow a series of complex regulatory schemes, and to report to these and other federal agencies with great frequency. Many of the aforesaid agencies conduct audits and other investigations of businesses and individuals under their jurisdiction, relating to matters under their jurisdiction.

Ocean Duke Corporation has occasionally been the subject of such audits and/or investigations. As such, Ocean Duke counts itself among hundreds of

similarly situated companies throughout the United States, that have had to account to the agencies that are charged with executing administrative and regulatory schemes enacted by Congress.

However, none of the audits or investigations to which Ocean Duke has been subjected has even the slightest connection to the issues framed by the pleadings in this lawsuit. Rather, they relate to anti-dumping regulations, product recalls, and the like, all of which have nothing whatsoever to do with patent or trademark infringement.

It is not clear exactly what plaintiffs intend to try to introduce in evidence along these lines. The only Exhibits on their Trial Exhibit List that suggest attempted mudslinging at trial are Plaintiffs' Exhibits P-173 and P-222 (both of which are attached to the Declaration of Timothy Neufeld, for the Court's convenience). The connection between these documents and the issues in this case is attenuated, at best.

But what *would be* dangerous in this case is a suggestion by counsel, or a question to a witness in front of the jury, insinuating wrongdoing on the part of Ocean Duke. If plaintiffs' counsel is allowed to insinuate that Ocean Duke has violated regulations, statutes, or laws, or is being investigated by federal authorities for such alleged violations, then all the denials in the world, no matter how true, are likely to fall on deaf ears. Such insinuations may well capture the minds of the

jurors, especially in a case involving a relatively dry business dispute over complex patented processes that compete with each other.

Ocean Duke respectfully urges that the Court issue an order *in limine* precluding plaintiffs from introducing or commenting upon alleged evidence of administrative or regulatory investigations and/or audits involving Ocean Duke, as such alleged evidence has nothing whatsoever to do with this case, and would be highly prejudicial to Ocean Duke. Alternatively, Ocean Duke urges that the court conduct a Rule 403 hearing outside the presence of the jury, in order to determine the prejudicial impact of the evidence plaintiffs seek to introduce.

## II.   UNDULY PREJUDICIAL EVIDENCE SHOULD BE EXCLUDED.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (Fed. R. Evid. 403.) "The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission." (Advis. Comm. Notes to FRE 403.)

Although it is still not clear what plaintiffs intend to introduce in evidence at trial, it appears that the analysis should be based on Rule 404(b) of the Federal Rules of Evidence:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,

Within the Ninth Circuit, courts must consider four threshold requirements before admitting such "prior bad act" evidence: (1) that the evidence of prior conduct tend to prove a material point; (2) that the prior act not be too remote in time; (3) that the evidence be sufficient to support a finding that the defendant committed the act; and (4) in some cases, that the prior act be similar to the offense charged. (*United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir.1989); *United States v. Spillone*, 879 F.2d 514, 518-19 (9th Cir.1989).)

Here, plaintiffs undoubtedly cannot overcome any of these hurdles. To Ocean Duke's knowledge, all plaintiffs have in their arsenal of "prior bad acts" is conjecture and insinuation. That is not good enough to introduce into evidence, or to create inferences and guesswork among jurors, where the matter under scrutiny is a civil dispute involving alleged patent and trademark infringement.

## III. CONCLUSION.

Based on the foregoing, defendant Ocean Duke respectfully urges that the Court issue an order *in limine* precluding plaintiffs from introducing evidence of, or making comment on in the presence of the jury, any administrative or regulatory investigations and/or audits involving Ocean Duke.  Such evidence, if it exists, has nothing whatsoever to do with this case, and is highly prejudicial, compared to its probative value (which Ocean Duke asserts is nil).

Alternatively, Ocean Duke urges that the court conduct a Rule 403 hearing outside the presence of the jury, in order to determine the prejudicial impact of the evidence plaintiffs seek to introduce.

DATED:  Honolulu, Hawai`i, November 13, 2007.

/s/ Louise K. Y. Ing_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
*For* PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION

662,462 / 8827-1