IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Case No. CV04-00055 BMK <br><br> **DECLARATION OF TIMOTHY L. NEUFELD** |

## DECLARATION OF TIMOTHY L. NEUFELD

I, Timothy L. Neufeld, declare as follows:

1. I am a lawyer with Neufeld Law Group, counsel to defendant Ocean Duke Corporation, and I am admitted *pro hac vice* in this case. I make this declaration in support of the foregoing Motion *in Limine*.

2. I have personal knowledge of the facts described in this declaration, except where otherwise indicated, and if called upon to testify in court under oath, I could and would so testify.

3. I have been representing Ocean Duke as its outside general counsel for over six years, and have come to know its business very closely. Ocean Duke is an importer of fresh and frozen seafood, and as such it must deal with various

130789.1

federal, state, and local agencies on a regular basis. These agencies include, for example, the United States Customs Office and the Department of Commerce. I have represented Ocean Duke in connection with a variety of matters relating to routine audits and investigations by those agencies.

4. Although Ocean Duke has occasionally been the subject of such audits and/or investigations, I am not aware of any situation in which an adverse finding of regulatory, administrative, or criminal violations has even been made against Ocean Duke. Perhaps more importantly, none of the audits or investigations to which Ocean Duke has been subjected has even the slightest connection to the issues framed by the pleadings in this case. Rather, they relate to anti-dumping regulations, product recalls, and the like, all of which have nothing whatsoever to do with patent or trademark infringement.

5. Based on the depositions of the two main executives of Ocean Duke, which I attended in part, it appears that plaintiffs may seek to introduce evidence of such audits and/or investigations. Also, plaintiffs' Exhibit List contains two exhibits (P-173 and P-222, attached hereto for the court's convenience), which suggest that plaintiffs intend to go into such issues at trial. By this motion defendant Ocean Duke respectfully requests that said alleged evidence be deemed "off limits" in this trial.

I declare under penalty of perjury under the laws of the United States of America and the State of Hawaii that the foregoing is true and correct.

Executed in Los Angles, California, on November 13, 2007.

_____
TIMOTHY L. NEUFELD