IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | Case No. CV04-00055 BMK<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.     STANDARDS FOR MOTIONS IN LIMINE**

*In limine* rulings are an adjunct of the "district court's inherent authority to manage the course of trials." (*Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).) Courts have broad discretion with respect to the ordering and presentation of proof and the handling of evidentiary questions. (*See U.S. v. Holmquist,* 36 F.3d 154, 163 (1st Cir. 1994); *see, e.g.,* Fed. R. Evid. 104(c) (stating that hearings on preliminary matters may be concluded out of the hearing of the jury when the interests of justice require); Fed. R. Evid. 611(a) (empowering district courts to exercise "reasonable control" over mode and presentation of evidence).)

## II.    ALLEGED STATEMENTS OF CHRIS RAGONE ARE INADMISSIBLE HEARSAY.

Defendant Ocean Duke Corporation maintains that plaintiffs do not have a single shred of evidence to support their claims of patent infringement.  For example, plaintiffs have not travelled to Bali to investigate Ocean Duke's supplier, who follows the teachings of the Shih patent, and not the Kowalski patent.  If plaintiffs had travelled to Bali and had done an investigation, plaintiffs would have learned that the Shih patent involves heating of charcoal at a temperature range of 180 degrees Celsius -- well below the range of the Kowalski patent.

Instead, what plaintiffs *do have* by way of evidence is an alleged statement, purportedly made by a low-level Ocean Duke employee to one of plaintiffs' investigators.  Plaintiffs attached to their complaint a Notice of Infringement letter sent to Ocean Duke, which states that an investigator for plaintiffs, John Stalker, had a discussion with Chris Ragone, a sales employee of Ocean Duke.  Mr. Stalker was obviously attempting to solicit admissions that Ocean Duke infringed on the Kowalski patent.  (Marks Decl., ¶ 3, Exh. A.)  Plaintiffs are expected to have Mr. Stalker testify at trial about statements allegedly made by Mr. Ragone, presumably to prove the truth of those statements.  Undoubtedly, Mr. Stalker will state that Mr. Ragone implicated Ocean Duke in infringing activities related to the Kowalski patent.

However, as a matter of law, Mr. Ragone's alleged statements constitute inadmissible hearsay.  (FRE 801 *et seq.*)  Mr. Ragone's alleged statements to Mr. Stalker -- if they were made at all -- were clearly made "out-of-court," and will evidently be offered in evidence "to prove the truth of the matter asserted."  As such, the proposed evidence is hearsay.  (FRE 801(c).)

### III.     ALLEGED STATEMENTS OF MR. RAGONE DO NOT FALL WITH IN THE PARTY ADMISSION EXCEPTION.

Any argument that Mr. Ragone's alleged statements are admissions by a party-opponent, under Fed. R. Evid. 801(d)(2), would be unavailing here.  The party here is Ocean Duke Corporation, and not Mr. Ragone.  Thus, for the party-opponent exception to the hearsay rule to apply, plaintiffs need to prove a special relationship between Ocean Duke and Mr. Ragone.

"Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment."  (*Breneman v. Kennecott Corp.,*  799 F.2d 470, 473 (9th Cir. 1986); *see also MCI Communications Corp. v. American Tel. and Tel. Co.,* 708 F.2d 1081, 1143 (7th Cir 1982) (holding that the statements of low-level employees without management responsibility are not admissions).)

In *Los Angeles News Service v. CBS Broadcasting, Inc.,* 305 F.3d 924 (9th Cir. 2002), the owners of a videotape depicting the Los Angeles riots brought a copyright infringement action against a news service that aired the tape.  Plaintiff

wanted to use statements made to him by the editor of the news agency, as party admissions.  However, the court refused to admit the statements as admissions, because of plaintiff's failure to lay an adequate foundation.  The court held that the proponent of the evidence must lay a foundation demonstrating that the witness made the statement within the scope of agency or employment for the party-opponent.  (*Id.* at 933.)  "The contents of the [hearsay] statements ... are not alone sufficient to establish" that the hearsay declarant was an agent of a party-opponent or that the declaration was within the scope of the agency.  (*Id.* at 934.)  Plaintiff could not get the statement admitted in evidence because there was no evidence of the scope of the editor's agency relationship to the news service, beyond the editor's own hearsay declaration.  The proponent of the evidence bore the burden of establishing a foundation from which to conclude that the statement was within the hearsay exclusion.

Another instructive case is *ACT, Inc. v. Sylvan Learning Systems, Inc.*, 296 F.3d 657 (8th Cir 2002).  There, statements that appeared damaging to a competitor were held not to be admissions, but merely the conjecture of a summer intern who lacked any personal knowledge of events occurring at the place of employment a year and a half earlier, and who did not even interview any employees who might have had such knowledge.  Such speculation by a temporary

employee could not be admitted as a statement of his employer, for purposes of the hearsay rule.  (*Id.* at 666.)

Here, plaintiffs have not laid, and cannot lay, any foundation as to Mr. Ragone's representative capacity on behalf of Ocean Duke, or that any alleged statements regarding the patent processes are within the scope of Mr. Ragone's employment, or were authorized by Ocean Duke.  The only evidence that has been presented in discovery are the statements of Mr. Ragone himself.  Plaintiffs apparently assume that that is sufficient to qualify as a "party-admission."  But there must first be independent evidence that Mr. Ragone is qualified to speak on behalf of Ocean Duke.  Unless and until plaintiffs lay such a foundation, Mr. Ragone's purported statement must remain in the realm of inadmissible hearsay.

## IV.   CONCLUSION

For the foregoing reasons, Ocean Duke respectfully requests that this Court grant this Motion in Limine excluding the alleged statements attributed to Chris Ragone.

DATED:  Honolulu, Hawai`i, November 13, 2007.

       /s/ Louise K. Y. Ing_____
       LOUISE K. Y. ING
       ALLISON KIRK GRIFFITHS
       TIMOTHY L. NEUFELD
*For* PAUL S. MARKS
       Attorneys for Defendant
       OCEAN DUKE CORPORATION