IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

Plaintiffs WILLIAM R. KOWALSKI (*"Kowalski"*) and HAWAII INTERNATIONAL SEAFOOD, INC. (*"HISI"*) move the Court, *in limine*, for an Order precluding Defendant OCEAN DUKE CORPORATION (*"Ocean Duke"*) from presenting testimony, argument and evidence at trial relating to any defense not described in Ocean Duke's responses to Interrogatory No. 3 of Plaintiffs' First Request for Answers to Interrogatories, dated October 15, 2004 (the *"Motion"*). The only defense described by Ocean Duke in its responses to Plaintiffs' Interrogatory No. 3 is that the process used to treat its imported product for color retention does not infringe the Kowalski Patent. Thus, the Motion seeks to exclude

ImanageDB:789845.1

all testimony, argument and evidence by Ocean Duke at trial not related to this defense.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs filed the Complaint on January 27, 2004. Ocean Duke's Answer, filed on March 4, 2004, asserts no less than sixty-seven (67) affirmative defenses.[1] See Ex. "A" (Ocean Duke's Answer).

On or about October 15, 2004, Plaintiffs served their First Request for Answers to Interrogatories (*"Plaintiffs' 1st RAI"*). Interrogatory No. 3 requested that Ocean Duke:

> Explain with particularity (and as to each claim of the '401 patent) and identify all reasons, facts, references, prior art, documents, and bases for or relating to each of Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses; the identities of the persons with knowledge of the above information and the substance of the knowledge of each person.

Ex. "B" (Ocean Duke's Suppl. Resp. to Plts' 1st RAI) at No. 3 (*"Interrogatory No. 3"*).

Ocean Duke served its response to Plaintiffs' First RAI on or about November 15, 2004. In response to Interrogatory No. 3, Ocean Duke stated that "Defendant will furnish such unprivileged responsive information as is available

---

[1] Ocean Duke's assertion of every possible defense without regard to what defenses may actually apply to the issues of this case lacks good faith and is meaningless for purposes of giving Plaintiffs notice of the actual defenses that Ocean Duke intended to rely on.

and relevant to the issue of infringement in this case within a reasonable time after entry of an appropriate protective order." See Ex. "B" (Ocean Duke's Resp. to Plts' 1st RAI) at 14. On July 5, 2006, Ocean Duke served its Supplemental Responses to Plaintiffs' First RAI. In response to Interrogatory No. 3, Ocean Duke stated in relevant part:

> Discovery is continuing into the prior art relating to the '401 patent and otherwise in response to this Interrogatory. In general, Ocean Duke imports fish that have been processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,332, issued on or about December 18, 2001, to Chi-Hsing Shih and Tien Pao Chiu. That patent and the processes, disclosures, claims and teaching thereunder are completely different from the patent alleged in plaintiff William R. Kowalski's complaint on file herein. To Ocean Duke Corporation's knowledge, in the course of its business Ocean Duke Corporation has never acquired, purchased, stored, owned, held possession of, or sold any fish treated with the '401 patent alleged by plaintiff.

See Ex. "B" (Ocean Duke's Suppl. Resp. to Plts' 1st RAI) at 4 ("***non-infringement defense***").

On October 25, 2006, the Court entered a Stipulated Order Compelling Discovery From Defendant Ocean Duke Corporation. Among other things, the Order specifically stated:

> 1. Ocean Duke shall provide Plaintiffs with full and substantive written responses to Plaintiffs' First Request for answers to Interrogatories by no later than July 5, 2006.[2]

---

[2] The July 5, 2006 due date for Ocean duke to provide "full and substantive written responses" to the interrogatories fell earlier than the date of the order

…

. . . .

    4. Defendant is further reminded of its duty to timely supplement any discovery response pursuant to Rule 26e.

    5. Appropriate sanctions will be imposed by the Court in the event of non-compliance with this order.

Ex. "C" (Stip. Order Compelling).

The discovery cut-off lapsed on October 5, 2007. See Exhibit "D" (Am. Rule 16 Scheduling Order) at 3. Ocean Duke did not further supplement its response to Interrogatory No. 3. It appears, however, that Ocean Duke may attempt to argue and introduce evidence at trial in support of defenses (for example, possibly misuse and lack of enablement) that were not explained, nor even mentioned, in response to Interrogatory No. 3. See Yasunaga Decl. ¶ 3. For the reasons discussed below, the Court should preclude any attempt by Ocean Duke to argue or introduce testimony or evidence that does not relate to the non-infringement defense.[3]

### III. ARGUMENT

Federal Rule of Civil Procedure ("**FRCP**") 26(e) requires supplementation of discovery responses. Rule 26(e)(2), FRCP, provides in relevant part:

---

because, although the July 5, 2006 due date had been established before July 5, 2006, there was a delay in getting the order filed.

[3] Similarly, Ocean Duke should be barred from raising other defenses via motions (such as the just-filed motion to continue trial requesting additional briefing of dispositive motions).

> (e) Supplementation of Disclosures and Responses. A party who has . . . responded to a request for discovery with a . . . response is under a duty to supplement or correct the . . . response to include information thereafter acquired . . . in the following circumstances:
>
> . . . .
>
> (2) A party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2).

Failure to comply with Rule 26(e) is sanctionable under FRCP Rule 37(c), which provides in relevant part:

> **(c) Failure to Disclose.** . . .
>
> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), **is not**, unless such failure is harmless, **permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.** . . . .

Fed. R. Civ. P. 37(c)(1). The purpose of Rule 37(c)(1) is to prevent "sandbagging." See Ventra v. United States, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000); see also Weiland v. Linear Const., Ltd., No. 00 C 6172, 2002 WL 31307622 *1, *2 (N.D. Ill. Oct. 15, 2002) ("The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery."). Rule 37(c)(1) "requires the near automatic exclusion of Rule 26 information that is not

timely disclosed." Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20-21 (1st Cir. 2001) (describing Rule 37(c)(1) as "self-executing").

To the extent that Ocean Duke intended to rely on any defenses other than the non-infringement defense, it was required to put it in its response by the date set forth in the Stipulated Order Compelling (July 5, 2006), or if it had a good excuse for not doing so by that date, it was required to amend its response to Interrogatory No. 3 prior to the October 5, 2007 discovery cut-off. See Fed. R. Civ. P. 37(c)(1) and 26(e)(2). The Court specifically reminded Ocean Duke of its responsibility to supplement under Rule 26 in the Stipulated Order Compelling. See Ex. "C" (Stip. Order Compelling).

Where, as here, a party offers no justification for belated disclosure of a defense and the opposing party is at a distinct disadvantage not having been aware of the party's intent to rely on the defense, imposition of the preclusion sanction of Rule 37(c)(1) is warranted. See Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1117-18 (C.D. Cal. 2002) (citing Pfingston v. Ronan Eng. Co., 284 F.3d 999, 1005 (9th Cir. 2002), for the proposition that "if a party had been able to show prejudice and/or unfair surprise as a result of his opponent's failure to disclose information pursuant to Rule 26(e)(1), the district court could have properly barred its use at summary judgment"); see also Thorn EMI N. Am. Incorp. v. Intel Corp., 936 F. Supp. 1186, 1191 (D. Del. 1996) ("The court will prevent a party from raising a

claim or defense at trial that was not adequately described in a response to a contention interrogatory[.]").

Exclusion is the appropriate sanction because Plaintiffs will be prejudiced if (1) Ocean Duke is allowed to ambush Plaintiffs with the undisclosed defenses at trial or (2) trial is delayed to allow Plaintiffs additional time to conduct discovery and prepare to oppose the undisclosed defenses.[4] As to the first point, Plaintiffs were not given notice of any defense other than the non-infringement defense, and have prepared for trial accordingly. Plaintiffs were certainly not required to guess as to which of the sixty-seven affirmative defenses Defendants would decide on the eve of trial to pursue, or to prepare with respect to all sixty-seven defenses.

With respect to the second point, a delay in the trial will be prejudicial because Plaintiffs have already made arrangements for their witnesses to travel from out of the state to attend the trial and have scheduled their arrival and departure times based on a December 4 trial start-date and have caused those witnesses (two of which are experts) to reserve and not to book other work for that period. See Yasunaga Decl. ¶ 2. Ocean Duke's counsel has already indicated an interest in taking advantage of Plaintiffs' relative lack of financial strength, and

---

[4] Ocean Duke's counsel has already indicated an interest in taking advantage of Plaintiffs' relative lack of financial strength, and reopening the deadlines to allow Defendant to make this litigation even more expensive for Plaintiffs would unfairly prejudice Plaintiffs. See Yasunaga Decl. at 2.

continuing the trial/reopening the deadlines would unfairly make this litigation even more expensive for Plaintiffs. See id.; cf. Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1063 (9th Cir. 2004) ("If Wong had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance [in its status conference order], and understood by the parties, would have to have been altered as well. **Disruption to the schedule of the court and other parties in that manner is not harmless.**") (emphasis added).

Exclusion of all argument, evidence, and testimony relating to any defense other than the non-infringement defense is warranted under FRCP 37(c) and as a sanction for Ocean Duke's failure to supplement its responses to Plaintiffs' 1st RAI, as ordered by the Court in its October 25, 2006 Stipulated Order Compelling Discovery From Ocean Duke Corporation.

## IV.   CONCLUSION

For the foregoing reasons, the Motion should be granted.

DATED: Honolulu, Hawaii, November 13, 2007.

CADES SCHUTTE LLP

/s/ Allison Mizuo Lee
MILTON M. YASUNAGA
MARTIN E. HSIA
ALLISON MIZUO LEE
Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and HAWAII
INTERNATIONAL SEAFOOD, INC.
