Of Counsel:
DWYER SCHRAFF MEYER
  JOSSEM & BUSHNELL
Attorneys at Law, A Law Corporation

WILLIAM G. MEYER, III         2513-0
ERIK W. KVAM                  7975-0
1800 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808) 524-8000
Facsimile: (808) 537-4667
Email:  wmeyer@dwyerlaw.com
        ekvam@dwyerlaw.com

NEUFELD JAFFE, LLP

Timothy L. Neufeld (Admitted *Pro Hac Vice*)
Judy L. Lee (Admitted *Pro Hac Vice*)
555 West 5th Street, 30th Floor
Los Angeles, California 90013
Telephone:  (213) 533-4141
Facsimile:  (213) 533-4140

Attorneys for Defendant
  OCEAN DUKE CORPORATION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 4 2004

at 5 o'clock and 21 min. P M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. CV04-00055 DAE BMK <br><br> DEFENDANT OCEAN DUKE CORPORATION'S ANSWER TO COMPLAINT OF PLAINTIFFS WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.; CERTIFICATE OF SERVICE |

242885.2

**Exhibit A**

File-Stamped First Page
if Document is
Complete Your Service

## DEFENDANT OCEAN DUKE CORPORATION'S ANSWER TO COMPLAINT OF PLAINTIFFS WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.

Defendant OCEAN DUKE CORPORATION ("Ocean Duke") hereby responds to the allegations contained in Plaintiffs' Complaint (the "Complaint") as follows:

## ANSWER OF OCEAN DUKE TO GENERAL ALLEGATIONS

1.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 1 of the Complaint.

2.    With respect to the allegations of paragraph 2 of the Complaint, Ocean Duke states that it is a California corporation with its principal place of business in Torrance, California. Ocean Duke denies each and every remaining allegation contained in paragraph 2 of the Complaint.

## ANSWER OF OCEAN DUKE TO COUNT ONE

3.    Responding to Paragraph 3 of the Complaint, Ocean Duke incorporates by this reference its answers to Paragraphs 1 through 2 of the Complaint, as though fully set forth herein.

4.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and

therefore Ocean Duke denies each and every allegation of paragraph 4 of the Complaint.

5.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 5 of the Complaint.

6.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 6 of the Complaint.

7.    With respect to the allegations of paragraphs 7 and 8 of the Complaint, Ocean Duke avers that said provisions of law speak for itself.  In further response to the allegations of paragraphs 7 and 8 of the Complaint, Ocean Duke avers that it is without sufficient knowledge and information to form a belief as to the applicability of said provisions of law to the facts of this case and therefore Ocean Duke denies each and every allegation of paragraphs 7 and 8 of the Complaint.

8.    Ocean Duke denies the allegations contained in paragraph 9 of the Complaint.

9.    Ocean Duke denies the allegations contained in paragraph 10 of the Complaint.

10.    Ocean Duke denies the allegations contained in paragraph 11 of the Complaint.

11.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 12 of the Complaint.

12.    With respect to the allegations of paragraph 13 of the Complaint, Ocean Duke states that the letters attached as Exhibit "B" to the Complaint exist and speak for themselves. Ocean Duke denies each and every remaining allegation contained in paragraph 13 of the Complaint.

13.    With respect to the allegations in paragraph 14 of the Complaint, Ocean Duke states that the letters attached as Exhibit "B" to the Complaint exist and speak for themselves. Ocean Duke denies each and every remaining allegation contained in paragraph 14 of the Complaint.

14.    Ocean Duke admits the allegations contained in paragraph 15 of the Complaint.

15.    With respect to the allegations of paragraph 16 of the Complaint, Ocean Duke states that the first letter referenced in paragraph 16 of the Complaint

exists and that it speaks for itself.  Ocean Duke denies each and every remaining allegation contained in paragraph 16 of the Complaint.

16.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 17 of the Complaint.

17.    Ocean Duke states that the letter referenced in paragraph 18 of the Complaint exists and that it speaks for itself.  Ocean duke denies each and every remaining allegation contained in paragraph 18 of the Complaint.

18.    With respect to the allegations of paragraph 19 of the Complaint, Ocean Duke states that the letters attached as Exhibit "B" to the Complaint exist and speak for themselves.  Ocean Duke denies each and every remaining allegation contained in paragraph 19 of the Complaint.

19.    With respect to the allegations of paragraph 20 of the Complaint, Ocean Duke states that the letters attached as Exhibit "B" to the Complaint exist and speak for themselves.  Ocean Duke denies each and every remaining allegation contained in paragraph 20 of the Complaint.

20.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and

therefore Ocean Duke denies each and every allegation of paragraph 21 of the Complaint.

21.    Ocean Duke denies the allegations contained in paragraph 22 of the Complaint.

22.    Ocean Duke denies the allegations contained in paragraph 23 of the Complaint.

23.    Ocean Duke denies the allegations contained in paragraph 24 of the Complaint.

## ANSWER OF OCEAN DUKE TO COUNT TWO

24.    Responding to Paragraph 25 of the Complaint, Ocean Duke incorporates by this reference its answers to Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

25.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 26 of the Complaint.

26.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 27 of the Complaint.

27.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 28 of the Complaint.

28.    Ocean Duke is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 29 of the Complaint.

29.    With respect to the allegations of paragraph 30 of the Complaint, Ocean Duke avers that the records of the United States Patent and Trademark Office and Exhibit "C" of the Complaint speak for themselves.  In further response to the allegations of paragraph 30 of the Complaint, Ocean Duke avers that it is without sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore Ocean Duke denies each and every allegation of paragraph 30 of the Complaint.

30.    With respect to the allegations of paragraph 31 of the Complaint, Ocean Duke states that some of the products it imports and distributes bear the words "Cryo-Freeze."  Ocean Duke denies each and every remaining allegation contained in paragraph 31 of the Complaint.

31.    Ocean Duke denies the allegations contained in paragraph 32 of the Complaint.

32.    Ocean Duke denies the allegations contained in paragraph 33 of the Complaint.

33.    Ocean Duke denies the allegations contained in paragraph 34 of the Complaint.

34.    Ocean Duke denies the allegations contained in paragraph 35 of the Complaint.

35.    Ocean Duke denies the allegations contained in paragraph 36 of the Complaint.

36.    Ocean Duke denies the allegations contained in paragraph 37 of the Complaint.

37.    Ocean Duke denies the allegations contained in paragraph 38 of the Complaint.

38.    Ocean Duke denies the allegations contained in paragraph 39 of the Complaint.

39.    Ocean Duke denies the allegations contained in paragraph 40 of the Complaint.

40.    Ocean Duke denies the allegations contained in paragraph 41 of the Complaint.

## ANSWER OF OCEAN DUKE TO COUNT THREE

41.    Responding to Paragraph 42 of the Complaint, Ocean Duke incorporates by this reference its answers to Paragraphs 1 through 41 of the Complaint as though fully set forth herein.

42.    Ocean Duke denies the allegations contained in paragraph 43 of the Complaint.

## ANSWER OF OCEAN DUKE TO COUNT FOUR

43.    Responding to Paragraph 44 of the Complaint, Ocean Duke incorporates by this reference its answers to Paragraphs 1 through 43 of the Complaint, as though fully set forth herein.

44.    Ocean Duke denies the allegations contained in paragraph 45 of the Complaint.

## ANSWER OF OCEAN DUKE TO COUNT FIVE

45.    Responding to Paragraph 46 of the Complaint, Ocean Duke incorporates by this reference its answers to Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

46.    Ocean Duke denies the allegations contained in paragraph 47 of the Complaint.

47.    Ocean Duke denies the allegations contained in paragraph 48 of the Complaint.

48.   Ocean Duke denies the allegations contained in paragraph 49 of the Complaint.

49.   Ocean Duke denies the allegations contained in paragraph 50 of the Complaint.

## ANSWER OF OCEAN DUKE TO COUNT SIX

50.   Responding to Paragraph 51 of the Complaint, Ocean Duke incorporates by this reference its answers to Paragraphs 1 through 50 of the Complaint as though fully set forth herein.

51.   Ocean Duke denies the allegations contained in paragraph 52 of the Complaint.

52.   Ocean Duke denies the allegations contained in paragraph 53 of the Complaint.

53.   Ocean Duke denies the allegations contained in paragraph 54 of the Complaint.

54.   Ocean Duke denies each and every allegation contained in the Complaint not admitted or otherwise answered herein.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT

Without admitting any of the allegations of the Complaint, Ocean Duke alleges and avers as follows:

## FIRST AFFIRMATIVE DEFENSE

55.    The Complaint fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted against Ocean Duke.

## SECOND AFFIRMATIVE DEFENSE

56.    The Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiffs' request for compensatory and/or punitive damages.

## THIRD AFFIRMATIVE DEFENSE

57.    The Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiffs' request for costs and/or attorneys' fees.

## FOURTH AFFIRMATIVE DEFENSE

58.    The Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiffs' request for injunctive relief.

## FIFTH AFFIRMATIVE DEFENSE

59.    The Complaint and Plaintiffs' purported claims are not ripe for adjudication.

## SIXTH AFFIRMATIVE DEFENSE

60.    The subject seafood products imported by Ocean Duke were processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,322 issued December 18, 2001 to Chi-Hsing Shih and Tien-

Pao Chiu, which is totally different from that disclosed in Plaintiff William R. Kowalski's alleged patent. Accordingly, there has been no violation of Plaintiff William R. Kowalski's alleged patent.

## SEVENTH AFFIRMATIVE DEFENSE

61.    Plaintiffs' claims for relief are barred by patent invalidity including, but not limited to, lack of novelty, public use and/or the on sale bar pursuant to 35 U.S.C. § 102; obviousness pursuant to 35 U.S.C. § 103; failure to disclose best mode; and/or inadequate written description pursuant to 35 U.S.C. § 112.

## EIGHTH AFFIRMATIVE DEFENSE

62.    Plaintiffs' claims for relief are barred by lack of patentable subject matter pursuant to 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE

63.    Plaintiffs' claims for relief are barred by the existence of invalidating prior art.

## TENTH AFFIRMATIVE DEFENSE

64.    Plaintiffs' claims for relief are barred by Plaintiffs' inequitable conduct (Rule 56); file wrapper estoppel (prosecution history estoppel); equitable estoppel and laches.

## ELEVENTH AFFIRMATIVE DEFENSE

65.    Plaintiffs' claims for relief are barred by other patent misuse.

## TWELFTH AFFIRMATIVE DEFENSE

66.    Plaintiffs' claims for relief are barred by all applicable statutory bars and/or statutory defenses not otherwise set forth herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

67.    Plaintiffs' claims for relief are barred by express or implied license.

## FOURTEENTH AFFIRMATIVE DEFENSE

68.    Plaintiffs' claims for relief are barred by Plaintiffs' violation of the antitrust laws and/or violation of the Federal Trade Commission Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

69.    Plaintiffs' claims for attorneys' fees are barred because this is not an "exceptional case" pursuant to either 35 U.S.C. § 285 or § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

## SIXTEENTH AFFIRMATIVE DEFENSE

70.    Plaintiffs' claims for relief are barred by noninfringement, absence of liability for infringement, unenforceability, invalidity and all other grounds under 35 U.S.C. § 282.

## SEVENTEENTH AFFIRMATIVE DEFENSE

71.    Plaintiffs' claims for relief are barred by virtue of the fact that the subject products have been materially changed by subsequent processes and/or

because the subject product is a trivial and nonessential component part of another product pursuant to 35 U.S.C. § 271(a).

## EIGHTEENTH AFFIRMATIVE DEFENSE

72.    Plaintiffs' claims for relief are barred because Ocean Duke has not practiced the alleged patented process, Ocean Duke has not imported products which are the subject of the alleged patented process, and/or Ocean Duke lacked knowledge that a patented process other than that disclosed in U.S. Patent No. 6,331,322 was used to make the subject product imported into the U.S.

## NINETEENTH AFFIRMATIVE DEFENSE

73.    Plaintiffs' claims are barred 25 U.S.C. § 287.

## TWENTIETH AFFIRMATIVE DEFENSE

74.    The Complaint and each of Plaintiffs' claims for relief are moot.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

75.    The Complaint, and each claim for relief, is barred by the applicable statutes of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

76.    Plaintiffs are precluded from asserting any rights alleged in the Complaint by the doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

77.    Plaintiffs are precluded from asserting any rights alleged in the Complaint by the doctrines of abandonment and/or waiver.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

78.    Plaintiffs are precluded from asserting any rights alleged in the Complaint by the doctrine of laches.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

79.    Plaintiffs are precluded from asserting any rights alleged in the Complaint by the doctrine of estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

80.    Plaintiffs have suffered no cognizable damage or injury as a result of the matters alleged in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

81.    Any acts, or omissions to act, by Ocean Duke were not the proximate cause of any injuries allegedly suffered by Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

82.    Plaintiffs have failed to mitigate their damages and failed to exercise due diligence in their effort, if any, to mitigate their damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

83.    Plaintiffs' voluntary conduct concerning the matters alleged in the Complaint was the actual and proximate cause of the damages alleged in the Complaint, if any, and not the purported acts or omissions of Ocean Duke.

## THIRTIETH AFFIRMATIVE DEFENSE

84.    Plaintiffs' conduct concerning the matters alleged in the Complaint constitutes carelessness, negligence, misconduct, and/or bad faith, or Plaintiffs otherwise were at fault, and the resulting injuries, if any, sustained by Plaintiffs were proximately caused and contributed to, in whole or in part, by the conduct of Plaintiffs.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

85.    Ocean Duke's conduct was justified, privileged, and affected in good faith, without malice, spite, or conscious, reckless, or negligent disregard of anyone's rights, if any, and without improper purpose or motive, maliciousness, or ill-will of any kind. Ocean Duke's conduct was within the reasonable expectations of the parties and reasonably related to Ocean Duke's legitimate business interests upon the basis of reasonable factors. Consistent with the foregoing, Ocean Duke did not directly or indirectly perform or fail to perform any acts which constitute a violation of any right, if any, of anyone, or a violation of any duty or obligation, if any, owed to anyone.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

86.    This Court lacks jurisdiction over Plaintiffs' claims (subject matter jurisdiction) and/or over Ocean Duke (in personam jurisdiction).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

87.    Ocean Duke's own house marks, logos and/or trade dress distinguishes Ocean Duke's business and products from Plaintiffs' business and products.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

88.    Any claim for pre-judgment interest is barred where such relief is not available.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

89.    Hawaii is an improper and/or inconvenient venue.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

90.    Ocean Duke relies on the defense of fair use.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

91.    No likelihood of confusion exists or will be created by Ocean Duke's activities and/or products.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

92.    Ocean Duke relies on the defense of continuous prior use.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

93.    Ocean Duke relies upon the defense of acquiescence.

## FORTIETH AFFIRMATIVE DEFENSE

94.    Hawaii state law does not afford a private party a cause of action for unfair competition.

## FORTY-FIRST AFFIRMATIVE DEFENSE

95.    Plaintiffs' state-based claims are preempted by federal law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

96.    Plaintiffs' alleged trademark is, or has become, generic.

## FORTY-THIRD AFFIRMATIVE DEFENSE

97.    Plaintiffs' alleged mark is merely descriptive.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

98.    Plaintiffs' alleged mark is not used in, nor does it have a significant impact upon, interstate or international commerce.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

99.    Plaintiffs have failed to exhaust administrative remedies.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

100.    There has been no actual confusion.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

101.   Ocean Duke has not used any mark in commerce that is likely to cause confusion or mistake as to the source, sponsorship or affiliation of any goods or services offered by Plaintiffs.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

102.   Ocean Duke has not used any false or misleading statement in commercial advertising that misrepresents the nature, characteristics, qualities or geographic origin of any advertised goods or services or of any competitive goods or services of Plaintiffs.

## FORTY-NINTH AFFIRMATIVE DEFENSE

103.   Ocean Duke relies upon all § 2 bars.

## FIFTIETH AFFIRMATIVE DEFENSE

104.   Ocean Duke has acted in good faith.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

105.   Plaintiffs are barred by the First Amendment to the United States Constitution from obtaining any of the relief they seek herein.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

106.   Plaintiffs are barred from obtaining any of the relief they seek herein because the alleged harm to Plaintiffs' commercial interests, if any, results from fair and good faith competition in the marketplace.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

107.    Plaintiffs are barred from obtaining any of the relief they seek herein because Plaintiffs have failed to establish facts sufficient to subject Ocean Duke to liability under applicable law.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

108.    Plaintiffs are barred from obtaining any of the relief they seek herein because any loss or harm sustained by Plaintiffs as a result of Ocean Duke's actions did not result from legally protected interests of Plaintiffs.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

109.    Plaintiffs are barred from obtaining any of the relief they seek herein because recognition of Plaintiffs' alleged claims will result in the imposition of an improper barrier to vigorous competition in the marketplace and will undermine a fundamental premise of the free-enterprise system.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

110.    Plaintiffs are barred from obtaining any of the relief they seek herein because the allegedly protectable interests of Plaintiffs are in the public domain and/or are standard in the relevant industry.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

111.   Plaintiffs are barred from obtaining any of the relief they seek herein by the defense of lack of requisite intent by virtue of the reasonable reliance of Ocean Duke upon the advice and/or expertise of others.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

112.   Plaintiffs are barred from obtaining any of the relief they seek herein by the defense that the acts or omissions of Ocean Duke were not a substantial factor in the causation of the damages and/or injuries allegedly suffered by Plaintiffs.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

113.   Plaintiffs are barred from obtaining any of the relief they seek herein because there has been no misappropriation of Plaintiffs' goodwill through misrepresentation relating to source.

## SIXTIETH AFFIRMATIVE DEFENSE

114.   Plaintiffs are barred from obtaining any of the relief they seek herein because Ocean Duke's actions promote rather than hinder the efficient operation of the marketplace.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

115.   Plaintiffs are barred from obtaining any of the relief they seek herein because in marketing Ocean Duke's goods, Ocean Duke has not made, and does

not make, representations relating to Ocean Duke's goods that are likely to deceive or mislead prospective purchasers to the likely commercial detriment of Plaintiffs.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

116.    Plaintiffs are barred from obtaining monetary relief herein because there has been no actual deception resulting in demonstrable pecuniary loss to Plaintiffs or demonstrable pecuniary gain to Ocean Duke.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

117.    Plaintiffs are barred from obtaining any of the relief they seek herein by the defenses identified in Rule 12 of the Federal Rules of Civil Procedure.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

118.    Plaintiffs are barred from obtaining injunctive and/or extraordinary relief because Plaintiff has not suffered irreparable harm.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

119.    Plaintiffs are barred from obtaining injunctive and/or extraordinary relief because the balancing of hardships favors Ocean Duke and not Plaintiff.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

120.    Plaintiffs are barred from obtaining any of the relief they seek herein by virtue of public policy.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

121.   Plaintiffs are barred from obtaining any of the relief they seek herein because the alleged conduct of Ocean Duke has not caused, and is not likely to cause, a diversion of trade from Plaintiffs or harm to Plaintiffs' reputation and goodwill.

WHEREFORE, Ocean Duke prays for judgment as follows:

1.     That Plaintiffs take nothing by their Complaint and that the same be dismissed with prejudice;

2.     That Ocean Duke have judgment entered in its favor;

3.     That Ocean Duke be awarded costs of suit, including attorneys' fees as allowed by law; and

4.     For such other and further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, March 4, 2004.

_____
WILLIAM G. MEYER, III
ERIK W. KVAM
TIMOTHY L. NEUFELD
JUDY L. LEE
Attorneys for Defendant
 OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | CIVIL NO. CV04-00055 DAE/BMK |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| v. | |
| OCEAN DUKE CORPORATION, | |
| Defendant. | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of DEFENDANT OCEAN

DUKE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO

PLAINTIFFS' COMPLAINT; CERTIFICATE OF SERVICE was served by

depositing the same in the U.S. Mail, postage prepaid, upon the following parties

on March 4, 2004:

242885.2

TO:    MILTON M. YASUNAGA, ESQ.
       MARTIN E. HSIA, ESQ.
       Cades Schutte LLLP
       1000 Bishop Street, Suite 1200
       Honolulu, Hawaii  96813-4216

       Attorneys for Plaintiffs
          WILLIAM R. KOWALSKI and
          HAWAII INTERNATIONAL SEAFOOD, INC.

       DATED: Honolulu, Hawaii, March 4, 2004.


                              WILLIAM G. MEYER, III
                              ERIK W. KVAM
                              TIMOTHY L. NEUFELD
                              JUDY L. LEE
                              Attorneys for Defendant
                                 OCEAN DUKE CORPORATION