IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>DECLARATION OF MILTON M. YASUNAGA |

## DECLARATION OF MILTON M. YASUNAGA

I, Milton M. Yasunaga, hereby declare:

1.     I am a partner in Cades Schutte, LLP, counsel for Hawaii International Seafood, Inc. (HISI) and William R. Kowalski (Kowalski) (jointly, Plaintiffs). I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

2.     Exhibit "1" attached hereto is a true and accurate copy of U.S. Patent 5,972,401 (Kowalski Patent).

3.     Exhibit "2" attached hereto is a true and accurate highlighted copy of a 1997 letter from the US Food and Drug Administration (FDA) banning carbon monoxide but allowing tasteless smoke as described by Kowalski.

ImanageDB:789424.3

4. Exhibit "3" attached hereto is a true and accurate highlighted copy of the September 3, 1998 letter of Richard Cano of the US Department of Commerce (USDC).

5. Exhibit "4" attached hereto is a true and accurate highlighted copy of the September 28, 1997 issue of industry publication "The NFInsider".

6. Exhibit "5" attached hereto is a true and correct highlighted copy of the September 21, 1999 list of the USDC for facilities processing their fish with the tasteless smoke process.

7. Exhibit "6" attached hereto is a true and correct copy of the checklist by John Stalker that is mentioned in the Notice of Infringement attached as exhibit 7.

8. Exhibit "7" attached hereto is a true and accurate copy of the Notice of Infringement letter that I sent to Ocean Duke on or about January 24, 2000 and a FedEx. verification indicating the Notice of Infringement was received by Ocean Duke the following day. I did not receive, and to my knowledge neither did Plaintiffs, a response from Ocean Duke claiming that the statements made by their employee Ragone were inaccurate, denying the accusations of infringement, or otherwise responding to the matters stated in the Notice of Infringement.

9. Exhibit "8" attached hereto is a true and accurate copy of Judge Ezra's Order Denying Ocean Duke's Motion for Change of Venue filed on June 7, 2004.

10. Exhibit "9" is a true and accurate marked copy of the Declaration of Roger Lin dated August 15, 2007, which was submitted by Ocean Duke in support of its Motion for Partial Summary Judgment filed on August 15, 2007.

11. Exhibit "10" attached hereto is a true and accurate copy of the cover page and pages 64, 75-76, 83-84, 155-157, and 169 of the transcript of Roger Lin's deposition, which I took on October 8, 2007.

12. Exhibit "11" attached hereto is a true and accurate copy of Defendant's Supplemental Responses To Plaintiffs' First Request For Answers To Interrogatories.

13. Exhibit "12" attached hereto is a true and accurate copy of an email string between one of Defendant's attorneys Aaron Borrowman and Roger Lin and Shelley Romero of Ocean Duke.

14. Exhibit "13" attached hereto is a true and accurate copy of the report of Wayne T. Iwaoka dated August 15, 2007 transmitted to me by Ocean Duke's counsel.

15. Exhibit "14" attached hereto is a true and accurate copy of the cover page and pages 46, and 49-50 of the transcript of Wayne Iwaoka's deposition, which I took on September 11, 2007.

16.   Exhibit "15" attached hereto is a true and accurate copy of the cover page and pages 32, 41, 43, and 46 of the transcript of Duke Lin's deposition, which I took on October 9, 2007.

17.   Exhibit "16" attached hereto is a true and accurate copy of the Claim Construction Order for the Yamaoka and Kowalski Patents, filed on October 17, 2007, in the consolidated lawsuits Civ. No. 05-00517 BMK, Civ. No. 05-00679 BMK, Civ. No. 06-00182 BMK, Civ. No. 05-00787 BMK.

18.   Exhibit "17" attached hereto is a true and accurate copy of a box of Ocean Duke's Black Tie tuna treated with "processed smoke (to promote color retention)" and a web page indicating that Black Tie and Paradise are brands of Defendant.

19.   Exhibit "18" attached hereto is a true and accurate highlighted copy of Ahold U.S.A.'s specifications for tasteless cold smoked (wood origin) processed tuna made with "natural tasteless wood smoke to maintain fresh-like taste and color."

20.   Exhibit "19" attached hereto is a true and accurate copy of a composite made up of Ocean Duke's Paradise Cryo-Freeze Tuna Steak name that appeared on the package of fish to which retailer Giant supermarket affixed its price label which states "PROCESSED WITH TASTELESS SMOKE (ADDED AS A PRESERVATIVE TO PROMOTE COLOR RETENTION)."

21. Exhibit "20" attached hereto is a true and accurate copy of the report and CV of Joseph A. Maga, Ph.D., and a cover email transmitting it to Defendant's counsel on the deadline for that responsive report.

22. Exhibit "21" attached hereto is a true and accurate copy of Exhibit "A" submitted with Errata Re Exhibit "A" to Reply Memorandum In Support of Cross-Motion for Claim Construction and Supplemental Motion for Claim Construction filed on November 13, 2007, which summarizes Plaintiffs' proposed (and unopposed) construction of Claims 1, 33, 67-69 of the Kowalski Patent.

23. Exhibit "22" attached hereto is a true and correct copy of the Declaration of Roger Lin dated March 1, 2004, submitted in support of Ocean Duke's Motion for Change of Venue filed on March 4, 2004.

24. Exhibit "23" attached hereto is a true and accurate marked copy of the Declaration of Roger Lin, dated May 19, 2004, which was submitted by Ocean Duke with its Reply Memorandum in Support of the Change of Venue filed on May 21, 2004.

25. Exhibit "24" attached hereto is a true and correct marked copy of Ahold U.S.A.'s list of its member companies indicating the Giant supermarkets are members.

26. Exhibit "25" attached hereto is a true and correct copy of a document produced by Ocean Duke in discovery, which purports to be the English

Translation of a Power Point presentation by Defendant's supplier allegedly describing a process for treating fish and Power Point slides of the supplier's carbon monoxide generator equipment.

27. Exhibit "26" attached hereto is a true and correct copy of a document produced by Ocean Duke in discovery, which purports to be summarize Ocean Duke's annual sales of treated fish for the years 1999 to 2005.

28. Exhibit "27" attached hereto is a true and correct copy of the cover page and selected pages of Dr. Joseph Maga's book Smoke in Food Processing (1988).

29. Exhibit "28" attached hereto is a true and correct highlighted copy of U.S. Patent 5,501,234.

30. Exhibit "29" attached hereto is a true and correct copy of the Court's October 25, 2006 Stipulated Order Compelling Discovery From Defendant Ocean Duke Corporation.

31. Exhibit "30" attached hereto is a true and correct copy of the cover page and pages 199, 201, 205, 206 of the transcript (preliminary) of William R. Kowalski's deposition taken on November 2, 2007.

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, November 13, 2007.

_____
MILTON M. YASUNAGA