IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> DECLARATION OF MILTON M. YASUNAGA IN SUPPORT OF MOTION IN LIMINE # 3 |

**DECLARATION OF MILTON M. YASUNAGA IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE # 3**

MILTON M. YASUNAGA, hereby declares:

1. I am a partner in Cades Schutte, LLP, counsel for Hawaii International Seafood, Inc. (HISI) and William R. Kowalski (Kowalski) (jointly, Plaintiffs). I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

2. Plaintiffs move the Court, *in limine*, for an Order excluding as a trial witness damage expert Michael T. McEnerney and any other damage **or other type of** expert for Ocean Duke Corp. whose opinions and written report and papers were not produced, and excluding their opinions, reports, papers and things

ImanageDB:786310.4

because of failure to meet the court-ordered deadline for expert witness opinions and reports, and failure to answer interrogatories and document requests about damages, trial exhibits, expert reports/papers, in violation of the discovery rules and the Court's order compelling discovery, and undue prejudice to Plaintiffs that would occur if the motion is not granted.

3. Exhibit D attached hereto is a true and accurate copy of the Stipulation To Extend Deadlines For Disclosure Of Expert Witnesses filed June 4, 2007 (the "Experts Deadline Order"). Plaintiffs' damage expert David Francom was disclosed and his damage report was produced to Ocean Duke's counsel on July 16, 2007 in accordance with that order. Ocean Duke's rebuttal damage expert's report was therefore due, according to that order, on August 15, 2007, but Ocean Duke failed to produce any damage expert report by that date. All Ocean Duke sent on the August 15 due date was an "Expert Witness Disclosure" (true and accurate copy attached as Exhibit E) which merely named Michael McEnerney as a damage expert and promised to disclose his report in the future, but no report has been produced to Plaintiffs, even as of today.

4. Ocean Duke's failure to provide its damage information/position also constituted a failure to properly respond to interrogatories and requests for production of documents, in violation of the normal discovery rules but, even worse, in violation of the Court's October 25, 2006 Stipulated Order Compelling

Discovery From Ocean Duke Corporation ("Order Compelling Discovery"), a true and accurate copy of which is attached as Exhibit A.

5. Exhibit B is a true and accurate copy of Ocean Duke's Supplemental Responses To Plaintiffs' First Request For Answers to Interrogatories Dated October 15, 2004. It shows Interrogatory No. 4 stated:

> INTERROGATORY NO. 4: Assuming liability can be proven, state all facts, contentions, and theories that relate to Ocean Duke's position as to damages Ocean Duke may owe (including specifically stating: for any reasonable royalty theory, all products and processes constituting the royalty base, the royalty rate applied to each such product and process, Ocean Duke's contentions on any factor relevant to a hypothetical negotiation, any other factor that Ocean Duke contends supports a reasonable royalty calculation, and the amount of damages; for any theory other than reasonable royalty, the method of calculation, all products and processes of Ocean Duke or any other entity relevant to such calculation, the revenue or other base for each such product and process, the profit margin or other rate applied in Ocean Duke's calculation, any other factor that Ocean Duke contends supports the calculation, and the amount of damages; if Ocean Duke contends that lost profits are not awardable, set forth in detail the basis for such contentions; set forth in detail all bases for contesting that such infringement by Ocean Duke is willful; for any theory of pre-judgment and post-judgment interest, the interest rate, the basis for selecting such rate, the method of calculating the interest, and the amount of interest).

Ocean Duke provided no information at all, responding merely as follows:

> RESPONSE TO INTERROGATORY NO. 4:
>
> Objection. Vague and ambiguous, compound, attorney-work product; improper hypothetical. Ocean Duke Corporation alleges in response to this Interrogatory that liability cannot be proven; hence any position it may take on damages at this point in the litigation would be hypothetical, speculative, and covered by attorney-client privilege and work product.

Ocean Duke to date has never supplemented its response to Interrogatory 4, despite the fact that the Order Compelling Discovery from Ocean Duke ordered that "4. Defendant is further reminded of its duty to timely supplement any discovery response pursuant to Rule 26e." and "5. Appropriate sanctions will be imposed by the Court in the event of non-compliance."

6. Exhibit C is a true and accurate copy of Plaintiffs' First Request For Production Of Documents And Things, which contains numerous requests that cover a damage expert's report and other papers, such as:

> 1. All documents relating to any of the matters referred to in any of the interrogatories … in this litigation or the responses thereto ….
>
> 7. All documents relating to Ocean Duke's positions as to damages … including any documents relating to any of the following details: [same things set out in Interrogatory 4].
>
> 18. All documents relating to, sent to, or received from your expert witnesses in this case, or which your expert saw, reviewed, obtained, possessed, received, or created in connection with this case or the '401 patent, or which contain any opinions such experts have formed regarding this case.
>
> 52. All documents relating to any statements of witnesses that Ocean Duke intends to or may call to testify at trial and all documents constituting or relating to exhibits which Ocean Duke intends to or may introduce at trial.

These requests cover an expert's report and supporting or related papers and things, and they were never produced, in violation of the discovery rules and the Order Compelling Discovery from Ocean Duke.

7. Great prejudice will occur to Plaintiffs if Ocean Duke is allowed to flout the discovery rules, the scheduling order regarding expert report deadlines, and the Order Compelling Discovery from Ocean Duke (which was issued because of Ocean Duke's extremely dilatory behavior in discovery) – Plaintiffs will either suffer trial by ambush or be prejudiced by increased costs which they can ill afford if this trial is continued. Continuing the trial to allow Defendant to make this litigation even more expensive for Plaintiffs would unfairly prejudice Plaintiffs because Plaintiffs have already made arrangements for their out-of-state witnesses (including two experts) to travel to Hawaii for the trial based on a December 4, 2007 start date. These witnesses have also refrained from taking on any other work engagements to be available for trial beginning on December 4, 2007.

8. Dr. Iwaoka is the only Ocean Duke expert whose report and papers were produced in a timely fashion, so all other experts and their opinions and papers should be excluded for the above reasons. See Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105-06 (9th Cir. 2001) (district court properly excluded expert witness testimony where expert's report was produced 28 days prior to trial despite that exclusion of expert's testimony would have made it almost impossible for defendant to rebut plaintiff's damage calculation); Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1063 (9th Cir. 2004) ("If Wong had been permitted to disregard the deadline for identifying expert witnesses, the rest

of the schedule laid out by the court months in advance [in its status conference order], and understood by the parties, would have to have been altered as well. **Disruption to the schedule of the court and other parties in that manner is not harmless.**") (emphasis added), see id. (noting that "Courts have upheld the use of the sanction [under Fed. R. Civ. P. 37(c)(1)] even when a litigant's entire cause of action or defense has been precluded."), Quevedo v. Trans-Pac. Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998); see also Fed. R. Civ. P. 37 (c)(1).

9. Therefore, the Court should grant this motion, and exclude as a trial witness damage expert Michael T. McEnerney and any other damage **or other type of** expert for Ocean Duke Corp. whose opinions and written report and papers were not produced, and excluding their opinions, reports, papers and things because of failure to meet the court-ordered deadline for expert witness opinions and reports, and failure to answer interrogatories and document requests about damages, trial exhibits, expert reports/papers, in violation of the discovery rules and the Court's order compelling discovery, and undue prejudice to Plaintiffs that would occur if the motion is not granted.

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, November 13, 2007.

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA