LOUISE K. Y. ING   2394-0
ALLISON GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Emails: ling@ahfi.com
        agriffiths@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
PAUL S. MARKS (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street. Suite 703
Los Angeles, California 90012
Telephone: (213) 625-2625
Facsimile: (213) 625-2650
Email: tneufeld@neufeldlawgroup.com
       pmarks@neufeldlawgroup.com

Attorneys for Defendant
OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. CV 04-00055 BMK <br><br> **DEFENDANT OCEAN DUKE CORPORATION'S PRETRIAL STATEMENT**; EXHIBITS A AND B; CERTIFICATE OF SERVICE |

659,860 / 8827-1

Exhibit G

# DEFENDANT OCEAN DUKE CORPORATION'S PRETRIAL STATEMENT

(a) *Party Filing Pre-Trial Statement.*

Ocean Duke Corporation.

(b) *Jurisdiction and Venue.*

Jurisdiction is based on federal question and diversity. Ocean Duke Corporation does not dispute jurisdiction or venue.

(c) *Substance of Action.*

Plaintiffs allege patent infringement and trademark infringement. However, the subject seafood products imported by Ocean Duke were processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,322 (the "Shih Patent"), which patent's disclosure and teachings are totally different from those disclosed in the '401 patent. Accordingly, there has been no violation. Ocean Duke Corporation's other defenses include non-infringement, invalidity, and lack of willful conduct, including many standard affirmative defenses as stated in the answer on file in this action.

(d) *Undisputed Facts.*

Ocean Duke does not dispute plaintiffs' ownership of the '401 patent and rights in the trademark CRYO-FRESH.

(e) *Disputed Factual Issues.*

In general, Ocean Duke Corporation asserts that the following categories of factual matter are in dispute in this case:

1. Construction of the claims of the '401 patent.
2. Infringement of the claims of the '401 patent.
3. Infringement of the trademark CRYO-FRESH.
4. Patent invalidity and misuse.
5. Level of damages.
6. Willfulness of defendant's conduct.

(f) *Relief prayed.*

Ocean Duke Corporation requests entry of a defense judgment in its favor.

(g) *Points of Law.*

Ocean Duke Corporation maintains that plaintiffs' claims for relief are barred by patent invalidity including, but not limited to, lack of utility pursuant to 35 U.S.C. § 101; lack of novelty and public use pursuant to 35 U.S.C. § 102; obviousness pursuant to 35 U.S.C. § 103; lack of enablement, failure to disclose best mode; and/or inadequate written description pursuant to 35 U.S.C. § 112. Plaintiffs' claims for relief are also barred by the existence of invalidating prior art, and other patent misuse. Attorneys' fees are barred because this is not an "exceptional case" pursuant to either 35 U.S.C. § 285 or § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

Plaintiffs' patent claims are barred by noninfringement, absence of liability for infringement, unenforceability, invalidity and all other grounds under 35 U.S.C. § 282. Further, plaintiffs' claims are barred by virtue of the fact that the subject products have been materially changed by subsequent processes and/or because the subject product is a trivial and nonessential component part of another product pursuant to 35 U.S.C. § 271(a). Overall, plaintiffs' claims for relief are barred because Ocean Duke Corporation has not practiced the alleged patented process, Ocean Duke Corporation has not imported products which are the subject of the alleged patented process, and Ocean Duke Corporation lacked and still lacks knowledge that a patented process other than that disclosed in U.S. Patent No. 6,331,322 was used to make the subject product imported into the United States.

(h) *Previous Motions.*

Ocean Duke Corporation moved for change of venue to California, and the motion was denied. Plaintiffs moved to compel the depositions of the executives of Ocean Duke Corporation in Hawaii on shortened notice, and that motion was denied. Pending motions are Ocean Duke Corporation's motions for trifurcation and summary judgment, and plaintiffs' motion for claim construction.

(i) *Witnesses to be Called.*

Ocean Duke Corporation's Witness List, based on discovery and investigation to date, is attached hereto as Exhibit A.

659,860 / 8827-1    4

(j)     *Exhibits, Schedules, and Summaries.*

Ocean Duke's Exhibit List, based on discovery and investigation to date, is attached hereto as Exhibit B.

(k)     *Further Discovery or Motions.*

From the perspective of Ocean Duke Corporation, the additional discovery that needs to be completed before trial is as follows:

1.     Deposition and supplemental document production from plaintiff William Kowalski.

2.     Deposition and supplemental document production from plaintiff Hawaii International Seafood, Inc.

3.     Deposition and document production from Plaintiffs' expert Joseph A. Maga.

4.     Depositions and document production from persons with knowledge of the actual practice, use and operability of the process taught by the Kowalski patent.

5.     Depositions and document production from persons with knowledge of the process actually employed by Plaintiffs' licensees, processors and suppliers for producing the substance used to treat fish for color-retention.

6.     Depositions and document production from persons with knowledge of the process actually employed by Plaintiffs' licensees, processors and suppliers for treating fish for color-retention.

7. Depositions and document production from persons with knowledge of the lack of confusion, mistake or deception arising from the use of the terms CRYO-FRESH and CRYO-FREEZE.

(l) *Stipulations.*

Ocean Duke Corporation has experienced trial counsel who understand the obligation to try cases as efficiently as practicable, and who are practiced in the streamlined conduct of jury and bench trials. Counsel anticipate entering into a number of stipulations with plaintiffs' counsel, to advance the goal of an efficient, streamlined trial. At this point, counsel would anticipate, subject to court approval, stipulating to standard evidentiary orders *in limine* relating to the exclusion of evidence of (for example) settlement discussions, insurance or lack thereof, non-relevant financial condition of the parties, and the like. Further, counsel would anticipate agreements, subject to court approval, relating to cross-examination beyond the scope of direct examination, in order to minimize the re-calling of witnesses who have already testified. Counsel further anticipates discussing and agreeing, if appropriate, to sharing expenses and equipment costs for trial technology, such as video and electronic graphical presentation of real and demonstrative evidence.

(m) *Amendments, Dismissals.*

None.

(n)     *Settlement Discussions.*

This is a case that should settle, and Ocean Duke Corporation was fully prepared at the recent settlement conference to engage in meaningful settlement exchanges. However, in the view of Ocean Duke Corporation, plaintiffs were unwilling to reasonably assess the strengths and weaknesses of their case at the settlement conference, and no progress was made. Ocean Duke Corporation remains willing to engage in settlement discussions and exchanges of reasonable offers and demands, and urges that a settlement conference be scheduled for a date before or after the court's rulings on the claim construction motions set for November 16, 2007.

(o)     *Agreed Statement.*

Ocean Duke Corporation believes this is not feasible due to plaintiffs' demand for a jury trial.

(p)     *Bifurcation/Separate Trial.*

This issue will be resolved via separate motion brought by Ocean Duke Corporation. In addition, to the extent plaintiffs may be seeking exemplary damages, defendant will request a separate trial on that issue.

(q)     *Reference to Master/Magistrate Judge.*

The parties have already stipulated to trial before this court.

(r)  *Appointment of Expert Witnesses.*

Ocean Duke Corporation does not believe a court-appointed expert is necessary.

(s)  *Trial.*

Trial is set for December 4, 2007.  Ocean Duke Corporation believes that that trial date is not workable, and anticipates bringing a motion to continue the trial for a brief period in order to more efficiently bring this case to conclusion.  Ocean Duke Corporation would welcome the opportunity to discuss alternative trial dates at the Pre-Trial Conference.

(t)  *Trial Time Estimate.*

If trial is to be by jury, Ocean Duke Corporation estimates a minimum of seven days for trial.

(u)  *Privilege/Work Product Claims.*

Many of the documents produced in this case and much of the testimony is subject to "attorney's eyes only" confidentiality protections.  This issue will have to be dealt with at trial.

(v)  *Miscellaneous.*

None.

DATED: Honolulu, Hawaii, October 16, 2007.

/s/ Louise K. Y. Ing
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION

## EXHIBIT A

Ocean Duke Corporation herewith submits its trial witness list to accompany the Pre-Trial Statement, in accordance with L.R. 16.6.

Ocean Duke Corporation hereby counter-designates each and every witness listed by plaintiffs as trial witnesses for Ocean Duke Corporation, on the same subject matter as designated by plaintiffs.

Ocean Duke intends to supplement this list as permitted or required by Local Rules or as necessitated by discovery and investigation,

1. <u>Roger Lin</u>

Mr. Lin is expected to testify about the business of Ocean Duke and Ocean Duke's finances, the damages purportedly suffered by plaintiffs, and the company's defenses to the charges of patent and trademark infringement. Mr. Lin is also expected to testify about the importation of seafood from Ocean Duke's suppliers and the processes used to treat that seafood. Further, Mr. Lin will rebut, where appropriate, the testimony of any witness on said subject matters as disclosed by plaintiffs.

2. <u>Duke Lin</u>

Mr. Lin is expected to testify about the business of Ocean Duke and Ocean Duke's finances, the damages purportedly suffered by plaintiffs, and the company's defenses to the charges of patent and trademark infringement. Mr. Lin is also

expected to testify about testify about the importation of seafood from Ocean Duke's suppliers and the processes used to treat that seafood. Further, Mr. Lin will rebut, where appropriate, the testimony of any witness on said subject matters as disclosed by plaintiffs.

3.  Alice Lin

Ms. Lin is expected to testify about Ocean Duke's business, finances, and the damages purportedly suffered by plaintiffs.

4.  Professor Wayne T. Iwaoka

The general subject matter of Prof. Iwaoka's expert testimony shall be a comparison of and the differences relating to the processes and methods of the Kowalski and Shih patents. Professor Iwaoka will rebut, where appropriate, the testimony of any expert witness on said subject matters disclosed by plaintiffs.

5.  Michael T. McEnerney

The general subject matter of Mr. McEnerney's expert testimony shall be the damages purportedly suffered by plaintiffs in this litigation, and a rebuttal of the opinions expressed by any witness designated by plaintiffs hereto.

6.  Mr. Steven Chih-Hsing Shih

Mr. Shih is expected to testify about the patented process he developed and how that process is used in his business, and will discuss the differences between the Shih patent and the Kowalski patent.

7.   <u>Charles Cardile</u>

Mr. Cardile is expected to testify about the processes used for the treatment of seafood imported by Ocean Duke Corporation from Bali, and the comparison of those processes with the processes described in the Kowalski patent.

# **EXHIBIT B**

Ocean Duke Corporation herewith submits its trial exhibit list to accompany the Pre-Trial Statement, in accordance with L.R. 16.6.

Ocean Duke Corporation hereby counter-designates each and every exhibit listed by plaintiffs as trial exhibits for Ocean Duke Corporation.

Ocean Duke intends to supplement this list as permitted or required by Local Rules or as necessitated by further discovery and investigation.

| No. | Description | Substance/Purpose | Witness |
|---|---|---|---|
| 1 | Kowalski Patent | Alleged infringement | Kowalski |
| 2 | Shih Patent | Seafood processing | Shih, Lin, Cardile |
| 3 | Kowalski/Shih patent history | Invalidity and misuse | Kowalski, Iwaoka |
| 4 | Videos of seafood processing | Non-infringement | Shih, Cardile |
| 5 | Photos of seafood processing | Non-infringement | Shih, Cardile, Lin |
| 6 | Diagrams of seafood process | Non-infringement | Shih, Cardile, Lin |
| 7 | Demonstrative exhibits | Non-infringement | Lin, Iwaoka |
| 8 | Kowalski financials | Damages | Kowalski, McEnerney |
| 9 | Ocean Duke financials | Damages | Lin, McEnerney |
| 10 | Demonstrative exhibits | Damages | Lin, McEnerney |
| 11 | Patent opinion | Lack of willfulness | Lin, Iwaoka |
| 12 | Importation documents | Non-infringement | Lin |

| 13 | Government documents | Non-infringement | Lin, Cardile, Iwaoka |
| 14 | Seafood packaging | Non-infringement | Lin, Cardile |
| 15 | Secondary sources | Non-infringement | Iwaoka |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the dates and methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | | |
|---|---|---|
| Milton M. Yasunaga<br>Attorney for Plaintiffs | myasunaga@cades.com | October 16, 2007 |

DATED: Honolulu, Hawai`i, October 16, 2007.

/s/ Louise K. Y. Ing
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION