IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.    INTRODUCTION**

Plaintiffs WILLIAM R. KOWALSKI (*"Kowalski"*) and HAWAII INTERNATIONAL SEAFOOD, INC. (*"HISI"*) move the Court, *in limine*, for an Order precluding Defendant OCEAN DUKE CORPORATION (*"Ocean Duke"*) from presenting at trial any evidence (including exhibits and witnesses) that was not produced or identified by Ocean Duke by the applicable deadlines (the *"Motion"*).

**II.    RELEVANT FACTUAL BACKGROUND**

On or about October 15, 2004, Plaintiffs served their First Request for Production of Documents and Things (*"Plaintiffs' 1ˢᵗ RPOD"*). Plaintiffs' 1ˢᵗ

RPOD cover numerous categories of documents (broadly defined) including, among others, requests for:

> 3.    All documents relating to any of Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses in this litigation, or the identifies of the persons with knowledge of the above information and the substance of the knowledge of each person.
>
> 4.    All documents relating to the treatment or processing of fish Ocean Duke sold and/or sells in the U.S. that was or is treated or processed with smoke or carbon monoxide for color retention or enhancement . . . ."
>
> . . . .
>
> 14.    All documents relating to PT Initisamudera Citra Perkasa  . . . and . . . (2) relating to the '401 patent, Kowalski, HISI, prior art relevant to the '401 patent, tasteless smoke, carbon monoxide, . . . fish treated with or the treatment of fish with smoke or carbon monoxide for color retention or enhancement . . . .

See Ex. "A" ("*Plaintiffs' 1st RPOD*").

Plaintiffs' Second Request for Production of Documents and Things ("*Plaintiffs' 2nd RPOD*"), served on or about October 26, 2004 requested, among other documents:

> 2.    All documents concerning U.S. Patent 6,331,322 [Shih Patent], any products made or allegedly made with the process described in U.S. Patent 6,331,322, any supplies or equipment or materials involved in U.S. Patent 6,331,322, the design or research or conception or development or reduction to practice or commercialization of the process in U.S. Patent 6,331,322 or products produced by such process, the process involved in U.S. Patent 6,331,322, the preparation and/or prosecution and/or application for and/or obtaining of U.S. Patent 6,331,322, licensing under U.S. Patent 6,331,322, enforcement of U.S. Patent 6,331,322, communications regarding U.S. Patent 6,331,322, descriptions of U.S. Patent

6,331,322, or the interpretation of any claim or any claim term of U.S. Patent 6,331,322.

Ex. "B" (Plts' 2nd RPOD).

Plaintiffs also asked Ocean Duke in its First Request for Answers to Interrogatories ("**Plaintiffs' First RAI**") to identify those persons with knowledge (and to state the substance of that knowledge) of, among other things, the following:

> the treatment or processing of fish Ocean Duke sold and/or sells in the U.S. that was treated or processed with smoke or carbon monoxide for color retention or enhancement . . .

> all reasons, facts, references, prior art, documents . . . relating to Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses

Ex. "C" (Def.'s Suppl. Response to Plt.'s 1st RAI) at Interrog. Nos. 1 and 2. With the exception of Steven Shih and Roger Lin, no other person was identified by Ocean Duke in response to Plaintiffs' above-cited interrogatory requests. See id.

On October 25, 2006, the Court entered a Stipulated Order Compelling Discovery From Defendant Ocean Duke Corporation. Among other things, the Order specifically stated:

> 1. Ocean Duke shall provide Plaintiffs with full and substantive written responses to Plaintiffs' First Request for answers to Interrogatories by no later than July 5, 2006.[1]

---

[1] The due dates for Ocean duke to provide its "full and substantive written responses" to the interrogatories, as well as produce responsive documents, fell

2. Ocean Duke shall produce to Plaintiffs in Honolulu all responsive non-privileged documents requested in Plaintiffs' First Request for Production of Documents and Things and Plaintiffs' Second Request for Production of Document and Things an by no later than July 12, 2006. To the extent that the Defendant asserts or withholds any documents based on privilege, it is to prepare a privilege log which identifies any withheld documents and states the privilege claimed or asserted b Defendant to apply to such withheld documents.

3. Defendant shall also serve amended written responses to the discovery requests which are the subject to this stipulated order. The written response or answer presented by the Defendant shall respond directly to each of the discovery requests which are the subject of this stipulated order. In that answer or response, the Defendant shall identify those documents which have been produced which are responsive to a particular discovery request.

4. Defendant is further reminded of its duty to timely supplement any discovery response pursuant to Rule 26e.

5. Appropriate sanctions will be imposed by the Court in the event of non-compliance with this order.

Ex. "D" (Stip. Order Compelling).

The discovery cut-off lapsed on October 5, 2007. See Exhibit "A" (Am. Rule 16 Scheduling Order) at 3. The deadline to premark for identification all exhibits and exchange, or when appropriate, make available for inspection all exhibits to be offered, other than for impeachment or rebuttal, was November 6, 2007. See id. at 5-6. However, some of the exhibits identified on Ocean Duke's

---

earlier than the date of the order because, although the due dates had been established before July 2006, there was a delay in getting the order filed.

tardy exhibit list were (1) not produced by the July 12, 2006 deadline as required by the Stip. Order Compelling, even worse yet (2) not produced by the October 5, 2007 discovery cut-off, and most egregious (3) not even produced by the deadline to exchange exhibits on November 6, 2007 (e.g., Exs. 5, 7, 63, 64, and 65) . See Yasunaga Decl. ¶ 3.

For the reasons discussed below, Ocean Duke should be precluded from introducing at trial all evidence (witnesses and exhibits) that were not disclosed by the applicable deadline.

## III.    ARGUMENT

Federal Rule of Civil Procedure ("*FRCP*") 26(e) requires supplementation of discovery responses. Rule 26(e)(2), FRCP, provides in relevant part:

> (e)  Supplementation of Disclosures and Responses.  A party who has . . . responded to a request for discovery with a . . . response is under a duty to supplement or correct the  . . . response to include information thereafter acquired . . . in the following circumstances:
>
> . . . .
>
> (2)    A party is under a duty seasonably to amend a prior response to an interrogatory, request for production . . .  if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2).

Failure to comply with Rule 26(e) is sanctionable under FRCP Rule 37(c), which provides in relevant part:

**(c) Failure to Disclose. . . .**

(1)    A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), **is not**, unless such failure is harmless, **permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. . . .**

Fed. R. Civ. P. 37(c)(1).    The purpose of Rule 37(c)(1) is to prevent "sandbagging." See Ventra v. United States, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000); see also Weiland v. Linear Const., Ltd., No. 00 C 6172, 2002 WL 31307622 *1, *2 (N.D. Ill. Oct. 15, 2002) ("The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery."). Rule 37(c)(1) "requires the near automatic exclusion of Rule 26 information that is not timely disclosed." Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20-21 (1st Cir. 2001) (describing Rule 37(c)(1) as "self-executing").

To the extent that Ocean Duke intended to rely on any evidence, including witnesses and exhibits, it was required to identify or produce them by the applicable date set forth in the Stipulated Order Compelling (July 5, 2006 and July 12, 2006), or if it had a good excuse for not doing so by that date, it was required to supplement its production prior to the October 5, 2007 discovery cut-off. See Fed. R. Civ. P. 37(c)(1) and 26(e)(2). The Court specifically reminded Ocean Duke of its responsibility to supplement under Rule 26 in the Stipulated Order

Compelling. <u>See</u> Ex. "C" (Stip. Order Compelling).

Exclusion is the appropriate sanction because Plaintiffs will be prejudiced if (1) Ocean Duke is allowed to ambush Plaintiffs with the belatedly identified witnesses and undisclosed exhibits at trial or (2) trial is delayed to allow Plaintiffs additional time to conduct discovery and prepare. As to the first point, Plaintiffs have not had an opportunity to properly examine the exhibits, depose relevant witnesses, incorporate the information into its trial strategy, or otherwise prepare for trial. <u>See</u> <u>Payne v. Exxon Corp.</u>, 121 F.3d 503, 508 (9th Cir. 1997) ("**Last minute tender of documents does not cure the prejudice to opponents** nor does it restore to other litigants on a crowded docket the opportunity to use the courts. . . . . Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. Exxon and VECO were therefore **deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy.**") (emphasis added).

With respect to the second point, a delay in the trial will be prejudicial because Plaintiffs have already made arrangements for their witnesses to travel from out of the state to attend the trial and have scheduled their arrival and departure times based on a December 4 trial start-date and have caused those witnesses (two of which are experts) to reserve and not to book other work for that

period.  See Yasunaga Decl. ¶ 2.  Ocean Duke's counsel has indicated an interest in taking advantage of Plaintiffs' relative lack of financial strength, and continuing the trial/reopening the deadlines would unfairly make this litigation even more expensive for Plaintiffs.  See id.; cf. Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1063 (9th Cir. 2004) ("If Wong had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance [in its status conference order], and understood by the parties, would have to have been altered as well. **Disruption to the schedule of the court and other parties in that manner is not harmless.**") (emphasis added).

It is also significant that Ocean Duke was specifically ordered to produce documents responsive to Plaintiffs' 1st and 2nd RPOD and to provide substantive responses to Plaintiffs' 1st RAI, and reminded of their duty to supplement under Rule 26(e), but failed to do so and even failed to meet the November 6, 2007 deadline to exchange exhibits.  See Ex. "D" (Stip. Order Compelling).

Under these circumstances, exclusion of the untimely disclosed exhibits and witnesses is warranted under FRCP 37(c).  See Wachtel v. Health Net, Inc., 239 F.R.D. 81, 104-05 (D.N.J. 2006) (striking exhibits under Rule 37(c)(1)), Baden Sports, Inc. v. Kabushiki Kaisha Molten, No. C06-210MJP, 2007 WL 2285857 *1 (W.D. Wash. Aug. 2, 2007) ("Defendants did not identify Mr. Barker as a witness until July 9, more than three months after the close of discovery, and less than

thirty days before the start of trial. . . . . But even if Defendants did not realize until May 23 that they needed a witness to testify regarding ordinary skill, they offer no explanation for the delay between May 23rd and July 9th, when they finally disclosed Mr. Barker.    This delay is inexcusable and prejudicial to Baden. Defendants may not call Mr. Barker at trial.  *See* Fed. R. Civ. P. 37(c).").

Exclusion of the untimely disclosed witnesses and exhibits is also appropriate as sanction for Ocean Duke's failure to supplement its production under Plaintiffs' 1st and 2nd RPOD, as ordered by the Court in its October 25, 2006 Stipulated Order Compelling Discovery From Ocean Duke Corporation.

## IV.    CONCLUSION

For the foregoing reasons, the Motion should be granted.

DATED:  Honolulu, Hawaii, November 13, 2007.

CADES SCHUTTE LLP


/s/ Allison Mizuo Lee
MILTON M. YASUNAGA
MARTIN E. HSIA
ALLISON MIZUO LEE
Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and HAWAII
INTERNATIONAL SEAFOOD, INC.