CADES SCHUTTE LLP

MILTON M. YASUNAGA   3058-0
MARTIN E. HSIA        2954-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL
SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 DAE-BMK <br><br> PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS |
|---|---|

PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF
<u>DOCUMENTS AND THINGS</u>

Pursuant to Fed. R. Civ. P. 34, Plaintiffs WILLIAM R. KOWALSKI and

HAWAII INTERNATIONAL SEAFOOD, INC., by their attorneys, hereby request

ImanageDB:559082.1                    Exhibit B

that Defendant produce the following documents and things for inspection and copying by November 26, 2004 at 9:00 a.m. at the offices of Cades Schutte LLP, Honolulu, Hawaii 96813, in accordance with the Definitions and Instructions attached to these Requests.

## Definitions

A.  "Ocean Duke", "Defendant", "YOU" or "YOUR" (regardless of use or non-use of capital letters) means OCEAN DUKE CORPORATION and any of its subsidiaries, divisions, departments, predecessors or successors, subsidiaries, parents and affiliates, including, but not limited to, any past or present directors, officers, agents, employees, contractors, consultants, attorneys, and others acting on behalf of or controlled by OCEAN DUKE CORPORATION.

B.  "Kowalski" (regardless of use or non-use of capital letters) means William R. Kowalski, and any agents, employees, contractors, consultants, attorneys, and others acting on behalf of or controlled by William R. Kowalski.

C.  "HISI" means Hawaii International Seafood, Inc., and any of its subsidiaries, divisions, departments, predecessors or successors, subsidiaries, parents and affiliates, including, but not limited to, any past or present directors, officers, agents, employees, contractors, consultants, attorneys, and others acting on behalf of or controlled by Hawaii International Seafood, Inc.

D. "'401 patent" (regardless of use or non-use of capital letters) refers to United States Patent No. 5,972,401, the patent-at-issue.

E. "Document" (regardless of use or non-use of capital letters) means all matter within the scope of Fed. R. Civ. P. 34, and includes without limitation things, correspondence, records, reports, memoranda, notes, e-mails, letters, telegrams, telexes, messages (including without limitation reports of telephone conversations and conferences), studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, minutes, or other communications (including without limitation inter-office and intra-office communications), tangible things, objects, models, questionnaires, surveys, contracts, memoranda of agreement, assignments, books of account, orders, working papers, records of summaries or negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, patents, patent applications, certificates of registration, applications for registration, graphs, charts, studies, plans and planning materials, statistical statements, notebooks, data sheets, microfilm, microfiche, photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, photographs, microscopically obtained photographs, test results, belts, tapes, magnetic tapes, paper tapes, plotter output recordings, discs, data cards, films, data

processing films and other computer readable records or programs, object codes, source codes, and all other written, printed or recorded matter of any kind, and all other data compilations from which information can be obtained, and translated if necessary, and all originals (or, if originals are not available, identical copies thereof), drafts and non-identical copies thereof. If the original of a document is not available or was not reviewed or received by a particular person, "document" includes any identical copy of the original. Any document bearing any marks, including without limitation initials, stamped indicia, comments or notations not a part of the original text or photographic reproduction thereof is a separate document. English translations of all documents should be produced to the extent they exist.

    F.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

    G.    Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender, and singular or plural, as in each case is most appropriate.

    H.    The term "including" means including but not limited to.

    I.    The term "each" means each and every (regardless of use or non-use of capital letters).

    J.    The term "person" (regardless of use or non-use of capital letters) refers to natural persons, corporations, firms, proprietorships, partnerships, trusts,

joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, department and units thereof.

K.   The term "prior art" (regardless of use or non-use of capital letters) shall be construed in accordance with its generally accepted meaning as applied under 35 U.S.C. Sections 102 and 103.

L.   The terms "relating to" or "relate to" or "related to" (regardless of use or non-use of capital letters) means comprising, relating to, referring to, depicting, in any way relevant to, concerning, evidencing, describing, identifying, mentioning, constituting, memorializing, discussing, considering, reviewing or reporting on.

M.   The term "communication" (regardless of use or non-use of capital letters) is used in the broadest possible sense, and means any transmission or exchange of information from one person or entity to another, by any means.

N.   "Patent" (regardless of use or non-use of capital letters) refers to any patent, patent application, patent publication, utility model or design.

### Instructions

1.   All responsive nonprivileged documents in the possession, custody or control of Ocean Duke (as defined above) are to be produced. If, after exercising due diligence to secure the documents requested, you cannot produce all

responsive documents, so state, produce to the extent possible, specify the reasons why you are unable to provide a full and complete response, and state what information and knowledge you do have concerning the unproduced portion.

2. If any portion of a document is responsive to a request, the entire document shall be produced, redacting only privileged material, if any.

3. You are to produce the original and each non-identical copy of each document requested herein which is in your possession, custody or control.

4. If you decline to produce any document or part thereof based on a claim of privilege or other claim, you shall, where applicable:

(a) Describe generally the subject matter of the document and/or communication;

(b) Identify the author and addresses and recipients of the documents;

(c) Identify the participants in and witnesses to, the communication and all other persons to whom the substance of such communications has been disclosed;

(d) State the date on which the document was prepared or that communication was made;

(e) Identify each person who has ever had possession, custody or control of the document or any copy; and

(f)  Provide sufficient further information concerning the document and/or communication to explain the privilege and permit adjudication of the propriety of such claim.

5. Each document produced in response to this set of document requests should include a production number.

6. Pursuant to Fed. R. Civ. P. 34, all documents must be made available for inspection pursuant to this set of document requests as those documents are kept in the usual course of business or shall be organized or labeled to correspond with the categories in this set of document requests. Documents which were stapled, clipped or otherwise fastened or bunched together shall be produced in that form.

7. These requests are of a continuing nature, and any additional responsive documents discovered subsequent to the scheduled date of production herein should promptly be produced.

DATED: Honolulu, Hawaii, October 26, 2004.

CADES SCHUTTE LLP

_____
MILTON M. YASUNAGA
MARTIN E. HSIA
Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and HAWAII
INTERNATIONAL SEAFOOD, INC.

## Document Requests

1. All documents relating to what if anything Roger Lin or Yelin Enterprise Co. Ltd., had to do with any of the activities or types of activities referred to in Plaintiffs' interrogatories to Defendant.

2. All documents concerning U.S. Patent 6,331,322, any products made or allegedly made with the process described in U.S. Patent 6,331,322, any supplies or equipment or materials involved in U.S. Patent 6,331,322, the design or research or conception or development or reduction to practice or commercialization of the process in U.S. Patent 6,331,322 or products produced by such process, the process involved in U.S. Patent 6,331,322, the preparation and/or prosecution and/or application for and/or obtaining of U.S. Patent 6,331,322, licensing under U.S. Patent 6,331,322, enforcement of U.S. Patent 6,331,322, communications regarding U.S. Patent 6,331,322, descriptions of U.S. Patent 6,331,322, or the interpretation of any claim or any claim term of U.S. Patent 6,331,322.

3. All correspondence with and/or documents regarding Chih-Hsing Shih or Tien-Pao Chiu or Jiawei Huang.

4. All correspondence with and/or documents regarding PT Intisamudera Citra Perkasa (or Inti Samudra Citra Perkasa).

5. All correspondence with and/or documents regarding Ahold U.S.A., Inc., or Royal Ahold.

6. All correspondence with and/or documents regarding Ever Hope International.

7. All documents or correspondence regarding relationships between Ever Hope International and PT Intisamudera Citra Perkasa (or Inti Samudra Citra Perkasa).

8. All documents or correspondence regarding relationships between Ever Hope International and Ocean Duke.

9. All documents or correspondence regarding relationships between PT Intisamudera Citra Perkasa (or Inti Samudra Citra Perkasa) and Chih-Hsing Shih or Tien-Pao Chiu.

10. All documents or correspondence regarding recall of Ocean Duke

ImanageDB:559082.1

frozen fish (including but not limited to the recall of Paradise Brand Cryo-Freeze Tuna Steaks, Recall # F-332-3.

      11. All documents or correspondence regarding relationships between Yelin Enterprise Co., Ltd., and Ocean Duke or Duke Lin or Roger Lin.

      12. All documents or correspondence regarding relationships between Yelin Enterprise Co., Ltd., and PT Intisamudera Citra Perkasa (or Inti Samudra Citra Perkasa).

      13. All documents or correspondence regarding Yelin Enterprise Co., Ltd., and frozen fish or U.S. Patent 6,331,322 or any products made or allegedly made with the process described in U.S. Patent 6,331,322.

      14. The file history for and any other documents regarding U.S. Patent 6,331,322.

CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA         2954-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL
SEAFOOD, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 6 2004

at 11 o'clock and 21 min. A M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE PRODUCTS CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00056 ACK-LEK<br><br>CERTIFICATE OF SERVICE<br><br>(Re: PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS) |

CERTIFICATE OF SERVICE
─────────────────────

The undersigned hereby certifies that on October 26, 2004 an original and

one (1) copy of PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF

ImanageDB:559082.1

DOCUMENTS AND THINGS, dated October 26, 2004 was duly served by hand delivery to the following person(s) at their last known address.

> WILLIAM G. MEYER, III, ESQ.
> Dwyer Schraff Meyer Jossem & Bushnell
> 1800 Pioneer Plaza
> 900 Fort Street Mall
> Honolulu, HI 96813
>
> Attorney for Defendant

DATED: Honolulu, Hawaii, October 26, 2004.

> CADES SCHUTTE LLP
>
> _____
> MILTON M. YASUNAGA
> Attorney for Plaintiffs
> WILLIAM R. KOWALSKI and
> HAWAII INTERNATIONAL SEAFOODS, INC.