Of Counsel:
ERIK KVAM
Law Office of Erik Kvam
4188-4 Keanu Street
Honolulu, Hawaii 96816
Telephone: (808) 371-1475
Facsimile:  (808) 737-7138
Email: erikkvam@earthlink.net

Timothy L. Neufeld (Admitted *Pro Hac Vice*)
Judy L. Khang (Admitted *Pro Hac Vice*)
360 East Second Street, Suite 703
Los Angeles, California 90012
Telephone: (213) 625-2625
Facsimile: (213) 625-2650
Email: tneufeld@neufeldlawgroup.com
       jkhang@neufeldlawgroup.com

Attorneys for defendant
  OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. CV 04-00055 BMK <br><br> DEFENDANT OCEAN DUKE CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ANSWERS TO INTERROGATORIES DATED OCTOBER 15, 2004 |
|---|---|

Exhibit C

121393.1

# RESPONSES TO INTERROGATORIES

Subject to and without waiving the objections made in Ocean Duke Corporation's Response to Plaintiff's First Request for Answers to Interrogatories, a true and correct copy of which is attached hereto for reference, Ocean Duke Corporation herewith provides its Supplemental Response to Plaintiff's First Request for Answers to Interrogatories.

<u>INTERROGATORY NO. 1</u>: Describe with particularity the treatment or processing of fish Ocean Duke sold and/or sells in the U.S. that was or is treated or processed with smoke or carbon monoxide for color retention or enhancement, including but not limited to providing the following details: the identity of the entities who treated or treat the fish and the details of precisely how and with what substances each treated or treats the fish; from whom each of those treating entities obtained or obtains the smoke or carbon monoxide and precisely how said smoke or carbon monoxide was or is produced, filtered, stored, and used; the identities of the entities that sold the treated fish to Ocean Duke (and link each such selling entity with the treating entity and treatment method for that fish); when, how, and by whom each treatment process was invented, used, and disclosed; precisely how the fish treated with each treatment process was and/or is labeled, described, advertised, listed on product lists or price sheets or U.S. Customs and/or FDA documents, marketed, and/or promoted by manufacturers, Ocean Duke's suppliers, Ocean Duke, and Ocean Duke's customers (including whether and precisely how the words "smoke" or "smoked" and/or "tasteless" or any variations or abbreviations thereof or the words "carbon monoxide" or "CO" were used or not used); the identities of

121393.1

the persons with knowledge of the above information and what knowledge each possesses.

## RESPONSE TO INTERROGATORY NO. 1

Ocean Duke purchases fish treated for color retention from PT Inti Samudera Citra Perkasa. The contact information of said company is as follows:

PT Inti Samudera Citra Perkasa
Jalan Ikan Tunaraya Blok No. 1
Pelabuhan Benoa, Denpasar, Bali
Indonesia
+62 (361) 724-526 Phone
+62 (361) 726-536 FAX

PT Inti Samudera Citra Perkasa produces its own filtered smoke using its own patented process. A true and correct copy of the patent will be produced in discovery on or before July 12, 2006.

All known packaging and labeling of the treated fish use the terms "carbon monoxide (added as a preservative to promote color retention)" in accordance with FDA regulations.

Steven Shih of PT Inti Samudera Citra Perkasa (+62-361-724-526) has knowledge pertaining to the patented process. Roger Lin of Ocean Duke Corporation (310-326-3198) has knowledge pertaining to the packaging and labeling.

INTERROGATORY NO. 2: Describe with particularity Ocean Duke's U.S. sales of fish which was treated or processed with smoke or carbon monoxide for color retention or enhancement or by any of the methods called for or referred to in Interrogatory 1 above or your answers thereto or which was described or labeled as being

121393.1

treated with tasteless smoke (with or without the words "wood" or "filtered" included, and whether or not the word "smoke" was used in the past tense), including but not limited to providing the following details: the dates of the sale by Ocean Duke and the date the fish was purchased by Ocean Duke; the identities of the manufacturer/processor, the seller to Ocean Duke, and the purchaser from Ocean- Duke; the type of fish (e.g., yellow fin tuna, swordfish, mahimahi, etc.); the pounds of each type of fish; the revenue, cost and profit of the sale - provide the bases for those amounts and the elements of cost or deduction; the precise treatment or processing method used and how the fish was labeled, described, advertised, listed on product lists or price sheets or U.S. Customs or FDA documents, marketed, and/or promoted by manufacturers, Ocean Dukes' suppliers, Ocean Duke, and Ocean Duke's customers (including whether the words "smoke" or "smoked" or "tasteless" or "carbon monoxide" or "CO" were used for labeling, descriptions, advertising, marketing, promotion, product lists or price sheets for that fish); and provide monthly and annual totals of the above information regarding cost, revenue, profit and poundage (but broken down by treatment or processing method, manufacturer/processor, and labeling-description-advertising).

## RESPONSE TO INTERROGATORY NO. 2

Ocean Duke sold a total of 7,110,905 lbs of treated fish in the US from 1999 to 2005. Detailed annual quantities, revenues, costs, and profits are included in the "Annual Sales of Treated Fish" file, which will be produced in discovery on or before July 12, 2006. Roger Lin of Ocean Duke Corporation (310-326-3198) has knowledge relating to the foregoing.

121393.1

INTERROGATORY NO. 3: Explain with particularity (and as to each claim of the '401 patent) and identify all reasons, facts, references, prior art, documents, and bases for or relating to each of Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses; the identities of the persons with knowledge of the above information and substance of the knowledge of each such person.

RESPONSE TO INTERROGATORY NO. 3:

Discovery is continuing into the prior art relating to the '401 patent and otherwise, in response to this Interrogatory. In general, Ocean Duke imports fish that have been processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,322, issued on or about December 18, 2001, to Chi-Hsing Shih and Tien Pao Chiu. That patent and the processes, disclosures, claims and teachings thereunder are completely different from the patent alleged in plaintiff William R. Kowalski's complaint on file herein. To Ocean Duke Corporation's knowledge, in the course of its business Ocean Duke Corporation has never acquired, purchased, stored, owned, held possession of, or sold any fish treated with the '401 patent alleged by plaintiff.

Persons with knowledge are Roger Lin and the following individual:

Mr. Steven Chih-Hsing Shih
PT Inti Samudera Citra Perkasa
Jalan Ikan Tunaraya Blok No. 1
Pelabuhan Benoa, Denpasar, Bali
Indonesia
+62 (361) 724-526 Phone
+62 (361) 726-536 FAX
stevenshih11@yahoo.com.tw

121393.1

## INTERROGATORY NO. 4:

Assuming liability can be proven, state all facts, contentions, and theories that relate to Ocean Duke's position as to damages Ocean Duke may owe (including specifically stating: for any reasonable royalty theory, all products and processes constituting the royalty base, the royalty rate applied to each such product and process, Ocean Duke's contentions on any factor relevant to a hypothetical negotiation, any other factor that Ocean Duke contends supports a reasonable royalty calculation, and the amount of damages; for any theory other than reasonable royalty, the method of calculation, all products and processes of Ocean Duke or any other entity relevant to such calculation, the revenue or other base for each such product and process, the profit margin or other rate applied in Ocean Duke's calculation, any other factor that Ocean Duke contends supports the calculation, and the amount of damages; if Ocean Duke contends that lost profits are not awardable, set forth in detail the basis for such contentions; set forth in detail all bases for contesting that such infringement by Ocean Duke is willful; for any theory of pre-judgment and post-judgment interest, the interest rate, the basis for selecting such rate, the method of calculating the interest, and the amount of interest).

## RESPONSE TO INTERROGATORY NO. 4:

Objection. Vague and ambiguous, compound, attorney-work product; improper hypothetical. Ocean Duke Corporation alleges in response to this Interrogatory that liability cannot be proven; hence any position it may take on damages at this point in the

121393.1

litigation would be hypothetical, speculative, and covered by attorney-client privilege and work product.

_____
Judy L. Kh[u]ng, Esq.

INTERROGATORY NO. 5: Explain with particularity and identify your use of the term "tasteless smoke" (whether or not the words "filtered" or "wood" were used in conjunction therewith, and whether or not the word "smoke" was used in the past tense - e.g., "smoked" and whether you used any abbreviations), including when you first learned of it and how and why and over what specific time periods and in what documents or labels or descriptions and for what specific products you used the term (and precisely how those products were in fact processed, including whether they were processed with smoke or chemical carbon monoxide not contained in smoke), and the quantities and sales revenues, costs, and profits of those products.

RESPONSE TO INTERROGATORY NO. 5:

Ocean Duke Corporation does not and, to its knowledge, has not used the term "tasteless smoke" in connection with its products. Ocean Duke Corporation has used the terms "processed smoke," "filtered smoke," and "carbon monoxide," in the ingredient section of its fish treated with Shih Patent 6,331,322.

Please refer to the answer to Interrogatory No. 2 for quantities, sales revenues, costs and profits.

INTERROGATORY NO. 6: Explain with particularity and identify all actions you took, all information obtained, and all communications related to the notice of

121393.1

infringement, other correspondence from Kowalski or his counsel regarding the '401 patent, or your first becoming aware of the '401 patent (please indicate when and how you first became aware of the patent), including but not limited to any actions, information, communications that may be relevant to the issue of whether or not Ocean Duke should be subject to enhanced damages for willful infringement.

RESPONSE TO INTERROGATORY NO. 6

Besides communications with attorneys, Ocean Duke did not take any other actions. At this time, Ocean Duke objects to divulging the content of said communications under the attorney-client and attorney work product privileges.

_____
Judy L. Khang, Esq.

INTERROGATORY NO. 7: Describe with particularity Ocean Duke's U.S. sales of frozen tuna, swordfish, hamachi, mahimahi, tilapia, and snapper which Ocean Duke claims was not treated or processed with smoke or carbon monoxide, including but not limited to providing the following details: the dates of the sale by Ocean Duke and the date the fish was purchased by Ocean Duke; the identities of the manufacturer/processor, the seller to Ocean Duke, and the purchaser from Ocean Duke; the type of fish (e.g., yellow fin tuna, swordfish, mahimahi, etc.); the pounds of each type of fish; the revenue, cost and profit of the sale -provide the bases for those amounts and the elements of cost or deduction; and how the fish was labeled, described, advertised, listed on product lists or price sheets or U.S. Customs or FDA documents, marketed, and/or promoted by manufacturers, Ocean Duke's suppliers, Ocean Duke, and Ocean Duke's customers; and

121393.1

provide monthly and annual totals of the above information regarding cost, revenue, profit and poundage (but broken down by treatment or processing method, manufacturer/processor, and labeling-description-advertising).

## RESPONSE TO INTERROGATORY NO. 7

Ocean Duke sold a total of 56,563,550 lbs of non-treated tuna, swordfish, mahi-mahi, and tilapia in the US from 1999 to 2005. Detailed annual quantities, revenues, costs, and profits are included in the "Annual Sales of Non-Treated Fish" file, which will be produced in discovery on or before July 12, 2006. Roger Lin of Ocean Duke Corporation (310-326-3198) has knowledge relating to the foregoing.

The packaging of all non-treated fish items only states the specie of the fish in the ingredient section.

DATED: July 5, 2006

NEUFELD LAW GROUP
 A Professional Corporation
Timothy L. Neufeld
Judy L. Khang

By: _____
Judy L. Khang
Attorneys for defendant Ocean Duke Corporation

121393.1

## VERIFICATION

I, ROGER LIN, verify under penalty of perjury that I am the Chief Operating Officer of OCEAN DUKE CORPORATION, that I am authorized to answer the foregoing interrogatories, that I have read the foregoing answers to interrogatories and that the same are true and correct to the best of my knowledge and belief.

Executed on July 5, 2006

OCEAN DUKE CORPORATION

By: _____

ROGER LIN

121393.1