IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> **DECLARATION OF MILTON M. YASUNAGA IN SUPPORT OF MOTION IN LIMINE # 7** |

**DECLARATION OF MILTON M. YASUNAGA IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE # 7**

MILTON M. YASUNAGA, hereby declares:

1. I am a partner in Cades Schutte, LLP, counsel for Hawaii International Seafood, Inc. (HISI) and William R. Kowalski (Kowalski) (jointly, Plaintiffs). I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

2. Plaintiffs move the Court, *in limine*, for an Order excluding comparison of the Kowalski patent and the Shih patent or statements indicating that lack of infringement can be shown by owning a patent or by allegedly being under another patent or by comparing patents or equipment or comparing the process of the

ImanageDB:786310.3

alleged infringer with a drawing of one example of carrying out the patented invention or other irrelevant considerations.

3. There is ample indication that Ocean Duke intends to have its witnesses compare the Kowalski patent with the Shih patent (see, e.g., witness descriptions in Ocean Duke's "Expert Witness Disclosure" dated August 15, 2007 – "Mr. Shih … will provide expert testimony relating to a comparison of and the differences relating to the processes and methods of the Kowalski and Shih patent" and similar statements regarding the "expert" testimony of Roger Lin, Duke Lin, and Wayne Iwaoka, and also the witness descriptions in Ocean Duke's Pretrial Statement filed October 16, 2007 -- "Mr. Shih … will discuss the differences between the Shih patent and the Kowalski patent." and a similar statement regarding the expected testimony of Wayne Iwaoka).  This is an improper comparison and contrary to patent law regarding how infringement or the lack of it is determined, and Ocean Duke's witnesses and counsel should be precluded from making it at trial.  Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991), Amstar Corp. v. Envirotech Corp., 730 F.2d 1476, 1481-84 (Fed. Cir. 1984); International Glass Co. v. United States, 408 F.2d 395, 400 (Ct. Cl. 1969).

4. Dr. Iwaoka's report and opinions make such an improper comparison. The above authorities also show that infringement is not determined by comparing the product of the patent holder with the product of the alleged infringer – Ocean

Duke and it's witnesses should be prohibited from making such comparisons. Dr. Iwaoka also gives the impression there is no infringement because the process used on Ocean Duke's fish and that shown in the drawing in the Kowalski patent use difference heating devices and different organic material as a smoking material, but those two, as the above authorities show, are irrelevant comparisons, and he should be precluded from making them at trial.

5. Dr. Iwaoka also has other irrelevant opinions, which do not show a lack of infringement, or even patent invalidity (which is a defense that Ocean Duke should not be able to assert because it failed to explain or mention it in its answers to interrogatories) – e.g., he says that the word smoke is not proper under his view of the labeling laws after something has been removed from the smoke (even though the FDA approves the use of the word smoke for tasteless smoke and even though labeling laws do not affect patentability or infringement), he says that the Kowalski patent does not use the word "react" properly because it does not use it in the way a chemist would (which is again irrelevant to patentqaability or infringement), he says ice is not a filter even though a patent holder is able to define words in special ways and it is clear from the Kowalski patent that the example shown in the patent does use ice as a filtering material, and Dr. Iwaoka also disapproves of the Kowalski patent using the word "steamified" to describe the resulting smoke when the hot smoke hits the cold crushed ice. All of those

criticisms are irrelevant to patent law and to the issues of this case – they do not relate to the determination of infringement or even invalidity (which, as argued elsewhere, is a defense Ocean Duke has waived by failing to mention or explain it in answers to interrogatories). These comparisons and criticisms should be prohibited as they are contrary to patent law and will only confuse and prejudice the jury.

6. Ocean Duke and its witnesses should also be prohibited from suggesting that the fact that Ocean Duke's supplier owns a patent or that its product falls under the Shih patent is protection against infringing the Kowalski patent, because that is contrary to law. <u>Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA</u>, 944 F.2d 870, 879 (Fed. Cir. 1991).

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, November 13, 2007.

/s/ Milton M. Yasunaga<br>
Milton M. Yasunaga