IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>DECLARATION OF MILTON M. YASUNAGA |

## **DECLARATION OF MILTON M. YASUNAGA**

I, Milton M. Yasunaga, hereby declare:

1. I am a member of Cades Schutte, LLP, counsel for Hawaii International Seafood, Inc. ("*HISI*") and William R. Kowalski ("*Kowalski*") (jointly, "*Plaintiffs*"). I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

2. Ocean Duke initially selected October 2 and 3, 2007 for Kowalski's deposition, apparently to coincide with the October 1, 2007 settlement conference attended by Ocean Duke's mainland counsel and Chief Operating Officer. Kowalski agreed to be available and both he and I reserved time to attend the October 2-3 noticed deposition. At the October 1 settlement conference, however,

ImanageDB:792633.1

Ocean Duke informed us that it was unilaterally canceling Kowalski's October 2-3 deposition. Ocean Duke chose to reschedule Kowalski's deposition for November 1-2, 2007, the same week that Ocean Duke's mainland counsel would be in Hawaii for further settlement negotiations.

3. While Plaintiffs provided Ocean Duke with a copy of their expert David Francom's damage report on July 16, 2007, the August 15, 2007 extended deadline lapsed without any expert damage report from Ocean Duke.

4. The deadline to exchange exhibits was November 6, 2007 and Plaintiffs diligently provided actual copies of its exhibits and an exhibit list to Ocean Duke on that date. Plaintiffs, however, received no actual exhibits or exhibit lists that day and received only Ocean Duke's exhibit <u>list</u> on November 8, 2007. Ocean Duke did not provide actual copies of its exhibits until November 9, and even then, 21 of the 67 exhibits on the list were not provided, and to this date have not been provided.

5. Plaintiffs agreed with Ms. Ing's suggestion that Ocean Duke be able to simply get a copy from Ms. Ing of what Plaintiffs had earlier already produced to Ms. Ing's other clients (Lu, TPI, etc.).

6. Arrangements (plane and hotel) have already been made for Plaintiffs' witnesses to travel from out of the state to attend the trial and their arrival and departure times have been scheduled based on a December 4 trial start-date. Those

witnesses (two of which are experts) have reserved, and not booked other work, for that period.

7. There is absolutely no doubt that a continuance will be very harmful to Plaintiffs, especially if Ocean Duke is allowed to re-open the discovery and dispositive motions deadlines, requiring among other things, multiple expensive trips to far off places.

8. Attached hereto as Exhibit "A" is a true and correct copy of an email string between me and Ocean Duke's counsel explaining that the video tape listed on Plaintiffs' exhibit list was produced prior to the discovery cut-off.

9. Attached hereto as Exhibit "B" is a true and correct copy of the Certificate of Service indicating that Plaintiffs' served its proposed jury instructions on Ocean Duke as required under Local Rule 51.1(a) on November 13, 2007.

10. Attached hereto as Exhibit "C" is a true and correct copy of the cover page and pages 19, 69, 90, and 144 of the David Francom's deposition taken on October 12, 2007.

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, November 15, 2007.

/s/ Milton M. Yasunaga
**MILTON M. YASUNAGA**