## Milton Yasunaga

**From:** Milton Yasunaga
**Sent:** Friday, November 09, 2007 10:04 AM
**To:** 'LOUISE ING'; PMarks@neufeldlawgroup.com
**Cc:** Allison Griffiths; TNeufeld@neufeldlawgroup.com
**Subject:** RE: Ocean Duke: We still haven't received your exhibits, which were due this past Tuesday. Your failure makes it hard    for me to determine objections, stipulations.

```
My exhibit list descriptions of the videos and the copies of the videos in the box of
exhibit copies I delivered on Tuesday shows that these videos were produced before the
discovery cutoff.

-----Original Message-----
From: LOUISE ING [mailto:LING@ahfi.com]
Sent: Friday, November 09, 2007 9:31 AM
To: Milton Yasunaga; PMarks@neufeldlawgroup.com
Cc: Allison Griffiths; TNeufeld@neufeldlawgroup.com
Subject: Re: Ocean Duke: We still haven't received your exhibits, which were due this past
Tuesday. Your failure makes it hard for me to determine objections, stipulations.


Milton, in my view this us the risk of forcing a trial and not agreeing to a continuance
to give adequate prep time, especially when the effort til just the last few months was in
settlement and when plaintiffs heretofore willingly agreed to continuances. We are working
with Paul to get the info together as quickly as we can but given the above, you should
not be surprised that these things are happening. By the way did you produce the video
that us on your exhibit list?


Sent from Louise Ing's BlackBerry.  Please excuse spelling errors due to tiny BlackBerry
print.

-----Original Message-----
From: Milton Yasunaga <myasunaga@cades.com>
To: 'Paul S. Marks' <PMarks@neufeldlawgroup.com>
CC: LOUISE ING <LING@ahfi.com>
Timothy L. Neufeld <TNeufeld@neufeldlawgroup.com>
Creation Date: 11/9 9:22 am
Subject: RE: Ocean Duke:  We still haven't received your exhibits, which were due this
past Tuesday.  Your failure makes it hard for me to determine objections, stipulations.

Paul:

As I mentioned, your list does not contain any document identification numbers, so it
would take me a long time to hunt them down among the many boxes produced, and then I
still wouldn't know if I am looking at the same copy you have in mind.

Second, many of the documents were never produced and are also in violation of the order
to compel, so we don't have them, and we object to your trying to use such documents.

Third, given that we are plaintiffs and have more exhibits and our list does identify the
Bates numbers or sources of our proposed exhibits while yours does not, it would be better
if my office did the joint list.  If we can't agree, I suppose it's possible that my
office can do the list from 1 to, say, 300 (e.g., some cushion on the numbers is needed
because, e.g., the claim construction that the judge comes up with will be exhibits, but
we won't have them until he decides the claim construction motion), and you can do the
list from 300 on.

Fourth, I don't see that much overlap, but certainly overlap needs to be taken care of.  I
cannot definately tell all the things that are overlapping because I don't have copies of
the actual exhibits you propose -- just the general descriptions.

Fifth, we can talk and should talk before the Tuesday due date, but the deficiencies of
```

Exhibit A

your list's descriptions, your failure to produce copies of your exhibits listed by this past Tuesday's due date (and even as of the time of this email), and the fact that some of what is on your list has never been produced in discovery at all make it hard for me to discuss authenticity and admissibility.  For example, your lists vaguely mention photos, but I have no way of knowing if you mean the few photos you produced before the discovery deadline and the order to compel deadline or new photos that I have never seen.


-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Friday, November 09, 2007 9:05 AM
To: Milton Yasunaga; Timothy L. Neufeld; LOUISE ING
Subject: RE: Ocean Duke: We still haven't received your exhibits, which were due this past Tuesday

Milton -- I believe you already have them all (except for some public documents we have only just obtained) from discovery, but in any event they will be delivered to you in a few hours with a revised list showing bates numbers.

Because there is significant overlap in the exhibit lists, I would propose we talk on Monday to arrange the preparation of a joint list.  We can also discuss the admissibility and authentication issues that exist.  I in conjuction with Louise's office will volunteer to prepare the joint exhibit list.

Let me know when a good time to talk on Monday is.  I am generally available all day.

_____
From: Milton Yasunaga [mailto:myasunaga@cades.com]
Sent: Friday, November 09, 2007 11:00 AM
To: Paul S. Marks; Timothy L. Neufeld; LOUISE ING
Subject: Ocean Duke: We still haven't received your exhibits, which were due this past Tuesday

You earlier said Louise's office was putting copies of your proposed exhibits on a disc and sending that over to me -- I still have not received any of your proposed exhibits (whether on a disc or in paper or other form), which were due this past Tuesday.


------------------------------------------------------------
Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended, or written to be used, and cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.
*************************************************************************
This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you think you have received this communication in error, please notify us immediately by reply e-mail or by telephone (808)521-9200, and delete the original message.