IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | Civ. No. 04-00055 BMK |
| Plaintiffs, | ORDER CONSTRUING CLAIMS 1, 33, 67, 68, AND 69 OF THE KOWALSKI PATENT |
| vs. | |
| OCEAN DUKE CORPORATION, | |
| Defendant. | |

**ORDER CONSTRUING CLAIMS 1, 33, 67, 68, AND 69 OF THE KOWALSKI PATENT**

Plaintiff Hawaii International Seafood, Inc., owns U.S. Patent 5,972,401, titled "Process for Manufacturing Tasteless Super-Purified Smoke for Treating Seafood to be Frozen and Thawed," awarded to Hawaii International Seafood, Inc.'s President, Plaintiff William R. Kowalski ("Kowalski"), on October 26, 1999 (hereinafter "Kowalski Patent"). On January 27, 2004, Hawaii International Seafood, Inc. and Kowlaski (collectively, "HISI") filed an action against Defendant Ocean Duke Corporation ("Ocean Duke") alleging that Ocean Duke had infringed the Kowalski Patent. On October 9, 2007, HISI filed a motion for the construction of Claims 1, 67, 68, and 69 of the Kowalski Patent. A supplemental motion for the construction of Claim 33 was filed on October 22,

2007, and on November 16, 2007, the Court held a <u>Markman</u> hearing to construe these claims.  This Court had already recently construed Claims 1 and 67 of the Kowalski Patent in several other cases involving HISI and Kowalski, namely <u>Tuna Processors, Inc. v. Hawaii International Seafood, Inc.</u>, Civ. No. 05-00517 BMK; <u>Kowalski v. Mommy Gina Tuna Resources, et al.</u>, Civ. No. 05-00679 BMK; <u>Kowalski v. Integral Seafood LLC</u>; Civ. No. 06-00182 BMK; and <u>Kowalski v. Friend</u>; Civ. No. 05-00787 BMK (collectively, "the TPI cases").  Claims construction in this case will follow the Court's claims construction in the TPI cases according to its Claims Construction Order for the Yamaoka and Kowalski Patents, filed October 17, 2007 ("October 17 Claims Construction Order"), as amended by the Court's Order Granting Motion For Clarification and Reconsideration of Claims Construction Order, filed November 15, 2007 ("Clarification and Reconsideration Order").

## STANDARD OF REVIEW

The claims of a patent define its scope.  <u>Phillips v. AWH</u>, 415 F.3d 1303, 1312 (Fed. Cir. 2005).  The construction of these claims is a matter of law. <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967, 976 (Fed. Cir. 1995), <u>aff'd,</u> 517 U.S. 370, 391 (1996).  Claims are to be construed according to their ordinary custom and meaning as understood by a "a person of ordinary skill in the art in

question at the time of the invention." Phillips, 415 F.3d at 1312. The language of the claims themselves is the first place courts must look in construing patents' claims. Riverwood Int'l Corp. v. RA. Jones & Co., 324 F.3d 1346, 1347 (Fed. Cir. 2003). Where the claim language is unclear, the court may look to the specifications and patent prosecution history to help ascertain the meaning of the claims. NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1293 (Fed. Cir. 2005); see also Eastman Kodak Co. v. Goodyear Tire & Rubber Co., 114 F.3d 1547, 1552 (Fed. Cir. 1997) (stating that "a construing court does not accord the specification, prosecution history, and other relevant evidence the same weight as the claims themselves, but consults these sources to give the necessary context to the claim language").

If the meaning of the claim is still ambiguous, the court may then take into account extrinsic evidence. Phillips, 415 F.3d at 1317. Extrinsic evidence consists of all evidence external to the patent and file history, including dictionaries, expert testimony, learned treatises, and prior art. Markman, 52 F.3d at 979-80. Regardless of a party's original intention, "courts may not redraft claims, whether to make them operable or to sustain their validity." Chef America, Inc. v. Lamb Weston, Inc., 358 F.3d 1371, 1374 (Fed. Cir. 2004).

# DISCUSSION

## I. CLAIM 67

Claim 67 is one of the broadest of the claims of the Kowalski Patent, and claims:

> 67. A process for treating food comprising:
> heating organic material to generate smoke;
> filtering components that impart smoke flavor from said
>     smoke to below limits for imparting smoke flavoring to food;
>     and
> exposing said filtered smoke to food without imparting a smoke flavor
>     to said food.

(Kowalski Patent, Col. 28, at 11-18.)

### A. "A Process For Treating Food Comprising"

HISI requests that the preamble of Claim 67 be construed according to its plain language, such that "food" is not limited to any particular specie of fish or type of meat. Ocean Duke does not oppose HISI's requested construction. Accordingly, HISI's requested construction of the preamble of Claim 1 is GRANTED.

### B. "Heating Organic Material to Generate Smoke"

HISI requests that "heating organic material to generate smoke" be construed as "heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke." (HISI Mem. Supp. 9). This follows the Court's claims construction in the TPI cases, where the

Court determined that "heating" was not limited to the specific temperature ranges discussed in the patent's specifications (Clarification and Reconsideration Order, at 6) and that "organic," as used in the Kowlaski Patent, meant "carbon containing materials, including wood, wood sawdust, and charcoal" (October 17 Claims Construction Order, at 22).  Ocean Duke requests that the Court find this portion of Claim 67 invalid, as the Court did in its original October 17 Claims Construction Order.  This portion of the October 17 Claims Construction Order has since been vacated by the Order for Clarification and Reconsideration, however, and the Court declines to make any rulings on validity at this time.  See Eli Lilly & Co. v. Barr Lab., Inc., 251 F.3d 955, 962 (Fed. Cir. 2001) (stating that to obtain a finding of invalidity prior to trial, a party "must submit such clear and convincing evidence of invalidity that no reasonable jury could find otherwise").

### C. "Filtering"

HISI next requests that the word "filtering" be construed to mean "separating out or reducing, including by cooling, condensing, settling out, and/or aging."  (HISI Mem. Supp. 11.)  In its October 17 Claims Construction Order, the Court agreed with HISI that "filtering," as used in Claim 67, included the processes of "settling" and "cooling" described in the specifications.  (October 17 Claims

Construction Order, at 23.) Here HISI requests that "filtering" also be construed so as to include the additional processes of "condensing" and "aging."

The claims themselves do not reveal whether "filtering" includes condensing and aging, so the Court turns to the specifications. HISI points to language in the "Best Mode" section which discloses a process whereby the smoke is "partially *filtered by* the ice and *condensing water vaper*" (Kowalski Patent, Col. 18, at 33-34 (emphases added)). Similarly, HISI also points to language in the "Summary of the Invention" section stating that "allowing the phenols, and any other remaining carcinogens, in the smoke to settle, or *'age'* . . . is the final backup *filtering step* in the process" (Kowalski Patent, Col. 14, at 19-23 (emphases added)). Based on the specifications, and on the lack of Ocean Duke's opposition, HISI's proposed construction of "filtering" as including "separating out or reducing, including by cooling, condensing, settling out, and/or aging" is hereby GRANTED.

### D. "Filtering Components That Impart Smoke Flavor From Said Smoke To Below Limits For Imparting Smoke Flavoring To Food"

HISI requests that this phrase be construed to mean that "the components of the smoke which impart smoke flavor to food that is exposed to smoke are filtered/reduced/separated out at least enough so that the resulting or remaining smoke does not give smoke flavoring to food when the food is exposed

to that smoke." (HISI Mem. Supp. 14.) This is the construction given to the phrase in the October 17 Claims Construction Order, which rejected a proposed construction that read numerical limitations into the claim. (See October 17 Claims Construction Order, at 25-26.) Ocean Duke states in its opposition that it "does not challenge that decision," but argues that so construed, these claims are indefinite as a matter of law. (Mem. Opp. 10.)

When a patent's claim is so indefinite that it fails to "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention," 35 U.S.C. § 112, that particular claim is invalid as a matter of law. Morton Int'l, Inc. v. Cardinal Chem. Co., 5 F.3d 1464, 1470 (Fed. Cir. 1986). Indefiniteness must be demonstrated by clear and convincing evidence, however, id., and is not appropriate during claims construction, see Rhine v. Casio, Inc., 183 F.3d 1342, 1346 (Fed. Cir. 1999) ("Casio cannot avoid a full-blown validity analysis by raising the specter of invalidity during the claims construction phrase"); STX, Inc. v. Brine, Inc., 37 F. Supp. 2d 740, 754 (D. Md. 1999) (stating that "it would be error to collapse claim construction . . . into a statutory indefiniteness analysis").

It would be inappropriate for the Court to address Ocean Duke's indefiniteness arguments during the present claims construction process. The

Court has not been sufficiently briefed on indefiniteness to make a determination of whether or not the phrase "below limits for imparting smoke flavoring to food" renders Claim 67 invalid for indefiniteness. Because Ocean Duke raises no other arguments as to the proper construction of this phrase, HISI's proposed construction is hereby GRANTED.

### E. "Exposing Said Filtered Smoke To Food Without Imparting a Smoke Flavor To Said Food"

HISI requests that this final step of Claim 67 be construed as "exposing or bringing into contact with each other (a) the smoke (that was filtered) and (b) the food, without giving a smoke flavor to that food." (HISI Mem. Supp. 14 (emphasis removed).) Ocean Duke does not oppose this construction; accordingly, HISI's proposed construction of this phrase is hereby GRANTED.

## II. CLAIM 1

Claim 1 of the Kowalski Patent is similar to Claim 67, and was also construed by the Court in the October 17 Claims Construction Order. Claim 1 reads:

> 1. A process for treating meat comprising:
> heating organic material to generate smoke having a gaseous vapor phase;
> super purifying said smoke to reduce taste imparting components below thresholds for imparting smoke odor and taste, whereby a substantially tasteless super-purified smoke is created; and

> treating meat having a freezing point with said tasteless super-purified smoke.

(Kowalski Patent, Col. 22 -23, at 65.)

### A. "A Process For Treating Meat Comprising"

HISI requests that the preamble of Claim 1 be interpreted as "a process for treating meat, including the meat of fish or other seafood," and that "comprising" be construed as "including." (HISI Mem. Supp. 15.) Ocean Duke does not oppose this construction; accordingly, HISI's requested claim construction of the preamble of Claim 1 is GRANTED.

### B. "Heating Organic Material To Generate Smoke Having A Gaseous Vapor Phase"

HISI requests that "heating organic material to generate smoke having a gaseous vapor phase" be construed as "heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke," just like the second clause of Claim 67. (HISI Mem. Supp. 16.) HISI states that the addition of the words "having a gaseous phase" do not change the meaning of the phrase, because all smoke has a gaseous vapor phase. Ocean Duke does not oppose this construction; accordingly, HISI's requested construction of this clause is GRANTED.

### C. "Super-Purifying Said Smoke to Reduce Taste Imparting Components Below Thresholds For Imparting Smoke Odor and Taste, Whereby A Substantially Tasteless Super-Purified Smoke is Created"

HISI requests that this second clause of Claim 1 be construed as "reduce the taste imparting components (i.e., parts) of the generated (i.e., produced) smoke at least enough so that the resulting or remaining smoke would not give smoke odor and taste to meat when brought into contact with the meat, and 'super-purifying' is a name that can be used for such a reduction of taste causing components and 'substantially tasteless super-purified smoke' is a name that can be used for the resulting smoke that does not impart smoke taste." (HISI Mem. Supp. 17.)  Ocean Duke, on the other hand, contends that "Claim 1 is indefinite as a matter of law with respect to its use of the term 'super purify' because that term is so lacking in clear, concise, specific standards." (HISI Mem. Supp. 11-12.)  In particular, Ocean Duke points to the many different contexts in which "super purify" is used in the Kowalski Patent's claims.

For the reasons discussed above, however, the validity or invalidity of the Kowalski Patent's claims on the ground of indefiniteness is not properly before the Court at this time.  Ocean Duke having no other objections to HISI's requested claim construction, the construction proposed by HISI for this phrase is hereby GRANTED.

### D. "Treating Meat Having A Freezing Point With Said Tasteless Super-Purified Smoke"

HISI requests that this final phrase of Claim 1 be construed as "treating meat with the resulting smoke." (HISI Mem. Supp. 19.) HISI states that the words "having a freezing point" are surplusage for this particular claim "because all meat has a freezing point." (HISI Mem. Supp. 19.) Ocean Duke does not oppose this proposed construction; accordingly, HISI's requested construction is hereby GRANTED.

## III. CLAIM 68

Claim 68 of the Kowalski Patent is an independent claim, similar to Claim 67, which claims:

> 68. A process for treating food comprising:
> heating organic material to generate smoke;
> removing components that impart smoke odor from said
>     smoke; and
> exposing food to said smoke, whereby the quantity of smoke odor
>     imparting components removed from said smoke is adequate to
>     prevent imparting a smoke odor to said food.

(Kowalski Patent, Col. 28, at 19-27.) Here, HISI requests the same general constructions be given to these phrases that they were given in Claim 67. To take into account the slight language variations between the phrases, HISI requests that the second clause be construed as "removing the parts of smoke that give smoke odor," and that the last clause be construed as "bringing the food and the smoke

11

into contact with each other whereby the amount of smoke odor giving parts that were removed is sufficient to prevent giving a smoke odor to the food." (HISI Mem. Supp. 20.)

Ocean Duke does not oppose either of these proposed constructions, only requesting that the claims be found invalid because of the use of the word "heating." The Court has addressed this issue above, and reiterates that it will not engage in a validity analysis at this time. HISI's proposed construction of Claim 68 is hereby GRANTED.

## IV. CLAIM 69

Claim 69 of the Kowalski Patent is another independent claim, similar to Claims 67 and 68, which claims:

> 69. A process for treating food comprising:
> heating organic material to generate smoke that contains a vapor
>     phase having a smoke odor and flavor imparting components;
> filtering said smoke to remove a portion of said smoke odor and
>     flavoring components; and
> exposing food to said filtered smoke, so as to prevent smoke flavoring
>     of said food by reducing the quantity of said filtered smoke
>     exposed to food.

(Kowalski Patent, Col. 28, at 27-36.) HISI requests that (1) the preamble of this claim be construed just as the preamble in Claims 67 and 68 have been construed; (2) that the phrase "heating organic material to generate smoke that contains a vapor phase having smoke odor and flavor imparting components" be construed as

"heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke that contains vapor having smoke odor and flavor giving parts"; and, (3) that the phrase "filtering said smoke to remove smoke odor and flavor imparting components" be construed as "separating out or reducing or removing (including by cooling, condensing, settling out, and/or aging) smoke odor and flavor giving parts from the smoke." (HISI Mem. Supp. 21.)

Ocean Duke does not take issue with any part of these proposed constructions other than once again challenging the validity of the claim based on the breadth of the word "heating" in contrast to the narrower specifications. For the reasons described above, the Court declines to address that issue at this time, and HISI's proposed construction of Claim 69 is hereby GRANTED.

## V.  CLAIM 33

HISI also filed a supplemental motion requesting the construction of Claim 33 of the Kowalski Patent, which claims:

> 33.  A process according to any one of claims 1 to 3 wherein said heating step is carried out by heating said organic material at between approximately 400 degrees Fahrenheit (204 degrees Centigrade) and approximately 950 degrees Fahrenheit (510 degrees Centrigrade).

(Kowalski Patent, Col. 25, at 10-14.) Claim 33 is a dependent claim, which HISI states will be used based on Claim 1. Claim 33 differs from Claim 1 in that it

makes the term "heating" more specific through the addition of the words "at between approximately 400 degrees Fahrenheit (204 degrees Centigrade) and approximately 950 degrees Fahrenheit (510 degrees Centigrade)."

      HISI first requests that these temperature ranges be construed to refer to the temperature of the medium, rather than the temperature of the materials themselves. While this interpretation is not necessarily apparent from the language of the claim, the specifications of the Kowalski Patent describe how "the sawdust . . . is combusted by *heating the cylinders* . . . to an operable temperature range of 400 to 950 degrees Fahrenheit (204 to 510 degrees centigrade." (Kowalski Patent, Col. 16, at 38-41 (emphasis added).) This demonstrates that the temperature ranges refer to the temperature of the heating medium, and not of the sawdust or other smoke-producing materials.

      In addition, HISI requests that "approximately" be construed as "about," and cites a dictionary definition to this effect. (HISI Memorandum in Support of Supplemental Motion For Claim Construction 2-3.)

      Ocean Duke does not oppose either of these proposed constructions of Claim 33, but argues only that "the approximate temperature ranges stated in Claim 33 do not save Claim 1 from being overly broad in relation to the Kowalski patent's specification." (Mem. Opp. 9.) This may or may not be the case, but the

issue is not an appropriate one to address during claims construction for the reasons described above. Accordingly, HISI's proposed construction of Claim 33 is hereby GRANTED.

## CONCLUSION

For the foregoing reasons, HISI's proposed constructions of Claims 1, 33, 67, 68, and 69 of the Kowalski Patent are hereby GRANTED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 19, 2007

Kowalski. v. Ocean Duke Corp., Civ. No. 04-00055 BMK; ORDER CONSTRUING CLAIMS 1, 33, 67, 68, AND 69 OF THE KOWALSKI PATENT.