IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant | Civ. No. 04-00055 BMK <br><br> ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Ocean Duke's Motion for Partial Summary Judgment. The Court finds this motion suitable for disposition without hearing, and after careful consideration of the motion, the supporting and opposing memoranda, the patents at issue, and the relevant law, Defendant's motion is hereby DENIED.

BACKGROUND

Plaintiff Hawaii International Seafood, Inc. (HISI), owns U.S. Patent 5,972,401, titled "Process for Manufacturing Tasteless Super-Purified Smoke for Treating Seafood to be Frozen and Thawed," and originally awarded to Hawaii International Seafood, Inc.'s President, Plaintiff William R. Kowalski

("Kowalski"), on October 26, 1999 (hereinafter "Kowalski Patent"). On January 27, 2004, Hawaii International Seafood, Inc. and Kowalski (collectively, HISI) filed an action against Defendant Ocean Duke Corporation ("Ocean Duke") alleging that Ocean Duke had infringed the Kowalski Patent.

On August 15, 2007, the last day on which parties were authorized to file dispositive motions, Ocean Duke filed the present motion for partial summary judgment. In response, HISI filed a cross motion for claim construction of certain claims in the Kowalski Patent, and the Court scheduled a Markman hearing for November 16, 2007, to take up these claims construction issues. The Court delayed consideration of Ocean Duke's motion for partial summary judgment until the conclusion of claims construction. Claims construction has now concluded, and the Court filed its Order Construing Claims 1, 33, 66, 67, 68, and 69 of the Kowalski Patent on November 19, 2007 ("Nov. 19 Claims Construction Order").

LEGAL STANDARD

Motions for summary judgment are only granted when the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving

party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223 (9th Cir. 2000).  The court's function in deciding a motion for summary judgment is not to try issues of fact, but to determine whether there are any issues to be tried.  Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper.  See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987) (summary judgment must be denied if a rational trier of fact might resolve the issue in favor of the non-moving party).

In patent cases, an accused infringer may obtain summary judgment of non-infringement only by: (1) "providing evidence that would preclude a finding of infringement," or (2) "by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case."  Novartis Corp. v. Ben Venue Laboratories, Inc., 271 F.3d 1043, 1046 (Fed Cir. 2001).  Operating under the protection of one's own patent "does not constitute a defense to infringement of someone else's patent."  Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA, 944 F.2d 870, 879 n.4 (Fed Cir. 1991).

DISCUSSION

Ocean Duke asserts that it should be granted summary judgment because its supplier uses a "completely different patented process" to treat the products it sells, namely the process described in Patent No. 6,331,322 ("the Shih Patent"). (Mem. Supp. Mot. 8.) Ocean Duke asserts two grounds on which the process described by the Shih Patent is sufficiently distinct from the process of the Kowalski Patent so as to preclude infringement of it.[1]

First, Ocean Duke claims a difference in "the initial heating device and the respective materials used to generate the volatile compounds." (Mem. Supp. Mot. 9.) Ocean Duke claims that the Shih Patent "involves a process of heating charcoal in a vacuum oven, to a temperature of about 180°," which results in certain quantities of volatile compounds. It claims that, by contrast, the Kowalski Patent burns sawdust rather than charcoal, at an operable temperature range of 204°-501° C rather than 180° C, resulting in different quantities of

---

[1] In its reply memorandum, Ocean Duke also requests "an opportunity for further briefing by the parties on the summary judgment motion after the court rules on the claim construction motions, in order to take into account the claim construction rulings made by the court at or after the November 16, 2007 hearing." (Reply Mem. 10.) The Court does not need any additional briefing on the particular grounds of summary judgment raised in Ocean Duke's motion. In addition, to the extent that Ocean Duke may seek to raise additional arguments, or additional grounds for summary judgment in the further briefing of its motion, the request is similarly denied. To allow what would effectively be additional motions for summary judgment at this late stage in a nearly four year old case would not be appropriate.

volatile compounds than are produced by the Shih Patent's process. (Mem. Supp. Mot. 9 (citing to Ex. D, Iwaoka Report).)

HISI contends that Ocean Duke's arguments, which fail to discuss the language of the Kowalski Patent's claims, are insufficient to even trigger a duty to come forward with rebuttal evidence. (Mem. Opp. 7.) The Court need not decide the motion on these grounds, however, because a plethora of evidence indicates that genuine issues of material fact still exist. In its November 19 Claims Construction Order, the Court held that the phrase "heating organic material to generate smoke" included not only the use of sawdust as a smoking material, but also any carbon-containing materials, including "the charcoal that can be made from wood." (Nov. 19 Claims Construction Order 5.) In addition, the Court determined that "'heating' [is] not limited to the specific temperature ranges discussed in the patent's specifications." (Nov. 19 Claims Construction Order 5.) Finally, the claims at issue in the Kowalski Patent do not specify any particular quantity of volatile compounds, and so Ocean Duke's argument that the Shih Patent produces some other amount of compounds would not preclude a finding of infringement.

Second, Ocean Duke claims that the process of the Shih Patent and the process of the Kowalski Patent are different in terms of "the purity of the final

product used to treat the marine foods." (Mem. Supp. Mot. 9.) Ocean Duke claims (although again without discussing any particular claims in detail) that while "the Kowalski Patent uses a tower purification system that is made up of ice, two cloth filters, and activated carbon, to remove certain chemical constituents of smoke and smoke particulates, thereby producing the 'tasteless super-purified smoke.'" (Mem. Supp. Mot. 9.) Ocean Duke contends that the Shih Patent, on the other hand, "simply does not use anything resembling this process, but instead involves a separating device whose described function is to separate water vapor from the carbon monoxide . . . . [and] does not claim to "purify" the carbon monoxide by the method described in the Kowalski Patent." (Mem. Supp. Mot. 9-10.)

The Kowalski Patent, however, claims a variety of filtration processes beyond that described as the "Best Mode" of the invention in 1999. HISI provides evidence that Ocean Duke has in fact produced "filtered smoke," and so its process is not one that produces only carbon monoxide and water. (Mem. Opp. 12 (citing Ex. 3 at answer 1).) Moreover, HISI provides evidence to show that the Shih Patent's condensation process probably does "filter out or remove or reduce taste causing components." (Mem. Opp. 13 (citing Maga Report, Ex. 9.) This evidence establishes a genuine issue of material fact as to whether the processes actually used by Ocean Duke infringe on the process claimed by the Kowalski Patent.

Ocean Duke has "fail[ed] to either provide evidence that would preclude a finding of infringement" or "show[] that the evidence on file fails to establish a material issue of fact essential to the patentee's case," <u>Novartis Corp.</u>, 271 F.3d at 1046. Accordingly, Ocean Duke's motion for partial summary judgment is hereby DENIED.

## CONCLUSION

For the foregoing reasons, Ocean Duke's motion for partial summary judgment is hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 20, 2007

<u>Kowalski. v. Ocean Duke Corp.</u>, Civ. No. 04-00055 BMK; ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.