LOUISE K. Y. ING            2394-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:     ling@ahfi.com

TIMOTHY L. NEUFELD      Pro Hac Vice
PAUL S. MARKS           Pro Hac Vice
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:     tneufeld@neufeldlawgroup.com
            pmarks@neufeldlawgroup.com

Attorneys for OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Case No. CV04-00055 BMK <br><br> **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 (EXCLUSION OF STEVEN SHIH AS A WITNESS);** CERTIFICATE OF SERVICE <br><br> DATE:  November 26, 2007 <br> TIME:  2:00 p.m. <br> JUDGE:  Barry M. Kurren <br><br> Trial Date:  December 4, 2007 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* NO. 5
(EXCLUSION OF STEVEN SHIH AS A WITNESS)**

I.  INTRODUCTION AND ARGUMENT.

Defendant Ocean Duke Corporation opposes plaintiffs' request to exclude Steven Shih as a trial witness. Mr. Shih is a highly knowledgeable *percipient* witness, whose identity was disclosed to plaintiffs *early and often* in this litigation. Mr. Shih is the individual who developed the technology underlying the so-called "Shih patent," and it is he who owns the factory that processes the seafood that supposedly infringes on the Kowalski patent. As such, Mr. Shih has an impressive body of knowledge regarding the issues in this case.

Although Mr. Shih was listed as a "non-retained" expert witness by Ocean Duke, *that designation is hereby withdrawn*; Mr. Shih will only be called upon to provide percipient and -- if necessary and if permitted by the court -- "lay opinion" testimony.

A.  *Mr. Shih as an expert witness.*

The bulk of the plaintiffs' motion is focused on excluding Mr. Shih *as an expert witness.* Because that designation has been withdrawn, Mr. Shih will not be asked to provide expert witness testimony (such as testimony comparing the Kowalski patent to the Shih patent).

However, in providing percipient testimony about the Shih patent and the

processes used in his factory, Mr. Shih may well segue into testimony that some practitioners may consider dangerously close to improper expert witness testimony. For example, in describing how his process works to treat seafood for color retention, Mr. Shih may explain that, by using his process, he can obtain carbon monoxide at relatively low heating temperatures, because the charcoal is heated in a vacuum oven environment. As explained later in this memorandum, such testimony is either percipient testimony or "lay opinion" testimony, and should not be excluded, even though Mr. Shih is not being called as a designated expert witness.

B.   *Mr. Shih as a percipient witness.*

Plaintiffs note in their motion that "in reality infringement is shown by comparing ***what is actually done to make the allegedly infringing product*** against the claims of the patent, as defined by the Court." (Decl of M. Yasunaga, p. 4; emphasis added.) But this argument supports Ocean Duke's position. Mr. Shih is among a small group of people who have personal knowledge about what "is actually done to make the allegedly infringing product." Thus, his testimony on that point is certainly relevant and admissible. Ocean Duke urges that the motion be denied on this basis alone.

C.   *Purported Discovery Failings.*

Plaintiffs complain that Mr. Shih should be excluded because Ocean Duke's

discovery responses were not up to the level of snuff desired by plaintiffs. (Decl. of M. Yasunaga, ¶¶ 6, 8.) But this argument should fail for two reasons: (1) plaintiffs have had notice since 2006 that Mr. Shih would be a witness in this case; and (2) plaintiffs never requested or attempted to take discovery directly from Mr. Shih or his company.

First, under F.R.C.P. 26(a), a party must notify opposing counsel of intent to use a witness at least thirty days prior to start of the trial. Here, plaintiff was notified well before November 4, 2007 (30 days before trial) of defendant's intention of using Mr. Shih as a trial witness. It is uncontested that Mr. Shih was listed as a person with knowledge of the process used in the treatment of Ocean Duke's imported seafood *in July 2006,* in Ocean Duke's Supplemental Responses to Plaintiffs' First Request for Answers to Interrogatories. (*See* Exhibit B to plaintiffs' Declaration in Support of Motion, etc.) Furthermore Mr. Shih was again listed as a witness in the August 2007 expert witness designation, and the recently served and filed trial witness list. Plaintiff has had sufficient notice that Mr. Shih would be a witness in this trial.

Second, and perhaps more importantly, plaintiffs' argument misses an important point, and that is that Mr. Shih's factory is a *third party* in this lawsuit, with no formal connection to Ocean Duke other than the vendor-vendee relationship. There has been no showing that the documents that plaintiffs are

130855.1                                    4

complaining were not turned over are in the possession or under the control of Ocean Duke.  Ocean Duke produced in excess of 30,000 pages of discovery documents in this case, and respectfully submits that it was not required by the rules of discovery to travel to Bali to obtain the documentation that plaintiffs' complain is missing -- especially when plaintiffs themselves made no attempt to take discovery from Mr. Shih or his company in the over four years that this case has been pending.

D.   *The Motion to Change Venue.*

Plaintiffs assert, apparently, that they were tricked into inaction by certain statements Ocean Duke made in the beginning of the litigation.  As part of a motion to change venue filed in the year 2004, Roger Lin of Ocean Duke stated, among other things, that "all" of the witnesses who will testify are located in Los Angeles.  (*See* Exh. J to the Declaration in support of plaintiffs' motion.)  However, when the entire declaration is read, and Mr. Lin's statement is read *in context*, it is clear that Mr. Lin was only referring to employees of Ocean Duke.  He did not and could not, in that declaration, predict the future of this litigation, and the claims now being made by plaintiffs, or the legal defenses being asserted by Ocean Duke, so as to determine that a certain witness (Steven Shih) may be called upon to testify four years later.  The fact that the testimony of Mr. Shih was not planned for over three years ago, at the earliest stages of litigation, should not prevent the

testimony of such a valuable witness.

More importantly, Ocean Duke later disclosed Mr. Shih as a witness having knowledge of relevant information, well over a year before trial. Notwithstanding this disclosure of Mr. Shih as a witness, plaintiffs now (parenthetically) assert that they "relied" on Ocean Duke's statements in the motion to change venue. (*See* Decl. of M. Yasunaga, p. 8)  But plaintiffs do not explain *how* they relied on those statements. If the idea (though unstated) is that plaintiffs chose not to do their own investigations in Bali from the year 2004 up to the present, based on a statement appearing in a motion to change venue -- and that defendant should therefore be prohibited from presenting trial testimony from the factory owner in Bali -- then plaintiffs should say so explicitly. Perhaps more significantly, plaintiffs should also explain why they relied on the statement in the motion to change venue (which was not explicitly directed to the discovery of witnesses with knowledge) whereas they did not (apparently) rely on the July 2006 discovery response, which specifically listed Mr. Shih as a person with knowledge in response to a direct question.

E.      *Lay Witness Opinion.*

Since Mr. Shih is not testifying as an expert witness, but rather as a percipient witness, he is not subject to court-ordered deadlines for expert witness opinions and reports. The question then arises as to whether he should be allowed

to testify to any "lay opinions" he may have.

The Federal Rules of Evidence state that lay opinion testimony is admissible so long as it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge." (Fed. R. Evid. 701.)  The Ninth Circuit Court of Appeals has held that "[l]ay opinion is appropriate when a witness cannot explain through factual testimony the combination of circumstances that led him to formulate the opinion." (*Fireman's Fund Ins. Companies v. Alaskan Pride Partnership*, 106 F. 3d 1465, 1467 (9th Cir. 1997).)  The cases have held that "[i]f it is impossible or difficult to reproduce the data observed by the witnesses, or the facts are difficult of explanation, or complex, or are a combination of circumstances and appearances which cannot be adequately described and presented with the force and clearness as they appeared to the witness, the witness may state his impressions and opinion based upon what he observed." (*United States v. Skeet*, 665 F. 2d 983, 985 (9th Cir. 1982); *see also United States v. Yazzie*, 976 F.2d 1252, 1255 (9th Cir. 1992).)  To be admissible, lay opinion testimony must be "predicated upon concrete facts within [the witness's] own observation and recollection -- that is, facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." (*Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 847-48 (10th Cir. 1979).)

In describing the processes used to treat the seafood he sells to Ocean Duke, Mr. Shih clearly meets the requirements of a lay witness giving opinion testimony, because he has first-hand knowledge of the processes he developed and that his company uses, as both the creator of the Shih process and the owner/manager of the plant that treats Ocean Duke's seafood. Mr. Shih's testimony will be able to provide the jury with information that otherwise might be unavailable and that will be helpful to ultimate resolution of this case.

## II.   CONCLUSION.

In conclusion, Steven Shih is a lay witness who will be called upon to testify to factual and percipient information regarding the processes his company uses for treating seafood. Such testimony is highly relevant to the facts in issue and will provide valuable information to the trier of fact. Defendant Ocean Duke Corporation respectfully urges that this motion be denied.

DATED: Los Angeles, California, November 20, 2007.

/s/ Paul S. Marks_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for Defendant Ocean Duke