LOUISE K. Y. ING          2394-0
ALLISON KIRK GRIFFITHS    8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:     ling@ahfi.com
            agriffiths@ahfi.com

TIMOTHY L. NEUFELD        *Pro Hac Vice*
PAUL S. MARKS             *Pro Hac Vice*
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:     tneufeld@neufeldlawgroup.com
            pmarks@neufeldlawgroup.com

Attorneys for Defendant
OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Civil No. CV04-00055 BMK <br><br> **DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #7 RE EXCLUDING COMPARISON OF THE KOWALSKI PATENT AND THE SHIH PATENT, ETC., FILED 11/14/07;** DECLARATION |

662,518 / 8827-1

| | |
|---|---|
| | OF LOUISE K. Y. ING; EXHIBIT A; CERTIFICATE OF SERVICE |
| | DATE: November 26, 2007<br>TIME: 2 p.m.<br>JUDGE: Barry M. Kurren |
| | TRIAL: December 4, 2007 |

### DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #7 RE EXCLUDING COMPARISON OF THE KOWALSKI PATENT AND THE SHIH PATENT, ETC., FILED 11/14/07

This Court should deny Plaintiffs' Motion in Limine #7 to the extent it seeks a blanket exclusion of evidence and testimony comparing the Kowalski and Shih patents, processes or equipment.  The relief sought in Plaintiffs' motion is confusing and unclear but seems to request exclusion of a variety of evidence and testimony comprising (a) "comparison of the Kowalski patent and Shih patent", (b) "statements indicating that lack of infringement can be shown by owning a patent" or "being under another patent" or "by comparing patents or equipment" or (c) "comparing the process of" the Shih patent "with a drawing" in the Kowalski patent. *Motion in Limine #7, at 2*.

The sole support for the motion is the declaration of Plaintiffs' counsel, which seeks relief beyond that requested in the motion[1] and should be

---

[1] Mr. Yasunaga's declaration seeks relief beyond that stated in the motion in asking for exclusion of testimony from Ocean Duke's expert Dr. Wayne

662,518 / 8827-1                                      2

disregarded because it violates Local Rule 7.6.  A declaration should "contain only facts" and "shall avoid conclusions and argument."  *LR 7.6.*  Mr. Yasunaga's declaration, in contrast, contains no factual contentions after paragraph 1 and instead contains legal argument, legal citations and expanded requests for relief.  "[D]eclarations not in compliance with this rule may be disregarded by the court."  *Id.*

> Even if this court ignores the deficiencies in the declaration and considers the substance of the motion, such as it is, the broad evidentiary exclusion sought by Plaintiff should be denied.  It is true that infringement is not determined merely by whether the accused infringer itself has a patent, *Vaupel Textilmaschinene KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 879 n. 4 (Fed. Cir. 1991), *cited in Yasunaga Dec.*, at 2), or by identifying the features of the accused product which differ from the patentee's patent, *Amstar Corp. v. Envirotech Corp.*, 730 F.3d 1476, 1481-84 (Fed. Cir. 1984), *cited in Yasunaga Dec.,* at 2.  However, evidence relating to the Shih patent has a broader purpose.  The infringement analysis does involve comparing the claims of the Plaintiff's

---

Iwaoka purportedly comparing "product of the patent holder [Kowalski] with the product of the alleged and  infringer - Ocean Duke" (*Yasunaga Declaration,* ¶ 4, *at 2-3*) and criticizing vague, undefined terminology in the Kowalski patent such as "steamified."

patent with the accused process or device. *Vaupel,* 944 F.2d at 879 n. 4.*; Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998) (citations omitted). Ocean Duke contends that the Shih patent was issued outside of the "operable" temperature range stated in the Kowalski patent's specification and teaches a distinct, patentable process. Thus, Ocean Duke should be allowed to introduce evidence and testimony comparing the processes practiced under the Shih patent against the specification and claims of the Kowalski patent.

Moreover, evidence that Ocean Duke was importing and selling fish processed pursuant to another patent obtained OVER the Kowalski patent bears on Ocean Duke's contention that it was not objectively willful and therefore, cannot be held liable for enhanced damages. "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its action constituted infringement of a valid patent." *In re Seagate Technology LLC*, 497 F.3d 1360, 1371, 83 USPQ2d (Fed. Cir. 2007). Messrs. Lin, Shih, and Cardile and Prof. Iwaoka should be allowed to compare the processes, methods and product claimed in the Kowalski patent with the processes, methods and product claimed and practiced under the Shih patent in order to show that Ocean Duke had a rational, objective basis for believing that the Shih patent taught a new and patentable process, distinct from the Kowalski patent. Such a showing is relevant to Ocean Duke's position that it

did not willfully infringe the Kowalski patent by importing and selling fish treated pursuant to the Shih patent. *In re Seagate Technology LLC*, 497 F.3d at 1371 ("Accordingly, we overrule the standard set out in Underwater Devices and hold that proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness").

Moreover, the challenged evidence is relevant to Ocean Duke's defense that the Kowalski patent should be invalidated due to failure to meet the "written description" requirement and for indefiniteness under 35 U.S.C. § 112, ¶¶ 1 and 2. *See Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1478-80 (Fed. Cir. 1998). "Patents may be held invalid for failure to meet the written description requirement of 35 U.S.C. § 112 when narrow specifications fail to support a broad claim." *Order Granting Motion for Clarification and Reconsideration of Claims Construction Order, at 4-5, filed in Tuna Processors, Inc. v. Hawaii International Seafood, Inc., Civ. No. 05-00517 BMK and related cases (11/15/07)(quoting Gentry Gallery, at 1479), attached as Ex. A ("TPI Reconsideration Order")*.

Section 112 governs the content of a patent's specification and the structure of the claims. Section 112, ¶ 1, provides in relevant part:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full,

> clear, and exact terms as to enable any person skilled in the art to which it pertains, . . . to make and use the same.

35 U.S.C. § 112, ¶ 1. Whether a specification complies with the "written description" requirement is a question of fact. *Gentry, 134 F.3d at 1479 (citations omitted)*. To meet that requirement, a patent specification "must clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed." *Id. (citations omitted)*. Ocean Duke should be allowed to present evidence contrasting the process taught in the Kowalski patent's specification to the process taught by the Shih patent to show that "the scope of [Kowalski's] right to exclude" is limited to a different temperature range than the Shih patent and the "written description" requirement therefore is not satisfied.

The second paragraph of ¶ 112 is the basis for the indefiniteness defense and focuses on the requirements for a patent's claims: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." *Id., § 112, ¶ 2*. The definiteness requirement of § 112, ¶ 2, "focuses on whether the claims, as interpreted in view of the written description, adequately perform their function of notifying the public of the [scope of the] patentee's right to exclude." *Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1338 (Fed. Cir. 2003) (*citing S3 Inc. v. VIDIA Corp.*, 259 F.3d 1364, 1371-72 (Fed. Cir. 2001)). Ocean

Duke should be allowed to present evidence of the deficiencies in the language of the Kowalski patent's claims to show that the claims do not provide sufficient details and guidance to adequately inform the public of the scope of Kowalski's "right to exclude." In its TPI Reconsideration Order, the Court left the door open for such a showing, stating that "[w]hile the Court continues to believe that the specifications of the Kowalski Patent describe a process significantly more limited than the 'heating' claimed in Claims 1 and 67, these limitations may not be read into the broad claim." *Order, at 6 (citations omitted)*. However, the Order notes that TPI is free at the appropriate time "to challenge the validity of this claim based on the failure to adequately describe 'heating' in the specifications [or claims]." *Id., at 6-7*. Ocean Duke should be free to do so as well.

**Conclusion**

For the foregoing reasons, Plaintiffs' Motion in Limine #7 should be denied. Evidence comparing the Kowalski and Shih processes and gas product that Plaintiffs seek to exclude is relevant to Ocean Duke's contention that its rational and reasonable reliance on "new and different" technology defeats any claims by Plaintiffs for enhanced damages based on willful infringement. The evidence is also relevant to Ocean Duke's contention that the process taught by the Shih patent is outside the claims of the Kowalski patent as narrowed by the specification. Evidence about the deficiencies in and vagueness of the Kowalski

claim language is relevant to Ocean Duke's contention that claims 1, 33, 67, 68 and 69 of the Kowalski patent are invalid due to indefiniteness.

DATED: Honolulu, Hawai`i, November 20, 2007.

/s/ Louise K. Y. Ing
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION