LOUISE K. Y. ING            2394-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:     ling@ahfi.com

TIMOTHY L. NEUFELD     Pro Hac Vice
PAUL S. MARKS          Pro Hac Vice
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:     tneufeld@neufeldlawgroup.com
            pmarks@neufeldlawgroup.com

Attorneys for OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | Case No. CV04-00055 BMK<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 4 (EXCLUSION OF CHARLES CARDILE AS A WITNESS);** DECLARATION OF CHARLES CARDILE; DECLARATION OF PAUL S. MARKS; EXHIBITS A AND B; CERTIFICATE OF SERVICE<br><br>DATE:  November 26, 2007<br>TIME:  2:00 p.m.<br>JUDGE:  Barry M. Kurren<br>Trial Date:  December 4, 2007 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 4 (EXCLUSION OF CHARLES CARDILE AS A WITNESS)**

I.     INTRODUCTION AND ARGUMENT

Defendant Ocean Duke opposes the motion to exclude Charles Cardile as a trial witness.

Local Rule 16.6 requires the parties to submit a pre-trial statement including, among other things, "a list of all witnesses likely to be called at trial, except for impeachment or rebuttal, together with a brief statement [of their expected testimony]." It is undisputed that defendant Ocean Duke complied with this requirement in listing Mr. Cardile as a trial witness; further, Ocean Duke properly listed Mr. Cardile in its final witness list that was served and filed just last week.

Thus, plaintiffs' motion *in limine* to exclude Mr. Cardile boils down to two arguments:

1.     Mr. Cardile should not be allowed to give expert opinion testimony, since he was not timely designated as an expert witness; and

2.     Mr. Cardile's identity was not disclosed in discovery responses as a "person with knowledge"; hence, he should not be allowed to testify at all.

Ocean Duke will address both of these issues in sequence.

A.     <u>Mr. Cardile as an Expert Witness.</u>

Plaintiffs are correct that Mr. Cardile was not put forth as an expert

witness when Ocean Duke designated its trial expert witnesses on August 15, 2007. Thus, to the extent Mr. Cardile's testimony description suggests that he will be presenting expert opinion testimony, that part of the description is hereby withdrawn. As stated in the accompanying Declaration of Charles Cardile, he will testify solely as a percipient fact witness, to describe the processes he has witnessed in operation at Mr. Shih's facilities in Bali. Such testimony is clearly relevant to the question of whether the process used to treat the seafood Ocean Duke imports and sells infringes upon the Kowalski patent.

Ocean Duke respectfully urges that plaintiffs' motion be denied, and that Mr. Cardile be permitted to testify as to his percipient knowledge of this case.

B.   *Alleged Failure to Disclose Mr. Cardile in Discovery.*

Plaintiffs complain that Mr. Cardile's identity was not disclosed as a "person with knowledge" in discovery responses. However, Mr. Cardile was considered as an appropriate witness to testify at trial only *after* his identity was disclosed to plaintiffs' counsel. (*See* Declaration of Paul S. Marks, ¶ 3.) That disclosure took place during the deposition of one of Ocean Duke's executives, Duke Lin. It was right after that deposition that Ocean Duke concluded that Mr. Cardile would be a good witness to describe what takes place at the facility that supplies seafood to Ocean Duke. (*See* Declaration of Paul S. Marks, ¶¶ 2, 3.)

Thus, as described below, Mr. Cardile's identity was, in fact, disclosed to

130856.1                                       3

plaintiffs during discovery; further, as shown below, there has been no showing of prejudice to plaintiffs.

1. <u>No Showing that Plaintiffs Would Have Done Anything Different.</u>

Plaintiffs assert "great prejudice" if Mr. Cardile is allowed to testify in this lawsuit. (Decl. of M. Yasunaga, ¶ 8.) However, this allegation by plaintiffs begs an important question:

> What exactly would plaintiffs have done differently, if Mr. Cardile had been disclosed in July 2006, at the same time Ocean Duke disclosed Mr. Shih and Mr. Lin as "persons with knowledge"?

The answer, almost certainly, is that plaintiffs ***would have done absolutely nothing differently.***

As of July 2006, plaintiffs knew the identities of Messrs. Lin and Shih, through discovery responses by Ocean Duke. However, plaintiffs ***never*** sought or even ***asked for*** the deposition of Mr. Shih. (*See* Declaration of Paul Marks, ¶ 4.) Further, plaintiffs requested and took Mr. Lin's deposition only ***at the very last minute --*** even ***after*** defendant Ocean Duke had requested Mr. Kowalski's deposition. (*See* Declaration of Paul S. Marks, ¶ 4.) In addition, plaintiffs never asked to conduct (and never in fact conducted) ***any*** discovery in Bali, even though plaintiffs have known about Mr. Shih's facilities there for well over a year.

130856.1                                    4

(*See* Declaration of Paul S. Marks, ¶ 4.)  In addition, plaintiffs apparently have never done any private investigation into Ocean Duke's supplier in Bali. (*See* Declaration of Paul S. Marks, ¶ 4, Exh. B.)

Based on the foregoing, it is perfectly reasonable to assume that if Ocean Duke had disclosed Mr. Cardile's name to plaintiffs in July 2006, plaintiffs would not have done anything different from what they ended up doing in this case. Plaintiffs only took the depositions of Ocean Duke's key executives at the very last minute (indeed, after the discovery cutoff).  Plaintiffs never attempted to take Mr. Shih's deposition or investigate his facility, either through formal discovery or privately.  Why would plaintiffs have done anything different in the case of Mr. Cardile?  Mr. Cardile is not a resident of Hawaii, and he is not a party to this lawsuit, so any attempt (under normal circumstances) to take discovery from him would have required advance planning, and perhaps even the intervention of other courts in the jurisdiction where Mr. Cardile resides (New York).  Plaintiffs' litigation conduct to date strongly suggests that it is highly unlikely that there would have been any attempt to determine what Mr. Cardile knows about this case through the discovery process.  Thus, it does not appear from the facts now before the court that plaintiffs will suffer any prejudice from Ocean Duke's failure to disclose Mr. Cardile in discovery responses.[1]

---

[1] Even if prejudice could be shown, that prejudice could be cured by permitting

2.     Case Precedent.

The courts have generally exhibited a reluctance to impose witness or evidence preclusion as an automatic sanction for failure to disclose during discovery. (*See Wechsler v. Macke Intern. Trade, Inc.*, 221 F.R.D. 619, 621 (C.D. Cal. 2004) (allowing non-disclosed witness to be called where there was "substantial justification" for failure to disclose); *Equant Integrations Services, Inc. v. United Rentals (North America),Inc.*, 217 F.R.D. 113, 118 (D. Conn. 2001) (holding that "preclusion is a drastic remedy" that is "generally ordered only where the court finds that the party's failure to comply with the requirements was both unjustified and prejudicial"); *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (holding that preclusion under Rule 37 is a drastic remedy to be applied only in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure); *Newman v. CHS Osteopathic Inc.*, 60 F.3d 153, 156 (3d Cir. 1995) (holding that "even under Rule 37, the imposition of sanctions for abuse of discovery . . . is a matter within the discretion of the trial court," and finding that the district court did not abuse that discretion in refusing to exclude testimony of two witnesses who were not named in pre-trial disclosures); *see generally* 7 Moore's Federal Practice §§ 37.60[2][b] & 37.61).

---

plaintiffs to take Mr. Cardile's deposition at this point. Because Mr. Cardile has been under contract with Ocean Duke, and because Ocean Duke is now putting Mr. Cardile forward as a trial witness, Ocean Duke could work with plaintiffs on timing and logistical issues to ensure that the deposition proceeds smoothly.

Here, plaintiffs learned of Mr. Cardile's identity as soon as defendant Ocean Duke considered using him as a witness. Further, it is reasonable to assume that plaintiffs would not have taken Mr. Cardile's deposition, even if he had been disclosed earlier. Under the facts of this case and the governing law, Ocean Duke respectfully urges denial of the motion.

3.   The Motion to Change Venue.

Plaintiffs seem to assert that they were tricked into inaction on certain witnesses, as a result of a statement Ocean Duke made in the beginning of this litigation. As part of a motion to change venue filed in the year 2004, Roger Lin of Ocean Duke stated, among other things, that "all" of the witnesses who will testify are located in Los Angeles. (*See* Exh. J to the Declaration in support of plaintiffs' motion.) However, when the entire declaration is read, and Mr. Lin's statement is read *in context*, it is clear that Mr. Lin was only referring to employees of Ocean Duke. He did not and could not, in that declaration, predict the future of this litigation, and the claims now being made by plaintiffs, or the legal defenses being asserted by Ocean Duke, so as to determine that a certain witness (Charles Cardile) may be called upon to testify four years later. The fact that the testimony of Mr. Cardile was not planned over three years ago, at the earliest stages of litigation, should not prevent the testimony of such a valuable witness.

More importantly, Ocean Duke later disclosed Mr. Cardile's identity during

the deposition process. Notwithstanding this disclosure, plaintiffs now suggest that they "relied" on Ocean Duke's statements in the motion to change venue. (*See* Decl. of M. Yasunaga, p. 8.) But plaintiffs do not explain *how* they relied on those statements. If the idea (though unstated) is that plaintiffs chose not to take depositions until October 2007, based on a statement appearing in a motion to change venue -- and that defendant should therefore be prohibited from presenting trial testimony relating to what happens in the factory in Bali -- then plaintiffs should say so explicitly.

    4.    <u>Lay Witness Opinion.</u>

Since Mr. Cardile would be testifying not as an expert witness, but rather as a percipient witness, he is not subject to court-ordered deadlines for expert witness opinions and reports. The question then arises as to whether he should be allowed to testify to any "lay opinions" he may have.

The Federal Rules of Evidence state that lay opinion testimony is admissible so long as it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge." (Fed. R. Evid. 701.) The Ninth Circuit Court of Appeals has held that "[l]ay opinion is appropriate when a witness cannot explain through factual testimony the combination of circumstances that led him to formulate the opinion." (*Fireman's*

*Fund Ins. Companies v. Alaskan Pride Partnership*, 106 F. 3d 1465, 1467 (9th Cir. 1997).)  The cases have held that "[i]f it is impossible or difficult to reproduce the data observed by the witnesses, or the facts are difficult of explanation, or complex, or are a combination of circumstances and appearances which cannot be adequately described and presented with the force and clearness as they appeared to the witness, the witness may state his impressions and opinion based upon what he observed." (*United States v. Skeet*, 665 F. 2d 983, 985 (9th Cir. 1982); *see also United States v. Yazzie*, 976 F.2d 1252, 1255 (9th Cir. 1992).)  To be admissible, lay opinion testimony must be "predicated upon concrete facts within [the witness's] own observation and recollection -- that is, facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." (*Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 847-48 (10th Cir. 1979).)

In describing the processes used to treat the seafood he sells to Ocean Duke, Mr. Cardile would meet the requirements of a lay witness giving opinion testimony, because he has first-hand knowledge of the processes he has witnessed in Bali.  As such, Mr. Cardile's testimony will be able to provide the jury with information that otherwise might be unavailable and that will be helpful to ultimate resolution of this case.

II.   **CONCLUSION.**

Plaintiffs have noted that "in reality infringement is shown by comparing

*what is actually done to make the allegedly infringing product* against the claims of the patent, as defined by the Court." (Decl of M. Yasunaga, p. 4; emphasis added.)  Charles Cardile is one of the key witnesses who can do just that.  He is being proposed as a lay witness who will be called upon to testify to factual and percipient information regarding the processes that Mr. Shih's company uses for treating seafood sold to Ocean Duke.  Such testimony is highly relevant to the facts in issue and will provide valuable information to the trier of fact.  Defendant Ocean Duke Corporation respectfully urges that this motion be denied.

DATED:  Los Angeles, California, November 20, 2007.

/s/ Paul S. Marks_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for defendant Ocean Duke Corp.