IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | Case No. CV04-00055 BMK |
| Plaintiffs, | **DECLARATION OF CHARLES CARDILE** |
| v. | |
| OCEAN DUKE CORPORATION, | |
| Defendant. | |

## DECLARATION OF CHARLES CARDILE

I, Charles Cardile, declare as follows:

1.    I am a consultant to companies in the seafood industry with respect to
matters involving regulatory compliance. I have personal knowledge of the facts
set forth herein, except where otherwise indicated, and if called upon to do so,
I could and would testify thereto in a court of law, under oath.

2.    I was retained in approximately 1986 by Ocean Duke Corporation.
Among other things, I was asked to visit a facility located in Bali, Indonesia,
named PT Inti Samudera Citra Perkasa in 1998. The owner of that facility is Mr.
Steven Shih, and I will hereafter refer to this facility as "Mr. Shih's factory." Since
1998, I have visited Mr. Shih's factory on at least fourteen (14) separate occasions
in the course of my retention for Ocean Duke.

3.    Our initial retention was to compose the "Hazard Analysis Critical
Control Points" Plan ("HACCP Plan") for Mr. Shih's factory. Once we achieved
this, we were retained to assure that all HACCP monitoring records and sanitation
was in place for audit inspections by the National Marine Fisheries Service
("NMFS") of the United States Department of Commerce ("USDC").

4.    In addition, on September 3, 1998 NMFS came out with a policy that
any tuna processor who wished to have "lot inspections" performed in the United
States on imported tuna products, and was using any system to produce carbon

1

monoxide, must be verified by audit inspections twice a year. We have been involved in monitoring those inspections for Mr. Shih's factory. Specifically, I have been to Mr. Shih's factory and have observed the mechanism that produces CO in that factory. I was told the CO was being produced pursuant to a patented process developed by Mr. Shih. I have also witnessed the treatment of seafood, including tuna products, by this process at the Shih factory. These observations were made on or about twelve (12) separate occasions over the last decade.

5.    On those occasions, I was requested to observe the machine in action and make recommendations for safety (proper ventilation), production and storage of CO, application to the seafood, and treatment time. My company also introduced Steven Shih to a testing system to determine the concentration of CO produced by the process. Finally, we have been asked to explain the system to the NMFS during inspections, and have done so on several occasions.

6.    Other than Mr. Shih himself, I believe that I am one of the most knowledgeable persons, if not the most knowledgeable person, when it comes to describing the Shih process and how it actually works to treat the seafood that is produced for Ocean Duke. I have been asked by Ocean Duke to testify to my knowledge about the actual treatment processes at the Shih factory that I have observed over the last decade, and would welcome the opportunity to so testify.

2

I declare under penalty of perjury under the laws of Hawaii and the United States of America that the foregoing is true and correct.

Executed on November 19, 2007, at _____*New York*_____.

*Charles J. Cardile*

**CHARLES CARDILE**