IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Case No. CV04-00055 BMK <br><br> **DECLARATION OF PAUL S. MARKS** |

**DECLARATION OF PAUL S. MARKS**

I, Paul Marks, declare:

1. I am counsel to Ocean Duke Corporation, and I have knowledge of the facts set forth herein, and could and would testify under oath to the matters set forth herein.

2. The identity of Charles Cardile was disclosed to plaintiffs counsel during the deposition of Duke Lin on October 9, 2007. Mr. Lin is one of the executives of Ocean Duke Corporation. A true and correct copy of the brief passage where Mr. Cardile's name was brought up is attached hereto as Exhibit A.

3. Immediately following that deposition, Ocean Duke Corporation and its counsel discussed trial preparation and trial witnesses, and determined that Mr. Cardile might be a good witness to testify as to the Shih patent and the Shih

process. Specifically, it was discussed that Mr. Cardile might be more easily available than Mr. Shih, and that Mr. Cardile would be more helpful to the trier of fact because he speaks English, unlike Mr. Shih. Ocean Duke executives then contacted Mr. Cardile to determine his availability and willingness to testify. Once that contact was made, we added Mr. Cardile to the witness list in both our Pre-Trial Statement (filed October 16, 2007) and our final witness list (filed November 13, 2007).

    4.    This part of my declaration relates to the argument that plaintiffs would not have taken discovery from Mr. Cardile if his identity had been disclosed earlier. To the best of my knowledge and belief, plaintiffs in this case never sought or even asked for the deposition of Mr. Shih -- whose testimony describing his patented process would be very similar to the testimony of Mr. Cardile, and ***who had been listed as a witness in discovery responses in July 2006.*** Further, plaintiffs requested and took the deposition of Roger Lin (also disclosed in July 2006) only at the very last minute, with the deposition itself taking place *after* the discovery cutoff. Further, Mr. Lin's deposition was requested for the first time *after* defendant Ocean Duke had requested Mr. Kowalski's deposition. In addition, plaintiffs never asked to conduct (and never in fact conducted) any formal discovery in Bali, even though plaintiffs have known about Mr. Shih's facilities there for well over a year. Finally, plaintiffs apparently have never done any

private investigation into Ocean Duke's supplier in Bali. This fact was testified to by Mr. Kowalski in his deposition, a true and correct copy of the relevant pages of which are attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of Hawaii and the United States of America that the foregoing is true and correct.

Executed on November 20, 2007, at Los Angeles, California.


/s/ Paul S. Marks_____
PAUL S. MARKS