CADES SCHUTTE LLP

MILTON M. YASUNAGA   3058-0
MARTIN E. HSIA          2954-0
ALLISON MIZUO LEE    7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO HAWAII INTERNATIONAL SEAFOOD AS A PLAINTIFF FOR LACK OF STANDING; DECLARATION OF MILTON M. YASUNAGA; EXHIBITS "A" – "D"; CERTIFICATE OF SERVICE** <br><br> <u>Hearing</u> <br> **Date: November 26, 2007** <br> **Time: 2:00 pm** <br> **Judge: Hon. Barry M. Kurren** <br><br> **TRIAL DATE: December 4, 2007** |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO HAWAII INTERNATIONAL SEAFOOD AS A PLAINTIFF FOR LACK OF STANDING

## I.    INTRODUCTION

Defendant Ocean Duke Corporation ("***Ocean Duke***") filed a Motion in Limine to Exclude Reference to Hawaii International Seafood, Inc. As A Plaintiff For Lack of Standing on November 13, 2007 (the "***Motion***").  The Motion seeks "an order precluding plaintiffs and their representatives, attorneys, and witnesses from arguing or presenting any evidence of, or commenting on, Hawaii International Seafood, Inc.'s purported status as a plaintiff in this case or its claim for damages, including but not limited to its claim for lost profits."  Mot. at 2.  To the extent that Ocean Duke seeks to preclude Plaintiffs William R. Kowalski ("***Kowalski***") and Hawaii International Seafood, Inc. ("***HISI***") from presenting argument and evidence that Kowalski suffered as a part of **his** damages the lost profits of his wholly owned company HISI, the Motion should be denied because:

(1)    The Motion is an improper attempt by Ocean Duke to obtain summary judgment after the dispositive motion deadline cut-off on a defense that has been waived,

(2)    The Motion seeks to assert a defense already waived and barred by Ocean Duke's failure (in contravention of the discovery rules AND the order compelling discovery against Ocean Duke) to properly respond to Interrogatory 3 directing Ocean Duke to describe its defenses in detail and **Interrogatory 4 directing Ocean Duke to state "if Ocean Duke contends that lost profits are not awardable [and] set forth in detail the basis for such contention"**, and

(3)    Kowalski has standing to seek as a part of the damages **he** suffered as a result of Ocean Duke's infringement, the lost profits of his wholly owned company HISI.[1]

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The record shows:

(1) Ocean Duke has long had notice of the facts relevant to its tardy defense that lost profit damages are allegedly inappropriate because Kowalski, not HISI, is the owner of the patent and

(2) Ocean Duke without excuse failed to timely assert its lost profits defense, and thus violated:

(a) the rules for responding to discovery requests,

(b) the Court's order compelling discovery from Ocean Duke, and

(c) the Court's August 15, 2007 deadline for motions for summary judgment (the defense was also not asserted until long after the October 5, 2007 discovery cutoff).

On January 25, 2000, Ocean Duke received from Kowalski a notice of infringement letter which made clear that Kowalski is the owner of the patent and owns the rights to grant licenses. See Ex. "A" ("Kowalski, owner of the Patent" and "The patent owner prefers to avoid the need for litigation, and is therefore offering licenses").

---

[1] (Double recovery is not being sought, and the inclusion of HISI as a co-plaintiff actually protects Ocean Duke because it removes any concern by Ocean Duke that it might face exposure to double recovery, such as might theoretically occur if Kowalski was the only plaintiff in this suit, leaving open the risk that HISI might sue later in a separate suit.)

The Complaint was filed and served on January 27, 2004, and it too made clear that Kowalski is the owner of the patent and owns the licensing rights. See Compl. at ¶ 4, 12.

Plaintiffs commenced discovery promptly on October 15, 2004 by serving their First Request for Answers to Interrogatories ("*Plaintiffs' 1st RAI*").

**Interrogatory 4 expressly directed Ocean Duke to state whether it "contends that <u>lost profits</u> are not awardable [and] set forth in detail the basis for such contentions":**

> INTERROGATORY NO. 4:  Assuming liability can be proven, **state all facts, contentions, and theories that relate to Ocean Duke's position as to damages Ocean Duke may owe** (including specifically stating:  for any reasonable royalty theory, all products and processes constituting the royalty base, the royalty rate applied to each such product and process, Ocean Duke's contentions on any factor relevant to a hypothetical negotiation, any other factor that Ocean Duke contends supports a reasonable royalty calculation, and the amount of damages; for any theory other than reasonable royalty, the method of calculation, all products and processes of Ocean Duke or any other entity relevant to such calculation, the revenue or other base for each such product and process, the profit margin or other rate applied in Ocean Duke's calculation, any other factor that Ocean Duke contends supports the calculation, and the amount of damages; **<u>if Ocean Duke contends that lost profits are not awardable, set forth in detail the basis for such contentions</u>**; set forth in detail all bases for contesting that such infringement by Ocean Duke is willful; for any theory of pre-judgment and post-judgment interest, the interest rate, the basis for selecting such rate, the method of calculating the interest, and the amount of interest).

Ex. "B" (Ocean Duke's Suppl. Resp. to Plts' 1st RAI) at No. 4 ("*Interrogatory No. 4*").  Ocean Duke's response consisted merely of objections and a refusal to provide ANY information at all about its damage positions:

RESPONSE TO INTERROGATORY NO. 4: Objection. Vague and ambiguous, compound, attorney-work product; improper hypothetical. Ocean Duke Corporation alleges in response to this Interrogatory that **liability cannot be proven; hence any position it may take on damages at this point in the litigation would be hypothetical, speculative, and covered by attorney-client privilege** and work product.

<u>Id.</u> Thus, although Interrogatory 4 asked Ocean Duke point blank to state whether it was contending that lost profit damages are not awardable, Ocean Duke never stated the lost profits defense it now seeks to raise long after all due dates.

The lost profits defense should also have been mentioned in response to Interrogatory No. 3, which requested that Ocean Duke:

> **Explain** with particularity (and as to each claim of the '401 patent) **and identify all reasons, facts,** references, prior art, documents, **and bases for** or relating to **each of Ocean Duke's claims, contentions, positions, defenses,** or affirmative defenses; the identities of the persons with knowledge of the above information and the substance of the knowledge of each person.

Ex. "B" at No. 3 ("***Interrogatory No. 3***"). Ocean Duke's first response refused to give any information until a protective order was filed, and its supplemental answer mentioned only a defense of non-infringement, and notably did NOT mention inability to sue for lost profits:

> Discovery is continuing into the prior art relating to the '401 patent and otherwise in response to this Interrogatory. In general, Ocean Duke imports fish that have been processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,332, issued on or about December 18, 2001, to Chi-Hsing Shih and Tien Pao Chiu. That patent and the processes, disclosures, claims and teaching thereunder are completely different from the patent alleged in plaintiff William R. Kowalski's complaint on file herein. To Ocean Duke Corporation's knowledge, in the

course of its business Ocean Duke Corporation has never acquired, purchased, stored, owned, held possession of, or sold any fish treated with the '401 patent alleged by plaintiff.

Id. (the Suppl. Resp. attached a copy of the original responses at the back).

Ocean Duke was so dilatory in carrying out its duty to respond to discovery that, on October 25, 2006, the Court entered a Stipulated Order Compelling Discovery From Defendant Ocean Duke Corporation stating:

> 1.  Ocean Duke shall provide Plaintiffs with full and substantive written responses to Plaintiffs' First Request for answers to Interrogatories by no later than July 5, 2006.[2]
>
> . . . .
>
> 4.  Defendant is further reminded of its duty to timely supplement any discovery response pursuant to Rule 26e.
>
> 5.  Appropriate sanctions will be imposed by the Court in the event of non-compliance with this order.

Ex. "C" (Order Compelling Discovery from Ocean Duke.

The motions for summary judgment cutoff lapsed on August 15, 2007. See Stipulation to Extend Deadlines for Disclosure of Expert Witnesses and Order filed 6/4/07, at 2 ("and dispositive motion cutoff are extended to August 15, 2007"). The discovery cut-off lapsed on October 5, 2007. See Am. Rule 16 Scheduling Order, filed 1/23/07, at 3. Ocean Duke did not further supplement its response to

---

[2]  The July 5, 2006 due date for Ocean Duke to provide "full and substantive written responses" to the interrogatories fell earlier than the date of the order because, although the July 5, 2006 due date had been established before July 5, 2006, there was a delay in getting the order filed.

Interrogatory Nos. 3 or 4, even as of today.  See Yasunaga Decl. ¶ 3.

In contrast to Plaintiffs' prompt discovery attempts, Ocean Duke waited until August 15, 2007 to serve any interrogatories and document requests on Plaintiffs and also to notice Kowalski's deposition.  Although Ocean Duke appears to imply that it should be allowed to raise its late lost profits defense because of "new" information revealed in Kowalski's deposition, Ocean Duke chose the time frame for taking Kowalski's deposition and the late taking of the deposition is entirely Ocean Duke's fault.[3]  Thus, even assuming information from Kowalski's November 1-2, 2007 deposition alerted Ocean Duke to issues previously unknown to Ocean Duke, it could easily have obtained this information by deposing Kowalski at an earlier time rather than choosing to wait until so late in the lawsuit, and even after the discovery cut-off lapsed on October 5, 2007.

More important, as shown, the Complaint served in January 2004 and the notice of infringement letter received by Ocean Duke in January 2000 made it clear

---

[3]  Ocean Duke initially selected October 2 and 3, 2007 for Kowalski's deposition, apparently to coincide with the October 1, 2007 settlement conference attended by Ocean Duke's mainland counsel and Chief Operating Officer.  See Yasunaga Decl. ¶ 6. Kowalski agreed to be available and both he and his counsel reserved time to attend the October 2-3 noticed deposition.  See id.  At the October 1 settlement conference, however, Ocean Duke informed Plaintiffs that it was unilaterally canceling Kowalski's October 2-3 deposition.  See id.  Ocean Duke chose to reschedule Kowalski's deposition for November 1-2, 2007, the same week that Ocean Duke's mainland counsel would be in Hawaii for further settlement negotiations.  See id.

years earlier that Kowalski is the owner of the patent and the rights to license the patent.  Also, the report of Plaintiffs' damage expert Dr. David Francom, which was served on Ocean Duke's counsel on July 16, 2007, stated lost profit damages and the bases therefor.  See Ex. D.  Therefore, Ocean Duke had notice of its lost profits defense years before the deadlines expired.

The first time Ocean Duke raised its lost profits defense was in its Motion to Continue trial, which was not filed and served until November 13, 2007.  Trial is scheduled to commence on December 4, 2007.

## III.    ARGUMENT[4]

### A.    The Motion Is An Improper Attempt By Ocean Duke To Obtain Summary Judgment Merely A Few Weeks In Advance Of Trial And Well After The August 15, 2007 Cut-Off.

Ocean Duke's contention that HISI lacks standing is yet another disguised attempt by Ocean Duke to obtain summary judgment on an issue that was not disclosed or asserted prior to the dispositive motions deadline.  **A motion in limine, such as the instant Motion, that seeks to limit damages is in actuality a motion for partial summary judgment and should be treated as such.**  See Point Prod. A.G. v. Sony Music Entm't, Inc., 215 F. Supp. 2d 336, 340 (S.D.N.Y.

---

[4] Plaintiffs incorporate by reference the factual background section and evidence cited therein of their Memorandum in Opposition to Defendant's Motion to Continue Trial And Related Deadlines Due To (1) New Issue Of Plaintiff's Lack of Standing to Sue; (2) Requested Briefing Of Dispositive Motions; and (3) Readiness For Trial, which was filed on November 15, 2007.

2002) (citing <u>Barnes Group v. United States</u>, 872 F.2d 528, 532 (2nd Cir. 1989), for the proposition that **"Although Sony styled its motion to exclude evidence of plaintiff's post-bankruptcy damages as a motion in limine, when a motion in limine seeks to limit damages, it is treated as a motion for partial summary judgment."**).   The deadline for bringing summary judgment motions, however, lapsed months ago on August 15, 2007 pursuant to a stipulation extending the July 5, 2007 deadline set by the Court's Amended Scheduling Order, filed on January 22, 2007.

Ocean Duke does a poor job of explaining why HISI's "standing" could not have been challenged in accordance with the deadlines set by the Court.   First, Ocean Duke seems to imply that information revealed at Kowalski's November 1-2 deposition warrants the raising of its lost profits argument.   As explained above, however, Ocean Duke selected the time frame for taking Kowalski's deposition. Thus, any delay in receiving the "new" information was of Ocean Duke's own doing.   In any event, as explained above, Ocean Duke has long had notice that Kowalski was the owner of the patent and was the person who issued licenses because that is made clear in the January 2004 Complaint, and even earlier, from the January 2000 notice of infringement letter.   Also, the report of Plaintiffs' damage expert Dr. David Francom, which was served on Ocean Duke's counsel on July 16, 2007, stated lost profit damages and the bases therefor.   <u>See</u> Ex. D

(Francom Report). Moreover, in its 11/20/07 Order Denying Defendant's Motion To Continue Trial, this Court expressly ruled **"The Court believes that both parties have had ample opportunity to** engage in discovery and **bring motions for summary judgment."**

Thus, there is no reason why Ocean Duke could not have raised this issue earlier, i.e. in compliance with the deadlines set by the Court, if they so intended. The Motion should be denied on grounds that it is untimely filed, see Galentine v. Estate of Stekervetz, 273 F. Supp. 2d 538, 543-44 (D. Del. 2003) ("The Court concludes that the Estate's motion [which was cast as a Motion in Limine] to dismiss is a dispositive motion that was untimely filed because it was filed after the dispositive motion deadline of October 15, 2001 contained in the Court's Scheduling Order in this case."); see also Figgins v. Advance Am. Cash Advance Centers, 482 F. Supp. 2d 861, 870 (E.D. Mich. 2007), and because Ocean Duke, by failing to raise the defense in a timely manner, has waived it. See In Re Kim, No. 99-03303, 2003 WL 22939483 *1, *6 (Bktr. D. Haw. 2003) (oral objection at trial to plaintiff's standing was untimely and waived); United Healthcare Corp. v. Am. Trade Ins. Co., 88 F.3d 563, 569 (8th Cir. 1996) ("**[defendant] waived his real party in interest defense [i.e. argument that parent corporation did not have standing to assert claims of its subsidiary] by failing to raise it in a timely fashion**") (emphasis added).

**B.**    **The Motion Seeks To Assert A Defense Or Damage Position Already Waived And Barred By Ocean Duke's Failure (In Contravention Of The Discovery Rules AND The Order Compelling Discovery Against Ocean Duke) To Properly Respond To Interrogatory 3 Directing Ocean Duke To Describe Its Defenses In Detail And Interrogatory 4 Directing Ocean Duke To State "If Ocean Duke Contends That Lost Profits Are Not Awardable [And] Set Forth In Detail The Basis For Such Contention".**

The Motion seeks to assert a defense already waived and barred by Ocean Duke's failure, in contravention of the discovery deadlines and the order compelling discovery against Ocean Duke, to properly respond to Interrogatories 3 asking Ocean Duke to describe its defenses in detail and Interrogatory 4 expressly asking Ocean Duke to state **"if Ocean Duke contends that lost profits are not awardable" and, if so, to "set forth in detail the basis for such contention".** See discussion supra Section II.

To the extent that Ocean Duke intended to rely on the defense of lack of standing to assert lost profits damages (or any other defense), it was required to amend its responses to Interrogatory No. 3 and Interrogatory 4 by the date set forth in the Stipulated Order Compelling Discovery from Ocean Duke (July 5, 2006), or if it had a good excuse for not doing so by that date, it was required to amend its response at least prior to the October 5, 2007 discovery cut-off. See Fed. R. Civ. P. 37(c)(1) and 26(e)(2). The Court specifically reminded Ocean Duke of its responsibility to supplement under Rule 26 in the Stipulated Order Compelling and

warned of sanctions for violations of the Order.  See Ex. "C" (Stip. Order Compelling Discovery).

Ocean Duke's failure to provide its lost profits defense also constituted a failure to properly respond to interrogatories, in violation of the normal discovery rules but, even worse, in violation of the Court's Order Compelling Discovery From Ocean Duke.  See id.

Ocean Duke cannot belatedly raise this defense now, with the discovery deadline having lapsed and trial set to commence in less than two weeks.[5]  In Ruiz v. Hamburg-Am. Line, 478 F.2d 29 (9th Cir. 1973), the Ninth Circuit Court of Appeals required a new trial on grounds, among others, that **"when a party in its answers to interrogatories misleads another party into believing that a defense will not be offered at trial, the later introduction of that defense will support a motion for a new trial."**  Id. at 33.  Having failed to mention this new defense, among other theories in their discovery responses, Ocean Duke simply cannot be allowed to pursue it now, at trial or by way of this motion in limine.  See id., see also Thorm EMI N. Am. Incorp. v. Intel Corp., 936 F. Supp. 1186, 1191 (D. Del.

---

[5]  Plaintiffs have moved the Court, in limine, for an order precluding Ocean Duke from introducing at trial any argument or evidence supporting defenses that were not disclosed in its responses to Interrogatory No. 3  and an order precluding any argument or evidence regarding matters not disclosed in its responses to Interrogatory No. 4 (See Plaintiffs' Motion in Limine #2 and Plaintiffs' Motion in LImine #3, both filed November 13, 2007.

1996) ("The court will prevent a party from raising a claim or defense at trial that was not adequately described in a response to a contention interrogatory[.]").

Rule 37(c) of the Federal Rules of Civil Procedure ("*FRCP*") provides in relevant part:

**(c)  Failure to Disclose. . . .**

(1)  A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2)[6], **is not**, unless such failure is harmless, **permitted to use as evidence at a trial, at a hearing, <u>or on a motion</u> any witness or information not so disclosed.** . . .

Fed. R. Civ. P. 37(c)(1).   The purpose of Rule 37(c)(1) is to prevent "sandbagging." <u>See</u> <u>Ventra v. United States</u>, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000); <u>see also</u> <u>Weiland v. Linear Const., Ltd.</u>, No. 00 C 6172, 2002 WL 31307622 *1, *2 (N.D. Ill. Oct. 15, 2002) ("The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery.").   Rule

---

[6] Rule 26(e)(2), FRCP, provides in relevant part:

(e)  Supplementation of Disclosures and Responses.  A party who has . . . responded to a request for discovery with a . . . response is under a duty to supplement or correct the  . . . response to include information thereafter acquired . . . in the following circumstances:

(2)  A party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

37(c)(1) "requires the near automatic exclusion of Rule 26 information that is not timely disclosed." Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20-21 (1st Cir. 2001) (describing Rule 37(c)(1) as "self-executing").

Exclusion is the appropriate sanction because Plaintiffs will be prejudiced if Ocean Duke is allowed to ambush Plaintiffs at this late date with Ocean Duke's undisclosed defense of no lost profits. Plaintiffs were not given notice of any defense other than the non-infringement defense, and have prepared for trial accordingly.

**C.    Kowalski Is Entitled To Seek As His Damages For Ocean Duke's Infringement The Lost Profits Of His Wholly Owned Company HISI.**

In addition to being time-barred, Ocean Duke's standing argument lacks substantive merit. Ocean Duke's suggestion that the issue of HISI's standing has the potential to divest the court of federal court jurisdiction is incorrect. See Mot. at 8 ("it appears that HISI lacks standing to bring this suit for patent infringement, and without standing to sue, a plaintiff does not have a 'case and controversy' upon which to base federal court jurisdiction"). Kowalski, the patent holder, is a plaintiff to the lawsuit and certainly has standing to sue for infringement of his patent. Thus, regardless of whether HISI has standing to sue, there is a "case and controversy" and no possibility that federal court jurisdiction will be divested.

Properly framed, the issue is not whether HISI has standing to sue for patent infringement or whether there is evidence of an assignment from Kowalski to HISI of the patent, but whether Kowalski is entitled to pursue his wholly owned company HISI's lost profits as a part of his damages for Ocean Duke's infringement under 35 U.S.C. § 271. The answer is yes.

In SEB, S.A. v. Montgomery Ward & Co., Inc., 412 F. Supp. 2d 336 (S.D.N.Y. 2006), the court in a well-reasoned opinion concluded that the patent holder, whose subsidiary manufactured and sold deep fryers, could present a damage claim for any income the patent holder may have lost because of the defendant's sale in the U.S. of competing deep fryers that were alleged to infringe the patent. See id. at 345-348. In so doing, the court reasoned that "Congress intended in § 284 that a patent owner would in fact receive full compensation for any damages the patent owner suffered as a result of the infringement" and that the Supreme Court had interpreted "adequate" damages as that will "fully compensate the patentee for infringement." Id. at 346-47. Relying on Federal Circuit law, the court remarked that **"If this Court prohibited SEB from recovering 'damages adequate to compensate' simply because it did not sell the product itself, this Court would subvert the meaning of the statute [Section 284]."** Id. at 347. The Court held that "If SEB can show that it lost profit from T-Fal's [subsidiary] sales because of Defendants' alleged infringement, it should be able to recover damages

in an amount that would make it whole." Id. at 347, n. 16.

By the same analysis, to be made whole, Kowalski is allowed to prove that he, as the sole owner of HISI, lost profit to which he as owner is entitled from HISI's sales because of Ocean Duke's infringement.[7] See id.

(Double recovery is not being sought, and the inclusion of HISI as a co-plaintiff actually protects Ocean Duke because it removes any concern by Ocean Duke that it might face exposure to double recovery, such as might theoretically occur if Kowalski was the only plaintiff in this suit, leaving open the risk that HISI might sue later in a separate suit.)

## IV.    CONCLUSION

For the foregoing reasons, the Motion should be denied.

DATED:  Honolulu, Hawaii, November 20, 2007.

CADES SCHUTTE LLP


/s/ Milton M. Yasunaga
MILTON M. YASUNAGA
MARTIN E. HSIA
ALLISON MIZUO LEE
Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and HAWAII
INTERNATIONAL SEAFOOD, INC.

---

[7] With respect to Ocean Duke's argument regarding HISI's Lack of Standing to pursue trademark damages, the reasoning of SEB should also apply, but Plaintiffs point out that they request injunctive relief with respect to the trademark claim, but are not seeking separate trademark damages, so the issue is moot.