IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>DECLARATION OF MILTON M. YASUNAGA |

## DECLARATION OF MILTON M. YASUNAGA

I, Milton M. Yasunaga, hereby declare:

1. I am a member of Cades Schutte, LLP, counsel for Hawaii International Seafood, Inc. ("***HISI***") and William R. Kowalski ("***Kowalski***") (jointly, "***Plaintiffs***"). I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

2. Exhibit "A" attached hereto is a true and accurate copy of the Notice of Infringement letter and letter providing supplemental information received by Ocean due on January 25, 2000.

3. Exhibit "B" attached hereto is a true and accurate copy of Ocean Duke's Supplemental Response to Plaintiffs' First Request for Answers to

Interrogatories dated July 5, 2006. Ocean Duke never supplemented its responses to interrogatories beyond Exhibit B, and never mentioned its lost profits defense until long after the summary judgment cutoff of August 15, 2007 and the October 5, 2007 discovery cutoff. The first time Ocean Duke raised its lost profits defense was in its Motion to Continue trial, which was not filed and served until November 13, 2007.

4. Exhibit "C" attached hereto for the Court's convenience is a true and accurate copy of the Stipulated Order Compelling Discovery From Defendant Ocean Duke Corporation, entered on October 25, 2006.

5. Exhibit "D" attached hereto for the Court's convenience is a true and accurate copy of excerpts to the damage report of Dr. David Francom, which was served on Ocean Duke's counsel on July 16, 2007, and which stated lost profit damages and the bases therefor.

6. Ocean Duke waited until August 15, 2007 to serve any interrogatories and document requests on Plaintiffs and also to notice Kowalski's deposition. Although Ocean Duke appears to imply that it should be allowed to raise its late lost profits defense because of "new" information revealed in Kowalski's deposition, Ocean Duke chose the time frame for taking Kowalski's deposition and the late taking of the deposition is entirely Ocean Duke's fault. Ocean Duke initially selected October 2 and 3, 2007 for Kowalski's deposition, apparently to

coincide with the October 1, 2007 settlement conference attended by Ocean Duke's mainland counsel and Chief Operating Officer. Kowalski agreed to be available and both he and his counsel reserved time to attend the October 2-3 noticed deposition. At the October 1 settlement conference, however, Ocean Duke informed Plaintiffs that it was unilaterally canceling Kowalski's October 2-3 deposition. Ocean Duke chose to reschedule Kowalski's deposition for November 1-2, 2007, the same week that Ocean Duke's mainland counsel would be in Hawaii for further settlement negotiations. Thus, even assuming information from Kowalski's November 1-2, 2007 deposition alerted Ocean Duke to issues previously unknown to Ocean Duke, it could easily have obtained this information by deposing Kowalski at an earlier time rather than choosing to wait until so late in the lawsuit, and even after the discovery cut-off lapsed on October 5, 2007.

    I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

    DATED: Honolulu, Hawaii, November 20, 2007.

/s/ Milton M. Yasunaga
**MILTON M. YASUNAGA**