Of Counsel:
ERIK KVAM
Law Office of Erik Kvam
4188-4 Keanu Street
Honolulu, Hawaii 96816
Telephone:  (808) 371-1475
Facsimile:  (808) 737-7138
Email:  erikkvam@earthlink.net

Timothy L. Neufeld (Admitted *Pro Hac Vice*)
Judy L. Khang (Admitted *Pro Hac Vice*)
360 East Second Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile: (213) 625-2650
Email:  tneufeld@neufeldlawgroup.com
         jkhang@neufeldlawgroup.com

Attorneys for defendant
   OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. CV 04-00055 BMK <br><br> DEFENDANT OCEAN DUKE CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ANSWERS TO INTERROGATORIES DATED OCTOBER 15, 2004 |

121393.1

**Exhibit P-120**

# RESPONSES TO INTERROGATORIES

Subject to and without waiving the objections made in Ocean Duke Corporation's Response to Plaintiff's First Request for Answers to Interrogatories, a true and correct copy of which is attached hereto for reference, Ocean Duke Corporation herewith provides its Supplemental Response to Plaintiff's First Request for Answers to Interrogatories.

INTERROGATORY NO. 1: Describe with particularity the treatment or processing of fish Ocean Duke sold and/or sells in the U.S. that was or is treated or processed with smoke or carbon monoxide for color retention or enhancement, including but not limited to providing the following details: the identity of the entities who treated or treat the fish and the details of precisely how and with what substances each treated or treats the fish; from whom each of those treating entities obtained or obtains the smoke or carbon monoxide and precisely how said smoke or carbon monoxide was or is produced, filtered, stored, and used; the identities of the entities that sold the treated fish to Ocean Duke (and link each such selling entity with the treating entity and treatment method for that fish); when, how, and by whom each treatment process was invented, used, and disclosed; precisely how the fish treated with each treatment process was and/or is labeled, described, advertised, listed on product lists or price sheets or U.S. Customs and/or FDA documents, marketed, and/or promoted by manufacturers, Ocean Duke's suppliers, Ocean Duke, and Ocean Duke's customers (including whether and precisely how the words "smoke" or "smoked" and/or "tasteless" or any variations or abbreviations thereof or the words "carbon monoxide" or "CO" were used or not used); the identities of

121393.1

the persons with knowledge of the above information and what knowledge each possesses.

## RESPONSE TO INTERROGATORY NO. 1

Ocean Duke purchases fish treated for color retention from PT Inti Samudera Citra Perkasa. The contact information of said company is as follows:

PT Inti Samudera Citra Perkasa
Jalan Ikan Tunaraya Blok No. 1
Pelabuhan Benoa, Denpasar, Bali
Indonesia
+62 (361) 724-526 Phone
+62 (361) 726-536 FAX

PT Inti Samudera Citra Perkasa produces its own filtered smoke using its own patented process. A true and correct copy of the patent will be produced in discovery on or before July 12, 2006.

All known packaging and labeling of the treated fish use the terms "carbon monoxide (added as a preservative to promote color retention)" in accordance with FDA regulations.

Steven Shih of PT Inti Samudera Citra Perkasa (+62-361-724-526) has knowledge pertaining to the patented process. Roger Lin of Ocean Duke Corporation (310-326-3198) has knowledge pertaining to the packaging and labeling.

INTERROGATORY NO. 2: Describe with particularity Ocean Duke's U.S. sales of fish which was treated or processed with smoke or carbon monoxide for color retention or enhancement or by any of the methods called for or referred to in Interrogatory 1 above or your answers thereto or which was described or labeled as being

121393.1

treated with tasteless smoke (with or without the words "wood" or "filtered" included, and whether or not the word "smoke" was used in the past tense), including but not limited to providing the following details: the dates of the sale by Ocean Duke and the date the fish was purchased by Ocean Duke; the identities of the manufacturer/processor, the seller to Ocean Duke, and the purchaser from Ocean- Duke; the type of fish (e.g., yellow fin tuna, swordfish, mahimahi, etc.); the pounds of each type of fish; the revenue, cost and profit of the sale - provide the bases for those amounts and the elements of cost or deduction; the precise treatment or processing method used and how the fish was labeled, described, advertised, listed on product lists or price sheets or U.S. Customs or FDA documents, marketed, and/or promoted by manufacturers, Ocean Dukes' suppliers, Ocean Duke, and Ocean Duke's customers (including whether the words "smoke" or "smoked" or "tasteless" or "carbon monoxide" or "CO" were used for labeling, descriptions, advertising, marketing, promotion, product lists or price sheets for that fish); and provide monthly and annual totals of the above information regarding cost, revenue, profit and poundage (but broken down by treatment or processing method, manufacturer/processor, and labeling-description-advertising).

## RESPONSE TO INTERROGATORY NO. 2

Ocean Duke sold a total of 7,110,905 lbs of treated fish in the US from 1999 to 2005. Detailed annual quantities, revenues, costs, and profits are included in the "Annual Sales of Treated Fish" file, which will be produced in discovery on or before July 12, 2006. Roger Lin of Ocean Duke Corporation (310-326-3198) has knowledge relating to the foregoing.

121393.1

<u>INTERROGATORY NO. 3</u>: Explain with particularity (and as to each claim of the '401 patent) and identify all reasons, facts, references, prior art, documents, and bases for or relating to each of Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses; the identities of the persons with knowledge of the above information and substance of the knowledge of each such person.

<u>RESPONSE TO INTERROGATORY NO. 3:</u>

Discovery is continuing into the prior art relating to the '401 patent and otherwise, in response to this Interrogatory. In general, Ocean Duke imports fish that have been processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,322, issued on or about December 18, 2001, to Chi-Hsing Shih and Tien Pao Chiu. That patent and the processes, disclosures, claims and teachings thereunder are completely different from the patent alleged in plaintiff William R. Kowalski's complaint on file herein. To Ocean Duke Corporation's knowledge, in the course of its business Ocean Duke Corporation has never acquired, purchased, stored, owned, held possession of, or sold any fish treated with the '401 patent alleged by plaintiff.

Persons with knowledge are Roger Lin and the following individual:

Mr. Steven Chih-Hsing Shih
PT Inti Samudera Citra Perkasa
Jalan Ikan Tunaraya Blok No. 1
Pelabuhan Benoa, Denpasar, Bali
Indonesia
+62 (361) 724-526 Phone
+62 (361) 726-536 FAX
stevenshih11@yahoo.com.tw

121393.1

## INTERROGATORY NO. 4:

Assuming liability can be proven, state all facts, contentions, and theories that relate to Ocean Duke's position as to damages Ocean Duke may owe (including specifically stating: for any reasonable royalty theory, all products and processes constituting the royalty base, the royalty rate applied to each such product and process, Ocean Duke's contentions on any factor relevant to a hypothetical negotiation, any other factor that Ocean Duke contends supports a reasonable royalty calculation, and the amount of damages; for any theory other than reasonable royalty, the method of calculation, all products and processes of Ocean Duke or any other entity relevant to such calculation, the revenue or other base for each such product and process, the profit margin or other rate applied in Ocean Duke's calculation, any other factor that Ocean Duke contends supports the calculation, and the amount of damages; if Ocean Duke contends that lost profits are not awardable, set forth in detail the basis for such contentions; set forth in detail all bases for contesting that such infringement by Ocean Duke is willful; for any theory of pre-judgment and post-judgment interest, the interest rate, the basis for selecting such rate, the method of calculating the interest, and the amount of interest).

## RESPONSE TO INTERROGATORY NO. 4:

Objection. Vague and ambiguous, compound, attorney-work product; improper hypothetical. Ocean Duke Corporation alleges in response to this Interrogatory that liability cannot be proven; hence any position it may take on damages at this point in the

litigation would be hypothetical, speculative, and covered by attorney-client privilege and work product.

Judy L. Khang, Esq.

INTERROGATORY NO. 5: Explain with particularity and identify your use of the term "tasteless smoke" (whether or not the words "filtered" or "wood" were used in conjunction therewith, and whether or not the word "smoke" was used in the past tense - e.g., "smoked" and whether you used any abbreviations), including when you first learned of it and how and why and over what specific time periods and in what documents or labels or descriptions and for what specific products you used the term (and precisely how those products were in fact processed, including whether they were processed with smoke or chemical carbon monoxide not contained in smoke), and the quantities and sales revenues, costs, and profits of those products.

RESPONSE TO INTERROGATORY NO. 5:

Ocean Duke Corporation does not and, to its knowledge, has not used the term "tasteless smoke" in connection with its products. Ocean Duke Corporation has used the terms "processed smoke," "filtered smoke," and "carbon monoxide," in the ingredient section of its fish treated with Shih Patent 6,331,322.

Please refer to the answer to Interrogatory No. 2 for quantities, sales revenues, costs and profits.

INTERROGATORY NO. 6: Explain with particularity and identify all actions you took, all information obtained, and all communications related to the notice of

121393.1

infringement, other correspondence from Kowalski or his counsel regarding the '401 patent, or your first becoming aware of the '401 patent (please indicate when and how you first became aware of the patent), including but not limited to any actions, information, communications that may be relevant to the issue of whether or not Ocean Duke should be subject to enhanced damages for willful infringement.

## RESPONSE TO INTERROGATORY NO. 6

Besides communications with attorneys, Ocean Duke did not take any other actions. At this time, Ocean Duke objects to divulging the content of said communications under the attorney-client and attorney work product privileges.

Judy L. Khang, Esq.

## INTERROGATORY NO. 7: Describe with particularity Ocean Duke's U.S. sales of frozen tuna, swordfish, hamachi, mahimahi, tilapia, and snapper which Ocean Duke claims was not treated or processed with smoke or carbon monoxide, including but not limited to providing the following details: the dates of the sale by Ocean Duke and the date the fish was purchased by Ocean Duke; the identities of the manufacturer/processor, the seller to Ocean Duke, and the purchaser from Ocean Duke; the type of fish (e.g., yellow fin tuna, swordfish, mahimahi, etc.); the pounds of each type of fish; the revenue, cost and profit of the sale -provide the bases for those amounts and the elements of cost or deduction; and how the fish was labeled, described, advertised, listed on product lists or price sheets or U.S. Customs or FDA documents, marketed, and/or promoted by manufacturers, Ocean Duke's suppliers, Ocean Duke, and Ocean Duke's customers; and

121393.1

provide monthly and annual totals of the above information regarding cost, revenue, profit and poundage (but broken down by treatment or processing method, manufacturer/processor, and labeling-description-advertising).

RESPONSE TO INTERROGATORY NO. 7

Ocean Duke sold a total of 56,563,550 lbs of non-treated tuna, swordfish, mahi-mahi, and tilapia in the US from 1999 to 2005. Detailed annual quantities, revenues, costs, and profits are included in the "Annual Sales of Non-Treated Fish" file, which will be produced in discovery on or before July 12, 2006. Roger Lin of Ocean Duke Corporation (310-326-3198) has knowledge relating to the foregoing.

The packaging of all non-treated fish items only states the specie of the fish in the ingredient section.

DATED: July 5, 2006

NEUFELD LAW GROUP
A Professional Corporation
Timothy L. Neufeld
Judy L. Khang

By: _____
Judy L. Khang
Attorneys for defendant Ocean Duke Corporation

121393.1

## <u>VERIFICATION</u>

I, ROGER LIN, verify under penalty of perjury that I am the Chief Operating Officer of OCEAN DUKE CORPORATION, that I am authorized to answer the foregoing interrogatories, that I have read the foregoing answers to interrogatories and that the same are true and correct to the best of my knowledge and belief.

Executed on July 5, 2006

OCEAN DUKE CORPORATION

By: _____

ROGER LIN

121393.1

Of Counsel:
DWYER SCHRAFF MEYER
   JOSSEM & BUSHNELL
Attorneys at Law, A Law Corporation

WILLIAM G. MEYER, III          2513-0
ERIK W. KVAM                   7975-0
1800 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808) 524-8000
Facsimile: (808) 537-4667
Email: wmeyer@dwyerlaw.com
       ekvam@dwyerlaw.com

Timothy L. Neufeld (Admitted *Pro Hac Vice*)
Judy L. Lee (Admitted *Pro Hac Vice*)
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
Email: tneufeld@nrblaw.com
       jlee@nrblaw.com

Attorneys for Defendant
   OCEAN DUKE CORPORATION


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. CV04-00055 DAE BMK <br><br> DEFENDANT OCEAN DUKE CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ANSWERS TO INTERROGATORIES DATED OCTOBER 15, 2004; VERIFICATION <br><br> Trial Date: December 13, 2005 |

247154.3A

## DEFENDANT OCEAN DUKE CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR <u>ANSWERS TO INTERROGATORIES DATED OCTOBER 15, 2004</u>

Defendant OCEAN DUKE CORPORATION ("Defendant") hereby objects and responds to Plaintiffs WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.'s First Request for Answers to Interrogatories to Defendant dated October 15, 2004 (the "Interrogatories"), as follows:

## <u>GENERAL OBJECTIONS</u>

1.     Defendant objects to the Interrogatories, including the Definitions and Instructions therein, to the extent that they request information that is not in the present possession, custody or control of Defendant or information that is no longer in existence.

2.     Defendant objects to the Interrogatories, including the Definitions and Instructions therein, to the extent that they request information that is neither relevant nor material to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Defendant objects to each of the Interrogatories as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent said Interrogatory is not limited to information relating to the issue whether frozen fish treated with "smoke" (as that term is used in United States Patent No. 5,972,401 (the "Kowalski Patent"))

247154.3A                              - 2 -

that has been through a "filtering" "super purifying" or "removing components that impart smoke odor" process (as those terms are used in the Kowalski Patent), and imported and sold in the United States by Defendant subsequent to issuance of the Kowalski Patent on or about October 26, 1999, infringed the Kowalski Patent.

3.    Defendant objects to the Interrogatories, including the Definitions and Instructions therein, to the extent that they request information relating to any privileged communication or document not subject to discovery, such as: any attorney-client communication; any work product, including, but not limited to, the mental impressions, conclusions, opinions, and legal theories of Defendant's counsel; trial preparation materials; any information protected by privacy laws; and any expert's materials and report.

4.    Defendant objects to the Interrogatories, including the Definitions and Instructions therein, to the extent that they are unreasonably burdensome, oppressive or vexatious, in that the information requested would be of little or no relevance to the outstanding issues in this action and/or would place an unreasonable and oppressive burden on Defendant in expenditure of time and money to gather said information.

5.    Defendant objects to the Interrogatories, including the Definitions and Instructions therein, to the extent that they are vague, ambiguous, compound, uncertain and/or unintelligible such that Defendant cannot determine the nature of the information sought, and to which Defendant is, therefore, unable to respond.

6.     Defendant objects to the Interrogatories, including the Definitions and Instructions therein, to the extent that they request information that is as readily available to Plaintiffs as to Defendant, including but not limited to information that is held by other persons or that is in the public domain.

7.     Defendant objects to the Interrogatories, including the Definitions and Instructions therein, to the extent that they request information for which the required good cause or substantial need, as dictated by applicable statutes, court rules and case law, has not been shown.

8.     Defendant objects to the Definition of "Ocean Duke," "Defendant," "You" and "Your," to the extent said Definition includes "subsidiaries," "parents and affiliates," "contractors," "consultants," "attorneys" and/or "others acting on behalf of or controlled by Ocean Duke Corporation", as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9.     Defendant object to the Definition of "Kowalski," to the extent said Definition includes any person or entity other than Plaintiff William R. Kowalski ("Plaintiff Kowalski"), as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects to the Definition of "HISI," to the extent said Definition includes any person or entity other than Plaintiff Hawaiian International Seafood, Inc., as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

11.    Defendant objects to the Definition of "prior art," to the extent said Definition refers to anything which is not "prior art" for purposes of 35 U.S.C. §§ 102 and 103, as vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

12.    Defendant objects to the Definition of "Patent," to the extent said Definition refers to anything other than a patent, as vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

13.    Defendant objects to Instruction "A," to the extent said Instruction states that the Interrogatories are addressed to anyone other than Defendant, as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

14.    Defendant objects to Instruction "B," to the extent said Instruction assumes that information in the possession, custody or control of any person indirectly "retained or connected with" Defendant, Defendant's attorneys or anyone else acting on Defendant's behalf "is information in the possession, custody or control of Defendant," and assumes that any such person is subject to Defendant's control, as overbroad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

15.    Defendant objects to Instruction "C" as vague and ambiguous because the subparts for each of the interrogatories are not numbered or identified

in any consistent or meaningful way, making it difficult, if not impossible, for Defendant to determine where one subpart ends and another subpart begins.

16.    Defendant objects to Instruction "D" as overbroad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence and violative of Fed.R.Civ.P. 33(a) limiting the number of written interrogatories to 25, including all discrete subparts, to the extent said Instruction creates four (4) discrete subparts for each of the interrogatories, including each discrete subpart thereof, and imposes obligations different from, or additional to, what is required under Fed. R. Civ. P. 33 (b) (1).

17.    Defendant objects to Instruction "E" as overbroad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence and violative of Fed.R.Civ.P. 33(a) limiting the number of written interrogatories to 25, including all discrete subparts, to the extent said Instruction creates six (6) discrete subparts for each interrogatory, and each discrete subpart thereof, requesting identification of written or electronic communications, and to the extent said Instruction creates four (4) discrete subparts for each interrogatory, and each discrete subpart thereof, requesting identification of oral communications. Said Instruction is also overbroad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence and unreasonably cumulative and duplicative to the extent that the information sought can be gained from written and/or electronic

communications produced in discovery or from deposition testimony of parties to oral communications.

18.    Defendant objects to Instruction "F" as overbroad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence and violative of Fed.R.Civ.P. 33(a) limiting the number of written interrogatories to 25, including all discrete subparts, to the extent said Instruction creates five (5) discrete subparts for each interrogatory, or each discrete subpart thereof, requesting identification of natural persons.

19.    Defendant objects to Instruction "G" as overbroad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence and violative of Fed.R.Civ.P. 33(a) limiting the number of written interrogatories to 25, including all discrete subparts, to the extent said Instruction creates four (4) discrete subparts for each interrogatory, or each discrete subpart thereof, requesting identification of non-natural persons.

20.    Defendant objects to Instruction "H", requiring identification of documents, on the same grounds as Defendant's objections to Instruction "E", requiring identification of written or electronic communications.

21.    Defendant objects to each of the Instructions, including Instructions "D", "I," "J," "K," "L," "M," and "N" as not reasonably calculated to lead to the discovery of admissible evidence to the extent said Instructions vary from, or

impose obligations different from, or additional to, the Federal Rules of Civil Procedure.

22.    Defendant objects to Instruction "M", requiring identification of documents or written or electronic communications, on the same grounds as Defendant's objections to Instruction "E", requiring identification of written or electronic communications.

23.    Defendant objects to Instruction "N", requiring identification of oral communications or information, on the same grounds as Defendant's objections to Instruction "E", requiring identification of oral communications.

24.    Defendant objects to the Interrogatories, including the Definitions and Instructions thereto, as overbroad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence and violative of the Fed R. Civ. P. 33 (a), which limits the number of written interrogatories to 25, including discrete subparts thereof.  If one counts, as a "discrete subpart", the categories of requested information separated by semicolons in the Interrogatories, the true number of interrogatories is at least 29.  Taking account of each of the semicolon-separated subparts that request information relating to multiple prior semicolon-separated subparts, the true number of interrogatories is no less than 64. Taking further account, as further discrete subparts, of each of the multiple categories of disparate information requested within certain of the semicolon-separated subparts, the true number of interrogatories is no less than 127.  The

Interrogatories are, therefore, plainly violative of the 25-interrogatory limit under Fed. R. Civ. P. 33 (a).

25.    Defendant objects to all interrogatories which seek any confidential information, trade secret information, and/or proprietary information, including, but not limited to, any such information contained in any balance sheet; profit and loss statement; statement of financial condition; income tax return; worksheet; report; projection; schedule; ledger; book, record, and/or journal containing financial information; voucher; expense account; receipt; invoice; bill; order; billing; bank account record and/or check; business proposal; feasibility study; plan, financial estimate and/or projection; and any other document and/or thing showing Defendant's sales, purchases, imports, revenues, costs, income, expenses, profits, customers, suppliers, or owners.  Any such information will be produced pursuant to a protective order or other court order herein or pursuant to a mutually agreeable stipulation of the parties when Plaintiffs have made a prima facie showing of liability of Defendant for infringement of the Kowalski Patent and Plaintiff Kowalski's alleged CRYOFRESH trademark, have shown, *inter alia*, that the likely benefit of such information outweighs the costs, burdens, prejudice and/or potential for irreparable harm arising from disclosure of such information to Defendant's competition or counsel for such competition, and have established a legal entitlement to such information. Defendant further objects that any information relating to Defendant's revenues, costs, income, expenses, or profits is

not required to be produced until at least that point in time when, and if, Plaintiffs have established liability for infringement of the Kowalski Patent and Plaintiff Kowalski's alleged CRYOFRESH trademark and a court has ordered an accounting of profits herein and Plaintiffs have established, therefore, the relevancy of such information. In addition, any disclosure of said information should be made pursuant to an appropriate protective order as said information is highly confidential, proprietary and could be used by Plaintiffs and/or other parties for improper purposes beyond the scope of the subject litigation.

26.    Defendant objects to the Interrogatories, including the Definitions and Instructions therein, to the extent that they request information which is protected due to a confidentiality agreement or similar barrier to publication.

27.    Defendant objects to the Interrogatories, including the Definitions and Instructions therein, to the extent that they request expert materials in excess of that which is required by applicable rules of civil procedure, statutes, and case law.

28.    Defendant has not completed its investigation of the facts related to this case, and has not completed its trial preparation. The responses and answers contained herein are given, therefore, without prejudice to Defendant's rights to object further based upon evidence of any subsequently discovered fact.

29.    Defendant does not intend to waive, and Defendant has not waived, any basis for withholding information and, to the extent that any request may later

be construed to be broader than it is presently understood to be by Defendant, Defendant expressly reserves all, and does not waive any, objections to such broader requests and Defendant reserves all, and does not waive any, basis for withholding information from disclosure.

30.   Defendant objects to each of the Interrogatories, including the Definitions and Instructions therein, as duplicative and unreasonably cumulative to the extent it requests information requested and produced pursuant to previous discovery requests to Defendant in this litigation.

247154.3A

## SPECIFIC RESPONSES

INTERROGATORY NO. 1: Describe with particularity the treatment or processing of fish Ocean Duke sold and/or sells in the U.S. that was or is treated or processed with smoke or carbon monoxide for color retention or enhancement, including but not limited to providing the following details: the identity of the entities who treated or treat the fish and the details of precisely how and with what substances each treated or treats the fish; from whom each of those treating entities obtained or obtains the smoke or carbon monoxide and precisely how said smoke or carbon monoxide was or is produced, filtered, stored, and used; the identities of the entities that sold the treated fish to Ocean Duke (and link each such selling entity with the treating entity and treatment method for that fish); when, how, and by whom each treatment process was invented, used, and disclosed; precisely how the fish treated with each treatment process was and/or is labeled, described, advertised, listed on product lists or price sheets or U.S. Customs and/or FDA documents, marketed, and/or promoted by manufacturers, Ocean Duke's suppliers, Ocean Duke, and Ocean Duke's customers (including whether and precisely how the words "smoke" or "smoked" and/or "tasteless" or any variations or abbreviations thereof or the words "carbon monoxide" or "CO" were used or not used); the identities of the persons with knowledge of the above information and what knowledge each possesses.

OBJECTIONS:

See General Objections, supra. Defendant further objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, oppressive, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and unnecessarily intrusive of Defendant's confidential commercial information because, inter alia, said Interrogatory seeks information other than information about frozen fish treated with "smoke" (as that term is used in the Kowalski Patent) that has been through a "filtering," "super purifying" or "removing components that impart smoke odor" process (as those terms are used in the Kowalski Patent) and imported and sold in the United States by Defendant subsequent to issuance of the Kowalski Patent.

ERIK W. KVAM

## ANSWER:

Without waiving said Objections: Defendant will furnish such unprivileged responsive information as is available and relevant to the issue of infringement in this case within a reasonable time after entry of an appropriate protective order.

INTERROGATORY NO. 2: Describe with particularity Ocean Duke's U.S. sales of fish which was treated or processed with smoke or carbon monoxide for color retention or enhancement or by any of the methods called for or referred to in Interrogatory 1 above or your answers thereto or which was described or labeled as being treated with tasteless smoke (with or without the words "wood" or "filtered" included, and whether or not the word "smoke" was used in the past tense), including but not limited to providing the following details: the dates of the sale by Ocean Duke and the date the fish was purchased by Ocean Duke; the identities of the manufacturer/processor, the seller to Ocean Duke, and the purchaser from Ocean Duke; the type of fish (e.g., yellow fin tuna, swordfish, mahimahi, etc.); the pounds of each type of fish; the revenue, cost and profit of the sale - provide the bases for those amounts and the elements of cost or deduction; the precise treatment or processing method used and how the fish was labeled, described, advertised, listed on product lists or price sheets or U.S. Customs or FDA documents, marketed, and/or promoted by manufacturers, Ocean Dukes' suppliers, Ocean Duke, and Ocean Duke's customers (including whether the words "smoke" or "smoked" or "tasteless" or "carbon monoxide" or "CO" were used for labeling, descriptions, advertising, marketing, promotion, product lists or price sheets for that fish); and provide monthly and annual totals of the above information regarding cost, revenue, profit and poundage (but broken down by treatment or processing method, manufacturer/processor, and labeling-description-advertising).

## OBJECTIONS:

See General Objections, supra. Defendant further objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, oppressive, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and unnecessarily intrusive of Defendant's confidential commercial information because, *inter alia*, said Interrogatory seeks information other than information about frozen fish treated with "smoke" (as that term is used in the Kowalski Patent) that has been through a "filtering," "super purifying" or "removing components that impart smoke odor" process (as those terms are used in the Kowalski Patent) and imported and sold in the United States by Defendant

247154.3A                          - 13 -

subsequent to issuance of the Kowalski Patent. Defendant further objects to this Interrogatory to the extent said Interrogatory is duplicative of Interrogatory No. 1.

_____
ERIK W. KVAM

ANSWER:

Without waiving said Objections: Defendant will furnish such unprivileged responsive information as is available and relevant to the issue of infringement in this case within a reasonable time after entry of an appropriate protective order.


INTERROGATORY NO. 3: Explain with particularity (and as to each claim of the '401 patent) and identify all reasons, facts, references, prior art, documents, and bases for or relating to each of Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses; the identities of the persons with knowledge of the above information and substance of the knowledge of each such person.

OBJECTIONS:

See General Objections, supra. Defendant further objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, abusive, oppressive, not reasonably calculated to lead to the discovery of admissible evidence and unnecessarily intrusive of Defendant's confidential commercial information because, inter alia, said Interrogatory seeks all information relating to the case, and is not narrowly drawn to seek information relating to specifically identified matter relevant to Defendant's claims and/or defenses, as required by Fed. R. Civ. P. 26(b)(1).

_____
ERIK W. KVAM

ANSWER:

Without waiving said Objections: Defendant will furnish such unprivileged responsive information as is available and relevant to the issue of infringement in this case within a reasonable time after entry of an appropriate protective order.

247154.3A                               - 14 -

<u>INTERROGATORY NO. 4</u>: Assuming liability can be proven, state all facts, contentions, and theories that relate to Ocean Duke's position as to damages Ocean Duke may owe (including specifically stating: for any reasonable royalty theory, all products and processes constituting the royalty base, the royalty rate applied to each such product and process, Ocean Duke's contentions on any factor relevant to a hypothetical negotiation, any other factor that Ocean Duke contends supports a reasonable royalty calculation, and the amount of damages; for any theory other than reasonable royalty, the method of calculation, all products and processes of Ocean Duke or any other entity relevant to such calculation, the revenue or other base for each such product and process, the profit margin or other rate applied in Ocean Duke's calculation, any other factor that Ocean Duke contends supports the calculation, and the amount of damages; if Ocean Duke contends that lost profits are not awardable, set forth in detail the basis for such contentions; set forth in detail all bases for contesting that such infringement by Ocean Duke is willful; for any theory of pre-judgment and post-judgment interest, the interest rate, the basis for selecting such rate, the method of calculating the interest, and the amount of interest).

<u>OBJECTIONS</u>:

See General Objections, <u>supra</u>. Defendant further objects to this Interrogatory as premature, vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and unnecessarily intrusive of Defendant's confidential commercial information because, *inter alia*, Plaintiffs have made no prima facie showing of liability for infringement of the Kowalski Patent and Plaintiffs have made no showing that liability for such infringement can be proven.

_Erik W. Kvam_
ERIK W. KVAM

<u>ANSWER</u>:

Without waiving said Objections: Defendant will furnish such unprivileged responsive information as is available and relevant to the issue of infringement in this case within a reasonable time after entry of an appropriate protective order. In the absence of any proof that Defendant infringed the Kowalski Patent, Defendant's position as to damages is that Defendant owes no damages.

**INTERROGATORY NO. 5:** Explain with particularity and identify your use of the term "tasteless smoke" (whether or not the words "filtered" or "wood" were used in conjunction therewith, and whether or not the word "smoke" was used in the past tense – e.g., "smoked" and whether you used any abbreviations), including when you first learned of it and how and why and over what specific time periods and in what documents or labels or descriptions and for what specific products you used the term (and precisely how those products were in fact processed, including whether they were processed with smoke or chemical carbon monoxide not contained in smoke), and the quantities and sales revenues, costs, and profits of those products.

**OBJECTIONS:**

See General Objections, supra. Defendant further objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, oppressive, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and unnecessarily intrusive of Defendant's confidential commercial information because, *inter alia*, the information sought by said Interrogatory is not relevant to any issue in this case, including any issue of liability for infringement of the Kowalski Patent.

_____
ERIK W. KVAM

**ANSWER:**

Without waiving said Objections: Defendant will furnish such unprivileged responsive information as is available and relevant to the issue of infringement in this case within a reasonable time after entry of an appropriate protective order.

**INTERROGATORY NO. 6:** Explain with particularity and identify all actions you took, all information obtained, and all communications related to the notice of infringement, other correspondence from Kowalski or his counsel regarding the '401 patent, or your first becoming aware of the '401 patent (please indicate when and how you first became aware of the patent), including but not limited to any actions, information, communications that may be relevant to the issue of whether or not Ocean Duke should be subject to enhanced damages for willful infringement.

OBJECTIONS:

See General Objections, supra. Defendant further objects to this Interrogatory as vague, ambiguous, overbroad, oppressive, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and unnecessarily intrusive of Defendant's confidential commercial information because, *inter alia*, said Interrogatory would require Defendant to disclose the content of every attorney-client communication and every item of attorney work product relating to this case, or to prepare a privilege log identifying each such communication and item, and the requested information could be obtained with more convenience, less burden and less expense from deposition testimony of Defendant and/or from documents produced in response to Plaintiff's First and/or Second Requests for Production of Documents.

_Erik W. Kvam_

ERIK W. KVAM

ANSWER:

Without waiving said Objections: Defendant will furnish such unprivileged responsive information as is available and relevant to the issue of infringement in this case within a reasonable time after entry of an appropriate protective order.

INTERROGATORY NO. 7: Describe with particularity Ocean Duke's U.S. sales of frozen tuna, swordfish, hamachi, mahimahi, tilapia, and snapper which Ocean Duke claims was not treated or processed with smoke or carbon monoxide, including but not limited to providing the following details: the dates of the sale by Ocean Duke and the date the fish was purchased by Ocean Duke; the identities of the manufacturer/processor, the seller to Ocean Duke, and the purchaser from Ocean Duke ; the type of fish (e.g., yellow fin tuna, swordfish, mahimahi, etc.); the pounds of each type of fish; the revenue, cost and profit of the sale - provide the bases for those amounts and the elements of cost or deduction; and how the fish was labeled, described, advertised, listed on product lists or price sheets or U.S. Customs or FDA documents, marketed, and/or promoted by manufacturers, Ocean Duke's suppliers, Ocean Duke, and Ocean Duke's customers; and provide monthly and annual totals of the above information regarding cost, revenue, profit and poundage (but broken down by treatment or processing method, manufacturer/processor, and labeling-description-advertising).

OBJECTIONS:

See General Objections, supra. Defendant further objects to this Interrogatory as vague, ambiguous, overbroad, oppressive, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and unnecessarily intrusive of Defendant's confidential commercial information because, *inter alia*, Defendant's sales in the United States of frozen fish not treated or processed with "smoke" (as that term is used in the Kowalski Patent) that has been through a "filtering," "super purifying" or "removing components that impart smoke odor" process (as those terms are used in the Kowalski Patent) are not relevant to any issue in this case, including any issue of liability for infringement of the Kowalski Patent. Defendant further objects to this Interrogatory as unreasonably cumulative and duplicative of Interrogatories Nos. 1 and 2.

_Eril W. Kvam_

ERIK W. KVAM

ANSWER:

Without waiving said Objections: Defendant will furnish such unprivileged responsive information as is available and relevant to the issue of infringement in this case within a reasonable time after entry of an appropriate protective order.

INTERROGATORY NO. 8: Describe in detail Duke Lin's involvement in and knowledge of each of the activities, matters, and things referred to in the above interrogatories.

OBJECTIONS:

See General Objections, supra. Defendant further objects to this Interrogatory as vague, ambiguous, overbroad, oppressive, abusive, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and unnecessarily intrusive of Defendant's confidential commercial information because, *inter alia*, Duke Lin's involvement and knowledge, if any, of the relevant activities, matters and things referred to in the above interrogatories can be obtained with more convenience, less burden and less expense through deposition testimony of Duke Lin.

247154.3A

- 18 -

_____

ERIK W. KVAM

DATED: Honolulu, Hawai`i, November 15, 2004.

_____

WILLIAM G. MEYER, III
ERIK W. KVAM
TIMOTHY L. NEUFELD
JUDY L. LEE
Attorneys for Defendant
  OCEAN DUKE CORPORATION

247154.3A

- 19 -

## VERIFICATION

I, ROGER LIN, verify under penalty of perjury that I am the Chief Operating Officer of OCEAN DUKE CORPORATION, that I am authorized to answer the foregoing interrogatories, that I have read the foregoing answers to interrogatories and that the same are true and correct to the best of my knowledge and belief.

Executed on November 12, 2004

OCEAN DUKE CORPORATION

By: _____

Roger Lin, Chief Operating Officer

247154.3A

11/15/04 1:21 PM

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3         I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 360 East Second Street,
4  Suite 703, Los Angeles, California 90012.

5         On July 5, 2006, I served the following document(s) described as **DEFENDANT OCEAN
DUKE CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST**
6  **REQUEST FOR ANSWERS TO INTERROGATORIES DATED OCTOBER 15, 2004** on
the interested parties in this action by placing true copies thereof enclosed in sealed envelopes
7  addressed as follows:

8                                   **SEE ATTACHED LIST**

9  **BY MAIL:**  I am "readily familiar" with Neufeld Law Group's practice for collecting and
processing correspondence for mailing with the United States Postal Service.  Under that practice,
10  it would be deposited with the United States Postal Service that same day in the ordinary course of
business.  Such envelope(s) were placed for collection and mailing with postage thereon fully
11  prepaid at Los Angeles, California, on that same day following ordinary business practices.

12         I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

13

14         Executed on July 5, 2006, at Los Angeles, California.

15

16

17  Rachel Ortega

18

19

20

21

22

23

24

25

26

27

28

NEUFELD LAW GROUP
A PROFESSIONAL CORPORATION
360 East Second St.    uite 703 · Los Angeles, California 90012
Telephone: (21. . .5-2625 · Facsimile: (213) 625-2650

1

**SERVICE LIST**

2

Milton Yasunaga
Cades Schutte LLP

3

1000 Bishop Street
Suite 1200

4

Honolulu, HI 96813
Telephone: (808) 544-3833

5

Facsimile: (808) 521-9210

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEUFELD LAW GROUP
A PROFESSIONAL CORPORATION
360 East Second Street    703 · Los Angeles, California 90012
Telephone: (213) 6... ..o25 · Facsimile: (213) 625-2650