LOUISE K. Y. ING            2394-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:       ling@ahfi.com

TIMOTHY L. NEUFELD      Pro Hac Vice
PAUL S. MARKS                Pro Hac Vice
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:       tneufeld@neufeldlawgroup.com
                     pmarks@neufeldlawgroup.com

Attorneys for OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Case No. CV04-00055 BMK <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3 (EXCLUDING MICHAEL T. McENERNEY AS A WITNESS);** DECLARATION OF MICHAEL T. MCENERNEY; DECLARATION OF PAUL S. MARKS; EXHIBITS A-C; DECLARATION OF LOUISE K.Y. ING; EXHIBITS 1-3; CERTIFICATE OF SERVICE <br><br> Trial Date:   December 4, 2007 |
|---|---|

DATE: November 26, 2007
TIME: 2:00 p.m.
JUDGE: Barry M. Kurren

## I. INTRODUCTION

Defendant Ocean Duke Corporation opposes plaintiffs' motion to exclude Ocean Duke's damages expert Michael T. McEnerney, which motion is based on the lack of service of a written report contemporaneously with Mr. McEnerney's disclosure as an expert witness. The opposition is based on the following grounds:

1. Plaintiffs themselves failed to designate any expert witnesses by a then-pending court-ordered deadline, and counsel for defendant Ocean Duke agreed to excuse plaintiffs' lapse. The stipulated court order that ultimately resulted from that continuance, prepared by plaintiffs' counsel, did not require Mr. McEnereny to prepare a report by the date of his disclosure as an expert.

2. At the time Mr. McEnerney was (timely) disclosed as an expert witness, plaintiffs had just received a damages report authored by Mr. McEnerney in another group of "Kowalski" cases, to wit, *Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.*, Civil No. 05-00517 BMK (the "TPI case"); *Kowalski v. Mommy Gina Tuna*

*Resources*, Civil No. 05-00679 (the "MGTR case"); *Kowalski v. Integral Seafood LLC*, Civil No. 05-00797 (the "Integral case"); and *Kowalski v. Friend*, Civil No. 06-00182 (the "Friend case").

3. Mr. McEnerney's report in this case (the "Ocean Duke" case) is virtually identical to the report he delivered to plaintiffs in the other "Kowalski" cases, even ***before*** he was designated as an expert witness in this case. Thus, plaintiffs have long had in their possession sufficient materials to understand the witness's attack on the methodologies and opinions of plaintiffs' damages expert.

## II.   STATEMENT OF FACTS

As set forth in the Declaration of Paul S. Marks, and as this court is aware, there have been at least four trial continuances in this case. The last one came about earlier this year, by stipulation and court order, under the following circumstances.

In early December 2006, Ocean Duke produced over 30,000 pages of documents in response to a document demand from plaintiffs. Then, in early January 2007, plaintiffs missed an earlier scheduling order deadline, requiring the designation of expert witnesses by plaintiffs. Shortly thereafter, in response to plaintiffs' complaint that the document production had "buried" plaintiffs in paperwork, defendant Ocean Duke agreed to excuse the missed expert designation

deadline, and also agreed to postpone the trial date. A stipulation was submitted to the court, and new dates for trial and related deadlines were established by the court. The new schedule set the current December 4, 2007 trial date, as well as expert exchange deadlines in the June/July 2007 timeframe.

In or around May 2007, plaintiffs' counsel again asked for an extension for expert designations, this time without moving the trial date. Defendant Ocean Duke again agreed, and a new court order was entered by stipulation. That court order, prepared by plaintiffs' counsel, went through at least two drafts based on comments from Ocean Duke's counsel; however, neither draft, nor the final stipulated order, specifically required defendant Ocean Duke to submit reports at the same time as it submitted its expert designation.

In August 2007, after plaintiffs submitted their expert report of David Francom, Ocean Duke timely disclosed Michael T. McEnerney as its damages expert. Although no expert report was produced from Mr. McEnerney at that time, plaintiffs already had a report from Mr. McEnerney rebutting the damages opinions of Mr. Francom in the related "Kowalski" cases.

As set forth in the Declaration of Michael McEnerney, at the time he was designated as an expert witness in the Ocean Duke case, he had already prepared and delivered to plaintiffs a written report in the related "Kowalski" litigation, challenging the opinions of Mr. Francom. Further, that report and the report he has

now prepared for Ocean Duke are virtually identical.  A "red-lined" comparison of the two reports illustrates how closely similar the two reports are.  (*See* Ing Decl.)

### III. ARGUMENT

#### A. *Stipulation to Allow Plaintiffs' Expert Designation Without Reports.*

Expert witness discovery is governed primarily by Rule 26 of the Federal Rules of Civil Procedure.  That provision of the rules allows the parties to modify, by agreement, the procedures for expert witness reports.  Ocean Duke asserts that that is exactly what happened here.

Rule 26 provides in relevant part as follows:

> 26(a)(2)(A)  In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) **Except as otherwise stipulated or directed by the court,** this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information

considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(Rule 26, Fed. R. Civ. P.; emphasis added.)

Thus, the rule itself provides that the parties by stipulation, or the court by order, may modify the requirement that a report be presented at the time of expert designation. Ocean Duke submits that the parties did just that, in their stipulation of June 4, 2007. (*See* Marks Decl., Exh. C.) That stipulation, which was prepared by plaintiffs' counsel, required ***plaintiffs*** to prepare and serve expert reports at the time of designation, but did ***not*** require defendant's expert designation to be accompanied by such reports. Counsel for Ocean Duke relied on that language in the stipulation and order, in disclosing Mr. McEnerney as an expert witness without a written report.[1] Further, as shown in the Declaration of Paul S. Marks, the June 4, 2007 stipulation arose out of circumstances in which:

(a)   Plaintiffs' counsel had asked for relief from an earlier missed

---

[1] Ocean Duke also designated at the same time several expert witnesses who are employed by Ocean Duke, and who by rule are not required to prepare and serve written expert reports (and who did not prepare such reports).

        expert designation deadline (and obtained that relief from Ocean Duke's counsel); and

    (b)    On the occasion of the June 4, 2007 stipulation, plaintiffs were asking for a further extension of time to permit expert witness disclosure -- which was again agreed to by defense counsel.

Thus, plaintiffs' counsel has benefitted from the stipulations and agreements of defense counsel in relation to the timing of expert designations, ***including relief from at least one missed designation deadline.*** However, by this motion it seems clear that plaintiffs' counsel intends not to abide by the June 4, 2007 written stipulation that he offered and prepared.

    B.    <u>*Relief from Failure to File an Expert Report Where Failure is Harmless.*</u>

Even if it is determined that the June 4, 2007 stipulation and order required Ocean Duke to submit expert reports on that day, there is good cause for relief from that requirement.

A party who fails properly to disclose its experts and their reports may be barred from using on direct examination any expert testimony not so disclosed, unless there was "substantial justification" for the failure, or the failure was "harmless." (Fed. R. Civ. P. 37; The Rutter Group, Federal Practice Guide: Federal Civil Procedure Before Trial, at 11.450.) In determining whether a nondisclosure was "harmless," courts should evaluate "whether the opposing party

130871.1                              7

was otherwise aware of the undisclosed information" and whether the undisclosed information was of major or only minor importance.  (The Rutter Group, Federal Practice Guide: Federal Civil Procedure Before Trial, at 11:452; *see Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D. Tenn. 2002).)  Although the issue is within the trial court's discretion, "the district court may be found to have abused its discretion if [its] exclusion of testimony results in fundamental unfairness in the trial of the case." (*Newman v. GHS Ostoepathic, Inc.*, 60 F.3d 153, 156 (3rd Cir. 1995), citing *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994).)

In *Newman, supra,* the non-disclosed witnesses were allowed to testify because the opposing party had their names and the scope of their testimony long before trial.  (*See also Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996) (no abuse of discretion where court allowed expert witness to testify after a tardy disclosure, because there was no evidence of prejudice); *In Re Paoli R.R. Yard PCP Ligi.*, 35 F.3d 717, 792-93 (3rd Cir. 1994) (order to exclude non-disclosed expert witness reversed where "there was only a slight deviation from pre-trial notice requirements, and admitting the witness was likely to cause only slight prejudice to the defendants, who were already aware of the basic substance of the witness' testimony").)

Here, too, not only was there a stipulation that modified the dictates of Rule 26, but there will be little if any prejudice to plaintiffs if Mr. McEnerney is

130871.1                                8

allowed to testify.  Mr. McEnerney's identity was timely disclosed, and plaintiffs already had in hand at that time a report that is virtually identical to the one now on file in this case.  Indeed, plaintiffs had it in their possession before Mr. McEnerney was even disclosed in this case.

Under the circumstances, Ocean Duke submits that there is little if any prejudice to plaintiffs.  On that basis, Ocean Duke respectfully urges that the motion be denied.

DATED:  Los Angeles, California, November 20, 2007.

/s/ Paul S. Marks_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for defendant Ocean Duke Corp.