IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>OCEAN DUKE CORPORATION,<br><br>　　　　Defendant. | Case No. CV04-00055 BMK<br><br>**DECLARATION OF PAUL S. MARKS** |

**DECLARATION OF PAUL S. MARKS**

　　I, Paul S. Marks, declare:

　　1.　　I am counsel for defendant Ocean Duke Corporation, and I have knowledge of the facts set forth herein.

　　2.　　To the best of my recollection, there have been at least four trial continuances in this case. The last one came about earlier this year, by stipulation and court order, under the following circumstances.

　　3.　　In early December 2006, Ocean Duke produced over 30,000 pages of documents in response to a document demand from plaintiffs. Then, in early January 2007, plaintiffs missed an earlier scheduling order deadline, requiring the designation of expert witnesses by plaintiffs. A week after the deadline, I called Mr. Yasunaga to inquire about the matter. I specifically remember being surprised

to reach him on the phone at about 5:30 a.m. in his office (7:30 a.m. Los Angeles time). I asked him if he had disclosed any expert witnesses by the due date, and he stated he had not, and that it was difficult for him to do so since we had "buried" him in paperwork with our recent document production. Shortly thereafter, at Mr. Yasunaga's request, I agreed to excuse the missed expert designation deadline, and also agreed to postpone the trial date. A stipulation was submitted to the court, in which it was specifically stated that the court would re-set new deadlines, including "those that may have already passed." The only scheduling order deadline that had then passed was plaintiffs' expert disclosure. A true and correct (albeit unsigned) copy of the stipulation that was filed is attached hereto as Exhibit A, attached to the e-mail from Mr. Yasunaga asking that I sign it.

    4.    Based on the stipulation, new dates for trial and related deadlines were established by the court. The new schedule set the current December 4, 2007 trial date, as well as expert exchange deadlines in the June/July 2007 timeframe. A true and correct copy of that scheduling order is attached hereto as Exhibit B.

    5.    In or around May 2007, plaintiffs' counsel again asked for an extension for expert designations, this time without moving the trial date. I again agreed, and a new court order was entered into by stipulation. That court order, prepared by plaintiffs' counsel, went through at least two drafts based on comments from me. Specifically, I requested that motion deadlines be extended as well, and

that was added to the draft stipulation. However, neither draft, nor the final stipulated order, specifically required defendant Ocean Duke to submit expert reports at the same time as it submitted its expert designation. I noted that at the time, and thought I was agreeing to that. A true and correct copy of the stipulation and order is attached hereto as Exhibit C.

      6.    In August 2007, after plaintiffs submitted their expert report of David Francom, Ocean Duke timely disclosed Michael T. McEnerney as its damages expert. Mr. McEnerney advised me that he would be unable to prepare a report for some time, but that he had sent plaintiffs a report challenging Mr. Francom's opinions and methodologies in related Kowalski litigation. I sent him Mr. Francom's report in this case, and he analyzed it and advised me that his report in the Ocean Duke case would be very similar to his earlier report. In designating Mr. McEnerney without a report, I believed I was complying with the June 4, 2007 stipulation of the parties.

I declare under penalty of perjury under the laws of Hawaii and the United States of America that the foregoing is true and correct.

Executed on November 20, 2007, at Los Angeles, California.

                                                        /s/ Paul S. Marks_____
                                                        PAUL S. MARKS