CADES SCHUTTE LLP

MILTON M. YASUNAGA     3058-0
MARTIN E. HSIA              2954-0
ALLISON MIZUO LEE         7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> **PLAINTIFFS' WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S TRIAL BRIEF; CERTIFICATE OF SERVICE** <br><br> **TRIAL DATE: December 4, 2007** |

## PLAINTIFFS' WILLIAM R. KOWALSKI AND HAWAIIAN INTERNATIONAL SEAFOOD, INC.'S TRIAL BRIEF

Plaintiffs WILLIAM R. KOWALSKI (*"Kowalski"*) and HAWAII

INTERNATIONAL SEAFOOD, INC. (*"HISI"*) submit their trial brief.

## A.    <u>Patent Infringement</u>

Plaintiffs assert that Ocean Duke has infringed the Kowalski Patent under 35 U.S.C. § 271(g) by importing into the United States and selling products that are made with Kowalski's patented process.  Ocean Duke contends that the products it imports and sells is made in accordance with the Shih Patent and therefore does not infringe.

The determination of infringement is a two-step process.  The court must first correctly construe the asserted claims, and then the properly construed claims must be compared with the allegedly infringing devices, systems, or methods.  <u>See NTP, Inc. v. Research In Motion, Ltd.</u>, 418 F.3d 1282, 1311 (Fed. Cir. 2005). "The law of infringement requires that the asserted claims be compared with the products or processes accused of infringement."  <u>Amstar Corp. v. Envirotech Corp.</u>, 730 F.2d 1476, 1481 (Fed. Cir. 1984).  It is improper to merely compare the subject patent with another patent as a means of determining whether the subject patent has been infringed.  <u>See Vaupel Textilmashinen KG v. Meccanica Euro Italia SPA</u>, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991), <u>Int'l Glass Co. v. United States</u>, 408 F.2d 395, 400 (Ct. Cl. 1969); <u>see also</u> Plts' Mot. in Limine #7, filed 11/13/07.

The Court has properly construed Claims 1, 33, 67, 68, and 69 of the Kowalski Patent.  Generally, these claims of the Kowalski Patent have three limitations/elements that can be summarized as follows: (1) <u>Heating Step</u>:  heating

carbon containing materials (including charcoal) to make smoke, (2) <u>Filtering Step</u>: filtering or separating out or reducing (including by condensing) the parts of the smoke which impart or give smoke flavor to food at least enough so that the remaining smoke does not give smoke flavoring to food, (3) <u>Exposure Step</u>: exposing to or bringing into contact with each other the smoke and the food, without giving a smoke flavor to that food.

The precise process that Ocean Duke's imported products are treated with, against which the properly construed claims must be compared, however, remains uncertain. While representing by way of a declaration submitted in support of Ocean Duke's Motion for Partial Summary Judgment that he was knowledgeable of the process used by Ocean Duke's supplier PT Inti Samudera Citra Perkasa ("***Citra Perkasa***"), Roger Lin could not answer questions about the equipment and process at his deposition, admitting that his personal observations were limited to looking at a machine from 20 feet away for about five minutes and that his previous declaration was based on the assumption, at the urging of counsel, that the Shih Patent was followed. <u>See</u> Plts' Mot. in Limine #1, filed 11/13/07, at 7-9. Ocean Duke's stonewalling tactics leading to the Stipulated Order Compelling Discovery From Defendant Ocean Duke, the inconsistent and incomplete accounts and information about Citra Perkasa's purported process, reliance on Mr. Shih's hearsay statements, and the inability of Plaintiffs to compel discovery from a

foreign corporation that is not a party to the lawsuit,[1] warrants application of 35 U.S.C. § 295 and shifting the burden to Ocean Duke to prove at trial that it did not literally, or by an equivalent, infringe the Kowalski Patent.  See Plts' Mot. in Limine #1, filed 11/13/07.

There appears little doubt that the alleged infringing product Ocean Duke imports and sells in the U.S. is treated with a process that involves heating charcoal to make smoke (i.e. the heating step) and that the resulting smoke (i.e. carbon monoxide) is exposed to the food, without giving a smoke flavor to that food (i.e. exposure step).  Ocean Duke, however, mounts a challenge with respect to the filtering step.

Plaintiffs have strong evidence to show at trial that the filtering step is indeed performed despite what Ocean Duke claims (without personal knowledge) is the process used to treat the product it imports and sells in the U.S.  A non-exclusive summary of such evidence is set forth below:

- Ocean Duke's knowledgeable salesperson Chris Ragone admitted in January 2000 that Ocean Duke's "Tasteless Smoke Processed Ahi Saku" was made with a process in which "smoke flavor components have been removed from the smoke to make tasteless smoke," see Ex. "6" (Stalker Report) to Plts' Mot. in Limine #1, filed 11/13/07;

---

[1] Notably, Indonesia is not a signatory to the Hague Convention, see Dee-K Ent. Inc. v. Heveafil SDN.BHD, 174 F.R.D. 376, 378 (E.D. Va. 1997), and thus its provisions for obtaining discovery abroad would not apply.

- After receiving the Notice of Infringement Letter on January 25, 2000, see Ex. "7" (Notice of Infringement) to Plts' Mot. in Limine #1, filed 11/13/07, which informed Ocean Duke of Ragone's statements, Ocean Duke never responded to deny that Ragone was authorized to make such statements, never denied that Ragone made the statements, and never denied that the statement describing Ocean Duke's product was accurate;

- Citra Perkasa is listed on NOAA's approved tasteless smoke facilities list indicating that Citra Perkasa demonstrated to the government that it is treating tuna through the tasteless smoke process having CO as a component of the gas which has been generated from smoke, see Ex. "5" (NOAA list) to Plts.' Mot. in Limine #1, filed 11/13/07;

- Ocean Duke sells its products to Ahold, who requires "Frozen Tasteless Cold Smoke (wood origin) Processed Yellowfin Skinless Tuna Steaks" properly described as "YELLOWFIN TUNA STEAKS - #1 cooking grade, natural tasteless wood smoke used to maintain fresh-like taste and color," see Exs. "18" and "19" (Ahold specification and Giant label) to Plts' Mot. in Limine #1, filed 11/13/07;

- Plaintiffs' competent expert Dr. Joseph Maga will testify that "heating charcoal in an oven heated to about 180 degrees Centigrade as described in the Shih Patent would produce much more than just carbon monoxide and water – it would produce smoke, and that smoke would contain components or compounds that would impart smoke odor and smoke taste," Ex. "20" (Maga Report) to Plts' Mot. in Limine #1, filed 11/13/07, at ¶ 5;

- Ocean Duke's expert Iwaoka says in his Report that volatile compounds in addition to carbon monoxide and water vapor would result from burning charcoal at 180°C in a vacuum oven, see Ex. "15" (Iwaoka Report) to Plts' Mot. in Limine #1, filed 11/13/07, 10-11, which corroborates Dr. Maga's opinion;

- Dr. Maga will testify that processing of the smoke used for Ocean Duke's fish reduces or removes or filters out smoke odor and smoke taste imparting components or compounds because "smoke taste and

odor causing components that are vapors are removed when the vapors are converted to liquid and the liquid is removed, and other smoke taste and odor causing components are dissolved or trapped or settled into the liquid and are removed when the liquid is removed, <u>see</u> Ex. "20" (Maga Report) to Plts' Mot. in Limine #1, filed 11/13/07, at ¶ 7;

- Ocean Duke's expert Iwaoka testified at his deposition that "removal of water vapor removes not just the water vapor but some particulate matter as well as other things [especially highly water soluble things] that were generated," <u>see</u> Ex. "14" (Iwaoka Depo. Tr.) to Plts' Mot. in Limine #1, filed 11/13/07, which corroborates Dr. Maga's opinion; and

- Duke Lin testified at his deposition that he saw filtering material, like the type in a home water filtration system, when he observed Citra Perkasa's smoke generation machine. <u>See</u> Ex. "15" (D. Lin Depo. Tr.) to Plts' Mot. in Limine #1, filed 11/13/07.

Finally, the process used to make Ocean Duke's fish actually begins with wood, because wood must be burned in order to get to the stage of the wood being charcoal. Therefore, regardless of how clean charcoal smoke might be, one should look at the entire process that results in Ocean Duke's fish, and that entire process begins with burning wood, which certainly creates smoke taste and odor causing substances, which are discarded. Charcoal is only an intermediate stage, and so one needs to look at the initial burning of the wood to get to the charcoal stage in order to determine infringement.

Ocean Duke has infringed the Kowalski Patent if not literally, then certainly under the doctrine of equivalents.

**B.**    **The Court Should Not Allow Ocean Duke To Pursue Its Surprise Defenses Or Introduce Any Evidence Not Timely Disclosed.**

This case proceeded for nearly four years as a simple case of infringement versus non-infringement. Then, about a month from trial, and after all of the pre-trial deadlines lapsed -- e.g. the July 2006 deadlines to comply with Stipulated Order Compelling Discovery From Defendant Ocean Duke Corporation, August 15, 2007 dispositive motions cut-off, October 5, 2007 discovery cut-off, etc. -- Ocean Duke indicated for the first time on November 1, 2007, in a brief that was supposed to be for claim construction, that it intended to assert invalidity defenses, i.e. written description and indefiniteness. See Def.'s Opp. to Plts' Cross and Suppl. Mot. for Claim Construction, filed 11/1/07. Even later yet, on November 13, 2007, Ocean Duke also revealed for the first time its intent to pursue the following defenses: HISI's lack of standing to pursue lost profit damages, patent misuse, and inoperability. See Def.'s Mot. to Continue Trial, filed 11/13/07. Ocean Duke's recent exhibit and witness lists confirm that Ocean Duke intends to ambush Plaintiffs with these new defense theories at trial.

The defenses that Ocean Duke now (on the eve of trial) raises for the first time were the subject of specific interrogatories made by Plaintiffs in 2004. Among other things, Plaintiffs inquired and Ocean Duke responded as follows:

**Interrogatory No. 3.** **Explain with particularity (and as to each claim of the '401 patent) and identify all reasons, facts, references, prior art, documents, and bases for or relating to each of Ocean**

**Duke's claims, contentions, positions, defenses, or affirmative defenses; the identities of the persons with knowledge of the above information and the substance of the knowledge of each person.**

[Ocean Duke's Response]: Discovery is continuing into the prior art relating to the '401 patent and otherwise in response to this Interrogatory. In general, Ocean Duke imports fish that have been processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,332, issued on or about December 18, 2001, to Chi-Hsing Shih and Tien Pao Chiu. That patent and the processes, disclosures, claims and teaching thereunder are completely different from the patent alleged in plaintiff William R. Kowalski's complaint on file herein. To Ocean Duke Corporation's knowledge, in the course of its business Ocean Duke Corporation has never acquired, purchased, stored, owned, held possession of, or sold any fish treated with the '401 patent alleged by plaintiff.

**Interrogatory No. 4. Assuming liability can be proven, state all facts, contentions, and theories that relate to Ocean Duke's position as to damages Ocean Duke may owe (including specifically stating: . . . if Ocean Duke contends that lost profits are not awardable, set forth in detail the basis for such contentions; . . . .**

[Ocean Duke's Response]: . . . . Ocean Duke Corporation alleges in response to this Interrogatory that liability cannot be proven; hence any position it may take on damages at this point in the litigation would be hypothetical, speculative, and covered by attorney-client privilege and work product.

Ex. "11" (Def's Suppl. Resp. to Plts' 1st RAI) to Plts' Mot. in Limine #1.

Ocean Duke's responses were so bad that the Court even entered a stipulated order compelling Ocean Duke to provide "full and substantive" written responses to Plaintiffs' above interrogatory requests and to produce all responsive non-privileged documents requested in Plaintiffs' first request for production of documents by July 12, 2006. The Court's order also reminded Ocean Duke's of its

duty to supplement its responses under Fed. R. Civ. P. 26, but Ocean Duke provided no further supplementation to the responses cited above.

The written description, indefiniteness, lack of standing to pursue lost profit damages, inoperability and patent misuse defenses ("**new defenses**") were directly responsive to Interrogatories Nos. 3 and/or 4. Had they been timely disclosed by Ocean Duke as required by the Fed. R. Civ. P., the Stipulated Order Compelling Discovery, and the Court's Amended Scheduling Order, Plaintiffs would have had the opportunity to obtain discovery from Ocean Duke on the new defenses and also to develop its own evidence and legal theories to counter them, including expert testimony. For example, Plaintiffs have not had the opportunity in discovery to develop evidence regarding the knowledge of people with ordinary skill in the art showing that the written description and definiteness requirements are met. Regardless of whether intentional or negligent, Ocean Duke's last minute attempt to raise the new defenses on the eve of trial is unfairly prejudicial to Plaintiffs. See Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997) ("Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. Exxon and VECO were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy.").

Where, as here, defenses are not adequately described in response to a contention interrogatory, a party should not be allowed to raise that defense at trial. See Thorm EMI N. AM. Incorp. v. Intel Corp., 936 F. Supp. 1186, 1191 (D. Del. 1996) ("The court will prevent a party from raising a claim or defense at trial that was not adequately described in a response to a contention interrogatory."). A good faith response from Ocean Duke to Interrogatories Nos. 3 and 4 was particularly important in this case because Ocean Duke asserted no less than 67 affirmative defenses in its Answer to the Complaint, giving Plaintiffs virtually no notice of the defenses actually intended to be relied upon by Ocean Duke. Cf. Sprint Comm. Co., LP v. TheGlobe, Inc., 233 F.R.D. 615, 619-20 (D. Kan. 2006) ("Title 35 of the United States Code includes 112 discrete sections. It is unreasonable to make Sprint guess which of these sections Vonage is relying upon to contend that Sprint's patent claims are unenforceable.").

**In Ruiz v. Hamburg-Am. Line, 478 F.2d 29 (9th Cir. 1973), the Ninth Circuit Court of Appeals required a new trial on grounds, among others, that "when a party in its answers to interrogatories misleads another party into believing that a defense will not be offered at trial, the later introduction of that defense will support a motion for a new trial." Id. at 33.** Having failed to mention the new defense theories in their discovery responses, Ocean Duke cannot be allowed to pursue them now (at trial or by way of a motion in limine, i.e.

Defendant's Motion in Limine To Exclude Reference To Hawaii International

Seafood, Inc. As A Plaintiff For Lack of Standing).  See Plt's Mot. in Limine #2,

filed 11/13/07, Plts' Opp. to Def.'s Mot. in Limine To Exclude Reference To HISI

As A Plaintiff For Lack of Standing, filed 11/20/07. [2]

The Federal Rules of Civil Procedure are designed for the purpose of

preventing unfair surprise and trial by ambush.  See Burton v. Weyerhaeuser

Timber Co., 1 F.R.D. 571, 573 (D. Or. 1941) ("surprise, both as a weapon of attack

and defense, is not to be tolerated under the new Federal procedure").  The Court

has expressed its belief that the parties have had ample opportunity to engage in

discovery and bring motions for summary judgment in this four-year old case.  See

Order Denying Def.'s Mot. to Continue Trial, filed 11/20/07, at 2.  Ocean Duke

simply cannot be allowed to violate the deadlines set by the Court's orders and the

---

[2] Plaintiffs have also put forth compelling arguments as to why (1) Ocean Duke's expert witnesses whose opinions and reports were not timely disclosed must be excluded, see Plts' Mot. in Limine #3, filed 11/13/07, and (2) Ocean Duke should not be allowed to introduce at trial the testimony of surprise witnesses or exhibits that to this date have not been provided to Plaintiffs.  See Plts' Mot. in Limine #6, filed 11/13/07, Plts' Objections to Def's Exhibits, filed 11/20/07.  Notably, Chris Ragone ("*Ragone*"), Rock Garay ("*Garay*"), and Richard Friend ("*Friend*") appeared for the first time on Ocean Duke's witness list filed on November 13, 2007.  Neither Ragone, Garay, nor Friend were mentioned in any of Ocean Duke's responses to interrogatories or even in Ocean Duke's Pretrial Statement, filed on October 16, 2007 (more than a week after the October 5, 2007 discovery-cut off).  These individuals have not been deposed with respect to their knowledge about this case and allowing them to give testimony at trial is unfairly prejudicial to Plaintiffs.

Federal Rules of Civil Procedure with impunity.  See Klonski, M.D. v. Mahlab, M.D., 156 F.3d 255, 271 (1ˢᵗ Cir. 1998) (preclusion of evidence is the appropriate remedy because if not "[t]rial by ambush would be re-born.  Enforcement of discovery rules and orders is necessary to prevent abuse by future litigants.").  To avoid the necessity of a re-trial, the Court should bar Ocean Duke from asserting the new defenses and any evidence (witnesses and exhibits) that were not properly disclosed in discovery.  See Ruiz, 478 F.2d at 33.

The Court is directed to Plaintiffs' Motions in limine #1 and #7, Plaintiffs' opposition to Defendant's Motion in Limine to Exclude Reference to HISI As A Plaintiff For Lack of Standing, and Plaintiffs' Objections to Ocean Duke's exhibits.

DATED:  Honolulu, Hawaii, November 20, 2007.

CADES SCHUTTE LLP


/s/ Allison Mizuo Lee
MILTON M. YASUNAGA
MARTIN E. HSIA
ALLISON MIZUO LEE
Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and HAWAII
INTERNATIONAL SEAFOOD, INC.