CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA        2954-0
ALLISON MIZUO LEE     7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | **CIVIL NO. 04-00055 BMK** <br><br> **PLAINTIFFS' WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S PROPOSED SPECIAL VERDICT FORM; CERTIFICATE OF SERVICE** <br><br> **TRIAL DATE:** December 4, 2007 |

# PLAINTIFFS' WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S PROPOSED SPECIAL VERDICT FORM

Plaintiff WILLIAM R. KOWALSKI ("*Kowalski*") and HAWAII INTERNATIONAL SEAFOOD, INC. ("*HISI*") ("*Plaintiffs*") submit the attached proposed special verdict form.

Plaintiffs reserve the right to amend and supplement its proposed Special Verdict form depending upon the resolution of various motions pending, the proof admitted into evidence and other developments at trial, and the form of jury instructions settled upon by the Court.

DATED: Honolulu, Hawaii, November 20, 2007.

CADES SCHUTTE LLP

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA
MARTIN E. HSIA
ALLISON MIZUO LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | CIVIL NO. 04-00055 BMK |
| Plaintiffs, | **SPECIAL VERDICT** |
| v. | |
| OCEAN DUKE CORPORATION, | |
| Defendant. | |

## SPECIAL VERDICT

When answering the following questions and filling out this special verdict form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

Defendant Ocean Duke Corporation is referred to as "Ocean Duke." U.S. Patent No. 5,972,401 is referred to as the "Kowalski Patent."

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

# FINDINGS ON PATENT INFRINGEMENT CLAIM

A. **Infringement (Literal and Doctrine of Equivalents)**

1. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** literally infringed Claim 1 of the Kowalski Patent?

    Yes _____       No _____

If you answered "No," to question 1 above, go to and answer question 3. If you have answered "Yes" to question 1 above, answer question 2 below.

2. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** infringed Claim 1 of the Kowalski Patent under the doctrine of equivalents?

    Yes _____       No _____

Proceed to question 3.

3. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** literally infringed Claim 33 of the Kowalski Patent?

    Yes _____       No _____

If you answered "No," to question 3 above, go to and answer question 5. If you have answered "Yes" to question 3 above, answer question 4 below.

4. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** infringed Claim 33 of the Kowalski Patent under the doctrine of equivalents?

    Yes _____       No _____

Proceed to question 5.

5. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** literally infringed Claim 67 of the Kowalski Patent?

Yes _____    No _____

If you answered "No," to question 5 above, go to and answer question 7. If you have answered "Yes" to question 5 above, answer question 6 below.

6. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** infringed Claim 67 of the Kowalski Patent under the doctrine of equivalents?

Yes _____    No _____

Proceed to question 7.

7. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** literally infringed Claim 68 of the Kowalski Patent?

Yes _____    No _____

If you answered "No," to question 7 above, go to and answer question 9. If you have answered "Yes" to question 7 above, answer question 8 below.

8. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** infringed Claim 68 of the Kowalski Patent under the doctrine of equivalents?

Yes _____    No _____

Proceed to question 9.

9. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** literally infringed Claim 69 of the Kowalski Patent?

   Yes _____   No _____

If you answered "No," to question 9 above, skip (i.e. do not answer) question 10 and follow the instructions below question 10. If you have answered "Yes" to question 9 above, answer question 10 below.

10. Has Ocean Duke proven by a preponderance of the evidence that Ocean Duke has **NOT** infringed Claim 69 of the Kowalski Patent under the doctrine of equivalents?

    Yes _____   No _____

If you have answered "No" to any one of questions 1, 2, 3, 4, 5, 6, 7, 8, 9, **or** 10, then proceed to and answer questions 11 to 15. If you have answered "Yes" to each and every of the above questions 1 to 10, do not answer questions 11 to 15, but proceed to and answer questions 16 and 17.

B. **Willful Infringement**

11. Have Plaintiffs proven that it is highly probable that Ocean Duke's infringement of Claims 1, 33, 67, 68, and/or 69 of the Kowalski Patent was willful?

    Yes _____   No _____

Proceed to and answer question 12.

## **FINDINGS ON DAMAGES**

12. What lost profits did Kowalski show he more likely than not suffered as a result of sales that his company Hawaii International Inc. would with reasonable probability have made but for Ocean Duke's infringement?

$ _____

Proceed to and answer question 13.

13. For those infringing sales for which Kowalski is not entitled to lost profits, what amount is he entitled to as a reasonable royalty?

$ _____

Proceed to and answer question 14.

14. What amount of additional damages did Kowalski suffer in the form of excess interest and bank fees?

$ _____

Proceed to and answer question 15

15. What amount of additional damages did Kowalski suffer in the form of loss of prejudgment interest?

$ _____

Proceed to and answer questions 16 and 17.

## **FINDINGS ON DAMAGES**

12. What lost profits did Kowalski show he more likely than not suffered as a result of sales that his company Hawaii International Inc. would with reasonable probability have made but for Ocean Duke's infringement?

    $ _____

Proceed to and answer question 13.

13. For those infringing sales for which Kowalski is not entitled to lost profits, what amount is he entitled to as a reasonable royalty?

    $ _____

Proceed to and answer question 14.

14. What amount of additional damages did Kowalski suffer in the form of excess interest and bank fees?

    $ _____

Proceed to and answer question 15.

15. What amount of additional damages did Kowalski suffer in the form of loss of prejudgment interest?

    $ _____

Proceed to and answer questions 16 and 17.

## FINDINGS ON TRADEMARK INFRINGEMENT CLAIM

16. Have Plaintiffs proven by a preponderance of the evidence that Ocean Duke's use of the mark CRYO-FREEZE infringes Kowalski's CRYOFRESH trademark?

   Yes _____    No _____

Proceed to and answer question 17.

## FINDINGS ON UNFAIR COMPETITION CLAIM

17. Have Plaintiffs proven by a preponderance of the evidence that Ocean Duke has engaged in unfair competition or a deceptive trade practice?

   Yes _____    No _____

===============================================================
You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Courtroom Manager that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.
===============================================================

| DATED: _____, 2007 | By: _____ <br> Presiding Juror |
|---|---|