LOUISE K. Y. ING          2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:      ling@ahfi.com
             agriffiths@ahfi.com


TIMOTHY L. NEUFELD        *Pro Hac Vice*
PAUL S. MARKS             *Pro Hac Vice*
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:      tneufeld@neufeldlawgroup.com
             pmarks@neufeldlawgroup.com

Attorneys for Defendant
OCEAN DUKE CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) ) ) ) ) | Civil No. CV04-00055 BMK **DEFENDANT OCEAN DUKE CORPORATION'S PROPOSED SET OF JURY INSTRUCTIONS** |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| OCEAN DUKE CORPORATION, | ) ) | TRIAL:    December 4, 2007 |
| Defendant. | ) ) | |

662,913 / 8827-1

## DEFENDANT OCEAN DUKE CORPORATION'S
## PROPOSED SET OF JURY INSTRUCTIONS

Defendant Ocean Duke Corporation ("Ocean Duke"), by and through its attorneys, hereby submits its Proposed Set of Jury Instructions.  Pursuant to L.R. 51.1(i), modifications to "statutory authority, BAJI, . . . (or any other form instructions," additions are in boldface type, and brackets indicate modifications to such authority and form instructions.

Ocean Duke has no objection to Plaintiffs' Proposed Jury Instructions Nos. 1, 2, 3, 4, 5, 6, 7 ¶ 1 only, 8 (as supplemented below), 10 (as amended below), 11 (as amended below), 13 (as supplemented below), 14, 15 (as amended below), 16[1], 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 (as amended below), 29, 32, 36 (as amended below), 41 (as amended below), 43, 45, 49, 51 (however, the "Kowalski" should be substituted for "Plaintiffs" or "Plaintiff"; 52 (as amended below, and "Kowalski" should be substituted for "Plaintiffs" or "Plaintiff"; 53 (but "Kowalski" should be substituted for "Plaintiffs"), 57, 58.

---

[1]    For Plaintiffs' Proposed Jury Instructions nos. 16-26, Plaintiffs cite to a source which we have been unable to locate, United States District Court for the District of Hawaii General Federal Jury Instructions in Civil Cases, Model Patent Jury Instructions.  Ocean Duke reserves the right to propose amendments to Nos. 16-26 if the model instructions are located and it is determined that Plaintiffs have not used them fully and accurately.

In addition, Ocean Duke requests that this Court give the following Instructions, numbered 1 through 32, which are attached.

Ocean Duke reserves the right to supplement, amend, correct or modify its requested jury instructions as appropriate.

DATED:     Honolulu, Hawai`i, November 20, 2007.


/s/ Louise K. Y. Ing
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 1
(How a Patent Is Obtained)

(This paragraph should be added to the end of Plaintiffs' Jury Instruction No. 8, as it was omitted by Plaintiffs from the model instructions)

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all the information that will be presented to you.  A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions A.1., ¶ 6 (2007)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 2
(Summary of Contentions)

(Amendment to Plaintiffs' Proposed Jury Inst. No. 10)

(Revise paragraphs 4 and 5 of Plaintiffs' Proposed Jury Instruction No. 10, follows, to include language from the model instruction that Plaintiffs omitted:)

**Ocean Duke Corporation** denies it has infringed claims **1, 33, 67, 68 and 69 of the Kowalski** patent and argues that, in addition, the claims are invalid.

Your job will be to decide whether **claims 1, 33, 67, 68, and/or 69 of the Kowalski** patent have been infringed and whether those claims are invalid. Therefore, if you decide that any claim of the **Kowalski** patent has been infringed and is not invalid, you will need to decide . . .

(Revise paragraph 6 of Plaintiffs' Proposed Jury Instruction No. 10 as follows, to include language from the model instruction that Plaintiffs omitted:)

It is my job as judge to determine the meaning of any claim language that needs interpretation.  You must accept the meanings I give you and use them when you decide whether any claim of the patent has been infringed and whether any claim is invalid.

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instruction A.3, ¶¶ 4, 5, 6 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 3
(Patent At Issue)

[This should precede the handing out of the claim construction charts in Plaintiffs' Proposed Jury Instruction no. 11: the Court should show the jury the **Kowalski and Shih** patents at issue and point out the parts including the specification, drawings and claims, including the claims at issue **in the Kowaski patent (Claims 1, 33, 67, 68 and 69).** ]

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instruction A.2 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 4
(Glossary)

(Supplement Plaintiffs' Proposed Jury Instruction No. 10, follows, to include language from the model instruction that was omitted:)

Anticipation: A situation in which a claimed invention describes an earlier invention and, therefore, is not considered new and is not entitled to be patented.

Enablement:  A description of the invention that is sufficient to enable persons skilled in the field of the invention to make and use the invention.  The specification of the patent must contain such an enabling description.

Nonobviousness: One of the requirements for securing a patent.  To be valid, the subject matter of the invention must not have been obvious to a person of ordinary skill in the field of the invention at the time of the earlier of the filing date of the patent application or the date of invention.

Reduction to Practice: The invention is "reduced to practice" when it is sufficiently developed to show that it would work for its intended purpose.

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instruction C.1. (2007)

### DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 5
(Overview of Applicable Law - Preliminary)

In deciding the issues I just discussed, you will be asked to consider specific legal standards.  I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether **Ocean Duke** has infringed the claims of the patent.  Infringement is assessed on a claim-by-claim basis.  Therefore, there may be infringement as to one claim but not infringement as to another.  There are a few different ways that a patent may be infringed.  I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case.  In general, however, **Ocean Duke** may infringe the **Kowalski** patent by making, using, selling or offering for sale in the United States, or by importing into the United States, a product or method that is covered by a claim of the **Kowalski** patent. [ ] I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the **Kowalski** patent is invalid.  As I instructed you, a patent may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious.

One way that a claim may be invalid is if it is not new.  For a claim to be invalid because it is not new, **Ocean Duke** must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device or method, or described in a single previous printed publication or patent.  We call these things "prior art."  If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious.  Even though every element of a claim is not shown or described in a single piece of "prior art" and the claim is, therefore, not anticipated, the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made.  You will need to consider a number of questions in deciding whether the inventions claimed in the **Kowalski** patent are obvious.  I will provide you detailed instruction on these questions at the conclusion of the case.

A patent may also be invalid if its description does not meet certain requirements.  To be valid, a patent must meet the "written description" requirement.  In order to meet this written description requirement, the description of the invention in the specification portion of the patent must be detailed enough to describe the invention that is claimed in the claims of the issued patent.  The disclosure of a patent must also meet the "enablement" requirement.  To meet the requirement, the description in the patent has to be sufficiently full and clear to

have allowed persons or ordinary skill in the field of technology of the patent to make and use the invention without undue experimentation, at the time the patent application was originally filed.

If you decide that any claim of the **Kowalski** patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to **Kowalski** to compensate it for the infringement. The amount of those damages must be adequate to compensate **Kowalski** for the infringement. A damages award should put the patent holder in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what **Kowalski** would have received had it been paid a reasonable royalty. The damages award are meant to compensate the patent holder and not to punish an infringer. You may not include in your award any additional amount as a fine or penalty, above what is necessary to compensate **Kowalski** for the infringement, in order to punish **Ocean Duke**. I will give you more detailed instructions on the calculation of the damages at the conclusion of the case.

SOURCE:   Federal Circuit Bar Association Model Patent Jury Instructions, A.4
          (2007)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 6
(Outline of Trial - Preliminary)

(Revise Plaintiffs' Proposed Jury Instruction No. 15, follows, to include language in the model instruction that was omitted:)

(Paragraph 3 should be replaced with this:)

**Kowalski** will present his evidence on his contention that some of the claims of the Kowalski patent have been and continue to be infringed by **Ocean Duke Corporation** and that the infringement has been and continues to be willful. To prove infringement of any claim, **Kowalski** must persuade you that it is more likely than not that **Ocean Duke** has infringed that claim.

(This should be added after paragraph 5:)

**Ocean Duke** will go next and present its evidence that the claims of the **Kowalski** patent are invalid.  To prove invalidity of any claim, **Ocean Duke** must persuade you that it is highly probable that the claim is invalid.  In addition to presenting its evidence of invalidity, **Ocean Duke** will put on evidence responding to **Kowalski's** infringement and willfulness contentions.

**Kowalski** will then return and will put on evidence responding to **Ocean Duke's** contention that the claims of the **Kowalski** patent are invalid. **Kowalski** will also have the option to put on what is referred to as "rebuttal"

evidence to any evidence offered by **Ocean Duke** of non-infringement or lack of

willfulness.

Finally, **Ocean Duke** will have the option to put on "rebuttal

evidence to any evidence offered by **Kowalski** on the validity of the claims of the

**Kowalski** patent.

SOURCE:    United States District Court, Northern District of California, Model
           Patent Jury Instruction A.5. ¶¶ 3, 4, 5, 6. (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 7
(Independent and Dependent Claims)

This case involves two types of patent claims: independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, claim(s) **1, 67, 68 and 69** of the **Kowalski** patent are each independent claims.

The remainder of the claims in the **Kowalski patent (Claim 33)** are "dependent claims." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way the claim "depends" on another claim. The law considers a dependent claim to incorporate all of the requirements of the claim(s) to which it refers. The dependent claim then adds its own, additional, requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim(s) to which it refers. A **process** that meets all of the requirements of both the dependent claim and the claim(s) to which it refers is covered by that dependent claim.

SOURCE:   Fed. Cir. Bar Association Model Patent Jury Instructions B.2.-2.2a (2007) (modified).

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 8
(Summary of Contentions)

(Replace paragraph 2 of Plaintiffs' Proposed Jury Instruction No. 28 with this:)

**Ocean Duke** denies that it has infringed the asserted claims of the

patent and argues that, in addition, claims **1, 33, 67, 68 and 69** are invalid.


(Replace first two sentences of paragraph 3 of Plaintiffs Proposed Jury Instruction
No. 28 with this:)

Your job is to decide whether the asserted claims of the **Kowalski**

patent have been infringed and whether any of the asserted claims of the **Kowalski**

patent are invalid.  If you decide that any claim of the patent has been infringed

and is not invalid, you will then need to decide any money damages to be awarded

to **Mr. Kowalski** to compensate him for the infringement. . . .

SOURCE:    United States District Court, Northern District of California, Model
             Patent Jury Instruction B.1. ¶¶ 2, 3 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 9
(Claim Interpretation)

(This replaces the prefatory remarks in Plaintiffs' Proposed Jury Instruction No. 31:)

I will now explain to you the meaning of some of the words of the claims in this case. In doing so, I will explain some of the requirements of the claims. As I have previously instructed you, you must accept my definition of these words in the claims as correct. For any words in the claim for which I have not provided you with a definition, you should apply their plain English meaning. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide **the** issues that you are being asked to decide, such as infringement and invalidity. Those issues are yours to decide.

You must use the definitions I provide to you in your consideration of infringement issues.

[Refer to claim charts]

SOURCE:   Fed. Circuit Bar Association Model Patent Jury Instructions 2.3, ¶ 1 (2007) (modified); Federal Circuit Bar Association Model Patent Jury Instructions 7.8 (2002) (modified) (as to paragraph 2 of above instruction)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 10
(Direct Infringement)

(This replaces paragraph 3 of Plaintiffs' Proposed Jury Instruction No. 36:)

With one exception, you must consider each of the asserted claims of the patent individually, and decide whether **the process used to treat for color-retention fish imported and sold by Ocean Duke's** infringes that claim. The one exception to considering claims individually concerns dependent claims.

**Claim 33 of the Kowalski patent is a dependent claim.** A dependent claim includes all of the requirements of a particular independent claim, plus additional requirements of its own. As a result, if you find that an independent claim is not infringed, you must also find that its dependent claims are not infringed. On the other hand, if you find that an independent claim has been infringed, you must still separately decide whether the additional requirements of its dependent claims have also been infringed.

SOURCE:   United States District Court, Northern District of California, Modeal Patent Jury Instructions B.3.-3.2, ¶ 3 (2007) (modified).

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 11
(Literal Infringement)

(This replaces Plaintiffs' Proposed Jury Instruction No. 37:)

To decide whether **Ocean Duke's treated fish** literally infringes a claim of the **Kowalski** patent, you must compare **the method used to treat for color-retention the fish imported and sold by Ocean Duke** with the patent claim and determine whether every requirement of the claim is included in that **method**. If so, **the method used to treat Ocean Duke's fish for color-retention** literally infringes that claim. If, however, **the method used to treat Ocean Duke's fish** does not have every requirement in the patent claim, **the method** does not literally infringe that claim. You must decide literal infringement for each asserted claim separately.

If **the method used to treat Ocean Duke's fish for color-retention** does not itself include every requirement in the patent claim, **Ocean Duke** cannot be liable for infringement merely because other parties supplied the missing elements, unless **Ocean Duke** directed or controlled the acts by those parties.

SOURCE:    United States District Court, Northern District of California, Model
           Patent Jury Instruction B.3 - 3.3 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 12
(Willful Infringement)

(This replaces Plaintiffs' Proposed Jury Instruction No. 39:)

In this case, **Kowalski** argues both that **Ocean Duke** infringed and that **Ocean Duke** infringed willfully.  Even if you have decided that **Ocean Duke** has infringed you must go on and address the additional issue of whether or not this infringement was willful.  Willfulness requires you to determine **that Ocean Duke acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.  Ocean Duke's state of mind is not relevant to this objective inquiry.**

To prove willful infringement, **Kowalski** must establish that **Ocean Duke** willfully infringed by clear and convincing evidence.  That is **Ocean Duke** must prove willingness in such a way that you have been left with a clear conviction that the infringement was willful.

Specifically, **Kowalski** must show, by clear and convincing evidence that:

(1)     **Ocean Duke** was aware of the **Kowalski** patent **or that it was so obvious that its actions constituted infringement of a valid patent that the Kowalski patent should have been known to Ocean Duke,** and

(2) **Ocean Duke** engaged in the accused infringing activities without a reasonable basis for believing, either: (1) that **the method used to treat Ocean Duke's fish** did not infringe the **Kowalski** patent; or (2) that the **Kowalski** patent was invalid; or that the **Kowalski** patent was enforceable.

In deciding whether or not **Ocean Duke** committed willful infringement, you must consider all of the facts, which include but are not limited to:

(1) Whether or not **Ocean Duke** intentionally **imported and sold fish treated with a method that** copied a **method** that is covered by the **Kowalski** patent;

(2) Whether or not **Ocean Duke**, when it learned of **Kowalski's** patent protection, investigated the scope of the patent and formed a good-faith belief that the patent was invalid or unenforceable or that it was not infringed before **Ocean Duke** started or continued any possible infringing activity;

(3) Whether or not **Ocean Duke** reasonably believed that it had a substantial defense to infringement and reasonably believed that the defense would be successful if litigated;

(4)    Whether or not **Ocean Duke** made a good faith effort to avoid

infringing the patent, for example **Ocean Duke** took remedial action

upon learning of the patent by ceasing infringing activity or

attempting to design around the patent;

(5)    Whether or not **Ocean Duke** tried to cover up its infringement; and

(6)    Whether or not **Ocean Duke** relied on a legal opinion that appeared

to it to be well-supported and believable and that advised **Ocean**

**Duke** (1) that the **method** did not infringe the **Kowalski** patent or

(2) that the **Kowalski** patent was invalid or unenforceable.  **However,**

**there is no affirmative duty to obtain an opinion of counsel.**

In assessing these various factors and deciding whether or not **Ocean**

**Duke** willfully infringed the **Kowalski** patent, you need not find that all of the

factors are present.  In addition, no one or more of these factors are determinative.

Rather, you must decide, based on the evidence that it presented to you, whether

you have a clear conviction that the alleged infringement was willful.

SOURCE:    United States District Court, Northern District of California, Model
Patent Jury Instruction B.3. - 3.8 (2007) (modified); *In re Seagate
Technology, LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (overruling
standard in *Underwater Devices, Inc. v. Morrison-Knudsen Co.,* 717
F.2d 1380, 1389 (Fed. Cir. 1983) and holding that "proof of willful
infringement . . . requires at least a showing of objective
recklessness"); no duty to obtain opinion of counsel.

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 13
(Invalidity - Burden of Proof)

(This replaces Plaintiffs' Proposed Jury Instruction No. 40:)

I will now instruct you on the rules you must follow in deciding whether or not **Ocean Duke** has proven that claims **1, 33, 67, 68 and 69** of the **Kowalski** patent are invalid. To prove that any claim of a patent is invalid, **Ocean Duke** must persuade you by clear and convincing evidence. That is, in order to find a claim invalid you must be left with a clear conviction that the claim is invalid.

I now instruct you on the invalidity issues that you have to decide in this case.

SOURCE:     United States District Court, Northern District of California, Model Patent Jury Instruction B.4. - 4.1 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 14
(Infringement Under the Doctrine of Equivalents)

(This replaces Plaintiffs' Proposed Jury Instruction No. 37:)

If you decide that **the method used to treat for color-retention certain fish imported and sold by Ocean Duke** does not literally infringe an asserted patent claim, you must then decide whether that **method** infringes the asserted claim under what is called the "doctrine of equivalents."

Under the doctrine of equivalents, the **method** can infringe an asserted patent claim if it includes **steps** that are identical or equivalent to the requirements of the claim. If the **method** is missing an identical or equivalent **step** to even one requirement of the asserted patent claim, the **method** cannot infringe the claim under the doctrine of equivalents. Thus, in making your decision under the doctrine of equivalents, you must look at each individual requirement of the asserted patent claim and decide whether the **method** has either an identical or equivalent **step** to that individual claim requirement.

A **step** of a **method** is equivalent to a requirement of an asserted claim if a person of ordinary skill in the field would think that the differences between the step and the requirement were not substantial as of the time of the alleged infringement.

One way to decide whether any difference between a requirement of an asserted claim and a **step** of the **method** is not substantial is to consider whether, as of the time of the alleged infringement, the **step** of the **method** performed substantially the same function, in substantially the same way, to achieve substantially the same result as the requirement in the patent claim.

In deciding whether any difference between a claim requirement and the **method** is not substantial, you may consider whether, at the time of the alleged infringement, persons of ordinary skill in the field would have known of the interchangeability of the **step** with the claimed requirement.  The known interchangeability between the claim requirement and the **step** of the **method** is not necessary to find infringement under the doctrine of equivalents.  However, known interchangeability may support a conclusion that the difference between the **step** in the **method** and the claim requirement is not substantial.  The fact that a **step** of the **method** performs the same function as the claim requirement is not, by itself, sufficient to show known interchangeability.

You may not use the doctrine of equivalents to find infringement if you find that the subject matter alleged to be equivalent to a requirement of the patent claim as described in the **Kowalski** patent but not covered by any of its claims.  The subject matter described but not claimed must be specific enough that one of ordinary skill in the art would understand that it was present in the patent.

SOURCE:   United States District Court, Northern District of California, Model
          Patent Jury Instruction B.3. - 3.4 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 15
(Written Description Requirement)


**Ocean Duke** can meet its burden of proving that a patent claim is invalid by showing that the patent does not contain an adequate written description of the claimed invention. The purpose of this written description requirement is to make sure that a patent describes the technology it seeks to claim as an invention and to demonstrate that the inventor was in possession of the invention at the time the application for the patent was filed, even though the claims may have been changed or new claims added since that time.  The written description requirement is satisfied if a person of ordinary skill in the field reading the patent application as originally filed would recognize that the patent application described the invention as claimed, even though the description may not use the exact words found in the claim.  A requirement in a claim need not be specifically disclosed in the patent application as originally filed if a person of ordinary skill would understand the missing requirement is necessarily implied in the patent application as originally filed.


SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions B.4.2. - 4.2a (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 16
(Enablement)

**Ocean Duke** can meet its burden of proving that a patent claim is invalid by showing that the patent does not contain a description of the claimed invention that is sufficiently full and clear to enable a person of ordinary skill in the field to make and use the invention.  This is known as the "enablement" requirement.

The patent may be enabling even though it does not expressly state some information if a person of ordinary skill in the field could make and use the invention without having to do excessive experimentation.  In determining whether excessive experimentation is required, you may consider the following factors:

the scope of the claimed invention;

the amount of guidance presented in the patent;

the amount of experimentation necessary;

the time and cost of any necessary experimentation;

how routine any necessary experimentation is in the field **of treating fish for color-retention**;

whether the patent discloses specific working examples of the claimed invention;

the nature and predictability of the field; and

the level of ordinary skill in the field of **treating fish for color-retention**.

SOURCE:   United States District Court, Northern District of California, Model
              Patent Jury Instructions B.4.2. - 4.2b (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 17
(Best Mode)

**Ocean Duke** can meet its burden of proving that patent claim is invalid by showing that the patent does not disclose what **Kowalski** believed was the best way to carry out the claimed invention at the time the patent application was filed.  This is known as the "best mode" requirement.  It ensures that the public obtains a full disclosure of the best way to carry out the claimed invention known to **Kowalski** at the time the **Kowalski** patent application was first filed.  The disclosure of the best mode must be detailed enough to enable the persons of ordinary skill in the field of **treating fish for color-retention** field to carry out that best mode without excessive experimentation.

The best mode requirement focuses on what **Kowalski** believed at the time the **Kowalski** patent application was first filed.  It does not matter whether the best mode contemplated by **Kowalski** was, in fact, the best way to carry out the invention.  The question is whether the patent includes what **Kowalski** believed was the best mode at the time the **Kowalski** patent application was filed.  If **Kowalski** did not believe there was a best way to carry out the invention at the time that application was filed, there is no requirement that the patent describe a best mode.  Although a patent specification must disclose the best mode, it may disclose other modes as well and need not state which of the modes disclosed is best.  If

**Kowalski** believed there was a best way to carry out the invention and the patent does not disclose it, the patent is invalid.

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions B.4.2. - 4.2c (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 18
(Anticipation)

A patent claim is invalid if the claimed invention is not new.  For the claim to be invalid because it is not new, all of its requirements must have existed in a single device or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention.  In patent law, these previous devices, methods, publications or patents are called "prior art references."  If a patent claim is not new we say it is "anticipated" by a prior art reference.

The description in the written reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the field of **processing fish for color-retention** looking at that one reference would be able to make and use the claimed invention.

Here is a list of the ways that **Ocean Duke** can show that a patent claim was not new:

- if the claimed invention was already publicly known or publicly used by others in the United States before **the** date of conception;

- if the claimed invention was already patented or described in a printed publication anywhere in the world before **the** date of

conception.  A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find.

- if the claimed invention was already made by someone else in the United States before **the** date of conception, if that person had not abandoned the invention or kept it secret;

- if the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before **the** date of the **Kowalski's** application filing date;

- if **Kowalski** did not invent the claimed invention but instead learned of the claimed invention from someone else;

- if **Kowalski** and **Ocean Duke** dispute who is a first inventor, the person who first conceived of the claimed invention and first reduced it to practice is the first inventor.  If one person conceived of the claimed invention first, but reduced to practice second, that person is the first inventor only if that person (a) began to reduce the claimed invention to practice before the other party conceived of it and (b) continued to work diligently to reduce it to practice.  A claimed invention is "reduced to practice" when it has been fully tested

sufficiently to show that it will work for its intended purpose or when it is fully described in a filed patent application.

Since it is in dispute, you must determine a date of conception for the **Kowalski invention** and/or the **Yamaoka patent (that is U.S. Patent No. 5,484,619).** Conception is the mental part of an inventive act and is proven when the invention is shown in its complete form by drawings, disclosure to another or other forms of evidence presented at trial.

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions B.4.3. - 4.3a.1 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 19
(Obviousness)

Not all innovations are patentable.  A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field at the time the application **for the Kowalski patent** was filed.  The court, however, is charged with the responsibility of making the determination as to whether a patent claim was obvious based upon your determination of several factual questions.  First, you must decide the level of ordinary skill in the field that someone would have had at the time the claimed invention was made.  Second, you must decide the scope and content of the prior art.  Third, you must decide what difference, if any, existed between the claimed invention and the prior art.  Finally, you must determine which, if any, of the following factors have been established by the evidence:

(1)    commercial success of a product due to the merits of the claimed invention;

(2)    a long felt need for the solution provided by the claimed invention;

(3)    unsuccessful attempts by others to find the solution provided by the claimed invention;

(4)    copying of the claimed invention by others;

(5)    unexpected and superior results from the claimed invention;

(6)    acceptance by others of the claimed invention as shown by praise from

others in the field or from the licensing of the claimed inventions;

(7)    other evidence tending to show nonobviousness;

(8)    independent invention of the claimed invention by others before or at

about the same time as the named inventor thought of it; and

(9)    other evidence tending to show obviousness.

SOURCE:    United States District Court, Northern District of California, Model
Patent Jury Instructions B.4.3. - 4.3b (Alternative 2) (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 20
(Scope and Content of Prior Art)


**Kowalski** and **Ocean Duke** disagree as to whether **various** prior art **references** should be included in the prior art you use to decide the validity of claims **1, 33, 67, 68 and 69** of the **Kowalski** patent.  In order to be considered as prior art to the **Kowalski** patent, these references must be reasonably related to the claimed invention of that patent.  A reference is reasonably related if it is in the same field as the claimed invention or is from another field to which a person of ordinary skill in the field would look to solve a known problem.


SOURCE:    United States District Court, Northern District of California, Model
Patent Jury Instructions B.4.3. - 4.3bi (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 21
(Differences Over the Prior Art)


In reaching your conclusion as to whether or not **claims 1, 33, 67, 68 and 69** would have been obvious at the time the claimed invention was made, you should consider any difference or differences between the **prior art references** and the claimed requirements.


SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions B.4.3. - 4.3bii (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 22
(Level of Ordinary Skill)


Several times, in my instructions, I have referred to a person of ordinary skill in the field of **treating fish for color-retention**.  It is up to you to decide the level of ordinary skill in **that** field.  You should consider all the evidence introduced at trial in making this decision, including:

(1)    the levels of education and experience of persons working in the field;

(2)    the types of problems encountered in the field; and

(3)    the sophistication of the technology.

**Kowalski** contends that the level of ordinary skill in the field was _____.  **Ocean Duke** contends that the level of ordinary skill in the field was _____.


SOURCE:    United States District Court, Northern District of California, Model
Patent Jury Instructions B.4.3. - 4.3biii (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 23
(Misuse of patent)


Misuse of a patent can render it unenforceable.  Patent misuse occurs when a patent owner wrongfully attempts to enforce a patent, either because the patent was fraudulently obtained or because the enforcement methods are unlawfully anticompetitive.  Patent misuse may be shown from the totality of the patent holder's conduct and business practices.


SOURCE:   *Duplan Corp. v. Deering Milliken, Inc.*, 444 F. Supp. 648 (D.S.C. 1977).

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 24
(Lost Profits - Generally)

(This replaces Plaintiffs' Proposed Jury Instruction No. 42, ¶¶ 2 and 3:)

To recover lost profits for infringing sales, **Kowalski** must show that but for the infringement there is a reasonable probability that it would have made sales that **Ocean Duke** made of **fish treated for color-retention under** the infringing **method**. **Kowalski must** show the share of **Ocean Duke's** sales that **he** would have made if the **fish imported and sold by Ocean Duke that had been treated under** infringing **method** had not been on the market.

You must allocate the lost profits based upon the customer demand for the patented feature of the infringing **method used to treat the fish imported and sold by Ocean Duke.** That is, you must determine which profits derive from the **fish sold by Ocean Duke which were treated using** patented invention, and not from other features of the infringing **method.**

SOURCE:   United States District Court, Northern District of California, Model
          Patent Jury Instructions B.5. - 5.2 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 25
(Lost Profits - Market Share)

One way **Kowalski** may prove the number of sales **he** would have made if the infringement had not happened is to prove **his** share of the relevant market excluding infringing products.  You may award **Kowalski** a share of profits equal to **his** market share.

In deciding **Kowalski's** market share, you must decide which products are in **his** market.  Products are in the same market if they are sufficiently similar to compete against each other.  Two products are sufficiently similar if one does not have a significantly higher price than or possess characteristics significantly different than the other.

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions B.5. - 5.3 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 26
(Reasonable Royalty - Definition)

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention. A reasonable royalty is the amount of royalty payment that a patent holder and the infringer would have agreed to in a hypothetical negotiation taking place at the time when the infringing sales first began. In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the infringer would have been had they entered into an agreement at the time, and had they acted reasonably in their negotiations. You must also assume that both parties believed the patent was valid and infringed. In addition, you must assume that the patent holder and infringer were willing to enter into an agreement. Your role is to determine what that agreement would have been. The measure of damage is what royalty would have resulted from the hypothetical negotiation, and not simply what royalty either party would have preferred.

In this trial, you have heard evidence of things that happened after the infringing sales first began. That evidence can be considered only to the extent that that evidence aids in you assessing what royalty would have resulted from a hypothetical negotiation. Although evidence of the actual profits **Ocean Duke** made may aid you in determining the anticipated profits at the time of the

hypothetical negotiation, you may not limit or increase the royalty based on the actual profits **Ocean Duke** made.

In determining the **reasonable** royalty, you should consider all of the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are:

(1)     whether the **Kowalski** had an established royalty for the invention; whether, in the absence of an established royalty, there is evidence that tends to prove an established royalty; whether, in the absence of such a licensing history, there are any royalty arrangements that were generally used and recognized in the particular industry at the time;

(2)     the nature of the commercial relationship between **Kowalski** and the licensee such as whether they were competitors or whether their relationship was that of an inventor and a promoter;

(3)     the established profitability of the patented product, its commercial success and its popularity at the time;

(4)     whether **Kowalski** had an established policy of granting licenses or retaining the patented invention as **his** exclusive right, or whether **Kowalski** had a policy of granting licenses under special conditions designed to preserve his monopoly;

(5)    the size of the anticipated market for the invention at the time the

infringement began;

(6)    the duration of the patent and of the license, as well as the terms and

scope of the license, such as whether it is exclusive or nonexclusive or

subject to territorial restrictions;

(7)    the rates paid by the licensee for the use of other patents comparable to

the **Kowalski's** patent;

(8)    whether the licensee's sales of the patented invention promote sale of

its other products and whether the invention generates sales to the

inventor of his nonpatented items;

(9)    the utility and advantages of the patented property over the old modes

or devices, if any, that had been used for working out similar results;

(10)   the extent to which **Ocean Duke** used the invention and any evidence

probative of the value of such use;

(11)   the portion of the profits in the particular business that is customarily

attributable to the use of the invention or analogous inventions;

(12)   the portion of the profits that should be credited to the invention as

distinguished from nonpatented elements, the manufacturing process,

business risks and significant features or improvements added by the

infringer;

(13)    the opinion and testimony of qualified experts and of **Kowalski**; and

(14)    any other factors which in your mind would have increased or

decreased the royalty the infringer would have been willing to pay and

the patent holder would have been willing to accept, acting as

normally prudent business people.

No one factor is dispositive and you can and should consider the

evidence that has been presented to you in this case on each of these factors.  The

final factor establishes the framework which you should use in determining a

reasonable royalty, *i.e.,* the payment that would have resulted from a negotiation

between a patent holder and the infringer taking place at the time when the

infringing sales first began.

SOURCE:    Fed. Cir. Bar Association, Model Patent Jury Instruction No. B.6 - 6.7
(2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 27
(Date of Commencement - Products)

In determining the amount of damages, you must determine when the damages began.  Damages commence on the date that **Ocean Duke** has both infringed and been notified of the **Kowalski** patent:

- **Kowalski** and **Ocean Duke** agree that the date was _____;

**[OR]**

- If you find that **Kowalski** sells a product that includes the claimed invention but has not marked that product with the patent number, you must determine the date that **Ocean Duke** received actual written notice of the **Kowalski** patent and the specific product alleged to infringe;

**[OR]**

- If you find that **Kowalski** sells such a product but marks the product with the patent number, damages begin without the requirement for actual notice. If you find that the **Kowalski** patent was granted before the infringing activity began, damages should be calculated as of the date you determine that the infringement began.  If you find that the **Kowalski** patent was granted after the infringing activity began, damages should be calculated as of date patent issued.

SOURCE:    United States District Court, Northern District of California, Model
           Patent Jury Instructions B.6. - 6.5 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 28
(Elements and Burden of Proof - Trademark)


On **Kowalski's** claim for trademark infringement, **Kowalski has** the burden of proving each of the following elements by a preponderance of the evidence that:

1.    CRYOFRESH is a valid, protectable trademark;

2.    **Kowalski** owns CRYOFRESH as a trademark;

3.    **Ocean Duke** used CRYO-FREEZE without the consent of **Kowalski** in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods; and

4.    **Kowalski was** damaged by **Ocean Duke's** infringement.

If you find that each of the elements on which **Kowalski has** the burden of proof has been proved, your verdict should be for **Kowalski**.  If, on the other hand, **Kowalski has** filed to prove any of these elements, your verdict should be for **Ocean Duke**.




SOURCE:    Ninth Circuit Manual for Model Civil Jury Instructions 15.5 (2007)
                     (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 29
(Likelihood of Confusion - Factors)

(This paragraph should go at the end of paragraph 4 in Plaintiffs' Proposed Jury Instruction No. 52:)

As you consider whether the trademark used by **Ocean Duke** creates for consumers a likelihood of confusion with **Kowalski's** trademark, you should weigh any instances of actual confusion against the opportunities for such confusion. If the instances of actual confusion have been relatively frequent, you may find that there has been substantial actual confusion. If, by contrast, there is a very large volume of sales, but only a few isolated instances of actual confusion you may find that there has not been substantial actual confusion.

(These paragraphs should go at the end of paragraph 6 in Plaintiffs' Proposed Jury Instruction No. 52:)

      7.    Purchaser's Degree of Care. The more sophisticated the potential buyers of the goods or the most costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be. They may be less likely to be confused by similarities in **Kowalski's** and **Ocean Duke's** trademarks.

8.    Product Line Expansion.  When the parties' products differ, you may consider how likely **Kowalski** is to begin selling the products for which **Ocean Duke** is using **a trademark that is similar to Kowalski's** trademark.  If there is a strong possibility of expanding into the other party's market, there is a greater likelihood of confusion.

9.    **Any other factors that bear on the likelihood of confusion.**

SOURCE:    Ninth Circuit Manual of Model Jury Instructions 15.16, ¶¶ 4, 7, 8 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 30
(Defenses - "Classic" Fair Use)

The **owner** of a trademark cannot exclude others from making a fair use of that trademark.  A defendant makes fair use of a mark when the defendant uses it as other than a trademark to accurately describe the **source of** the defendant's own **product.**

**Ocean Duke** contends that it fairly used the **mark "cryo-freeze"** to describe **its product**.  **Ocean Duke** has the burden of proving its fair use of the mark by clear and convincing evidence.

**Ocean Duke** makes fair use of a trademark when **it:**

1.    used the mark **"cryo-freeze" other than to distinguish Ocean Duke's** from **Kowalski's product** and to indicate the source of **Ocean Duke's** goods;

2.    used the mark fairly and in good faith; and

3.    used the mark **"cryo-freeze"** only to describe **Ocean Duke's** goods as those of **Ocean Duke's** and not at all to describe **Kowalski's** product.

SOURCE:   Ninth Circuit Manual of Model Jury Instructions 15.22 (2007) (modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 31
(Trademark Damages - Plaintiff's Actual Damages)

If you find for **Kowalski** on **his infringement** claim and find that

**Ocean Duke** had statutory notice or actual notice of **Kowalski's** registered

trademark, you must determine **his** actual damages.

**Kowalski** has the burden of proving actual damages by a

preponderance of the evidence.  Damages means the amount of money which will

reasonably and fairly compensate **him** for any **injury** you find was caused by

**Ocean Duke's** infringement of **Kowalski's** registered trademark.

You should consider the following:

1.    The **injury to Kowalski's** reputation;

2.    The **injury to Kowalski's** goodwill, including injury to **his** general

business reputation;

3.    The lost profits that **Kowalski** would have earned but for **Ocean**

**Duke's** infringement.  Profit is determined by deducting all expenses

from gross revenues;

4.    The expense of preventing customers from being deceived; **and**

5.    The cost of future corrective advertising reasonably required to correct

any public confusion caused by the infringement.

6.    **Any other factors that bear on Kowalski's actual damages.**

SOURCE:   Ninth Circuit Manual of Model Jury Instructions 15.25 (2007)
(modified)

DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 32
(Trademark Damages - Defendant's Profits)


In addition to actual damages, **Kowalski** is entitled to any profits earned by **Ocean Duke** that are attributable to the infringement, which **Kowalski** proves by a preponderance of the evidence.  You may not, however, include in any award of profits in any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all **Ocean Duke's** receipts from using the trademark in the sale of a product.  **Kowalski** has the burden of proving **Ocean Duke's** gross revenue by a preponderance of the evidence.

Expenses are all operating, overhead and production costs incurred in producing the gross revenue.  **Ocean Duke** has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of **Ocean Duke's product** using **"cryo-freeze"** is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.


SOURCE:    Ninth Circuit Manual of Model Jury Instructions 15.26 (2007)
                    (modified)