LOUISE K. Y. ING          2394-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:        ling@ahfi.com

TIMOTHY L. NEUFELD        Pro Hac Vice
PAUL S. MARKS             Pro Hac Vice
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:        tneufeld@neufeldlawgroup.com
                  pmarks@neufeldlawgroup.com

Attorneys for OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Case No. CV04-00055 BMK <br><br> **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1 (SHIFTING BURDEN OF PROOF UNDER 35 U.S.C. § 295);** DECLARATION OF PAUL S. MARKS; CERTIFICATE OF SERVICE <br><br> DATE:   November 26, 2007 <br> TIME:    2:00 p.m. <br> JUDGE:  Barry M. Kurren <br><br> Trial Date:   December 4, 2007 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* NO. 1
(SHIFTING BURDEN OF PROOF UNDER 35 U.S.C. § 295)**

## I.      INTRODUCTION

Defendant Ocean Duke Corporation opposes this motion on three grounds:

1.      Plaintiffs have not met their burden of showing that Ocean Duke's imported seafood products were processed using the Kowalski patent;

2.      Plaintiffs have fallen far short of demonstrating that they made reasonable efforts to determine the process used by Ocean Duke's *third party* supplier in Bali; and

3.      If, notwithstanding the foregoing arguments, the court is considering granting the motion, Ocean Duke requests that a ruling on the motion be deferred until testimony is taken at trial.

## II.      PLAINTIFFS HAVE NOT SHOWN THAT A "SUBSTANTIAL LIKELIHOOD" EXISTS THAT OCEAN DUKE'S IMPORTED SEAFOOD WAS MADE USING THE KOWALSKI PROCESS.

Plaintiffs' motion devotes ample argument to the theory of plaintiffs' patent infringement case, but fundamentally the case for "burden-shifting" under Section 295 comes down to speculation and guesswork.  For example, here is how plaintiffs' motion concludes:

Given . . . the inconsistencies discussed in detail above, and the fact that

Roger Lin's recitation of the process used to treat fish is based primarily

on hearsay statements of Mr. Shih, . . . it is very likely that [the] actual

process and equipment for treating fish is different than what Ocean Duke

purports it to be.

(Motion *in Limine* No. 1, at p. 28.)  This line of argument runs throughout

plaintiffs' motion, with one of the subject matter headings of plaintiffs' lengthy

memorandum in support alleging that Ocean Duke gave "varying and conflicting

accounts" of the process used by its supplier to treat seafood in Bali. (Motion *in*

*Limine* No. 1, at p. 7.)

What this says is that plaintiffs simply do not know how Ocean Duke's

supplier treats the seafood it sells to Ocean Duke.  Indeed, plaintiffs' motion does

not supply hard evidence, directly from the source, showing exactly how that

process works to treat the seafood.  Rather, plaintiffs seem to be arguing that one

of the reasons plaintiffs do not know the exact process in Bali is because, in

plaintiffs' view, Ocean Duke itself is not quite sure.  In other words, if Ocean Duke

does not know the process (since it supposedly gave "varying and conflicting"

accounts of it), then how can plaintiffs be expected to know?

What plaintiffs neglect to focus on, however, is that Ocean Duke's supplier

in Bali is a third party, and that Ocean Duke has only a vendor-vendee relationship

with its supplier.  Ocean Duke does not have the burden of ***disproving*** infringing

acts by its third party supplier; rather, unless Section 295 applies, plaintiffs still

must carry the burden of proof on infringement.

The evidence presented with this motion is itself enough to demonstrate that plaintiffs have not carried their burden of proof. Ocean Duke has consistently stated, from the start of this lawsuit, that its supplier uses a separate patented process (called the Shih process after the creator of the process and the founder of the factory). Although Mr. Lin's knowledge of the process may be "second-hand" or "hearsay" to some degree, there can be no doubt that the Shih process exists, that it is patented, and that the supplier asserts that the process is used to treat the seafood that Ocean Duke imports. Thus, plaintiffs did not meet their burden of showing that the Kowalski process, as opposed to the Shih process, is being used in Bali. On that basis alone, Ocean Duke urges that this motion be denied.

### III.   PLAINTIFFS HAVE NOT SHOWN THAT THEY TOOK REASONABLE STEPS TO ASCERTAIN THE PROCESS USED TO TREAT OCEAN DUKE'S SEAFOOD.

To benefit from burden-shifting under Section 295, plaintiffs must meet a second threshold requirement, *i.e.,* that they have made "a reasonable effort to determine the process actually used in the production of the product and w[ere] unable to so determine." (*Nutrinova Nutrition Specialities v. International Trade Commission,* 224 F.3d 1356, 1359.) Plaintiffs have fallen far short of this standard.

If one wished to determine "the process actually used in the production of

the product" in a factory in Bali, the best way to achieve that goal would be to travel to Bali, or to send someone there.  But there has been no evidence presented with this motion that plaintiffs ever did that or attempted to do that.  Further, it appears that, in the related Kowalski cases, discovery was conducted and evidence was taken in the Philippines; thus, it would certainly be feasible for plaintiffs to travel overseas to investigate the Shih process.  However, plaintiffs not only never did that, they also never asked Ocean Duke to assist in enabling that process.

Indeed, plaintiffs only began taking depositions in this case right before and even shortly after the discovery cutoff.  From this, it is apparent that plaintiffs' strategy is to force a *de facto* if not a *de jure* "burden shifting," by making baseless allegations about infringement, and forcing Ocean Duke to defend itself in front of a jury.  Although plaintiffs can certainly attempt to put on their liability case in that fashion (notwithstanding the risks involved), in order to benefit from Section 295 plaintiffs must meet specified standards.

Ocean Duke respectfully submits that the standards enumerated in Section 295 and in *Nutrinova, supra,* have not been met, and that this motion should therefore be denied.

## IV.   IF THE COURT IS CONSIDERING GRANTING THIS MOTION, OCEAN DUKE RESPECTFULLY REQUESTS THAT A RULING BE DEFERRED UNTIL EVIDENCE IS TAKEN AT TRIAL.

Section 295 does not specify when the trial court should make (or reject) a

130870.1                                                5

determination of burden shifting.  Indeed, one of the lessons of *Nutrinova, supra,* is that federal trial courts have wide discretion "to determine when decisions concerning procedural matters are to be decided."  (*Nutrinova, supra,* 224 F.3d 1356, 1360.)  Because plaintiff must meet both prongs of Section 295 in order for the burden to shift (*i.e.,* the "substantial likelihood" of infringement prong, and the "reasonable efforts" prong), Ocean Duke urges denial of the motion at this point.  This is because the second prong ("reasonable efforts" to learn the actual process) would appear to require an analysis by the court of efforts undertaken ***during pre-trial discovery*** -- a determination that is well-suited for decision "on the papers," before a jury is empanelled.

However, if the court is inclined to consider granting the motion, Ocean Duke would respectfully urge deferral of a decision on the motion, until trial testimony can be taken.  Because the first prong of Section 295 -- "substantial likelihood" of infringement -- is a fact-based determination that goes to the ultimate merits of the case, and since some of the issues will require credibility determinations based on witness testimony, Ocean Duke respectfully suggests that the matter can appropriately be determined during trial.

DATED:  Los Angeles, California, November 20, 2007.


/s/ Paul S. Marks_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for defendant Ocean Duke Corp.