LOUISE K. Y. ING            2394-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:    ling@ahfi.com

TIMOTHY L. NEUFELD       Pro Hac Vice
PAUL S. MARKS            Pro Hac Vice
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone: (213) 625-2625
Facsimile: (213) 625-2650
E-mail:    tneufeld@neufeldlawgroup.com
           pmarks@neufeldlawgroup.com

Attorneys for OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Case No. CV04-00055 BMK <br><br> **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2 (EXCLUSION OF DEFENSES NOT STATED IN ANSWERS TO INTERROGATORIES);** CERTIFICATE OF SERVICE <br><br> DATE: November 26, 2007 <br> TIME: 2:00 p.m. <br> JUDGE: Barry M. Kurren <br><br> Trial: December 4, 2007 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2 (EXCLUSION OF DEFENSES NOT STATED IN ANSWERS TO INTERROGATORIES)**

I.  INTRODUCTION

Defendant Ocean Duke opposes the motion to preclude certain defenses on grounds they were purportedly not referred to in answers to interrogatories.

Many of the affirmative defenses cited by Ocean Duke in its answer to the complaint have been hotly-litigated in recent months, and have been the subject of motions and discovery depositions. Accordingly, plaintiffs are on notice of the defenses Ocean Duke may try to prove, and it would be fundamentally unfair for Ocean Duke to have to defend itself without the ability to assert those defenses.

Further, Ocean Duke asserts that it fully complied with its obligations in responding to interrogatories, and there is no good basis for granting the motion.

II.  LITIGATION OF OCEAN DUKE'S AFFIRMATIVE DEFENSES HAS GIVEN PLAINTIFFS FAIR NOTICE.

In recent depositions and court motions, many of the affirmative defenses asserted by Ocean Duke in its answer to the complaint have been litigated. The most obvious example of this is the issue of patent invalidity, as briefed, argued, and determined in connection with the recent claims construction proceedings.

Although the court has not issued a pre-trial order here, case authority on pre-trial orders is instructive. It has been held that "a defense is preserved" if the

pretrial order makes some reference to the defense, such that the other party should have been alerted to, and prepared for, assertion of the defense." (*See El-Hakem v. BJY, Inc.,* 415 F.3d 1068, 1077 (9th Cir. 2005).) Here, not only were many affirmative defenses listed in Ocean Duke's answer in 2004, but the pretrial statement certainly put plaintiffs on notice of certain of Ocean Duke's affirmative defenses.

### III. THE SUBJECT INTERROGATORY WAS ADEQUATELY ANSWERED.

There is a major technical problem with plaintiffs' motion.

The motion is based on one interrogatory, which was responded to first with objections, and later with a substantive answer. In order for a court to determine whether a response (or alleged non-response) to an interrogatory justifies the equivalent of the death penalty for Ocean Duke's affirmative defenses, it is instructive to parse the interrogatory itself, and to determine whether any of the objections were valid, and whether the answer given was responsive.

Here is the subject interrogatory:

> Explain with particularity (and as to each claim of the '401 patent) and identify all reasons, facts, references, prior art, documents, and bases for or relating to each of Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses; the identities of the persons with knowledge of the above information and substance

of the knowledge of each such person.

The objections to this interrogatory that were lodged, as seen in plaintiffs' motion, were all-encompassing. But that is because the interrogatory itself was fairly all-encompassing. Since there are over seventy claims in the Kowalski patent, and since the "call of the question" sought six different items of information (*i.e.,* "reasons, facts, references, prior art, documents, and bases") for each of the seventy-plus claims, that means plaintiffs' Interrogatory No. 3 really consisted of **over four-hundred questions rolled into one.** This is far more than the limited number of interrogatories permitted under Fed. R. Civ. P. 33(a). (*See, e.g., Prochaska v. Merrill Lynch,* 155 F.R.D. 189, 191 (D. Neb. 1993) (limit of 25 interrogatories in federal rules deemed to include "subparts").) Taken to its logical extreme, then, the theory of this motion is that if virtually *any* information was not stated in response to this Interrogatory, then Ocean Duke would be at risk of losing the ability to use that information at trial.

More importantly for present purposes, the language and word structure of Interrogatory No. 3 contains a significant landmine which, as a technical (but dispositive) matter, is fatal to plaintiffs' motion. Here, again, is the interrogatory:

> Explain with particularity (and as to each claim of the '401 patent) and identify all reasons, facts, references, prior art, documents, and bases for or relating to each of Ocean Duke's claims, contentions,

positions, defenses, or affirmative defenses; the identities of the persons with knowledge of the above information and substance of the knowledge of each such person.

Broken down, parsed, and analyzed, this sentence directs the reader to explain six specific things ("reasons, facts," etc.) about each of the 70-plus patent claims. But those six things are further described and modified, as "relating to each of Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses; . . ." Thus, the question is not asking solely for, say, "facts" about each one of the seventy-plus patent claims; rather, it seeks "facts" about "Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses" relating to each of the seventy-plus patent claims.

It is this last clause ("Ocean Duke's claims, contentions, positions, defenses, or affirmative defenses") -- a necessary clause to the interrogatory's meaning -- that fatally undermines plaintiffs' motion. Why? Because the author of the interrogatory used the unfortunate disjunctive word "or," instead of the all-capturing word "and." Surely, if the word "and" had been used, it would have expanded into the thousands the real number of questions packed into this single interrogatory. But, because the word "or" was used, it gave Ocean Duke the choice of which "fact" or "reason" to which it would be responding.

Thus, the interrogatory, as phrased, gave Ocean Duke the freedom to

provide answers relating to any of the following:

> Ocean Duke's claims, OR
>
> Ocean Duke's contentions, OR
>
> Ocean Duke's positions, OR
>
> Ocean Duke's defenses, OR
>
> Ocean Duke's affirmative defenses.

By the language and structure of this interrogatory, then, Ocean Duke did not have to provide ANY information about its defenses of affirmative defenses if it so chose. It was plaintiffs, not Ocean Duke, who decided to use the disjunctive word "or" in the interrogatory. Ocean Duke was simply following the call of the question.

> And here is the answer ultimately given by Ocean Duke:
>
> > Discovery is continuing into the prior art relating to the '401 patent and otherwise, in response to this Interrogatory. In general, Ocean Duke imports fish that have been processed and produced in strict accordance with the disclosure and teachings of U.S. Patent No. 6,331,322, issued on or about December 18, 2001, to Chi-Hsing Shih and Tien Pao Chiu. That patent and the processes, disclosures, claims and teachings thereunder are completely different from the patent alleged in plaintiff William R. Kowalski's complaint on file herein.

>To Ocean Duke Corporation's knowledge, in the course of its business Ocean Duke Corporation has never acquired, purchased, stored, owned, held possession of, or sold any fish treated with the '401 patent alleged by plaintiff.
>
>Persons with knowledge are Roger Lin and . . . Steven Shih . . . .

What is notable about the answer is that Ocean Duke did invoke at least one topic that bears on affirmative defenses, and that is the issue of prior art -- an issue which certainly bears on patent invalidity.

Plaintiffs' motion seeks a draconian remedy far harsher than the perceived (but in Ocean Duke's view, illusory) discovery lapse on which it is based. Ocean Duke respectfully urges that the motion be denied in its entirety.

DATED:  Los Angeles, California, November 20, 2007.

/s/ Paul S. Marks  
LOUISE K. Y. ING  
ALLISON KIRK GRIFFITHS  
TIMOTHY L. NEUFELD  
PAUL S. MARKS  
Attorneys for defendant Ocean Duke Corp.