CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA    2954-0
ALLISON MIZUO LEE    7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>**PLAINTIFFS WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS; CERTIFICATE OF SERVICE**<br><br>**TRIAL DATE: December 4, 2007** |

## PLAINTIFFS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

Plaintiffs WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL

SEAFOOD, INC. ("*Plaintiffs*") submit their proposed supplemental jury

instructions.

ImanageDB:795665.1

Plaintiffs served their proposed jury instructions on Defendants in compliance with Local Rule 51.1(a) on November 13, 2007 and requested that Ocean Duke advise of its availability to meet and confer toward filing the joint jury instructions due to the Court on November 20, 2007. Ocean Duke did not serve proposed jury instructions on Plaintiffs as required by Rule 51.1(a), did not respond to Plaintiffs' request for a meet and confer, and as a result, Plaintiffs are not able to submit a set of joint jury instructions. Notably, the Court at the November 16, 2007 hearing on Ocean Duke's Motion to Continue Trial had required Ocean Duke to serve their proposed jury instructions, but Ocean Duke failed to do so.

Plaintiffs reserve the right to modify, supplement, and/or withdraw any of the attached proposed supplemental jury instructions based on the Court's rulings on the pending motions and other developments.

DATED: Honolulu, Hawaii, November 20, 2007.

CADES SCHUTTE LLP

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA
Attorney for Plaintiffs
WILLIAM R. KOWALSKI and HAWAII
INTERNATIONAL SEAFOOD, INC.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

# **PLAINTIFFS' PROPOSED**

# **PRELIMINARY JURY INSTRUCTIONS**

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

This case involves a dispute relating to a United States patent. Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions A.1 (para. 1) (2004).

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

Patents are issued by the United States Patent and Trademark Office, which is part of our government. The government is authorized by the United States Constitution to enact patent laws and issue patents to protect inventions. Inventions that are protected by patents may be of products, compositions, or of methods for doing something, or for using or making a product or composition.

SOURCE:    Federal Circuit Bar Association, Model Patent Jury Instructions 2.2 (para. 1) (2002).

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

A patent that protects an invention that is a method or process for making a product is sometimes called a "process patent". This lawsuit involves a process patent.

SOURCE:    35 U.S.C. §170(g) ("(g) Whoever without authority imports into the United States or sells or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, sale, or use of the product occurs during the term of such *process patent*.").

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4

The owner of a patent has the right, for the life of the patent, to prevent others from making, using, offering for sale, selling, or importing the invention covered by the patent.

SOURCE:    <u>Federal Circuit Bar Association, Model Patent Jury Instructions</u> 2.2 (para. 2) (2002)

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5

Where, as in this case, a process patent is involved, the owner of the patent

has the right, for the life of the patent, to prevent others from importing into the

United States or selling or using within the United States a product which was

made by the process or method covered by that patent.

SOURCE:    35 U.S.C. 271(g) (modified)("(g) Whoever without authority imports
into the United States or sells or uses within the United States a
product which is made by a process patented in the United States shall
be liable as an infringer, if the importation, sale, or use of the product
occurs during the term of such process patent.").

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6

A patent is granted for a set period of time, which, in this case, is 20 years from the time the application of the patent was filed. Once a patent expires, anyone is free to use the invention covered by the patent.

During the term of the patent, however, if another person makes, uses, offers to sell, sells or imports something that is covered by the patent without the patent owner's consent, that person is said to infringe the patent. The patent owner enforces a patent against persons believed to be infringers in a lawsuit in federal court, such as in this case.

SOURCE:   <u>Federal Circuit Bar Association, Model Patent Jury Instructions</u> 2.2
(para. 3 & 4) (2002).

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

In enforcing his or her rights to exclude anyone else from using the patented invention without the patent owner's permission, the patent owner may seek in the lawsuit to stop the alleged infringement, to recover money damages for the alleged infringement, or both.

The potential economic reward of being able to stop others from using the invention without permission or suing them for money damages if they infringe the patent gives people an incentive to invest time, money, and effort in research and development efforts to come up with new inventions that can be patented.

SOURCE:     Section of Antitrust law, American Bar Association, <u>Modern Jury Instructions In Civil Antitrust Cases</u>, portion of Instruction 1 at P2 (modified) , citing <u>Kewanee Oil Co. v. Bicron Corp.</u>, 416 U.S. 470, 480-81, 484 (1974); <u>Sears, Roebuck & Co. v. Suffel Corp.</u>, 376 U.S. 225, 229-30 (1964)</u> (modified)  Said instruction 1 states in part "As mentioned above, for a specified number of years, the patent owner has the right to exclude anyone else from using the patented invention. He or she may enforce this right by bringing a lawsuit to stop the alleged infringement, to recover damages for the alleged infringement, or both." and "The patent provides an inventor the right, for a specified number of years, to exclude others from making, using, offering for sale, or selling the patented invention throughout the United States without the permission of the owner of the patent.  This potential economic reward gives people an incentive to invest time, money, and effort in research and development efforts."

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8

As I mentioned, patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). The process of obtaining a patent is called patent prosecution.

To obtain a patent one must file an application with the PTO. The PTO is an agency of the federal government and employs trained examiners who review applications for patents to determine whether or not the inventions described in the patent applications meet the requirements of the patent laws for patentable inventions.

The application includes what is called a "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed.

The patent examiner then informs the applicant in writing what the examiner

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

has found and whether any claim is patentable, and thus will be "allowed." This writing from the patent examiner is called an "office action." If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims. This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent. The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." All of this material becomes available to the public no later than the date when the patent issues.

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions A.1 para. 3, 4, 5 (2004) (modified).

.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

A patent includes two basic parts, a written description of the invention and the patent claims. The written description, which may include drawings, is often referred to as the "specification" of the patent. (However, sometimes the term "specification" is also used to include the claims.)

You have been provided with a copy of the Kowalski patent. Please refer to the patent as I identify its different sections.

The cover page of the Kowalski patent provides identifying information, including the date the patent issued and patent number along the top, as well as the inventor's name, the filing date, and a list of the prior art publications considered in the Patent Office when the patent was applied for.

The specification of the Kowalski patent begins with an abstract, found on the cover page. The abstract is a brief statement about the subject matter of the invention.

Next, is a graph which appears as Figure 1. Then there are the drawings, which appear as Figures 1, 2(a), 2(b), 2(c), 3(a), 3(b), and 3(c) on the next two pages. The drawings depict various aspects or features of the invention. They are described in words later in the patent specification. The written description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are

10

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

also numbered.  The written description of the Kowalski patent begins at column 1, line 1, and continues to column 22, line 55.  It includes a background section, a summary of the invention, and a detailed description of the invention, including some specific examples.

The specification ends with one or more numbered paragraphs.  These are called the claims.  The claims may be divided into a number of steps, referred to as "claim limitations".  In the Kowalski patent, the claims begin at column 22, line 65 and continue to the end of the patent, at column 28, line 47.

SOURCE:   Federal Circuit Bar Association, Model Patent Jury Instructions 2.3 (para. 1-5) (2002) (Form's blank spaces filled in as intended by the form)

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties that filed this lawsuit – referred to in the law as the "plaintiffs" -- are WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., which is Mr. Kowalski's company that imports and sells fish in the United States. The party on the opposite side is OCEAN DUKE CORPORATION, which is another company that imports and sells fish in the United States. The case involves a United States patent obtained by WILLIAM R. KOWALSKI on October 26, 1999. The patent involved in this case is United States Patent Number 5,972,401, which lists WILLIAM R. KOWALSKI as the inventor. For convenience, the parties and I will often refer to this patent as the Kowalski patent.

Mr. Kowalski and Hawaii International Seafood, Inc. filed suit in this court seeking money damages from Ocean Duke Corporation for allegedly infringing the Kowalski patent by importing and offering for sale in the United States products that Mr. Kowalski and Hawaii International argue were made with a process covered by claims 1, 33, 67, 68 and/or 69 of the Kowalski patent. The products that are alleged to have been produced by a process infringing the Kowalski patent are the frozen fish treated to retain a fresh-like color imported and sold in the United States by Ocean Duke Corporation, which fish Ocean Duke says it buys

from an Indonesian company called PT Intisamudera Citra Perkasa.

Ocean Duke Corporation denies that it has infringed claims 1, 33, 67, 68, and 69 of the Kowalski patent.

Your job will be to decide whether claims 1, 33, 67, 68, and/or 69 of the Kowalski patent have been infringed. Patent infringement exists if even one claim of a patent has been infringed. Therefore, if you decide that any claim of the Kowalski patent has been infringed, you will then need to decide any money damages to be awarded to Plaintiffs to compensate them for the patent infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. That is because I will take willfulness into account later.

It is my job as judge to determine the meaning of any claim language that needs interpretation. You must accept the meanings I give you and use them when you decide whether any claim of the patent has been infringed.

SOURCE:   United States District Court, Northern District of California, Model Patent Jury Instructions A.3 (2004) (modified) and Panduit Corp. v. Dennison Mfg. Co., 836 F.2d 1329, 1330 at fn. 1 (Fed. Cir. 1987) ("One is liable for patent infringement if one claim be infringed.").

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11

My definitions of the language of Claims 1, 33, 67, 68, and 69 have been printed up and handed out to you.  You must use the definitions I provide to you in considering whether the Kowalski patent has been infringed by Ocean Duke.  My definitions are as follow:

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 1 | **A process for treating meat (including the meat of fish or other seafood) comprising[1] or including:** |
| | **heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke;** |
| | **reducing the taste imparting parts of the produced smoke at least enough so that the resulting or remaining smoke would not give smoke odor and taste to meat when brought into contact with the meat;** |
| | **treating meat with the resulting smoke.** |

---

[1] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 33 | A process for treating meat (including the meat of fish or other seafood) comprising[2] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke at ("at" referring to the temperature of the heating apparatus or medium) between about 400° Fahrenheit (204° Centigrade) and about 950° Fahrenheit (510° Centigrade); |
| | reducing the taste imparting parts of the produced smoke at least enough so that the resulting or remaining smoke would not give smoke odor and taste to meat when brought into contact with the meat; |
| | treating meat with the resulting smoke. |

---

[2] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 67 | A process for treating food comprising[3] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke; |
| | filtering or separating out or reducing (including[4] by cooling, condensing, settling out, and/or aging) the parts of the smoke which give smoke flavor to food at least enough so that the resulting or remaining smoke does not give smoke flavoring to food when food is exposed to that smoke; |
| | exposing to or bringing into contact with each other (a) the smoke and (b) the food, without giving a smoke flavor to that food. |

---

[3] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.
[4] The word "including," as used here means "including, but not limited to," as opposed to "including only the following."

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 68 | A process for treating food comprising[5] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke; |
| | removing the parts of smoke that give smoke odor; |
| | bringing the food and the smoke into contact with each other whereby the amount of smoke odor giving parts that were removed is sufficient to prevent giving a smoke odor to the food. |

---

[5] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 69 | A process for treating food comprising[6] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke that contains vapor having smoke odor and flavor giving parts; |
| | filtering or separating out or reducing or removing (including[7] by cooling, condensing, settling out, and/or aging) smoke odor and flavor giving parts from the smoke; |
| | bringing food into contact with a sufficiently reduced amount of smoke so as to prevent the food from having a smoke flavor. |

---

[6] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

[7] The word "including," as used here means "including, but not limited to," as opposed to "including only the following."

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions A.2 (2004). (modified to reference only claim construction aspect).

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

As I told you, Plaintiffs Kowalski and Hawaii International Seafood, Inc. contend that Ocean Duke infringes the Kowalski patent by selling fish that was made or treated with a process that falls within the claims of the Kowalski Patent. This is called direct infringement. Direct infringement can occur in two ways. The first is called "literal" infringement. Literal infringement exists if the process used to make Ocean Duke's product contains each and every limitation of one or more of the Kowalski patent claims.

The second type of infringement is called infringement under the "doctrine of equivalents". Infringement under the doctrine of equivalents occurs when, for each claim limitation not literally found in the process used to make Ocean Duke's fish, the process contains an equivalent step. In order to be equivalent, the differences between the missing claim limitation and the step used to make Ocean Duke's fish must be insubstantial. I will explain in more detail in my final instructions the various ways by which you may determine whether or not these differences, if they exist, are insubstantial.

SOURCE:  Federal Circuit Bar Association, Model Patent Jury Instructions 3.1.1. (2002) (modified). (Form's blank spaces filled in as intended by the form).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13

Some of the terms in this glossary will be defined in more detail in the legal instructions you are given. The definitions in the instructions must be followed and must control your deliberations.

[Add any technical terms from the art involved that may be used during trial and have agreed-upon definitions and delete any of the following terms which may not be applicable in a particular case.]

<u>Abstract</u>:     A brief summary of the technical disclosure in a patent to enable the U.S. Patent and Trademark Office and the public to determine quickly the nature and gist of the technical disclosure in the patent.

<u>Amendment</u>:     A patent applicant's change to one or more claims or to the specification either in response to an office action taken by a Patent Examiner or independently by the patent applicant during the patent application examination process.

<u>Best Mode</u>:  The best way the inventor actually knew to make or use the invention at the time of the patent application. If the applicant had a best mode as of the time the application was first filed, it must be set forth in the patent specification.

Claim:    Each claim of a patent is a concise, formal definition of an invention and appears at the end of the specification in a separately numbered paragraph. In concept, a patent claim marks the boundaries of the patent in the same way that a legal description in a deed specifies the boundaries of land, i.e. similar to a land owner who can prevent others from trespassing on the bounded property, the inventor can prevent others from using what is claimed. Claims may be independent or dependent. An independent claim stands alone. A dependent claim does not stand alone and refers to one or more other claims. A dependent claim incorporates whatever the other referenced claim or claims say.

Drawings:    The drawings are visual representations of the claimed invention or examples or parts of the claimed invention contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed invention or examples of it.

Elements:    The required parts of a device or the required steps of a method. A device or method infringes a patent if it contains each and every requirement of a patent claim.

Embodiment:    A product or method that contains the claimed invention.

Examination:    Procedure before the U.S. Patent and Trademark Office whereby a Patent Examiner reviews the filed patent application to determine if the claimed invention is patentable.

<u>Filing Date</u>: Date a patent application, with all the required sections, has been submitted to the U.S. Patent and Trademark Office.

<u>Infringement</u>:        Violation of a patent occurring when someone makes, uses or sells a patented invention, without permission of the patent holder, within the United States during the term of the patent.  In the case of a process patent, infringement is also violation of a patent occurring when someone imports into the United States or sells or uses within the United States a product which is made by a process patented in the United States, without permission of the patent holder, during the term of the patent.

<u>Limitation</u>:   A required part of an invention set forth in a patent claim.  A limitation is a requirement of the invention.  The word "limitation" is often used interchangeably with the word "requirement."

<u>Office Action</u>:        A written communication from the Patent Examiner to the patent applicant in the course of the application examination process.

<u>Patent</u>:        A patent is an exclusive right granted by the U.S. Patent and Trademark Office to an inventor to prevent others from making, using or selling an invention for a term of 20 years from the date the patent application was filed.  When the patent expires, the right to make, use or sell the invention is dedicated to the public.  The patent has three parts, which are a specification, drawings and claims.  The patent is granted after examination by the U.S. Patent and Trademark

Office of a patent application filed by the inventor which has these parts, and this examination is called the prosecution history.

Patent and Trademark Office (PTO):    An administrative branch of the U.S. Department of Commerce that is charged with overseeing and implementing the federal laws of patents and trademarks.  It is responsible for examining all patent applications and issuing all patents in the United States.

Prior Art:    Previously known subject matter in the field of a claimed invention for which a patent is being sought.  It includes issued patents, publications, and knowledge deemed to be publicly available such as trade skills, trade practices and the like.

Prosecution History:    The prosecution history is the complete written record of the proceedings in the PTO from the initial application to the issued patent.  The prosecution history includes the office actions taken by the PTO and the amendments to the patent application filed by the applicant during the examination process.

Reads On:    A patent claim "reads on" a device or method when each required part (requirement) of the claim is found in the device or method.

Requirement:    A required part or step of an invention set forth in a patent claim. The word "requirement" is often used interchangeably with the word "limitation."

Royalty:    A royalty is a payment made to the owner of a patent by a non-owner in exchange for rights to make, use or sell the claimed invention or import or sell products made with the patented process.

Specification:    The specification is a required part of a patent application and an issued patent. It is a written description of the invention and of the manner and process of making and using the claimed invention.

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions C.1 (modified) (2004).

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14

Plaintiffs Kowalski and Hawaii International Seafood, Inc. also assert claims against Ocean Duke for trademark infringement and unfair competition. Ocean Duke denies infringing the trademark and unfairly competing. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark.

SOURCE:    <u>Ninth Circuit Court Manual of Model Civil Jury Instructions</u> 15.0 (2007) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether something is more likely true than not. On other issues you must use a higher standard and decide whether it is highly probable that something is true.

Plaintiffs will present their evidence on its contention that some of the claims of the Kowalski patent have been and continue to be infringed by Ocean Duke Corporation and that the infringement has been and continues to be willful. In this case, Ocean Duke Corporation must prove that it is more likely than not that the fish treated for color retention that it imports and sells does not infringe any claim of the Kowalski patent.

To persuade you that Ocean Duke's infringement was willful, Plaintiffs must prove that it is highly probable that the infringement was willful.

To prove trademark infringement, Plaintiffs have the burden of proving that it is more likely than not that Hawaii International Seafood, Inc. has a valid trademark and that the Ocean Duke infringed that trademark.

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

During the presentation of the evidence, the attorneys will be allowed brief opportunities to explain what they believe the evidence has shown or what they believe upcoming evidence will show. Such comments are not evidence and are being allowed solely for the purpose of helping you understand the evidence.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case. Closing arguments are not evidence (but may assist you in understanding the evidence and applying the law). After the closing arguments and instructions, you will then decide the case.

SOURCE:  <u>United States District Court, Northern District of California, Model Patent Jury Instructions</u> A.5 (2004) (modified). Parenthetical phrase "but may assist you in understanding the evidence and applying the law" is from <u>United States District Court for the District of Hawaii General Federal Jury Instructions in Civil Cases, Model Patent Jury Instructions</u> 2.1.

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## **PLAINTIFFS' PROPOSED**

## **FINAL JURY INSTRUCTIONS**

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16

Members of the Jury:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

You are the judges of the facts. It is your duty to review the evidence and to decide the true facts. When you have decided the true facts, you must then apply the law to the facts.

I will tell you the law that applies to this case. You must apply that law, and only that law, in deciding this case, whether you personally agree or disagree with it.

The order in which I give you the instructions does not mean that one instruction is any more or less important than any other instruction. You must follow all the instructions I give you. You must not single out some instructions and ignore others. All the instructions are equally important and you must apply them as a whole to the facts.

SOURCE:    United States District Court  for the District of Hawaii General Federal Jury Instructions in Civil Cases , Model Patent Jury Instructions 1.1.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17

It is your duty and obligation as jurors to decide this case on the evidence presented in court and upon the law given to you.

You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case, and without prejudice against any of the parties.

Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

SOURCE:    United States District Court  for the District of Hawaii General
Federal Jury Instructions in Civil Cases , Model Patent Jury
Instructions 1.2.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18

In reaching your verdict, you may consider only the testimony and the exhibits received in evidence. The following are not evidence and you must not consider them as evidence in deciding the facts of this case.

1.    Attorneys' statements, arguments and remarks during opening statements, closing arguments, jury selection, and other times during the trial are not evidence, but may assist you in understanding the evidence and applying the law.

2.    Attorneys' questions and objections are not evidence.

3.    Excluded or stricken testimony or exhibits are not evidence and must not be considered for any purpose.

4.    Anything seen or heard when the court was not in session is not evidence. You must decide this case solely on the evidence received at the trial.

SOURCE:    United States District Court  for the District of Hawaii General
           Federal Jury Instructions in Civil Cases , Model Patent Jury
           Instructions 2.1.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19

Even though you are required to decide this case only upon the evidence presented in court, you are allowed to consider the evidence in light of your own observations, experiences, and common sense. You may use your common sense to make reasonable inferences from the facts.

SOURCE:    United States District Court for the District of Hawaii General
           Federal Jury Instructions in Civil Cases , Model Patent Jury
           Instructions 2.2.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20

Where the attorneys for the parties have stipulated to a fact, you must

consider the fact as having been conclusively proved.

SOURCE:    United States District Court for the District of Hawaii General
           Federal Jury Instructions in Civil Cases , Model Patent Jury
           Instructions 4.1.

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21

The testimony of a witness has been read into evidence from a deposition. A deposition is the testimony of a witness given under oath before the trial and preserved in written form.

You must consider and judge the deposition testimony of a witness in the same manner as if the witness actually appeared and testified in court in this trial.

SOURCE:    <u>United States District Court  for the District of Hawaii General Federal Jury Instructions in Civil Cases , Model Patent Jury Instructions</u> 4.2.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22

Evidence has been presented in the form of written answers given by a party in response to written questions from another party. The written answers were given under oath by the party. The written questions are called "interrogatories."

You must consider and judge a party's answers to interrogatories in the same manner as if the party actually appeared and testified in court in this trial.

SOURCE:    United States District Court for the District of Hawaii General Federal Jury Instructions in Civil Cases , Model Patent Jury Instructions 4.3.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23

There are two kinds of evidence from which you may decide the facts of this case: direct evidence and circumstantial evidence.

Direct evidence is direct proof of a fact, for example, the testimony of an eyewitness.

Circumstantial evidence is indirect proof of a fact, that is, when certain facts lead you to conclude that another fact also exists.

You may consider both direct evidence and circumstantial evidence when deciding the facts of this case. You are allowed to give equal weight to both kinds of evidence. The weight to be given any kind of evidence is for you to decide.

SOURCE:    United States District Court for the District of Hawaii General Federal Jury Instructions in Civil Cases , Model Patent Jury Instructions 4.5.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 24

I have said that you must consider all of the evidence. This does not mean , however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility of all witnesses who testified in this case. The weight their testimony deserves is for you to decide.

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility. In evaluating a witness, you may consider:

(1)    the witness' appearance and demeanor on the witness stand;

(2)    the manner in which a witness testified and the degree of intelligence shown;

(3)    the witness' degree of candor or frankness;

(4)    the witness' interest, if any, in the result of this case;

(5)    the witness' relationship to either party in the case;

(6)    any temper, feeling or bias shown by the witness;

(7)    the witness' character as shown by the evidence;

(8)    the witness' means and opportunity to acquire information;

(9)    the probability or improbability of the witness' testimony;

(10)    the extent to which the witness' testimony is supported or contradicted by other evidence;

(11)    the extent to which the witness made contradictory statements; and

(12)    all other circumstances affecting the witness' credibility.

Inconsistencies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit the inconsistent testimony. This is because two or more persons witnessing an event may see or hear the event differently. An innocently mistaken recollection or failure to remember is not an uncommon experience. In examining any inconsistent testimony, you should consider whether the inconsistency concerns important matters or unimportant details.

You should also consider whether inconsistent testimony is the result of an innocent mistake or a deliberate false statement.

You may, in short, accept or reject the testimony or any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non—existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

SOURCE:    United States District Court  for the District of Hawaii General
           Federal Jury Instructions in Civil Cases , Model Patent Jury
           Instructions 5.1.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25

The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial.

If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.

SOURCE:    United States District Court  for the District of Hawaii General
Federal Jury Instructions in Civil Cases , Model Patent Jury
Instructions 5.2.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26

In this case, you heard testimony from witnesses described as experts. Experts are persons who, by education, experience, training or otherwise, have special knowledge which is not commonly held by people in general. Experts may state an opinion on matters in their field of special knowledge and may also state their reasons for the opinion.

The testimony of expert witnesses should be judged in the same manner as the testimony of any witness. You may accept or reject the testimony in whole or in part. You may give the testimony as much weight as you think it deserves in consideration of all of the evidence in this case.

SOURCE:    United States District Court  for the District of Hawaii General
           Federal Jury Instructions in Civil Cases , Model Patent Jury
           Instructions  5.4.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27

At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws relevant to this case. I will now give you more detailed instructions about the patent laws that specifically relate to this case. If you would like to review my instructions at any time during your deliberations, they will be available to you in the jury room.

SOURCE:    Federal Circuit Bar Association, Model Patent Jury Instructions 6 (2002).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 28

1 will first give you a summary of each side's contentions in this case. I will then tell you what each side must prove to win on each of its contentions. As I previously told you, Plaintiffs William R. Kowalski and Hawaii International Seafood, Inc. ("Plaintiffs") seek money damages from Ocean Duke Corporation ("Ocean Duke") for allegedly infringing the Kowalski patent by importing and selling in the United States fish products that Kowalski and Hawaii International argue are covered by claims 1, 33, 67, 68, and/or 69 of the patent. These are the asserted claims of the Kowalski patent. The products that are alleged to infringe are the frozen fish treated to retain fresh-like color Ocean Duke bought and imported from PT Intisamudera Citra Perkasa, an Indonesian company.

Ocean Duke denies that it has infringed the asserted claims of the patent.

Your job is to decide whether the asserted claims of the Kowalski patent have been infringed. If you decide that any claim of the patent has been infringed, you will then need to decide any money damages to be awarded to Mr. Kowalski to compensate him for the infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you make. I will take willfulness into account later.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions  B.1(2004) (modified).

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 29

In deciding whether or not an accused process infringes a patent, the first step is to understand the meaning of the words used in the patent claims.

It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use them when you decide whether or not the patent is infringed.

At the start of the trial, I instructed you about the meaning of the words of the claims and the different types of claims that are at issue in this case. I will now review those instructions with you again.

[Alternative paragraph to use if claim construction was not given at beginning of case: Before I instruct you about the meaning of the words of the claims, I will explain to you the different types of claims that are at issue in this case.]

SOURCE:    Federal Circuit Bar Association, Model Patent Jury Instructions 7.1
(2002) (modified).

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 30

Patent claims may exist in two forms, referred to as independent claims and dependent claims. An independent claim does not refer to any other claim of the patent. Thus it is not necessary to look at any other claim to determine what an independent claim covers. Claim 1, 67, 68, and 69 of the Kowalski patent, for example, are independent claims.

A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the limitations of the other claim or claims to which it refers, as well as the additional limitations recited in the dependent claim itself. Therefore, to determine what a dependent claim covers, it is necessary to look at both the dependent claim and the other claim or claims to which it refers.

For example, claim 33 is a dependent claim. It refers to claim 1. To determine what dependent claim covers, the words of that claim and the words of claim 1 must be read together.


SOURCE:    Federal Circuit Bar Association, Model Patent Jury Instructions 7.2 (2002) (modified).

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 31

I have now instructed you as to the types of claims at issue in this case. I will next define the meaning of the words used in the patent claims at issue. You must use the definitions I provide to you in your consideration of infringement issues.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 1 | A process for treating meat (including the meat of fish or other seafood) comprising[8] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke; |
| | reducing the taste imparting parts of the produced smoke at least enough so that the resulting or remaining smoke would not give smoke odor and taste to meat when brought into contact with the meat; |
| | treating meat with the resulting smoke. |

---

[8] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 33 | A process for treating meat (including the meat of fish or other seafood) comprising[9] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke at ("at" referring to the temperature of the heating apparatus or medium) between about 400° Fahrenheit (204° Centigrade) and about 950° Fahrenheit (510° Centigrade); |
| | reducing the taste imparting parts of the produced smoke at least enough so that the resulting or remaining smoke would not give smoke odor and taste to meat when brought into contact with the meat; |
| | treating meat with the resulting smoke. |

---

[9] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 67 | A process for treating food comprising[10] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke; |
| | filtering or separating out or reducing (including[11] by cooling, condensing, settling out, and/or aging) the parts of the smoke which give smoke flavor to food at least enough so that the resulting or remaining smoke does not give smoke flavoring to food when food is exposed to that smoke; |
| | exposing to or bringing into contact with each other (a) the smoke and (b) the food, without giving a smoke flavor to that food. |

---

[10] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.
[11] The word "including," as used here means "including, but not limited to," as opposed to "including only the following."

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 68 | A process for treating food comprising[12] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke; |
| | removing the parts of smoke that give smoke odor; |
| | bringing the food and the smoke into contact with each other whereby the amount of smoke odor giving parts that were removed is sufficient to prevent giving a smoke odor to the food. |

---

[12] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 69 | A process for treating food comprising[13] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke that contains vapor having smoke odor and flavor giving parts; |
| | filtering or separating out or reducing or removing (including[14] by cooling, condensing, settling out, and/or aging) smoke odor and flavor giving parts from the smoke; |
| | bringing food into contact with a sufficiently reduced amount of smoke so as to prevent the food from having a smoke flavor. |

---

[13] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.
[14] The word "including," as used here means "including, but not limited to," as opposed to "including only the following."

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

SOURCE:    <u>Federal Circuit Bar Association, Model Patent Jury Instructions</u>  7.8
(2002) (modified).

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 32

To "prove by a preponderance of the evidence" means to prove that something is more likely so than not so. It means to prove by evidence which, in your opinion, convinces you that something is more probably true than not true. It does not mean that a greater number of witnesses or a greater number of exhibits must be produced.

In deciding whether a claim, defense, or fact has been proven by a preponderance of the evidence, you must consider all of the evidence presented in court by both the plaintiffs and the defendant. Upon consideration of all the evidence, if you find that a particular claim, defense or fact is more likely true than not true, then such claim, defense, or fact has been proven by a preponderance of the evidence.

SOURCE:    United States District Court for the District of Hawaii, General Federal Jury Instructions in Civil Cases  3.2 **(modified).**

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 33

In this case, Ocean Duke has the burden of proving by a preponderance of the evidence that the product it imports from PT Intisamudera Citra Perkasa is not made with a process that infringes claims 1, 33, 67, 68 or 69 of the Kowalski Patent.

Source:  35 U.S.C. § 295.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 34

A patent owner has the right to stop others from using the invention covered by its patent claims during the life of the patent. If any person imports or sells a product made with a process that is covered by the patent claims without the patent owner's permission, that person is said to infringe the patent. This type of infringement is called "direct infringement."

In reaching your decision on infringement, keep in mind that only the claims of a patent can be infringed. You must compare patent claims 1, 33, 67, 68, and 69, as I have defined them, to the accused process, and determine whether or not there is infringement. Therefore, you should not compare the process used to make Ocean Duke's fish with any specific example set out in the Kowalski patent or with Plaintiffs Kowalski and Hawaii International's products or the particular process used to make Plaintiffs Kowalski and Hawaii International's products. You should not compare the non-claims portions of the Kowalski patent with the process used to make Ocean Duke's fish. You should not compare the fish sold by Kowalski and Hawaii International with the fish sold by Ocean Duke because infringement is not determined by comparison between commercial products sold by the parties. Furthermore, you should not compare the equipment or machinery or raw materials used for Ocean Duke's fish with the equipment or machinery or

raw materials used for Plaintiffs' fish because apparatus distinctions are irrelevant in determining infringement of process claims.

The only correct comparison is to compare the process used to produce Ocean Duke's fish with the language of the Kowalski patent's claim itself, as I have explained its meaning to you.

You must consider each claim individually and must reach your decision as to each assertion of infringement based on my definitions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties. I will first discuss direct infringement.

Whether or not Ocean Duke knew that what it was doing was an infringement does not matter. A company may be found to be a direct infringer of a patent even if it believes in good faith that what it is doing is not an infringement of any patent, and even if it does not even know of the patent.

In this case, Plaintiffs assert that Ocean Duke's imported product was made with a process that directly infringes claims 1, 33, 67, 68, and/or 69 of the Kowalski patent. It is your job to determine whether or not Ocean Duke has proved by the more probable than not standard that the fish treated for color retention which Ocean Duke imports or sells was made with a process that directly infringed any of claims 1, 33, 67, 68, or 69 of the Kowalski patent.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

SOURCE:    Federal Circuit Bar Association, Model Patent Jury Instructions in
           Civil Cases  8.1 (2002) and, as to some of the irrelevant comparisons,
           Amstar Corp. v. Envirotech Corp., 730 F.2d 1476, 1481-84 (Fed. Cir.
           1984); International Glass Co. v. United States, 408 F.2d 395, 400
           (Ct. Cl. 1969)

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 35

Modification by mere addition of elements of functions or steps, whenever made, cannot negate infringement.    An accused process cannot escape infringement by merely adding steps or features, if it otherwise has adopted the basic steps or features of the patent.

SOURCE:    Amstar Corp. v. Envirotech Corp., 730 F.2d 1476, 1481-84 (Fed. Cir. 1984)

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 36

A patent's claims define what is covered by the patent. A process directly infringes a patent if it is covered by at least one claim of the patent.

Deciding whether a claim has been directly infringed is a two-step process. The first step is to decide the meaning of the patent claim. I have already made that decision, and I have already instructed you as to the meaning of the asserted patent claims. The second step is to decide whether Ocean Duke has imported or sold in the United States a product made with a process covered by a claim of the Kowalski patent. You, the jury, make this decision.

You must consider each of the asserted claims of the patent individually and decide whether the process used to produce Ocean Duke's fish infringes that claim, as I have defined that claim.

There are two ways in which a patent claim may be directly infringed. A claim may be "literally" infringed, or it may be infringed under the "doctrine of equivalents." The following instructions will provide more detail on these two types of direct infringement.

SOURCE:    United States District Court, Northern District of California, Model
Patent Jury Instructions B.3.2 (modified) (2004).

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 37

In order to infringe a patent claim, a process must include every limitation of the claim, as the claim has been defined by me. If the process used to treat Ocean Duke's fish omits even a single step recited in a claim as the claim has been defined by me, then you must find that Ocean Duke has not infringed that claim. You must consider each of the patent claims separately.

A claim limitation may be present in an accused process in one of two ways, either literally or under what is known as the doctrine of equivalents. A claim limitation is literally present if it exists in the accused process just as it is described in the claim language, as I have defined that language for you.

A claim limitation is present in an accused process under the doctrine of equivalents if the differences between them are insubstantial. One way to determine this is to look at whether or not the accused process performs substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed invention. Another way is to consider whether or not people of ordinary skill in the field of the invention believe that the step of the accused process and the step recited in the patent claim limitation (as defined by me) are interchangeable. A person of ordinary skill is a person with average education and training in the field.

Equivalency is determined by what was known at the time of the activities

63

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

accused of infringement, and not by what was known at the time the patent application was filed or when the patent issued. Thus, the inventor need not have foreseen, and the patent need not describe, all potential equivalents to the invention covered by the claims. Also, slight changes in technique or improvements made possible by technology developed after the patent application is filed may still be equivalent for doctrine of equivalents purposes.

SOURCE:    <u>Federal Circuit Bar Association, Model Patent Jury Instructions in Civil Cases</u>  8.3 (2002).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 38

The existence of a patent does not constitute a defense to infringement of someone else's patent. Whether or not there is infringement by Ocean Duke of the Kowalski patent is not determined by comparing the Kowalski patent with the Shih patent or any other patent. Instead, you must compare the Kowalski patent claims, as I have defined them, to the process used to produce Ocean Duke's fish, and determine whether or not there is infringement.

Source: Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991), Amstar Corp. v. Envirotech Corp., 730 F.2d 1476, 1481-84(Fed. Cir. 1984); Fed. Cir. #8.1.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 39

Plaintiffs also contends that Ocean Duke has willfully infringed the Kowalski patent claims.  If you find on the basis of the evidence and the law as I have explained it, that Ocean Duke infringes at least one claim of the Kowalski patent, you must then decide whether or not Ocean Duke's infringement was willful.

When a company becomes aware that a patent may have relevance to that company's activities, that company has a duty to exercise due care and investigate whether or not its activities or proposed activities infringe any valid, enforceable claim of the patent.  If that company did not do this and is found to have infringed the patent claims, then the infringement was willful.

The issue of willful infringement is relevant, not to your decision of whether or not there is infringement, but rather to the amount of damages to which Plaintiffs are entitled.    A finding of willful infringement may, in certain circumstances, entitle the patent owner to increased damages.  If you decide that Ocean Duke willfully infringed the  Kowalski patent claims, then it is my job to decide whether or not to award increased damages to Plaintiffs.

The burden of proving that the infringement was willful is the highly probable standard.

To establish willful infringement, Plaintiffs must prove two things by the

highly probable standard.  First, Plaintiffs must prove that Ocean Duke was aware of the Kowalski patent.  Second, Plaintiffs must prove that Ocean Duke proceeded with the activities that are accused of infringement without a good faith belief that the patent was either invalid, not infringed, or both.

In determining whether or not Ocean Duke acted in good faith, you should consider all of the circumstances, including whether or not Ocean Duke obtained and followed the advice of a competent lawyer.  Although the absence of a lawyer's opinion does not require you to find willfulness, the obtaining and following of a lawyer's advice may be evidence that infringement was not willful.

In evaluating Ocean Duke's reliance on the advice of a lawyer, you should consider when Ocean Duke obtained the advice, the quality of the information provided to the lawyer, the competence of the lawyer's opinion, and whether or not Ocean Duke relied upon the advice.  Advice is competent if it was based upon a reasonable examination of the facts and law relating to validity and/or infringement issues, consistent with the standards and practices generally followed by competent lawyers.

SOURCE:     Federal Circuit Bar Association, Model Patent Jury Instructions  9
            (2002) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 40

Ocean Duke claims that Mr. Kowalski's patent is not valid.  A patent issued by the United States Patent Office is presumed to be valid in order to rebut this presumption, Ocean Duke must establish by clear and convincing evidence that plaintiffs patent or any claim in the patent is not valid.  Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, which only requires that the party's claim be more likely true than not true.  Nevertheless, the clear and convincing evidence standard is not as high as the burden of proof applied in a criminal case, which is beyond a reasonable doubt.  Each claim of the patent is presumed valid regardless of the status of any other claim in the patent.

Ocean Duke asserts that the patent is invalid because it is _____.  If you find by clear and convincing evidence that each of claims 1, 33, 67, 68 or 69 of the Kowalski patent is _____, then you should find the patent claims invalid and render a verdict for Ocean Duke.


SOURCE:    Fifth Circuit Pattern Jury Instructions (Civil), ch. 9  9.2 (2006).

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 41

I will instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win on any issue. If you find that Ocean Duke infringed any claim of the Kowalski patent, you must then determine the amount of money damages to be awarded to Plaintiffs to compensate them for the infringement.

The amount of those damages must be adequate to compensate Plaintiffs for the infringement. A damages award should put the patent holder in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty. You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

Plaintiffs have the burden to persuade you of the amount of their damages. You should award only those damages that Plaintiffs more likely than not suffered. While Plaintiffs are not required to prove their damages with mathematical precision, they must prove them with reasonable certainty. Plaintiffs are not entitled to damages that are remote or speculative.

SOURCE:    <u>United States District Court, Northern District of California, Model Patent Jury Instructions</u> 5.1 (2004) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 42

There are two types of damages for patent infringement.

The first type of patent damages is lost profits. Briefly, lost profits damages compensate the patent owner for the additional profits that it would have made if the accused infringer had not infringed. You may hear this referred to as the "but for" test. I will discuss lost profits in more detail shortly.

The second type of patent damages is called reasonable royalty. I will also discuss reasonable royalty later in more detail. Generally, a reasonable royalty is defined by the patent laws as the reasonable amount that someone wanting to use the patented invention should expect to pay to the patent owner and the owner should expect to receive. A reasonable royalty is the minimum amount of damages that a patent owner may recover.

SOURCE:    Federal Circuit Bar Association, Model Patent Jury Instructions 12.1 (2002).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 43

Plaintiffs are entitled to lost profits if it proves all of the following:

(i)    that there was a demand for the patented product produced by the method;

(2)    that there were no non-infringing substitutes, or, if there were, the number of the sales made by Ocean Duke that Plaintiffs would have made despite the availability of other acceptable non-infringing substitutes;

(3)    that Plaintiffs had the manufacturing and marketing capacity to make any infringing sales actually made by the infringer and for which Plaintiffs seek an award of lost profits; and

(4)    the amount of profit that Plaintiffs would have made if Ocean Duke had not infringed.


SOURCE:    United States District Court, Northern District of California, Model Patent Jury Instructions  5.3 (2004) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 44

If Plaintiffs have proved that they lost profits due to infringement by Ocean Duke, then you are to find the amount of profits that Plaintiffs lost. Plaintiffs must prove the amount of their lost profits to a reasonable probability.

The amount of lost profits damages should not include amounts that are merely speculation. However, if the reason that Plaintiffs have difficulty proving the amount of their lost profits is because Ocean Duke did not keep records or did not provide records to Plaintiffs or destroyed records, such as records of its sales, then you should resolve doubts as to the amount against Ocean Duke.

SOURCE:    Federal Circuit Bar Association, Model Patent Jury Instructions 12.3.5
           (2002) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 45

Plaintiffs are also asking for damages in the amount of a reasonable royalty as an alternative to lost profits. If you find that Plaintiffs have proved lost profits for all of ocean Duke's infringing sales, then the damages to Plaintiffs should be those lost profits.

However, if you find that Plaintiffs have not proved that they should recover lost profits, or that they have only proved lost profits for some of Ocean Duke's infringing sales, then for those infringing sales for which you did not award lost profits, you should determine the amount Plaintiffs have proved to be a reasonable royalty.

SOURCE:    Federal Circuit Bar Association, Model Patent Jury Instructions 12.3.6 (2002) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 46

A royalty is an amount of money that someone pays a patent owner to be able to use the patented invention or import and/or sell products made with the a process covered by the patent.

A reasonable royalty is the royalty that would be reasonable for the infringer to pay and for the patent owner to accept for use of a patent that they both know is valid and that the infringer wants to use.

You are to decide what a reasonable royalty would be, based on circumstances as of the time just before Ocean Duke began importing products made with a process covered by the Kowalski patent. You should assume that Ocean Duke and Plaintiffs knew at that time such things as the level of sales and profits that Ocean Duke would make selling the product. You should also assume that Mr. Kowalski was willing to grant Ocean Duke a license to use the patented invention and that Ocean Duke was willing to pay for that license.

In deciding what is a reasonable royalty, you may consider the factors that Plaintiffs and Ocean Duke would consider in setting the amount Ocean Duke should pay.

I will list for you a number of factors you may consider. This is not every possible factor, but it will give you an idea of the kinds of things to consider in setting a reasonable royalty.

1.    Whether the patent owner had established a royalty for the patented invention, for example, by granting other licenses at that royalty.  You should remember, however, that an established royalty may have been set before the patent was determined to be valid and infringed in court and, therefore, may not be as much as it would be if both the patent owner and the party wanting to use the patent know it is valid.

2.    Royalties paid by Ocean Duke or by others for patents comparable to the patent.

3.    Whether or not Plaintiffs had a policy of licensing or not licensing the patent.

4.    Whether or not Plaintiffs and Ocean Duke are competitors.

5    Whether being able to use the patented invention helps in making sales of other products or services.

6.    The profitability of the product made using the patent, and whether or not it is commercially successful or popular.

7.    The advantages and benefits of using the patented processes not claimed in the Kowalski patent.

8.    The extent of Ocean Duke's use of the imported product and the value of that use to Ocean Duke.

9.    Whether or not there is a portion or percentage of the profit or selling

price that is customarily paid in frozen seafood industry for use of patented inventions comparable to the inventions claimed in the Kowalski patent.

  10. The portion of the profit that is due to the patented invention, as compared to the portion of the profit due to other factors, such as unpatented elements or unpatented manufacturing processes, or features or improvements developed by Ocean Duke.

  11. Expert opinions as to what would be a reasonable royalty.

SOURCE: Federal Circuit Bar Association, Model Patent Jury Instructions 12.3.7 (2002) (modified).

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 47

A reasonable royalty is the payment that would have resulted from a hypothetical negotiation between a patent holder and the infringer taking place at the time when the infringing sales first began. In considering the nature of this negotiation, the focus is on what the expectations of the patent holder and the infringer would have been had they entered into an agreement at that time and acted reasonably in those negotiations. However, you must assume that both parties believed the patent was valid and infringed. In addition, you must assume that the patent holder and the infringer were willing to enter into an agreement; your role is to determine what that agreement would have been. The test for reasonable royalty damages is what royalty would have resulted from that hypothetical negotiation and not simply what either party would have preferred.

SOURCE:    United States District Court, Northern district of California, Model Patent Jury Instructions B.5.7 (2004) (modified)

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 48

After making your findings concerning lost profits damages and reasonable royalty damages, you should arrive at a total damages amount to award to Plaintiffs. This amount should include the amount of lost profits damages Plaintiffs has proved. It also should include the reasonable royalty damages for that portion of the infringement for which Plaintiffs did not prove lost profits damages.

SOURCE:    Federal Circuit Bar Association, Model Patent Jury Instructions 12.3.8 (2002) (modified).

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 49

A trademark is any word, name, symbol, device used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods even if that source is generally unknown.

A person or company who uses the trademark of another may be liable for damages.

SOURCE:   <u>Ninth Circuit Court Manual of Model Civil Jury Instructions</u> 15.1 (2007) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 50

On the Plaintiffs' claim for trademark infringement, Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence that:

1.    CRYOFRESH is a valid, protectable trademark;

2    The plaintiff owns CRYOFRESH as a trademark;

3.    The defendant used CRYO-FREEZE, a mark similar to CRYOFRESH, without the consent of the plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods; and

4    The plaintiffs were damaged by the defendant's infringement.

If you find that each of the elements on which the plaintiffs have the burden of proof has been proved, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any of these elements, your verdict should be for the defendant.

SOURCE:    Ninth Circuit Court Manual of Model Civil Jury Instructions 15.5 (2007) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 51

I gave you Instruction No. 50 that requires Plaintiffs to prove by a preponderance of the evidence that the trademark is valid and protectable and that the plaintiff owns the trademark. A valid trademark is a word, name, symbol, device, or any combination of these, that indicates the source of goods and distinguishes those goods from the goods of others. A trademark becomes protectable after it is used in commerce.

One way for Plaintiffs to prove trademark validity is to show that the trademark is registered. An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the validity and protectability of the trademark covered by that certificate.

Exhibit ___ is a certificate of registration from the United States Patent and Trademark Office.. It was submitted by Plaintiffs as proof of the validity of the trademark.


SOURCE:    Ninth Circuit Court Manual of Model Civil Jury Instructions  15.7
           (2007) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 52

You must consider whether the Ocean Duke's use of the name CRYO-FREEZE is likely to cause confusion about the source of Plaintiffs' or Ocean Duke's goods.

I will suggest some factors you should consider in deciding this. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. As you consider the likelihood of confusion you should examine the following:

1.  <u>Strength or Weakness of the Plaintiffs' Mark</u>. The more the consuming public recognizes the Plaintiffs' trademark CRYOFRESH as an indication of origin of the plaintiffs' goods, the more likely it is that consumers would be confused about the source of the Ocean Duke's goods if Ocean Duke uses a similar mark.

2.  <u>Defendant's Use of the Mark</u>. If the Ocean Duke and Plaintiffs use their trademarks on the same, related, or complementary kinds of goods there may be a greater likelihood of confusion about the source of the goods than otherwise.

3.  <u>Similarity of Plaintiffs' and Ocean Duke's Marks</u>. If the overall impression created by the Plaintiff's trademark in the marketplace is similar to that created by Ocean Duke's trademark in appearance, sound, or meaning, there is a

greater chance of likelihood of confusion.    Similarities in appearance, sound or meaning weigh more heavily than differences in finding the marks are similar.

4.    <u>Actual Confusion</u>.  If use by Ocean Duke of the Plaintiffs' trademark has led to instances of actual confusion, this strongly suggests a likelihood of confusion.  However actual confusion is not required for a finding of likelihood of confusion.  Even if actual confusion did not did not occur, Ocean Duke's use of the trademark may still be likely to cause confusion.

5    <u>Ocean Duke's Intent</u>.  Knowing use by Ocean Duke of the Plaintiffs' trademark to identify similar goods may strongly show an intent to derive benefit from the reputation of the Plaintiffs' mark, suggesting an intent to cause a likelihood of confusion.  On the other hand, even if the absence of proof that Ocean Duke acted knowingly, the use of Plaintiffs' trademark to identify similar goods may indicate a likelihood of confusion.

6.    <u>Marketing/Advertising Channels</u>.  If the Plaintiffs' and Ocean Duke's goods are likely to be sold in the same or similar stores or outlets, or advertised in similar media, this may increase the likelihood of confusion.

SOURCE:    <u>Ninth Circuit Court Manual of Model Civil Jury Instructions</u> 15.16
           (2007).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 53

How strong a trademark indicates that a good comes from a particular source is an important factor to consider in Instruction No. 52 for determining whether the trademark used by the defendant creates for consumers a likelihood of confusion with the plaintiffs' mark.

Plaintiffs assert that CRYOFRESH is a trademark for its frozen fish products treated with smoke for color retention rather than to add smoke taste. Plaintiffs contend the Ocean Duke's use of CRYO-FREEZE in connection with Ocean Duke's frozen fish treated with smoke for color retention rather than to add smoke taste infringes Plaintiffs' trademark and is likely to cause confusion about the origin of goods associated with that trademark.

SOURCE:    Ninth Circuit Court Manual of Model Civil Jury Instructions 15.17
           (2007).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 54

The greater the similarity between the goods and services offered by the plaintiff and defendant, the more likely it is that Ocean Duke's use of CRYO-FREEZE will cause confusion. The danger of confusion is especially strong when the goods or services offered by the plaintiff and defendant are competing or overlap. Where the goods are complementary, or are sold to the same class of purchasers, or are similar in use an function, a deceptive trade practice or trademark infringement may occur, even tough the trademarks are not entirely similar.

Source:  AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 350, 354 (9th Cir. 1979); Miss World (UK) Ltd. v. Mrs. America Pageants, Inc., 856 F.2d 1445, 1450 (9th Cir. 1988)); Carrington v. Sears Roebuck & Co., 5 Haw. App. 194, 201, 683 P.2d 1220, 1227 (1984)

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 55

Evidence of confusion by people working in the business of the plaintiffs or the defendant is strong evidence of likelihood of confusion among the general public because it reflects confusion among those who, as a result of their daily activities, could be expected to have more knowledge about the source or sponsorship of the defendants' good or services or about any affiliation or association between the defendant and plaintiffs.

Source: Union Carbide Corp. v. EverReady, Inc., 531 F.2d 366, 384 (7th Cir. 1976); Citibank, N.A. v. City Bank of San Francisco, 206 U.S.P.Q. 997, 1009 (N.D. Cal. 1980); Stix Products, Inc. v. United Merchants & Manuf., Inc., 295 F. supp. 476, 495 n. 56 (S.D.N.Y. 1968))

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 56

For trademark infringement to occur, it is not necessary that the defendant used a mark that is an exact copy of plaintiffs' trademark. Infringement occurs where a defendant uses a mark that is confusingly similar to plaintiffs' trademark.

Source: Saxlehner v. Eisner & Mendelson Co., 179 U.S. 19 (1900).

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 57

Unfair competition includes infringement of trademarks and service marks.

Source:  McCarthy § 1.05, p. 1-23, citing Heaton Distributing Co. v. Union Tank Car Co., 387 F.2d 477 (8th Cir. 1967), and McCarthy §10.07

<u>Kowalski et al. v. Ocean Duke Corp.</u>, Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 58

A person engages in a deceptive trade practice when, in the course of a business, vocation, or occupation, the person:

(1) Passes off goods or services as those of another;

(2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; or

(3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another.

Source:  Haw. Rev. Stat. § 481A-3.

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 59

Sound is an important consideration in assessing the similarity of marks because reputation is often conveyed by word of mouth, and slight differences in sounds of trademarks will not protect an infringer.

Source:  Carrington v. Sears, Roebuck & Co., 5 Haw. App. 194, 200-01, 683 P.2d 1220, 1226 (1984)