LOUISE K. Y. ING          2394-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:     ling@ahfi.com

TIMOTHY L. NEUFELD         Pro Hac Vice
PAUL S. MARKS              Pro Hac Vice
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:     tneufeld@neufeldlawgroup.com
            pmarks@neufeldlawgroup.com

Attorneys for OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OCEAN DUKE CORPORATION,<br><br>　　　　Defendant. | Case No. CV04-00055 BMK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 6 (EXCLUSION OF EXHIBITS AND WITNESSES NOT PRODUCED OR DISCLOSED);** CERTIFICATE OF SERVICE<br><br>DATE:  November 26, 2007<br>TIME:  2:00 p.m.<br>JUDGE:  Barry M. Kurren<br><br>TRIAL:  December 4, 2007 |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 6 (EXCLUSION OF EXHIBITS AND WITNESSES NOT PRODUCED OR DISCLOSED)

Plaintiffs' sixth motion *in limine* appears to be a catch-all request that encompasses many of the requests made in other motions *in limine* filed by plaintiffs. Defendant Ocean Duke opposes the motion because it is unnecessary, duplicative of existing law, and is not likely to save the court or counsel any time at trial.

For example, if the motion is granted and Ocean Duke were to attempt to introduce an exhibit which plaintiffs believe should have been disclosed in discovery, the existence of the order *in limine* now being sought will not advance the determination of plaintiffs' objection. The court will still have to determine the same things it would have to determine in the absence of the order *in limine*, such as whether the document was or was not turned over; and, if it was in fact not turned over, why that is the case; and whether there is a good justification or excuse for the failure to turn over the document earlier.

In the absence of such an order *in limine*, courts still have broad powers and authority to order appropriate relief, such as an adverse inference instruction, after it is determined that unfair tactics have been used (such as "evidence sandbagging"). (*See, e.g., Unigard Secur. Ins. Co. v. Lakewood Eng. & Mfg. Co.,* 982 F.2d 363, 368 (9th Cir. 1992); *Residential Funding Corp. v. Degeorge Fin'l*

*Corp.,* 306 F.3d 99, 106-07 (2nd Cir. 2002).)  In this case, there were no unfair tactics or sandbagging by Ocean Duke.  The truth is that until just recently, both sides' efforts were focused on settlement, not litigation.

Of course, Ocean Duke has no intention of not playing by the rules.  However, if (contrary to the foregoing arguments) the court is still considering granting the motion, Ocean Duke would urge that the order be made reciprocal and binding on all parties and counsel.

DATED:  Los Angeles, California, November 20, 2007.

/s/ Paul S. Marks_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for defendant Ocean Duke Corp.