CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA         2954-0
ALLISON MIZUO LEE      7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND COMMENT RELATING TO ALLEGED REGULATORY AND/OR ADMINISTRATIVE INVESTIGATION INVOLVING DEFENDANT OCEAN DUKE CORPORATION; DECLARATION OF MILTON M. YASUNAGA; EXHIBIT "A"; CERTIFICATE OF SERVICE**<br><br><u>Hearing</u><br>Date: November 26, 2007<br>Time: 2:00 pm<br>Judge: Hon. Barry M. Kurren<br><br>**TRIAL DATE: December 4, 2007** |

ImanageDB:795664.1

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE
AND COMMENT RELATING TO ALLEGED REGULATORY
AND/OR ADMINISTRATIVE INVESTIGATION INVOLVING
DEFENDANT OCEAN DUKE CORPORATION

I.  **INTRODUCTION**

Defendant OCEAN DUKE CORPORATION ("*Ocean Duke*") filed a Motion in Limine to Preclude Evidence And Comment Relating To Alleged Regulatory and/or Administrative Investigations Involving Defendant Ocean Duke Corporation on November 13, 2007 (the "*Motion*"). The Motion seeks to preclude Plaintiffs from referring to any alleged regulatory or administrative investigations or audits involving Ocean Duke. The Motion should be denied insofar as the regulatory and administrative investigation or audits have bearing on the character for truthfulness or untruthfulness of Ocean Duke and/or its officers and agents and the evidence is offered for a purpose other than to show that Ocean Duke was the subject of those audits and investigations.

II. **ARGUMENT**

Rule 608 of the Federal Rules of Evidence ("*Rule 608*") provides in relevant part:

> **(a) Opinion and reputation evidence of character.**
> The credibility of a witness may be attacked . . . . in the form of opinion or reputation, but subject to these limitations (1) the evidence may refer only to character for truthfulness or untruthfulness. . . . .

> **(b) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking . . . the witness' character for truthfulness . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross- examination of a witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed. R. Evid. 608. Plaintiffs are entitled to reference the regulatory investigations and audits of Ocean Duke in the manner and for the purposes contemplated by Rule 608.

Notably, at the deposition of Roger Lin, counsel for Ocean Duke refused to allow Mr. Lin to testify about these regulatory investigations and audits, insisting that such information was attorney-client privileged:

> Q. By the way, was Ocean Duke ever accused of selling basa but calling it some different species?
>
> MR. MARKS: Objection, not calculated to lead to admissible evidence, calls for information that is privileged by the attorney/client privilege.
>
> MR. YASUNAGA: Well, this certainly goes to Ocean Duke's credibility. It's very relevant.
>
> MR. MARKS: Fine, I disagree.
>
> MR. YASUNAGA: Please answer the question.
>
> MR. MARKS: You're privileged not to respond to the question.
>
> BY MR. YASUNAGA:

> Q. Was Ocean Duke ever accused of selling basa under the name of a different species?
>
> MR. MARKS: Again, you are privileged not to respond if you wish to assert that privilege?
>
> MR. YASUNAGA: What's the privilege?
>
> MR. MARKS: Attorney/client privilege?
>
> MR. YASUNAGA: I'm asking him the question. I'm not asking what he told his attorneys.
>
> MR. MARKS: Attorney/client privilege, and it's not calculated to lead to admissible evidence.
>
> MR. YASUNAGA: Are you saying if he tells something to his attorney, then he never has to talk about the subject?
>
> MR. MARKS: No.
>
> MR. YASUNAGA: All right, answer the question then.
>
> MR. MARKS: Again, do you wish to assert the privilege?
>
> MR. YASUNAGA: You already made your comment and your objection.
>
> MR. MARKS: Fine.
>
> THE WITNESS: I will not answer it based on advice of counsel.
>
> BY MR. YASUNAGA:
>
> . . . .
>
> Q. So are you going to refuse to answer whether Ocean Duke was ever accused of misrepresenting the species of fish that it had sold?

> MR. MARKS: Same objections as recounted previously.
>
> THE WITNESS: Yes, I will refuse based on the advice of counsel.
>
> . . . .
>
> BY MR. YASUNAGA:
>
> Q. I don't want to know what you told your attorney. I just want to know about the basic facts of whether anybody accused Ocean Duke of misrepresenting or lying about the species of fish it was selling? Do you still refuse to answer that question which has nothing to do with your attorneys?
>
> MR. MARKS: Milton, the instruction has been given twice. . . . . .

Ex. "A" (R. Lin Depo Tr.) at 52: 25, 53: 1-1-25, 54: 1-18, 55: 1-3, 56: 23- 25, 57: 1-6; see also id. at 58-62. "A party asserting its attorney-client privilege runs the risk of having the fact-finder draw a negative inference." See Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., 265 F.3d 1294, 1309 (Fed. Cir. 2001).

Furthermore, the Exhibits P-173 and P-222 are not intended for use by Plaintiffs to show that Ocean Duke is the subject of any investigations or audits. P-173 shows that Ocean Duke's product labeled "CRYO-FREEZE," which Plaintiffs allege infringes their "CRYOFRESH" trademark, has a negative impact on Plaintiffs' trademark because it is subject to product recalls. P-222 is relevant to show that Ocean Duke's supplier PT Inti Samudera Citra Perkasa ("*Citra Perkasa*") was on the USDC's approved tasteless smoke facilities list and that

Ocean Duke was aware of this and in fact assisting Citra Perkasa. These exhibits do not pose a danger of undue prejudice to Ocean Duke, and to the extent that they may, such prejudice is certainly outweighed by the probative value of the exhibits.

### III. CONCLUSION

For the foregoing reasons, the Motion should be denied.

DATED: Honolulu, Hawaii, November 20, 2007.

> CADES SCHUTTE LLP
>
> /s/ Milton M. Yasunaga
> MILTON M. YASUNAGA
> MARTIN E. HSIA
> ALLISON MIZUO LEE