```
 1              IN THE UNITED STATES DISTRICT COURT
 2                  FOR THE DISTRICT OF HAWAII
 3
 4    WILLIAM R. KOWALSKI and
      HAWAII INTERNATIONAL
 5    SEAFOOD, INC.,
 6              Plaintiffs,
 7         vs.                          No. CV 04-00055 BMK
 8    OCEAN DUKE CORPORATION,
 9              Defendants.
10
11
12    _____
13
14
15
16         Deposition of ROGER LIN, taken on behalf of
17    Plaintiffs, at 360 East Second Street, Suite 703,
18    Los Angeles, California, beginning at 10:00 A.M. and
19    ending at 7:00 P.M. on Monday, October 8, 2007,
20    before NANCY L. COLLIER, Certified Shorthand Reporter
21    No. 5819.
22
23
24
25
```

                                                                    2

```
 1   steaks or what?
 2        A    I believe they were loins.
 3        Q    And how long did PT tell you the fish had to
 4   stay in those plastic bags with the smoke in order to
 5   treat these loins?
 6        A    I don't recall.
 7        Q    On the second trip to PT's factory did you
 8   also see those plastic bags filled with smoke and
 9   fish?
10        A    Yes.
11        Q    On the first trip what species of fish did
12   you see in those plastic bags filled with smoke?
13        A    On the first trip it was tuna.
14        Q    By the way, tell me all the different
15   species of fish that Ocean Duke sells or has sold
16   that was treated for color retention.
17        A    To the best of my knowledge, tuna,
18   swordfish, mahi mahi and scarlet snapper.
19        Q    What about shark?
20        A    I don't recall.
21        Q    What about grouper?
22        A    We may have, but I don't recall.
23        Q    What about basa?
24        A    Definitely no.
25        Q    By the way, was Ocean Duke ever accused of
```

```
 1   selling basa but calling it some different species?
 2           MR. MARKS:  Objection, not calculated to
 3   lead to admissible evidence, calls for information
 4   that is privileged by the attorney/client privilege.
 5           MR. YASUNAGA:  Well, this certainly goes to
 6   Ocean Duke's credibility.  It's very relevant.
 7           MR. MARKS:  Fine, I disagree.
 8           MR. YASUNAGA:  Please answer the question.
 9           MR. MARKS:  You're privileged not to respond
10   to the question.
11   BY MR. YASUNAGA:
12       Q   Was Ocean Duke ever accused of selling basa
13   under the name of a different species?
14           MR. MARKS:  Again, you are privileged not to
15   respond if you wish to assert that privilege.
16           MR. YASUNAGA:  What's the privilege?
17           MR. MARKS:  Attorney/client privilege.
18           MR. YASUNAGA:  I'm asking him the question.
19   I'm not asking what he told his attorneys.
20           MR. MARKS:  Attorney/client privilege, and
21   it's not calculated to lead to admissible evidence.
22           MR. YASUNAGA:  Are you saying if he tells
23   something to his attorney, then he never has to talk
24   about the subject?
25           MR. MARKS:  No.
```

53

```
 1            MR. YASUNAGA:  All right, answer the
 2   question then.
 3            MR. MARKS:  Again, do you wish to assert the
 4   privilege?
 5            MR. YASUNAGA:  You already made your comment
 6   and your objection.
 7            MR. MARKS:  Fine.
 8            MR. YASUNAGA:  Now let's see him answer the
 9   question.
10            THE WITNESS:  I will not answer it based on
11   advice of counsel.
12   BY MR. YASUNAGA:
13       Q    Do you think that selling one species of
14   fish but calling it a different species is a serious
15   thing?
16            MR. MARKS:  Objection, not calculated to
17   lead to admissible evidence.
18            THE WITNESS:  Yes, it's a serious thing.
19   BY MR. YASUNAGA:
20       Q    And has Ocean Duke ever done that,
21   mislabeled its product or misdescribed its product?
22       A    Not to the best of my knowledge.
23       Q    So are you going to refuse to answer whether
24   Ocean Duke was ever accused of misrepresenting the
25   species of fish that it had sold?
```

54

1       MR. MARKS:  Same objections as recounted
2  previously.
3       THE WITNESS:  Yes, I will refuse based on
4  the advice of counsel.
5  BY MR. YASUNAGA:
6       Q    And what are you referring to when you say
7  "advice of counsel"?  Is there a particular reason or
8  objection or privilege that you're talking about?
9       MR. MARKS:  Well, I think I've already
10 stated it for the record.
11      MR. YASUNAGA:  No, you just told me you
12 weren't instructing him not to answer, so I want to
13 find out from him what he's relying on to not answer.
14      MR. MARKS:  Again, I will repeat then the
15 previous objections which are not calculated to lead
16 to admissible evidence, and it may call for
17 information that violates the attorney/client
18 privilege.
19 BY MR. YASUNAGA:
20      Q    Are you going to not answer?
21      A    What is your current question?
22      MR. MARKS:  Well, to move things along, as
23 to attorney/client privilege, I will instruct the
24 witness not to answer.
25      MR. YASUNAGA:  Well, I'm not asking him what

55

```
 1   he told his attorneys.  I'm just asking about the
 2   basic facts.
 3           MR. MARKS:  Well, you can argue with the
 4   objection and the assertion of the privilege, but
 5   he's not going to answer the question.
 6   BY MR. YASUNAGA:
 7       Q    Are you refusing to answer any questions
 8   about accusations that Ocean Duke misrepresented the
 9   species of the fish that it sold; yes or no, you
10   refuse to answer?
11           MR. MARKS:  I'm sorry, can you repeat the
12   question?
13           (Record read:  Are you refusing to
14           answer any questions about
15           accusations that Ocean Duke
16           misrepresented the species of the
17           fish that it sold; yes or no, you
18           refuse to answer?)
19           MR. MARKS:  That was the instruction and
20   advice given.
21           THE WITNESS:  Yes, I will refuse to answer
22   as all information are attorney/client privileged.
23   BY MR. YASUNAGA:
24       Q    I don't want to know what you told your
25   attorney.  I just want to know about the basic facts
```

56

```
 1   of whether anybody accused Ocean Duke of
 2   misrepresenting or lying about the species of fish it
 3   was selling?  Do you still refuse to answer that
 4   question which has nothing to do about what you told
 5   your attorneys?
 6           MR. MARKS:  Milton, the instruction has been
 7   given twice, I think, and with all due respect, your
 8   recitation of what the attorney/client privilege
 9   covers is only one-sided.  It also covers what
10   attorneys tell their clients, not just what clients
11   tell their attorneys.
12           MR. YASUNAGA:  I'm not asking him for that
13   either.
14           MR. MARKS:  Well, we think you are, so it is
15   on that basis that we have directed the witness not
16   to respond.
17   BY MR. YASUNAGA:
18       Q   Did the United States Government have any
19   proceedings or any communications with Ocean Duke
20   about Ocean Duke allegedly misrepresenting the
21   species of fish that Ocean Duke was selling?
22           MR. MARKS:  I think we need to take a break
23   to discuss an issue of attorney/client privilege with
24   the client.
25           MR. YASUNAGA:  My question has nothing to do
```

```
 1   about what he discussed with the attorneys or what
 2   the attorneys told him.
 3           MR. MARKS:  Well, that's why a discussion
 4   has to take place and needs to take place on a break.
 5   If you're not going to allow us a break, then we'll
 6   just assert the attorney/client privilege and not
 7   answer the question.
 8           MR. YASUNAGA:  If you want to coach the
 9   witness, go take a break because I'm not going to let
10   you off the hook this easily by using some bogus
11   excuse.
12           MR. MARKS:  I don't coach witnesses.
13           MR. YASUNAGA:  Go ahead and take your break
14   and note down the time, and I object to this talking
15   to the witness right in the midstream of a question.
16           (Discussion held between witness and his
17        counsel outside of deposition proceedings.)
18           MR. YASUNAGA:  Okay, you're back from your
19   break.  Go ahead.
20           THE WITNESS:  Can you repeat that question,
21   please?
22           MR. MARKS:  Actually before you do that, in
23   response to Milton's objection, the law is clear that
24   a recess can be taken from a deposition in order to
25   discuss with a client issues of privilege because
```

```
 1   privileges are privileges.  They're in the law and
 2   witnesses are entitled to take them.  That break has
 3   taken place, and as a result of that, again, we need
 4   to hear the question, but we may be able to answer
 5   parts of the question, but let's hear the question
 6   reread.
 7              (Record read:  Did the United
 8              States Government have any
 9              proceedings or any communications
10              with Ocean Duke about Ocean Duke
11              allegedly misrepresenting the
12              species of fish that Ocean Duke
13              was selling?)
14              MR. MARKS:  Objection on the basis that the
15   question calls for attorney/client privileged
16   information which is information given to Ocean Duke
17   or to you personally by its lawyers, or
18   communications from Ocean Duke or you to its lawyers.
19   To the extent that you can answer that question
20   without invading those privileges, then you may do
21   so.
22              THE WITNESS:  No with regards to the product
23   that is the matter of this lawsuit.
24   BY MR. YASUNAGA:
25        Q     But the answer will be yes regarding other
```

59

1      products; correct?
2              MR. MARKS:  Objection to the extent the
3      question calls for attorney/client privileged
4      information.
5              THE WITNESS:  All the rest of the
6      information I have were all from the attorneys.
7      BY MR. YASUNAGA:
8          Q    You said no, there were no accusations of
9      misrepresenting the species of fish by Ocean Duke in
10     relation to the products involved in this lawsuit;
11     right?
12         A    Yes.
13         Q    And so were there accusations by the
14     government of Ocean Duke mislabeling any kind of
15     fish?
16             MR. MARKS:  Same instruction and objection
17     as to attorney/client privilege as were interposed
18     the last time this question was asked.
19             THE WITNESS:  All information I have on this
20     matter are from our attorneys.  I do not have any
21     independent knowledge.
22     BY MR. YASUNAGA:
23         Q    Was that information from the attorneys
24     legal advice as opposed to just passing on facts?
25             MR. MARKS:  Objection, calls for privileged

60

1  attorney/client communications.
2          MR. YASUNAGA:  Are you asserting the work
3  product privilege?
4          MR. MARKS:  I don't know that your question
5  calls for it, but I'm certainly not waiving the
6  attorney work product privilege.
7  BY MR. YASUNAGA:
8      Q   Did the government talk to any employee or
9  executive or owner or director of Ocean Duke about
10 Ocean Duke allegedly misrepresenting the species of
11 the fish it sells?
12         MR. MARKS:  Objection to the -- I'm sorry,
13 could you repeat the question?
14         (Record read:  Did the government
15         talk to any employee or executive
16         or owner or director of Ocean Duke
17         about Ocean Duke allegedly
18         misrepresenting the species of the
19         fish it sells?)
20         MR. MARKS:  Objection, compound.  Objection,
21 not calculated to lead to admissible evidence, and
22 objection to the extent the question calls for
23 attorney/client privileged information.
24         THE WITNESS:  No with regards to the
25 products that's the matter of this lawsuit.  Any

61

```
 1   other information I have was provided by the
 2   attorneys.
 3   BY MR. YASUNAGA:
 4       Q   Did Ocean Duke pay any sanction or enter
 5   into any agreement with the government regarding
 6   alleged misrepresentation of the species of fish
 7   Ocean Duke sold?
 8           MR. MARKS:  Objection, not calculated to
 9   lead to admissible evidence.  You may answer the
10   question if doing so would not violate the
11   attorney/client privilege.
12           THE WITNESS:  Can I hear the question again?
13           (Record read:  Did Ocean Duke pay
14           any sanction or enter into any
15           agreement with the government
16           regarding alleged
17           misrepresentation of the species
18           of fish Ocean Duke sold?)
19           THE WITNESS:  Not to the best of my
20   knowledge.
21   BY MR. YASUNAGA:
22       Q   Did anybody at Ocean Duke talk to any of its
23   suppliers about whether the species of fish the
24   supplier was selling to Ocean Duke had been
25   misrepresented?
```

62