LAW OFFICES

## KELLY BAUERSFELD LOWRY & KELLEY, LLP

JOHN E. KELLY
STUART O. LOWRY
JOHN D. BAUERSFELD
SCOTT W. KELLEY
KAMRAN FATTAHI
AARON T. BORROWMAN

6320 CANOGA AVENUE, SUITE 1650
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 347-7900
FAX (818) 340-2859

PATENT, TRADEMARK
AND COPYRIGHT CAUSES

RALPH B. PASTORIZA (1923-1985)

April 24, 2002

Roger Lin
Ocean Duke Corporation
3450 Fujita Street
Torrance, CA 90505

**COPY**

Re:  Infringement Study on
     U.S. Patent No. 6,331,322
     <u>Our Docket No. OCEAN-40975</u>

Dear Mr. Lin:

This letter is in response to your request that we analyze U.S. Patent No. 6,331,322 to Shih et al. and determine if the method for processing marine products disclosed in this patent infringes upon either U.S. Patent No. 5,484,619 to Yamaoka et al., or U.S. Patent No. 5,972,401 to Kowalski. As will be explained more fully herein, after analyzing the aforementioned patents and discussing the Shih et al. method in greater detail with your company, we have determined that the Shih et al. method does not infringe upon either the Yamaoka et al. nor the Kowalski patents. The following is our analysis.

Shih et al. disclose a method for processing marine products including placing natural charcoal in a vacuum oven and heating the oven to produce carbon monoxide and water vapor. The carbon monoxide and water vapor are cooled to room temperature and the carbon monoxide gas is separated from the water vapor. The carbon monoxide gas is drawn into an air bag and subsequently used to treat marine food such that the carbon monoxide functions to settle iron contained in the marine food to keep the red color and freshness of the marine food.

<u>Yamaoka et al. (U.S. Patent No. 5,484,619)</u>

The Yamaoka patent is also directed to a method for curing fish and meat to sterilize and prevent decomposition and discoloration without losing freshness. It is well established that infringement is determined by a patent's claims, not a patent

**EXHIBIT 22**

Exhibit D-22

Roger Lin
April 24, 2002
Page 2

specification's description of examples or preferred embodiment. See e.g. SRI International v. Matsushita Elec. Corp., 227 USPQ 577 (Fed. Cir. 1985) (in Banc). The Yamaoka Patent includes a total of two claims, claim 1 being an independent claim and claim 2 depending therefrom. By definition, the independent claim(s) are those of the broadest scope. Claims which depend from an independent claim merely further narrow the scope of the independent claim. Claim 1 recites a method for curing raw tuna meat by extra-low temperature smoking comprising the steps of:

<u>burning a smoking material at 250° to 400°C, and passing the produced smoke through a filter to remove mainly tar therefrom;</u>

<u>cooling the smoke passed through the filter in a cooling unit to between 0° and 5°C,</u> while retaining ingredients exerting highly preservative and sterilizing effects; and

<u>smoking the tuna meat at extra-low temperatures by exposure to the smoke cooled to between 0° and 5°C.</u>

Infringement exists only if each element of a claim (or its substantial equivalent in certain cases) is present in the device or method in question. See Lemelson v. United States, 224 USPQ 526 (Fed. Cir. 1985). As shown above, we have underlined those portions of claim 1 which we believe are not present in the Shih et al. method. First, Yamaoka requires that the smoking material be burned at 250° to 400° C. The Shih et al. patent discloses that the vacuum oven is heated to 180° C. or so. In discussions with your company, it is our understanding that the oven is heated to a maximum temperature of less than 250° C. Second, Yamaoka passes the produced smoke through a filter to remove tar therefrom. The Shih et al. method does not disclose filtering tar from the smoke. Third, Yamaoka requires that the smoke passed through the filter be cooled in a cooling unit to between 0° and 5° C., and smoking the tuna meat at extra-low temperatures by exposure to the smoke cooled to between 0° and 5° C. In contrast, the Shih et al. method merely cools the produced smoke to room temperature and does not cool the smoke to between 0° and 5° C. Such cooling to room temperature is performed before the water is separated from the carbon monoxide gas. As each element of independent claim 1 of the Yamaoka patent is not present in the Shih et al. method, there is no infringement of this patent.



Roger Lin
April 24, 2002
Page 3

Kowalski (U.S. Patent No. 5,972,401)

The Kowalski patent discloses a process for manufacturing tasteless super-purified smoke for treating seafood to preserve the freshness, color, texture and natural flavor after the food is frozen and thawed. The Kowalski patent includes a total of 73 claims, claims 1, 49, 50, 60, 63, 67, 68 and 69 being independent claims. These claims are reproduced in the attached Appendix A and we have underlined those portions of the claims which we believe are different than the Shih et al. processing method.

It is our understanding from discussions with your company that the Shih et al. method uses a charcoal in a vacuum oven that produces a tasteless, odorless, carbon monoxide gas as well as water vapor. You will note that several of the independent claims of the Kowalski Patent positively recite that the smoke generated contains smoke taste compounds. You will also note that every independent claim of the Kowalski patent recites a filtering or super purifying step in which particulate and vapor phenols are reduced to below taste recognition thresholds, thereby creating a tasteless super-purified smoke. It is our understanding from discussions with your company that this step is necessary as the smoke generating process used by Kowalski produces a very dirty smoke. In contrast, the Shih et al. method produces a very clean smoke, the only separation step being that of removing the water vapor from the carbon monoxide smoke. Accordingly, the Shih et al. method does not include the step of filtering or super purifying the smoke to reduce the components to below limits for imparting smoke flavoring to the food as this step is unnecessary in the Shih et al. method.

Additionally, the independent claims 60 and 63 of the Kowalski patent age the tasteless super-purified smoke. It is our understanding that the Shih et al. method does not age the smoke. These independent claims also recite very specific temperatures and time ranges in which the seafood is exposed to the smoke. It is our understanding that the Shih et al. method does not utilize such low temperatures (0.1° Centigrade above the freezing point of the seafood) when exposing the seafood to the carbon monoxide gas smoke.

Roger Lin
April 24, 2002
Page 4

    As the Shih et al. method does not generate smoke containing smoke taste compounds, does not filter or super purify the smoke by eliminating smoke taste compounds, does not age the smoke, nor utilize the low exposure temperatures recited in the various independent claims of the Kowalski patent, the Shih et al. method does not infringe upon the Kowalski patent.

                Very truly yours,

                KELLY BAUERSFELD LOWRY & KELLEY, LLP

                Aaron T. Borrowman

ATB/kr
Enclosure

## APPENDIX A

1. A process for treating meat comprising:

heating organic material to generate smoke having a gaseous vapor phase;

<u>super purifying said smoke to reduce taste imparting components below thresholds for imparting smoke odor and taste, whereby a substantially tasteless super-purified smoke is created; and</u>

treating meat <u>having a freezing point</u> with said tasteless super-purified smoke.

49. A process for treating meat, comprising:

heating organic material to <u>generate smoke containing smoke taste compounds;</u>

<u>super purifying said smoke by eliminating said smoke taste compounds from said smoke; and</u>

treating meat with said smoke, whereby said treated meat does not have a smoky taste.

50. A process for treating meat comprising:

heating organic material to generate smoke, <u>wherein said smoke contains taste compounds;</u>

<u>super purifying said smoke by eliminating smoke taste compounds from said smoke;</u>

treating meat with said smoke; and

whereby said treated meat does not retain a smoky taste.

60. A process for treating seafood comprising:

burning organic material to create smoke;

condensing tar, moisture and particulate residue out of said smoke;

super purifying said smoke to reduce taste and odor imparting particulates and vapors below taste and odor recognition thresholds, thereby creating a tasteless super purified smoke;



aging said tasteless super purified smoke for between approximately one hour and approximately 72 hours;

treating seafood having a freezing point with said aged tasteless super purified smoke at a temperature between approximately 0.2 degrees Fahrenheit (0.1 degrees Centigrade) above said freezing point and approximately 46 degrees Fahrenheit (7.8 degrees Centigrade) for between approximately 1 second and approximately 60 hours;

freezing said seafood for storage at a temperature of at most approximately 10 degrees Fahrenheit (-12 degrees Centigrade); and

storing said seafood at a temperature of at most approximately 25 degrees Fahrenheit (-4 degrees Centigrade) for at most approximately 1 year.

63. A process for treating seafood, comprising:

heating sawdust to create smoke;

condensing tar, moisture and particulate residue out of said smoke, super purifying said smoke to reduce particulate and vapor phenols below taste and odor recognition thresholds, thereby creating a tasteless super purified smoke;

aging said tasteless super purified smoke for between approximately 12 hours to approximately 60 hours;

filleting seafood, shaving a freezing point, at a temperature between said freezing point and approximately five degrees greater than said freezing point to form fillets;

placing said fillets in treatment chambers;

flushing said fillets with said tasteless super purified smoke at a temperature between approximately 0.2 degrees Fahrenheit (0.1 degrees Centigrade) above said freezing point and approximately 46 degrees Fahrenheit (7.8 degrees Centigrade) for between approximately 1 second and approximately 60 hours;

freezing said seafood for storage at a temperature of at most approximately 10 degrees Fahrenheit (-12 degrees Centigrade); and

storing said seafood at a temperature of at most approximately 25 degrees Fahrenheit (-4 degrees Centigrade).

67. A process for treating food comprising:

heating organic material to generate smoke;

<u>filtering components that impart smoke flavor from said smoke to below limits for imparting smoke flavoring to food; and</u>

exposing said filtered smoke to food without imparting a smoke flavor to said food.

68. A process for treating food comprising:

heating organic material to generate smoke;

<u>removing components that impart smoke odor from said smoke;</u> and

exposing food to said smoke, whereby the quantity of smoke odor imparting components removed from said smoke is adequate to prevent imparting a smoke odor to said food.

69. A process for treating food comprising:

heating organic material to generate smoke that contains

a vapor phase <u>having smoke odor and flavor imparting components;</u>

<u>filtering said smoke to remove a portion of aid smoke odor and flavor imparting components;</u>

exposing food to said filtered smoke so as to prevent smoke flavoring of said food by reducing the quantity of said filtered smoke exposed to said food.