IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | CIVIL NO. 04-00055 BMK |
|---|---|
| Plaintiffs, | DECLARATION OF MILTON M. YASUNAGA |
| v. | |
| OCEAN DUKE CORPORATION, | |
| Defendant. | |

## DECLARATION OF MILTON M. YASUNAGA

I, Milton M. Yasunaga, hereby declare:

1. I am a member of Cades Schutte, LLP, counsel for Hawaii International Seafood, Inc. ("**HISI**") and William R. Kowalski ("**Kowalski**") (jointly, "**Plaintiffs**"). I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

2. In the Jana Brands case, Jana filed a motion for summary judgment which set out in detail Jana's best mode defense, so Plaintiffs knew precisely what the alleged best mode was and why Jana claimed it was concealed, but it still took months of researching the law, gather helpful evidence, and briefing the defense, including filing a cross motion for summary judgment, which Kowalski won.

ImanageDB:798335.1

Attached hereto as Exhibit "1" is a true and correct copy of the Judge Ezra's Order Granting Plaintiffs' Motion for Summary Judgment As To Defendant's Lack of Enablement and Best Mode Defenses, filed May 11, 2005 in the lawsuit styled Kowalski et al. v. Jana Brands, Inc., Civ. No. 03-0015 DAE-KSC. Jana's motion was filed on December 27, 2004, the hearing was held on March 28, 2005, and Judge Ezra's ruling did not come out until May 11, 2005 – half a year to deal with the issue. Ocean Duke's late disclosure affords Plaintiffs merely two weeks before trial to prepare meet this defense. This is not enough time to prepare adequately.

3. Attached hereto as Exhibit "2" is a true and correct copy of the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment Re Defendants' Estoppel, Unclean Hands, and Inequitable Conduct in Prosecution of Patent Defenses, filed on April 12, 2007, in the combined lawsuit Kowalski et al. v. Mommy Gina Tuna Resources, et al., Civ. Nos. 05-00679, Civ. No. 06-00182, and Civ. No. 05-00787.

4. It is unfair and incorrect to assume that Plaintiffs would not have done anything differently if Plaintiffs received notice that Ocean Duke intended to pursue the defenses of (1) patent misuse, (2) inoperability, (3) lack of enablement, (4) lack of novelty/anticipation and public sue, (5) obviousness, (6) invalidating prior art, and (7) HISI's lack of standing, (8) additional misuse, (9) best mode, (10) written description, and (11) indefiniteness. The Memorandum in Support of the

Motion lays out various things that I would have done to prepare to meet these defenses that have been very recently asserted by Ocean Duke had Plaintiffs been given notice that Ocean Duke intended to pursue these defenses at trial. These defenses were not disclosed prior to the discovery cut-off date or even in Ocean Duke's pretrial statement filed on October 16, 2007.

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, November 28, 2007.

/s/ Milton M. Yasunaga
**MILTON M. YASUNAGA**