CADES SCHUTTE LLP

| | |
|---|---|
| MILTON M. YASUNAGA | 3058-0 |
| MARTIN E. HSIA | 2954-0 |
| ALLISON MIZUO LEE | 7619-0 |

1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4216
Telephone:  (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>PLAINTIFFS' OBJECTIONS TO DEFENDANT OCEAN DUKE'S PROPOSED SET OF JURY INSTRUCTIONS; EXHIBITS "OD -3," "P-9," "P-11," "OD-5," "P-15," "OD-7," "P-30," "OD-9," "P-31," "OD-11," "P-37," "OD-12," "P-39," "OD-13," "P-40," "OD-14," "P-37," "OD-16," "OD-18," "P-60," "OD-19," "OD-20," "OD-21," "OD-22," "OD-23," "OD-24," "OD-25," "OD-26," "P-46," "P-47," "OD-29," "P-52," "OD-31," "OD-32"; PLAINTIFFS' SUPPLEMENTAL INSTRUCTION NOs. 60-67; CERTIFICATE OF SERVICE<br><br>TRIAL DATE:  December 4, 2007 |

ImanageDB:797823.2

# PLAINTIFFS WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S OBJECTIONS TO DEFENDANT OCEAN DUKE'S PROPOSED SET OF JURY INSTRUCTIONS

Plaintiffs WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC. ("*Plaintiffs*"), pursuant to Local Rule 51.1, submit the following objections to Defendant OCEAN DUKE CORPORATION'S ("*Ocean Duke*") proposed set of jury instructions.

As an initial matter, Plaintiffs submit that Ocean Duke's failure to provide Plaintiffs with its proposed jury instructions until the night of November 20, 2007 (one week late and on the deadline for the parties to submit their joint and supplemental jury instructions to the court), warrants rejection of all of Ocean Duke's proposed jury instructions. Ocean Duke's failure to meet the deadline has prejudiced Plaintiffs' ability to meaningfully evaluate and object to Ocean Duke's proposed jury instructions.

Alternatively, Plaintiffs assert a running objection as to Ocean Duke's proposed instructions that directly (Nos. 13, 15, 16, 17, 18, 19, 20, 21, 22, and 23) or indirectly (Nos. 1, 2, 4, 5, 6, 8, and 9) refer to certain of the 11 affirmative defenses that Ocean Duke did not indicate an intent to pursue at trial during discovery or in its October 16, 2007 pretrial statement. See Plts' Mot. in Limine

#2, filed 11/13/07,[1] Plts' Trial Brief, filed 11/20/07, at 7-12, and Plts' Mot. in Limine #8, filed 11/29/07. This objection is referred to as the *"new defense objection"* and is asserted with respect to each of the above instructions proposed by Ocean Duke. In certain instances, the objection being explained in further detail below as it pertains to particular jury instructions proposed by Ocean Duke.

Plaintiffs reserve the right to modify, supplement, and/or withdraw any of the objections set forth herein based on the Court's rulings on the pending motions and other developments in the case. Plaintiffs disclose that they have encountered great difficulty in determining whether the jury instructions proposed by Ocean Duke as to their new defenses are appropriate and in proposing alternative instructions due to the fact that it is still unaware of what supporting theories and evidence Ocean Duke will assert at trial and the short time period in which Plaintiffs have been afforded to conduct legal research in these substantive areas of patent law.

---

[1] At the hearing on November 26, 2007, one week and one day prior to trial, the Court denied orally Plaintiffs' Motion in Limine #2. The written order denying Plaintiffs' Motion in Limine #2 has not yet issued. Plaintiffs have moved to preclude/strike defenses that were revealed by Ocean Duke only after Plaintiffs had filed their Motion in Limine #2. See Plts' Motion in Limine #8, filed 11/29/07.

DATED: Honolulu, Hawaii, November 30, 2007.

                        CADES SCHUTTE LLP

                        /s/ Milton M. Yasunaga
                        MILTON M. YASUNAGA
                        Attorney for Plaintiffs
                        WILLIAM R. KOWALSKI and HAWAII
                        INTERNATIONAL SEAFOOD, INC.

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S
PROPOSED SET OF JURY INSTRUCTIONS

In addition to the above new defense objections, Plaintiffs object to Ocean Duke's proposed jury instructions as follows:

| Ocean Duke Instr. No. | Objectionable Portion | Reason for Objection |
|---|---|---|
| 1 | All | New defense objection. |
| 2 | All | New defense objection. |
| (Patent at issue) 3 (see Ex. "OD-3" attached) | "the Court should show the jury the Kowalski [and **Shih patents**] and point out the parts including the specification, drawing and claims . . ." | Delete reference to Shih Patent. Showing the Shih Patent as part of the jury instructions will mislead and confuse the jury because they must compare the actual process used to treat Ocean Duke's fish (not the Shih Patent) against the Kowalski Patent to determine infringement. See Plts' Mot. in Limine # 7.  Plaintiffs' proposed instructions 9 & 11 are proposed as alternatives. (see Exs. P-9, P-11 attached) |
| 4 | All | New defense objection. |
| (Overview of Applicable Law – Preliminary) 5 (see Ex. "OD-5" attached) | All  ¶2 ("In general, however, Ocean Duke may infringe the Kowalski patent by making, using, selling or offering for sale in the United States, or by importing into the United States a product [**or method**] that is covered by a claim of the Kowalski patent.") | Duplicative of and confusing compared to Plaintiffs' proposed instruction no. 15, which Ocean Duke stipulated to (with amendments); Plaintiffs propose P-15 as an alternative. (see Ex. P-15)  New defense objection.  Para 2: Delete "or method" if this instruction is given. |

ImanageDB:797823.2

| | ¶ 6 "it" – | Para. 6: Various "it"s should be replaced with "him" if this instruction is given. |
|---|---|---|
| 6 | All | New defense objection. |
| (Independent and Dependent Claims) 7 (see Ex. "OD-7" attached) | All | Plaintiff's proposed instruction 30 covers the concepts of independent and dependent claims accurately and is proposed as an alternative. (see Ex. "P-30" attached). |
| | ¶ 3: "The remainder of the claims in the Kowalski patent (Claim 33) are dependent claims." | Para. 3: This is an erroneous statement; not all claims other than claims 1, 67, 68 and 69 of the Kowalski are dependent claims. |
| 8 | All | New defense objection. |
| (Claim Interpret-ation) 9 (see Ex. "OD-9" attached) | All | OD-9 would be more appropriate where just a word or two or three were the subject of claim construction, but here, all limitations were construed, so OD-9 is inappropriate.

Plaintiff's proposed instruction 31 should be given instead. (see Ex. "P-31" attached). |
| Direct Infringement 10 | ¶ 1: "the process used to treat for color retention fish imported **and** sold by Ocean Duke's . . . ." | Delete "and" and replace with "or". Either importation or sale constitutes infringement under Section 271(g). Delete "'s" – typo. |
| Literal Infringement 11 | | Does not mention infringement under the doctrine of equivalents. Plaintiffs' proposed instruction 37 addresses both literal infringement and infringement under the doctrine of equivalents. (see |

| | | Ex. "P-37") |
|---|---|---|
| (see Ex. "OD-11" attached) | ¶1: "the method used to treat for color-retention the fish imported **and** sold by Ocean Duke . . . ." | Para 1: Replace "and" with "or." Either importation or sale constitutes infringement under Section 271(g). |
| | ¶ 2: "If the method used to treat Ocean Duke's fish for color-retention does not itself include every requirement in the patent claim, Ocean Duke cannot be liable for infringement merely because other parties supplied the missing elements, unless Ocean Duke directed or controlled the acts by those parties." | Para. 2: If this instruction is given, the quoted text should be deleted because it is not relevant to the issues and facts in this case. This portion appears irrelevant to the liability of an importer of the product. This potion of N.D. Cal. Model Instr. B.3 (citing <u>On Demand Mach.</u>, <u>BMC Res.</u>) is directed toward cases alleged joint infringement; joint infringement is not an issue in this case. An importer's liability does not require control of any supplier or processor. |
| Willful Infringement 12 (see Ex. "OD-12" attached) | All  ¶ 2: "That is Ocean Duke must prove willingness in such a way that you have been left with a clear conviction that the infringement was willful." | Ocean Duke's proposed instruction does not correspond with the model rule cited (N.D. Cal. B.3-3.8 – 2007 version) a confusing recitation of the willfulness standard. Plaintiffs' proposed instruction 39 should be given instead. (See Ex. "P-39" attached).  Para. 2: Incorrect statement of the party that carries the burden of proof. |

| | | |
|---|---|---|
| (Invalidity – Burden of Proof) **13** (see Ex. "OD-13" attached) | All | Plaintiffs' proposed instruction 40 more clearly articulates the "clear and convincing evidence" burden of proof and should be given instead of OD-13. (See Ex. "P-40"). |
| Infringement Under Doctrine Of Equivalents **14** (see Ex. "OD-14" attached) | ¶ 6: "You may not use the doctrine of equivalents to find infringement if you find that the subject matter alleged to be equivalent to a requirement of the patent claim as described in the Kowalski patent but not covered by any of its claims." | Plaintiffs proposed instruction 37 should be given instead of OD-14. (See Ex. "P-37). Para. 6 is confusing, nonsensical, and/or not applicable in this case and should be deleted if this instruction is given. |
| **15** | All | New defense objection. See also Plaintiffs' attached suppl. instruction nos. 66 and 67 regarding written description. |
| Enablement **16** (see Ex. "OD-16" attached) | All | Ocean Duke first suggested a desire to assert the "enablement" defense at trial on November 13, 2007 (three weeks prior to trial) in its Motion to Continue Trial. This defense was not disclosed prior to the discovery cut-off, notwithstanding an interrogatory specifically directed to reveal this information and a Stipulated Order Compelling Ocean Duke to provide a substantive response. The enablement defense is not even mentioned or explained in Ocean Duke's trial brief. See Def.'s Trial Brief at 5 ("Kowalski's patent is invalid for the following reasons: |

| | | |
|---|---|---|
| | | 1) unable to meet requirements of a written description; 2) lack of definiteness, 3) fails to disclose best mode 4) lack of novelty and public use, 4) [sic] fails obviousness requirements; and 5) prior art exists that invalidates the patent." |
| | | As a result, Plaintiffs have not had time or opportunity to conduct legal research regarding the enablement defense, have no idea what Ocean Duke's theory or supporting evidence will be at trial, and as a result, Plaintiffs are unable to determine whether OD-16 is an appropriate instruction that will assist, rather than confuse, the jury. |
| | | Plaintiffs reserve the right to submit a proposed alternative instruction as appropriate to address whatever theories and evidence Ocean Duke offers at trial. |
| | ¶2: "The description in the written reference . . . . so that someone of ordinary skill in the field of **processing fish for color-retention** looking at that one reference . . . ." | Para. 2: The field in question should be "the field of smoke in food processing" Color retention could be done by means such as use of dyes or preserving in formaldehyde or use of chemical monoxide which would be off-base. The claims of the Kowalski Patent reference smoke (and the claims construction references smoking food), not color retention. |

| | | | |
|---|---|---|---|
| Anticipation<br><br>**18**<br><br>(see Ex. "OD-18" attached) | All | | Ocean Duke's intent to pursue the defense of "anticipation" at trial was first revealed to Plaintiffs on November 20, 2007 (2 weeks prior to trial) with the filing of Ocean Duke's proposed jury instructions and trial brief. This defense was not disclosed prior to the discovery cut-off, notwithstanding an interrogatory specifically directed to reveal this information and a Stipulated Order Compelling Ocean Duke to provide a substantive response.<br><br>To the extent that Ocean Duke intended to assert this defense, Ocean Duke was required by 35 U.S.C. § 282 ("***Section 282***") to give notice "at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit . . . ." 35 U.S.C. § 282; see also Thermo King Corp. v. White's Trucking Svc., Inc., 292 F.2d 668, 678 (5th Cir. 1961).<br><br>The Court orally denied Plaintiffs' Motion in Limine #2 on November 26, 2007 (about one week prior to trial). Due to Ocean Duke's dilatory behavior, at the time Plaintiffs drafted Motion in Limine #2, they were not aware that Ocean Duke was going to assert this defense (and several other new ones) at trial.<br><br>Plaintiffs are unaware of what, if any, prior art Ocean Duke intends to rely upon and what arguments/theories will be advanced at trial. Additionally, given that there is less than a week before trial commences, Plaintiffs have not had an opportunity to conduct discovery or legal |

|  |  | research on this defense. As a result, Plaintiffs are unable to ascertain whether OD-18 is an accurate statement of the law or an appropriate instruction in the context of this case. |
|---|---|---|
|  |  | If the Court decides, nevertheless, to use this instruction, "Treating fish for color-retention" is not the relevant field of art. The field in question should be "the field of the use of smoke in food processing" because the title and all of the claims of the Kowalski Patent (and the Court's claim construction thereof) deal with smoke. None of the asserted claims even mention color retention. That the field of color retention is not the appropriate field is illustrated by the fact that, although chemical carbon monoxide gas arguably can be used for color retention, a person who knew only about the use of chemical carbon monoxide but not about smoke would not be a proper person "skilled in the art" for understanding or applying the asserted claims. |
|  |  | Also, the last paragraph, which mentions the Yamaoka patent) should be stricken because this Court (see it's claim construction order in CV5-517, the TPI case) and the USPTO have already ruled that the Yamaoka Patent does not teach tasteless smoke (The USPTO's interview summary in the Kowalski patent application ruled "Applicant defines over the prior art of record by not imparting smoke taste & flavor & odor." and the first office action ruled that Yamaoka did not teach tasteless smoke.). |
|  |  | Plaintiffs reserve the right to submit additional instructions as appropriate to |

| | | |
|---|---|---|
| | | address the theories and evidence Ocean Duke offers at trial. |
| Obviousness<br><br>**19**<br><br>(see Ex. "OD-19" attached) | All | Ocean Duke first hinted at the prospect of pursuing "obviousness" as a defense on November 13, 2007 (three weeks prior to trial) in its Motion to Continue Trial. This defense was not disclosed prior to the discovery cut-off, notwithstanding an interrogatory specifically directed to reveal this information and a Stipulated Order Compelling Ocean Duke to provide a substantive response. |
| | | Ocean Duke's first revealed its intent to pursue this defense at trial on November 20, 2007, when Ocean Duke filed its Trial Brief. In its Trial Brief, Ocean Duke provides the following remarks under the heading "Prior art for non-obviousness §102(e) and (g)," which give Plaintiffs no indication of what its theory will be at trial: "Invalidation of the Kowalski patent based on prior art will result in the loss of plaintiffs' patent rights. It will cut off any current or prospective royalty payments, regardless of the terms of existing or proposed license agreements." |
| | | The Court orally denied Plaintiffs' Motion in Limine #2 on November 26, 2007 (one week prior to trial). Due to Ocean Duke's dilatory behavior, at the time Plaintiffs drafted Motion in Limine #2, they were not aware that Ocean Duke was going to assert this defense (and several other new ones) at trial. |
| | | As a result, Plaintiffs have not had time or opportunity to conduct legal research regarding obviousness, have no idea what Ocean Duke's theory or supporting |

| | | |
|---|---|---|
| | | evidence will be at trial, and are therefore unable to determine whether OD-19 is an accurate statement of the law and/or an appropriate instruction that will assist, rather than confuse, the jury.<br><br>Plaintiffs reserve the right to submit a proposed alternative instruction as appropriate to address whatever theories and evidence Ocean Duke offers at trial. |
| (Scope and Content of Prior Art)<br><br>**20**<br><br>(see Ex. "OD-20" attached) | All<br><br>"Kowalski and Ocean Duke disagree as to whether various prior art references should be included in the prior art you use to decide the validity of claims . . . ." | See above objection to Ocean Duke's proposed instruction 19. Also, due to Ocean Duke's last minute disclosure, Plaintiffs are unaware of what prior art will be proffered by Ocean Duke at trial. There has never been an opportunity for Plaintiffs to agree or disagree on whether "various" prior art references should be included in the prior art considered by the jury. Also, the term "various prior art" indicates there are several they may assert.<br><br>Plaintiffs reserve the right to submit a proposed alternative instruction as appropriate to address whatever theories and evidence Ocean Duke offers at trial. |
| (Differences Over the Prior Art)<br><br>**21**<br><br>(see Ex. "OD-21" attached) | All | See above objections to Ocean Duke's proposed instructions 19 and 20.<br><br>Plaintiffs reserve the right to submit a proposed alternative instruction as appropriate to address whatever theories and evidence Ocean Duke offers at trial. |
| (Level of Ordinary Skill) | All<br><br>¶1: ". . . I have | See above objections to Ocean Duke's proposed instructions 19 and 20.<br><br>"Treating fish for color-retention" is not |

| | | |
|---|---|---|
| 22<br><br>(see Ex. "OD-22" attached) | referred to a person of ordinary skill in the field of **treating fish for color-retention.**"<br><br>"Kowalski contends that the level of ordinary skill in the field was _____. Ocean Duke contends that the level of ordinary skill in the field was _____." | the relevant field of art. The field in question should be "the field of the use of smoke in food processing" because the title and all of the claims of the Kowalski Patent (and the Court's claim construction thereof) deal with smoke. None of the asserted claims even mention color retention. Although chemical carbon monoxide gas arguably can be used for color retention, a person who knew only about the use of chemical carbon monoxide but not about smoke would not be a proper person "skilled in the art" for understanding or applying the asserted claims.<br><br>Ocean Duke's (as well as Plaintiffs') current inability to fill in the blank spaces of this instruction is indicative of the fact that this issue and the defense of obviousness was never raised or litigated in this lawsuit to date and neither party has done discovery on the issue of the level of ordinary skill in the field as it relates to establishing obviousness or non-obviousness. Had Ocean Duke properly responded to Plaintiffs' interrogatory directed specifically to elicit this information, Plaintiffs would have done discovery on this issue and likely procured an expert to give testimony in support of non-obviousness. |
| (Misuse of patent)<br>23<br>(see Ex. "OD-23" attached) | All<br><br>"Misuse of patent can render it unenforceable. Patent misuse occurs when a patent owner | This defense was not pled in the Answer. On November 13, 2007 in connection with Ocean Duke's Motion to Continue Trial, Ocean Duke requested additional time to conduct discovery directed toward a misuse defense. Ocean Duke first revealed that it intended to pursue misuse at trial and its theory of this defense in its |

| | | wrongfully attempt to enforce a patent, either because the patent was fraudulently obtained or because the enforcement methods are unlawfully anticompetitive. Patent misuse may be shown from the totality of the patent holder's conduct and business practices." | Trial Brief filed on November 20, 2007 (two weeks prior to trial), which indicates that the defense is based on the following: there are 73 claims in the Kowalski Patent, the Kowalski Patent was prepared with litigation in mind, Plaintiffs named competitors in meritless lawsuits, alleged that different processes infringe on the Kowalski patent, leveraged their litigation fund by obtaining one-time payments, and sued on behalf of an entity with questionable standing.

If Ocean Duke had timely disclosed this defense, Plaintiffs would have done discovery to find out what fraud supposedly obtained the patent and what evidence supports that theory, collected evidence in to rebut it, and conducted legal research to ascertain the elements of a misuse defense and prepared a motion for partial summary judgment on this meritless claim. Ocean Duke apparently intends to engage in "mudslinging" at trial to accuse Plaintiffs of wrongdoing and garner disfavor among jurors. Had this defense been raised in a timely manner, Plaintiffs certainly would have sought to exclude this type of unduly prejudicial argument and evidence from being presented to the jury. However, the specifics of the defense and Ocean Duke's intent to pursue misuse at trial was raised after the November 13, 2007 deadline for motions in limine and after the August 15, 2007 dispositive motion cut-off. See Mot. in Limine #8, filed 11/29/07.

Also, fraud must be pled with particularity, which Ocean Duke did not |
|---|---|---|---|

| | | |
|---|---|---|
| | | do. See id. at 9 (citing Mills, Patent Law Fundamentals (2d ed. 2007) at § 15.88). This Court has already granted Plaintiffs summary judgment on a claim of misrepresentation to the PTO. See id. at Ex. "B."<br><br>The Court orally denied Plaintiffs' Motion in Limine #2 on November 26, 2007 (one week prior to trial). Due to Ocean Duke's dilatory behavior, at the time Plaintiffs drafted Motion in Limine #2, they were not aware that Ocean Duke was going to assert this defense (and several other new ones) at trial.<br><br>As a result, Plaintiffs have not had time or opportunity to conduct legal research regarding patent misuse and are unable to determine whether OD-23 is an accurate statement of the law or an appropriate instruction that will assist, rather than confuse, the jury.<br><br>Plaintiffs point out that the single case cited by Ocean Duke in support of proposed jury instruction 23, i.e. Duplan Corp. v. Deering Milliken, Inc., 444 F. Supp. 648 (D.S.C. 1977), is a 1977 District of South Carolina opinion that has been reversed in part, 594 F.2d 979 (4th Cir. 1979), and vacated after remand, 690 F.2d 380 (4th Cir. 1982). The language of this proposed instruction seems vague as to the term "unlawfully anticompetitive."<br><br>Based on preliminary research, it appears that OD-23 runs afoul of the Federal Circuit's opinion in C.R. Bard, Inc. v. M3 Systems, Inc., 157 F.3d 1340 (Fed. Cir. 1998), in which a jury instruction on |

| | | |
|---|---|---|
| | | patent misuse not as lacking in specificity as OD-23 was rejected on the following grounds: " M3 Systems did not propose any of the classic grounds of patent misuse, such as tying or enforced package licensing or price restraints or extended royalty terms, *see* Chisum, supra, § 19.04[3], but generally urged the view that Bard's actions, even if not illegal, were an improper use of patents. Although the law should not condone wrongful commercial activity, the body of misuse law and precedent need not be enlarged into an open-ended pitfall for patent-supported commerce. . . . . The conduct to which the jury instruction on misuse generally refers, that is, 'wrongful enforcement of patents, is activity protected under *Noerr* and *California Motor*, and is not subject to collateral attack as a new ground of 'misuse.'" Id. at 1373.<br><br>As an alternative, Plaintiffs propose the attached instruction 60-62 which is based on United States Supreme Court and Federal Circuit precedent. Plaintiffs reserve the right to revise or modify proposed instructions 61-63 and/or submit additional proposed alternative instruction as appropriate to address whatever theories and evidence Ocean Duke offers at trial. |
| (Lost profits – generally)<br><br>24 | All<br><br>"To recover lost profits for infringing sales, Kowalski must show | Erroneous/misleading statement of law because Kowalski is entitled to show that that he lost profit from HISI's sales due to Ocean Duke's infringement. See SEB, |

| | | |
|---|---|---|
| (see Ex. "OD-24" attached) | that but for the infringement there is a reasonable probability that it would have made sales that Ocean Duke made.... Kowalski must show the share of Ocean Duke's sales that he would have made...." | S.A. v. Montgomery Ward & Co., Inc., 412 F. Supp. 2d 336, 347 n.16 (S.D.N.Y. 2006); see also Plts' Opp. to Def's Motion In Limine To Exclude Reference To HISI As A Plaintiff For Lack of Standing. |
| | ¶1: "fish imported **and** sold by Ocean Duke..." | Para. 1: Delete "and" and replace with "or". Either importation or sale constitutes infringement under Section 271(g). |
| | ¶ 2: "You must allocate the lost profits based upon the customer demand for the patented feature of the infringing method used to treat the fish imported and sold by Ocean Duke. That is, you must determine which profits derive from the fish sold by Ocean Duke which were treated using patented invention, and not from other features of the infringing method." | Para 2 is not applicable in this case and will lead to jury confusion. There is no "patented feature of the infringing method." This paragraph appears to be directed toward infringement cases involving devices or products that are comprised of various components, some of which are not patented. If this instruction is given, paragraph 2 should be deleted.<br><br>As an alternative, Plaintiffs propose that the attached instruction no. 63 be given. |
| (Lost profits – Market Share)<br><br>25 | All<br><br>"One way Kowalski may prove the number of sales he would have made if the infringement had not | Contains erroneous and misleading statements of law because Kowalski is entitled to show that that he was damaged by HISI's lost profits (that he would have realized) due to Ocean Duke's infringement. See SEB, S.A. v. |

| | | |
|---|---|---|
| (see Ex. "OD-25" attached) | happened is to prove his share of the relevant market excluding infringing products. You may award Kowalski a share of profits equal to his market share. . . ." | Montgomery Ward & Co., Inc., 412 F. Supp. 2d 336, 347 n.16 (S.D.N.Y. 2006).<br><br>Also, substitutes have not been proven.<br><br>Plaintiffs proposed instruction no. 63 (attached) should be given instead. |
| Reasonable Royalty<br><br>26<br><br>(see Ex. "OD-26" attached) | ¶ 1: "A royalty payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention." | Para. 1: If the Court uses this instruction notwithstanding Plaintiffs' objection to it, the court should revise to pertain to infringement under 271(g) (importing or selling product made with patented process), such as by changing it to say "A royalty payment made to a patent holder in exchange for the right to import, sell, or use a product made with the patented process."<br><br>Plaintiffs' proposed instructions 46 and 47 should be used instead. (See Exs. "P-46" and "P-47") |
| Date of Commencement – Products<br><br>27 | ¶ 3 "If you find that **Kowalski** sells a product . . ."<br><br>¶4: "If you find that **Kowalski** sells such a product but marks . . ." | Para. 3 and 4: revise to state "If you find that Kowalski or Hawaii International Seafood, Inc. sells . . ." |
| (Elements and Burden of Proof – Trademark)<br><br>29 | ¶ 4: "As you consider whether the trademark used by Ocean Duke . . . . If the instances of actual confusion have been relatively frequent, you may find | Para. 4 may mislead the jury because while Ocean Duke sells a large volume of the allegedly infringing product, its sales are not on an individual basis direct to individual consumers. The sales relevant to this instruction are to retailers. Para. 4 of Plaintiff's proposed instruction no. 52 |

| | | |
|---|---|---|
| (see Ex. "OD-29" attached) | that there has been substantial actual confusion. If, by contrast, there is a very large volume of sales, but only a few isolated instances of actual confusion you may find that there has not been substantial actual confusion." | should not be added. |
| | ¶8 "When the parties' products differ, you may consider how likely Kowalski is to begin selling the products for which Ocean Duke is using a trademark that is similar to Kowalski's trademark. If there is a strong possibility of expanding into the other party's market, there is a greater likelihood of confusion." | Para. 8 is not applicable and should not be added to Plaintiffs' proposed instruction 52 because HISI and Ocean Duke's products do not differ.<br><br>Plaintiffs' proposed instruction 52 should be given instead. (See Ex. "P-52" attached.) |
| (Trademark Damages)<br><br>**31/32**<br><br>(see Ex. "OD-31" and "OD-32" attached) | All | Not appropriate to give OD-31 and OD-32 because Plaintiffs are not seeking damages with respect to their trademark infringement claim. |