# DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 5
(Overview of Applicable Law - Preliminary)

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether **Ocean Duke** has infringed the claims of the patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, however, **Ocean Duke** may infringe the **Kowalski** patent by making, using, selling or offering for sale in the United States, or by importing into the United States, a product or method that is covered by a claim of the **Kowalski** patent. [ ] I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the **Kowalski** patent is invalid. As I instructed you, a patent may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious.

One way that a claim may be invalid is if it is not new. For a claim to be invalid because it is not new, **Ocean Duke** must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device or method, or described in a single previous printed publication or patent. We call these things "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or described in a single piece of "prior art" and the claim is, therefore, not anticipated, the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made. You will need to consider a number of questions in deciding whether the inventions claimed in the **Kowalski** patent are obvious. I will provide you detailed instruction on these questions at the conclusion of the case.

A patent may also be invalid if its description does not meet certain requirements. To be valid, a patent must meet the "written description" requirement. In order to meet this written description requirement, the description of the invention in the specification portion of the patent must be detailed enough to describe the invention that is claimed in the claims of the issued patent. The disclosure of a patent must also meet the "enablement" requirement. To meet the requirement, the description in the patent has to be sufficiently full and clear to

have allowed persons or ordinary skill in the field of technology of the patent to make and use the invention without undue experimentation, at the time the patent application was originally filed.

If you decide that any claim of the **Kowalski** patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to **Kowalski** to compensate it for the infringement. The amount of those damages must be adequate to compensate **Kowalski** for the infringement. A damages award should put the patent holder in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what **Kowalski** would have received had it been paid a reasonable royalty. The damages award are meant to compensate the patent holder and not to punish an infringer. You may not include in your award any additional amount as a fine or penalty, above what is necessary to compensate **Kowalski** for the infringement, in order to punish **Ocean Duke**. I will give you more detailed instructions on the calculation of the damages at the conclusion of the case.

SOURCE:   Federal Circuit Bar Association Model Patent Jury Instructions, A.4
          (2007)