# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether something is more likely true than not. On other issues you must use a higher standard and decide whether it is highly probable that something is true.

Plaintiffs will present their evidence on its contention that some of the claims of the Kowalski patent have been and continue to be infringed by Ocean Duke Corporation and that the infringement has been and continues to be willful. In this case, Ocean Duke Corporation must prove that it is more likely than not that the fish treated for color retention that it imports and sells does not infringe any claim of the Kowalski patent.

To persuade you that Ocean Duke's infringement was willful, Plaintiffs must prove that it is highly probable that the infringement was willful.

To prove trademark infringement, Plaintiffs have the burden of proving that it is more likely than not that Hawaii International Seafood, Inc. has a valid trademark and that the Ocean Duke infringed that trademark.

During the presentation of the evidence, the attorneys will be allowed brief opportunities to explain what they believe the evidence has shown or what they believe upcoming evidence will show. Such comments are not evidence and are being allowed solely for the purpose of helping you understand the evidence.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case. Closing arguments are not evidence (but may assist you in understanding the evidence and applying the law). After the closing arguments and instructions, you will then decide the case.

SOURCE:  United States District Court, Northern District of California, Model Patent Jury Instructions A.5 (2004) (modified). Parenthetical phrase "but may assist you in understanding the evidence and applying the law" is from United States District Court for the District of Hawaii General Federal Jury Instructions in Civil Cases, Model Patent Jury Instructions 2.1.