Case 1:04-cv-00055-BMK    Document 164-52    Filed 11/30/2007    Page 6 of 23
Case 1:04-cv-00055-BMK    Document 445    Filed 11/29/2007    Page 66 of 93

Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 37

In order to infringe a patent claim, a process must include every limitation of the claim, as the claim has been defined by me. If the process used to treat Ocean Duke's fish omits even a single step recited in a claim as the claim has been defined by me, then you must find that Ocean Duke has not infringed that claim. You must consider each of the patent claims separately.

A claim limitation may be present in an accused process in one of two ways, either literally or under what is known as the doctrine of equivalents. A claim limitation is literally present if it exists in the accused process just as it is described in the claim language, as I have defined that language for you.

A claim limitation is present in an accused process under the doctrine of equivalents if the differences between them are insubstantial. One way to determine this is to look at whether or not the accused process performs substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed invention. Another way is to consider whether or not people of ordinary skill in the field of the invention believe that the step of the accused process and the step recited in the patent claim limitation (as defined by me) are interchangeable. A person of ordinary skill is a person with average education and training in the field.

Equivalency is determined by what was known at the time of the activities

accused of infringement, and not by what was known at the time the patent application was filed or when the patent issued. Thus, the inventor need not have foreseen, and the patent need not describe, all potential equivalents to the invention covered by the claims. Also, slight changes in technique or improvements made possible by technology developed after the patent application is filed may still be equivalent for doctrine of equivalents purposes.

SOURCE:   Federal Circuit Bar Association, Model Patent Jury Instructions in Civil Cases 8.3 (2002).