# DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 12
(Willful Infringement)

(This replaces Plaintiffs' Proposed Jury Instruction No. 39:)

In this case, **Kowalski** argues both that **Ocean Duke** infringed and that **Ocean Duke** infringed willfully. Even if you have decided that **Ocean Duke** has infringed you must go on and address the additional issue of whether or not this infringement was willful. Willfulness requires you to determine **that Ocean Duke acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Ocean Duke's state of mind is not relevant to this objective inquiry.**

To prove willful infringement, **Kowalski** must establish that **Ocean Duke** willfully infringed by clear and convincing evidence. That is **Ocean Duke** must prove willingness in such a way that you have been left with a clear conviction that the infringement was willful.

Specifically, **Kowalski** must show, by clear and convincing evidence that:

(1) **Ocean Duke** was aware of the **Kowalski** patent **or that it was so obvious that its actions constituted infringement of a valid patent that the Kowalski patent should have been known to Ocean Duke,** and

(2) **Ocean Duke** engaged in the accused infringing activities without a reasonable basis for believing, either: (1) that **the method used to treat Ocean Duke's fish** did not infringe the **Kowalski** patent; or (2) that the **Kowalski** patent was invalid; or that the **Kowalski** patent was enforceable.

In deciding whether or not **Ocean Duke** committed willful infringement, you must consider all of the facts, which include but are not limited to:

(1) Whether or not **Ocean Duke** intentionally **imported and sold fish treated with a method that** copied a **method** that is covered by the **Kowalski** patent;

(2) Whether or not **Ocean Duke**, when it learned of **Kowalski's** patent protection, investigated the scope of the patent and formed a good-faith belief that the patent was invalid or unenforceable or that it was not infringed before **Ocean Duke** started or continued any possible infringing activity;

(3) Whether or not **Ocean Duke** reasonably believed that it had a substantial defense to infringement and reasonably believed that the defense would be successful if litigated;

(4)   Whether or not **Ocean Duke** made a good faith effort to avoid infringing the patent, for example **Ocean Duke** took remedial action upon learning of the patent by ceasing infringing activity or attempting to design around the patent;

(5)   Whether or not **Ocean Duke** tried to cover up its infringement; and

(6)   Whether or not **Ocean Duke** relied on a legal opinion that appeared to it to be well-supported and believable and that advised **Ocean Duke** (1) that the **method** did not infringe the **Kowalski** patent or (2) that the **Kowalski** patent was invalid or unenforceable. **However, there is no affirmative duty to obtain an opinion of counsel.**

In assessing these various factors and deciding whether or not **Ocean Duke** willfully infringed the **Kowalski** patent, you need not find that all of the factors are present. In addition, no one or more of these factors are determinative. Rather, you must decide, based on the evidence that it presented to you, whether you have a clear conviction that the alleged infringement was willful.

SOURCE:   United States District Court, Northern District of California, Model Patent Jury Instruction B.3. - 3.8 (2007) (modified); *In re Seagate Technology, LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (overruling standard in *Underwater Devices, Inc. v. Morrison-Knudsen Co.,* 717 F.2d 1380, 1389 (Fed. Cir. 1983) and holding that "proof of willful infringement . . . requires at least a showing of objective recklessness"); no duty to obtain opinion of counsel.

662,913 / 8827-1                               17