# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 39

Plaintiffs also contends that Ocean Duke has willfully infringed the Kowalski patent claims. If you find on the basis of the evidence and the law as I have explained it, that Ocean Duke infringes at least one claim of the Kowalski patent, you must then decide whether or not Ocean Duke's infringement was willful.

When a company becomes aware that a patent may have relevance to that company's activities, that company has a duty to exercise due care and investigate whether or not its activities or proposed activities infringe any valid, enforceable claim of the patent. If that company did not do this and is found to have infringed the patent claims, then the infringement was willful.

The issue of willful infringement is relevant, not to your decision of whether or not there is infringement, but rather to the amount of damages to which Plaintiffs are entitled. A finding of willful infringement may, in certain circumstances, entitle the patent owner to increased damages. If you decide that Ocean Duke willfully infringed the Kowalski patent claims, then it is my job to decide whether or not to award increased damages to Plaintiffs.

The burden of proving that the infringement was willful is the highly probable standard.

To establish willful infringement, Plaintiffs must prove two things by the

highly probable standard. First, Plaintiffs must prove that Ocean Duke was aware of the Kowalski patent. Second, Plaintiffs must prove that Ocean Duke proceeded with the activities that are accused of infringement without a good faith belief that the patent was either invalid, not infringed, or both.

In determining whether or not Ocean Duke acted in good faith, you should consider all of the circumstances, including whether or not Ocean Duke obtained and followed the advice of a competent lawyer. Although the absence of a lawyer's opinion does not require you to find willfulness, the obtaining and following of a lawyer's advice may be evidence that infringement was not willful.

In evaluating Ocean Duke's reliance on the advice of a lawyer, you should consider when Ocean Duke obtained the advice, the quality of the information provided to the lawyer, the competence of the lawyer's opinion, and whether or not Ocean Duke relied upon the advice. Advice is competent if it was based upon a reasonable examination of the facts and law relating to validity and/or infringement issues, consistent with the standards and practices generally followed by competent lawyers.

SOURCE: Federal Circuit Bar Association, Model Patent Jury Instructions 9 (2002) (modified).