# DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 14
(Infringement Under the Doctrine of Equivalents)

(This replaces Plaintiffs' Proposed Jury Instruction No. 37:)

If you decide that **the method used to treat for color-retention certain fish imported and sold by Ocean Duke** does not literally infringe an asserted patent claim, you must then decide whether that **method** infringes the asserted claim under what is called the "doctrine of equivalents."

Under the doctrine of equivalents, the **method** can infringe an asserted patent claim if it includes **steps** that are identical or equivalent to the requirements of the claim. If the **method** is missing an identical or equivalent **step** to even one requirement of the asserted patent claim, the **method** cannot infringe the claim under the doctrine of equivalents. Thus, in making your decision under the doctrine of equivalents, you must look at each individual requirement of the asserted patent claim and decide whether the **method** has either an identical or equivalent **step** to that individual claim requirement.

A **step** of a **method** is equivalent to a requirement of an asserted claim if a person of ordinary skill in the field would think that the differences between the step and the requirement were not substantial as of the time of the alleged infringement.

One way to decide whether any difference between a requirement of an asserted claim and a **step** of the **method** is not substantial is to consider whether, as of the time of the alleged infringement, the **step** of the **method** performed substantially the same function, in substantially the same way, to achieve substantially the same result as the requirement in the patent claim.

In deciding whether any difference between a claim requirement and the **method** is not substantial, you may consider whether, at the time of the alleged infringement, persons of ordinary skill in the field would have known of the interchangeability of the **step** with the claimed requirement. The known interchangeability between the claim requirement and the **step** of the **method** is not necessary to find infringement under the doctrine of equivalents. However, known interchangeability may support a conclusion that the difference between the **step** in the **method** and the claim requirement is not substantial. The fact that a **step** of the **method** performs the same function as the claim requirement is not, by itself, sufficient to show known interchangeability.

You may not use the doctrine of equivalents to find infringement if you find that the subject matter alleged to be equivalent to a requirement of the patent claim as described in the **Kowalski** patent but not covered by any of its claims. The subject matter described but not claimed must be specific enough that one of ordinary skill in the art would understand that it was present in the patent.

662,913 / 8827-1                                      20

SOURCE:   United States District Court, Northern District of California, Model Patent Jury Instruction B.3. - 3.4 (2007) (modified)