# DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 18
## (Anticipation)

A patent claim is invalid if the claimed invention is not new. For the claim to be invalid because it is not new, all of its requirements must have existed in a single device or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention. In patent law, these previous devices, methods, publications or patents are called "prior art references." If a patent claim is not new we say it is "anticipated" by a prior art reference.

The description in the written reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the field of **processing fish for color-retention** looking at that one reference would be able to make and use the claimed invention.

Here is a list of the ways that **Ocean Duke** can show that a patent claim was not new:

- if the claimed invention was already publicly known or publicly used by others in the United States before **the** date of conception;

- if the claimed invention was already patented or described in a printed publication anywhere in the world before **the** date of

conception. A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find.

- if the claimed invention was already made by someone else in the United States before **the** date of conception, if that person had not abandoned the invention or kept it secret;

- if the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before **the** date of the **Kowalski's** application filing date;

- if **Kowalski** did not invent the claimed invention but instead learned of the claimed invention from someone else;

- if **Kowalski** and **Ocean Duke** dispute who is a first inventor, the person who first conceived of the claimed invention and first reduced it to practice is the first inventor. If one person conceived of the claimed invention first, but reduced to practice second, that person is the first inventor only if that person (a) began to reduce the claimed invention to practice before the other party conceived of it and (b) continued to work diligently to reduce it to practice. A claimed invention is "reduced to practice" when it has been fully tested

sufficiently to show that it will work for its intended purpose or when it is fully described in a filed patent application.

Since it is in dispute, you must determine a date of conception for the **Kowalski invention** and/or the **Yamaoka patent (that is U.S. Patent No. 5,484,619).** Conception is the mental part of an inventive act and is proven when the invention is shown in its complete form by drawings, disclosure to another or other forms of evidence presented at trial.

SOURCE:  United States District Court, Northern District of California, Model Patent Jury Instructions B.4.3. - 4.3a.1 (2007) (modified)