Kowalski et al. v. Ocean Duke Corp., Civ. No. 04-055 BMK
Plaintiffs' Proposed Jury Instructions

# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 46

A royalty is an amount of money that someone pays a patent owner to be able to use the patented invention or import and/or sell products made with the a process covered by the patent.

A reasonable royalty is the royalty that would be reasonable for the infringer to pay and for the patent owner to accept for use of a patent that they both know is valid and that the infringer wants to use.

You are to decide what a reasonable royalty would be, based on circumstances as of the time just before Ocean Duke began importing products made with a process covered by the Kowalski patent. You should assume that Ocean Duke and Plaintiffs knew at that time such things as the level of sales and profits that Ocean Duke would make selling the product. You should also assume that Mr. Kowalski was willing to grant Ocean Duke a license to use the patented invention and that Ocean Duke was willing to pay for that license.

In deciding what is a reasonable royalty, you may consider the factors that Plaintiffs and Ocean Duke would consider in setting the amount Ocean Duke should pay.

I will list for you a number of factors you may consider. This is not every possible factor, but it will give you an idea of the kinds of things to consider in setting a reasonable royalty.

1. Whether the patent owner had established a royalty for the patented invention, for example, by granting other licenses at that royalty. You should remember, however, that an established royalty may have been set before the patent was determined to be valid and infringed in court and, therefore, may not be as much as it would be if both the patent owner and the party wanting to use the patent know it is valid.

2. Royalties paid by Ocean Duke or by others for patents comparable to the patent.

3. Whether or not Plaintiffs had a policy of licensing or not licensing the patent.

4. Whether or not Plaintiffs and Ocean Duke are competitors.

5. Whether being able to use the patented invention helps in making sales of other products or services.

6. The profitability of the product made using the patent, and whether or not it is commercially successful or popular.

7. The advantages and benefits of using the patented processes not claimed in the Kowalski patent.

8. The extent of Ocean Duke's use of the imported product and the value of that use to Ocean Duke.

9. Whether or not there is a portion or percentage of the profit or selling

price that is customarily paid in frozen seafood industry for use of patented inventions comparable to the inventions claimed in the Kowalski patent.

10. The portion of the profit that is due to the patented invention, as compared to the portion of the profit due to other factors, such as unpatented elements or unpatented manufacturing processes, or features or improvements developed by Ocean Duke.

11. Expert opinions as to what would be a reasonable royalty.

SOURCE:   Federal Circuit Bar Association, Model Patent Jury Instructions 12.3.7 (2002) (modified).