# DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 29
## (Likelihood of Confusion - Factors)

(This paragraph should go at the end of paragraph 4 in Plaintiffs' Proposed Jury Instruction No. 52:)

As you consider whether the trademark used by **Ocean Duke** creates for consumers a likelihood of confusion with **Kowalski's** trademark, you should weigh any instances of actual confusion against the opportunities for such confusion. If the instances of actual confusion have been relatively frequent, you may find that there has been substantial actual confusion. If, by contrast, there is a very large volume of sales, but only a few isolated instances of actual confusion you may find that there has not been substantial actual confusion.

(These paragraphs should go at the end of paragraph 6 in Plaintiffs' Proposed Jury Instruction No. 52:)

      7.    Purchaser's Degree of Care. The more sophisticated the potential buyers of the goods or the most costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be. They may be less likely to be confused by similarities in **Kowalski's** and **Ocean Duke's** trademarks.

8. Product Line Expansion. When the parties' products differ, you may consider how likely **Kowalski** is to begin selling the products for which **Ocean Duke** is using **a trademark that is similar to Kowalski's** trademark. If there is a strong possibility of expanding into the other party's market, there is a greater likelihood of confusion.

9. **Any other factors that bear on the likelihood of confusion.**

SOURCE: Ninth Circuit Manual of Model Jury Instructions 15.16, ¶¶ 4, 7, 8 (2007) (modified)