# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 52

You must consider whether the Ocean Duke's use of the name CRYO-FREEZE is likely to cause confusion about the source of Plaintiffs' or Ocean Duke's goods.

I will suggest some factors you should consider in deciding this. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. As you consider the likelihood of confusion you should examine the following:

1. <u>Strength or Weakness of the Plaintiffs' Mark</u>. The more the consuming public recognizes the Plaintiffs' trademark CRYOFRESH as an indication of origin of the plaintiffs' goods, the more likely it is that consumers would be confused about the source of the Ocean Duke's goods if Ocean Duke uses a similar mark.

2. <u>Defendant's Use of the Mark</u>. If the Ocean Duke and Plaintiffs use their trademarks on the same, related, or complementary kinds of goods there may be a greater likelihood of confusion about the source of the goods than otherwise.

3. <u>Similarity of Plaintiffs' and Ocean Duke's Marks</u>. If the overall impression created by the Plaintiff's trademark in the marketplace is similar to that created by Ocean Duke's trademark in appearance, sound, or meaning, there is a

greater chance of likelihood of confusion. Similarities in appearance, sound or meaning weigh more heavily than differences in finding the marks are similar.

4. <u>Actual Confusion</u>. If use by Ocean Duke of the Plaintiffs' trademark has led to instances of actual confusion, this strongly suggests a likelihood of confusion. However actual confusion is not required for a finding of likelihood of confusion. Even if actual confusion did not did not occur, Ocean Duke's use of the trademark may still be likely to cause confusion.

5 <u>Ocean Duke's Intent</u>. Knowing use by Ocean Duke of the Plaintiffs' trademark to identify similar goods may strongly show an intent to derive benefit from the reputation of the Plaintiffs' mark, suggesting an intent to cause a likelihood of confusion. On the other hand, even if the absence of proof that Ocean Duke acted knowingly, the use of Plaintiffs' trademark to identify similar goods may indicate a likelihood of confusion.

6. <u>Marketing/Advertising Channels</u>. If the Plaintiffs' and Ocean Duke's goods are likely to be sold in the same or similar stores or outlets, or advertised in similar media, this may increase the likelihood of confusion.

SOURCE: <u>Ninth Circuit Court Manual of Model Civil Jury Instructions</u> 15.16 (2007).