# DEFENDANT OCEAN DUKE'S JURY INSTRUCTION NO. 32
(Trademark Damages - Defendant's Profits)

In addition to actual damages, **Kowalski** is entitled to any profits earned by **Ocean Duke** that are attributable to the infringement, which **Kowalski** proves by a preponderance of the evidence. You may not, however, include in any award of profits in any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all **Ocean Duke's** receipts from using the trademark in the sale of a product. **Kowalski** has the burden of proving **Ocean Duke's** gross revenue by a preponderance of the evidence.

Expenses are all operating, overhead and production costs incurred in producing the gross revenue. **Ocean Duke** has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of **Ocean Duke's product** using **"cryo-freeze"** is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

SOURCE:   Ninth Circuit Manual of Model Jury Instructions 15.26 (2007) (modified)