## PLAINTIFFS' PROPOSED JURY INSTRUCTION No. 60

### (Misuse – Fraudulent Procurement)

Patent misuse is an affirmative defense to patent infringement that can render the patent unenforceable.

Patent misuse occurs if the following elements are met:

(1) the Kowalski patent was procured by knowing and willful fraud, i.e. knowingly and willfully misrepresenting or omitting material facts to the Patent and Trademark Office ("*PTO*"),

(2) Mr. Kowalski has market power in the relevant market, and

(3) Mr. Kowalski used his patent to restrain competition.

If Ocean Duke establishes all of the above elements by clear and convincing evidence, then it has proven patent misuse by Plaintiffs.


Source: Walker Process Equip., Inc. v. Food Machinery & Chem. Corp., 382 U.S. 172 (1965); C.R. Bard, Inc. v. M3 Systems, Inc., 157 F.3d 1340, 1368 (Fed. Cir. 1998) ("In Walker Process . . . the Court established that antitrust liability under section 2 of the Sherman Act may arise when a patent has been procured by knowing and willful fraud, the patentee has market power in the relevant market, and has used its fraudulently obtained patent to restrain competition."); Nobelpharma AB v. Implant Innovations, Inc., 141 F.3d 1059, 1070 (Fed. Cir. 1998).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION No. 61

## (Misuse - Knowing/Willful Misrepresentation or Omission of Material Fact)

A knowing or willful misrepresentation or omission requires independent and clear evidence of an intent by Mr. Kowalski to deceive the examiner and thereby cause the PTO to grant an invalid patent. A fact is material if it the Patent Office would not have issued the patent "but for" the misrepresentation or omission.

Thus, knowing and willful fraud requires independent and clear evidence of deceptive intent and a clear showing of reliance by the PTO, i.e. that the patent would not have issued but for the misrepresentation or omission.

Failing to cite a piece of prior art or failing to cite a reference to the PTO does not constitute knowing and willful fraud. Furthermore, statements made to the PTO about prior art, which the PTO has before it, does not constitute a knowing or willful misrepresentation.

Source: <u>Nobelpharma AB v. Implant Innovations, Inc.</u>, 141 F.3d 1059, 1070-71 (Fed. Cir. 1998), <u>Azko N.V. v. U.S. Int'l Trade Comm.</u>, 808 F.2d 1471, 1481-82 (Fed. Cir. 1986).

ImanageDB:797823.2

## PLAINTIFFS' PROPOSED JURY INSTRUCTION No. 62

### (Misuse – Sham Litigation)

Patent owners are entitled to enforce and test the validity of their patents in court through actions against alleged infringers. Thus, the law presumes that lawsuits to enforce a patent are made in good faith.

Patent misuse occurs, however, if the patent owner brings suit to enforce a patent in bad faith. To overcome the presumption of good faith, Ocean Duke must prove by clear and convincing evidence that each of the following elements are met:

(1) this lawsuit is objectively meritless such that no reasonable litigant could expect success on the merits, and

(2) this lawsuit is an attempt to interfere directly with the business relationships of a competitor (i.e. Ocean Duke).

A lawsuit is not objectively meritless such that no reasonable litigant could expect success on the merits or an attempt to interfere directly with the business relationships of a competitor merely because it is unsuccessful.

Source: <u>C.R. Bard, Inc. v. M3 Systems, Inc.</u>, 157 F.3d 1340, 1368 (Fed. Cir. 1998) ("The Supreme Court in [PRE] established the two-part criteria of 'sham' litigation: (1) the lawsuit must be objectively meritless such that 'no reasonable litigant could expect success on the merits' and (2) it must be found that 'the baseless lawsuit conceals an attempt to interfere directly with the business

ImanageDB:797823.2

relationship of a competitor.'"), id. at 1369 ("Neither the bringing of an unsuccessful suit to enforce patent rights, nor the effort to enforce a patent that falls to invalidity, subjects the suitor to antitrust liability."); Handguards v. Ethicon, Inc., 601 F.2d 968, 993 (9th Cir. 1979) ("Patentees must be permitted to test the validity of their patents in court through actions against alleged infringers."), id. at 996 ("It is that the jury should be instructed that a patentee's infringement suit is presumptively in good faith and that this presumption can be rebutted only by clear and convincing evidence.").

## PLAINTIFFS' PROPOSED JURY INSTRUCTION No. 63

### (Lost Profit Damages)

Mr. Kowalski, as the owner of the patent, is entitled to damages adequate to compensate him for Ocean Duke's infringement. The damages awarded to Mr. Kowalski should put him in approximately the same financial position that he would have been in had Ocean Duke's infringement not occurred.

Mr. Kowalski is the sole shareholder and owner of Hawaii International Seafood, Inc. ("HISI"). Mr. Kowalski **can show that his company HISI lost profits** if **he** proves all of the following:

(1) that there was a demand for the patented **product produced by the method**;

(2) that there were no non-infringing substitutes, or, if there were, the number of the sales made by **Ocean Duke** that **HISI** would have made despite the availability of other acceptable non-infringing substitutes [];

(3) that **HISI** had the manufacturing and marketing capacity to make any infringing sales actually made by Ocean Duke and for which **Mr. Kowalski** seeks an award of lost profits; and

(4) the amount of profit that **HISI** would have made if **Ocean Duke** had not infringed.

**The lost profits damage award must include the amount of HISI's lost profits that Mr. Kowalski shows he would have received if Ocean Duke's infringement had not occurred.**

SOURCE:  United States District Court, Northern District of California, Model Patent Jury Instructions 5.3 (2007) (modification in bold); modifications based on Ocean Duke's Proposed Instruction No. 5 (citing Federal Circuit Bar Association Model Patent Jury Instructions, A.4 (2007)), and <u>SEB, S.A. v. Montgomery Ward & Co., Inc.</u>, 412 F. Supp. 2d 336, 347 n.16 (S.D.N.Y. 2006).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION No. 64

## (Willful Infringement – Advice of counsel)

Whether or not Ocean Duke proceeded with the activities that are accused of infringement without a good faith belief that the Kowalski patent was either invalid or not infringed should be evaluated as of the time that Ocean Duke became aware of Plaintiffs' accusation of patent infringement. Advice of counsel rendered soon after the accusation of patent infringement is more probative of whether the alleged infringer had a good faith belief on non-infringement at the time of the accusation of infringement in comparison with advice that is obtained years later.

Source: LNP Eng. Plastics Inc. v. Miler Waste Mills, Inc., 275 F.3d 1347, 1357 (Fed .Cir. 2001), Rivera-Davila v. Asset Conservation, Inc., No. 98-1075, 2000 WL 27891 *1, *5 (Fed. Cir. Jan. 12, 2000) (unpublished op.).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION No. 65**

**(Infringement – Comparison of Patents)**

Ocean Duke asserts that the fish that it imports is treated with a process covered by the Shih Patent and that because the Shih Patent was approved by the PTO over the Kowalski Patent, Ocean Duke does not infringe the Kowalski Patent. The PTO may have issued the Shih Patent even though the process called for under the Shih Patent infringes the claims of the Kowalski Patent because in examining the later (Shih Patent) application, the PTO does not pay attention to the scope of the claims of previous issued patents (such as the Kowalski Patent).

Thus, even if there may be evidence that Ocean Duke's fish is treated with a process covered by the Shih Patent, this is not conclusive or presumptive of non-infringement of the Kowalski Patent. In other words, it is possible for Ocean Duke to infringe the Kowalski Patent even if Ocean Duke's fish is treated with a process that is covered by the Shih Patent.

As I have already instructed, your task is to determine whether the process actually used to treat Ocean Duke's fish infringes claims 1, 33, 67, 68, or 69 of the Kowalski Patent, as I have defined those claims.

Source: Atlas Powder Co. v. E.I. Du Pont De Nemours & Co., 750 F.2d 1569, 1581 (Fed. Cir. 1984) (citing Herman v. Youngstown Car Mfg. Co., 191 F. 579, 584-85 (6th Cir. 1911)) ("After finding equivalence, the court rejected appellant's

contention that its receipt of a patent negates infringement: . . . . Another reason sometimes advanced for supposing that the structure of the second does not infringe the claim of the first patent is that the Patent Office has declared that a patentable difference exists. The premise is sound, but not the conclusion. In examining the second application, the Patent Office has no concern with the scope of the claim of the first, and does not and must not pay any attention thereto. It is concerned only with the early disclosure by the specification and drawings. Patentable difference does not of itself tend to negative infringement."); see also Vaupel Textimashinen KG v. Meccanica Euro Italia SPA, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991), Hoechst Celanese Corp. v. BP Chemicals Ltd., 78 F.3d 1575, 1582 (Fed. Cir. 1996) ("The fact of separate patentability presents no legal or evidentiary presumption of noninfringement and, in this case, does not outweigh the substantial evidence supporting the jury verdict of infringement.").

# PLAINTIFFS' PROPOSED JURY INSTRUCTION No. 66

## (Written Description)

The original claims as filed are part of the patent specification.

Source: <u>Northern Telcom, Inc. v. Datapoint Corp.</u>, 908 F.2d 931, 938 (Fed. Cir. 1990) (citing 35 U.S.C. § 112, ¶ 2).

# PLAINTIFFS' PROPOSED JURY INSTRUCTION No. 67

## (Written Description)

The written description requirement is not met if:

(1) the specification clearly states that the invention is possible only by performing a step and that step is not included in the claim,

(2) the claim includes matter that is outside the purpose of the invention, and

(3) a person skilled in the art would clearly understand that it was not only important, but essential to the invention to perform a step described in the specification and that step is not a part of the claim.

However, if any of the above is not proven by clear and convincing evidence by Ocean Duke, the specification contains an adequate written description of the claimed invention; i.e. the claim is sufficiently supported by the specification.

Source: Gentry Gallery v. Berkline Corp., 134 F.3d 1473, 1479-80 (Fed. Cir. 1998); Johnson Worldwide Assoc., Inc. v. Zebco Corp., 175 F.3d 985, 993 (Fed. Cir. 1999), Cordis Corp. v. Medtronic Ave., Inc., 339 F.3d 1352, 1365 (Fed. Cir. 2003), Cooper Cameron Corp. v. Kvaener Oilfield Prod. Inc., 291 F.3d 1317, 1323 (Fed. Cir. 2002), Amgen Inc. v. Hoeschst Marion Roussell, Inc., 314 F.3d 1313, 1333-34 (Fed. Cir. 2003).