CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA        2954-0
ALLISON MIZUO LEE     7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 17 OF DEFENDANT OCEAN DUKE'S PROPOSED SET OF JURY INSTRUCTIONS; EXHIBITS "OD - 17"; CERTIFICATE OF SERVICE<br><br>TRIAL DATE: December 4, 2007 |
|---|---|

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 17 OF
DEFENDANT'S PROPOSED SET OF JURY INSTRUCTIONS**

Plaintiffs WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL

SEAFOOD, INC. ("*Plaintiffs*"), pursuant to Local Rule 51.1, submit the following

objection to Instruction No. 17 of Defendant OCEAN DUKE CORPORATION'S

("*Ocean Duke*") proposed set of jury instructions. This objection is intended to supplement Plaintiffs' Objections to Ocean Duke's Proposed Set of Jury Instructions, which were filed on November 30, 2007.

DATED:  Honolulu, Hawaii, December, 2007.

>CADES SCHUTTE LLP
>
>/s/ Allison Mizuo Lee
>MILTON M. YASUNAGA
>Attorney for Plaintiffs
>WILLIAM R. KOWALSKI and HAWAII
>INTERNATIONAL SEAFOOD, INC.

PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 17 OF
DEFENDANT'S PROPOSED SET OF JURY INSTRUCTIONS

In addition to the objections set forth in Plaintiffs' Objections to Defendant Ocean Duke's Proposed Set of Jury Instructions filed on November 30, 2007, Plaintiffs assert the following objection:

| Ocean Duke Instr. No. | Objectionable Portion | Reason for Objection |
|---|---|---|
| Best Mode<br><br>17<br><br>(see Ex. "OD-17" attached) | All | Ocean Duke first suggested a desire to assert the "best mode" defense at trial on November 20, 2007 (two weeks prior to trial) in its Trial Brief. This defense was not disclosed prior to the discovery cut-off, notwithstanding an interrogatory specifically directed to reveal this information and a Stipulated Order Compelling Ocean Duke to provide a substantive response. The best mode defense was not mentioned in Ocean Duke's pretrial statement filed on October 16, 2007.<br><br>As a result, Plaintiffs have not had time or opportunity to conduct legal research regarding the best mode defense, have no idea what Ocean Duke's theory or supporting evidence will be at trial (i.e. Ocean Duke has not disclosed what the alleged better mode is or how Plaintiffs purported concealed it), and as a result, Plaintiffs are unable to determine whether OD-17 is an appropriate instruction that will assist, rather than confuse, the jury.<br><br>Plaintiffs reserve the right to submit a proposed alternative instruction as appropriate to address whatever theories |

| | | |
|---|---|---|
| | | and evidence Ocean Duke offers at trial. |
| | ¶1: "The description in the written reference . . . . so that someone of ordinary skill in the field of **processing fish for color-retention** looking at that one reference . . . ." | If this instruction is given the following changes should be incorporated:<br><br>Para. 1: The field in question should be "the field of smoke in food processing" Color retention could be done by means such as use of dyes or preserving in formaldehyde or use of chemical monoxide which would be off-base. The claims of the Kowalski Patent reference smoke (and the claims construction references smoking food), not color retention.<br><br>The concept that best mode requires concealment of the better mode by the patentee should be incorporated into the instruction given on best mode. See Engel Indus. v. Lockformer Co., 946 F.2d 1528, 1531-1532 (Fed. Cir. 1991). |