LOUISE K. Y. ING          2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:      ling@ahfi.com
             agriffiths@ahfi.com


TIMOTHY L. NEUFELD       *Pro Hac Vice*
PAUL S. MARKS            *Pro Hac Vice*
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:      tneufeld@neufeldlawgroup.com
             pmarks@neufeldlawgroup.com


Attorneys for Defendant
OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) ) ) Civil No. CV04-00055 BMK ) ) **DEFENDANT'S MEMORANDUM** |
| Plaintiffs, | ) **IN OPPOSITION TO** ) **PLAINTIFFS' MOTION IN** ) **LIMINE #8 RE DEFENSES** |
| vs. | ) **RAISED BY DEFENDANT** ) **OCEAN DUKE ON OR AFTER** |
| OCEAN DUKE CORPORATION, | ) **NOVEMBER 13, 2007 (FILED** ) **NOVEMBER 29, 2007);** |
| Defendant. | ) CERTIFICATE OF SERVICE |

663,635 / 8827-1

_____ )    TRIAL:        December 4, 2007

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #8 RE DEFENSES RAISED BY DEFENDANT OCEAN DUKE ON OR AFTER NOVEMBER 13, 2007 (FILED NOVEMBER 29, 2007)

Plaintiffs' motion in limine #8 should be denied for four reasons:

1.    The motion is untimely and merely a tactical ploy.

2.    The motion is moot.  The court has already ruled on the same issues when it denied Plaintiffs' Motion in Limine #2 Re Defenses Not Described by Defendant Ocean Duke Corporation in Its Answers to Interrogatories (filed 11/13/07).

3.    There is no undue prejudice to Plaintiffs.  It has had sufficient notice of the facts underlying the defenses from the many cases it has litigated here and abroad.

4.    Any time restrictions on more fully developing and articulating the claims and defenses in this case are of Plaintiffs' own making.  They opposed any continuance of trial, even though relatively little discovery had been done in the case.

## THE DEFENSES AT ISSUE

In its Trial Brief and proposed Jury Instructions, Ocean Duke asserts the following affirmative defenses against the validity and enforceability of the

Kowalski patent which Plaintiffs once again seek to exclude before trial.  Plaintiffs are disingenuous to contend they lacked notice of such defenses until just last month:

1.  **Best mode**:  Patent law requires that an inventor disclose his best way to carry out the claimed invention at the time of application. *35 U.S.C. § 112 ¶1; Ocean Duke's Jury Inst. No. 17*.  Plaintiffs are well aware that in related lawsuits, their adversaries Tuna Processors, Inc. ("TPI"), Mommy Gina Tuna Resources ("MGTR"), King Tuna, Richard Friend, Seafriend and Citra Mina filed an affidavit of a former employee of seafood company Pescarich and photographs in support of their contention that machines built according to specifications of the Kowalski patent do not work effectively.  *See Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment, at 15 (filed in TPI suit, 4/12/07); Ocean Duke's Trial Ex. 544, 544a-c.*  Similarly, Ocean Duke may wish to show, including through testimony of former Pescarich president Richard Friend, that the Kowalski patent fails to disclose the best mode by claiming in a confusing array of 73 claims an impermissibly broad range of heating temperatures (as well as vague taste and

filtering parameters) that prevent one skilled in the art to carry out Kowalski's claimed invention.

2.   **Lack of enablement; inoperability**:  a patent lacks enablement when it does not contain a description of the claimed invention that is sufficiently full and clear to enable a person of ordinary skill in the field to make and use the invention without excessive experimentation.  *Ocean Duke Jury Inst. No. 16.*  The evidence and testimony referred to above with respect to the best mode defense are relevant to the enablement and inoperability defense as well, for they support Ocean Duke's contention that the Kowalski patent's description of the claimed invention are not specific enough to enable a person of ordinary skill in the field of treating seafood for color retention to produce, without undue experimentation, a tasteless, odorless smoke that will fix the color of seafood.

3.   **Lack of novelty/anticipation and public use; obviousness**; **prior art**.  A patent claim is invalid if the claimed invention is not new but instead existed in a single device or method that predates the claimed invention.  *Ocean Duke Jury Inst. No. 18.*  Ocean Duke intends to show that the invention claimed by Kowalski was being practiced by other entities, including Pescarich, as early as 1994, three years

before Kowalski's patent application.  Kowalski conducted discovery

into this contention as far back as 2001, during the Hilo Fish suit,

when Richard Friend was deposed.  *See Trial Ex. P-149.*  Ocean Duke

may wish to show that Kowalski's commercial application of his

patent is essentially the art practiced in 1994 by Pescarich, which

used the prior art claimed in the Yamaoka patent.

4.    **Written description**:  Patent law requires that "the specification shall

contain a written description of the invention, and of the manner and

process of making and using it, in such a full, clear, concise, and

exact terms to enable any person skilled in the art to which it

pertains . . . make and use the same."  35 U.S.C. §112 ¶ 1.  Whether

the written description requirement is met is a matter of law.  *See*

*Laitram Corp. v. Morehouse Indus., Inc.,* 143 F.3d 1456 (Fed. Cir.

1998).  Even though the Court withdrew for now its ruling in the TPI

case invalidating Claims 1 and 67 of the Kowalski patent, the Court

reiterated its concern that "[t]he specifications do not support the

broad claim language of 'heating'"[1]

---

[1]    *Order Granting Motion for Clarification and Reconsideration of*
*Claims Construction Order, at 6 (filed in TPI suit, 11/15/07)* ("While the Court
continues to believe that the specifications of the Kowalski Patent describe a
process significantly more limited than the 'heating' claimed in Claims 1 and 67,
these limitations may not be read into the broad claim. . . . If TPI wishes to

5.    **Indefiniteness.**  The definiteness requirement of § 112, ¶ 2, "focuses on whether the claims, as interpreted in view of the written description, adequately perform their function of notifying the public of the [scope of the] patentee's right to exclude."  *Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1338 (Fed. Cir. 2003) (*citing S3 Inc. v. VIDIA Corp.*, 259 F.3d 1364, 1371-72 (Fed. Cir. 2001).  A determination that a patent is invalid for failure to meet the definiteness requirement is a conclusion "that is drawn from the court's performance of its duty as a construer of patent clams."  *Bancorp Services, L.L.C. v. Hartford Life Ins. Co.,* 359 F.3d 1367, 1371 (Fed. Cir. 2004); *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1348 (Fed. Cir. 2005) (invalidating patent for indefiniteness of the phrase "aesthetically pleasing").  Ocean Duke intends to show at trial, as it already briefed in its opposition to Plaintiffs' Claim Construction motion, that several claims of the Kowalski are indefinite as a matter of law: "no standard whatsoever for determining the scope of taste and odor thresholds" (*Memorandum in Opposition to Plaintiffs' claim construction motion,*

_____

challenge the validity of this claim based on the failure to adequately describe 'heating' in the specifications, TPI may do so at the proper time").

*at 10 (filed 11/1/07));* the lack of "clear, concise, specific standards" for the term "super purify" (*id., at 11*); and the lack of a temperature range for the heating process. *Id., at 5-6.* This issue was also explored in detail in Mr. Kowalski's deposition in this case.

6.  **HISI's lack of standing**.  This issue was briefed in detail by both sides in connection with Ocean Duke's motion in limine with respect to HISI.  In any event, it is not so much an affirmative defense as it is a jurisdictional question which courts will raise even if the parties do not.

7.  **Patent misuse**: patent misuse occurs when a patent owner wrongfully attempts to enforce a patent, either because the patent was fraudulently obtained or because the enforcement methods are unlawfully anticompetitive.  *Ocean Duke's Jury Inst. No. 23.*  Ocean Duke's trial brief outlined its position on misuse, none of which are new to Plaintiffs: that the Kowalski patent was written in an overbroad, obtuse and confusing manner with litigation in mind, rather than protection of a legitimate, novel invention; plaintiffs have attempted to eliminate competition by bringing infringement suits against any competing process to treat fish for color-retention (including, initially, processes using industrial carbon monoxide);

plaintiffs funded their litigation warchest by obtaining payments

seafood distributors in exchange for agreements not to pursue

litigation against them, without due regard to type of treatment

process used; and Kowalski has padded his alleged damages by

claiming the supposed lost sales of a company with no standing

(HISI) and creating confusion over HISI's rights to the Kowalski

patent. *See Ocean Duke's Trial Brief, at 11.*

With the exception of the standing issue, Ocean Duke is not the first Kowalski

defendant to have made nay of the above assertions.

**ARGUMENT**

**1.     The Motion is Not Appropriate**

The motion is inappropriate both timewise and tactically.  Unwilling

to accept the court's November 26, 2007, rulings and desirous of taking unfair

advantage of a rush to trial after settlement talks stalled in October, Plaintiffs seek

to use an untimely, eleventh-hour motion in limine to attack Ocean Duke's

defenses.  Yet, none of these defenses should be a surprise to Plaintiffs after

litigating at least ten lawsuits in Hawai`i and other lawsuits in the Philippines, all

involving the Kowalski patent.  This motion is nothing more than an effort to

pressure Ocean Duke for settlement purposes or to distract it from preparing for a

trial which is proceeding at Plaintiffs' insistence after minimal discovery and motions practice.

## 2.    The motion is moot

Plaintiffs' motion in limine #8 is simply a reconstituted version of their Motion in Limine #2, filed November 13, 2007, a motion which this Court has already considered and denied. Motion in limine #8 raises no new issues or defenses that were not already known to Plaintiffs at the November 26 hearing on the motions in limine. Ocean Duke therefore incorporates herein its Memorandum in Opposition to Plaintiffs' Motion in Limine No. 2 (filed 11/20/07).

As the court noted at the hearing, Plaintiffs' contention interrogatories inquiring about Defendants' "claims, contentions, positions, defenses, or affirmative defenses" with respect to "each [of the 73] claim[s] of the '401 patent" were extremely broad and far-reaching, as well as ambiguously worded, inviting a well-founded objection to its form and/or an equally broad answer. Moreover, the Court also pointed out that a number of the defenses are ones the court will determine as a matter of law (such as written description, indefiniteness and obviousness). Plaintiffs are seeking a second bite at the apple at a time when the parties should be focusing their energy on trial preparation and settlement negotiations.

3.    **Sufficient notice of defenses**

None of the defenses should be a surprise to Plaintiffs, as they have

litigated and settled many cases involving the Kowalski patent, both in this

district[2], as well as the Philippines.  In those suits, the Court can take judicial

notice (having presided over most of the suits either for pretrial or settlement

purposes) that various defenses to the Kowalski patent have been asserted in

pleadings, discovery responses, motions and settlement conference submissions.

When it has served their purposes, Plaintiffs have treated all their pending patent

infringement cases as a unified case, drawing on rulings, filings, document

productions and issues submitted or raised in other cases.  At least eighteen of

Plaintiffs' trial exhibits in this case consist of discovery, orders and filings from

other District of Hawai`i or Philippines patent infringement cases, such as (A) P-

151, 152, 153, 155, 156, 162, 163, 164, 165, 225, 226 from the TPI suit; (B) P-

148, P-154 and 157 from a case or cases in the Philippines; (C) P-84 from the

Kowalski v. Hilo Fish Company suit, (D) P-117 from the Kowalski v. Jana Brands

suit, (E) P-149 from the Hilo Fish suit, and (F) P-147 from "Case 1:05-cv-005."

---

[2]    Over the past 4-5 years, Plaintiffs have sued these defendants and
possibly more in the District of Hawai'i:  Advanced Fresh Concepts, Hilo Fish
Company, Jana Brands, Ocean Duke, Orca Bay, Asiana Management, Sea Port,
Tuna Processors, Inc., Richard Friend/Seafriend, Mommy Gina Tuna
Resources/King Tuna, Citra Mina/Integral Seafood, Seven Seas Seafoods and
Tuna Processors, Inc.

Plaintiffs should not be allowed to put on blinders just for this case and argue they lacked notice of defenses. They must have considered that their strategy of rushing to trial might give Ocean Duke insufficient time to acquire notice of such defenses.

The cases cited by Plaintiffs as limiting defenses to those in answers to interrogatories are distinguishable. For instance, in *Thorm EMI N. AM. Incorp. v. Intel Corp.*, 936 F. Supp. 1186, 1191 (D. Del. 1996), *cited in Plaintiffs' Memorandum in Support, at 6,* the court considered not just answers to interrogatories but positions taken during the course of the litigation and other factors in determining whether plaintiff had sufficient notice of defenses. *Id., at 1191-92.* Plaintiffs' quotation from *Thorm* (Plaintiffs' Memorandum in Support, at 6) is incomplete and misleading. The complete quotation reads "The court will prevent a party from raising a claim or defense at trial that was not adequately described in a response to a contention interrogatory *or in the Joint Pre-Trial Order.*" (Emphasis added.) In *Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir. 1997), *cited in Plaintiffs' Memorandum in Support, at 6,* the Court of Appeals upheld sanctions where there had been repeated, egregious failures by plaintiffs to provide discovery and violation of four separate discovery orders.

In this case, unlike *Thorm,* there is no joint pre-trial order, but Ocean Duke gave notice of its defenses in its briefings opposing Plaintiffs' Motion for

Claim Construction (written description, indefiniteness, lack of enablement) and supporting its Motion to Continue Trial (misuse, inoperability, lack of standing), its Trial Brief (lack of novelty or public use, obviousness, prior art, best mode, and misuse via anti-competitive conduct).  Given the circumstances of this case - the prior focus on settlement negotiations and the short timeframe between depositions, trial preparation and trial - the above-mentioned submissions were the first reasonable opportunity to delineate these defenses to Plaintiffs.

In this case, unlike *Payne*, here was no egregious failure to provide discovery.  Ocean Duke voluntarily agreed to supplement its responses to vague, overbroad interrogatories and did so based on the results of its investigation at the time.[3]  Additional defense theories came to light as a result of formal and informal discovery over the last two to three months and this Court's rulings in this and related cases, such as the TPI suit.  By then, pre-trial submissions deadlines were approaching and were a reasonable vehicle for providing Plaintiffs more information about the defense's position.

---

[3]    In its supplemental answers to interrogatories, Ocean Duke specifically stated that discovery was ongoing:  "Discovery is continuing into the prior art relating to the '401 patent and otherwise, in response to this interrogatory."  *See Defendant's Memorandum in Opposition to Plaintiffs' Motion in Limine No. 2, at 6.*

**4.     Plaintiffs made their own bed**

Had Plaintiffs been willing to agree to a reasonable discovery, motions and trial preparation schedule after settlement talks failed in October 2007, and not pressed for trial, there would have been opportunity for a more measured development and discovery of both sides' positions sufficiently in advance of trial.  However, at this late date, Plaintiffs must live with the situation they created - a fast-track schedule in which Ocean Duke (and presumably, Plaintiffs) are doing the best they can under the circumstances to prepare their case for trial.  All of the work Plaintiffs argue they would have done (follow-up discovery requests, evidence-gathering, legal research and dispositive motions) would have been possible had Plaintiffs not insisted on going to trial December 4 instead of agreeing to a reasonable continuance after settlement negotiations stalled in October.

As the court record reflects, this case may be four years old, but the case has not involved four years of discovery, motions practice and other litigation procedures.  Rather, in an effort to avoid the time and expense of litigation, the parties' efforts had been directed towards settlement negotiations.  Ocean Duke's counsel and its representative Roger Lin flew to Honolulu from California three times to participate personally in a mediation during the early stages of the case,

then two settlement conferences in early and late October 2007. The first

deposition in this case did not occur until late September 2007.

**CONCLUSION**

      For the foregoing reasons, Plaintiffs' Motion in Limine #8 should be

denied.

      DATED:    Honolulu, Hawai`i, December 3, 2007.


      /s/ Louise K. Y. Ing
      LOUISE K. Y. ING
      ALLISON KIRK GRIFFITHS
      TIMOTHY L. NEUFELD
      PAUL S. MARKS
      Attorneys for Defendant
      OCEAN DUKE CORPORATION