IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) ) ) | Civ. No. 04-00055 BMK |
| | ) | ORDER RE MOTIONS IN LIMINE |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OCEAN DUKE CORPORATION, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

ORDER RE MOTIONS IN LIMINE

Plaintiffs William R. Kowalski ("Kowalski") and his company,

Hawaii International Seafood, Inc. ("HISI") (collectively, "Plaintiffs") have sued

Defendant Ocean Duke Corporation ("Ocean Duke") for infringement of U.S.

Patent 5,972,401, titled "Process for Manufacturing Tasteless Super-Purified

Smoke for Treating Seafood to be Frozen and Thawed," awarded to Kowalski on

October 26, 1999 (hereinafter "Kowalski Patent"). Trial is currently scheduled for

December 4, 2007. Plaintiffs filed seven motions in limine, while Ocean Duke

filed three. All ten of these motions were heard on November 26, 2007. Plaintiffs

then filed an additional motion in limine after the other motions in limine were

heard. Ocean Duke has responded in writing to this motion in limine, and the

Court has determined, pursuant to Local Rule 6.2(d), that it is appropriate to decide this additional motion without holding a further hearing.

I.  OCEAN DUKE'S MOTIONS IN LIMINE

    A.  <u>Motion to Exclude All References to HISI as a Plaintiff</u>

        Ocean Duke requests that all references to HISI as a plaintiff be prohibited on the ground that HISI lacks standing in this case.  Specifically, Ocean Duke contends that HISI lacks standing because it is neither an owner nor an exclusive licensee of the Kowalski Patent**.**  Because of this, Ocean Duke argues, "any reference to HISI and its alleged damages or lost profits would be irrelevant to the issues in this case," would confuse and prejudice the jury, and would unnecessarily extend the trial.  ( Mem. Supp. Def.'s Mot. Exclude Reference 11.)

        Plaintiffs do not disagree that HISI is unable to recover against Ocean Duke on its own behalf**.**  Rather, Plaintiffs argue (1) that Ocean Duke's motion is an improper attempt to obtain summary judgment after the disposititive motions deadline; (2) that Ocean Duke waived this defense by failing to identify it in response to Plaintiffs' Interrogatory No. 4, which requested that "if Ocean Duke contends that lost profits are not awardable, set forth in detail the basis for such contentions"; and, (3) that references to HISI are proper because even if HISI does not have standing to sue on its own behalf, Kowalski is still entitled to pursue

HISI's lost profits as part of his damages. (Mem. Opp. Def.'s Mot. Exclude Reference 7-14.)

Here, the Court agrees that Kowalski may attempt to prove, at trial, that his damages include the income he would have received from his wholly owned company, HISI. In general, the owner of a patent is entitled to "damages adequate to compensate for the infringement." 35 U.S.C. § 284. "Damages," as used in § 284 "encompasses an amount necessary to redress any direct injury from infringement." King Instruments Corp. v. Perego, 65 F.3d 941, 949 (Fed. Cir. 1995.) Such a "direct injury" may be sustained by the patentee even where he or she does not "make, use, or sell the invention." Id. Where such an injury is suffered, a patentee may recover his or her lost profits as long as those lost profits were reasonably foreseeable. Rite-Hite Corp. v. Kelley Co., Inc. , 56 F.3d 1538 (Fed. Cir. 1995) (en banc) (stating that "under § 284 of the patent statute, the balance between full compensation, which is the meaning that the Supreme Court has attributed to the statute, and the reasonable limits of liability encompassed by general principles of law can best be viewed in terms of reasonable, objective, foreseeability").

Patent owners may thus assert the lost profits of their wholly owned subsidiary at trial. SEB, S.A. v. Montgomery Ward & Co., Inc., 412 F. Supp. 2d

336, 346-347 (S.D.N.Y. 2006) (allowing patent-holder SEB to show, at trial, that it was foreseeable that it would lose money when defendants infringed its patent and diminished the sales of its subsidiary corporation, T-Fal).  To ultimately obtain these lost profits, of course, the patent owner must show that his or her lost income from the subsidiary was reasonably foreseeable consequence of the infringement. See id.  Because Kowalski will be allowed to offer proof at trial that his damages include HISI's lost profits, the Court will not prohibit Kowalski from referring to HISI at trial.  The Court will entertain a motion for judgment against HISI as a party at the proper time, in due course.  Accordingly, Ocean Duke's motion to exclude all reference to HISI as a plaintiff is DENIED.

B. Motion to Preclude Evidence and Comment Relationg to Alleged Regulatory and/or Administrative Investigations Involving Defendant Ocean Duke Corporation

Ocean Duke states that it "has occasionally been the subject of . . . audits and/or investigations" by government regulatory agencies, and it seeks to exclude any reference to these audits and investigations because they "have nothing whatsoever to do with patent or trademark infringement."  (Mem. Supp. Def.'s Mot. Preclude Evidence of Investigations 2-3.)  Ocean Duke argues that any such evidence would be far more prejudicial than probative, and requests that

4

Plaintiffs be prohibited from making any references to these audits and
investigations.

Plaintiffs respond that Ocean Duke's motion should be denied
because these investigations and audits "have bearing on the character for
truthfulness or untruthfulness of Ocean Duke and/or its officers and agents."
(Mem Opp. Def.'s Mot. Preclude Evidence of Investigations 1.)  The Court finds,
however, that in general, any mention of investigations or audits of Ocean Duke
will be far more prejudicial than probative in regards to the character for
truthfulness of Ocean Duke's officers and agents.  Accordingly, Ocean Duke's
motion to preclude evidence and comment related to any such investigations or
audits is hereby GRANTED.  If there is any *specific* evidence related to these
audits and investigations which Plaintiffs believe is more probative than
prejudicial, they may make a request to introduce such evidence at trial, but out of
the presence of the jury.

   C.   <u>Motion to Exclude Alleged Statements by Chris Ragone as Inadmissible
        Hearsay</u>

Ocean Duke seeks to exclude any potential testimony by the
investigator John Stalker regarding statements made to him by Chris Ragone, an
Ocean Duke salesperson.  Ocean Duke claims that any statements Mr. Ragone may
have made to Mr. Stalker do not fall within the party admission exception, because

there is no evidence that Mr. Ragone's statements were made within the scope of his Ocean Duke employment, or otherwise authorized by the corporation.

Plaintiffs respond that to the contrary, they will be able to lay a sufficient foundation at trial to show that Mr. Ragone's statements were within the scope of his employment as Ocean Duke's sole salesperson and the person to whom Ocean Duke entrusted all of its marketing decisions.  Accordingly, Ocean Duke's motion to exclude testimony about statements made by Mr. Ragone is hereby DENIED.  Such evidence will be admitted provided that Plaintiffs are able to lay a sufficient foundation for admission.

## II.  PLAINTIFFS' MOTIONS IN LIMINE

### A. # 1:  Motion for a Presumption of Infringement

Where a patent process is alleged to have been infringed by the importation, sale, or use of a product that is made outside of the United States, infringement shall be presumed if the court finds "(1) that a substantial likelihood exists that the product was made by the patented process, and (2) that the plaintiff has made a reasonable effort to determine the process actually used in the production of the product and was unable to so determine."  35 U.S.C. § 295.

Plaintiffs request that infringement be presumed in this case.  First, it is undisputed that they are asserting the infringement of a patent process based on a

product that is produced outside of the United States.  Second, Plaintiffs claim that

based on the claims construction order filed in this case, and on Roger Lin's

account of his understanding of the process followed by Ocean Duke's  supplier,

Citra Perkasa, there is a substantial likelihood that Ocean Duke's product is made

by Kowalski's patented process.  Third, Plaintiffs claim that they made a

reasonable effort to determine the process actually used by asking Ocean Duke

about Citra Perkasa's production process.  As it turned out, however, Ocean

Duke's officers ultimately seemed to know very little about the details of Citra

Perksasa's production process.  Plaintiffs claim that they are therefore entitled to a

presumption of infringement.  In particular, they rely on <u>Pfizer Inc. v. F & S Alloys</u>

<u>& Minerals Corp.</u>, 856 F. Supp. 808 (S.D.N.Y. 1994).

        Ocean Duke correctly points out, however, that, Plaintiffs have not

provided any evidence that they ever made any attempts to visit Citra Perkasa's

factory in Bali, nor did they request Ocean Duke to help them arrange such a visit.

Thus, the situation here is very different than the situation in  <u>Pfizer</u>, where the

"discovery history of [the] case . . . established that [Pfizer] made a reasonable

effort to determine the process actually used . . . but was unable to do so."  856 F.

Supp. at 816.  Here, the discovery history of the case does *not* establish that

Plaintiffs made such reasonable efforts.  Accordingly, Plaintiffs' Motion in Limine #1 is hereby DENIED.

B.  #2: Motion To Exclude Defenses Not Described in Answers to Interrogatories

Plaintiffs request that Ocean Duke be precluded "from presenting testimony, argument and evidence at trial relating to any defense not described in Ocean Duke's responses to Interrogatory No. 3 of Plaintiffs' First Request for Answers to Interrogatories." (Mem Supp. Pls.' Mot. To Exclude Defenses 1.) Plaintiffs' Interrogatory No. 3 requested Ocean Duke to:

> Explain with particularity (and as to each claim of the '401 patent) and identify all reasons, facts, references, prior art, documents, and bases for or relating to each of Ocean Duke's claims contentions, positions, defenses, or affirmative defenses; the identities of the person with knowledge of the above information and the substance of the knowledge of each person.

(Mem Supp. Pls.' Mot. To Exclude Defenses 2.) Ocean Duke responded that while it was still conducting discovery, it did not believe that the process of the Shih patent it used infringed upon the Kowalski patent.  Ocean Duke later requested that the Court direct Ocean Duke to provide full and substantive written responses to Plaintiffs' interrogatories, which the Court did on October 25, 2006.  Plaintiffs claim that because Ocean Duke failed to supplement this response pursuant to either the Court's order, or to Rule 26(e)(2) of the Federal Rules of Civil

8

Procedure, Ocean Duke should be precluded from asserting any defenses other than non-infringement.  In particular, Plaintiffs seek to prevent Ocean Duke from asserting at trial that the certain claims of the Kowalski patent are invalid for failing to meet the written description requirement, an issue which has come to the fore since the Court issued its claims construction order in the related TPI cases.

It its Answer, however, Ocean Duke did assert a number of other defenses besides non-infringement, including invalidity of the Kowalski patent. Accordingly, Ocean Duke will not be barred from asserting these defenses at trial. While Ocean Duke undoubtedly should have been more detailed in its response to Plaintiffs' Interrogatory No. 3, the Court recognizes that the parties were working towards a settlement until quite recently.  Thus, the Court does not believe that Ocean Duke has attempted to mislead Plaintiffs in any way; rather, it appears that Ocean Duke is only now determining the defenses at which it plans to present at trial.  Furthermore, the defenses at issue appear to be legal defenses, not factual ones.  Plaintiffs have not demonstrated how they would have prepared for trial any differently had Ocean Duke highlighted in its Interrogatory No. 3 some of the additional defenses that it had originally asserted in its answer.

Plaintiffs' Motion in Limine #2 to preclude defenses not described by Ocean Duke in its answers to interrogatories is hereby DENIED.

C. #3: Motion to Exclude Ocean Duke's Damages Expert

Plaintiffs request that Ocean Duke's damages expert, Michael McEnerney, be excluded from testifying at trial because Ocean Duke failed to timely provide Plaintiffs with an expert report from Mr. McEnerney. Ocean Duke admits that it did not submit Mr. McEnerney's expert report, but claims that under the June 4, 2007 Stipulation, it was required only to disclose Mr. McEnerney's name by August 15, 2007, not his expert report. In addition, Ocean Duke claims that Plaintiffs have not been prejudiced by its failure to provide them with an expert report from Mr. McEnerney because his expert report in this case is very similar to the expert report provided to Plaintiffs in the TPI cases.

Plaintiffs, however, contend that they are prejudiced by Ocean Duke's failure to provide them with an expert report, and the Court agrees. This is a separate case, dealing with a different defendant and different numbers. Plaintiffs were entitled to an expert report specific to this case. In addition, the Court finds that the language of the June 4 Stipulation did not negate Ocean Duke's duty to provide Plaintiffs with an expert report for Mr. McEnerney, notwithstanding the elision of the word "reports" from the stipulation.

Accordingly, Plaintiffs' motion to exclude testimony by Mr. McEnerney is hereby GRANTED for Ocean Duke's failure to provide an expert report.

D.  #4: Motion to Exclude Charles Cardile From Testifying At Trial

Plaintiffs also request that Charles Cardile be excluded from testifying at trial, either as an expert witness or as a lay witness.  Mr. Cardile was named as a witness only on October 16, 2007.  He was not disclosed as an expert, nor was he listed in Ocean Duke's responses to interrogatories requesting the names of people with knowledge of Ocean Duke's fish processing operations, nor was his name revealed as a result of Plaintiffs' request for production of documents.  It was not until the deposition of Mr. Lin on October 9, 2007, that Mr. Cardile's knowledge of the Ocean Duke manufacturing process was disclosed.

Ocean Duke responds that it seeks only to have Mr. Cardile testify as a percipient witness regarding the processes used at the Citra Perkasa plant.  It argues that Plaintiffs are not prejudiced by their failure to timely disclose Mr. Cardile as a person with knowledge because it is unlikely that Plaintiffs would have deposed him.

Plaintiffs, however, stated at the hearing that they would certainly have deposed Mr. Cardile had they know that he had knowledge of the Citra

11

Perkasa plant. While Ocean Duke may not have revealed Mr. Cardile's name to its attorneys until October 9, it knew of Mr. Cardile's relationship with both Ocean Duke and Citra Perkasa. It had an obligation to provide Mr. Cardile's name to Plaintiffs much earlier in this litigation; because it failed to do so, it will not now be allowed to use Mr. Cardile to its own advantage at this late stage. Plaintiffs' motion to exclude the testimony of Mr. Cardile is hereby GRANTED.

E. # 5: Motion to Exclude Steven Shih From Testifying At Trial

Plaintiffs similarly seek to exclude Steven Shih from testifying at trial, either as an expert witness or as a lay witness. Unlike Mr. Cardile, however, Mr. Shih was disclosed early on in this litigation as someone with knowledge of Ocean Duke's production processes. Plaintiffs were well aware that Ocean Duke claimed to use the Shih manufacturing process, rather than the Kowalski process. Because no expert report was provided for Mr. Shih, he will be barred from testifying as an expert; he may, however, testify as a lay witness with respect to his actual, first-hand knowledge of the production processes used by Ocean Duke's supplier. Plaintiffs' motion is therefore DENIED.

F. #6 Motion to Exclude Evidence Not Timely Produced or Identified

Plaintiffs contend that Ocean Duke will attempt to introduce at trial a number of pieces of evidence which were not timely produced to Plaintiffs.

12

Plaintiffs claim that they will be prejudiced by the introduction of such evidence, and ask for a blanket exclusion of all evidence not timely produced. While neither Plaintiffs' motion nor its memorandum in support of the motion mention any particular exhibits, the attached declaration of Plaintiffs' counsel mentions Ocean Duke's proposed exhibits 5, 7, 63, 64, and 65 as examples of this non-disclosed evidence. At the hearing, however, Ocean Duke's counsel stated that he believed all five of these exhibits were either materials that had been received from Plaintiffs themselves during discovery, or were demonstrative aids to be used at trial which had not yet been created or compiled.

The Court will not issue a blanket ruling at this time excluding all evidence not timely produced. The Court will address these issues as they come up, at trial, on a case-by-case basis. Plaintiffs' motion is hereby DENIED.

G. #7: Motion to Exclude Comparison of the Kowalski Patent and the Shih Patent

Plaintiffs have also requested that the Court prohibit any direct comparison of the Kowalski Patent and the Shih Patent on the grounds that producing something under the auspices of one patent is not a defense to the infringement of another patent. The Court recognizes this well-settled principle of patent law, but declines to bar comparisons between the two processes. Ocean

13

Duke asserts that its process does not infringe on the Kowalski Patent; the name for the process it uses is the Shih process, which is described in the Shih Patent. Thus, some comparison between the two patents will naturally occur at trial. The Court will instruct the jury on this particular aspect of patent law at the appropriate time, and recognizes that perhaps early instructions in this area may be warranted. Comparison between the two patents will be allowed, however, and Plaintiffs' motion is DENIED.

H.  #8: Motion to Exclude Defenses Raised by Ocean Duke on or After November 13, 2008

After the motions in limine had been heard and ruled upon, Plaintiffs filed this additional motion in limine, once again seeking to exclude certain defenses on the basis that Plaintiffs had not been properly notified of these defenses in discovery. Plaintiffs point to nine separate defenses that they wish excluded on the grounds that these defenses were raised only after the deadline to file motions in limine had passed. These nine defenses are: lack of novelty, obviousness, prior art, best mode, lack of enablement, patent misuse, patent misuse by anticompetition, inoperability, and HISI's lack of standing to pursue lost profits. Plaintiffs theory is the same as its previous motion on this matter, namely, that

because these defenses were not disclosed in response to Plaintiffs' very broad Interrogatory No. 3, Ocean Duke should be estopped from raising them. Only one of these defenses, however, was not listed in Ocean Duke's answer, according to Plaintiffs.

As the Court has discussed previously, the Court does not believe that Ocean Duke's failure to fully answer Plaintiffs' interrogatories was dishonest, nor done in an attempt to gain some advantage at trial. These are legal defenses which Ocean Duke is only now investigating more fully as this case has rapidly accelerated to trial over the last two months. Plaintiffs' motion is accordingly DENIED. This does not mean, however, that the Court will not consider, at trial, objections to these defenses based on collateral estoppel or other valid grounds.

## CONCLUSION

For the foregoing reasons, Ocean Duke's motion to exclude all references to HISI as a Plaintiff is DENIED; Ocean Duke's motion to preclude evidence and comment relating to investigations is GRANTED; and Ocean Duke's motion to exclude statements by Chirs Ragone is DENIED.

For the foregoing reasons, Plaintiffs' motion in limine #1 is DENIED; Plaintiffs' motion in limine #2 is DENIED; Plaintiffs' motion in limine #3 is GRANTED; Plaintiffs' motion in limine #4 is GRANTED; Plaintiffs' motion in

limine #5 is DENIED; Plaintiffs' motion in limine #6 is DENIED; Plaintiffs'

motion in limine #7 is DENIED; Plaintiffs' motion in limine #8 is DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
 Dated: December 3, 2007

Kowalski v. Ocean Duke Corporation, Civ. No. 04-00055 BMK; ORDER RE MOTIONS IN
LIMINE