LOUISE K. Y. ING           2394-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
E-mail:      ling@ahfi.com

TIMOTHY L. NEUFELD      Pro Hac Vice
PAUL S. MARKS           Pro Hac Vice
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:   (213) 625-2650
E-mail:      tneufeld@neufeldlawgroup.com
             pmarks@neufeldlawgroup.com

Attorneys for OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Case No. CV04-00055 BMK <br><br> **DEFENDANT OCEAN DUKE CORPORATION'S SPECIAL VERDICT FORM**; CERTIFICATE OF SERVICE <br><br><br> Trial Date:  December 4, 2007 |

664,542 / 8827-1

# SPECIAL VERDICT FORM

## PATENT INFRINGEMENT

1.  Do you find that plaintiff William Kowalski has proved, by a preponderance of the evidence, that any seafood imported or sold by Ocean Duke Corporation was treated with a process that infringes one or more of the following claims of the Kowalski patent, as construed by the court?

For each claim listed below, answer "infringed" or "not infringed":

|  | Infringed | Not infringed |
|---|---|---|
| Claim 1: | _____ | _____ |
| Claim 33: | _____ | _____ |
| Claim 67: | _____ | _____ |
| Claim 68: | _____ | _____ |
| Claim 69: | _____ | _____ |

*(Go to Question 2.)*

## INVALIDITY

2. Do you find that defendant Ocean Duke Corporation has proved, by clear and convincing evidence, that the Kowalski patent is invalid on the grounds set forth in the jury instructions given to you by the court?

Yes \_\_\_\_          No \_\_\_\_

*(If you answered "Infringed" to any of the claims listed in Question 1,*

*AND if you answered "No" to Question 2, then go to Question 3.*

*Otherwise, skip all the remaining questions and sign and date this form.)*

## DAMAGES

3. What is the total amount of "reasonable royalty" damages sustained by Kowalski?

$ _____

*(Go to Question 4.)*

## TRADEMARK INFRINGEMENT

4.  Did Kowalski prove by a preponderance of the evidence that Ocean Duke's use of the name CRYO-FREEZE on some of its packaging caused confusion among consumers in a relevant market?

_____   Yes                    _____   No

*(If you answered "Yes" to Question 4, then go to Question 5. Otherwise, skip all the remaining questions and sign and date this form.)*

5.  Did Kowalski prove by a preponderance of the evidence that Ocean Duke's use of the name CRYO-FREEZE caused damages to Kowalski?

_____   Yes                    _____   No

*(If you answered "Yes" to Question 5, then go to Question 6. Otherwise, skip all the remaining questions and sign and date this form.)*

6.  Did Ocean Duke's use of the term CRYO-FREEZE on some of its packaging constitute "fair use" in accordance with this court's jury instructions?

_____   Yes                    _____   No

*(If you answered "No" to Question 6, then go to Question 7. Otherwise, skip all the remaining questions and sign and date this form.)*

7. What was the total amount of damages sustained by Kowalski based on trademark infringement?

$ _____

*(Sign and date this form.)*

Date:                                                                  FOREPERSON OF THE JURY