LOUISE K. Y. ING  2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:   ling@ahfi.com
          agriffiths@ahfi.com

TIMOTHY L. NEUFELD        *Pro Hac Vice*
PAUL S. MARKS             *Pro Hac Vice*
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:   tneufeld@neufeldlawgroup.com
          pmarks@neufeldlawgroup.com

Attorneys for Defendant
OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br> vs. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Civil No. CV04-00055 BMK <br><br> **DEFENDANT OCEAN DUKE'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS;** CERTIFICATE OF SERVICE <br><br> TRIAL: December 4, 2007 |

663,842 / 8827-1

# DEFENDANT OCEAN DUKE'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

In order to assist the Court in determining jury instructions, Defendant Ocean Duke Corporation submits the following objections and comments on Plaintiffs' proposed post-trial jury instructions (filed November 20, 2007) and also submits a corrected and updated jury instruction no. 12 on willful infringement (assuming the issue goes to the jury) which incorporates the October 1997 version of the Northern District of California Model Patent Jury Instruction no. 3.11:

| Pltfs' Instr. No. | Objectionable portion | Reason for Objection |
|---|---|---|
| 28 | **Summary of contentions-** incomplete, omitted language re invalidity; add Ocean Duke JI No. 8 | Ocean Duke's JI No. 8 includes language from the ND Cal Model JI B.1. omitted by Plaintiffs referring to invalidity |
| 30 | **Independent and dependent claims-** incomplete language re dependent claims; add Ocean Duke JI No. 7 | Ocean Duke's JI No. 7, para. 2, contains an updated version of the Fed. Cir. Bar Assn's Model Patent JI on dependent and independent claims, with a fuller, more clearly stated definition of dependent claims |
| 31 | **Claim construction -** incomplete, omitted language re claim construction not being indication of court's views of the case; add Ocean Duke JI No. 9 | Ocean Duke's JI No. 9 includes a more complete explanation from the Fed, Cir. Model Patent JI 2.3 of the purpose of claim definitions, clarifying it is not an indication of the court's views |

| Pltfs' Instr. No. | Objectionable portion | Reason for Objection |
|---|---|---|
| 34 | **Infringement-** disallow as duplicative; incorrect statements of law | Duplicative of Pltfs' JI No. 36 and Ocean Duke's JI No. 10; *Amstar* and *Int'l Glass* do not stand for the propositions that comparisons cannot be made between (A) processes, (B) the non-claims part of the Kowalski patent and the Shih process; (C) the devices taught in the Shih and Kowalski patents).  Those cases simply hold that the "asserted claims be compared with the products or processes accused of infringement" and that "infringement cannot be avoided by adding an additional element." *Amstar, 730 F.2d. At 1481, 1482.*  Moreover, *Int'l Glass*, in upholding a finding of noninfringement is analogous to the situation here: "in sum, claims 1 to 4 are invalid under section 103 if construed broadly enough to read on the accused process; and if narrowly construed to avoid invalidity, there is no infringement." *408 F.2d at 405*. |
| 36 | **Infringement -** incomplete; replace para. 3 with Ocean Duke JI No. 10 | Ocean Duke's JI No. 10 proposes to replace para 3 of Plaintiffs' JI No. 36 with more complete language from the ND Cal Model JI B.3-3.2, which clarifies that only the independent claims should be considered individually for determining infringement and addresses how dependent claims are considered. |

| Pltfs' Instr. No. | Objectionable portion | Reason for Objection |
|---|---|---|
| 37 | **Infringement.** Incomplete definition of infringement; replace paras. 2-4 with Ocean Duke's JI Nos. 11, 14 | Ocean Duke's JI Nos. 11 (literal infringement) and 14 (infringement via doctrine of equivalents) contain more complete and clearer definitions of literal infringement and infringement under the doctrine of equivalents, including when infringement and doctrine of equivalents is not shown |
| 38 | **Infringement-existence of a patent.** Disallow as incomplete statement of the law, or qualify as proposed by Ocean Duke | correct statement of law on infringement only, but omits that the existence of a patent may be relevant to other defenses such as willfulness of infringement or overbreadth of claims in relation to written description. Plaintiffs' JI no. 38 should therefore not be given or if given, should specify that even if not a defense to infringement, the existence of a patent followed by Ocean Duke's supplier can be considered in assessing existence of willfulness and overbreadth defense. |

| Pltfs' Instr. No. | Objectionable portion | Reason for Objection |
|---|---|---|
| **39** | **Willful infringement-** should not be given. No clear and convincing proof of willfulness warranting instruction; assuming instruction is allowed, incorrect statement of current law and Ocean Duke's JI No. 12 or corrected and updated JI No. 12 (based on 10/2007 edition of ND Cal Model Patent Jury Instructions) should be used instead | Ocean Duke's JI No. 12 and updated, corrected version of No. 12 (see attached) correctly states the objective standard recently articulated in *In re Seagate Technology, LLC,* 497 F.3d 1360 1371 (Fed. Cir. 2007) (overruling standard in *Underwater Devices, Inc. v. Morrison-Knudsen Co.,* 717 F.2d 1380, 1389 (Fed. Cir. 1983) and holding that "proof of willful infringement . . . requires at least a showing of objective recklessness"; no longer a duty to obtain opinion of counsel). This is a significant shift from prior law and means that if Ocean Duke had any **rational basis** to believe that it did not infringe or the Kowalski patent was not valid or enforceable, then it cannot be liable for enhanced damages. Note that Ocean Duke's JI No. 12 is based on a pre-Seagate version of the ND Cal Model Instructions (3.8), and that Ocean Duke's updated, corrected JI No. 12 below is based on the October 2007 version of the ND Cal Model Instruction 3.11 which better reflects the *Seagate* standard. |

| Pltfs' Instr. No. | Objectionable portion | Reason for Objection |
|---|---|---|
| 40 | **Invalidity-**confusing; argumentative; duplicative; use Ocean Duke's JI No. 13 instead | Definition of clear and convincing evidence is unnecessary if court plans to give its standard instruction on burdens of proof.  Ocean Duke's JI No. 13 is a more straightforward introduction to invalidity instructions.<br><br>If Plaintiffs' JI No. 40 is used, the second paragraph, first sentence should read: "Ocean Duke asserts that the patent is invalid on one or more of these grounds: because it lacks an adequate written description, or it lacks enablement, or it does not disclose the best mode for carrying out the claimed invention, or it is not new, or it would have been obvious to a person of ordinary skill in the field at the time Mr. Kowalski's patent application was filed on March 12, 1997." |
| 41 | **Patent damages**- Replace "Plaintiffs" with"Kowalski" | HIS lacks standing to claim damages. This objection applies to all damages instructions which refer to "Plaintiffs" instead of "Kowalski." |
| 42 | Patent damages-summary. Incomplete; add statement re prejudgment interest | To prevent confusion created by Mr. Francom's testimony, there should be a clarifying instruction such as "You are further instructed that deciding on whether to award Plaintiffs/Kowalski prejudgment interest and at what rate, if any, is for the court to decide.  You are not being asked do so." |

| Pltfs' Instr. No. | Objectionable portion | Reason for Objection |
|---|---|---|
| **44** | **Patent damages-lost profits-**incomplete, misleading, prejudicial | Instructing on the Ocean Duke's lack of records is prejudicial and unfair, given prior discovery agreements made between the parties and Plaintiffs' failure to pursue proper discovery channels to obtain supplementation of discovery.  If such language is permitted, then the instruction should also include language that any doubts arising from Plaintiffs' lack of financial records in evidence should be resolved against Plaintiffs. Ocean Duke's JI No. 25 on **Lost Profits-Market Share** should also be included. |
| 46 | **Patent damages-reasonable royalty definition-** incomplete; use Ocean Duke's JI No. 26 instead | Ocean Duke's JI No. 26 contains a more complete, updated list from a more current version of the Fed. Cir. Bar Assn's Model Patent JI No. B.6-6.7 of factors to consider and also makes clear "no one factor is dispositive." |
| 47 | **Patent damages-reasonable royalty-**disallow as duplicative of no. 46 and Ocean Duke's JI No. 26 | Ocean Duke's JI No. 26 includes the gist of Plaintiffs' JI No. 46 |
| 48 | **Patent damages-total-** disallow as duplicative of other damages instructions | This instruction is already addressed in Plaintiffs' JI No. 45. |

| Pltfs' Instr. No. | Objectionable portion | Reason for Objection |
|---|---|---|
| 50 | **Trademark-elements-** delete clause in ¶ 3, "a mark similar to CRYOFRESH" as argumentative and prejudicial | Ocean Duke's JI No. 28 restates Plaintiffs' JI No. 50 without the prejudicial and argumentative clause in ¶ 3. |
| 51 | **Trademark-proof-** delete last paragraph as argumentative | |
| 52 | **Trademark-likelihood of confusion-factors:** incomplete | Ocean Duke's JI No. 29 proposes additional factors for determining likelihood of confusion, taken from the Ninth Cir. Manual of Model JI's to be inserted in ¶¶ 4 and 6 of Plaintiffs' JI No. 52 (actual confusion, sophistication of buyers, product line expansion, other factors) |
| **53** | **Trademark-indication of source-** delete second paragraph re: Kowalski's contentions as argumentative | Also add Ocean Duke's JI No. 30 re: defense of fair use |

| Pltfs' Instr. No. | Objectionable portion | Reason for Objection |
|---|---|---|
| **54** | **Confusion - similarity of goods:** duplicative of Plaintiffs' JI No. 52 and Defendant's JI No. 29; misstates the law | confuses and combines several factors of the AMF v. Sleekcraft, 599 F.2d 34_, 348-49 (9th Cir. 1979), which are already summarized in Plaintiffs' JI No. 52 and Defendant's JI No. 29, no one of which is dispositive. *Miss World* case not accurately cited; case lists a five-factor test in determining likelihood of confusion. *Hansen Beverage Co. v. National Beverage Corp.,* 492 F.3d 1074 (9th Cir. 2007) cited this case in holding that "in a crowd of similar marks on similar goods", confusion between any two in the crowd is unlikely because customers "may have learned to carefully pick out one from the other." The test for similarity is more detailed: "Similarity is determined by the appearance, sound, and meaning of the marks when considered in their entirety." *GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1205 (9th Cir. 2000). Omits language in *Carrington v. Sears Roebuck & Co.,* 5 Haw. App. 194, 201 (1984): "where there is no likelihood of confusion between two products bearing the same or similar label or mark, an action based on deceptive trade practices or trademark infringement obviously will not lie." |

| Pltfs' Instr. No. | Objectionable portion | Reason for Objection |
|---|---|---|
| 55 | **Trademark Confusion- evidence of confusion - people in the business:** duplicative, misstates the law | ignores current 8-factor test for likelihood of confusion in *Sleekcraft*, articulated in Plaintiffs' JI No. 52 and Ocean Duke's JI No. 29, no one of which is dispositive |
| 56 | **Trademark Confusion - similar -** duplicative**,** misstates the law | Test is likelihood of confusion, as covered in the 8-factor *Sleekcraft* test and as articulated in Plaintiffs' JI No. 52 and Ocean Duke's JI No. 29. No one factor is dispositive. Instruction is based on a 1900 case. |
| 57 | **Unfair competition- trademark infringement-** unnecessary, duplicative | |
| 59 | **Trademark Confusion- sound:** duplicative, misstates the law | Test is likelihood of confusion, as covered in the 8-factor *Sleekcraft* test and as articulated in Plaintiffs' JI No. 52 and Ocean Duke's JI No. 29. No one factor is dispositive. |

DATED:   Honolulu, Hawai`i, December 11, 2007.

>   /s/ Louise K. Y. Ing
>   LOUISE K. Y. ING
>   ALLISON KIRK GRIFFITHS
>   TIMOTHY L. NEUFELD
>   PAUL S. MARKS
>   Attorneys for Defendant
>   OCEAN DUKE CORPORATION

663,842 / 8827-1

10

# OCEAN DUKE'S CORRECTED AND UPDATED
# JURY INSTRUCTION NO. 12
(Willful Infringement)

In this case, **William Kowalski** argues that **Ocean Duke** willfully infringed **Kowalski's** patent.

To prove willful infringement, **Kowalski** must first persuade you that **Ocean Duke** infringed a valid and enforceable claim of **Kowalski's** patent. The requirements for proving such infringement were discussed in my prior instructions.

In addition, to prove willful infringement, **Kowalski** must persuade you that it is highly probable that prior to the filing date of the complaint, **January 27, 2004, Ocean Duke** acted with reckless disregard of the claims of **Kowalski's** patent.

To demonstrate such "reckless disregard," **Kowalski** must satisfy a two-part test. The first part of the test is objective. **Kowalski** must persuade you that **Ocean Duke** acted despite an objectively high likelihood that its actions constituted infringement of a valid and enforceable patent. The state of mind of **Ocean Duke** is not relevant to this inquiry. You should focus on whether a reasonable person in the position of **Ocean Duke**, after learning of the patent, could have reasonably believed that it did not infringe or reasonably believed the patent was invalid or unenforceable. If a reasonable person in the position of

663,842 / 8827-1

**Ocean Duke** could not have held such a belief, then you need to consider the second part of the test.

The second part of the test does depend on the state of mind of **Ocean Duke**. **Kowalski** must persuade you that **Ocean Duke** actually knew, or it was so obvious that **Ocean Duke** should have known, that its actions constituted infringement of a valid and enforceable patent.

In deciding whether **Ocean Duke** acted with reckless disregard for **Kowalski's** patent, you should consider all of the facts surrounding the alleged infringement including, but not limited to, the following:

(1) Whether **Ocean Duke** acted in a manner consistent with the standards of commerce for its industry; and

(2) Whether **Ocean Duke** intentionally copied a product of **Kowalski** covered by the patent; and

(3) Whether **Ocean Duke** relied on a legal opinion that was well-supported and believable and that advised **Ocean Duke** (1) that the **process used by PT Inti Samudera** did not infringe **Kowalski's** patent or (2) that the patent was invalid.

SOURCE:   United States District Court, Northern District of California, Model Patent Jury Instruction B.3.-3.11 (10/9/07) (modified).