LOUISE K. Y. ING            2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:    ling@ahfi.com
           agriffiths@ahfi.com

TIMOTHY L. NEUFELD        *Pro Hac Vice*
PAUL S. MARKS             *Pro Hac Vice*
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone: (213) 625-2625
Facsimile: (213) 625-2650
E-mail:    tneufeld@neufeldlawgroup.com
           pmarks@neufeldlawgroup.com

Attorneys for Defendant
OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Civil No. CV04-00055 BMK <br><br> **RULE 50 MOTION NO. 1** <br><br> **DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON HAWAII INTERNATIONAL SEAFOOD'S LACK OF STANDING TO SUE FOR PATENT INFRINGEMENT;** CERTIFICATE OF SERVICE |

664,544 / 8827-1

TRIAL:  December 4, 2007

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON HAWAII INTERNATIONAL SEAFOOD'S LACK OF STANDING TO SUE FOR PATENT INFRINGEMENT**

**I.   INTRODUCTION**

Defendant Ocean Duke Corporation respectfully requests that the Court grant judgment as a matter of law in favor of defendant because plaintiff Hawaii International Seafood, Inc. ("HIS") lacks standing in this case. William Kowalski is the sole owner of the patent and he never assigned it to HIS. Further, HIS is not the exclusive licensee of the patent. Thus, HIS has no rights it can enforce relating to the patent. (*Sicom Systems, Ltd. v. Agilent Technologies, Inc.*, 427 F. 3d 971, 976 (Fed. Cir. 2005); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc); 35 U.S.C. § 261; *Propat International Corp. v. RPost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007); *Morrow v. Microsoft*, 499 F.3d 1332, 1342.)

**II.   HISI LACKS STANDING TO SUE FOR INFRINGEMENT**

Under settled law, only the "patentee" can bring actions for patent infringement. (35 U.S.C. § 281.) The term "patentee" includes "the successors in title to the patentee." (*Id.*) Thus, the party suing for patent infringement must ordinarily be the holder of legal title to the patent. (*Sicom Systems, Ltd. v. Agilent*

*Technologies, Inc.*, 427 F. 3d 971, 976 (Fed. Cir. 2005); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc).) In this case, that person is and has always been Mr. Kowalski, and not HIS, which is a separate legal entity.

Importantly, where the plaintiff claiming patent infringement is the assignee of patent rights, the assignment must be in writing. (35 U.S.C. § 261; *Enzo Apa & Son, Inc. v. Geapag A.G.,* 134 F.3d 1090, 1093 (plaintiff lacked standing to sue where no written transfer of rights under patent had been made at time claims were brought); *Kahn v. General Motors Corp.,* 33 USPQ 2d 2011, 2013 (S.D.N.Y. 1995) (*accord*).)

  Trial testimony has shown that:

1.  Mr. Kowalski is the only owner of the patent.

2.  There are no written assignments of the patent to HIS.

3.  HIS is not the exclusive assignee of the patent.

Thus, under settled law, HIS lacks standing to bring claims for patent infringement because they do not own the patent nor are they a licensee of the patent.

  In a recent leading case in the area of standing to sue for patent infringement, the court held that a party not owning the patent can sue for infringement only where the patent's true owner "coveys all substantial rights in the patent" to the plaintiff filing suit. (*Propat International Corp. v. RPost, Inc.*,

473 F.3d 1187, 1189 (Fed. Cir. 2007).)  To determine whether such a conveyance has occurred, courts must look to the agreement between the patent owner and the plaintiff suing for infringement. (*Id.*)

In *Propat*, the Federal Circuit upheld the dismissal of the plaintiff's patent infringement claim for lack of standing. Those rights that were deemed insufficient for standing included rights far broader than the rights owned by plaintiff HIS in the present case. For example, the losing plaintiff in *Propat* had the right to license the patent to third parties, the right to enforce licensing agreements, and the right to sue infringers. (473 F.3d at p. 1190.) HIS has none of those rights.

The law requires patent assignment agreements to be in writing. (*Enzo Apa & Son, Inc. v. Geapag A.G., supra,* 134 F.3d at p. 1093.) The plaintiffs here have presented **no written documentation** that Mr. Kowalski assigned to HIS the Kowalski patent, or any significant portion thereof.

Case law establishes that, under the facts detailed above, HIS lacks standing to sue for patent infringement. Defendant Ocean Duke Corporation urges that judgment be entered in favor of Ocean Duke and against HIS.

DATED: Honolulu, Hawai`i, December 11, 2007.

/s/ Paul S. Marks
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION