LOUISE K. Y. ING         2394-0
ALLISON KIRK GRIFFITHS   8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:     ling@ahfi.com
            agriffiths@ahfi.com

TIMOTHY L. NEUFELD    *Pro Hac Vice*
PAUL S. MARKS         *Pro Hac Vice*
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:     tneufeld@neufeldlawgroup.com
            pmarks@neufeldlawgroup.com

Attorneys for Defendant
OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>OCEAN DUKE CORPORATION,<br><br>  Defendant. | Civil No. CV04-00055 BMK<br><br>**RULE 50 MOTION NO. 2**<br><br>**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON FAILURE TO PROVE DAMAGES;** CERTIFICATE OF SERVICE |

664,548 / 8827-1

TRIAL:   December 4, 2007

# DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON FAILURE TO PROVE DAMAGES

## I.  INTRODUCTION AND ARGUMENT

Defendant Ocean Duke Corporation respectfully requests that the court grant judgment as a matter of law in its favor because there is no evidence of damages:

1. Evidence of patent damages lacked foundation; and

2. Evidence of trademark damages did not exist at all.

## II.  PATENT DAMAGES

The only evidence of damages presented came in the form of expert testimony of Mr. David Francom. However, that testimony lacked foundation because it was not based on ***any*** admitted evidence of the finances of HIS (and only scant evidence, consisting of two spreadsheets, from Ocean Duke Corporation). In other words, the information he used (documents, reports, spreadsheets, etc) to come up with his damages estimates are not in the record, and thus from the perspective of the court ***do not exist.***

If witness examination discloses that an expert witnesses' testimony is based entirely on assumptions that lack evidentiary support, the opinion is inadmissible and should be stricken. (*Fedorczyk v. Caribbean Cruise Lines*, 82

F.3d 69, 75 (3d Cir. 1996); *United States v. Sepulveda*, 15 F.3d 1161, 1183 (1st Cir. 1993).) Accordingly, Ocean Duke Corporation moves that Mr. Francom's testimony be stricken, and that judgment on the patent claim be entered in favor of defendant.

### III.   TRADEMARK DAMAGES

Plaintiffs made no effort at all to introduce evidence of trademark damages. The expert witness, Mr. Francom, was admittedly silent on the topic, and Mr. Kowalski admitted that he had no real evidence of lost sales.

The law does not provide plaintiffs claiming trademark infringement any "statutory damages"; actual damages must be proved. Under the Lanham Act, a plaintiff is entitled to recover:

> (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits, the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case....The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Plaintiff here has not shown any actual damages arising from the alleged trademark infringement. Defendant Ocean Duke Corporation requests judgment in its favor on the basis of no evidence of damages.

DATED:   Honolulu, Hawai`i, December 11, 2007.

/s/ Paul S. Marks
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION