LOUISE K. Y. ING            2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:    ling@ahfi.com
           agriffiths@ahfi.com

TIMOTHY L. NEUFELD     *Pro Hac Vice*
PAUL S. MARKS          *Pro Hac Vice*
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone: (213) 625-2625
Facsimile: (213) 625-2650
E-mail:    tneufeld@neufeldlawgroup.com
           pmarks@neufeldlawgroup.com

Attorneys for Defendant
OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>　　　　Plaintiffs, <br><br>　vs. <br><br>OCEAN DUKE CORPORATION, <br><br>　　　　Defendant. | Civil No. CV04-00055 BMK <br><br>**RULE 50 MOTION NO. 3** <br><br>**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON PLAINTIFF WILLIAM KOWALSKI'S INABILITY TO CLAIM DAMAGES**; CERTIFICATE OF SERVICE |

664,552 / 8827-1

TRIAL:     December 4, 2007

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON PLAINTIFF WILLIAM KOWALSKI'S INABILITY TO CLAIM DAMAGES

**I.     INTRODUCTION**

Defendant Ocean Duke respectfully requests that the court grant judgment as a matter of law in favor of defendant and against plaintiff William Kowalski because he may not collect the alleged lost profit damages of HIS, a separate legal entity. (*See Carver v. Velodyne Acoustics, Inc*. 202 F. Supp.2d 1147, 1149-50 (W.D. WA, 2002); *Wechsler v. Macke International Trade, Inc.*, 486 F.3d 1286 (Fed. Cir. 2007); *Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004); *Brookfield v. Novelty Glass Mfg. Co.*, 170 F. 960 (3rd Cir., 1909).)  Further, as the evidence of reasonable royalty damages is based in part on the lost profits damages, Mr. Kowalski should be precluded from claiming those damages as well.

Thus, Ocean Duke urges that judgment be entered in favor of it and against Mr. Kowalski.

## II.  KOWALSKI IS NOT ENTITLED TO CLAIM THE LOST PROFIT DAMAGES OF A SEPARATE LEGAL ENTITY

Mr. Kowalski has stated that he is entitled to claim the lost profits of HIS on grounds that he was, and is, the 100% owner of HISI.  However, this "pass-through" theory of damages is not supported by the governing statutes, the case authorities, or the common law.  "Well-established principles of corporate law prevent a shareholder from bringing an individual direct cause of action for an injury done to the corporation or its property by a third party."  (*United States v. Stone*, 83 F.3d 1156, 1160-61 (9th Cir. 1996).)  "The law is clear and uniform: shareholders cannot sue for injuries arising from the diminution in value of their shareholdings resulting from wrongs allegedly done to their corporations."  (*Container Mfg. Inc v. Ciba-Geigy Corp.,* 870 F. Supp. 1225, 1231 (D.N.J. 1994).)  "In the case of a corporation, . . . since it constitutes a legal entity separate and apart from its individual owners, the shareholders cannot sue to vindicate its alleged . . . rights, even in situations where they are sole stockholders of the victim corporation." (*Colon-Pratts v. Municipality of San Sebastian*, 194 F. Supp. 2d 67, 72 (D. Puerto Rico 2002).)

This premise is bolstered in patent law where the rule states that a patentee who does not seek to make and sell an invention is not entitled to lost profits. (*Carver*, 202 F. Supp.2d at 1148; *see also Brookfield*, 170 F. at 960.)  In

*Carver*, the court ruled that a patentee, who was also part owner of the corporation that was a non-exclusive licensee of that patent, was not entitled to the lost profits of the separate entity. *Carver*, 202 F. Supp. 2d at 1149. The plaintiff may not "take advantage of the corporate form and simultaneously shun its disadvantages." (*Id. See also*, *Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004).) This is analogous to this case where Kowalski is the patent owner and HIS is a separate legal entity. Kowalski may not create a corporation and then take advantage of the "separate corporate structure, and at the same time, avoid the consequential limitations of that structure." (*Poly-America L.P.* 383 F.3d at 1303.)

"The availability of lost profits is a question of law for the court, not the jury." (*Weschler v. Macke International Trade, Inc.*, 486 F.3d 1286, 1293 (Fed. Cir. 2007).) Although Mr. Kowalski owns the patent and has retained for himself the right to sue for infringement and to license the patent, he has not made or sold an invention. Therefore, Mr. Kowalski himself has sustained no "lost profits" as a result of Ocean Duke's allegedly infringing sales, and he cannot (personally) recover "lost profits" damages based on those sales.

### III. KOWALSKI IS NOT ENTITLED TO THE LOST PROFIT DAMAGES OF A NON-EXCLUSIVE LICENSEE

The Federal Circuit has held that a non-exclusive licensee cannot recover lost profit damages. (*Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1552 (Fed. Cir. 1995).)  Mr. Kowalski, as owner of the patent, "is to be confined to the damages which he has himself received, of which those of his licensee are not a part." (*Brookfield v. Novelty Glass Mfg. Co.*, 170 F. 960 (3rd Cir. 1909).)  In this case, Kowalski is the owner of a patent and he does not manufacture or sell any of his own product. HIS is at most a non-exclusive licensee of Kowalski. As such, Mr. Kowalski is not entitled to collect the lost profit damages of non-exclusive licensee HIS.

### IV. CONCLUSION

For the foregoing reasons, Ocean Duke respectfully requests that this court grant this motion for judgment as a matter of law and dismiss Kowalski's claim for lost profits.

DATED: Honolulu, Hawai`i, December 11, 2007.

/s/ Paul S. Marks
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION
