LOUISE K. Y. ING                2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:    ling@ahfi.com
           agriffiths@ahfi.com

TIMOTHY L. NEUFELD        *Pro Hac Vice*
PAUL S. MARKS             *Pro Hac Vice*
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone: (213) 625-2625
Facsimile: (213) 625-2650
E-mail:    tneufeld@neufeldlawgroup.com
           pmarks@neufeldlawgroup.com

Attorneys for Defendant
OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | Civil No. CV04-00055 BMK <br><br> **RULE 50 MOTION NO. 4** <br><br> **DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON GROUNDS OF PATENT INVALIDITY;** CERTIFICATE OF SERVICE |

664,553 / 8827-1

TRIAL:   December 4, 2007

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON GROUNDS OF PATENT INVALIDITY**

**I.   INTRODUCTION**

Ocean Duke respectfully requests that the court grant judgment as a matter of law in favor of defendant because there are no issues of fact for the jury to resolve on the issue of patent invalidity, and that the claims of the Kowalski patent, as construed by the court, are overbroad as a matter of law.

**II.   THERE ARE NO ISSUES OF FACT FOR THE JURY**

Application of a properly construed claim is often a question of fact that is determined by the jury.  (*Lockwood v. American Airlines*, 107 F.3d 1565, 1573 (Fed. Cir. 1997).)  However, the Ninth Circuit has explained that if a patents' claims are easily understood, without expert aid, by someone of modest intelligence, then the "general rule disfavoring summary judgment does not apply." (*Continuous Curve Contact Lenses, Inc. v. Rynco Scientific Corporation*, 680 F. 2d 605, 607 (9th Cir. 1982).)  The Federal Circuit has explained that "[s]ummary judgment may . . . properly be decided as a matter of law when no genuine issue of material fact exists and no expert testimony is required to explain the nature of the patented invention or the accused product or assist in their comparison." (*Amhil Enterprises, Ltd. v. Wawa, Inc,.* 81 F.3d 1554, 1558 (Fed.

Cir. 1996).) The same applies, of course, during a trial: if there are no genuine issues of material fact, judgment as a matter of law is appropriate.

### III. THE CLAIMS ARE BROADER THAN THE SPECIFICATIONS MAKING THE PATENT INVALID.

The purpose of the written description requirement is to "disclose one's invention to the public. It is the *quid pro quo* for the grant of the period of exclusivity." (*Lizardtech, Inc. v. Earth Source Mapping, Inc.* 422 F. 3d 1373, 1375 (Fed. Cir. 2006).) Patent law is clear that "claims may be no broader than the supporting disclosure." (*Gentry Gallery v. Berkline Corp.*, 134 F.3d 1473, 1479 (Fed. Cir. 1998) (finding a claim invalid where the claims went beyond the scope of the patent's specifications).) If a claim is broader than its underlying specifications, it is invalid. (*Cooper Cameron Corp. v. Kvaerner Oilfield Prods.*, Inc. 291 F.3d 1317, 1323 (Fed. Cir. 2002).) Another purpose behind the written description policy is to "tell the public what the invention is, in addition to how to make and use it. . .One should not be able to obtain a patent on what one has not disclosed to the public." (*Lizardtech, Inc.* 422 F. 3d at 1375.) Furthermore, an "[a]dequate description of the invention guards against the inventor's overreaching by insisting that he recount his invention is such detail that his future claims can be determined to be encompassed within his original creation. The definiteness requirement shapes the future conduct of persons other than the

inventor, by insisting that they receive notice of the scope of the patented device." (*Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555 (Fed. Cir. 1991).) "[I]n whatever form the claims are finally issued, they must be interpreted, in light of the written description, but not beyond it, because otherwise they would be interpreted to cover inventions or aspects of an invention that have not been disclosed." (*Lizardtech, Inc.,* 422 F.3d at 1375.)

In this case the claims are overwhelmingly more broad than the scope of the specifications. The temperature is clearly listed as being in the range of 204 to 510 degrees Centigrade in three different sections of the patent. (Kowalski Patent Col 6-7 ("Background Art" section of the patent); Kowalski Patent Col. 11, at 44-49 ("Summary of the Invention" section of the patent); and Kowalski Patent, Col. 16, at 39-41 ("Best Mode" section of the patent)). However, the claims of Kowalski's patent only list a process of "heating organic material to generate smoke." This description is used in claims 1, 67, 68 and 69 while claim 33 specifically lists the temperature ranges but is dependant on claim 1. This makes all of Kowalski's claims overbroad and invalid.

Mr. Kowalski clearly delineated the parameters of his patent by listing the combustion temperature ranges as between 204 and 510 degrees centigrade. This limits the scope of his claim yet Kowalski improperly attempted to broaden his patent by stating in his claims that the process required "heating

organic material to generate smoke" but failed to include the parameter of temperatures listed within the specification.

The specifications provide limitations for invention and that is what the claims cover, nothing more. "One does not receive entitlement to a period of exclusivity for what one has not disclosed to the public." (*Lizardtech, Inc.,* 422 F.3d at 1375.) In this case, there is no question that the claims are broader than the specification making the patent invalid as a matter of law.

### IV.   CONCLUSION

For the foregoing reasons, Ocean Duke respectfully requests that this Court grant this motion for judgment as a matter of law.

DATED:   Honolulu, Hawai`i, December 11, 2007.

/s/ Paul S. Marks
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for Defendant
OCEAN DUKE CORPORATION