LOUISE K. Y. ING          2394-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:      ling@ahfi.com

TIMOTHY L. NEUFELD        Pro Hac Vice
PAUL S. MARKS             Pro Hac Vice
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650
E-mail:      tneufeld@neufeldlawgroup.com
             pmarks@neufeldlawgroup.com

Attorneys for OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>OCEAN DUKE CORPORATION,<br><br>　　　　　Defendant. | Case No. CV04-00055 BMK<br><br>**DEFENDANT OCEAN DUKE CORPORATION'S AMENDED SPECIAL VERDICT FORM**; CERTIFICATE OF SERVICE<br><br><br><br>Trial Date:   December 4, 2007 |

## <u>AMENDED SPECIAL VERDICT FORM</u>

### PATENT INFRINGEMENT

1.      Do you find that plaintiff William Kowalski has proved, by a preponderance of the evidence, that any seafood imported or sold by Ocean Duke Corporation was treated with a process that infringes one or more of the following claims of the Kowalski patent, as construed by the court?

For each claim listed below, answer "infringed" or "not infringed":

|  | Infringed | Not infringed |
|---|---|---|
| Claim 1: | _____ | _____ |
| Claim 33: | _____ | _____ |
| Claim 67: | _____ | _____ |
| Claim 68: | _____ | _____ |
| Claim 69: | _____ | _____ |

*(Go to Question 10.)*

**INVALIDITY – FINDINGS RELATING TO OBVIOUSNESS DEFENSE**

2.      Has there been commercial success for the Kowalski process due to the merits of the claimed invention?

Yes _____                    No _____

3.      Was there a long felt need for the solution provided by the claimed invention?

Yes _____                    No _____

4.      Has there been unsuccessful attempts by others to find the solution provided by the claimed invention?

Yes _____                    No _____

5.  Was there copying of the claimed invention by others?

Yes _____                    No _____

6.      Were there unexpected and superior results from the claimed invention?

Yes _____                          No _____

7.      Has there been acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed inventions?

Yes _____                          No _____

8.      Is there other evidence tending to show the claimed invention was not obvious?

Yes _____                          No _____

9.      Was there independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it?

Yes _____                          No _____

**INVALIDITY**

10.     Do you find that defendant Ocean Duke Corporation has proved, by clear and convincing evidence, that the Kowalski patent is invalid on the grounds set forth in the jury instructions given to you by the court?

Yes _____                    No _____

*(If you answered "Infringed" to any of the claims listed in Question 1,*

*AND if you answered "No" to Question 10, then go to Question 11.*

*Otherwise, skip all the remaining questions and sign and date this form.)*

**DAMAGES**

11.     What is the total amount of "reasonable royalty" damages sustained by Kowalski?

$   _____

*(Go to Question 12.)*

## TRADEMARK INFRINGEMENT

12.    Did Kowalski prove by a preponderance of the evidence that Ocean Duke's use of the name CRYO-FREEZE on some of its packaging caused confusion among consumers in a relevant market?

_____ Yes                _____ No

*(If you answered "Yes" to Question 12, then go to Question 13.*

*Otherwise, skip all the remaining questions and sign and date this form.)*


13.    Did Kowalski prove by a preponderance of the evidence that Ocean Duke's use of the name CRYO-FREEZE caused damages to Kowalski?

_____ Yes                _____ No

*(If you answered "Yes" to Question 13, then go to Question 14.*

*Otherwise, skip all the remaining questions and sign and date this form.)*


14.    Did Ocean Duke's use of the term CRYO-FREEZE on some of its packaging constitute "fair use" in accordance with this court's jury instructions?

_____ Yes                _____ No

*(If you answered "No" to Question 14, then go to Question 15.  Otherwise, skip all*

*the remaining questions and sign and date this form.)*

15.    What was the total amount of damages sustained by Kowalski based on trademark infringement?

$  _____

*(Sign and date this form.)*

Date:

FOREPERSON OF THE JURY