CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA        2954-0
ALLISON MIZUO LEE     7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | **CIVIL NO. 04-00055 BMK** <br><br> **PLAINTIFFS' WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S PROPOSED SPECIAL VERDICT FORM (REVISED); CERTIFICATE OF SERVICE** <br><br> **TRIAL DATE:** December 4, 2007 |

2

# PLAINTIFFS' WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S PROPOSED SPECIAL VERDICT FORM (REVISED)

Plaintiff WILLIAM R. KOWALSKI ("*Kowalski*") submits the attached proposed special verdict form (revised version).

Kowalski reserves the right to amend and supplement its revised proposed Special Verdict form depending upon the resolution of various motions pending, the proof admitted into evidence and other developments at trial, and the form of jury instructions settled upon by the Court.

DATED: Honolulu, Hawaii, December 11, 2007.

CADES SCHUTTE LLP

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA
MARTIN E. HSIA
ALLISON MIZUO LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br><br> **SPECIAL VERDICT** |

## **SPECIAL VERDICT**

When answering the following questions and filling out this special verdict form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

Plaintiff William R. Kowalski is referred to as "Mr. Kowalski" Defendant Ocean Duke Corporation is referred to as "Ocean Duke." U.S. Patent No. 5,972,401 is referred to as the "Kowalski Patent."

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

ImanageDB:804910.1

# FINDINGS ON PATENT INFRINGEMENT CLAIM

## A. Infringement (Literal and Doctrine of Equivalents)

1. Do you find that Mr. Kowalski has proven, by a preponderance of the evidence, that the treated seafood imported or sold by Ocean Duke was treated with a process that infringes (either literally or by the doctrine of equivalents) one or more of the following claims of the Kowalski Patent, as those claims have been construed by the Court?

    For each claim listed below, answer "Infringed" or "Not Infringed":

    |  | Infringed | Not Infringed |
    |---|---|---|
    | Claim 1 | _____ | _____ |
    | Claim 33 | _____ | _____ |
    | Claim 67 | _____ | _____ |
    | Claim 68 | _____ | _____ |
    | Claim 69 | _____ | _____ |

    (Note: If you have answered "Not Infringed" to Claim 1 above, you must answer "Not Infringed" to Claim 33)

    If you have answered "Infringed" as to any of the above claims 1, 33, 67, 68, **or** 69, then proceed to and answer question 2 below. If you have answered "Not Infringed" to each and every of the above claims 1, 33, 67, 68 **and** 69, do not answer (i.e. skip) questions 2 through 4, but proceed to and answer questions 5 and 6 below.

## FINDING ON WILLFUL INFRINGEMENT

2. For each claim that you have found infringed by Ocean Duke, indicate below whether Mr. Kowalski has proven by clear and convincing evidence that the infringement was willful?

|          | Yes (Willful) | No (Not Willful) |
|----------|---------------|------------------|
| Claim 1  | _____       | _____          |
| Claim 33 | _____       | _____          |
| Claim 67 | _____       | _____          |
| Claim 68 | _____       | _____          |
| Claim 69 | _____       | _____          |

Proceed to and answer question 3.

## FINDINGS ON VALIDITY OF PATENT

3. Has Ocean Duke proven by clear and convincing evidence that the specification of the Kowalski Patent does not contain an adequate written description of the invention set forth in any of the following claims of the Kowalski Patent?

For each claim listed below, answer "Proved Invalid" or "Not Proved Invalid"

|  | Proved Invalid | Not Proved Invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 33 |  | _____ |
| Claim 67 | _____ | _____ |
| Claim 68 | _____ | _____ |
| Claim 69 | _____ | _____ |

(Note: Ocean Duke is not asserting that Claim 33 is invalid, so for Claim 33 you must answer "Not Proved Invalid"). [note appears under Claim 33]

If for **at least one** of the claims 1, 33, 67, 68 or 69 you have answered both that the claim is "Infringed" (in response to question 1 above) **AND** "Not Proved Invalid" (in response to question 3 above), then proceed to and answer questions 4 to 6 below. If, instead, you have found that **none** of the claims 1, 33, 67, 68 or 69 of the Kowalski Patent are both "Infringed" (in response to question 1 above) **AND** "Not Proved Invalid" (in response to question 3 above) do not answer (i.e. skip) question 4, but proceed to and answer questions 5 and 6 below.

## FINDING ON PATENT INFRINGEMENT DAMAGES

4. What is the total amount of "reasonable royalty" damages Ocean Duke should have to pay Mr. Kowalski?

$ _____

Proceed to and answer questions 5 and 6.

## FINDINGS ON TRADEMARK INFRINGEMENT CLAIM

5. Has Mr. Kowalski proven by a preponderance of the evidence that Ocean Duke's use of the mark CRYO-FREEZE infringes Mr. Kowalski's CRYOFRESH trademark?

Yes _____   No _____

Proceed to and answer question 6.

## FINDINGS ON UNFAIR COMPETITION CLAIM

6. Has Mr. Kowalski proven by a preponderance of the evidence that Ocean Duke has engaged in unfair competition or a deceptive trade practice?

Yes _____   No _____

===============================================================
You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Courtroom Manager that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.
===============================================================

| DATED: _____, 2007 | By: _____<br>Presiding Juror |
|---|---|