IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) ) ) ) | Civ. No. 04-00055 BMK |
| | ) | JURY INSTRUCTIONS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| OCEAN DUKE CORPORATION, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

<u>JURY INSTRUCTIONS</u>

  The jury instructions in the numerical order as read to the jury are

attached hereto.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 13, 2007

<u>INSTRUCTION NO. 1</u>

Members of the Jury:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

You are the judges of the facts. It is your duty to review the evidence and to decide the true facts. When you have decided the true facts, you must then apply the law to the facts.

I will tell you the law that applies to this case. You must apply that law, and only that law, in deciding this case, whether you personally agree or disagree with it.

The order in which I give you the instructions does not mean that one instruction is any more or less important than any other instruction. You must follow all the instructions I give you. You must not single out some instructions and ignore others. All the instructions are equally important and you must apply them as a whole to the facts.

## INSTRUCTION NO. 2

It is your duty and obligation as jurors to decide this case on the evidence presented in court and upon the law given to you.

You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case, and without prejudice against any of the parties.

Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

## INSTRUCTION NO. 3

You must not be prejudiced or biased in favor of or against a party simply because the party is a corporation or other business entity. You must treat business entities the same as you treat individuals. In this case, the corporate defendant is entitled to receive the same fair and unprejudiced treatment that an individual defendant would receive under similar circumstances.

INSTRUCTION NO. 4

If any of these instructions, or anything I have said or done in this case makes you believe I have an opinion about the facts or issues in the case, the weight to be given to the evidence, or the credibility of any witness, then you must disregard such belief.  It is not my intention to create such an impression.  You, and you alone, must decide the facts of this case from the evidence presented in court and you must not be concerned about my opinion of the facts.

INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and the exhibits received in evidence.  The following are not evidence and you must not consider them as evidence in deciding the facts of this case.

1.     Attorneys' statements, arguments and remarks during opening statements, closing arguments, jury selection, and other times during the trial are not evidence, but may assist you in understanding the evidence and applying the law.

2.     Attorneys' questions and objections are not evidence.

3.     Excluded or stricken testimony or exhibits are not evidence and must not be considered for any purpose.

4.     Anything seen or heard when the court was not in session is not evidence.  You must decide this case solely on the evidence received at the trial.

## INSTRUCTION NO. 6

Even though you are required to decide this case only upon the evidence presented in court, you are allowed to consider the evidence in light of your own observations, experiences, and common sense. You may use your common sense to make reasonable inferences from the facts.

INSTRUCTION NO. 7

You must not use any source outside the courtroom to assist you in deciding any question of fact. This means that you must not make an independent investigation of the facts or the law. For example, you must not visit the scene on your own, conduct experiments, or consult dictionaries, encyclopedias, textbooks, or other reference materials for additional information.

## INSTRUCTION NO. 8

Where the attorneys for the parties have stipulated to a fact, you must consider the fact as having been conclusively proved.

## INSTRUCTION NO. 9

There are two kinds of evidence from which you may decide the facts of a case:  direct evidence and circumstantial evidence.

Direct evidence is direct proof of a fact, for example, the testimony of an eyewitness.

Circumstantial evidence is indirect proof of a fact, that is, when certain facts lead you to conclude that another fact also exists.

You may consider both direct evidence and circumstantial evidence when deciding the facts of this case.  You are allowed to give equal weight to both kinds of evidence.  The weight to be given any kind of evidence is for you to decide.

## INSTRUCTION NO. 10

During the trial, I have ruled on objections made by the attorneys. Objections are based on rules of law designed to protect the jury from unreliable or irrelevant evidence. It is an attorney's duty to object when he or she believes that the rules of law are not being followed. These objections relate to questions of law for me to decide and with which you need not be concerned.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the court; such matter is to be treated as though you had never known of it.

You must never speculate as to be true any insinuation suggested by a question asked a witness. A question is not evidence and may be considered only as it supplied meaning to the answer.

## INSTRUCTION NO. 11

I have said that you must consider all of the evidence. This does not mean , however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility of all witnesses who testified in this case. The weight their testimony deserves is for you to decide.

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility. In evaluating a witness, you may consider:

(1)    the witness' appearance and demeanor on the witness stand;

(2)    the manner in which a witness testified and the degree of intelligence shown;

(3)    the witness' degree of candor or frankness;

(4)    the witness' interest, if any, in the result of this case;

(5)    the witness' relationship to either party in the case;

(6)    any temper, feeling or bias shown by the witness;

(7)    the witness' character as shown by the evidence;

(8)    the witness' means and opportunity to acquire information;

(9)    the probability or improbability of the witness' testimony;

(10)   the extent to which the witness' testimony is supported or
       contradicted by other evidence;

(11)   the extent to which the witness made contradictory
       statements; and

(12)   all other circumstances affecting the witness' credibility.

Inconsistencies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit the inconsistent testimony.  This is because two or more persons witnessing an event may see or hear the event differently.  An innocently mistaken recollection or failure to remember is not an uncommon experience.  In examining any inconsistent testimony, you should consider whether the inconsistency concerns important matters or unimportant details.

You should also consider whether inconsistent testimony is the result of an innocent mistake or a deliberate false statement.

You may, in short, accept or reject the testimony or any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.

2

You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## INSTRUCTION NO. 12

The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial.

If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.

## INSTRUCTION NO. 13

You may reject the testimony of a witness if you find and believe from all of the evidence presented in this case that:

1.    The witness intentionally testified falsely in this trial about any important fact; or

2.    The witness intentionally exaggerated or concealed an important fact or circumstance in order to deceive or mislead you.

In giving you this instruction, I am not suggesting that any witness intentionally testified falsely or deliberately exaggerated or concealed an important fact or circumstance.  That is for you to decide.

<u>INSTRUCTION NO. 14</u>

In this case, you heard testimony from witnesses described as experts. Experts are persons who, by education, experience, training or otherwise, have special knowledge which is not commonly held by people in general. Experts may state an opinion on matters in their field of special knowledge and may also state their reasons for the opinion.

The testimony of expert witnesses should be judged in the same manner as the testimony of any witness. You may accept or reject the testimony in whole or in part. You may give the testimony as much weight as you think it deserves in consideration of all of the evidence in this case.

## INSTRUCTION NO. 15

During this trial, items were received in evidence as exhibits.  These exhibits will be sent into the jury room with you when you begin to deliberate.

<u>INSTRUCTION NO. 16</u>

At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws relevant to this case.  I will now give you more detailed instructions about the patent laws that specifically relate to this case.

## INSTRUCTION NO. 17

I will first give you a summary of each side's contentions in this case. I will then tell you what each side must prove to win on each of its contentions. As I previously told you, Plaintiff William R. Kowalski seeks money damages from Ocean Duke Corporation ("Ocean Duke") for allegedly infringing the Kowalski patent by importing and selling in the United States fish products that Mr. Kowalski argues are covered by claims 1, 33, 67, 68, and/or 69 of the patent. These are the asserted claims of the Kowalski patent. The products that are alleged to infringe are the frozen fish treated to retain fresh-like color Ocean Duke bought and imported from PT Intisamudera Citra Perkasa, an Indonesian company.

Ocean Duke denies that it has infringed the asserted claims of the patent and argues that, in addition, claims 1, 33, 67, 68 and 69 are invalid.

Your job is to decide whether the asserted claims of the Kowalski patent have been infringed and whether any of the asserted claims of the Kowalski patent are invalid. If you decide that any claim of the patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Mr. Kowalski to compensate him for the infringement. You will also need to make

a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damage award you make.  I will take willfulness into account later.

## INSTRUCTION NO. 18

In deciding whether or not an accused process infringes a patent, the first step is to understand the meaning of the words used in the patent claims.

It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use them when you decide whether or not the patent is infringed.

INSTRUCTION NO. 19

This case involves two types of patent claims: independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, claim(s) 1, 67, 68 and 69 of the Kowalski patent are each independent claims.

Claim 33 of the Kowalski Patent is a "dependent claim." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way the claim "depends" on another claim. The law considers a dependent claim to incorporate all of the requirements of the claim(s) to which it refers. The dependent claim then adds its own, additional, requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim(s) to which it refers. A process that meets all of the requirements of both the dependent claim and the claim(s) to which it refers is covered by that dependent claim.

INSTRUCTION NO. 20

I will now explain to you the meaning of some of the words of the claims in this case. In doing so, I will explain some of the requirements of the claims. As I have previously instructed you, you must accept my definition of these words in the claims as correct. For any words for which I have not provided you with a definition, you should apply their plain English meaning. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity. Those issues are yours to decide.

You must use the definitions I provide to you in your consideration of infringement issues.

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 1 | A process for treating meat (including the meat of fish or other seafood) comprising[8] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke; |
| | reducing the taste imparting parts of the produced smoke at least enough so that the resulting or remaining smoke would not give smoke odor and taste to meat when brought into contact with the meat; |
| | treating meat with the resulting smoke. |

---

[8]"Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 33 | A process for treating meat (including the meat of fish or other seafood) comprising[9] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke at ("at" referring to the temperature of the heating apparatus or medium) between about 400° Fahrenheit (204° Centigrade) and about 950° Fahrenheit (510° Centigrade); |
| | reducing the taste imparting parts of the produced smoke at least enough so that the resulting or remaining smoke would not give smoke odor and taste to meat when brought into contact with the meat; |
| | treating meat with the resulting smoke. |

---

[9]"Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 67 | A process for treating food comprising[10] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke; |
| | filtering or separating out or reducing (including[11] by cooling, condensing, settling out, and/or aging) the parts of the smoke which give smoke flavor to food at least enough so that the resulting or remaining smoke does not give smoke flavoring to food when food is exposed to that smoke; |
| | exposing to or bringing into contact with each other (a) the smoke and (b) the food, without giving a  smoke flavor to that food. |

---

[10]"Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

[11]The word "including," as used here means "including, but not limited to," as opposed to "including only the following."

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 68 | A process for treating food comprising[12] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke; |
| | removing the parts of smoke that give smoke odor; |
| | bringing the food and the smoke into contact with each other whereby the amount of smoke odor giving parts that were removed is sufficient to prevent giving a smoke odor to the food. |

---

[12]"Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

| Claim No. | Court's Definition of What the Claim Language Means |
|---|---|
| 69 | A process for treating food comprising[13] or including: |
| | heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from  wood) to make smoke that contains vapor having smoke  odor and flavor giving parts; |
| | filtering or separating out or reducing or removing (including[14] by cooling, condensing, settling out, and/or aging) smoke odor and flavor giving parts from the smoke; |
| | bringing food into contact with a sufficiently reduced amount of smoke so as to prevent the food from having a smoke flavor. |

---

[13]"Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

[14]The word "including," as used here means "including, but not limited to," as opposed to "including only the following."

INSTRUCTION NO. 21

To "prove by a preponderance of the evidence" means to prove that something is more likely so than not so.  It means to prove by evidence which, in your opinion, convinces you that something is more probably true than not true.  It does not mean that a greater number of witnesses or a greater number of exhibits must be produced.

In deciding whether a claim, defense, or fact has been proven by a preponderance of the evidence, you must consider all of the evidence presented in court by both the plaintiff and the defendant.  Upon consideration of all the evidence, if you find that a particular claim, defense or fact is more likely true than not true, then such claim, defense, or fact has been proven by a preponderance of the evidence.

<u>INSTRUCTION NO. 22</u>

In this case, Mr. Kowalski has the burden of proving by a preponderance of the evidence that the product Ocean Duke imports from PT Intisamudera Citra Perkasa is made with a process that infringes claims 1, 33, 67, 68 or 69 of the Kowalski Patent.

## INSTRUCTION NO. 23

A patent owner has the right to stop others from using the invention covered by its patent claims during the life of the patent.  If any person imports or sells a product made with a process that is covered by the patent claims without the patent owner's permission, that person is said to infringe the patent.  This type of infringement is called "direct infringement."

In reaching your decision on infringement, keep in mind that only the claims of a patent can be infringed. You must compare patent claims 1, 33, 67, 68, and 69, as I have defined them, to the accused process, and determine whether or not there is infringement.  Therefore, you should not compare the process used to make Ocean Duke's fish with any specific example set out in the Kowalski patent or with Mr. Kowalski's products or the particular process used to make Mr. Kowalski's products.  You should not compare the non-claims portions of the Kowalski patent with the process used to make Ocean Duke's fish.  You should not compare the fish sold by Kowalski with the fish sold by Ocean Duke because infringement is not determined by comparison between commercial products sold by the parties.  Furthermore, you should not compare the equipment

or machinery or raw materials used for Ocean Duke's fish with the equipment or machinery or raw materials used for Kowalski's fish because apparatus distinctions are irrelevant in determining infringement of process claims.

The only correct comparison is to compare the process used to produce Ocean Duke's fish with the language of the Kowalski patent's claim itself, as I have explained its meaning to you.

You must consider each claim individually and must reach your decision as to each assertion of infringement based on my definitions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties. I will first discuss direct infringement.

Whether or not Ocean Duke knew that what it was doing was infringement does not matter. A company may be found to be a direct infringer of a patent even if it believes in good faith that what it is doing is not an infringement of any patent, and even if it does not even know of the patent.

In this case, Mr. Kowalski assert that Ocean Duke's imported product was made with a process that directly infringes claims 1, 33, 67, 68, and/or 69 of the Kowalski patent. It is your job to determine whether or not Mr. Kowalski has

2

proved by a preponderance of the evidence that the fish treated for color retention which Ocean Duke imports or sells was made with a process that directly infringed any of claims 1, 33, 67, 68, or 69 of the Kowalski patent.

INSTRUCTION NO. 24

Modification by mere addition of elements of functions or steps, whenever made, cannot negate infringement.  An accused process cannot escape infringement by merely adding steps or features, if it otherwise has adopted the basic steps or features of the patent.

## INSTRUCTION NO. 25

A patent's claims define what is covered by the patent.  A process directly infringes a patent if it is covered by at least one claim of the patent.

Deciding whether a claim has been directly infringed is a two-step process.  The first step is to decide the meaning of the patent claim.  I have already made that decision, and I have already instructed you as to the meaning of the asserted patent claims.  The second step is to decide whether Ocean Duke has imported or sold in the United States a product made with a process covered by a claim of the Kowalski patent.  You, the jury, make this decision.

You must consider each of the asserted claims of the patent individually and decide whether the process used to produce Ocean Duke's fish infringes that claim, as I have defined that claim.

There are two ways in which a patent claim may be directly infringed.  A claim may be "literally" infringed, or it may be infringed under the "doctrine of equivalents."  The following instructions will provide more detail on these two types of direct infringement.

## INSTRUCTION NO. 26

In order to infringe a patent claim, a process must include every limitation of the claim, as the claim has been defined by me. If the process used to treat Ocean Duke's fish omits even a single step recited in a claim as the claim has been defined by me, then you must find that Ocean Duke has not infringed that claim. You must consider each of the patent claims separately.

A claim limitation may be present in an accused process in one of two ways, either literally or under what is known as the doctrine of equivalents. A claim limitation is literally present if it exists in the accused process just as it is described in the claim language, as I have defined that language for you.

A claim limitation is present in an accused process under the doctrine of equivalents if the differences between them are insubstantial. One way to determine this is to look at whether or not the accused process performs substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed invention. Another way is to consider whether or not people of ordinary skill in the field of the invention believe that the step of the accused process and the step recited in the patent claim

limitation (as defined by me) are interchangeable.  A person of ordinary skill is a person with average education and training in the relevant field.

Equivalency is determined by what was known at the time of  the activities accused of infringement, and not by what was known at the time the patent application was filed or when the patent issued.  Thus, the inventor need not have foreseen, and the patent need not describe, all potential equivalents to the invention covered by the claims.  Also, slight changes in technique or improvements made possible by technology developed after the patent application is filed may still be equivalent for doctrine of equivalents purposes.

INSTRUCTION NO. 27

The existence of a patent does not constitute a defense to infringement of someone else's patent. Whether or not there is infringement by Ocean Duke of the Kowalski patent is not determined by comparing the Kowalski patent with the Shih patent or any other patent. Instead, you must compare the Kowalski patent's claims, as I have defined them, to the process used to produce Ocean Duke's fish, and determine whether or not there is infringement.

<u>INSTRUCTION NO. 28</u>

Both Mr. Kowalski and Ocean Duke have the burden of proving certain facts, claims or defenses by clear and convincing evidence. To prove by clear and convincing evidence means to prove by evidence which, in your opinion, produces a firm belief about the truth of the allegations which the parties have presented. It means to prove that the existence of a fact is highly probable.

Clear and convincing evidence is a higher requirement of proof than the "preponderance of the evidence" requirement, but it is a lower requirement of proof than the "beyond a reasonable doubt" requirement in criminal cases.

INSTRUCTION NO. 29

In this case, Mr. Kowalski argues that Ocean Duke willfully infringed Kowalski's patent.

To prove willful infringement, Mr. Kowalski must first persuade you that Ocean Duke infringed a valid and enforceable claim of the Kowalski patent. The requirements for proving such infringement were discussed in my prior instructions.

In addition, to prove willful infringement, Mr. Kowalski must persuade you by clear and convincing evidence that prior to the filing date of the complaint, January 27, 2004, Ocean Duke acted with reckless disregard of the claims of Kowalski's patent.

To demonstrate such "reckless disregard," Mr. Kowalski must satisfy a two-part test. The first part of the test is objective. Mr. Kowalski must persuade you that Ocean Duke acted despite an objectively high likelihood that its actions constituted infringement of a valid and enforceable patent. The state of mind of Ocean Duke is not relevant to this inquiry. You should focus on whether a reasonable person in the position of Ocean Duke, after learning of the patent, could

have reasonably believed that it did not infringe or reasonably believed the patent was invalid or unenforceable. If a reasonable person in the position of Ocean Duke could not have held such a belief, then you need to consider the second part of the test.

The second part of the test does depend on the state of mind of Ocean Duke. Mr. Kowalski must persuade you that Ocean Duke actually knew, or it was so obvious that Ocean Duke should have known, that its actions constituted infringement of a valid and enforceable patent.

In deciding whether Ocean Duke acted with reckless disregard for the Kowalski patent, you should consider all of the facts surrounding the alleged infringement including, but not limited to, the following:

(1)    Whether Ocean Duke acted in a manner consistent with the standards of commerce for its industry; and

(2)    Whether Ocean Duke intentionally copied a product of Mr. Kowalski covered by the patent; and

(3)    Whether Ocean Duke relied on a legal opinion that was well-supported and believable and that advised Ocean Duke (1) that

2

the process used by PT Inti Samudera did not infringe the
Kowalski patent or (2) that the patent was invalid.  You may
consider the timing of when Ocean Duke obtained the advice.

INSTRUCTION NO. 30

Ocean Duke claims that Mr. Kowalski's patent is not valid. In order to prove that the Kowalski patent is not valid, Ocean Duke must establish by clear and convincing evidence that Kowalski's patent or any claim in the patent is not valid.

## INSTRUCTION NO. 31

The original claims as filed are part of the patent specification.

INSTRUCTION NO. 32

Claims can be no broader than the invention as disclosed in the specification.  The written description requirement is not met if:

(1)     the specification clearly states that the invention is possible only by performing a step and that step is not included in the claim,

(2)     the claim includes matter that is outside the purpose of the invention, and

(3)      a person skilled in the art would clearly understand that it was not only important, but essential to the invention to perform a step described in the specification and that step is not a part of the claim.

However, if any of the above is not proven by clear and convincing evidence by Ocean Duke, the specification contains an adequate written description of the claimed invention; i.e. the claim is sufficiently supported by the specification.

The written description requirement is satisfied if a person of ordinary skill in the field reading the patent application as originally filed would recognize that the patent application described the invention as claimed, even

though the description may not use the exact words found in the claim. A requirement in a claim need not be specifically disclosed in the patent application as originally filed if a person of ordinary skill would understand the missing requirement is necessarily implied in the patent application as originally filed.

INSTRUCTION NO. 33

I will instruct you about the measure of damages.  By instructing you on damages, I am not suggesting which party should win on any issue.  If you find that Ocean Duke infringed any claim of the Kowalski patent, you must then determine the amount of reasonable royalty to be awarded to Mr. Kowalski to compensate him for the infringement.

You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish the infringer.

Mr. Kowalski has the burden to persuade you of the amount of his damages.  You should award only those damages that Mr. Kowalski more likely than not suffered.  While Mr. Kowalski is not required to prove his damages with mathematical precision, he must prove them with reasonable certainty.  Mr. Kowalski is not entitled to damages that are remote or speculative.

INSTRUCTION NO. 34

A royalty is a payment made to a patent holder in exchange for the right to import or sell a product made with the patented process. A reasonable royalty is the amount of royalty payment that a patent holder and the infringer would have agreed to in a hypothetical negotiation taking place at the time when the infringing sales first began. In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the infringer would have been had they entered into an agreement at the time, and had they acted reasonably in their negotiations. You must also assume that both parties believed the patent was valid and infringed. In addition, you must assume that the patent holder and infringer were willing to enter into an agreement. Your role is to determine what that agreement would have been. The measure of damage is what royalty would have resulted from the hypothetical negotiation, and not simply what royalty either party would have preferred.

In this trial, you have heard evidence of things that happened after the infringing sales first began. That evidence can be considered only to the extent that that evidence aids in you assessing what royalty would have resulted from a hypothetical negotiation. Although evidence of the actual profits Ocean Duke made

may aid you in determining the anticipated profits at the time of the hypothetical negotiation, you may not limit or increase the royalty based on the actual profits Ocean Duke made.

In determining the reasonable royalty, you should consider all of the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are:

(1)    whether Mr. Kowalski had an established royalty for the invention; whether, in the absence of an established royalty, there is evidence that tends to prove an established royalty; whether, in the absence of such a licensing history, there are any royalty arrangements that were generally used and recognized in the particular industry at the time;

(2)    the nature of the commercial relationship between Mr. Kowalski and Ocean Duke such as whether they were competitors or whether their relationship was that of an inventor and a promoter;

(3)    the established profitability of the patented product, its commercial success and its popularity at the time;

2

(4)     whether Mr. Kowalski had an established policy of granting licenses or retaining the patented invention as his exclusive right, or whether Mr. Kowalski had a policy of granting licenses under special conditions designed to preserve his monopoly;

(5)     the size of the anticipated market for the invention at the time the infringement began;

(6)     the duration of the patent and of the license, as well as the terms and scope of the license, such as whether it is exclusive or nonexclusive or subject to territorial restrictions;

(7)     the rates paid by Ocean Duke for the use of other patents comparable to the Kowalski patent;

(8)     whether Ocean Duke's sales of the patented invention promote sale of its other products and whether the invention generates sales to the inventor of his nonpatented items;

(9)     the utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results;

(10)    the extent to which Ocean Duke used the invention and any evidence probative of the value of such use;

(11)    the portion of the profits in the particular business that is customarily attributable to the use of the invention or analogous inventions;

(12)    the portion of the profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks and significant features or improvements added by the infringer;

(13)    the opinion and testimony of qualified experts and of Mr. Kowalski; and

(14)    any other factors which in your mind would have increased or decreased the royalty the infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors. The final factor establishes the framework which you should use in determining a

reasonable royalty, *i.e.,* the payment that would have resulted from a negotiation between a patent holder and the infringer taking place at the time when the infringing sales first began.

## INSTRUCTION NO. 35

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

When you retire to the jury room to begin your deliberations, your first duty will be selection of a foreperson to preside over the deliberations and to speak on your behalf in court.

The foreperson's duties are:

1.  To keep order during the deliberations and to make sure that every juror who wants to speak is heard;

2.  To represent the jury in communications you wish to make to me; and

3.  To sign, date and present the jury's verdict to me.

In deciding the verdict, all jurors are equal and the foreperson does not have any more power than any other juror.

After you select a foreperson, you will proceed to discuss the case with your fellow jurors and reach agreement on a verdict, if you can. You may take as much time as you feel is necessary for your deliberations.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

Each of you must decide the case for yourself, but only after you have considered the views of your fellow jurors.  Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is a right decision, or simply to get the case over with.

INSTRUCTION NO. 36

Remember at all times that you are not partisans. You are judges - judges of the judges of the facts in this case. Your only interest is to seek the truth from the evidence presented.

From the time you retire to the jury room to begin your deliberations until you complete your deliberations, it is necessary that you remain together as a body. You should not discuss the case with anyone other than your fellow jurors. If it becomes necessary for you to communicate with me during your deliberations, you may send a note by the bailiff. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom.

Your verdict will consist of answers to the questions on the verdict form. You will answer the questions according to the instructions I have given you and according to the directions contained in the verdict form.

Your verdict must be unanimous. It is necessary that each of you agree on all answers required by the verdict form. Each of you must be able to state, when you return to the courtroom after a verdict is reached, that his or her vote is expressed in the answers on the verdict form.

As soon as all of you agree upon each answer required by the directions in the verdict form, the form should be dated and signed by your foreperson.  The foreperson will then notify the bailiff by a written communication that the jury has reached a verdict.  Thereafter, the  bailiff will arrange to have you return with the verdict form to the courtroom.

Bear in mind that you are not to reveal to the court or anyone else how the jury stands on the verdict until all of you have agreed on it.

2