

# CADES SCHUTTE FLEMING &WRIGHT
ATTORNEYS AT LAW

Cades Schutte Fleming & Wright Building · 1000 Bishop Street · Suite 1200 · Honolulu, Hawai'i 96813-4216
P.O. Box 939 · Honolulu, Hawai'i 96808-0939 · Tel (808) 521-9200 · Fax (808) 521-9210 · www.cades.com

Milton M. Yasunaga · (808) 544-3833 · Direct Fax (808) 540-5053 · E-mail myasunaga@cades.com

January 24, 2000

Ocean Duke Corp.
Attn: Mr. Duke Lin, President
3450 Fujila Street
Torrance, CA 90505

Re: **Notice Of Infringement of U.S. Patent No. 5,972,401**

Ladies and Gentlemen:

### I. Process Patent Act Notification Of Infringement

**This letter gives notice of infringement of U.S. Patent 5,972,401 (the "Patent"), pursuant to 35 U.S.C. §287(b)(5).**

This law firm represents Hawaii International Seafood, Inc., and its President, William R. Kowalski, owner of the Patent, which was issued on October 26, 1999. A copy of the Patent is enclosed. **The Patent broadly covers using tasteless smoke to treat food.** As you apparently are aware, one important use (but not the only use) of this process is to treat tuna steaks with tasteless smoke to create a frozen tuna product that retains a fresh-like taste and color after freezing and defrosting.

**You should be aware that the Patent is NOT limited to the use of any particular equipment, any particular method of removing taste components from the smoke, any particular names (e.g., "tasteless smoke", "Filtered Wood Smoke", "Purified", "flavorless smoke", or any other name), etc.** The claims in the Patent, which define the scope of the Patent, are numbered "1." through "73." and appear in the last four pages of the Patent. Because a patent is infringed if even one of the patent's many claims are infringed, **any unauthorized activity falling within even a single one of the broadest of the claims of the patent constitutes infringement of the patent.** As you can see from Patent 5,972,401, **the Patent's claims include several very broad claims, such as Claims 1., 49., 50., 67., 68., or 69., which do not mention (and are therefore not limited to) any particular equipment, method for removing taste from the smoke, names, etc. Thus, if food is exposed to smoke from which smoke taste components have been removed so that the smoke does not impart a smoke

Exhibit 71

EXHIBIT C

Ocean Duke Corp.
January 24, 2000
Page 2

flavor to the food, that food is made by the process covered by the Patent, regardless of the equipment used and other particulars.[1]

This Notice of Infringement is to put you on notice, pursuant to 35 U.S.C. §287(b)(5), that the owner of U.S. Patent 5,972,401 in good faith believes that you are, without authorization, importing, offering to sell, selling or using a product which is made by the patented process.

Our clients have informed us that some facts supporting that belief are as follow in the next two paragraphs.

In response to an inquiry by our clients' representative John L. Stalker on January 20, 2000, your representative, Chris Regone, acknowledged that (1) your company is offering for sale frozen seafood treated with tasteless smoke, (2) the tasteless smoke used to treat the seafood was made by removing smoke flavor components from the smoke, (3) the tasteless smoke treated seafood does not retain a smoke flavor after treatment with the smoke, and (4) the tasteless smoke treated seafood maintains its red color at -10° F. Because of (1) these facts about your company's activities and (2) the fact that U.S. Patent 5,972,401 broadly covers the process of treating food with tasteless smoke, regardless of the equipment used and other particulars, the patent owner in good faith believes the product you are selling necessarily was made using the patented process.

The patent owner has at this point authorized only his own company, Hawaii International Seafood, Inc., to use his process, and our clients' information indicates that at least some of the above-described tasteless smoke treated seafood you are importing, offering for sale, selling, or using is not from Hawaii International Seafood, Inc., so the patent owner believes that your importation, offering for sale, sale or use of that product constitutes infringement of U.S. Patent 5,972,401 under 35 U.S.C. §271.

You should promptly transmit this written notification of infringement to the manufacturer (or, if the manufacturer is not known to you, to the supplier) of the product purchased, or to be purchased by you. 35 U.S.C. 287(b)(5)(C). You may suffer adverse consequences if you continue to buy from that manufacturer (or supplier) without receiving from that manufacturer (or supplier) a written statement "which on its face sets forth a well grounded factual basis for a belief that the identified patent [is] not infringed."

## II. Licenses/Agreements, Avoidance Of Litigation

The patent owner prefers to avoid the need for litigation, and is therefore offering licenses to manufacturers and, for a time, temporary licenses to importers. Importers should make future purchases of tasteless smoke treated food that comes from Hawaii International Seafood, Inc., or other sources that are licensed or should obtain one of the temporary licenses being offered to importers. Distributors should purchase tasteless smoke

---

[1] See also, for example, the section of the Patent titled "Summary Of The Invention", at lines 25-30 of column "12", which states, "Smoke can be superpurified by any method, or combination of methods ...."