IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> DECLARATION OF MILTON M. YASUNAGA |

## DECLARATION OF MILTON M. YASUNAGA

MILTON M. YASUNAGA, hereby declares:

1. I am a partner of Cades Schutte, LLP, counsel for Plaintiff William R. Kowalski ("*Kowalski*" or "*Plaintiff*"). I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

2. During trial, near the ending of Plaintiff's case, counsel for Defendant Ocean Duke Corporation ("*Ocean Duke*") notified me by email that Ocean Duke would call Chris Ragone ("*Ragone*") to testify in its case. In fact, however, Ocean Duke did not bring Ragone to testify at trial.

3. Despite my requests for information and documents regarding Ocean

ImanageDB:813200.4

Duke's sales of the alleged infringing product (both in formal discovery and informal correspondence with Ocean Duke's counsel), Ocean Duke did not provide these documents and Plaintiff's expert had no opportunity to analyze the information or incorporate it in his opinion on damages. Attached hereto as Exhibit "12" is an email from me to Ocean Duke's counsel Paul Marks dated May 4, 2007 expressing Plaintiff's damage expert's desire for additional information. Ocean Duke did not provide responsive documents. Ocean Duke's criticism that Mr. Francom relied on the "scantest of evidence from Ocean Duke," therefore, is not well-taken. Ocean Duke should not be to allowed to benefit from a "problem" of its own creation.

4. It is my and my associate Allison Mizuo Lee's recollection that although the written jury instructions that were filed by the Court on December 13, 2007 did not include a statement advising the jury not to consider prejudgment interest, the Court did in fact advise the jury in connection with reading the jury instructions regarding reasonable royalty damages (Instruction Nos. 33 and 34) that the jury should not consider prejudgment interest if damages were awarded. In a jury instruction conference . The official trial transcript may not reflect this statement because our recollection is that the Court requested the parties' consent, which was given, that the Court Reporter be relieved of the burden of transcribing the Court's reading of the jury instructions to the jury, given that the written jury instructions

would be filed.

5. I did not in any way criticize the Court's decision regarding Plaintiff's entitlement to lost profit damage – Plaintiff's counsel (like Ocean Duke's counsel) certainly understood that a jury would frown upon an attorney that appeared in closing argument to be criticizing the Court. I do not recall making any statement to the effect of "its not fair" during closing argument. I recall saying during closing argument something to the effect that, if the jury awarded damages, it was to award reasonable royalty damages and that, as Mr. Francom had explained, reasonable royalties are the minimum type of damages and constitute only a fraction of the profit made by the infringer and left the infringer with the majority of the profits from the infringing sales. On this basis, I argued that the jury should award the full amount of the royalties calculated by Plaintiff's expert Mr. Francom – i.e., $2,009,073.

6. I observed the jury from time to time throughout the trial. I believe that all of the jurors were very attentive throughout the trial and I expressed my appreciation for the same during closing argument. What Ocean Duke's counsel claims to have seen may have been merely the juror in question looking down at his notes, concentrating on hearing the testimony or instructions or resting his eyes.

7. My recollection of the phone conference in which the Court discussed the jury's question and an appropriate response with me and Ocean Duke's counsel

Ms. Louise Ing, is that Ms. Ing gave her approval of the Court's proposed response to the jury's question.

8. Attached hereto as Exhibit "1" is a true and correct copy of a document that was produced by Ocean Duke purporting to contain the handwritten notes of Mr. Steven Shih that was admitted into evidence at trial as Trial Exhibit 177.

9. Attached hereto as Exhibit "2" is a true and correct copy of the Report of Joseph A. Maga, Ph.D, dated September 14, 2007 which was filed earlier in this case in support of Plaintiff's Opposition to Ocean Duke's Motion for Partial Summary Judgment.

10. Attached hereto as Exhibit "3" is a true and correct copy of the cover page and pages 49 and 50 of the transcript of Wayne Iwaoka's deposition, which I took on September 11, 2007.

11. Attached hereto as Exhibit "4" is a true and correct copy of the document produced by Ocean Duke which purports to be a still photograph of the smoke machine used by Ocean Duke's supplier PT Intisamudera Citra Perkasa that was admitted into evidence at trial as Trial Exhibit 502.

12. Attached hereto as Exhibit "5" is a true and correct copy of the cover page and pages 43 and 46 of the transcript of Duke Lin's deposition, which I took on October 9, 2007.

13. Attached hereto as Exhibit "6" is a true and correct copy of the cover

page and page 7 of the transcript of Day 1 of the trial in this case.

14.  Attached hereto as Exhibit "7" is a true and correct copy of the cover page and pages 77-78 of the transcript of Day 2 of the trial in this case.

15.  Attached hereto as Exhibit "8" is a true and correct copy of an Interview Summary from the Kowalski Patent's file history that was admitted into evidence at trial as Trial Exhibit 9.

16.  Attached hereto as Exhibit "9" is a true and correct copy of a September 3, 1998 memorandum to Seafood Inspection Program Personnel from Richard Cano of the United States Department of Commerce that was admitted into evidence at trial as Trial Exhibit 56.

17.  Attached hereto as Exhibit "10" is a true and correct copy of Plaintiffs' Memorandum Re Defendant's Written Description Defense, dated December 11, 2007, which was provided to the Court in connection with Ocean Duke's Motion for Judgment As A Matter of Law, but was not filed.

18.  Attached hereto as Exhibit "12" is a true and correct copy of the cover page and pages 7 and 19 (in redacted form) of the report of David Francom, Plaintiff's expert on damages.

19.  Attached hereto as Exhibit "13" is a true and correct copy of a document purporting to represent Ocean Duke's Annual Sales of Treated Fish which was produced by Ocean Duke and that was admitted into evidence at trial as

Trial Exhibit 193.

20. Attached hereto as Exhibit "14" is a true and correct copy of a photograph of a box of Black Tie, an Ocean Duke brand, product labeled "CRYO-FREEZE TUNA STEAKS" that was admitted into evidence at trial as Trial Exhibit 111.

21. Attached hereto as Exhibit "15" is a true and accurate copy of the cover page and pages 183 and 184 of the transcript of Roger Lin's deposition, which I took on October 8, 2007.

22. Attached hereto as Exhibit "16" is a true and correct copy of a page from The NFInsider publication dated September 26, 1997 that was admitted into evidence at trial as Trial Exhibit 47.

23. Attached hereto as Exhibit "17" is a true and correct copy of Judge Ezra's Order Granting Plaintiffs' Motion for Summary Judgment As To Defendant's Lack of Enablement and Best Mode Defenses, filed in the lawsuit <u>Kowalski et al v. Jana Brands, Inc.</u>, Civ. No. 03-0015 DAE-KSC, on May 11, 2005.

24. Attached hereto as Exhibit "18" is a true and correct copy of an email from Steven Wilson to various recipients dated September 21, 1999 regarding Treated Tuna – Facility Update that was admitted into evidence at trial as Trial Exhibit 67.

I, MILTON M. YASUNAGA, declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, January 8, 2008.

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA