IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-00055 BMK <br><br> REPORT OF JOSEPH A. MAGA, PH.D. |

## REPORT OF JOSEPH A. MAGA, PH.D.

1. This report provides opinions in this case, which involves U.S. Patent 5,972,401 (the Kowalski Patent). This report is based on information available as of the date of this report, and contains my preliminary findings, subject to review, revision and supplementation based on additional information, including the opinions and conclusions of any other expert witness. My research and analysis are continuing, and I reserve the right to amend or supplement my findings.

2. I am the author of the book Smoke in Food Processing, first published in 1988. I obtained a Ph.D in Food Science from Kansas State in 1970 and have conducted research in wood and smoke chemistry, food processing, food preservation, and flavor chemistry and sensory evaluation. From 1970 to 1990, I

**EXHIBIT 2**

was Associate Professor and Professor of Food Science in Colorado State University's Department of Food Science and Human Nutrition. From 1990 to 1998, I was Director of Colorado State University's Food Research and Development Center. Since 1998, I have been Professor Emeritus of Colorado State University and Director of the Food Industry Consulting Division of J. A. International. I have also previously worked for Bordens Foods and served as a consultant for the U.S. Food and Drug Administration and the U.S. Agency for International Development.

3. Ocean Duke has indicated in its Supplemental Responses to Interrogatories that:

> a) since 1999, it has purchased fish treated for color retention (rather than for giving the fish a smoke taste or odor) from PT Inti Samudera Citra Perkasa;
>
> b) to make it retain its fresh color, PT Inti Samudera Citra Perkasa treats its fish with "filtered smoke"; and
>
> c) PT Inti Samudera Citra Perkasa produces the filtered smoke and uses it to treat the fish for color retention "in strict accordance" with the process disclosed in U.S. Patent 6,331,322, issued in December 2001 to Mr. Shih of PT Inti Samudera Citra Perkasa (the Shih Patent).

4. The Shih Patent indicates that its process "uses natural charcoal burning in a stifling condition" (Column 1, Line 41) by putting the charcoal in an oven, drawing out air from the oven, and heating the interior of the oven to about 180 degrees Centigrade (Column 2, Lines 34-39).

5. Charcoal is an organic material. Heating charcoal in an oven heated to

2

about 180 degrees Centigrade as described in the Shih Patent would produce much more than just carbon monoxide and water – it would produce smoke, and that smoke would contain components or compounds that would impart smoke odor and smoke taste.

6. Therefore, the process Ocean Duke has said is used to process its fish treated for color retention falls within or is consistent with the references in the Kowalski Patent about heating organic material to generate smoke and heating organic material to generate smoke having smoke odor and smoke taste components or compounds.

7. Ocean Duke has stated that its fish is treated for color retention -- that is, the treatment enables the fish to retain its fresh color but does not give the fish a smoke odor or smoke taste. Ocean Duke has also stated that the smoke used to treat its fish to obtain this result is handled as set forth in the Shih Patent, which says it is cooled to room temperature in a cooling tank, the water vapor is converted into water and removed, the remaining smoke is drawn into a bag, then (when the food is to be treated) the remaining smoke is drawn out of that bag and put it into a fish treatment device along with the fish to be treated (Column 2, Lines 41-54). Given what Ocean Duke says is done and given the result of no smoke odor or taste which Ocean Duke says is achieved, it is my opinion that the processing of the smoke used for Ocean Duke's fish reduces or removes or filters

3

out smoke odor and smoke taste imparting components or compounds of the smoke sufficiently so that fish treated with the remaining smoke retains color but does not end up with a smoke odor or smoke taste. This result is achieved because (1) smoke taste and odor causing components that are vapors are removed when the vapors are converted to liquid and the liquid is removed and (2) other smoke taste and odor causing components are dissolved or trapped or settled into the liquid and are removed when the liquid is removed. Furthermore, some smoke taste and odor causing components may be separated out because they settle out or stick to or are absorbed by the walls of the various pipes, devices, and bags that the smoke passes through and sits in before it is used to treat the fish.

8.  Therefore, the process Ocean Duke says is used to create and process smoke and treat fish with that smoke for color retention falls within or is consistent with the parts of the Kowalski Patent that refer to reducing or removing or filtering out smoke odor and smoke taste imparting components or compounds of the smoke sufficiently so that food treated with the remaining smoke will not end up with a smoke odor or smoke taste.

9.  The August 15 report produced for Ocean Duke questioned the Kowalski Patent's use of the term "smoke" to refer to what remains after certain components are removed from smoke. However, it is appropriate to refer to smoke as smoke even after certain components are removed. For example, in traditional

4

smoking that creates smoky tasting food, the smoke used is filtered so that certain components such as ash and tar are removed, yet the remaining matter is still properly referred to as smoke. The fact that the Kowalski Patent filters the smoke further so that the smoke does not impart a smoke taste or odor does not make it improper to refer to the remaining matter as smoke, because that remaining matter still contains many of the components of smoke. Furthermore, the Kowalski Patent does not use the word "smoke" by itself for such smoke but adds various accompanying words to indicate that that smoke has had taste causing components removed.

10. The August 15 report produced for Ocean Duke says that crushed ice cannot be considered a filter and cannot filter phenols, but it is my opinion that crushed ice as described in the Kowalski Patent would in fact act as a filter and would filter out some of the phenols.

11. The August 15 report produced for Ocean Duke says that the patent uses the word "react" incorrectly because the patent does not use the word according to its scientific meaning. However, the patent is not aimed at scientists but at workers in the food smoking industry, so using "react" in the layman's way of meaning something changing because of something else is appropriate.

12. The August 15 report on behalf of Ocean Duke says that cloth filters cannot remove some of the water vapor, and criticizes the Kowalski Patent for

5

supposedly saying so at Column 18, Lines 35-38. This criticism is incorrect because cloth filters can remove some water vapor. Furthermore, Column 18, Lines 35-38 is not talking about just the cloth filters, but also the activated carbon filters ("the cloth, activated carbon, and cloth filters to remove some of the water vapor").

13. The August 15 report on behalf of Ocean Duke says the Kowalski Patent does not deal with removing moisture from the smoke, but that is not correct, as indicated by, for example, Column 18, lines 35-38 and Column 16, Lines 65-67.

DATED: Fort Collins, Colorado, September 14, 2007.

_____
JOSEPH A. MAGA, PH.D.

# CURRICULUM VITAE OF JOSEPH A. MAGA, Ph.D

<u>Birthdate/Location</u>: December 25, 1940; New Kensington, PA

<u>Education</u>:
BS, 1962, Penn State, Dairy Manufacturing;
MS, 1964, Penn State, Dairy Manufacturing;
Ph.D, 1970, Kansas State, Food Science

<u>Books</u>: Smoke in Food Processing, Food Toxicology.

<u>Other Publications</u>: Over 275 peer-reviewed in various journals.

<u>Research Areas</u>:
Food Processing, food preservation, flavor chemistry and sensory evaluation, food extrusion technology, wood and smoke chemistry.

Work Experience:

1964-1966, Bordens Foods, Syracuse, NY, Product development with emphasis on simulated dairy products;

1966-1968, Central Soya, Chicago, Il, Product development with emphasis on soy-based drinks, cheeses, and frozen desserts.;

1970-1990. Colorado State University, Department of Food Science and Human Nutrition, Fort Collins, CO, Assistant, Associate and Professor of Food Science;

1990-1998, Colorado State University, Department of Food Science and Human Nutrition, Fort Collins, CO, Director, Food Research and Development Center;

1995-1997, Department Head, Colorado State University, Department of Food Science and Human Nutrition, Professor Emeritus since 1998;

1998-Present, Director, J. A. International, Food Industry Consulting Division.

Courses Taught: Food Quality Control, Food Processing, Flavor Chemistry, Sensory Evaluation, Seafood Technology, Fruit and Vegetable Technology, Food Chemistry, Food Analysis

Consultations: Federal: FDA Review Board on MSG, AID projects in Chile, Ecuador, India, Indonesia, Mexico, Peru Taiwan and Russia