

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

March 29, 2001

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:

APPLICATION NUMBER: 08/980,392
FILING DATE: November 28, 1997
PATENT NUMBER: 5972401
ISSUE DATE: October 26, 1999



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

PART (2) OF (3) PART(S)

E. Bornett
E. BORNETT
Certifying Officer

K000243

Exhibit 9

Exhibit 8

10

| **Interview Summary** | Application No. 08/980392 | Applicant(s) Kowalski |
|---|---|---|
| | Examiner Drew Becker | Group Art Unit 1761 |

All participants (applicant, applicant's representative, PTO personnel):

(1) Drew Becker         (3) Martin Hsia

(2) David Lacey         (4) _____

Date of Interview  3-23-99

Type: ☒ Telephonic   ☐ Personal (copy is given to   ☐ applicant   ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes  ☒ No. If yes, brief description:
_____

Agreement ☒ was reached.  ☐ was not reached.

Claim(s) discussed: 1, 11, 73

Identification of prior art discussed:
Yamaoka, Smits et al

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
limitations of Yamaoka & Smits (liquid/gaseous smoke), as what "substantially tasteless" defines, applicant defines over prior art of record by not importing smoke taste & flavor & odor, attorney will file amendment with expanded Maga reference (taste & odor ranges), discussed meat being used as opposed to just fish.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign and stamp this form unless it is an attachment to a signed Office action.

U. S. Patent and Trademark Office
PTO-413 (Rev. 10-95)                    Interview Summary                    Paper No. _____

K000418