IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>DECLARATION OF WILLIAM R. KOWALSKI |

## **DECLARATION OF WILLIAM R. KOWALSKI**

I, William R. Kowalski, hereby declare:

1. I am the Plaintiff in the above referenced lawsuit. I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

2. The evidence at trial showed that Ocean Duke's infringement financially weakened me and my company Hawaii International Seafood, Inc. ("*HISI*"). My company and I were forced to borrow money at much higher than market or industry rates. For example, in 2000, I was forced to borrow funds **personally** (which were put into my company HISI), and although the loan was secured by a mortgage on my personal residence and a lien on my patent, the loan

ImanageDB:821236.4

agreement called for me to pay interest at an aggregate effective rate which greatly exceeds prime plus 2% or even the state statutory rate of 10%, because the agreement document (a true and accurate copy of which is attached as Exhibit "B") set the aggregate interest rate as (a) "prime plus 1%" plus (b) an amount equal to 5% of any damages/settlements received from patent infringers (net of legal costs) plus (c) an amount equal to 5% of royalties collected plus (d) an amount equal to 1 cent per pound of fish sold by HISI, which amounted to an **average rate of about 14%** over the years from the second half of 2000 (when that lending began) through 2007. Exhibit "C" is a true and accurate copy of a chart that shows the basis for the 14% average rate (the borrowing began in mid 2000, so in coming up with the average rate, the figure for 2000 should be applicable for only one-half a year). **In fact, because payments (b), (c), and (d) above will continue even after the loan balance has been reduced further and even when it is paid off, the effective rate of interest is far higher than 14% (note, e.g., that the rates in the most recent three years, when the loan balance is the smallest, were between 17 and 20%).**

3.   Furthermore, my company had to borrow money at a high interest rate, and this rate was of personal significance to me because I had to sign a personal guaranty. Exhibit D is a true and accurate copy of the agreement. Exhibit "D" is an extension/modification, as the lending at the high annual interest rate

began at the beginning of 2001. Exhibit "E" is a true and accurate copy of the personal guaranty I signed in connection with Exhibit "D". If I had had the royalties from Ocean Duke throughout these years, I could have put that money into the company, and avoided at least a corresponding amount of the loan at the high interest rate and the related personal guaranty, or at least could have avoided part of the personal loan, which averaged interest of 17-20% in the last three years.

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, January 24, 2008.

_____
**WILLIAM R. KOWALSKI**