CADES SCHUTTE LLP

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA        2954-0
ALLISON MIZUO LEE     7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-0055 BMK<br><br>PLAINTIFF WILLIAM R. KOWALSKI'S MOTION FOR PERMANENT INJUNCTION, OR ALTERNATIVELY, FOR COMPULSORY LICENSE/ON-GOING ROYALTY; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF MILTON YASUNAGA; DECLARATION OF WILLIAM R. KOWALSKI; EXHIBITS "A" – "J"; CERTIFICATE OF SERVICE<br><br>TRIAL: December 4 - 13, 2007 |
|---|---|

ImanageDB:825248.3

PLAINTIFF WILLIAM R. KOWALSKI'S
MOTION FOR PERMANENT INJUNCTION, OR ALTERNATIVELY,
FOR COMPULSORY LICENSE/ON-GOING ROYALTY

Plaintiff WILLIAM R. KOWALSKI ("*Plaintiff*") moves the Court for a permanent injunction enjoining Defendant OCEAN DUKE CORPORATION ("*Ocean Duke*"), it officers, agents , servants, employees, and attorneys; and other persons who are in active concert or participation with them from each of the following acts:

(1)  making, having made, using, offering to sell, selling or importing food (including but not limited to fish) infringing on U.S. Patent 5,972,401, including as the claims have been construed by the Court in this litigation;

(2)  making, having made, using, offering to sell, selling or importing the type of treated fish that Ocean Duke was purchasing from PT Inti Samudera Citra Perkasa before the trial in this action;

(3)  making, having made, using, offering to sell, selling or importing food processed in accordance with U.S. Patent 6,331,322;

(4)  making, having made, using, offering to sell, selling or importing food (including but not limited to fish) treated with a process comprising[1]:

heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke;

filtering or separating out or reducing (including[2] by cooling, condensing, settling out, and/or aging) the parts of the smoke which

---

[1] "Comprising" means including the following limitations set forth in the claim so that a process infringes if it includes those limitations in the claim, regardless of whether it also includes other steps or features.

give smoke flavor to food at least enough so that the resulting or remaining smoke does not give smoke flavoring to food when food is exposed to that smoke;

exposing to or bringing into contact with each other (a) the smoke and (b) the food, without giving a smoke flavor to that food.

Alternatively, if the Court declines to issue a permanent injunction, Plaintiff requests imposition of a compulsory license/on-going royalty at the rates determined by the jury, i.e.: 20 cents per pound for tuna, swordfish, and grouper, and 4 cents per pound for Ocean Duke's other infringing species -- shark, snapper, and mahimahi, and on further reasonable terms proposed by Plaintiff, on Ocean Duke's post-verdict sale of the infringing products.

The Motion is brought pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, 35 U.S.C. § 283, the attached memorandum in support, declaration, exhibits and the records and files in this case.

DATED: Honolulu, Hawaii, January 24, 2008.

CADES SCHUTTE LLP

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA
MARTIN E. HSIA
ALLISON MIZUO LEE
Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.

---

[2] The word "including," as used here means "including, but not limited to," as opposed to "including only the following."