```
                                                                    1

 1                 IN THE UNITED STATES DISTRICT COURT.

 2                       FOR THE DISTRICT OF HAWAII

 3
     WILLIAM R. KOWALSKI and      ) CIVIL NO. 04-00055BMK
 4   HAWAII INTERNATIONAL         )
     SEAFOOD, INC.,               ) Honolulu, Hawaii
 5                                ) December 11, 2007
                  Plaintiff,      )
 6                                ) TESTIMONY OF ROGER LIN
          vs.                     ) (DEFENSE WITNESS)
 7                                )
     OCEAN DUKE CORPORATION,      )
 8                                )
                  Defendant.      )
 9   _____)

10
             PARTIAL TRANSCRIPT OF JURY TRIAL (DAY 5)
11            BEFORE THE HONORABLE BARRY M. KURREN,
                 UNITED STATES MAGISTRATE JUDGE
12
     APPEARANCES:
13
     For the Plaintiff:           MILTON M. YASUNAGA
14                                ALLISON MIZUO LEE
                                  Cades Schutte LLP
15                                1000 Bishop St., Ste. 1200
                                  Honolulu, Hawaii  96813-4216
16
     For the Defendant:           LOUISE K.Y. ING
17                                Alston Hunt Floyd & Ing
                                  1800 ASB Tower
18                                1001 Bishop Street
                                  Honolulu, Hawaii  96813
19
                                  PAUL MARKS
20                                Neufeld Law Group
                                  360 East 2nd Street, Ste. 703
21                                Los Angeles, California 90012

22   Official Court               GLORIA T. BEDIAMOL, RPR, RMR
     Reporter:                    United States District Court
23                                P.O. Box 50131
                                  Honolulu, Hawaii 96850
24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

**EXHIBIT D**

```
 1   A    We are a hundred percent frozen seafood at this point.
 2   Q    Is shrimp one of your products?
 3   A    It is actually our main product, shrimp; that's correct.
 4   Q    Can you give maybe some percentage estimates of what you
 5   mean by "main product"?
 6   A    Sure.  Ocean deals in various forms of shrimp, cooked
 7   shrimp, raw shrimp, peeled, unpeeled, breaded, nonbreaded.  In
 8   terms of the total quantity, shrimp is about 60 percent of our
 9   overall sales quantity.
10   Q    So that leaves another 40 percent for something else?
11   A    That's correct.
12   Q    And what is that something else?
13   A    The 40 percent would consist of nontreated fish -- I'm
14   sorry, it would include the remaining fish treated and
15   untreated, products such as squid, crab meat, seafood mixes.  So
16   anything related to seafood would be in that 40 percent.
17   Q    And I think you mentioned nontreated or treated.  The
18   treated seafood is the processed seafood that we're dealing
19   with in this lawsuit, right?
20   A    That's correct.  The product treated for color retention.
21   Q    Do you have a percentage estimate of the volume of
22   business that your company does in that particular line?
23   A    I would say about three percent.
24   Q    I think there's been testimony this, but where do you
25   obtain -- or what source do you get your treated seafood from?
```

```
 1   Q    Have you found anybody else infringing any of the Ocean
 2   Duke patents?
 3   A    That's not our business.  We only sell more seafood.
 4   Q    I asked you have you found anyone who is infringing?
 5   A    We have not looked.
 6   Q    Okay.  So if you haven't found anyone who is infringing,
 7   then you had no reason to sue anybody, right?
 8   A    You are correct.
 9        MR. YASUNAGA:  Your Honor, I would move Exhibit 234
10   into evidence.
11        MR. MARKS:  No objection.
12        THE COURT:  234 is admitted.
13        (Exhibit 234 was received in evidence.)
14   Q    Mr. Lin, you actually sent letters to your customers
15   telling them not to worry about the Kowalski patent, right?
16   A    I may have, I don't recall exactly.
17   Q    Didn't you, in fact, consult with an attorney about that?
18   A    Again, I may have.  I don't recall at this moment.
19   Q    Didn't you send a letter to your customers saying, Don't
20   deal with Kowalski.  Don't agree to license under his patent or
21   abide by his patent or settle with him?
22   A    I may have.  I just don't recall at this moment.
23   Q    Didn't you tell your customers to continue business as
24   usual despite the Kowalski patent?
25   A    I would give the same answer.  I think I may have, but I
```

1  don't know for sure.
2  Q    Madam Clerk, can I have Exhibit 202?
3       Exhibit 202 is a letter that you wrote to yet another
4  attorney that Ocean Duke has used, Mr. John Bauersfeld.
5  A    Yeah, John actually works with Aaron Borrowman. They are
6  in the same office.
7  Q    Right. In that letter, look at the second to the last
8  paragraph, third sentence. It's the second line it says, "The
9  intent is to assure customers to continue business as usual and
10 not to enter into any agreement with Kowalski." That's what you
11 said you were going to tell your customers, right?
12 A    Yes, and then without exposing to Ocean Duke to
13 unnecessary risk or liability, yes.
14 Q    And did you send letters out to your customers telling
15 them to continue business as usual despite the Kowalski patent?
16 A    Again, I may have, I just don't recall.
17      MR. YASUNAGA: Your Honor, I would move Exhibit 202
18 into evidence.
19      MR. MARKS: No objection.
20      THE COURT: 202 is admitted.
21      (Exhibit 202 was received in evidence.)
22      MR. YASUNAGA: Madam Clerk, is Exhibit 175 already
23 admitted?
24      THE CLERK: No.
25 Q    Could I have Exhibit 175 handed to the witness? Exhibit