IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>OCEAN DUKE CORPORATION,<br><br>    Defendant. | CIVIL NO. CV 04-0055 DAE BMK<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.   INTRODUCTION**

Defendant Ocean Duke Corporation brings this motion pursuant to Fed. R. Civ. P. 12(b)(7), 12(h)(2) and 19 to dismiss the Complaint brought by Plaintiffs William R. Kowalski ("Kowalski") and Hawai'i International Seafood, Inc. ("HISI"). Plaintiffs have failed to join an indispensable and necessary person, Leo Sandau ("Sandau"), an assignee of United States Patent 5,972,401 ("'401 Patent"). As complete relief cannot be accorded among those already parties, this Court should dismiss the instant action to prevent duplicate suits brought by multiple owners of a single patent. Similar motions have been filed in related cases (*Kowalski v. Mommy Gina Tuna Resources,* CV 05-00679, *Kowalski v. Integral Seafood LLC,* CV06-00182, *Kowalski v. Friend,* CV05-00787, and *Tuna*

*Processors, Inc. v. Hawaii International Seafood, Inc.,* CV05-00517*)* and because this suit suffers from a similar defect, a nearly identical motion is being filed in this case as well.

## II. Background Facts

Plaintiffs seek damages and injunctive relief under 35 U.S.C. § 271 for alleged infringement of the United States Patent 5,972,401 Patent, issued to Kowalski on October 26, 1999. The United States Patent and Trademark Office ("USPTO") identifies Sandau as an assignee of the '401 Patent. The document filed by Kowalski with the USPTO is labeled a "financing statement." Exhibit A, at 2. However, the written agreement assigns, "[a]ll right, title and interest of William R. Kowalski in and to an undivided Twenty-Five Percent (25%) interest in United States Patent 5,972,401 . . . ." to Sandau. Exhibit A, at 6. The USPTO web site also identifies Sandau as an assignee of the '401 Patent. Exhibit B.

## III.   ARGUMENT

On October 3, 2000, by written agreement filed with the USPTO, Kowalski assigned Sandau an undivided twenty-five percent (25%) ownership interest in the '401 Patent. Plaintiffs have failed to join Sandau who, as an assignee of the '401 Patent, is a necessary and indispensable party to the instant action. See Fed. R. Civ. P. 19. As such, dismissal of the action is appropriate. Fed. R. Civ. P. 12(b)(7).

The motion is timely. There is no waiver of failure to join an indispensable party under Rule 19. That defect may be asserted by pleading (it is the 63rd affirmative defense in

Defendant's Answer, filed 3/4/04), or by motion for judgment on the pleadings, or raised for the first time at trial on the merits. *Fed.R.Civ.P. 12(h)(2)*. Nonjoinder of an indispensable party may be raised for the first time on appeal, and may even be raised by the appellate court *sua sponte*. *UOP v. United States*, 99 F.3d 344, 347 (9th Cir. 1996).

**A.     Standard of Review**

Fed. R. Civ. P. 12(b)(7) provides for dismissal of a claim where the plaintiff has failed to join an indispensable party. In evaluating such a motion, a court applies the two-part test defined by Fed. R. Civ. P. 19. *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F.Supp.2d 211, 214 (D. Del. 2006). First, the court asks if "the absent person is necessary for just adjudication of the issue." *Id.* The second prong of the test is based on principles of equity and is "directed to whether a necessary party is indispensable to a fair resolution of the issues." *Id.*

a)     Necessary Party

A necessary party, under Fed. R. Civ. Pro. 19(a) is one that is:

> subject to service of process and in his absence either: (1) complete relief can not be accorded among the parties; or (2) the absent person claims an interest in the subject matter and that his absence will, as a practical matter, either prejudice his ability to protect that interest or result in multiple or otherwise inconsistent obligations.

*See LP Matthews LLC*, 458 F.Supp.2d at 214. As co-owner of the '401 Patent, Sandau is a necessary party for just adjudication of the '401 Patent claims. As Kowalski sought infringement damages and injunctive and declaratory relief under the '401 Patent, complete

5

relief cannot be accorded to the Defendant if an outstanding owner is absent from the action. Without Sandau as a party plaintiff, Defendant could face multiple obligations should Sandau pursue enforcement of the '401 Patent as a co-owner and assignee. *See Gould v. Control Laser Corp.*, 462 F.Supp. 685, 687 (D.C.Fla., 1978) (licensee that was in reality an assignee was indispensable party because licensee could subject defendants to multiple adjudications).

    b)    <u>Indispensable Party</u>

Sandau is an indispensable party under the second prong of the Rule 19(a) test. Defendant is prejudiced by Sandau's absence from this action.

> If a person is deemed necessary under Rule 19(a), the court must then ascertain the extent to which prejudice will result to the non-party; the ability of the court to shape relief to avoid prejudice to absent persons; adequacy of relief available to parties in the necessary party's absence; and the adequate remedy available to the plaintiff if the action is dismissed for nonjoinder.

*Id.* Any relief fashioned in the absence of Sandau will be incomplete and subject Defendant to possible future litigation brought by Sandau. *Id.*

6

### B. The "Financing Statement" recorded with the USPTO is an assignment of an undivided ownership interest in the '401 patent, making Leo Sandau a necessary party

Although labeled as a "financing statement," the written agreement between Kowalski and Sandau is a true assignment of ownership interest. Regardless of the nomenclature used to describe the conveyance, the determination of "[w]hether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions." *Waterman v. Mackenzie*, 138 U.S. 252, 256 (1891). When an agreement transfers all substantial rights in a patent, the intention of the parties and the substance of the grant must be examined, to determine if this is an assignment. *See Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1378 (Fed. Cir. 2000).

Although Kowalski has described the instant conveyance as a "financing statement," the legal effect of its provisions convey to Sandau an undivided 25% ownership interest in the '401 Patent and thereby effectuate an assignment. Exhibit 1 to the instrument recorded with the USPTO describes the property in the following unambiguous language:

> All right, title and interest of William R. Kowalski in and to an undivided Twenty-Five Percent (25%) interest in United States Patent 5,972,401, issued October 26, 1999; Inventor: William R. Kowalski; involving a process for manufacturing tasteless super-purified smoke for treating seafood to be frozen and thawed.

7

*See* Exhibit A, pg. 6.  The language clearly shows the substantive right Kowalski intentionally granted to Sandau: an undivided twenty-five percent interest to all right, title and interest in his '401 Patent.  The effect of the conveyance is an assignment, not a mere financing statement or security interest.  By recording this assignment with the USPTO, Kowalski has satisfied the statutory requirement that assignments be in writing and perfected Sandau's interest in the '401 Patent.  *See* 35 U.S.C. § 261.  Moreover, the USPTO clearly lists Sandau as an assignee and Kowalski as the assignor. Exhibit B.

    C.    **As an assignee, Sandau has the rights of a patentee, and is an indispensable and necessary party to the instant action.**

A patentee may transfer a patent's title through assignment.  See *Prima Tek II, L.L.C.,* 222 F.3d at 1377.  An assignee of "all substantial rights" to a patent has constitutional standing to sue for patent infringement in its own name alone.  *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007); *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001).  However, when a patent infringement suit is brought, all owners of the patent must join together in asserting the infringement claim.  See *Crown Tool & Dye v. Nye Tool & Machine Works*, 261 U.S. 24, 40 (1923) citing *Robinson on Patents*, vol. 3 § 937: ("the plaintiff in action at law ***must*** be the person or ***persons*** in whom legal title to the patent resided at the time of the infringement.") (emphasis added).

8

Fed. R. Civ. P. 19(a)(1)—which requires that a person must be joined if in his absence complete relief can't be granted—supports "the policy [which seeks] to prevent the possibility of two suits on the same patent against a single infringer." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991). As such, "all entities with an independent right to enforce the patent are indispensable or necessary parties to an infringement suit." *IpVenture, Inc. v. Prostar Computer, Inc.*, 503 F.3d 1324, 1325 (Fed. Cir. 2007).

Plaintiffs have failed to join Sandau, an assignee and co-owner to the '401 Patent. As a co-owner and assignee of an undivided interest in the '401 Patent, Sandau has all the interests of a patentee; these rights include the right to make, use, sell, enforce, license and assign his undivided interest in the '401 Patent. Furthermore, one of the incidental rights a "co-owner has [is] the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit." *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997). By failing to join Sandau, Plaintiffs have deprived him of exercising his rights as an assignee. Moreover, "…no court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court." *IpVenture, Inc.*, 503 F.3d at 1326 (quoting Shields v. Barrow, 58 U.S. (17 How.) 130, 141 (1854)).

Plaintiffs in action must be the ***persons*** in whom legal title resided at the time of infringement. This requires the inclusion of Sandau. Defendant faces a substantial risk of

incurring double obligations should Sandau decide to pursue an independent infringement claim, as is his right as an assignee of the '401 Patent. This Court should dismiss the instant action for failure to join an indispensable and necessary party, Sandau.

### IV.  CONCLUSION

Under Fed. R. Civ. P. 19, Sandau, as an assignee of the '401 Patent, is a necessary and indispensable party to the instant action. In his absence, Defendant faces substantial risk of duplicative or needless litigation. This Motion is timely. No final judgment has yet been entered in this case. Any relief and judgments rendered by the Court in his absence will be incomplete. Defendant respectfully requests that this Court DISMISS the instant action for failure to join an indispensable party.

DATED:  Honolulu, Hawaii, January 24, 2008.

/s/ Louise K. Y. Ing_____
TIMOTHY L. NEUFELD
PAUL S. MARKS
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
Attorneys for Defendant
OCEAN DUKE CORPORATION