IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>DECLARATION OF MILTON M. YASUNAGA |

## DECLARATION OF MILTON M. YASUNAGA

I, Milton M. Yasunaga, hereby declare:

1. I am a member of Cades Schutte, LLP, counsel for Plaintiff William R. Kowalski ("*Plaintiff*").

2. I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

3. Despite my requests for information and documents regarding Ocean Duke's sales of the infringing product (both in formal discovery and informal correspondence with Ocean Duke's counsel), Ocean Duke did not provide these documents and Plaintiff's damage expert had no opportunity to analyze the information or incorporate it in his opinion on damages. Attached hereto as

ImanageDB:818247.5

Exhibit "L" is a true and correct copy of an email from me to Ocean Duke's counsel Paul Marks dated May 4, 2007 expressing Plaintiff's damage expert's desire for additional information. Ocean Duke produced no financial statements, accounting reports, or tax returns, and the one-page summary it did provide contained no numbers for 2006 and 2007, and included inappropriate costs even though Roger Lin admitted at trial that the documents existed on Ocean Duke's accounting system. A true and correct copy of the cover page and page 13 of the transcript of Roger Lin's trial testimony on December 7, 2007, in which Roger Lin admits that the back-up documents exist, is attached hereto as Exhibit "H."

4. Attached hereto as Exhibit "A" is a true and correct copy of an article dated September 28, 1997 from the NFInsider, which was admitted into evidence as Trial Exhibit 47.

5. Attached hereto as Exhibit "B" is a true and correct copy of a memorandum dated March 28, 1997 regarding "Cryofresh Box Labels," which was admitted into evidence as Trial Exhibit 33.

6. Attached hereto as Exhibit "C" is a true and correct copy of a memorandum from Richard Cano of the United States Department of Commerce dated September 3, 1998, which was admitted into evidence as Trial Exhibit 56.

7. Attached hereto as Exhibit "D" is a true and correct copy of an email from Stephen Wilson dated September 21, 1999 regarding approved tasteless smoke facilities, which was admitted into evidence as Trial Exhibit 67.

8. Attached hereto as Exhibit "E" is a true and correct copy of a Request for Proposal from Ahold U.S.A., Inc., which was admitted into evidence as Trial Exhibit 80.

9. Attached hereto as Exhibit "F" is a true and correct copy of the cover page and pages 33-34, and 141 of the transcript of trial testimony given by Plaintiff on December 6, 2007.

10. Attached hereto as Exhibit "G" is a true and correct copy of the notice infringement letter sent by Plaintiff to Ocean Duke on January 24, 2000, which was admitted into evidence as Trial Exhibit 71.

11. Attached hereto as Exhibit "H" is a true and correct copy of the cover page and pages 13, 16, and 18 of the transcript of trial testimony given by Roger Lin on December 7, 2007.

12. Attached hereto as Exhibit "I" is a true and correct copy of the cover page and pages 47-48 and 76-77 of the transcript of Duke Lin's deposition, which I took on October 9, 2007.

13. Attached hereto as Exhibit "J" is a true and correct copy of the cover page and pages 4, 22-27, 28, 32-34 of the transcript of trial testimony given by Roger Lin on December 11, 2007.

14. Attached hereto as Exhibit "K" is a true and correct copy of an undated email produced by Ocean Duke from Aaron Borrowman, Esq. to Roger Lin, which was admitted into evidence as Trial Exhibit 205.

15. Attached hereto as Exhibit "M" is a true and correct copy of an article dated October 2005 from Sysco Today, which was admitted into evidence as Trial Exhibit 206.

16. Attached hereto as Exhibit "N" is a true and correct copy of Ocean Duke's marketing material showing the "Yelin Group-Vertical Integration," which was admitted into evidence as Trial Exhibit 240.

17. Attached hereto as Exhibit "O" is a true and correct copy of the cover page and pages 68-69 of the transcript of trial testimony given by Wayne Iwaoka on December 7, 2007.

18. Attached hereto as Exhibit "P" is a true and correct copy of a document purporting to report Ocean Duke's annual sales of the infringing product in 1999-2005, which was admitted into evidence as Trial Exhibit 193.

19. Attached hereto as Exhibit "Q" is a true and correct copy of pages from Ocean Duke's website offering infringing products for sale as of January 16, 2008 (after the jury's verdict), that my office obtained.

20. Attached hereto as Exhibit "R" is a true and correct copy of the cover page and pages 36-42 and 80-81 of the transcript of trial testimony given by David Francom on December 10, 2007.

21. Attached hereto as Exhibit "S" is a true and correct copy of the cover page and page 8 (redacted) of the report prepared by Plaintiff's damage expert David Francom.

22. In settlement negotiations, it is my understanding that Ocean Duke's best offer was to pay a tiny fraction of the amount awarded by the jury for reasonable royalty damages for past infringement and to agree to pay future royalties for only one year (despite the patent's multiyear life) at a royalty rate that was a very small fraction of the 20 cent rate determined by the jury. When Judge Kevin Chang tried to get Ocean Duke to talk settlement during the week before trial, Ocean Duke refused and insisted that it would only talk settlement the day before trial, even though the Judge pointed out that waiting that long would force the Court to incur the expense of bringing Neighbor Island witnesses to Honolulu and make the parties incur substantial additional legal expenses.

23. Attached hereto as Exhibit "T" is a true and correct copy of the Shih Patent, which was admitted into evidence as Trial Exhibit 501.

24. Attached hereto as Exhibit "U" is a true and correct copy of a letter from Roger Lin to Kelly Bauersfeld dated February 11, 2003, which was admitted into evidence as Trial Exhibit 202.

25. The deadline to exchange exhibits set by the Court's Scheduling Order was November 6, 2007. I received Ocean Duke's exhibit list two days late on November 8, 2007; Ocean Duke provided actual copies of some of its exhibits three days late on November 9, 2007. Also, on November 13, 2007, Plaintiff served his proposed jury instructions on Ocean Duke in compliance with Local Rule 51.1(a) and requested that Ocean Duke advise of its availability to meet and confer toward filing the joint jury instructions due to the Court on November 20, 2007. Ocean Duke did not serve proposed jury instructions on Plaintiff as required by Local Rule 51.1(a), even though at the November 16, 2007 hearing on Ocean Duke's Motion to Continue Trial the Court told Ocean Duke to do so at its earliest opportunity. Instead, on November 20, 2007 Ocean Duke went ahead and, without first serving or conferring with Plaintiff, filed its proposed jury instructions with the Court thereby precluding Plaintiff from complying with Local Rule 51.1 and making it unnecessarily burdensome for Plaintiff to submit appropriate objections and alternative instructions. Ocean Duke even tried to belatedly propose additional

instructions and submit objections to Plaintiff's proposed jury instructions just before the close of evidence on December 11, 2007.

26. Attached hereto as Exhibit "V" is a true and correct copy of a letter from Roger Lin to Steven Wilson that was admitted into evidence as Trial Exhibit 175.

27. Attached as Exhibit "W" is a true and correct copy of the cover page and pages 14, 15, and 16 of the trial testimony of Joseph Maga on December 11, 2007.

28. When my office inquired about the availability of transcripts of the opening and closing statements, we were informed by the court report Gloria Bediamol that those transcripts were not yet available.

29. Attached as Exhibit "X" is a true and correct copy of Trial Exhibit 177, faxed 4/9/02.

30. Attached as Exhibit "Y" is a true and correct copy of Trial Ex. 167 – Underwood's 1992 liquid smoke patent and Trial Ex. 170 – Fessman's 1969 patent.

31. Ocean Duke's counsel refused to reveal which witnesses it would bring to trial, thus forcing Plaintiff to waste time doing deposition designations for Roger Lin, Duke Lin, and Dr. Iwaoka. During trial, Ocean Duke said its witness

the next trial day would be Chris Ragone, which forced Plaintiff's counsel to prepare for him, but Ocean Duke never brought that witness to testify.

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, January 24, 2008.

/s/ Milton M. Yasunaga
**MILTON M. YASUNAGA**