IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. 04-00055 BMK<br><br>DECLARATION OF MILTON M. YASUNAGA |

## **DECLARATION OF MILTON M. YASUNAGA**

I, Milton M. Yasunaga, hereby declare:

1.      I am a member of Cades Schutte, LLP, counsel for Plaintiff William R. Kowalski in the above-entitled action. I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

2.      When my office inquired about the availability of transcripts of the opening and closing statements, we were informed by the court report Gloria Bediamol that those transcripts were not yet available.

3.      Attached hereto as Exhibit "A" is a true and correct compilation of the billing invoices containing the attorneys' fees and fees of paralegals and non-legal/staff regarding prosecution of this lawsuit. This compilation reflects

ImanageDB:817369.5

attorneys' and paralegal fees in the amount $385,076.25 (plus Hawaii General Excise Tax in the amount of $18,419.35 for a total fees plus tax in the amount of $403,495.60) and $9,210.00 in fees for Plaintiff's non-legal personnel (plus Hawaii General Excise Tax in the amount of $384.24 for a total fees plus tax in the amount of $9,594.24).  These fees were incurred during the period commencing with the preparation for the filing this lawsuit in January 2004 and ending as of the day preceding the filing of this Motion (i.e. January 23, 2008).  These fees were and are reasonable for the prosecution of Plaintiff's claim for infringement of his patent throughout this action.  Additional fees and costs will accrue before entry of final judgment.  Plaintiff intends to submit an updated request for additional fees in connection with the filing of his Reply memorandum in support of this Motion.

   4. The following attorneys, paralegal and non-legal personnel from Cades Schutte, LLP provided the services that are reflected in the compilation of billing statements contained in Exhibit "A" over the course of the litigation:

    Rose Kuniyoshi (RK), a legal secretary

    Walea Kalama (WK), technology support

    Rian Tatsutani (RT), technology support

    Cheryl Yasunaga (CSY), paralegal

    Keri-Ann Shigemura (KKS), junior associate

    Teri Ann Nagata (TESN), junior associate

Allison Mizuo Lee (AM or AML), junior and then senior associate

Martin Hsia (MEH), partner

Milton Yasunaga (MMY), partner

5. The following schedule reflects the hourly fee rates charged by the attorneys, paralegal and non-legal personnel who provided services that are reflected in Exhibit "A," for the respective year in which services were provided:

| Personnel | Year | Rate |
|---|---|---|
| RK | 2007 | $60 |
| WK | 2007 | $120 |
| RT | 2007 | $120 |
| CSY | 2007 | $120 |
| KKS | 2007 | $145 |
| TESN | 2007 | $180 |
| AML | 2004 | $140 |
|  | 2007 | $200 |
|  | 2008 | $210 |
| MEH | 2007 | $295 |
| MMY | 2004 | $250 |
|  | 2005 | $260 |
|  | 2006 | $275 |
|  | 2007 | $295 |
|  | 2008 | $305 |

Based on the schedule of fees charged by other attorneys in my firm, as well as my general knowledge of the prevailing hourly billable rates within this community, I believe that the hourly rates set forth above are reasonable for the skill and experience level of the individuals performing those services.

6.  In accordance with Rule 54.3(d)(1) of the United States District Court Local Rules, I have organized to the best of my ability the attorneys' fees incurred in prosecution of this lawsuit by category.

7.  Attached hereto as Exhibit "B" is a true and correct copy of a compilation of the fees appropriately categorized as case development, background investigation and case administration (including initial investigations, file setup, preparation of budgets, and routine communications with client, co-counsel, opposing counsel and the court).

8.  Attached hereto as Exhibit "C" is a true and correct copy of a compilation of the fees appropriately categorized as "pleadings."

9.  Attached hereto as Exhibit "D" is a true and correct copy of a compilation of the fees appropriately categorized as "discovery," i.e. interrogatories, document production, and other written discovery. Exhibit "D" does not include fees for depositions.

10. Attached hereto as Exhibit "E" is a true and correct copy of a compilation of the fees appropriately categorized as "depositions."

11. Attached hereto as Exhibit "F" is a true and correct copy of a compilation of the fees appropriately categorized as "motions practice."

12. Attached hereto as Exhibit "G" is a true and correct copy of a compilation of the fees appropriately categorized as "trial preparation and attending trial."

13. Attached hereto as Exhibit "H" is a true and correct copy of a compilation of the fees appropriately categorized as "post-trial motions."

14. Attached hereto as Exhibit "I" is a true and correct copy of a compilation of the fees appropriately categorized as "settlement."

15. Attached hereto as Exhibit "J" is a true and correct copy of a compilation of the disbursements made in preparation for and performance of legal services in this case. The fees of Plaintiff's expert witness for services rendered by the expert in prosecution of this case are not included in Exhibit "J."

16. Attached hereto as Exhibit "K" is a true and correct copy of the cover page and pages 27-29, 68, and 69 of the transcript of trial testimony given by Wayne Iwaoka on December 7, 2007.

17. Attached hereto as Exhibit "L" is a true and correct copy of the notice of infringement letter sent by Plaintiff's counsel to Ocean Duke on January 24, 2000, which was admitted as Trial Exhibit 71.

18. Attached hereto as Exhibit "M" is a true and correct copy of the cover page and page 16 and 18 of the transcript of trial testimony given by Roger Lin on December 11, 2007.

19. Attached hereto as Exhibit "N" is a true and accurate copy of the cover page and pages 76-77 of the transcript of Duke Lin's deposition, which I took on October 9, 2007.

20. Attached hereto as Exhibit "O" is a true and accurate copy of Ocean Duke's marketing material, showing the relationship between Yelin Group and Ocean Duke, which was admitted as Trial Exhibit 240.

21. Attached hereto as Exhibit "P" is a true and accurate copy of the cover page and pages 14-16 of the transcript of the trial testimony given by Joseph Maga on December 11, 2008.

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, January 24, 2008.

/s/ Milton M. Yasunaga
**MILTON M. YASUNAGA**