```
                                                                    1

  1                 IN THE UNITED STATES DISTRICT COURT.

  2                       FOR THE DISTRICT OF HAWAII

  3
      WILLIAM R. KOWALSKI and      )  CIVIL NO. 04-00055BMK
  4   HAWAII INTERNATIONAL         )
      SEAFOOD, INC.,               )  Honolulu, Hawaii
  5                                )  December 11, 2007
                  Plaintiff,       )
  6                                )  TESTIMONY OF ROGER LIN
           vs.                     )  (DEFENSE WITNESS)
  7                                )
      OCEAN DUKE CORPORATION,      )
  8                                )
                  Defendant.       )
  9   _____ )

 10
              PARTIAL TRANSCRIPT OF JURY TRIAL (DAY 5)
 11           BEFORE THE HONORABLE BARRY M. KURREN,
                 UNITED STATES MAGISTRATE JUDGE
 12
      APPEARANCES:
 13
      For the Plaintiff:          MILTON M. YASUNAGA
 14                               ALLISON MIZUO LEE
                                  Cades Schutte LLP
 15                               1000 Bishop St., Ste. 1200
                                  Honolulu, Hawaii  96813-4216
 16
      For the Defendant:          LOUISE K.Y. ING
 17                               Alston Hunt Floyd & Ing
                                  1800 ASB Tower
 18                               1001 Bishop Street
                                  Honolulu, Hawaii  96813
 19
                                  PAUL MARKS
 20                               Neufeld Law Group
                                  360 East 2nd Street, Ste. 703
 21                               Los Angeles, California 90012

 22   Official Court              GLORIA T. BEDIAMOL, RPR, RMR
      Reporter:                   United States District Court
 23                               P.O. Box 50131
                                  Honolulu, Hawaii 96850
 24
      Proceedings recorded by machine shorthand, transcript produced
 25   with computer-aided transcription (CAT).
```

**EXHIBIT M**

16

```
1         THE COURT:  How do you spell Mr. Borrowman's last
2    name?
3         THE WITNESS:  B-O-R-R-O-W-M-A-N.
4    Q    May I ask Madam Clerk if Exhibit 509 could be given to the
5    witness?
6         Have you taken a look at Exhibit 509.
7    A    Yes.
8    Q    Have you seen Exhibit 509 before?
9    A    Yes, I have.
10   Q    Is that the work product that Mr. Borrowman prepared at
11   your request?
12   A    Yes.
13   Q    Did you read that particular work product?
14   A    Yes, I did.
15   Q    And what was your response to having received and read the
16   work product that the lawyer gave you?
17   A    I felt good in terms of an expert attorney telling me that
18   the patent does not infringe on the others.
19        MR. MARKS:  Your Honor, I would ask that Exhibit 509
20   be admitted into evidence.
21        MR. YASUNAGA:  Your Honor, I object to this exhibit.
22   We prepared a written objection which I can hand to you.
23        THE COURT:  Let me take it up outside.
24             (Sidebar on the record:)
25        THE COURT:  Mr. Yasunaga, what's your objection?
```

1   the proof that we did. We went out and hired an attorney. And
2   so I think the jury is entitled to see that.
3           I understand the point that Mr. Yasunaga is making.
4   If there's a stipulation that willfulness is not an issue that
5   the jury can take up, then perhaps there can be some redactions
6   to some of the parts of the letter Mr. Yasunaga is concerned
7   about. But at least they should know that a letter exists,
8   that here's what it looks like, we paid for it, etcetera
9   etcetera.
10          MR. YASUNAGA: One other point, Your Honor. This
11  letter did not come up until years after the notice of
12  infringement. And so --
13          THE COURT: You could cross-examine him on that. That
14  point is not well taken. I think this: Certainly, it can't be
15  admitted for the truth of the matters that are asserted in the
16  letter.
17          Now, for the notice to Mr. Lin causing him to take the
18  actions that he did or for reliance, I think they are entitled
19  to present that evidence. Now, whether it is just to have him
20  testify about receiving this letter, I mean, that's one way of
21  doing it. Or admitting it for that limited purpose and
22  advising the jury not to consider as correct or take into
23  account any of the specific arguments that are made in the
24  letter, I don't have a clear answer to that right now.
25          MR. YASUNAGA: I think it would be prejudicial for