IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. CV 04-00055 BMK <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO THE LANHAM ACT** <br><br> **(15 U.S.C. § 1117)** |

**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES PURSUANT TO LANHAM ACT**

**I.   INTRODUCTION.**

Defendant Ocean Duke Corporation ("Ocean Duke") moves for an award of attorneys' fees under the Lanham Act. (15 U.S.C. § 1117.)

Plaintiffs sued for patent and trademark infringement. Ocean Duke prevailed on all claims brought under the Lanham Act,[1] and the Lanham Act provides for an

---

[1] Plaintiffs brought six claims against Ocean Duke: (1) patent infringement; (2) trademark infringement under the Lanham Act; (3) unfair competition under the Lanham Act; (4) deceptive trade practices; (5) common law unfair competition; and (6) treble damages. Ocean Duke prevailed on all claims against plaintiff Hawaii International Seafood, Inc., and prevailed on all claims against William Kowalski except for the first claim (for patent infringement). The sixth claim, for "treble damages," by its explicit terms applies only to claims under the Lanham Act, hence Ocean Duke prevailed on that claim as well.

award of attorneys' fees where, as here, the claims against the prevailing defendants were "groundless" and "unreasonable."

## II.  GOVERNING LAW.

The Lanham Act provides that prevailing parties can recover attorneys' fees "in exceptional cases." (15 U.S.C. § 1117.) Within the Ninth Circuit, the Lanham Act's "exceptional circumstances" standard for the award of attorneys' fees is satisfied "when the non-prevailing party's case 'is groundless, unreasonable, vexatious, or pursued in bad faith'." (*Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999).) "The above standard for exceptional circumstances applies to prevailing defendants as well as prevailing plaintiffs under the Lanham Act." (*Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997).)

A good example of the operation of the attorneys' fees provision of the Lanham Act can be found in *Cairns v. Franklin Mint Co.*, 115 F.Supp.2d 1185, 1189 (C.D. CA 2000), *aff'd,* 292 F.3d 1139. In *Cairns*, the plaintiff brought several claims under the Lanham Act against the Franklin Mint, a purveyor of memorabilia and collectibles. Plaintiff alleged Franklin Mint had no right to use the likeness of the late Princess Diana on its items for sale. However, Franklin Mint brought and won a summary judgment motion, and then moved for an award of attorneys' fees. The trial court awarded over $2,000,000 in attorney's fees, after finding that certain

of the Lanham Act claims were "groundless" and "had no legal basis." The award, including its amount, was upheld on appeal. (*Cairns, supra,* 292 F.3d at 1156 *et seq.*)

## III.   OCEAN DUKE SHOULD BE AWARDED ITS ATTORNEYS' FEES.

### A.   *Hawaii International Seafood, Inc.'s Claims under the Lanham Act.*

The basis of the Lanham Act claims against Ocean Duke consisted of Ocean Duke's use of the term "Cryo-Freeze" as a descriptive term (as opposed to a brand name) on some of its packaging. This use supposedly violated plaintiffs' rights in the trademark "Cryofresh." However, plaintiff Hawaii International Seafood, Inc. ("HIS") has never owned the rights to the "Cryofresh" trademark, nor at any time was HIS assigned the right to use the trademark, based on the evidence introduced at trial. In short, HIS should never have been a party to this litigation.

Although the legal basis on which HIS appeared as a plaintiff is not clear, there is an obvious tactical reason why HIS was a party to the lawsuit -- even though it should not have been. Only HIS had the ability to claim the excessively large "lost profits" (and other) damages that (frankly) prevented this case from being settled in pre-trial settlement discussions. Without HIS in the case, the only remaining plaintiff (William Kowalski) had no basis for claiming multi-million dollar damages under the Lanham Act.

Thus, in a very real sense, the meritless Lanham Act claims pursued by plaintiffs resulted in a trial that did not need to occur, and that adversely affected the administration of justice. Thus, this is truly an "exceptional case," in which the plaintiffs tried to employ "intimidation by litigation," in order to wrest from Ocean Duke a large pre-trial settlement to which plaintiffs were not entitled. Because HIS had absolutely no rights in the "Cryofresh" trademark, and therefore no viable claim against Ocean Duke, HIS's Lanham Act claims were "groundless" and "unreasonable." Ocean Duke respectfully submits that it should recover its legal fees in defense of HIS's Lanham Act claims.

B.   *William Kowalski's Claims under the Lanham Act.*

In contrast to HIS, plaintiff William Kowalski at least had rights in the "Cryofresh" trademark. However, the *bona fides* of Mr. Kowalski's Lanham Act claims end there. At trial, Mr. Kowalski presented no evidence of lost sales or other actual damages. There was no consumer survey undertaken by plaintiffs to determine customer confusion. And the Lanham Act does not have a provision for statutory damages, as a "fall-back" if actual damages cannot be proved.

This court granted Ocean Duke's Rule 50 motions on the Lanham Act claims brought by HIS and Mr. Kowalski, and entered judgment in Ocean Duke's favor thereon. Plaintiffs did not move to re-open their case, as they could have, after the granting of the Rule 50 motions; nor did plaintiffs move for judgment as a matter of

131484.1                                                  4

law after the trial; nor did plaintiffs make a motion for a new trial. Thus, plaintiffs' ability to appeal, or otherwise challenge the judgment in favor of Ocean Duke on the Lanham Act claims, is questionable at best. In fact, plaintiffs' conduct suggests that plaintiffs themselves understood the inherent weaknesses of their Lanham Act claims.

Because plaintiffs' claims under the Lanham Act were "groundless" and "unreasonable," Ocean Duke respectfully submits that it is entitled to an award of its attorneys' fees, for its successful defense of those claims.

## IV.   AMOUNT OF FEES.

The attorneys' fees incurred in the defense of this case are set forth in the Declaration of Paul S. Marks. The lawyers who performed the majority of the work in this matter for Ocean Duke, Mr. Neufeld and Mr. Marks, charged maximum hourly rates of $400 and $395 per hour, respectively. Ms. Ing charged hourly rates of $325.00. Those rates are the current rates customarily charged for this type of work by these counsel.

In determining a reasonable hourly rate, many federal courts use the well-known "Laffey Matrix" of rates, compiled and published for over twenty years by the United States Attorney's Office for the District of Columbia. The "Laffey Matrix" approach to fee awards has been followed by district courts in, for example, *Weatherhead v. United States*, 112 F.Supp.2d 1058, 1077-1078

(E.D.Wa. 2000), and *In Re HPL Tech., Inc. Securities Litigation*, 366 F. Supp.2d 912, 921 (N.D.Cal. 2005), among many other cases.

The Laffey Matrix (www.laffeymatrix.com) sets hourly rates according to the years of experience and category of timekeeper for lawyers, law clerks and paralegals. The Laffey Matrix was developed in a massive fee application battle in a District of Columbia employment law case, and has been regularly updated by The United States Attorney's Office over the years, and has been available on its web site each year since 1981 for the Washington, D.C. area.

However, when used for geographical areas other than the District of Columbia, the Laffey Matrix rates must be adjusted to account for the local difference in wages. This can be done by using the federal Bureau of Labor Statistics wage information for local areas. The most recent wage data provided by the Bureau of Labor Statistics is dated June 19, 2007. Because Mr. Neufeld and Mr. Marks practice in Los Angeles, it is appropriate to use that locale for this analysis. Los Angeles has a slightly higher cost of wages than D.C. for lawyers, so an upward adjustment to 105% of the "Laffey Matrix" rate is required for lawyers practicing in Los Angeles.

The Laffey Matrix for 2006-2007, as adjusted for Los Angeles, is as follows:

| EXPERIENCE | RATE |
|---|---|
| 20+ years | $446 |

            11-19 years               $394

Thus, if one were to use the Laffey Matrix rates for 2006-2007, as adjusted for the Los Angeles market, these would be the rates applicable for this case for Ocean Duke's principal counsel:

| PROFESSIONAL | YEARS OF EXPERIENCE | RATE |
|---|---|---|
| Neufeld | 33 | $446 |
| Marks | 19 | $394 |

Thus, the hourly rates actually charged by Ocean Duke's chief counsel ($400 and $395 per hour) were within the reasonable ranges established by the Laffey Matrix.

As set forth in the Marks Declaration, total fees charged to Ocean Duke for the Kowalski matter, since its inception in 2004, were in the range of $475,000 to $500,000, including fees charged by local counsel. Because it is clear that, in this case as litigated, the Lanham Act claims were secondary in scope and importance to the patent claims, it is appropriate that there be an apportionment of fees that takes into account that aspect of the litigation.

Based on the attached survey of billing rates for the twenty-four largest law firms in Hawaii, as of January, 2007, Ms. Ing's $325 rate for her 25+ years of experience is reasonable.

As set forth in the Marks Declaration, Ocean Duke urges that a 20% to 25% apportionment to the Lanham Act claims is appropriate under the circumstances, and that a minimum fee award of $100,000 is therefore justified.

## V. CONCLUSION.

Ocean Duke respectfully requests that this court grant this motion to award attorney fees on the Lanham Act claims brought by plaintiffs HIS and William Kowalski in this lawsuit. As set forth in the Declaration of Paul S. Marks, Ocean Duke respectfully requests an award of legal fees in the amount of $100,000.

DATED:   Honolulu, Hawaii, January 24, 2008.

                                        /s/ Louise K. Y. Ing
                                        LOUISE K. Y. ING
                                        PAUL S. MARKS
                                        Attorneys for OCEAN DUKE CORP.