IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br>  Defendant. | CIVIL NO. CV 04-00055 BMK <br><br> **MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.   INTRODUCTION.**

Defendant Ocean Duke Corporation ("Ocean Duke") moves for entry of judgment on grounds of patent invalidity. Ocean Dukes asserts that the Kowalski patent is indefinite as a matter of law, and hence is invalid.

Virtually every claim of the Kowalski patent contains some formulation of certain language that appears in Claim No. 1 of the patent. That claim provides that "what is claimed is":

> A process for treating meat comprising:
>
> heating organic material to generate smoke having a gaseous vapor phase; super purifying said smoke *to reduce taste imparting components below thresholds for imparting smoke odor and taste,* whereby a substantially tasteless super-purified smoke is created; and treating meat having a freezing point with said tasteless super-purified smoke.

131508.1

(Kowalski Patent, Tr. Exh. 1, at Col. 22, lines 65 *et seq.*; Marks Decl., Exh. A; emphasis added.)

However, the evidence is undisputed that whether a product has a smoke odor or taste is subjective, and not objective, in that it depends on the particular palate and olfactory sensations of the person doing the smelling or tasting. Under established patent law, the Kowalski patent is therefore indefinite as a matter of law. Further, the law is clear that this determination is one for the court, and not for the jury.

## II.   GOVERNING LAW.

### A.   *Question of Law.*

Several issues in this case were tried to the jury, but one was not: the issue of whether the Kowalski patent is indefinite as a matter of law. This is because the question of "indefiniteness" is for the court to decide as a legal matter, and not for the jury.

"Compliance with the second paragraph of § 112 is generally a question of law." (*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1576 (Fed. Cir. 1986) *citing Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 619 (Fed.Cir. 1985), *cert. dismissed*, 474 U.S. 976, 106 S.Ct. 340, 88 L.Ed.2d 326 (1985).) "[W]hether a claim is indefinite under 35 U.S.C. § 112, ¶ 2 is also a question of law, reviewable de novo by this court." (*Personalized Media Communications, LLC v. International Trade Com'n*, 161 F.3d 696, 703 (Fed Cir.

1998); *see also North Amer. Vaccine, Inc. v. American Cyanamid Co.*, 7 F.3d 1571, 1579 (Fed.Cir. 1993).)

    B.    *Standards for Indefiniteness.*

Patent law sets forth the standards by which a patent's claims are to be adjudged for definiteness:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention. . . . The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

(35 U.S.C. § 112.)

"The definiteness requirement, however, does not compel absolute clarity. Only claims 'not amenable to construction' or 'insolubly ambiguous' are indefinite. Thus, the definiteness of claim terms depends on whether those terms can be given any reasonable meaning." (*Datamize LLC, v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed Cir. 2005).)

The *Datamize* case governs the instant matter.

In *Datamize*, the patent in question involved a software product that allowed the buyer of the software -- usually a retailer or other business -- to create custom "user interfaces" for electronic kiosks. For example, the software user could employ

the software to customize an ATM machine, or a checkout kiosk in a grocery store, to have a particular look and feel that the users of the kiosks -- the end consumers -- would encounter.

The patent owner in *Datamize* sued a competitor, alleging that the competitor's software infringed on his patent. (*Datamize, supra*, 417 F.3d at 1345.) The competitor defended the lawsuit on grounds that the patent was invalid for indefiniteness. The defendant's argument was that, within the terms of the (very lengthy) Claim No. 1 of the patent, a single phrase was "indefinite" as a matter of law. According to the defendant, this single (allegedly) "indefinite" phrase rendered the entire patent invalid. The single phrase that had such a profound negative effect on the patent consisted of two words: "aesthetically pleasing."

The defendant moved for and the district court granted summary judgment. The court held that the patent was invalid as a matter of law because the term "aesthetically pleasing" was indefinite.

"In the absence of a workable objective standard, 'aesthetically pleasing' does not just include a subjective element, it is completely dependent on a person's subjective opinion." (417 F.3d at 1350.) "The scope of claim language cannot depend solely on the unrestrained, subjective opinion of a particular individual purportedly practicing the invention." (*Id.*; *see also Application of Musgrave*, 431 F.2d 882, 893 (1970) (noting that "[a] step requiring the exercise of subjective

judgment without restriction might be objectionable as rendering a claim indefinite").) "Some objective standard must be provided in order to allow the public to determine the scope of the claimed invention." (417 F.3d at 1351.) "While beauty is in the eye of the beholder, a claim term, to be definite, requires an objective anchor. Thus, even if we adopted a completely subjective construction of 'aesthetically pleasing,' this would still render the '137 patent invalid." (*Id.*)

"By arguing that 'aesthetically pleasing' does not depend on any standard of aesthetics other than a purely subjective standard held by any person who steps into the role of the system creator, the prosecuting attorney would eliminate any objective meaning for the phrase 'aesthetically pleasing.' As discussed, this would be improper . . . ." (*Datamize, supra*, 417 F.3d at 1353.)

### III. THE KOWALSKI PATENT IS INVALID ON GROUNDS OF INDEFINITENESS.

Here, too, it is clear that the claims of the Kowalski patent are indefinite as a matter of law. Common sense dictates that whether a particular seafood product tastes or smells of smoke (or not, as the case may be) is completely dependent on the subjective taste buds and nasal sensitivities of the person doing the tasting and the smelling. The facts of this case support that common sense, and those facts were testified to by none other than the plaintiffs' own expert witness, Dr. Joseph Maga.

In his trial testimony, Dr. Maga testified that:

1. In order to assess flavor (consisting of taste and smell), he gathers

   panels of "trained" individuals to arrive at an average assessment of the flavor of a product.

2. Different people "like or dislike the taste of certain foods -- that's our opinion, our bias."

3. People have different sensibilities[1] to taste and smell.

4. People have "individual palates and individual sensibilities [sensitivities] to taste and smell."

5. The differing taste and smell sensitivities that people have depend on their age and gender.

6. Whether a product is tasteless "depends on the people who are evaluating the product. They conclude yes or no."

(*See* Marks Decl., Exh. B.)

What Dr. Maga was testifying to was no different from common sense. Just as wine connoisseurs may debate whether a particular merlot hints of oak, fruit, or even a particular smoke flavor, so too different people may taste smoke in processed fish, whereas others may not.

This is not an insignificant aspect of the Kowalski patent. At trial, Mr. Kowalski and his counsel made much of the patent examiner's handwritten

---

[1] Although the trial transcript says "sensibilities," the context shows that the word actually used at trial must have been "sensitivities."

notation that what Kowalski defined over prior art was that his invention did not impart "smoke taste & flavor & odor. . . ." (*See* Trial Exhibit 9; Marks Decl., Exh. C.)  Clearly, whether a process imparts smoke taste and odor is a key determination in whether that process infringes on the Kowalski patent.  Yet plaintiffs' own evidence proves what common sense dictates: that it is impossible to determine whether such a process has that end result or not.

Mr. Kowalski's patent should be held invalid because it is indefinite.  Persons skilled in the art who honestly want to avoid infringing on the Kowalski patent cannot tell how to avoid doing so, because the key factor involved -- *i.e.*, whether the end product has a smoke taste or odor -- is totally subjective.  Just as "beauty is in the eye of the beholder," so too taste and odor are on the tongue and in the nose of the person experiencing the seafood that has been processed for color retention.  Because that determination is subjective and not objective, Ocean Duke urges the court to find, as trier of fact and as a court of law, that the Kowalski patent is indefinite as a matter of law.

## IV.  CONCLUSION.

Ocean Duke respectfully requests that this court grant this motion, and enter judgment in favor of Ocean Duke on grounds that the patent is invalid as a matter of law on grounds of indefiniteness.

DATED:   Honolulu, Hawaii, January 24, 2008.

_____
LOUISE K. Y. ING
PAUL S. MARKS
Attorneys for OCEAN DUKE CORP.