IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>    Plaintiffs,<br><br>vs.<br><br>OCEAN DUKE CORPORATION,<br><br>    Defendant<br>_____ | Civ. No. 04-00055 BMK<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO SEAL EXHIBITS "A" TO "I" OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO SEAL EXHIBITS "A" TO "I" OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Before the Court an ex parte motion by Plaintiff William R. Kowalski ("Kowalski") for an order directing that exhibits A through I of his motion for attorney's fees be filed under seal. These exhibits are compilations of billing invoices related to the prosecution of Kowalski's suit against Ocean Duke.

Motions for attorney's fees are considered dispositive motions. See Estate of Conners v. O'Connor, 6 F.3d 656, 659 (9th Cir. 1993). For exhibits attached to a dispositive motion to be filed under seal, there must be "'compelling reasons' to support secrecy." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). "Compelling reasons" exist where "court files might . . . become a vehicle for improper purposes, such as the use of records to gratify

private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. at 1179 (internal quotations omitted).

Here, Kowalski claims that filing these documents under seal "is necessary and appropriate in order to prevent needless disclosure of the details of sensitive and highly confidential information regarding the research and other actions of legal counsel . . . ." (Mot. 3.) Kowalski further claims that "[t]o allow dissemination of this information would provide undue competitive advantage to others, including but not limited to attorneys or parties litigating against Plaintiff in other cases, or which may in the future litigate against, bid against, or compete with Plaintiff or its counsel." (Mot. 3.)

The Court finds that Kowalski has not met the compelling reasons standard required by Kamakana. Kowalski should be able to sufficiently redact his billing records to protect any information protected by attorney-client privilege. He has not shown how such redacted billing records could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," see Kamakana, 447 F.3d at 1179. The Court does not consider the billing records of Kowalski's counsel to be a "trade secret." Accordingly, Plaintiff's Ex Parte Motion to Seal is hereby DENIED. The exhibits Kowalski submitted for *in camera* review will be returned to Kowalski's counsel.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: January 30, 2008

Kowalski. v. Ocean Duke Corp., Civ. No. 04-00055 BMK; ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO SEAL EXHIBITS "A" TO "I" OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES.