LOUISE K. Y. ING            2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
Email:  ling@ahfi.com
         akirk@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
PAUL S. MARKS (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street. Suite 703
Los Angeles, California 90012
Telephone: (213) 625 -2625
Facsimile:  (213) 625-2650
Email: tneufeld@neufeldlawgroup.com
        pmarks@neufeldlawgroup.com

Attorneys for defendant OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. CV 04-0055 BMK <br><br> **DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO MOTION FOR PRE-JUDGMENT INTEREST, ETC.;** DECLARATION OF PAUL S. MARKS; EXHIBITS A-B; CERTIFICATE OF SERVICE |

131634.1

**DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO MOTION FOR PRE-JUDGMENT INTEREST**

**I.   INTRODUCTION.**

Ocean Duke opposes the motion for pre-judgment interest and costs on the following grounds.[1]

**II.   PRE-JUDGMENT INTEREST SHOULD FOLLOW THE TREASURY BILL RATE.**

Plaintiff accurately predicted that Ocean Duke would assert that the same interest rate required by statute for post-judgment interest should apply for pre-judgment interest as well.  That rate is the weekly average one-year constant maturity Treasury yield, as published by the Federal Reserve Board. (*See* Marks Decl., Exh. A.)

The determination of the prejudgment interest rate is a matter that is within the discretion of the trial court.  (*Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997) (holding that the U.S. Treasury bill rate, compounded annually, would adequately compensate plaintiff); *Bio-Rad Lab., Inc. v. Nicolet Instr. Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986).)  Many courts have awarded pre-judgment interest using the Treasury bill rate as adequate compensation.  (*Telemac Corp. v. US/Intelicom Inc.*, 185 F.Supp.2d 1084, 1102 (N.D. Cal. 2001) (awarding

---

[1]   Post-judgment interest is mandatory under 28 U.S.C. § 1961, and probably need not have been requested in this motion.

pre-judgment interest based on the one-year Treasury bill rate); *Schering Corp. v. Precision-Cosmet Co., Inc.,* 614 F.Supp. 1368, 1383-84 (D. Del. 1985) (pre-judgment interest at the Treasury bill rate compounded annually); *Hoechst Celanese Corp. v. BP Chemicals Limited*, 846 F.Supp. 542, 550-51 (S.D. Tex. 1994) (3-month average Treasury bill rate compounded quarterly is the appropriate rate to compensate a patentee for pre-judgment interest); *Century Wrecker Corp. v. E.R. Buske Mfg. Co., Inc.*, 913 F.Supp. 1256, 1283 (N.D. Iowa 1996) (awarding the Treasury bill rate as the appropriate rate).)

"The trial court has discretion both in deciding whether to award interest and in setting the rate." (*Joy Technologies, Inc. v. Flakt, Inc.*, 954 F. Supp. 796, 808 (D. Del. 1996) (awarding Treasury bill rate).)  The Federal Circuit has stated that "to justify a higher rate of interest, [patentee] would have to show a causal connection between any borrowing at a higher rate and the loss of the use of money as a result of the infringement." (*Laitram Corp. v. NEC Corp*., 115 F.3d 947, 955 (Fed. Cir. 1997); *Transco Products, Inc. v. Performance Contracting, Inc.*, 131 F. Supp. 2d 976, 982 (N.D. Ill. 2001) (awarding 52-week Treasury bill rate).)

Here, plaintiff has moved for higher rates of interest based on private agreements with lenders.  The problem with this theory of recovery is that, once again, it requires one plaintiff (Mr. Kowalski) to morph into another plaintiff (Hawaii International Seafood, Inc., or "HIS"), and vice-versa, in order to sustain

131634.1                                     2

their claim.[2]  This would be one thing if both plaintiffs had prevailed at trial, but plaintiff HIS *lost on all claims it brought.*  Thus, plaintiff (Mr. Kowalski) cannot credibly claim that he, personally, needed to borrow money at these high interest rates, except on account of dealings intimately involving his corporate entity -- which entity is clearly *not entitled* to pre-judgment interest at any rate of interest (or to any other recovery, for that matter).

Thus, plaintiff's motion by necessity makes repeated reference to HIS and its corporate borrowing, even though HIS is not bringing this motion, and cannot recover any amount of money from anyone.  For example, the motion contains the following references to HIS, among others:

> "The evidence at trial showed that Ocean Duke's infringement Financially weakened Plaintiff *and his company Hawaii International Seafood, Inc.*

(*See* Motion, at p. 6; emphasis added.)

> "Both he *and his company* were forced to borrow money at much higher than market or industry rates.

(*Id.*; emphasis added.)

---

[2]  The lender agreements are under seal, so Ocean Duke will not disclose their contents in this public filing, but rather will respectfully invite the court to review the agreements' terms to illustrate the point being made.

> "For example, in 2000, Plaintiff Kowalski was forced to borrow funds personally (which were put *into his company HISI*) . . . .

(*Id.*; emphasis added.)

> "Furthermore, Plaintiff ***Kowalski's company*** had to borrow money at a rate that exceeded prime plus 2 percent . . . ."

(*See* Motion, at p. 7; emphasis added.)

> "If Kowalski had the royalties from Ocean Duke throughout these years, he could have ***put that money into the company***, and avoided at least a corresponding amount of the loan at above-market/industry interest and the related personal guaranty, or at least could have avoided part of the personal loan, which averaged interest of 17-20% in the last years."

(*Id.*; emphasis added.)

In exercising the discretion to award interest, the district court must be guided by the purpose of pre-judgment interest, which is "to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." (*Bio-Rad Lab., Inc. v. Nicolet Instr. Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986).) "The purpose of pre-judgment interest is solely to compensate the patentee for the loss of the use of royalty income the patentee would have been paid." (*See, e.g., Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 846

F.Supp. 542, 550-51 (S.D.Tex.1994).  "Pre-judgment interest has no punitive, but only compensatory, purposes." (*Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996).)  As such, courts have typically declined to award a high rate that includes assumptions of risk that have nothing to do with the allegations of infringement.  (*See, e.g., Fonar Corp. v. General Elec. Co.*, 902 F.Supp. 330, 354 (E.D.N.Y.1995) (rates for U.S. Treasury bills); *Schneider (Europe) AG v. SciMed Life Systems, Inc.*, 852 F.Supp. 813 (D.Minn.1994) (rates for government securities); *Avco Corp. v. PPG Industries, Inc.*, 867 F.Supp. 84 (D.Mass.1994) (three month U.S. Treasury bill).)

Based on the foregoing, a risk-free rate is appropriate in this action.  Ocean Duke should not have to pay for Mr. Kowalski's business judgment, nor should it have to suffer burdens imposed by an entity -- HIS -- over which Ocean Duke prevailed on all claims at trial.  Awarding interest at a rate higher than the statutory rate governing post-judgment interest will do just that -- it will punish Ocean Duke, and reward Mr. Kowalski for his company's failings.  Ocean Duke respectfully urges that that not be allowed to happen.

### III.   EXPERT WITNESS FEES SHOULD NOT BE AWARDED.

A.   *Case Authority Does Not Support Recovery of Expert Fees.*

Plaintiff cites an obscure unpublished decision, *Eldon Indus., Inc. v. Vanier Mfg., Inc.* 1990 WL 160220 (C.D. Cal. Jan 8, 1990), for the proposition that expert

witness fees may be awarded in this case.  *Eldon* cited *Mathis v. Spears*, 857 F.2d 749 (Fed. Cir. 1988) in support of its holding.  But a review of the *Mathis* case shows that *Eldon* is inapplicable to the facts of this case.

The Court of Appeals in *Mathis* described, in painstaking detail, the vexatious and frivolous nature of the plaintiff's patent claims there, pointing out that Mathis's "course of conduct demonstrates a recklessness with regard to the truth, which justifies an award of attorneys' fees under the 'exceptional case' provision of 35 U.S.C. § 285."  (857 F.2d at p. 751.)  The Court went on (as did Mr. Mathis himself):  "[i]n the face of the irrefutable evidence of invalidity and unenforceability described above, and with not even a seeming semblance of a sense of shame, Mathis appealed."  (857 F.2d at p. 751-52.)  In the face of such vexatious and "shameless" litigation, the court found, in a rare case, that expert witness fees could be recovered.

*Mathis* and *Eldon* do not control here.  Plaintiff has not attempted to place the instant case within the factual confines of those cases, and could not even if he tried.  Ocean Duke respectfully submits that the facts of this case do not justify any deviation from the ordinary rule for recovery of expert witness fees set forth in 28 U.S.C. § 1821.

  B. *Most of Mr. Francom's Work Was Excluded From Evidence.*

As an added basis for refusing expert witness fee recovery, it must also be noted that the bulk of Mr. Francom's work was excluded from evidence.  His lost

131634.1  6

profits analysis was, naturally, geared solely toward Hawaii International Seafood, Inc., since only that company did business, and only that company allegedly lost profits. Certainly, that entity was not a prevailing party on any claim it brought, and hence could never recover its own expert witness fees.

Nor could Mr. Kowalski recover such lost profits damages, as that measure of damages was not available to him. It would difficult to review Mr. Francom's trial testimony without coming to the firm conclusion that the overwhelming majority of his work efforts were geared toward lost profits, a measure of damages that was removed from the jury's consideration. (*See* Marks Decl., Exh. B.) Under the circumstances, there is no basis for rewarding plaintiff with the recovery of fees above and beyond the standard statutory amount.

## IV.   CONCLUSION.

Ocean Duke concurs that, if the judgment is not overturned or vacated, then *post-judgment interest* should be awarded per statute.

Ocean Duke urges denial of the request for *expert witness fees*, since there is no solid basis for such extraordinary relief, and much of the expert work that was done was undertaken in the losing cause of lost profits.

Finally, as to *pre-judgment interest,* Ocean Duke respectfully requests application of the standard weekly average one-year constant maturity Treasury yield, as published by the Federal Reserve Board, because (1) that rate applies

for post-judgment interest, and (2) that rate is approved by numerous courts for pre-judgment interest.  Further, any higher rate will reward Mr. Kowalski beyond what is needed for reasonable royalties, and will punish Ocean Duke by requiring it to pay for the business failings of HIS -- a party over which Ocean Duke prevailed on *all claims for relief.*

      DATED:  Los Angeles, California, February 4, 2008.


      /s/ Paul S. Marks_____
      PAUL S. MARKS
      LOUISE K. Y. ING
      Attorneys for defendant
         OCEAN DUKE CORPORATION