CADES SCHUTTE LLP

MILTON M. YASUNAGA     3058-0
ALLISON MIZUO LEE      7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-0055 BMK <br><br> WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN LEO SANDAU AS AN INDISPENSABLE PARTY; DECLARATION OF WILLIAM R. KOWALSKI; DECLARATION OF MITLON M. YASUNAGA; EXHIBITS 1 - 4; CERTIFICATE OF SERVICE <br><br> <u>Hearing</u> <br> Date: March 14, 2008 <br> Time: 10:00 a.m. <br> Judge: The Hon. Barry M. Kurren <br><br> TRIAL: December 4 - 13, 2007 |

WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN LEO SANDAU AS AN INDISPENSABLE PARTY

I. INTRODUCTION

Defendant argues that Leo Sandau ("*Sandau*") is an indispensable party because he allegedly has an independent right to sue as an assignee of the Kowalski Patent. Defendant's erroneous contention that Sandau is an assignee is premised solely on a financing statement ("*Financing Statement*") recorded in the Bureau of Conveyances, State of Hawaii ("*Bureau*"), and with the United States Patent and Trademark Office ("*USPTO*"), and attached to the Motion as Exhibit "A."

As recognized by the Court in its February 29, 2008 denial (see Ex. 2 hereto) of the same motion in related litigation involving Mommy Gina Tuna Resources (MGTR), Jake Lu, etc., and as discussed in detail below, Plaintiff WILLIAM R. KOWALSKI ("*Kowalski*") did not assign any right to make, use or sell his invention to Sandau. Rather, a Loan Agreement executed on May 10, 2000, attached hereto as Exhibit 1, confirms that Kowalski pledged a 25% ownership interest in his patent **only as collateral** to secure monies loaned money by Sandau. As such, Sandau is not an assignee of the Kowalski Patent or any portion of it nor an indispensable party to this lawsuit. Defendant's motion to dismiss borders on frivolous and should be denied (This is especially so because, after the Court's

February 29, 2008 denial of the similar motion in the other litigation, Kowalski's counsel forwarded a copy of the Court's denial to Ocean Duke's counsel [one of whom – Ms. Ing – is also counsel for MGTR and Mr. Lu] and asked them to withdraw their motion, but they never bothered to respond). Exhibit 2 is a copy of the email forwarding to Ocean Duke's counsel the Court's denial of the Sandau Motion in the MGTR, Lu case. Exhibit A to the present Motion is the same Exhibit A to MGTR/Lu's Motion which was denied on February 29, 2008.

## II.  RELEVANT FACTUAL BACKGROUND

On or about May 10, 2000, Kowalski and Sandau executed a Loan Agreement ("***Loan Agreement***"). As security for the monies loaned by Sandau to Kowalski, Kowalski pledged **as collateral** a 25% interest in the Kowalski Patent. See Ex. 1 hereto at ¶ 2.i. (**"The loan will be secured by a 25% ownership share of your Patents . . . ."**).

To perfect Sandau's security interest, the Financing Statement was recorded in the Bureau on September 28, 2000. See Ex. A to Defendant's Motion at 4. As required by law, Exhibit "1" to the Financing Statement (page 6 of Ex. A is stamped at the top "EXHIBIT '1'" although the binding of the Motion may make it difficulty to see the top part of that page, and said Exhibit "1" should not be confused with Ex. 1 of this memorandum) provides the following description of the property that serves **as the collateral** covered by the Financing Statement:

> All right title and interest of William R. Kowalski in and to an undivided Twenty-Five Percent (25%) interest in United States Patent 5,972.401, issued October 26, 1999; Inventor William R. Kowalski; involving a process for manufacturing tasteless super-purified smoke for treating seafood to be frozen and thawed.

Id. at 6 ("Description of Collateral"). On October 3, 2000, a copy of the Financing Statement was recorded with the USPTO. See Ex. A at 1.

### III. ARGUMENT

Under patent law, an "assignment" giving a party standing to sue occurs when there is a transfer either of:

> (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States.

Waterman v. Mackenzie, 138 U.S. 252, 255 (1891). "Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement." Id.

Defendants say that Sandau is an assignee with standing to sue because Exhibit A allegedly gives Sandau an ownership interest in the Kowalski Patent. Defendants' interpretation of the legal effect of Exhibit A is wrong.

Neither Exhibit A, the Financing Statement, nor the Loan Agreement convey to Sandau the exclusive right to make, use or vend Kowalski's invention (nor (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States). It is clear

from the Loan Agreement (Ex. 1) that Kowalski and Sandau intended to create merely a security interest. See Kowalski Decl., dated 3/5/08, at ¶ 3. The Loan Agreement specifically states that "[t]he loan **will be secured by** a 25% ownership share of your Patents." See Ex. "1" at ¶ 2.i (emphasis added). The legal effect of the Loan Agreement and Financing Statement is to give Sandau a security interest in a portion of the Kowalski Patent -- the 25% ownership share mentioned in Exhibit "1" to the Financing Statement is merely the collateral to secure repayment of the loan. Neither the Loan Agreement nor the Financing Statement vests Sandau with an immediate ownership interest in any portion of the Kowalski Patent. See City Bank & Trust Co. v. Otto Fabric, Inc., 83 B.R. 780, 783-84 (D. Kan. 1988) (discussing cases distinguishing between the grant of a security interest from a present ownership right in the patent). **This fact is not changed by the fact that, as added payment for the loan, Kowalski agreed to pay Sandau a sum equal to a percentage of his net royalties and net damages collected from patent infringement suits – the right to contractually receive payments from the patent owner and arrangements to provide security for that right is far different from the status of a co-owner of a patent (which must involve ownership of, as held, e.g., in Waterman v. Mackenzie, 138 U.S. 252, 255** (1891), "(1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or

**share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States.").**

The purpose of a financing statement is to protect the secured party's interest in the collateral as against other creditors. See Hawaii Broadcasting Co., inc. v. Hawaii Radio, Inc., 82 Hawaii 106, 116, 919 P.2d 1018, 1028 (Haw. App. 1996) ("The purpose of perfection is to protect 'the secured party against creditors and transferees of the debtor [.]'"). Hawaii **law requires, among other things, a description of the collateral covered by the financing statement**; i.e. the financing statement must reasonably identify the collateral. See Haw. Rev. Stat. §§ 490:9-502 ("a financing statement is sufficient only if it . . . . (3) Indicates the collateral covered by the financing statement"), 490:9-504 ("A financing statement sufficiently indicates the collateral that it covers only if the financing statement provides: (1) A description of the collateral pursuant to section 490:9-108"), 490:9-108 ("a description of personal or real property is sufficient, whether or not it is specific, if it reasonably identifies what is described"). Exhibit "1" accomplishes just that. Exhibit "1" provides a description of the property that serves as the collateral covered by the Financing Statement; it is not an outright assignment. See Ex. A to Motion (at page 5 of 6) at ¶ 5 ("This Financing Statement covers the following types or items of property: All of the properties, rights and assets described in Exhibit "1" attached hereto and made a part

hereof.").

Furthermore, that the Financing Statement is recorded with the USPTO does not, as Defendants' appear to contend, transform it into an assignment. See Mot. at 6. Documents other than assignments are recordable "although they do not constitute a transfer or change of title." Manual of Patent Examining Procedures §313 ("313 Recording of Licenses, Security Interests, and other Documents Other Than Assignments") (Ex. 3). "Typical of these documents which are accepted for recording are … agreements which convey a security interest. Such documents are recorded in the public interest in order to give third parties notification of equitable interests or other matters relevant to the ownership of the patent." Id. **(Thus, Mr. Carl Crowell's representation to the Court at the February 29, 2008 hearing that recordations at the USPTO are only for assignments was a clear falsehood, and he was well aware of that because this same section of the Manual was cited in Kowalski's opposition memorandum in that case. Also, the USPTO's form (Ex. A at page 2 of 6) clearly shows that conveyances other than assignments are recordable at the USPTO, for under the Heading "Conveyance Type" that form contains 6 different boxes that can be checked off, including "Security Agreement" and "Other", and in this instance this box "Other" was checked off with the words "Financing Statement" being typed in next to that box. Exhibit B of the Motion also shows that the USPTO**

recognizes that Exhibit A records a financing statement rather than an assignment, because it states "Conveyance: Financing Statement". At the February 29, 2008 hearing, the Court asked what was the purpose of recording the security interest in the USPTO, and the Manual On Patent Examining Procedures at Section 313 provides the answer: "in order to give third parties notification of equitable interests or other matters relevant to the ownership of the patent." Patents have nationwide effect, so a person with a security interest in a patent understandably might want to give notice nationally at the USPTO, rather than merely rely on one state's Bureau of Conveyances. Furthermore, page 2 of Ex. A contains a box for several different types of conveyances.)

A security interest in a patent does not convey to its holder a present ownership interest in the patent or an independent right to sue for infringement. See Cybernetic Svcs, Inc. v. Matsco, 252 F.3d 1039, 1052 (9th Cir. 2001) ("a security interest in a patent that does not involve a transfer of the rights of ownership is a 'mere license'"); see also City Bank & Trust Co., 83 B.R. at 783-84. Here, while Defendants say that they face a substantial risk of incurring double obligations should Sandau decide to pursue an independent infringement claim, see Motion at 8, in addition to lacking standing, Sandau has never attempted to sue for infringement of the Kowalski Patent either independently or in connection with

Kowalski, nor does he claim entitlement to do so.  See Sandau Decl., dated 2/11/08, at ¶ 2 & 3 (copy attached as Exhibit 4 hereto).  Defendants' alleged fear of "duplicative or needless litigation" is not warranted.

## IV.   CONCLUSION

For the foregoing reasons, the Motion should be denied.  Sandau is not an assignee with standing to sue for infringement, nor an indispensable party to this action.

DATED:  Honolulu, Hawaii, March 5, 2008.

CADES SCHUTTE LLP

/s/ Milton M. Yasunaga
MILTON M. YASUNAGA
ALLISON MIZUO LEE
Attorneys for WILLIAM R. KOWALSKI
and HAWAII INTERNATIONAL
SEAFOOD, INC.