IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | CIVIL NO. 04-00055 BMK |
| Plaintiffs, | **DECLARATION OF MILTON M. YASUNAGA** |
| v. | |
| OCEAN DUKE CORPORATION, | |
| Defendant. | |

## <u>DECLARATION OF MILTON M. YASUNAGA</u>

I, Milton M. Yasunaga, hereby declare:

1.     I am a member of Cades Schutte, LLP, counsel for Plaintiff William

R. Kowalski ("*Plaintiff*").

2.     I make this declaration based upon my personal knowledge, unless

otherwise stated, and am competent to testify to the facts related herein.

3.     At no time during settlement negotiations did Plaintiff or I, on

Plaintiff's behalf, demand any money amounts as compensation for Ocean Duke's

violation of his "CRYOFRESH" trademark.

4.     Based on my personal experience in this case, I believe that there was

little to no overlap in the legal and factual issues involved in the patent and

trademark claims. I find it very difficult to believe that Ocean Duke's counsel devoted 20% to 25% of their overall time on the trademark issues. Neither Plaintiff nor Ocean Duke filed any pre-trial motions that raised issues related to the trademark claim, and discovery into issues related to the trademark claim were minimal in comparison with the patent infringement claim. Therefore, in my estimation and based on a review of the back-up for its fee request, Ocean Duke likely spent very little time defending against the trademark claim.

5.      Attached hereto as Exhibit "A" is a true and correct copy of the United State Patent and Trademark Office registration for CRYOFRESH, which was admitted into evidence as Trial Exhibit 62.

6.      Attached hereto as Exhibit "B" is a true and correct copy of the cover page and pages 33, 34, 36, 37 and 142-43 of the transcript of William Kowalski's trial testimony given on December 6, 2007.

7.      Attached hereto as Exhibit "C" is a true and correct copy of the Giant supermarket label for Ocean Duke's Cryo-freeze product which was admitted into evidence as Trial Exhibit 103.

8.      Attached hereto as Exhibit "D" is a true and correct copy of the cover page and pages 15 and 16 of the partial transcript of the proceedings held on December 11 and 12, 2007 regarding Defendant's Motions.

9.    Attached hereto as Exhibit "E" is a true and correct copy of the cover page, table of contents, and pages 3 and 5 (with confidential specific financial numbers redacted) of the July 16, 2007 damage report of David B. Francom, which was served upon Ocean Duke's counsel on that date, and which shows that the only damages asserted are damages for patent infringement.

10.    Attached hereto as Exhibit "F" is a true and correct copy of my September 21, 2007 email to counsel for Ocean Duke, attaching Plainitff's settlement offer, and explaining that the cash amount demanded in the settlement offer is the single lost profit damage amount stated in Mr. Francom's report, which, as shown in that report, concerns only patent infringement damages. Further settlement offers were very substantial reductions of this single lost profit patent infringement damage amount.  Ocean Duke also knew early on that Plaintiff was not seeking damages for trademark infringement because Ocean Duke prevented such a possibility by failing to provide in response to document requests any documents mentioning the name "Cryo-Freeze" or any accounting or other information indicating the amount of sales involving that name (the only documents in the case mentioning the name "Cryo-Freeze" were photos of examples of box and package labels that Plaintiff obtained on its own from a supermarket and cold storage facility).

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, March 5, 2008.

/s/ Milton M. Yasunaga
**MILTON M. YASUNAGA**