```
 1              IN THE UNITED STATES DISTRICT COURT.
 2                   FOR THE DISTRICT OF HAWAII
 3
 4   WILLIAM R. KOWALSKI and        ) CIVIL NO. 04-00055BMK
     HAWAII INTERNATIONAL           )
 5   SEAFOOD, INC.,                 ) Honolulu, Hawaii
                                    ) December 11, 2007
 6              Plaintiff,          ) December 12, 2007
                                    )
 7         vs.                      ) PARTIAL TRANSCRIPT
                                    ) DEFENDANT'S MOTIONS
 8   OCEAN DUKE CORPORATION,        )
                                    )
 9              Defendant.          )
     _____)
10
              PARTIAL TRANSCRIPT OF JURY TRIAL
11       BEFORE THE HONORABLE BARRY M. KURREN,
            UNITED STATES MAGISTRATE JUDGE
12
13   APPEARANCES:

14   For the Plaintiff:      MILTON M. YASUNAGA
                             ALLISON MIZUO LEE
15                           Cades Schutte LLP
                             1000 Bishop St., Ste. 1200
16                           Honolulu, Hawaii  96813-4216

17   For the Defendant:      LOUISE K.Y. ING
                             Alston Hunt Floyd & Ing
18                           1800 ASB Tower
                             1001 Bishop Street
19                           Honolulu, Hawaii  96813

20                           PAUL MARKS
                             Neufeld Law Group
21                           360 East 2nd Street, Ste. 703
                             Los Angeles, California 90012
22
     Official Court          GLORIA T. BEDIAMOL, RPR, RMR
23   Reporter:               United States District Court
                             P.O. Box 50131
24                           Honolulu, Hawaii 96850

25   Proceedings recorded by machine shorthand, transcript produced
     with computer-aided transcription (CAT).
```

**EXHIBIT "D"**

1

```
 1                PARTIAL TRANSCRIPT
 2                DECEMBER 12, 2007
 3           THE COURT:  Let me -- let me say first -- well,
 4   probably I ought to get appearances for the record.
 5           MR. YASUNAGA:  Good afternoon.  Milton Yasunaga and
 6   Allison Mizuo Lee for William Kowalski.
 7           THE COURT:  Good afternoon.
 8           MR. MARKS:  And good afternoon.  Paul Marks and Louise
 9   Ing for Ocean Duke Corporation.
10           THE COURT:  Good afternoon.
11           Let me at the outset rule on the one motion that I
12   took under advisement, and actually to expand on that motion.
13   So there was a motion made with respect to damages.  And I
14   think the -- the sense of that motion or the -- or the reason
15   for that motion was to seek a dismissal of the -- of the
16   trademark claim.  And we went through some extensive discussion
17   off the record concerning this.
18           And I believe the parties, you know, are in agreement
19   that you do not necessarily have to have proof of damages for a
20   trademark claim to be sustained.  The Court can -- can order
21   equitable relief.
22           But I have given this matter a good deal of thought.
23   And I have reviewed the jury instructions that have been agreed
24   to or at least those that have been proposed and have been
25   tentatively agreed to on the trademark claim and on the unfair
```

1  competition claim and on the deceptive business practices
2  claim. And I have concluded that those claims cannot stand as
3  a matter of law.
4      So that I am on my own under Rule 50 granting a
5  judgment as a matter of law on the trademark claim, on the
6  unfair competition claim and on the deceptive business
7  practices claim. I find that as a matter of law no reasonable
8  jury can find in favor of plaintiff on these claims.
9      As I'm sure you are well aware, there must be more
10 than just a scintilla of evidence in order for a jury to
11 consider these claims. While it is true Mr. Kowalski did
12 testify concerning a couple of calls or some calls, this was
13 made to him in which people expressed some -- you know, I hate
14 to say confusion because I'm not even sure exactly what it is
15 they told him. I mean certainly this is hearsay information to
16 begin with, but beyond that we didn't get any specific
17 information about what kind of confusion, if there was, that
18 existed between the Cryofresh and Cryofreeze identification or
19 the -- or the terms, I should say.
20     So that I find in looking at the elements of a
21 trademark claim that there is really no evidence, certainly not
22 sufficient evidence, on actual confusion and the other elements
23 that would have to be established when you examine closely the
24 instructions that are being proposed on the trademark claim.
25     Moreover, I find that no harm to the plaintiff has