THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

WILLIAM R. KOWALSKI and

HAWAII INTERNATIONAL SEAFOOD, INC.

v.

OCEAN DUKE CORPORATION

Case No.: CV0400055 DAE BMK

EXPERT REPORT

by

DAVID B. FRANCOM, MS, PHD (ABD)

July 16, 2007

SUBJECT TO PROTECTIVE ORDER

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit "E"

*Hawaii International v. Ocean Duke*  
*Expert Report of David B. Francom*  
*July 16, 2007*

*Subject to a Protective Order*  
*Highly Confidential-Attorneys' Eyes Only*

I. INTRODUCTION ........................................................................................................... 3
II. EXECUTIVE SUMMARY .............................................................................................. 3
   Table 1- Lost Profit & Alternative Reasonable Royalty Damage Calculations ............ 4
III. EXPERT QUALIFICATIONS ........................................................................................ 4
IV. OVERVIEW .................................................................................................................... 5
V. STATEMENT OF OPINIONS ........................................................................................ 7
   Table 2 – Lost Profit Damages ........................................................................................ 7
VI. BASES FOR OPINIONS ................................................................................................ 8
   A. Opinion 1 – Damage Period ..................................................................................... 9
   B. Opinion 2 – Ocean Duke's Infringing Sales ............................................................. 9
   C. Opinion 3 – HIS' Lost Profit Damages ................................................................... 10
      i. Demand for the Patented Product ........................................................................ 10
      ii. Non-Infringing Alternatives ................................................................................ 12
      iii. Capacity ................................................................................................................ 13
      iv. Accounting of Profit ............................................................................................ 14
         a. Two-Supplier Market ..................................................................................... 15
         b. Multi-Supplier Market ................................................................................... 16
   Table 3 – Tasteless Smoke Market Share .................................................................... 17
   D. Opinion 4 – Alternative Reasonable Royalty Damages ......................................... 18
   E. Opinion 5 – Prejudgment Interest ............................................................................ 27
IX. SUMMARY ................................................................................................................... 27

*Hawaii International v. Ocean Duke*  
*Expert Report of David B. Francom*  
*July 16, 2007*

*Subject to a Protective Order*  
*Highly Confidential–Attorneys' Eyes Only*

## I. INTRODUCTION

1. Campos & Stratis, LLC has been retained by the law firm of Cades Schutte, LLP on behalf of Hawaii International Seafood, Inc., and William Kowalski (herein referred to as "HIS"), to provide an opinion of damages arising from the alleged infringement of U.S. patent 5,972,401 (the '401 patent) titled, *"Process for Manufacturing Tasteless Super-Purified Smoke for Treating Seafood to be Frozen and Thawed"* by Ocean Duke Corporation (herein referred to as "Ocean Duke"). This report is based on information available as of the date of this report and contains my preliminary findings. My research and analysis are continuing and I reserve the right to amend or supplement my findings if additional information leads me to change my opinions. To prepare this report, I have assumed that the '401 patent is valid and enforceable and that Ocean Duke infringed certain claims of the '401 patent. This report is subject to a protective order and all information contained herein is highly confidential and designated attorneys' eyes only.

## II. EXECUTIVE SUMMARY

2. In the event that Ocean Duke is found to have infringed the '401 patent, it is my opinion that the proper measure of lost profit damages is $     in a two-supplier market analysis and $     in a multi-supplier market analysis. I also calculate prejudgment interest at $     and $     for the two-supplier and multi-supplier markets, respectively.

3. In addition, I was asked to calculate an alternative measure of HIS' damages based on the reasonable royalty approach, which is often referred to as a floor of patent infringement damages. Accordingly, in my opinion, the proper measure of reasonable royalty damages ranges from $     to $     . *Table 1* summarizes HIS' lost profit and alternative reasonable royalty damages.

*Hawaii International v. Ocean Duke*  
*Expert Report of David B. Francom*  
*July 16, 2007*

*Subject to a Protective Order*  
*Highly Confidential-Attorneys' Eyes Only*

Forensic Economics. I hold a Master of Science degree and a Ph.D. (ABD) in Economics from the University of Utah. My curriculum vita is included in this report at **Exhibit A**.

6. Campos & Stratis' hourly billing rates are included at **Exhibit B**. During the course of my investigation, I have reviewed license agreements, sales summaries, sales invoices, government agency documents, pleadings, and financial information produced by the parties to this litigation, as well as information independently researched by my staff and me. A list of the documents received and information obtained through research is included with this report at **Exhibit C**.

7. For this report, I have been asked to calculate damages sustained by HIS as a result of Ocean Duke's alleged infringement of the '401 patent. I understand that Hawaii International claims Ocean Duke infringed the '401 patent because it "imported, offered to sell, or sold fish processed with tasteless smoke, and is continuing to do so." [2]

## *IV. OVERVIEW*

8. The following is an overview of companies involved in and events leading up to this litigation. This overview is not intended to be testimony regarding the factual background of the case, but rather to provide a context for my opinions that follow this section of the report.

9. *Hawaii International* – I understand Hawaii International Seafood, Inc., owned by Bill Kowalski, is located in Honolulu, Hawaii and imports seafood products into the United States. [3] I am aware that Mr. Kowalski developed a tasteless smoke process for preserving fish for which the US Patent Office, on October 26, 1999, issued Patent No. 5,972,401 titled, *"Process for Manufacturing Tasteless Super-Purified Smoke for Treating Seafood to be Frozen and Thawed."* Further, I understand Mr. Kowalski coined the term "tasteless smoke" to describe the process.

10. I am apprised that by the time Mr. Kowalski received his patent (over two years after he began publicizing his tasteless smoke technology), many people were selling what they described to the government and consumers as tasteless smoked fish. Mr. Kowalski sent out notices of infringement beginning in 2000, and initiated infringement litigation over the ensuing years. [4] It is my understanding

---

[2] Complaint, HIS v. Ocean Duke, January 27, 2004, page 3. See Exhibit P.1.

[3] Hawaii International 2005 Tax Return. See Exhibit Q.6.

[4] Declaration of William R. Kowalski, p.6. Document number K86034. See Exhibit P.2.

Campos & Stratis, LLC                                Page 5 of 28