IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>Plaintiffs, <br><br>v. <br><br>OCEAN DUKE CORPORATION, <br><br>Defendant. | CIVIL NO. 04-00055 BMK <br><br>DECLARATION OF MILTON M. YASUNAGA |
|---|---|

## DECLARATION OF MILTON M. YASUNAGA

I, Milton M. Yasunaga, hereby declare:

1. I am a member of Cades Schutte, LLP, counsel for Plaintiff William R. Kowalski ("*Plaintiff*").

2. I make this declaration based upon my personal knowledge, unless otherwise stated, and am competent to testify to the facts related herein.

3. Attached hereto as Exhibit "Z" is a true and correct copy of the cover page and page 41, of the transcript of Duke Lin's trial testimony given on December 7, 2007.

ImanageDB:834853.5

4. Attached hereto as Exhibit "AA" is a true and correct copy of a listing in the Los Angeles Business Journal indicating that Ocean Duke Corp. was ranked as the 62nd largest business with revenue of nearly $200 million.

5. The Court held settlement conferences shortly prior to trial. Plaintiff did not at any time during these conferences insist on a $7 million settlement. Plaintiff offered to accept much less than the jury award.

6. Despite my requests for information and documents regarding Ocean Duke's sales of the infringing product (both in formal discovery and informal correspondence with Ocean Duke's counsel), Ocean Duke produced no financial statements, accounting reports, or tax returns. Attached hereto as Exhibit "AB" is the extensive email string between myself and Ocean Duke's counsel showing how I chased after Ocean Duke for these documents for over a year. After the Stipulated Order Compelling Discovery From Ocean Duke Corporation entered on October 25, 2006, Ocean Duke finally produced the 30,000 documents referred to in this Motion, but as explained in the email from me to Marks, dated May 2, 2007, which is attached as Exhibit "L" to the Motion, these documents covered only the year 2003 and most of them concerned products such as squid and untreated mahimahi (which were not alleged to be infringing). Information from those invoices had to be painstakingly separated into treated and non-treated fish and then hand-inputted into Excel spreadsheets by Plaintiff because Ocean Duke

refused to provide accounting reports, and those invoices still only gave information for 2003, and those 2003 invoices indicated that the one page summary (Ex. P) provided by Ocean Duke severely understated actual sales of infringing product because the total from adding up the invoices was far greater than the amount indicated for 2003 on the one page summary.

7. Attached hereto as Exhibit "AC" is a true and correct copy of the cover page and pages 47-48 and 72-77 of the trial testimony of Dr. Wayne Iwaoka given on December 7, 2007.

I declare, verify, certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, March 5, 2008.

/s/ Milton M. Yasunaga
**MILTON M. YASUNAGA**