-----Original Message-----
From: Milton Yasunaga
Sent: Wednesday, November 08, 2006 2:10 PM
To: 'Paul S. Marks'
Subject: RE: Ocean Duke: Got your phone message a week ago but haven't received anything yet. Is it really coming?

Got your phone message a week ago but haven't received anything yet.  Is it really coming?

-----Original Message-----
From: Milton Yasunaga
Sent: Wednesday, November 01, 2006 10:07 AM
To: 'Paul S. Marks'
Subject: Ocean Duke: Called you, but you weren't available. I haven't received the discovery promised so I will have to move for sanctions.

-----Original Message-----
From: Milton Yasunaga
Sent: Monday, October 23, 2006 9:51 AM
To: 'Paul S. Marks'
Subject: RE: Kowalski/Ocean Duke - because of Ocean Duke's failure to produce requested documents, the stipulated order to compel will be filed, but I agree not to move for sanctions until next week Wednesday in order to give Ocean Duke one final chance to produce

-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Monday, October 23, 2006 9:39 AM
To: Milton Yasunaga
Subject: Kowalski/Ocean Duke

Milton, this confirms that you agreed with me that you would not seek discovery sanctions against Ocean Duke so long as Ocean Duke complies with its discovery obligations by the close of business on Tuesday, October 31, 2006.  After we reached this agreement, you then called back to indicate that you would go ahead and file with the court the stipulation that we had earlier entered into, subject to your agreement to allow Ocean Duke to comply with your requests, and not to seek sanctions, before the date set forth above.

Please let me know if this does not comport with our agreement.

Paul

**EXHIBIT AB**

Paul S. Marks, Esq.
Neufeld Law Group

-----Original Message-----
From: Milton Yasunaga
Sent: Friday, October 20, 2006 7:57 AM
To: 'Paul S. Marks'
Subject: RE: Ocean Duke -- I think it's time to file the order and move on it.

Call me.

-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Thursday, October 19, 2006 6:53 PM
To: Milton Yasunaga
Subject: RE: Ocean Duke -- I think it's time to file the order and move on it.

Milton:

I am only now back in office, and since it is too late to call I will call you tomorrow. Believe me, I understand your frustration, but I am sure this can be worked out to your satisfaction without the need for court intervention.

I will call Friday.

Paul

-----Original Message-----
From: Milton Yasunaga [mailto:myasunaga@cades.com]
Sent: Thursday, October 19, 2006 9:37 AM
To: Paul S. Marks
Subject: RE: Ocean Duke -- I think it's time to file the order and move on it.

You last left me a message on Oct 4 promising that your client was getting the documents, so another two weeks have passed with nothing. Seems your client isn't taking this seriously and the Court needs to make things clear for your client.

-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Thursday, October 19, 2006 4:10 AM
To: Milton Yasunaga
Subject: RE: Ocean Duke -- I think it's time to file the order and move on it.

Milton -- I will give you  a call later today on this.  Paul

-----Original Message-----
From: Milton Yasunaga [mailto:myasunaga@cades.com]
Sent: Saturday, October 14, 2006 2:14 AM
To: Paul S. Marks
Subject: RE: Ocean Duke -- I think it's time to file the order and move on it.

-----Original Message-----
From: Milton Yasunaga
Sent: Friday, October 13, 2006 10:38 AM
To: 'Paul S. Marks'
Subject: RE: Ocean Duke -- docs sent two weeks ago weren't nearly enough and we have received nothhing in the two weeks since

Paul, you haven't sent anything in the two weeks since you sent me a copy of Kowalski's own file history, and before that all you sent were 200 pages total.  When is the rest coming?

-----Original Message-----
From: Milton Yasunaga
Sent: Thursday, September 28, 2006 11:52 PM
To: 'Paul S. Marks'
Subject: RE: Ocean DukeThe documents just sent weren't nearly enough

All I got this week was a copy of Kowalski's own patent file history, which was not very informative.

-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Friday, September 22, 2006 1:16 PM
To: Milton Yasunaga
Subject: RE: Ocean DukeThe documents just sent weren't nearly enough

Milton, thank you for this.  We have another several hundred documents we are bates-stamping today and sending to you by fed ex either today or Monday.  We will also have additional documents by mid-week next week. Thank you for your courtesy and cooperation as we proceed with our "rolling production" of documents.

Paul

-----Original Message-----
From: Milton Yasunaga [mailto:myasunaga@cades.com]
Sent: Tuesday, September 19, 2006 8:14 PM
To: Paul S. Marks
Cc: Timothy L. Neufeld
Subject: Ocean DukeThe documents just sent weren't nearly enough

The documents you just sent weren't nearly enough -- they bring your total production to only around 200 pages.  They consisted of a few pages of merely self-serving conclusory correspondence by a law firm, based upon assumed facts which seem to us to be false (and which facts we deserve to do discovery into), and ignore virtually all the requests.

1.  I thought from your comments when you said documents would be coming within a week that I was going to get accounting reports of purchases and sales with the detail I asked for, including revealing other suppliers, names of customers, prices per pound for each cut and species, pounds invovled in each purchase or sale, dates of sale, etc. (see point 2 in my July 21 6:18 pm email below re supplemental interrogatory answers and point F in the attached July 21 document re document production).
2.  Also very important and totally missing is correspondence (and customer requests for proposals, product specifications, etc. and responses thereto) with Ocean Duke's customers and prospective customers (e.g., including but not limited to Ahold), to show what the customers were asking for and what Ocean Duke was saying it was giving them.  Also needed is correspondence with Ocean Duke's suppliers, and Yelin and Ever Hope about fish treated for color retention.  See points B and L of the attached document.
3.  I asked for documents regarding Ocean Duke's supplier getting onto and being on the National Marine Fisheries yearly list of facilities that treat their fish with tasteless smoke (in later years described as treated with "filtered smoke"), including the letters from the NMFS certifying the factory as approved by NMFS for processing with tasteless smoke (and in later yers (filtered smoke").  That would certainly shed light on what that supplier was telling the government about its process.  See point 1 of the July 21 email and point J in the attached documents. 4.  Ocean Duke must have more documents regarding labeling, advertising, promotional materials, product lists describing its fish treated for color retention and correspondence regarding such matters -- I know Ocean Duke labeled its documents as treated with tasteless smoke and filtered smoke, yet you have not provided any such documents.  See point E of the attached documents. 5.  We might not need all purchase and sale invoices and import documents if we have accounting reports that show the sales and purchses reliably and in sufficient detail, but we at least need representative samples over time, especially any which use the terms "tasteless smoke", "filtered smoke", "smoke", "Cryofreeze", etc.  See points M and K of the attached document. 6. Point A of the attached document asks about dealings with the government, including sanctions, etc. re falsely selling Basa as grouper, and product rejections. 7.  You need to produce documents concerning the name "Cryofreeze or the name "Cryofresh" - see point K of the attached document. 8.  We need documents that will explain Ocean Duke's related entities, such as owners, affiliates, parent, subsidiaries, Ever Hope, PT Intisamudera Citra Perkasa, Yelin Enterprise, and the roles of Duke Lin and Roger Lin in Ocean duke's dealing with fish treated for color retention.  See point L of attached document. 9.  See the other points in the attached July 21 document and point 1 in attached July 21 email.

Please let me hear from you right away and please produce more documents within the week or I will file the stipulated order.

-----Original Message-----
From: Milton Yasunaga
Sent: Thursday, August 31, 2006 9:57 AM
To: Paul S. Marks; 'Timothy L. Neufeld'
Subject: Ocean Duke's continuing failure to produce documents in accordance with order compelling discovery - I will need to seek sanctions

Gentlemen:  The non-responsiveness of Ocean Duke to discovery continues in a fashion and for a duration that are appropriately described as ridiculous.  Paul never contacted me despite Tim's email below saying he would, and there is still no indication that Ocean Duke is going to do anything to make up for its shortcomings in discovery (see my attached July 21 letter and my July 21 email below, among other things).  I don't think you can blame me for submitting the stipulated order and then seeking sanctions, including default and attorneys' fees and costs.

-----Original Message-----
From: Milton Yasunaga
Sent: Friday, August 18, 2006 11:26 AM
To: 'Timothy L. Neufeld'
Cc: Paul S. Marks
Subject: RE: Ocean Duke documents - need to be produced

Please press your client to cooperate.  Other defendants have produced many boxes.

-----Original Message-----
From: Timothy L. Neufeld [mailto:TNeufeld@neufeldlawgroup.com]
Sent: Friday, August 18, 2006 11:01 AM
To: Milton Yasunaga
Cc: Paul S. Marks
Subject: RE: Ocean Duke documents - need to be produced

Paul has been out of the office and unable to respond to your email and I apologize for that. I will see him on Monday and one of us will respond at that time. I do know that Paul has been in touch with Ocean Dule about the documents.

Timothy L. Neufeld

-----Original Message-----
From: Milton Yasunaga
Sent:  Wednesday, August 16, 2006 9:17 AM
To:      'Paul S. Marks'
Cc:      'Timothy L. Neufeld'
Subject:      Ocean Duke documents - need to be produced

You are doing the same thing you did for many months -- tell me you will talk to Ocean Duke about it producing its documents, then nothing gets done. Are documents coming within the next week or should I file the order compelling discovery?

-----Original Message-----
From: Milton Yasunaga
Sent: Tuesday, August 08, 2006 9:35 AM
To: 'Paul S. Marks'
Cc: 'Timothy L. Neufeld'
Subject: RE: ocean duke

I am trying not to create World War III, but I think you understand my situation -- the 151 pages is woefully inadequate and unless Ocean Duke is much more cooperative soon regarding production of documents, I won't have any choice but to complain to the court.

-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Tuesday, August 08, 2006 8:24 AM
To: Milton Yasunaga
Subject: ocean duke

Milton:

Without admitting any of the allegations you have made, Tim Neufeld and I are talking to the client today, and will have a date for a further response for you after that conversation.

Paul

Paul S. Marks, Esq.

-----Original Message-----
From: Milton Yasunaga
Sent: Wednesday, August 02, 2006 10:40 AM
To: 'Paul S. Marks'
Cc: 'Timothy L. Neufeld'
Subject: RE: Letter re Ocean Duke's failure to produce documents in accordance with order compelling discovery

Please respond. Of course, what I want is the documents that were requested. I just got a motion to compel granted against a party that produced 8500 pages, which shows your 151 pages is clearly inadequate.

-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Wednesday, July 26, 2006 3:24 PM
To: Milton Yasunaga
Subject: RE: Letter re Ocean Duke's failure to produce documents in accordance with order compelling discovery

Milton:

I have been tied up on other matters, but I did get your e-mails.  We will respond to you next week. Thank you,

Paul
-----Original Message-----
From: Milton Yasunaga
Sent: Friday, July 21, 2006 6:18 PM
To: 'Paul S. Marks'; 'Timothy L. Neufeld'
Subject: Letter re Ocean Duke's failure to produce documents in accordance with order compelling discovery [see attached letter]

-----Original Message-----
From: Milton Yasunaga
Sent:  Friday, July 21, 2006 2:37 PM
To:     'Paul S. Marks'
Cc:     'Timothy L. Neufeld'
Subject:     Ocean Duke's Supplement still did not properly answer the interrogatories

1.  Ocean Duke needs to supplement its answer to Interrogatory 1.

Ocean Duke said in its answer to Interrogatory 1 that "Ocean Duke purchases fish treated for color retention from PT Inti Samudera Citra Perkasa", but we need to know who are the other suppliers of fish treated for color retention and we need interrogatory answers (and
documents) as to fish from those suppliers (including, e.g., treatment details, and details of the type called for by Interrogatory 2).

Ocean Duke said "All known packaging and labeling of the treated fish use the terms 'carbon monoxide (added as a preservative to promote color retention)' ..." but that answer is clearly false since Ocean Duke's answer to Interrogatory 5 states "Ocean Duke Corporation has used the terms 'processed smoke,' 'filtered smoke,' ... in the ingredient section of its fish ...."  Please correct the error.  Also, Ocean Duke's supplier got onto the USDC's list of tasteless smoke facilities, and didn't Ocean Duke pass on to customers and prospective customers the letter from the USDC which stated that Ocean Duke's supplier was certified as an approved tasteless smoke facility?

2.  Ocean Duke needs to supplement its response to Interrogatory No. 2.

Ocean Duke provided annual totals only, but more breakdown is needed because Interrogatory No. 1 calls for information about "each" of Ocean Duke's U.S. sales of fish treated or processed with smoke or carbon monoxide for color retention or enhancement.  Please provide information about each sale of such fish, including the supplier, the customer, the specie, the product type (cut and/or size description, such as "saku", "10 oz tuna steaks", "tuna poki cubes," etc.), the price per pound for each cut or size, the total pounds for each cut or size involved in that sale, the revenue for that sale, the costs of each type of good for that sale, how each sale was described/labeled, treatment method, the date of the sale.

Even as to the annual summaries, more detail is needed, such as what percentages of the pounds, revenues, costs of goods are related to each customer, to each cut/size of fish, and to each supplier.

Your Annual Sales chart lists "overhead and expenses" -- please provide a breakdown and explanation of what expenses are included there and how they were determined/allocated.

A large company such as Ocean Duke must have computerized means of making the above information available, and our document requests ask for such computerized information in electronic form so that our expert can work with the information for his report, so please produce the requestsed information in electronic form.

3.  Let me hear from you re the above.  Thank you.

-----Original Message-----
From: Milton Yasunaga
Sent:  Thursday, July 20, 2006 11:50 AM
To:    'Paul S. Marks'
Cc:    'Timothy L. Neufeld'
Subject:       151 page production of docuemnts by Ocean Duke was woefully insufficient

I was very disappointed, to say the least in Ocean Duke's production of documents -- the 151 page production of documents by Ocean Duke last week was woefully insufficient.  I waited over a year for the docuemnts, and granted numerous extensions in the expectation of getting a decent production of documents.  If only 151 pages were gong to be produced, there would not have been a need for Ocean Duke to ask for weeks and weeks of more time.  I believe both sides had in mind a much more extensive production.  Many categories of documents reqeusted were not produced at all.  Please let me know what Ocean Duke is doing to supplement its production of the 151 pages and when that supplementation will be made.  I will hold

off on filing the stipulated order for a short while, but the 151 pages does not meet the requirement for avoiding filing of the order.

-----Original Message-----
From: Milton Yasunaga
Sent: Wednesday, June 28, 2006 8:11 AM
To: 'Paul S. Marks'
Subject: RE: Ocean Duke: Stipulated order compelling discovery -

Thanks for acting on this.  I'm not sure I'm completely comfortable with the added paragraph, but I won't fight it right now.  The main thing is that the information and documents get produced.

-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Wednesday, June 28, 2006 5:57 AM
To: Milton Yasunaga
Subject: RE: Ocean Duke: Stipulated order compelling discovery -

Here is the stip -- I added a paragraph which I hope you will find acceptable.  I still don't understand the difference between para 3 and para 1; seems to me like they are talking about the same thing.  Anyway, we'll get the responses to you next week per the stip.  Thanks, Paul

------------------------------------------------------------
From: Milton Yasunaga [mailto:myasunaga@cades.com]
Sent: Tuesday, June 27, 2006 8:45 PM
To: Paul S. Marks; Timothy L. Neufeld
Subject: RE: Ocean Duke: Stipulated order compelling discovery -- I gave you even more time, but this is ridiculous -- I need action now-still haven't heard from you-call me in the morning

still haven't heard from you-call me in the morning

-----Original Message-----
From:  Milton Yasunaga
Sent:  Tuesday, June 27, 2006 10:04 AM
To:    'Paul S. Marks'; 'Timothy L. Neufeld'
Subject:    Ocean Duke:  Stipulated order compelling discovery -- I gave you even more time, but this is ridiculous -- I need action now

 << File: 575943_2.DOC >> I appreciate your cooperation re getting the case reassigned to a different trial judge and getting a new trial date, but you really need to move on the stipulated order compelling discovery that you suggested.  I modified it on Monday to give you more time and I modified it again today to give you even more time, and I can't keep doing that.  The delays and extensions that have occurred are

ridiculous. Have the stipulated order signed and returned to me for filing within 24 hours from now or agree within that time to a briefing schedule for expedited court assistance with discovery -- I propose a briefing schedule in which I will have my letter brief into the court by the end of tomorrow and you have your responding brief by the end of this Friday. Not much time should be needed in light of the long history of this problem and the fact that Ocean Duke hasn't produced any documents and any interrogatory answers.

-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Monday, June 26, 2006 11:23 AM
To: Milton Yasunaga
Cc: Timothy L. Neufeld
Subject: RE: 6/26: New Ocean Duke trial date - please respond quickly

The weeks of June 5 or June 12 are acceptable. We will get back to you on the stipulation. PSM

From: Milton Yasunaga [mailto:myasunaga@cades.com]
Sent: Monday, June 26, 2006 10:44 AM
To: Paul S. Marks
Cc: Timothy L. Neufeld
Subject: 6/26: New Ocean Duke trial date - please respond quickly

Another reminder -- please send an email saying what dates are okay for you re continuance of trial as I requested last week. Also, you need to sign the stipulated order you suggested re discovery or I'll have to go to the court (I modified the stip to give you even more time).

-----Original Message-----
From: Milton Yasunaga
Sent: Wednesday, June 21, 2006 4:19 PM
To: 'Paul S. Marks'; 'Timothy L. Neufeld'
Subject: Stipulated order re Ocean Duke

<< File: 575943_2.DOC >> We still need to get the stipulated order or I will have to move to compel. I adjusted the dates to give you an additional week. Please sign this so I can get it submitted. Of course, please work to meet the now extended deadlines. Call me tomorrow to also talk about the new trial date. It looks like we have to now look at April or May because Judge Kurren is tied up in March.

-----Original Message-----
From: Milton Yasunaga
Sent: Tuesday, June 13, 2006 10:29 AM
To: 'Paul S. Marks'
Cc: Timothy Neufeld (tneufeld@nrblaw.com)

Subject:      Stipulated Order Compelling Discovery From Ocean Duke

<< File: 575943_2.DOC >> I was working on a motion to compel and for sanctions, but at your suggestion, attached is a form of stipuated order compelling discovery from Ocean Duke.  The form is taken from the last order granting motion to compel I received from the court.  Given the situation -- including my need to go before the District Judge to ask for a continuance of trial and to explain why I have repeatedly and for so long relied upon Ocean Duke's repeated promises to produce these things, I need to have firm deadlines set in the very near future. These deadlines are yet a further extension of several earlier dates when the interrogatory answers and documents were promised (from February 3 to as recently as last week), so I believe they are, not only necessary, but also reasonable.  Also, given the court's posture, unless Ocean Duke's counsel signs and return this stipulation to me for submission today or on the outside tomorrow to enable me to attach the stipulated order to my motion to continue and file the motion to continue very soon, I will need to prepare and file a motion to compel, and I'll probably have to ask for costs/sanctions.  Thanks for your anticipated cooperation.  I don't have Erik Kvam's new email address at my fingertips, so please forward the stipulation on to him for signature and delivery to me.

-----Original Message-----
From: Milton Yasunaga
Sent: Tuesday, June 13, 2006 9:26 AM
To: 'Paul S. Marks'
Subject: RE: Did you speak to Ocean Duke tosday? Any progress? Call me.

That makes some sense, but I have been getting dates from your firm for months now and you either don't give me a date or when you do the date comes and goes without me getting the information.  What dates do you propose?

-----Original Message-----
From: Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
Sent: Monday, June 12, 2006 3:57 PM
To: Milton Yasunaga
Subject: RE: Did you speak to Ocean Duke tosday? Any progress? Call me.

Milton:

Got yr. v-msg.

Answer:  Not from my end though Tim was not in office so he may have communicated with the client without my knowledge.

If you bring a motion, the desired result on your part will be an order to compel/produce, right?  Can't we just stipulate to an order that has a deadline date to it, with established ramifications for violation of the stipulated order?  It seems like that is the way to go, don't you think?

Paul

-----------------------------------------------------------------------
--------
From: Milton Yasunaga [mailto:myasunaga@Cades.com]
Sent: Monday, June 12, 2006 4:54 PM
To: Paul S. Marks
Cc: Timothy L. Neufeld
Subject: Did you speak to Ocean Duke tosday? Any progress? Call me.

-----Original Message-----
From: Milton Yasunaga
Sent: Thursday, June 08, 2006 10:44 AM
To: 'Paul S. Marks'
Cc: Timothy L. Neufeld
Subject: RE: Kowalski/Ocean Duke-

Where are you re getting me the interrogatory answers and documents.  As you have
seen from the court's communications, my forbearance cannot continue.  Let me
know right away.  If they are not forthcoming immediately, I will have to file a motion
to compel.

-----Original Message-----
From: Milton Yasunaga
Sent: Wednesday, June 07, 2006 5:08 PM
To: 'Richlyn_Young@hid.uscourts.gov'
Cc: PMarks@neufeldlawgroup.com; Timothy L. Neufeld
Subject: RE: CV 04-55JMS Kowalski v. Ocean Duke - continuance of trial

     Background:  Getting fresh fish to consumers poses difficulties. Most fishing
resources are located far from consumers in the U.S. and Japanese markets.  Before
fish reaches a consumer, many days often pass, during which time contamination and
decomposition can occur.  Air transport helps, but is much more expensive than
shipping.  Spoilage and the high cost of air transport can be avoided by freezing fish.
However, when frozen and thawed, fish and other meats turn an ugly brown, lowering
the value tremendously. Mr. Kowalski (president and owner of Hawaii International)
worked on a solution to this problem.  He knew that smoking food was a common
method of food preservation, long-accepted by government and consumers.
Traditional smoking, however, gives the food a smoke taste not preferred by most
people for most types of sashimi, sushi, and even cooked fish.  Mr. Kowalski's
invention was the process of reducing the taste causing components of smoke
sufficiently so that the smoke can be used to preserve food without giving a smoke
taste to the food.  Thus, as the U.S. government observed in giving its approval to Mr.
Kowalski's process, the common and usual name for such smoke is tasteless smoke.
Mr. Kowalski was awarded a patent at the end of 1999.

Tasteless smoke was such a good idea that by the time Mr. Kowalski got his patent (which was over two years after he began publicizing his tasteless smoke technology and working to obtain government approvals), many people were selling what they described as tasteless smoked fish. As Judges Chang, Kurren, Kobayashi, and to a lesser extent, Judges Ezra, King, and Gillmor know, my client William Kowalski has been faced with a very large number of infringers of his patent (almost the whole frozen fish industry, actually), and he is an individual with a small company and did not have the resources to deal actively with all of the infringers at once. He has worked very diligently and has achieved settlements in 7 separate litigations to date -- most of them very extensive and hard fought, with the settlements necessarily involving patent licenses and injunctions and commercial agreements to regulate future conduct, and he is on the verge of settling two more. Service of foreign defendants and getting documents and witnesses from abroad has been complicated. He has been sued first several times on the Mainland by infringers in their attempts to make the litigation costs prohibitive for him and he has had to fight extensively to move that litigation here, and has been successful. Several defendants who were sued here first (including Ocean Duke) have attempted to move their cases to the Mainland. He has had to obtain injunctions and summary judgments, and had to conduct depositions in the Philippines, Washington DC, and Boston, and get Philippine witnesses into the US to testify and documents from foreign countries. The cases
include: Hilo Fish v. Kowalski CV 00-185; Kowalski. v. Phillips Foods, CV 02-832; Kowalski v. Jana, CV 03-15; Kowalski v. Taiwan Seafood, CV 03-52; Kowalski v. Orca Bay Foods CV 04-103; Seven Seas v. Kowalski filed in Los Angeles which became Kowalski v. Seven Seas CV 03-460; Kowalski v. Advanced Fresh Concepts CV 04-53; Kowalski v. Ocean Duke CV 04-55; Kowalski v. Sea Port Products CV 04-56; Kowalski v. Asiana Management CV 04-80; TPI v. Kowalski (D.Michigan) Case No. 4-74843, which was transferred eventually to Hawaii as CV5-517 upon Kowalski's motion to transfer; Kowalski v. Seafriend CV5-787 BMK; Kowalski v. MGTR CV5-679 HG-BMK; Kowalski v. East Asia CV5-680 HG-LEK; Kowalski v. Angel CV5-678 JMS-KSC, and Kowalski v. Citra Mina CV6-182 SPK-KSC.

Out of necessity, because he was tied up with other cases that were very heatedly litigated, he could not push this case as actively as he would have liked. There was extensive litigation earlier in this case regarding whether the litigation was properly in Hawaii, and my client eventually prevailed, but that took time. The parties, interested of course in trying to avoid the very large expenses of patent litigation, participated in a mediation in Hawaii with a court appointed mediator, but that mediation failed. After that, the parties had to agree upon a protective order because patent litigation inevitably involves production of highly sensitive commercial and technical information, and that a took a lot of time, and defendant refused to produce documents and substantive interrogatory answers until such a protective order was in place. It took a very long time to get defendant to finally agree to specific language on the protective order, but taking extra time to reach an amicable agreement avoided taking up the court's time in a fight. I do not want to attack defendant and its counsel in this memo because it is hoped that they are finally actively in the process of

producing the interrogatory answers and documents I need, but I served interrogatories and document requests well over a year ago and have not received any documents and have not received any substantive answers to the interrogatories to date, although when the protective order was finally agreed upon defendant promised to provide that information by February 3, 2006. I have repeatedly pushed the defendant to produce that discovery so I could meet my deadlines, and defendant has never refused to produce those items and has repeatedly promised that they were forthcoming soon, and repeatedly asked me not to file a motion to compel because defendant and its counsel were working on getting me the documents and information, so I acquiesced in order to give them the benefit of the doubt and to not use up the court's time. Defendant has cited various schedule and client problems and also the difficulty of culling out documents regarding the product in question from among the documents defendant has regarding various other products, and I will leave it to defendant to make excuses for its failure to comply with discovery. I am certainly concerned that the stalling may continue too long again, and I would like to get firm answers as to when the information will be provided, and have been contemplating getting the court's assistance, and will do so unless I receive the information and documents very soon. Defendant indicated that they hired another attorney and the discovery would be available this week.

Attached below are samples of email showing that I have tried to push defendant and defendant has repeatedly told me that the information would be forthcoming soon and so no motion to compel would be necessary. In addition, there were numerous phone calls in which defendant made similar assurances and pleas. Had I known the delay would have been anywhere near this long, I would have of course brought a motion to compel, but a motion to compel often creates more delay because of the need to schedule the hearing, brief it, then wait for the court to issue a decision, then get agreement or resolution on the form of order, so I reasonably relied upon defendant's assurances that the information would be coming very soon. Plaintiffs should not suffer for trying to work things out amicably and relying upon defendant's pleas and assurances.

I received a phone call from Mr. Marks (counsel for defendant) last week telling me that the documents and interrogatories should be available this week. About two weeks before that, I received another phone call from defense counsel saying that they were working to get me the information and documents and expected to get the interrogatory answers within two weeks and the documents then or shortly thereafter. Shortly before that, I was told on the phone that defendant's counsel had hired an additional attorney (Mr. Marks), which would allow more help to work on producing the information. There were numerous other phone calls.

From: Milton Yasunaga
Sent: Monday, May 15, 2006 9:45 AM
To:     'Timothy L. Neufeld'
Subject:      Ocean Duke's documents and interrogatories answers still overdue - need to get them now and need to adjust schedule for my expert report

Mr. Neufeld:  Even if I receive the information and documents this week, it is now far too late for me to get my expert report done by the June due date, so I need you to stipulate to adjustment of that due date, and the due date for amendments and joining parties (in case the information you produce indicates a need for such things).  We last spoke over a week ago and I still haven't received the interrogatory answers or documents requested, and have not even heard from you when they will be available. I need to receive them very soon, and I need a firm commitment now that I will receive them on a specific date that is very soon.  The adjustment of the expert and amendment due dates should not be used as an excuse to further delay production of the documents and interrogatory answers, or we will just be in the same bind again.  I need the documents and answers right away or a firm commitment to produce them by a date within a week or I will have to move to compel.  Please contact me immediately re the above.

From: Timothy L. Neufeld [mailto:TNeufeld@neufeldlawgroup.com]
Sent: Thursday, March 30, 2006 5:37 AM
To: Milton Yasunaga
Subject: RE: Ocean Duke-overdue documents and interrog answers

I am in trial all week and just saw your email. Judy of my office will call you today.

Timothy L. Neufeld

From: Milton Yasunaga
Sent:  Tuesday, April 04, 2006 8:17 PM
To:     'Timothy L. Neufeld'
Subject:     Overdue Ocean Duke discovery repsonses-call me immediately

From: Milton Yasunaga [mailto:myasunaga@Cades.com]
Sent: Wednesday, March 29, 2006 8:13 PM
To: Timothy L. Neufeld
Subject: Ocean Duke-overdue documents and interrog answers

Please call me tomorrow at 9 am Hawaii time re Ocean Duke's failure to produce documents and interrogatory answers.  The call should be a considered a meet and confer in anticipation of a motion to compel.  At your request, I gave you an extension until Febuary 3, then have held off for another two months, but the delay is intolerable.  If you absolutely cannot make a call at 9, please let me know immediately when you can call me, or better yet call me anytime tomorrow or the next day.

From: Milton Yasunaga
Sent: Friday, May 05, 2006 8:37 AM
To:     'Timothy L. Neufeld'
Subject:     Ocean Duke's failure to produce documents and answer

interrogatories

When we last spoke a couple of weeks ago, you said you would talk to your client to get them to produce the information/documents required of them in discovery, but I haven't heard or received anything from you or your client. The delay is really going on too long and has already made it impossible for me to meet deadines such as the expert witness report deadline, which will need to be adjusted. Please call me immediately. I need the information and documents right away, or I will have to file a motion to compel.

From: Timothy L. Neufeld [mailto:TNeufeld@neufeldlawgroup.com]
Sent: Monday, April 24, 2006 5:05 AM
To: Milton Yasunaga
Subject: Ocean Duke

Ocean Duke has started supplying us with information to use in the responses to the discovery. I apologize for the earlier delays. I will keep you posted as to our progress.

Timothy L. Neufeld

From: Milton Yasunaga
Sent: Thursday, April 13, 2006 8:06 AM
To:    'Timothy L. Neufeld'
Subject:    RE: Ocean Duke overdue discovery responses and documents-you didn't return my call again and you haven't said anything about when I can expect the docuemnts and information

I appreciate your call back just now. As you mentioned, you will check with your client and then get back to me soon about the documents and interrogatory answers and when I can expect them. As I mentioned, I need time to evaluate them, prepare for and conduct depositions, and then give my expert(s) sufficient time to prepare their reports, which are due in June. Time is already very short.

From: Milton Yasunaga
Sent: Thursday, April 13, 2006 7:42 AM
To:    'Timothy L. Neufeld'
Subject:    Ocean Duke overdue discovery responses and documents-you didn't return my call again and you haven't said anything about when I can expect the docuemnts and information

I called you yesterday and you didn't return my call. I just called you again today (not to mention the many calls and email messages in the last two weeks and over the preceeding months). If you do not call me immediately to hold a meet and confer regarding Ocean Duke's failure to produce documents and answer interrogatories, I will have to take that as a refusal to meet and confer, and I will have no choice but to bring a motion to compel.

From: Milton Yasunaga
Sent: Tuesday, April 11, 2006 8:15 AM
To:    'Timothy L. Neufeld'
Subject:    Ocean Duke's discovery responses and docs that were due
2/3/06. Call me. We need them.

From: Milton Yasunaga
Sent: Wednesday, April 05, 2006 8:40 AM
To: 'Timothy L. Neufeld'
Subject: RE: Overdue Ocean Duke discovery repsonses-call me immediately

Okay. Obviously, I am more interested in getting the documents than merely being
contacted. The delay may require adjustment of the trial and pretrial schedule and
deadlines.

From: Timothy L. Neufeld [mailto:TNeufeld@neufeldlawgroup.com]
Sent: Wednesday, April 05, 2006 4:53 AM
To: Milton Yasunaga
Subject: RE: Overdue Ocean Duke discovery repsonses-call me immediately

I am still in trial and  have asked Judy to contact you. I should be done by the end of
this week.

Timothy L. Neufeld

From: Milton Yasunaga
Sent: Tuesday, April 04, 2006 10:36 PM
To: 'Timothy L. Neufeld'
Cc: Judy L. Khang
Subject: RE: Ocean Duke-overdue documents and interrog answers

Judy did not call.

From: Milton Yasunaga
Sent: Tuesday, April 04, 2006 8:17 PM
To:    'Timothy L. Neufeld'
Subject:    Overdue Ocean Duke discovery repsonses-call me
immediately

From: Timothy L. Neufeld [mailto:TNeufeld@neufeldlawgroup.com]
Sent: Thursday, March 30, 2006 5:37 AM
To: Milton Yasunaga
Cc: Judy L. Khang
Subject: RE: Ocean Duke-overdue documents and interrog answers

I am in trial all week and just saw your email. Judy of my office will call you today.

Timothy L. Neufeld

From: Milton Yasunaga
Sent: Wednesday, March 29, 2006 6:13 PM
To:    'Timothy L. Neufeld'
Subject:    Ocean Duke-overdue documents and interrog answers

Please call me tomorrow at 9 am Hawaii time re Ocean Duke's failure to produce documents and interrogatory answers. The call should be a considered a meet and confer in anticipation of a motion to compel. At your request, I gave you an extension until Febuary 3, then have held off for another two months, but the delay is intolerable. If you absolutely cannot make a call at 9, please let me know immediately when you can call me, or better yet call me anytime tomorrow or the next day.

From: Timothy L. Neufeld [mailto:TNeufeld@neufeldlawgroup.com]
Sent: Friday, March 10, 2006 9:01 AM
To: Milton Yasunaga
Subject: RE: Ocean Duke interrog answers and docs overdue

Thank you for the email. I have forwarded it to my client and will respond to you shortly.

Timothy L. Neufeld

From: Milton Yasunaga
Sent: Thursday, March 09, 2006 6:24 PM
To:    'Timothy L. Neufeld'
Subject:    Ocean Duke interrog answers and docs overdue

I had expected something by now, given that you originally asked for an extension until Feb 3. I can see documents take time, but I haven't even gotten interrogatory answers and haven't gotten any documents. Please let me hear from you very soon. Thanks.

From: Timothy L. Neufeld [mailto:TNeufeld@neufeldlawgroup.com]
Sent: Thursday, February 09, 2006 11:56 AM
To: Milton Yasunaga
Subject: RE: Ocean Duke - you said I'd hear from you by 1/23 and you were planning to get the docs and supplemental interrog answers to me by Feb 3, but that hasn't happened

We will try around 4 our time.

Timothy L. Neufeld

From: Milton Yasunaga [mailto:myasunaga@Cades.com]
Sent: Thursday, February 09, 2006 1:19 PM
To: Timothy L. Neufeld
C
Subject: RE: Ocean Duke - you said I'd hear from you by 1/23 and you were planning to get the docs and supplemental interrog answers to me by Feb 3, but that hasn't happened

Anytime -- call me at 808-544-3833. I forward my calls to that number, so you can call me beyond office hours.

From: Timothy L. Neufeld [mailto:TNeufeld@neufeldlawgroup.com]
Sent: Thursday, February 09, 2006 8:23 AM
To: Milton Yasunaga
Subject: RE: Ocean Duke - you said I'd hear from you by 1/23 and you were planning to get the docs and supplemental interrog answers to me by Feb 3, but that hasn't happened

I apologize for not contacting you. Pls let me know when you will be available for a call today. I am here until 2 today.

Timothy L. Neufeld

From: Milton Yasunaga [mailto:myasunaga@Cades.com]
Sent: Wednesday, February 08, 2006 8:49 PM
To: Timothy L. Neufeld
Cc: Judy L. Khang
Subject: Ocean Duke - you said I'd hear from you by 1/23 and you were planning to get the docs and supplemental interrog answers to me by Feb 3, but that hasn't happened

You said I'd hear from you by 1/23 and you were planning to get the docs and supplemental interrog answers to me by Feb 3, but we are past those dates and I haven't heard anything from you. I can't let this drag on given the deadlines. Please expedite this and let me hear from you right away.

From: RightFax E-mail Gateway
Sent: Tuesday, January 03, 2006 12:59 PM
To: Milton Yasunaga
Subject: Letter from Ocean Duke attorney re discovery (letter stated "Thank you for spending the time with me on the phone to discuss the outstanding discovery. On behalf of Ocean Duke, I have agreed to target February 3, 2006 to produce respoonsive documents to you"

From: Milton Yasunaga [mailto:myasunaga@Cades.com]

Sent: Thursday, December 29, 2005 2:58 PM
To: Timothy L. Neufeld
Subject: Re: Ocean Duke - prompt supplementation of responses to discovery is
necessary

11 your time Tuesday is   9 my time I believe.   Let's do it then.

From: Timothy L. Neufeld
To: Milton Yasunaga
Sent: Thu Dec 29 08:47:58 2005
Subject: RE: Ocean Duke - prompt supplementation of responses to discovery is
necessary

Thanks for the follow up email. I am sure that no motion will be necessary. This is a
short week for us and we will need to try to set up a call with you on Tuesday. I am in
court in the morning and will be back here before noon on Tuesday. Do you want to
suggest a time after that?

Timothy L. Neufeld

From: Milton Yasunaga [mailto:myasunaga@Cades.com]
Sent: Wednesday, December 28, 2005 6:34 PM
To: Timothy L. Neufeld
Subject: RE: Ocean Duke - prompt supplementation of responses to discovery is
necessary

Since I haven't heard anything from you in response to my request for
supplementation, let's have a meet and confer to see if a motion to compel is
necessary.  I suggest this Friday at 8:30 my time or next Tuesday at 9.

From:  Milton Yasunaga
Sent:  Wednesday, December 07, 2005 8:53 AM
To:    'Timothy L. Neufeld'
Subject:    Ocean Duke - prompt supplementation of responses to
discovery is necessary

        Now that the protective order has finally entered a couple of weeks ago, please
promptly supplement Ocean Duke's responses to the document request and the
interrogatories.  We need the documents to be able to take depositions and have our
expert report(s) done.  Thanks.

From: Timothy L. Neufeld [mailto:TNeufeld@neufeldlawgroup.com]
Sent: Friday, October 28, 2005 2:19 PM
To: Milton Yasunaga
Cc: William Meyer; Judy L. Khang; Erik Kvam
Subject: RE: Ocean Duke protective order

Thank you for the email and for the call yesterday. I did speak with the client, and I do have a call into our Hawaii counsel. I have not had time to review the protective order since we spoke yesterday but expect to be able to over the weekend or on Monday. I will then plan to send you my proposed changes and we can then meet and confer on the telephone about them. I will be working off the version you sent to me on July 8, 2005. Please let me know if there is a later version. I shall look forward to working with you.

Timothy L. Neufeld

From: Milton Yasunaga
Sent: Wednesday, October 26, 2005 4:32 PM
To: 'Timothy L. Neufeld'
Cc: 'William Meyer'; 'Lin, Roger'; 'Judy L. Khang'
Subject: RE: Ocean Duke protective order

You still have not acted upon the form of stipulated protective order, although a year has passed since I first sent it to you and despite several reminders. Please sign and return it to me right away or at the very least, give me your comments by the end of the week. Given the year long delay on this, expecting prompt action is reasonable.

As you may know, we have recently settled with Jana Brands and Taiwan Seafood. I think those facts (as well as our earlier settlements with Hilo Fish, Phillips, Orca Bay, etc.) demonstrate that we are reasonable, as well as the fact that our position is strong and we won't just go away -- given the recent settlements, we will now focus our attention on Ocean Duke. Please call me tomorrow or Friday about moving forward with the Ocean Duke litigation or a resolution of it, and to "meet and confer" regarding the protective order and the discovery that is being held up on the excuse of a lack of a protective order. Although Jana fought us until its summary judgment motions were denied and ours granted this year, the parties then amicably and rapidly reached a settlement and expect to get along very well in the future, as has been the case with other people Mr. Kowalski has litigated against, such as Hilo Fish and Phillips. Hilo and Jana felt a need to expend substantial sums on litigation before finally deciding to settle, while Phillips and Taiwan chose to settle without incurring substantial expense fighting. The approach of Phillips and Taiwan makes more sense, but we have shown that we will go down whichever of these paths the defendant insists upon. We would certainly prefer to reach a quick settlement with Ocean Duke that avoids litigation expense, but whether it is to be settlement or litigation, it is not reasonable to expect us to continue to put up with the non-responsive posture Ocean Duke has taken for the last year.

If I don't hear back from you this week, I will consider that a refusal to meet and confer, leaving me no choice but to file a motion to compel, motion for entry of my form of protective order, etc. Of course, if this week is impossible for a good reason,

we can confer early next week, but please commit to a specific time.  Thanks.
<<661257_1.DOC>>

-----------------------------------------------------------
Circular 230 Disclosure:  To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice
contained in this communication (including any attachments) is
not intended, or written to be used, and cannot be used for the purpose of avoiding
tax-related penalties under the Internal
Revenue Code.
*****************************************************************
**************************

This message is intended for the use of the individual or entity
to which it is addressed and may contain information that is privileged, confidential
and exempt from disclosure under
applicable law. If you are not the intended recipient,
any dissemination, distribution or copying of this communication
is strictly prohibited.
If you think you have received this communication in error,
please notify us immediately by reply e-mail or by telephone
(808)521-9200, and delete the original message.