LOUISE K. Y. ING            2394-0
ALLISON KIRK GRIFFITHS   8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
Email:  ling@ahfi.com
        akirk@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
PAUL S. MARKS (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street. Suite 703
Los Angeles, California 90012
Telephone: (213) 625 -2625
Facsimile:  (213) 625-2650
Email: tneufeld@neufeldlawgroup.com
        pmarks@neufeldlawgroup.com

Attorneys for defendant OCEAN DUKE CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>         Plaintiffs, <br><br>     v. <br><br> OCEAN DUKE CORPORATION, <br><br>         Defendant. | CIVIL NO. CV 04-0055 BMK <br><br> **DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND DISBURSEMENTS UNDER 35 U.S.C. § 285;** CERTIFICATE OF SERVICE |

131987.1

# DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND DISBURSEMENTS

## I. INTRODUCTION.

Ocean Duke opposes Kowalski's Motion for Attorneys' Fees and Disbursements on the following grounds.

## II. THIS IS NOT AN "EXCEPTIONAL CASE" JUSTIFYING AN AWARD OF ATTORNEYS' FEES

Consistent with the rule in virtually every other type of litigation, attorneys' fees are not awarded as a matter of course in patent infringement cases; rather, only "exceptional" cases warrant such an award. (35 U.S.C. § 285.) Although a finding of willful infringement meets the criteria of an "exceptional" case, fee-shifting does not necessarily follow. (*S.C. Johnson & So., Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986).) Rather than establish a hard-and-fast rule, courts considering the attorneys' fees requests in patent infringement cases leave the determination within the sound discretion of the trial judge, who "is in the best position to weigh the factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser in view of all of the circumstances of the litigation." (*LA Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1128 (Fed. Cir. 1993).)

131987.1

Consideration of these factors in this case warrants denying Kowalski's fee request. As an initial matter, it is a bit of a stretch to call Kowalski the "prevailing party" in this case. Of the twelve claims for relief set forth in the Complaint -- six claims each for Kowalski and Hawaii International Seafood, Inc. ("HISI") -- *eleven* were determined in Ocean Duke's favor. This means that Mr. Kowalski prevailed on only one claim he brought. Moreover, the jury's award on that sole claim -- in the amount of $2.2 million -- was far less than the huge lost profits claim plaintiffs requested, and far less than even the $8 million Kowalski demanded in settlement shortly before trial. (*See Brooks Furniture Manufacturing v. Dutailier Int'l Inc.,* 393 F.3d 1378, 1380 (Fed. Cir. 2005) (prevailing party determination based on relation of litigation result to overall objectives of the parties).) Indeed, Ocean Duke can stake a legitimate claim to being the prevailing party, in that Ocean Duke successfully defeated virtually all of the claims asserted against it. (*See Dixie Cup Co. v. Paper Container Mfg. Co.,* 169 F.2d 645, 651 (7th Cir. 1948) (reversing fee award for plaintiff; "[i]t is true that plaintiff is a prevailing party, but so is the defendant; in fact, the defendant has prevailed on more of the litigated issues than the plaintiff"); *see also Ocean Duke's Motion for Attorney's Fees Pursuant to Lanham Act.*)

Even if Mr. Kowalski could be considered the prevailing party here, the circumstances of the litigation do not warrant shifting the entire litigation costs and

131987.1                                   2

fees to Ocean Duke. This was a very close case, as amply demonstrated by the fact that the court flatly rejected most of Kowalski's claims. As the Court in *Oiness v. Walgreen Co.,* 774 F. Supp. 1277 (D. Colo. 1991), *aff'd in part/vacated in part* 980 F.2d 742 (Fed. Cir. 1992), observed on similar facts,

> In allowing this matter to progress to trial, defendants did not act in bad faith. Their defense was neither frivolous nor asserted for improper purpose. The outcome of this litigation was by no means certain. That plaintiffs prevail in an infringement case does not automatically entitle them to an award of attorney fees.

(*Id.* at 1287; *see also Brooktree Corp. v. Advanced Micro Devices, Inc.,* 757 F. Supp. 1088, 1097-98 (S.D. Cal. 1990) (denying requests for enhanced damages and for attorneys' fees despite finding of willfulness), *aff'd* 977 F.2d 1555 (Fed. Cir. 1993).)

Mr. Kowalski asserts his request for attorneys' fees under 35 U.S.C. § 285 is warranted by the factors relating to an award of enhanced damages under Section 284, as set forth in *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992), *abrogated on other grounds by Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 975 (Fed. Cir. 1995 (en banc). However, Mr. Kowalski has failed to account for the fact that the balance of *Read* factors recently has shifted, as a result of *In re Seagate Technlology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007). Moreover, although the two

issues are related, courts considering attorneys' fees requests typically do not engage in the point-by-point analysis Kowalski asks the Court to do here, but instead rely on their familiarity with the matter and the interests of justice. (*Oiness,* 774 F. Supp. 1277, 1287; *Rite-Hite Corp. v. Kelley Co., Inc.*, 819 F.2d 1120 (Fed. Cir. 1987); *S.C. Johnson & Co.,* 781 F.2d at 201; *Brooktree,* 757 F. Supp. at 1097-98 (S.D. Cal. 1990).)

In any event, applying the *Read/Seagate* factors to this case does not support awarding either enhanced damages or attorneys fees to Kowalski. Ocean Duke previously addressed those factors in detail in its Opposition to Motion for Enhanced Damages, filed January 18, 2008;[1] to summarize, however:

1. <u>Deliberate Copying</u>: There was no deliberate copying of Mr. Kowalski's invention -- Ocean Duke imports seafood processed using the "Shih method," which pre-dates both Kowalski's invention and his patent. The Shih patent issued after Kowalski's, and would not have issued if the Patent and Trademark Office thought Shih had engaged in deliberate copying.

2. <u>Good Faith Belief In Patent Invalidity/Noninfringement</u>: After receiving notice of alleged infringement, Ocean Duke investigated the Shih factory and obtained advice from patent counsel -- ***more*** than current law requires.

---

[1] Ocean Duke incorporates by reference all of its arguments and evidence offered in its Opposition to Motion for Enhanced Damages.

3. <u>Litigation Behavior</u>: Whether Ocean Duke fully and timely responded to plaintiffs' discovery requests is moot, as plaintiff never brought a discovery motion regarding Ocean Duke's responses.  As for the parties' respective settlement positions, the jury's award of damages was much closer to Ocean Duke's pre-trial settlement offer, than it was to Kowalski's multi-million dollar settlement demands.

4. <u>Size and Financial Condition</u>: With regard to the seafood products at issue in this lawsuit, Mr. Kowalski's company is larger than Ocean Duke.

5. <u>Close Case</u>: This case was exceptionally close one, as evidenced, *inter alia,* by this Court invalidating the Kowalski patent shortly before trial in ruling on a *Markman* motion, and the jury finding in favor of Ocean Duke on all but one of Kowalski's claims.[2]

6. <u>Duration of Alleged Misconduct</u>: Ocean Duke imported the same product (based on the Shih process) both before and after the Kowalski patent issued.

7. <u>Remedial Action</u>: Ocean Duke no longer imports and sells seafood processed under the Shih process, and is importing seafood processed by a different method for which Kowalski tried but failed to obtain a patent.

---

[2]   *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 231 U.S.P.Q. 668 (S.D.N.Y. 1986) (case not "exceptional" despite willful infringement; finding case "close" where plaintiff prevailed on one patent infringement claim, but failed to establish its claims of trade dress infringement and false advertising under the Lanham Act, and where defendant's conduct was "nowhere near as reprehensible as the conduct of other infringers" in cases cited by the parties).

131987.1                                                      5

  8. <u>Motivation for Harm</u>:  Ocean Duke and Mr. Kowalski have never been competitors, and Ocean Duke had no motivation whatsoever to harm Mr. Kowalski.

  9 <u>Attempted Concealment</u>:  Ocean Duke did not attempt to conceal its conduct, and plaintiff has presented no evidence of concealment.

  Plaintiff asserts that the case of *NTP, Inc. v. Research in Motion, Ltd.*, 270 F. Supp.2d 751 (E.D. Va. 2003) is the "mold" from which this case is cut. While there may be similarities between that case and this one, however, there are significant differences that warrant a different result here.  Unlike RIM, Ocean Duke investigated the claims of infringement and even obtained a written opinion from independent advice from patent counsel.  (*Cf. id.* at 757.)  Unlike RIM, Ocean Duke conducted the litigation fairly and efficiently, and did not make discovery unnecessarily arduous or bring wasteful and unduly burdensome motions.  (*Cf. id.* at 758.)  And, unlike the *NTP* case, this one was a close call.  (*Cf. id.* ("A case is close if it was 'hard-fought' or the jury could have found for the defendant on the issues of infringement, validity and willfulness, and could have awarded substantially less damages.").)

  As the *NTP* Court noted:

> "As a general rule, absent statutory authority, a prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. . . . The purpose of [35 U.S.C.

> § 285] is to award attorney fees in extraordinary cases where there is a finding of *unfairness or bad faith in the conduct of the losing party*, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular lawsuit be left to bear the burden of his counsel fees which prevailing litigants normally bear."

(*Id.* at 760 (emphasis added; internal citations omitted).) The "patent portion" of this lawsuit involved a genuine dispute regarding the validity of Mr. Kowalski's patent and whether the process used by Ocean Duke's Balinese supplier infringed the extraordinarily broad claims of that patent. The suit was litigated fairly and in good faith by both sides, and there is no reason to excuse Mr. Kowalski from the general rule that requires him to bear his own legal fees.

## III. KOWALSKI'S REQUESTED FEES ARE NOT REASONABLE

Even if the court were to determine that an award of attorneys' fees to Kowalski is warranted, only *reasonable* fees may be awarded. (*Gentry Gallery, Inc. v. Berkline Corp.,* 134 F.3d 1473, 1480 (Fed. Cir. 1998).) The more than $430,000 in fees and expenses Kowalski has requested includes fees for claims by Hawaii International Seafood, Inc. ("HISI") that were ***dismissed*** during trial, and for non-patent claims that were decided ***against*** Mr. Kowalski and in Ocean Duke's

131987.1                                7

favor. At a minimum, any award to Kowalski must be reduced to exclude fees and expenses relating to such claims.

"Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." (*Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S. Ct. 1933, 1943 (1983).) Here, plaintiff Kowalski had one successful claim for patent infringement, and five distinct (and distinctly unsuccessful) claims under the Lanham Act and common law. The hours spent on those unsuccessful claims should be excluded from any award to Kowalski, as should the hours spent on all claims brought by HISI, which never were submitted to the jury. (*Id.*; *NTP,* 270 F. Supp. 2d 751, 761-62 (reducing fee award where numerous claims were not presented to the jury).)

This rule applies with equal, if not greater force, in patent litigation: "[t]he authority to award attorney's fees found in 35 U.S.C. § 285 is limited to the patent side of the case. If an action combines patent and nonpatent claims, ***no award of fees pursuant to section 285 can be allowed for litigating the nonpatent issues.***" (*Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp.,* 407 F.2d 288, 297 (9th Cir. 1969) (emphasis added; citations omitted).) In *Monolith*, the initial complaint asserted various legal theories seeking relief for alleged misappropriation of trade secrets. Fifteen months into the litigation -- after plaintiff

131987.1                                            8

was issued a patent encompassing the business idea that was the subject of plaintiff's claims -- plaintiff amended its complaint to add a claim for patent infringement. (*Id.* at 291.) At trial, plaintiff prevailed on the patent infringement claim and established the case was "exceptional," for which the trial court awarded $280,000 in attorneys' fees. (*Id.*)

On appeal, the parties disputed how to handle the "intermingling" of the patent and nonpatent issues, and the fact that (as they put it) "the bulk of the evidence prepared and presented at trial was material to both kinds of issues. Although some of the legal services can be considered clearly patent work and some clearly nonpatent work, a large portion can only be described as 'mixed.'" (*Id.* at 297.) Observing that the District Court had "based its award on all the patent services in the case plus all the 'mixed' services," the Ninth Circuit Court of Appeals rejected the District Court's approach, and reduced the fee award to $70,000, the amount it found to be an award of reasonable attorneys' fees ***attributable to the patent issues in the case.*** (*Id.*)

These authorities compel the conclusion that any fee award to Kowalski can relate *only* to the fees attributable to the patent issues in the case, not the Lanham Act and common law issues. (*Ibid.*) Moreover, "the amount of fees awarded to the 'prevailing party' should bear some relation to the extent to which the party actually prevailed." (*Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1554

(Fed.Cir. 1989); *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001); s*ee also Read Corp. v. Portec, Inc*., 970 F.2d 816, 831 (Fed.Cir. 1992).)

Of the 12 claims asserted in the litigation for which plaintiffs' counsel ran up a bill of more than $430,000, Kowalski prevailed on *one* claim, and Ocean Duke prevailed on the other *eleven.* At most, therefore, Kowalski should be allowed to recover 1/12 of the fees he seeks here.  (*NTP,* 270 F. Supp. 2d 751, 761-62 (reducing fee award where numerous claims were not presented to the jury); *see alsoDixie Cup Co. v. Paper Container Mfg. Co.,* 169 F.2d 645, 651 (7th Cir. 1948) (fees allowed must "bear some reasonable relation to the services rendered in connection with that part of the litigation with which the party claiming such fees has prevailed").)

## IV.   CONCLUSION.

For the foregoing reasons, plaintiff Kowalski's Motion for Attorneys' Fees should be denied, or in the alternative, that the fee request be substantially reduced.

DATED:  Los Angeles, California, March 5, 2008.

    /s/ Paul S. Marks
PAUL S. MARKS
LOUISE K. Y. ING
Attorneys for defendant
   OCEAN DUKE CORPORATION