LOUISE K. Y. ING           2394-0
ALLISON KIRK GRIFFITHS   8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
Email:  ling@ahfi.com
           akirk@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
PAUL S. MARKS (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street. Suite 703
Los Angeles, California 90012
Telephone: (213) 625 -2625
Facsimile:  (213) 625-2650
Email: tneufeld@neufeldlawgroup.com
          pmarks@neufeldlawgroup.com

Attorneys for defendant OCEAN DUKE CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>          Plaintiffs, <br><br>     v. <br><br> OCEAN DUKE CORPORATION, <br><br>          Defendant. | CIVIL NO. CV 04-0055 BMK <br><br> **DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO MOTION FOR AN INJUNCTION;** CERTIFICATE OF SERVICE |

131987.1

# DEFENDANT OCEAN DUKE CORPORATION'S MEMORANDUM IN OPPOSITION TO MOTION FOR AN INJUNCTION

## I. INTRODUCTION.

Ocean Duke opposes Mr. Kowalski's Motion for an Injunction because:

1. The motion is moot, as Ocean Duke no longer imports allegedly infringing product; and

2. The requested relief is not warranted in any event.

## II. THE MOTION IS MOOT.

Following the trial of this matter, Ocean Duke determined that its best interest lay in discontinuing its importation of products treated with the Shih process. (*See* Marks Decl., Exh. A.) Thus, issuance of a preliminary injunction in this case is moot.

## III. THE REQUESTED RELIEF IS NOT WARRANTED.

In addition to the foregoing, the requested relief is not warranted because the party that would really be protected by the requested injunction -- Hawaii International Seafood, Inc. -- has no rights under the patent and no rights under the judgment. Rather, that entity lost on all claims it brought at trial, and it was the only party that could possibly have been harmed in its business by any alleged infringement. Thus, Mr. Kowalski's citation to *Novozymes v. Genencor,* 474 F. Supp. 2d 592 (D. Del. 2007) is unavailing. In that case, the patentee and the alleged infringer were "head-to-head competitors." (*Id.* at 612.) Not so here;

131987.1

Mr. Kowalski does not do business individually, so he is not and cannot be a competitor of Ocean Duke. If anyone is Ocean Duke's competitor, it is Hawaii International Seafood, Inc. -- the losing party on all claims it brought at trial. Thus, that entity cannot be awarded injunctive relief, and Mr. Kowalski should not be allowed to piggy-back on the alleged harms he thinks that company has suffered, but which that company could not and did not prove at trial.

## IV.   CONCLUSION.

For the foregoing reasons, Ocean Duke urges that plaintiff Kowalski's Motion for an Injunction be denied.

DATED: Los Angeles, California, March 5, 2008.

    /s/ Paul S. Marks_____
PAUL S. MARKS
LOUISE K. Y. ING
Attorneys for defendant
   OCEAN DUKE CORPORATION