LOUISE K. Y. ING           2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
Email:  ling@ahfi.com
        akirk@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
PAUL S. MARKS (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street. Suite 703
Los Angeles, California 90012
Telephone: (213) 625 -2625
Facsimile:  (213) 625-2650
Email: tneufeld@neufeldlawgroup.com
       pmarks@neufeldlawgroup.com

Attorneys for defendant OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>          Plaintiffs,<br><br>    v.<br><br>OCEAN DUKE CORPORATION,<br><br>          Defendant. | CIVIL NO. CV 04-0055 BMK<br><br>**DEFENDANT OCEAN DUKE CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR A FINDING OF INVALIDITY BASED ON INDEFINITENESS;** CERTIFICATE OF SERVICE |

131987.1

**DEFENDANT OCEAN DUKE CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR A FINDING OF INVALIDITY**

## I.  INTRODUCTION.

Plaintiff Kowalski cites a number of cases in opposition to this motion.  As set forth below, none of those authorities overcome the testimony of Mr. Kowalski's own expert witness at trial, to the effect that whether a given product has a smoke taste or odor is subjective, dependent entirely on the palate and nasal sensitivity of the consumer.  Because of this complete subjectivity in connection with one the key aspects of the Kowalski patent, the *Datamize* case (argued at length in Ocean Duke's motion) dictates that the Kowalski patent is indefinite as a matter of law.

## II.  CASE AUTHORITIES CITED BY PLAINTIFF.

Plaintiff cites *Exxon Research & Eng. Co. v United States,* 265 F.3d 1371 (Fed. Cir. 2001) in support of its opposition.  In *Exxon* the court found that the terms "to increase substantially" and "for a period sufficient" were "reasonably precise in light of nature of patent on improvements in method for converting natural gas into liquid hydrocarbon products."  (*Id.* at 1378.)  The court found that the terms were "reasonably precise," considering the subject matter, and explained that there was a process of activity checks that was used in measuring the catalyst level to determine that the level "increased substantially."  (*Id.* at 1379.)

In contrast, the Kowalski patent does not describe any "activity check" that can be used to determine whether there is a smoke taste or odor in the end product,

131987.1

or not. As Dr. Maga testified, the degree to which something tastes or smells of smoke is subjective. Thus, *Datamize* teaches that the patent's claims are too indefinite for purposes of § 112.

Plaintiff also cites *Metabolite Lab., Inc. v. Lab Corp. of America,* 370 F. 2d 1354 (Fed. Cir. 2004). This case revolved around the court's interpretation of the word "correlating" in a patent that claimed a method for detecting cobalamin or folate deficiency, which can cause serious illness in humans. (*Id.* at 1358.) The court determined that the word "correlate" as used in the claim merely had to measure an elevated level of total homocysteine . . . "[and] does not require a further association." (*Id.* at 1362.) This is not at all similar to the alleged "smoke-free" taste and odor that plaintiff Kowalski has asserted in his patent claims. In *Metabolite* the dispute was over the measuring of vitamin deficiencies, a measurable and definable claim. Kowalski's smoke-free taste and odor, in contrast, is purely subjective and not subject to objective measurement.

In *Acumed LLC v. Stryker Corp.*, 483 F.3d 800 (Fed. Cir. 2007), "[t]he main dispute between the parties on construction relates to the claim requirement of a 'curved shank'," which was construed by the District Court to mean a shank that "has a bend or deviation from a straight line without sharp corners or sharp angles." As such, the term "curved shank" is not at all subjective, unlike the smoke-free taste and odor claim of the Kowalski patent.

131987.1                                             2

Plaintiff also cites *Polymer Indus. Prod. Co. v. Bridgestone/Firestone, Inc.*, 10 Fed. Appx. 812 (Fed. Cir. 2001). However, this case is completely dissimilar to the facts in the present case, as it involves the measurement of reduction of adhesion in turn-over bladders, used in manufacturing rubber tires. This "reduction of adhesion" was held to be not indefinite as a claim term, because it is objectively measurable.

Finally, Mr. Kowalski cites *Sienna, LLC v. CVS Corp.* No. 06-3364, 2007 WL 13102 *1 (S.D.N.Y. Jan. 3, 2007), arguing that the term "excessive manual force" is similar to the disputed claim term in the instant case. In *Sienna*, the patent involved twinkling light sets that are sold in strands. (*Id.*) The term "excessive force" was used to describe light sockets and their relationship with light bulbs. There, too, the term was held to relate to a quantifiable, measurable standard, whereas in the instant case the claim that the end product would be free from smoke taste and odor is completely dependent on the subjective opinion of the consumer.

### IV.   CONCLUSION.

In his trial testimony, plaintiff's expert witness Dr. Joseph Maga testified to the following:

1.   In order to assess flavor (consisting of taste and smell), he gathers panels of "trained" individuals to arrive at an average assessment of the flavor of a product.

131987.1                                      3

2. Different people "like or dislike the taste of certain foods -- that's our opinion, our bias."

3. People have different sensibilities [sensitivities] to taste and smell.

4. People have "individual palates and individual sensibilities [sensitivities] to taste and smell."

5. The differing taste and smell sensitivities that people have depend on their age and gender.

6. Whether a product is tasteless "depends on the people who are evaluating the product. They conclude yes or no."

(*See* Marks Decl., Exh. B.)

In *Datamize*, the court held that the term "aesthetically pleasing" was too subjective, and hence too indefinite, to qualify for patent protection. Here, too, the evidence shows that whether the Kowalski patent imparts a smoke taste or odor is subjective, dependent on the differing sensitivities of the consumer.

For the foregoing reasons, Ocean Duke urges that its motion be granted.

DATED: Los Angeles, California, March 10, 2008.

        /s/ Paul S. Marks
PAUL S. MARKS
LOUISE K. Y. ING
Attorneys for defendant
   OCEAN DUKE CORPORATION