```
                                                                    1

 1              IN THE UNITED STATES DISTRICT COURT.

 2                  FOR THE DISTRICT OF HAWAII

 3
      WILLIAM R. KOWALSKI and      ) CIVIL NO. 04-00055BMK
 4    HAWAII INTERNATIONAL         )
      SEAFOOD, INC.,               ) Honolulu, Hawaii
 5                                 ) December 11, 2007
              Plaintiff,           ) December 12, 2007
 6                                 )
         vs.                       ) PARTIAL TRANSCRIPT
 7                                 ) DEFENDANT'S MOTIONS
      OCEAN DUKE CORPORATION,      )
 8                                 )
              Defendant.           )
 9    _____)

10
                  PARTIAL TRANSCRIPT OF JURY TRIAL
11             BEFORE THE HONORABLE BARRY M. KURREN,
                  UNITED STATES MAGISTRATE JUDGE
12
      APPEARANCES:
13
      For the Plaintiff:      MILTON M. YASUNAGA
14                            ALLISON MIZUO LEE
                              Cades Schutte LLP
15                            1000 Bishop St., Ste. 1200
                              Honolulu, Hawaii  96813-4216
16
      For the Defendant:      LOUISE K.Y. ING
17                            Alston Hunt Floyd & Ing
                              1800 ASB Tower
18                            1001 Bishop Street
                              Honolulu, Hawaii  96813
19
                              PAUL MARKS
20                            Neufeld Law Group
                              360 East 2nd Street, Ste. 703
21                            Los Angeles, California 90012

22    Official Court          GLORIA T. BEDIAMOL, RPR, RMR
      Reporter:                United States District Court
23                            P.O. Box 50131
                              Honolulu, Hawaii 96850
24
      Proceedings recorded by machine shorthand, transcript produced
25    with computer-aided transcription (CAT).
```

**EXHIBIT S**

1  we have had testimony of Mr. Kowalski and also David Francom
2  that the sales would have been given to Hawaii International
3  and those profits would have flowed up to Mr. Kowalski as a
4  hundred percent owner. It's an S Corporation. He controls the
5  corporation by himself. And the legal arguments in our memos.
6         THE COURT: Yes. Okay. Anything you wish to say
7  further about this, Mr. Marks?
8         MR. MARKS: No, Your Honor, I think those issues have
9  been addressed.
10        THE COURT: Okay. Motion No. 1 is granted. Hawaii
11 International Seafood is not the holder of a patent. Hawaii
12 International Seafood is not the assignee of the patent.
13 Hawaii International Seafood does not have an exclusive license
14 to the patent. It does not have a -- it does not have standing
15 to sue for patent infringement. So that motion is granted.
16        On Motion No. 3 then, this motion is going to be
17 granted in part. I find that Mr. Kowalski is not entitled to
18 claim as damages the lost profits discussed by Dr. --
19 Mr. Francom with respect to Hawaii International Seafood.
20 There is no evidence of the damages or revenue flow to
21 Mr. Kowalski. The corporation is an entirely separate person
22 or entity.
23        It is incumbent upon the plaintiff, Mr. Kowalski, to
24 prove his personal damages. He can't ignore the corporate
25 status. We don't know anything about any retained profits, if

1    there are any.  We don't know anything about any particular
2    revenue stream.
3            And on the -- based on the cases that I have reviewed
4    in connection with this motion and the motions in limine, and
5    based on Mr. Kowalski's testimony, I think it is insufficient
6    to say merely that he is the hundred percent owner of the
7    company.  You have to take the good and the bad with a
8    corporate entity.
9            And I did rule in limine that this evidence could come
10   in and the plaintiff certainly could attempt to show what his
11   damages are, what his personal damages would be.  He is
12   entitled to recover his own damages for patent infringement.
13   He is the patent holder.  But other than to say that he is the
14   hundred percent owner of the company, no -- there was no
15   showing of -- of any damages on his part.
16           So I am not going to permit him to recover for any
17   lost -- alleged lost profits of Hawaii International Seafood.
18   However, he is entitled to a royalty.  A reasonable royalty.
19   So I'm not excluding that from the damage calculation pursuant
20   to this motion.  So, in effect, I'm granting this motion in --
21   in part.
22           Okay.  So that would take us to Motion No. 2.  And
23   that is, this is a motion for a judgment as a matter of law on
24   failure to prove damages made on two grounds.  A claim that the
25   evidence of patent damages lack foundation, evidence of