

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 4 2011

at _____ o'clock and _____ min. _____ P___
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI, | CIVIL NO. 03-00015 DAE-KSC |
| Plaintiff and Counterclaim Defendant, | ORDER GRANTING MOTION FOR LEAVE TO AMEND PLEADINGS |
| vs. | |
| JANA BRANDS, INC., | |
| Defendant and Counterclaim Plaintiff | |
| vs. | |
| HAWAII INTERNATIONAL SEAFOOD, INC., | |
| Additional Counterclaim Defendant. | |

## ORDER GRANTING MOTION TO AMEND PLEADINGS

On October 4, 2004, Plaintiff William R. Kowalski and Additional Counterclaim Defendant Hawaii International Seafood, Inc. (collectively, "Plaintiff/Counterclaim Defendant") filed a Motion for Leave to Amend Pleadings ("Motion"). On October 14,

**EXHIBIT W**

2004, Defendant/Counterclaim Plaintiff Jana Brands, Inc. ("Defendant") filed its Memorandum in Opposition to the Motion.  Plaintiff/Counterclaim Defendant filed a Reply Memorandum on October 20, 2004.

On October 21, 2004, Defendant filed a Surreply in Opposition to the Motion.  The court will not consider Defendant's surreply memorandum because it was submitted in violation of Rule 7.4 of the Local Rules of Practice for the District of Hawaii.

The matter came on for hearing on October 26, 2004.  Attorney Milton M. Yasunaga appeared for Plaintiff/Counterclaim Defendant; Attorneys Stephen G. Dyer, Andrew K. Beverina and Jeffrey B. McIntyre and John Foskett, by phone, appeared for Defendant.

The court having carefully reviewed the written submission, arguments of counsel and record, herein, hereby GRANTS Plaintiff/Counterclaim Defendant's Motion for Leave to Amend Complaint.

<u>BACKGROUND</u>

On January 13, 2003, Plaintiff/Counterclaim Defendant filed a Complaint alleging patent

2

infringement.  Defendant filed its answer to complaint and counterclaim against Plaintiff on March 10, 2003. On March 31, 2003, Defendant filed an Amended Counterclaim against Hawaii International Seafood, Inc.

A status conference was held on February 12, 2004 in which the court gave a new trial date and new pre-trial deadlines.  The new trial date and pre-trial deadlines were memorialized in the Amended Rule 16 Scheduling Order ("Amended Order") filed on February 12, 2004.  Pursuant to this Amended Order, the new deadline for filing motions to join/add parties/amend pleadings was set for September 17, 2004.

On September 9, 2004, another status conference was held with counsel.  At this status conference, counsel for the parties represented to the court that they had agreed to continue the following deadlines for thirty days: (1) motions to join/add/amend; (2) Plaintiff's expert witness; and (3) Defendant's expert witness.  Counsel stated that they would be submitting a stipulation to the court for its review and approval.

3

Thereafter on October 4, 2004, the court signed an Ex Parte to Shorten Time for Hearing on the instant Motion as well as an Ex Parte to Shorten Time for Hearing on Plaintiff/Counterclaim Defendant's Motion to Compel Further Discovery.  Both matters were set for hearing on October 26, 2004.

## DISCUSSION

Plaintiff/Counterclaim Defendant Kowalski seeks to amend his Complaint to add Counterclaim Defendant Hawaii International Seafood, Inc. as a co-Plaintiff on the patent infringement claim. Plaintiff/Counterclaim Defendant argues that under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

Plaintiff/Counterclaim Defendant contends that the instant Motion is timely since the parties agreed that the deadline to add/join/amend should be October 17, 2004.  Defense counsel does not dispute the existence of the agreement.

Based on the representation made by counsel at the September 8, 2004 status conference that the

parties had agreed, in pertinent part, to a thirty day extension of the September 17, 2004 deadline to file motions to join/add/amend and the confirmation by counsel of such an agreement at the hearing on the Motion, the court finds that Plaintiff/Counterclaim Defendant's Motion is timely.

Since the Motion is timely, the Motion is governed by Fed. R. Civ. P. Rule 15. Under Federal Rule of Civil Procedure 15(a), after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'" Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986) (quoting Howey v. United States, 481 F.2d 1187, 1190

(9th Cir. 1973) (citations omitted).  Thus, Rule "15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)(citing Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960) (per curiam)).

This liberality in granting leave to amend is subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, produce an undue delay in the litigation, is not sought in bad faith, and does not constitute an exercise in futility.  See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-88 (9th Cir. 1990).

The determination of whether a party should be allowed to amend a pleading is left to the discretion of the district court and the district court may only be reversed if it abused its discretion.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971).  The Ninth Circuit reviews a denial of leave to amend for abuse of discretion, "but such denial is

'strictly' reviewed in light of the strong policy permitting amendment." <u>Texaco, Inc. v. Ponsoldt</u>, 939 F.2d 794, 798 (9th Cir. 1991) (quoting <u>Moore v. Kayport Package Express</u>, 885 F.2d 531, 537 (9th Cir. 1989)).

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178 (1962). Furthermore, in exercising its discretion to grant leave to amend, a court must be guided by the underlying purpose of Rule 15 -- to facilitate a decision on the merits, rather than on pleadings or technicalities. <u>See</u> <u>Webb</u>, 655 F.2d at 979.

A. <u>Undue Delay</u>

The test for undue delay is "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." <u>Jackson</u>, 902 F.2d at 1388.

Undue delay by itself is insufficient to justify denying a motion to amend.  See Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

The Ninth Circuit has reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment.  See DCD Programs, 833 F.2d 183, 186-87 (9th Cir. 1987) (citing Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973)).

Thus, even if this court could clearly find undue delay, it would also have to find another factor to warrant denial of amendment.

B.    Prejudice

Prejudice to the opposing party is the most important factor when determining whether to grant leave to amend a complaint.  See Zenith Radio Corp., 401 U.S. at 330-31 (1971) (trial court "required" to take potential prejudice into account in deciding Rule

8

15(a) motion);  6 C. Wright, A. Miller & M. Kane,
Federal Practice and Procedure:  Civil 2d § 1487
(1990).

    C.  <u>Bad Faith and Futility</u>

      Futility of amendment can, by itself, justify
the denial of a motion for leave to amend.  However,
the Ninth Circuit has specifically held that leave to
amend should be allowed unless the complaint "cannot
under any conceivable state of facts be amended to
state a claim."  <u>Breier v. Northern Calif. Bowling
Proprietors' Assoc.</u>, 316 F.2d 787, 789 (9th Cir. 1963)
(citations omitted).  Leave is to be liberally granted
where it appears from the underlying facts or
circumstances a plaintiff may be able to state a claim.
<u>See</u> <u>DCD Programs, Ltd.</u>, 833 F.2d at 186 (9th Cir.
1987).

      Based on the record presented, the court cannot
say that the proposed amendment of the Complaint is in
bad faith or would be futile.  There is some evidence
presented by Plaintiff which suggests that Defendant

pursued a course of conduct intended to affect Plaintiff Kowalski and his company, Hawaii International, with regard to the sale of fish or seafood covered by the subject patent.

There is no dispute that Plaintiff Kowalski is the owner of the subject patent and that Kowalski is the owner of proposed plaintiff Hawaii International, and that Hawaii International sells seafood covered by Kowalski's patent.  As such, the addition of Hawaii International as a plaintiff to this case furthers the "Congressional mandate that, in patent actions, ... the court shall award the claimant damages adequate to compensate for the infringement."  Kalman v. Berlyn Corp., 914 F.2d 1473, 1480-81 (Fed.Circ. 1990).

Next, the addition of Hawaii International as a plaintiff to this action would enlarge the issues of liability and damages, and therefore, prejudice Defendant.  However, the claims of Hawaii International arise essentially from the same conduct which underlie the claims originally brought by Plaintiff Kowalski in

10

his Complaint.  Further, the relevant facts and circumstances should be familiar to Defendant and/or are the subject of ongoing discovery by the parties. Additionally, the February 18, 2005 discovery deadline set by the Amended Rule 16 Scheduling Order has not passed and the parties still have a reasonable opportunity to conduct discovery specifically directed towards Hawaii International and its claims herein.  On September 8, 2004, counsel advised the court that they had agreed to an extension of the deadline for expert witness disclosures.  If appropriate, counsel may also seek a brief postponement of the trial date.

Finally, since patent owner Kowalski is the owner of proposed plaintiff Hawaii International, and the claims sought to be added arise from or are related to the Defendant's conduct which is the subject of the Complaint, the interests of judicial economy and efficiency favor allowing the proposed amendment in this case.

11

Therefore, while allowance of the proposed amendment and addition of Hawaii International would be prejudicial to Defendant, the court cannot say that the proposed amendment and addition of Hawaii International would be unduly prejudicial or so severe as to warrant denial of the Motion.

Finally, because the court has found no undue prejudice or futility, the court need not address the undue delay issue because even if the court finds undue delay, it cannot be the sole reason to deny a motion for leave to amend.  See Bowles, 198 F.3d 752, 758 (9th Cir. 1999).

Based on the liberal standard applicable to motions to amend set out in Fed. R. Civ. P. Rule 15(a), and the particular circumstances of this case, the court GRANTS Plaintiff/Counterclaim Defendant's Motion for Leave to Amend Pleadings filed on October 4, 2004. The Amended Complaint shall be filed by November 2, 2004.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii,  ___OCT 26 2004___ .


KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE


CIVIL NO. 03-00015 DAE-KSC.  <u>WILLIAM R. KOWALSKI vs. JANA BRANDS,
INC. vs. HAWAII INTERNATIONAL SEAFOOD, INC.</u>; ORDER GRANTING
MOTION TO AMEND PLEADINGS.

13