IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI, et al., ) | Civ. No. 04-00055 BMK |
| ) | |
| Plaintiffs, ) | |
| vs. ) | ORDER DENYING |
| ) | DEFENDANT'S MOTION TO |
| OCEAN DUKE CORPORATION, ) | DISMISS FOR FAILURE TO JOIN |
| ) | LEO SANDAU AS AN |
| Defendant. ) | INDISPENSABLE PARTY |
| _____ ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE
TO JOIN LEO SANDAU AS AN INDISPENSABLE PARTY

Plaintiff William R. Kowalski ("Kowalski") obtained a jury verdict against Defendant Ocean Duke Corporation ("Ocean Duke") on December 13, 2007, for infringement of Kowalski's U.S. Patent 5,972,401 ("the Kowalski Patent"). Now that the trial has concluded, but before final judgment has been entered, Ocean Duke has filed the present motion to dismiss on the ground that Kowalski failed to join an indispensable and necessary party to the case. This motion was heard on March 14, 2008. After careful consideration of the motion, the opposing and supporting memoranda, and the arguments of counsel, Ocean Duke's motion is hereby DENIED.

## STANDARD OF REVIEW

For motions to dismiss for failure to join an indispensable party, the court must determine "(1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is indispensable such that in 'equity and good conscience' the suit should be dismissed." Dawavendewa v. Salt River project Agric. Improvement and Power Dist., 276 F.3d 1150, 1155 (9th Cir. 2002).  An absent party is "necessary" to the action where complete relief cannot be accorded without that party, or where the absent party "claims a legally protected interest in the subject of the suit such that a decision in its absence will (1) impair or impede its ability to protect that interest; or (2) expose [it] to the risk of multiple or inconsistent obligations by reason of that interest." Id.  A necessary party "should be joined if feasible." Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 867 n.5 (9th Cir. 2004) (internal quotation marks omitted).

Where it is not feasible to join a necessary party, the court may dismiss the action, if it determines that the absent party is "indispensable" to the case.  Dawavendewa, 276 F.3d at 1155; see also Disabled Rights Action Committee, 375 F.3d at 867 n.5 (stating that "'[i]ndispensable' refers to a party whose participation is so important to the resolution of the case that, if the joinder

of the party is not feasible, the suit must be dismissed"). A party is indispensable "if in 'equity and good conscience,' the court should not allow the action to proceed in its absence. Id. at 1161. In determining whether a party is indispensable, courts must balance the following four factors: (1) the prejudice to any party or the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum." Dawavendewa, 276 F.3d at 1161-62; Fed. R. Civ. P. 19. When no alternative forum exists, the court must be "extra cautious" about dismissing the suit. Id. at 1162.

## DISCUSSION

Ocean Duke contends that Kowalski failed to join a necessary and indispensable party to the action, namely, a Mr. Leo Sandau ("Sandau"). Ocean Duke claims that Sandau was necessary to the litigation because he has an ownership interest in the Kowalski Patent, and therefore, the right to sue for infringement of the patent. Ocean Duke fears that since Sandau was not joined as a party to this litigation, it may be subject to additional litigation in the future for the same conduct that was at issue in this past trial. As a matter of law, Ocean Duke is correct that Sandau would have been a necessary party to this litigation if he has the ability to sue them for infringement of the Kowalski Patent. What is disputed

is whether Sandau has a sufficient ownership interest in the patent to accord him the ability to sue Ocean Duke.

Ocean Duke argues that Sandau does have a sufficient ownership interest to sue it. Ocean Duke bases its argument on a document filed with the United States Patent and Trademark Office ("USPTO"), dated October 3, 2000, which describes a "Financing Statement" conveying to Sandau "[a]ll right, title and interest of William R. Kowalski in and to an undivided Twenty-Five Percent (25%) interest in United States Patent 5,972,401." (Defs. Ex. A.)

Kowalski, on the other hand, contends that the language of the USPTO filing notwithstanding, he never assigned any patent ownership to Sandau. Plaintiffs argue that "[t]he legal effect of the Loan Agreement and Financing Statement is to give Sandau a security interest in a portion of the Kowalski Patent" and that "the 25% ownership share mentioned in . . . the Financing Statement is merely the collateral to secure repayment of the loan." (Mem. Opp. Mot. 5.) The Loan Agreement between Sandau and Kowalski supports Kowalski's arguments. It states that "[t]he loan will be secured by a 25% ownership share of your Patents . . . ." (Pls. Ex. 1, ¶ 2(i).) While the loan agreement specifically grants certain other rights to Sandau, such as a certain percentage of royalty income, it does not grant an outright ownership interest in the patent itself to Sandau.

This is further supported by the declaration of Leo Sandau, who declares under penalty of perjury that the 25% interest in the patents was "collateral to secure repayment of the monies," not an outright assignment. (Pls. Mem. Opp., Sandau Decl. ¶ 2.) Sandau further states: "I do not claim that Mr. Kowalski assigned to me a 25% ownership interest in his patents or that I presently have or in the past ever had a right to sue for infringement of any of Mr. Kowalski's patents." (Pls. Mem. Opp., Sandau Decl. ¶ 2.) Kowalski similarly declares that "25% of my patent is merely pledged as collateral to secure the loan, and 25% ownership (or any percentage of ownership) of my patent has never been transferred to Mr. Sandau." (Pls. Mem. Opp., Kowalski Decl. ¶ 3.)

Sandau may have the right to sue Kowalski for breach of their agreement, but he has no ownership interest in the Kowalski patent. The 25% interest referred to in the financing statement is a security interest, not a present ownership interest. Neither this collateral, nor the royalty streams and other consideration which Kowalski promised to Sandau gave Sandau ownership of the Kowalski Patent. Without an ownership interest in the patent itself, Sandau does not now have, nor has he ever had, the right to sue others for infringement of the Kowalski Patent. Ocean Duke need not fear a future infringement suit by Sandau

for the conduct that was at issue in this litigation.  Accordingly, Sandau is not a necessary party, and Ocean Duke's motion to dismiss is hereby DENIED.

## CONCLUSION

For the foregoing reasons, Ocean Duke's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 19, 2008

Kowalski , et al. v. Ocean Duke; Civ. No. 04-00055; ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN LEO SANDAU AS AN INDISPENSABLE PARTY