IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 04-00055 BMK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION FOR |
| OCEAN DUKE CORPORATION, | ) | JUDGMENT |
| | ) | NOTWITHSTANDING THE |
| Defendant. | ) | VERDICT |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT
NOTWITHSTANDING THE VERDICT

Plaintiff William R. Kowalski ("Kowalski") obtained a jury verdict against Defendant Ocean Duke Corporation ("Ocean Duke") on December 13, 2007, for infringement of Kowalski's U.S. Patent 5,972,401 ("the Kowalski Patent"). At trial, Ocean Duke made four motions for judgment as a matter of law under Rule 50. One was granted, one was denied, and two were granted in part and denied in part. Ocean Duke now renews two of these motions, arguing that (1) that the claims of the Kowalski Patent are broader than the specifications, and so the patent is invalid, and (2) that Kowalski introduced insufficient evidence of patent damages to support the verdict awarded him by the jury.

The Court has deemed this motion appropriate for consideration without further hearing. After careful consideration of the motion, and the supporting and opposing memoranda, Ocean Duke's motion is hereby DENIED.

## STANDARD OF REVIEW

When a court denies a motion for judgment as a matter of law made under Rule 50(a), "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). After the trial, "the movant may file a renewed motion for judgment as a matter of law," and the court may "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or, (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b).

If it is supported by "substantial evidence," the jury's verdict must be upheld. Wallace v. City of San Diego, 479 F.3d 606, 624 (9th Cir. 2007). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." Id. (quoting Johnson v. Paradise Valley Unified School Dist., 251 F.3d 1222, 1227 (9th Cir. 2001)).

DISCUSSION

I.  VALIDITY OF THE KOWALSKI PATENT

Ocean Duke now renews its Rule 50 motion that the court find the claims of the Kowalski Patent invalid for failure to meet the written description requirement.  The written description requirement provides that "the specification shall contain a written description of the invention," and that the specification "shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112.  The purpose of this written description is to "disclose one's invention to the public."  Lizardtech, Inc. v. Earth Resource mapping, Inc., 433 F.3d 1373, 1375 (Fed. Cir. 2006.)  The claims of the patent, on the other hand, are what "define the patent right."  ThermoplaZstics Co. v. Faytex Corp., 974 F.2d 1299, 1300 (Fed. Cir. 1992).

The claims of a patent "may be no broader than the supporting disclosure."  Gentry Gallery v. Berkline Corp., 134 F.3d 1473, 1479 (Fed. Cir. 1998).  Where a patent's claim does go beyond the scope of the patent's specifications, the claim is invalid.  Id. (finding that there was clear error where a district court, after a bench trial, failed to invalidate claims that were broader than the specifications).  Invalidity for failure to meet the written description

requirement is an affirmative defense that must be proven by clear and convincing evidence. Morton Int'l, Inc. v. Cardinal Chem. Co., 5 F.3d 1464, 1470 (Fed. Cir. 1986).

Ocean Duke first moved for judgment as a matter of law on the grounds of patent invalidity at the close of Kowalski's case, although Ocean Duke had, by that point, presented some of its own evidence as well. The Court denied Ocean Duke's motion at that time because based on the evidence that had been presented, Ocean Duke had not yet met its burden of proving invalidity by clear and convincing evidence.[1]

In renewing its motion for judgment as a matter of law on this issue, Ocean Duke contends that the jury's finding was not supported by substantial evidence. Ocean Duke claims that "the only evidence in the record at trial is that Mr. Kowalski's patented process . . . is associated with specific temperature ranges" and that "the claims of the Kowalski patent go beyond the[se] specific

---

[1] Ocean Duke argued then, as it does now, that invalidity may be decided by the Court as a matter of law. The only Federal Circuit case which Ocean Duke cites in support of this proposition, however, is Amhil Enterprises Ltd. v. Wawa, Inc., 81 F.3d 1554, 1558 (Fed. Cir. 1996). Amhil Enterprises states only that summary judgment "on the fact issue of infringement . . . . may . . . properly be decided as a matter of law when no genuine issue of material fact exists and no expert testimony is required to explain the nature of the patented invention or the accused product or to assist in their comparison." 81 F.3d at 1557-58. This is an unremarkable proposition, and does little to negate the strong line of case law that "whether the written description requirement has been satisfied is a question of fact," Cordis Corp. v. Medtronic Ave., Inc., 339 F.3d 1352, 1363 (Fed. Cir. 2003).

temperature ranges disclosed in the written description." (Mem. Supp. Mot. 9.) Ocean Duke principally relies on the language of the Kowalski Patent itself, which specifies that the patented process has "an operable range of 400 to 950 degrees Fahrenheit (204 to 510 degrees Centigrade)" (Kowalski Patent, Col. 11, at 46-50), but then claims a process for "heating" without specifying any discrete temperature ranges.

In addition to the language of the patent itself, Ocean Duke argues that the "Notice of Infringement" letter sent to it "proclaim[ed] the 'very broad' nature of the patent's claims," and that this too tends to show the overbreadth of the Kowalski Patent. (Mem. Supp. Mot. 13.) Ocean Duke also points to Professor Iawaoka's statement, on cross-examination, that the Kowalski Patent's claims were "too broad," (Mem. Supp. 13).

In response, Kowalski highlights several pieces of evidence admitted at trial tending to show that the Kowalski Patent is not invalid for overbreadth. First, Dr. Maga testified that a reasonable person would not, after reading the Kowalski Patent and drawing upon that person's knowledge in the field, have gotten the impression that the specifications limited Kowalski's patented process to producing smoke only between 204 and 510 degrees Celsius. Second, Kowalski introduced into evidence several patents on smoke generation for food processing,

from which an inference can be drawn that persons of ordinary skill in the art would know that such smoke could be produced at temperatures outside of the 204° to 510° C range.

The Court finds that when this evidence is taken as a whole, the jury had substantial evidence before it to conclude that Ocean Duke had not established its affirmative defense of invalidity by clear and convincing evidence. Ocean Duke's motion on this ground is DENIED.

## II.  EVIDENCE OF PATENT DAMAGES

Ocean Duke also renews its Rule 50 motion for judgment as a matter of law for lack of evidence on damages. Specifically, Ocean Duke argues that the testimony of Dr. Francom, Kowalski's damages expert, should be stricken because it was not based on any evidence that was admitted at trial. Ocean Duke contends that no other significant evidence of Ocean Duke's finances were introduced, and so the jury had no basis on which to determine damages.

Kowalski responds that under Federal Rule of Evidence 703, an expert's testimony need not be based on evidence admitted at trial, and so Dr. Francom's testimony was properly before the jury. In addition, he points to Trial Exhibit 193, which provided data about Ocean Duke's revenue from the infringing product. Finally, Kowalski argues that "the law, as properly reflected in the jury

instructions, expressly directed the jury to make the reasonable royalty determination for itself, taking into account various factors specified in the instructions, only one of which was the opinion of experts, so the fact that the jury's award differed slightly from the expert's figure should not be surprising or deemed improper." (Mem. Opp. 32.)

The Court finds that Dr. Francom's testimony and Exhibit 193 provided substantial evidence for the jury to find that Kowalski had been damaged by Ocean Duke in the amount of $2,200,000. Ocean Duke's motion on this ground is DENIED.

## CONCLUSION

For the foregoing reasons, Ocean Duke's motion for judgment notwithstanding the verdict is hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 25, 2008

Kowalski v. Ocean Duke; Civ. No. 04-00055 BMK; ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.