IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 04-00055 BMK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION FOR |
| OCEAN DUKE CORPORATION, | ) | NEW TRIAL |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

Plaintiff William R. Kowalski ("Kowalski") obtained a jury verdict against Defendant Ocean Duke Corporation ("Ocean Duke") on December 13, 2007, for infringement of Kowalski's U.S. Patent 5,972,401 ("the Kowalski Patent"). Ocean Duke has now moved for a new trial on various grounds. The Court deems this motion appropriate for consideration without further hearing, and after careful review of the motion and the supporting and opposing memoranda, Ocean Duke's motion is hereby DENIED.

STANDARD OF REVIEW

Courts may grant a new trial, after a jury trial, "for any reaons for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). A new trial can be granted where "the verdict is contrary to

the clear weight of the evidence." Molksi v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000). A verdict can be supported by substantial evidence, but still be against the clear weight of the evidence. Id.

In addition, where a court has determined that a damages award is "grossly excessive," the court can grant a defendant's motion for a new trial, conditioned on the plaintiff's failure to remit the excessive damages. See Morgan v. Woessner, 997 F.2d 1244, 1258 (9th Cir. 1993).

A court can also order a new trial where the opposing counsel committed misconduct at trial, which, although not objected to at the time, calls into question "the integrity or fundamental fairness of the proceedings in the trial court." Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1193 (9th Cir. 2002) (quoting Bird v. Glacier Electric Coop. Inc., 255 F.3d 1136, 1148 (9th Cir. 2001)).

Similarly, juror misconduct may be a ground for new trial if it is prejudicial to the losing party. See Anderson v. Ford Motor Co., 186 F.3d 918, 920 (8th Cir. 1999).

Finally, a court may grant a new trial where an erroneous evidentiary ruling "substantially prejudiced" a party. Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995).

## DISCUSSION

I. FINDING OF INFRINGEMENT

Ocean Duke first requests a new trial on the ground that the jury's finding of infringement was contrary to the clear weight of the evidence. Specifically, Ocean Duke claims that "the evidence presented at trial of the method by which the Shih process was employed in Bali was second-hand, conflicting, and unpersuasive" with respect to the "so called 'filtering,' 'separating,' or 'condensation' step, by which the gas was actually separated into water vapor and carbon monoxide." (Mem. Supp. Mot. 5-6.) Ocean Duke argues that as a result, Kowalski failed to meet his burden of proof of infringement, and so the jury's verdict must have been against the clear weight of the evidence.

Kowalski responds by pointing to certain key pieces of evidence introduced at trial regarding the filtering process used at the PT Intisamudera Citraperkasa ("PT") plant. First, Kowalski points to Trial Exhibit 177, the handwritten notes of Mr. Shih, owner of the PT plant, on a copy of his Shih patent that he gave to Ocean Duke. These notes clearly indicated that the PT plant used a filter in its smoke production process.

Second, Kowalski points to the testimony of John Stalker about certain admissions made to him by Ocean Duke representative Chris Ragone.

Specifically, Stalker testified that Ragone admitted that the process used by Ocean Duke's supplier removed flavor components from the smoke used to treat the fish.[1]

Third, Kowalski points to Dr. Iwaoka's testimony that the photograph of the Ocean Duke smoke generating apparatus pictured in Trial Exhibit 502 was a condensation unit that would have the effect of removing particulates from the smoke.

The Court finds that based on this evidence, Kowalski met his burden of showing that the PT smoke manufacturing process involved "filtering," as that term is used within the claims of the Kowalski patent. The Court finds that the weight of the evidence on this issue was in favor of Kowalski, not in favor of Ocean Duke. Accordingly, Ocean Duke's motion for a new trial on this ground is hereby DENIED.

---

[1] Ocean Duke, in its reply brief, argues that "Mr. Stalker was inherently incredible on some points, and in fact ended up being a more powerful witness for Ocean Duke than for plaintiffs." (Reply 7.) This argument is based on Mr. Stalker's admission that he applied for a job with Ocean Duke, and stated that he was worried he might be sued by Kowalski. While this revelation may have bolstered Ocean Duke's gloss on the case–that "Mr. Kowalski . . . attempted to hijack a (fledgling) industry through litigation, including by turning his back on the members of the Tasteless Smoke Seafood Association, whom he had recruited, led, and then betrayed" (Reply 1)-- it did not diminish Stalker's credibility as a witness regarding the admissions made to him by Ragone regarding PT's inclusion of a filtering step in its production of smoke.

## II.  FINDING THAT INVALIDITY DEFENSE NOT ESTABLISHED

Ocean Duke also argues that the jury's finding that Ocean Duke had not established the invalidity of the Kowalski Patent's claims by clear and convincing evidence was contrary to the clear weight of the evidence.  Specifically, Ocean Duke contends that the clear weight of the evidence showed that the claims of the Kowalski Patent were invalid for failure to meet the written description requirement.  Patent law requires that "the specification shall contain a written description of the invention," and that the specification "shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112.  The purpose of the written description is to "disclose one's invention to the public." Lizardtech, Inc. v. Earth Resource Mapping, Inc., 433 F.3d 1373, 1375 (Fed. Cir. 2006.)  The claims of the patent, on the other hand, are what "define the patent right." ThermoplaZstics Co. v. Faytex Corp., 974 F.2d 1299, 1300 (Fed. Cir. 1992).

The claims of a patent "may be no broader than the supporting disclosure." Gentry Gallery v. Berkline Corp., 134 F.3d 1473, 1479 (Fed. Cir. 1998).  Where a patent's claim does go beyond the scope of the patent's specifications, the claim is invalid.  Id. (finding that there was clear error where a district court, after a bench trial, failed to invalidate claims that were broader than

the specifications). Invalidity for failure to meet the written description requirement is an affirmative defense that must be proven by clear and convincing evidence. Morton Int'l, Inc. v. Cardinal Chem. Co., 5 F.3d 1464, 1470 (Fed. Cir. 1986).

Here, Ocean Duke claims that "the evidence at trial showed that the claims of the Kowalski patent are overwhelmingly broader than the scope of the invention as disclosed in the patent's specifications." (Mem. Supp. Mot. 10.) Specifically, Ocean Duke argues that "although the claims cover any possible temperature range, the invention as disclosed in the patent is much more narrowly drawn, with limited temperature ranges." (Mem. Supp. Mot. 10.) Ocean Duke relies exclusively on the language of the Kowalski Patent itself, which defines the "operable range" of the described smoke generation process as 204 to 510 degrees Celsius, but does not include similar numerical limits to define patent's claim of "heating" organic smoking material. (Mem. Supp. Mot. 10-11.) Ocean Duke claims that the language of the Kowalski Patent, "the only evidence in the record at trial," conclusively demonstrates that the Kowalski Patent's broad claims are invalid. (Mem. Supp. Mot. 11.) Therefore, it argues, the jury's finding that

Ocean Duke had failed to meet its burden of proving invalidity by clear and convincing evidence was contrary to the clear weight of the evidence.

In opposition, Kowalski points to the same evidence he pointed to in opposition to Ocean Duke's motion for judgment notwithstanding the verdict. Kowalski first points to Dr. Maga's testimony that a person of ordinary knowledge in the field would not, after reading the Kowalski Patent, have gotten the impression that the specifications limited Kowalski's patented process to producing smoke only between 204 and 510 degrees Celsius. Kowalski also points to his introduction of several patents on smoke generation for food processing, from which an inference can be drawn that persons of ordinary skill in the art would know that such smoke could be produced at temperatures outside of the 204° to 510° C range.

Based on this evidence, the Court determines that the jury's finding was not contrary to the clear weight of the evidence. While the language of the Kowalski Patent indicates that the claims might be broader than the specifications, Ocean Duke failed to introduce any significant evidence corroborating this interpretation. Kowalski, on the other hand, introduced several significant pieces of evidence contradicting Ocean Duke's interpretation of the Kowalski Patent. Given the evidence on both sides of this dispute, the jury's finding was not

contrary to the clear weight of the evidence, and Ocean Duke's request for a new trial on this ground is hereby DENIED.

III. DAMAGES AWARD

Ocean Duke next argues that the damages award was excessive, not supported by the evidence, and based on speculation. It requests that the Court reduce or eliminate the damage award, and then offer Kowalski the option of either the recalculated award, or a new trial. Specifically, Ocean Duke contends here, as it did in its motion for judgment notwithstanding the verdict, that Francom's testimony should be stricken for lack of foundation. Ocean Duke further argues that the damages award was based on a lack of persuasive evidence, since Francom failed to specify why he chose the higher reasonable royalty range, rather than the lower one, and also admitted to making certain miscalculations.

Here, the Court finds that the damages awarded by the jury were not excessive. First, Dr. Francom's testimony on damages was properly before the Court. Rule 703 of the Federal Rules of Evidence states that for expert opinion testimony, "the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted." Fed. R. Ev. 703. In addition, Dr. Francom's testimony was based in part on data that *was* admitted into evidence, namely, Trial

Exhibit 193, a chart created by Ocean Duke which summarized its profits on treated seafood from 1999 through 2005.

Second, the jury was free to take or leave Dr. Francom's opinion. As Kowalski points out in his opposition, "the law, as properly reflected in the jury instructions, expressly directed the jury to make the reasonable royalty determination for itself, taking into account various factors specified in the instructions, only one of which was the opinion of experts." (Mem. Opp. 21-22.) Moreover, as Kowalski also points out, Ocean Duke "did not proffer any evidence at trial, and even still does not suggest in this Motion, the amount of reasonable royalty damages that should be awarded to Plaintiff." (Mem. Opp. 22.)

Given the evidence presented in this case, the Court finds that the jury's verdict of $2,200,000, just slightly higher than Dr. Francom's suggested reasonable royalty damages, was not excessive. Therefore, Ocean Duke's motion for a new trial on the ground of excessive damages is hereby DENIED.

IV. CONDUCT OF OPPOSING COUNCIL

Ocean Duke further argues that it is entitled to a new trial because, during closing arguments, Kowalski's counsel said "it's really not fair," apparently referring to the Court's exclusion of lost profits damages. (Mem. Supp. Mot. 22.) Ocean Duke contends that the jury could have understood this to mean that

Kowalski's counsel was encouraging it to award "more than what the court is limiting me to arguing and you to deciding." (Mem. Supp. Mot. 22.) Since the jury did in fact award more than recommended by Kowalski's damages expert, Ocean Duke argues that it is entitled to a new trial.

Kowalski contends that a new trial is not warranted, however, because Ocean Duke did not object to this alleged misconduct during closing arguments, and that even if there had been an objection, such an isolated statement alone does not warrant a new trial.

The transcript of the trial reveals that Kowalski's counsel spoke as follows during closing arguments:

> And remember Mr. Francom explained that reasonable royalty is the lowest kind of damage. And it's kind of unfair because what it does is, reasonable royalty is only a portion of the profits that the wrongdoer made. Even if Mr. Kowalski gets a reasonable royalty, the wrongdoer gets the whole majority of the profits, even though Ocean Duke had no right to deal in the product. And so that's why reasonable royalty damages are the minimum. But you should at least give him that, the full minimum.

(Trial Transcript, Day 6, 37.) Because this statement was not objected to at the time, the Court must determine whether it is so egregious that it calls into question "the integrity or fundamental fairness of the proceedings in the trial court."

Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1193 (9th Cir. 2002) (quoting Bird v. Glacier Electric Coop. Inc., 255 F.3d 1136, 1148 (9th Cir. 2001)).

Regardless of whether or not this statement was or was not proper, the Court finds that, it does not rise nearly to the level of undermining the integrity or fairness of the proceeding.  Kowalski's counsel was attempting to place the remedy the Court had allowed into a larger framework to encourage the jury to award the full amount of reasonable royalty damages recommended by Kowalski's damages expert; he did not in any way, however, encourage the jury to ignore the Court's ruling limiting Kowalski to a reasonable royalty.  Accordingly, Ocean Duke's motion for a new trial on the ground of attorney misconduct is hereby DENIED.

V.  CONDUCT OF THE JURY

In addition to claiming misconduct of counsel, Ocean Duke also claims that the jury committed misconduct because the foreperson "was inattentive, and may well have been dozing during trial." (Mem. Supp. Mot. 23.)  Ocean Duke states that "if the court noted this as well, it would present additional grounds for a new trial."  (Mem. Supp. Mot. 23.)

The Court did not note any inattentiveness by any members of the jury; indeed, the Court found the jury to be surprisingly engaged and attentive for a case as highly technical and convoluted as this one.  Moreover, as Kowalski notes

in his opposition, Ocean Duke failed to object to this alleged conduct at the time of trial, which might have allowed the Court to correct the problem if one existed. Accordingly, Ocean Duke's motion for a new trial on the ground of juror misconduct is hereby DENIED.

VI.  RULINGS OF THE COURT DURING TRIAL

Finally, Ocean Duke claims that a new trial is warranted because of the following erroneous rulings by the Court: (1) the exclusion of defendant's damages expert, Michael McEnerney; (2) the exclusion of Charles Cardile as a witness; (3) the exclusion of Richard Friend as a witness; (4) the lack of instructions on the invalidity defenses of anticipation, best mode, prior art, and misuse; (5) the Court's claim construction order; and, (6) the failure to answer the jury's question about damages with a simple "yes" or "no," leading the jury to conclude that it had to award the damages amount testified to by the plaintiffs' expert witness.  For a new trial to be warranted, the erroneous evidentiary ruling must have "substantially prejudiced" a party.  Ruvalcaba, 64 F.3d at 1328.

Ocean Duke fails to elaborate on any of these assignments of error. After revisiting these rulings, the Court finds no reason to alter them in any way,

much less to deem them erroneous. At the time it made the rulings, the Court provided ample explanation of its exclusion of McEnerney, Cardile and Friend, as well as the reasoning behind its claims construction order. Accordingly, in the absence of any argument by Ocean Duke, the Court will not re-hash that reasoning at this time. The Court did not instruct the jury regarding the invalidity defenses of anticipation, best mode, prior art, and misuse because Ocean Duke represented to the Court and Kowalski before trial that the only invalidity defense it intended to pursue–and the only defense on which it actually presented evidence at trial–was failure to meet the written description requirement. Finally, the Court did not respond to the jury's question about damages with a "yes" or "no" answer because the response it provided the jury was approved by Ocean Duke's local counsel before the response was given. Ocean Duke's motion for a new trial on the ground of errors of law made during trial is hereby DENIED.

## CONCLUSION

For the foregoing reasons, Ocean Duke's motion for a new trial is hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 31, 2008

Kowalski v. Ocean Duke; Civ. No. 04-00055 BMK; ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL