IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 04-00055 BMK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION FOR |
| OCEAN DUKE CORPORATION, | ) | ENTRY OF JUDGMENT OF |
| | ) | PATENT INVALIDITY ON |
| Defendant. | ) | GROUND OF INDEFINITENESS |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
OF PATENT INVALIDITY ON GROUND OF INDEFINITENESS

Plaintiff William R. Kowalski ("Kowalski") obtained a jury verdict against Defendant Ocean Duke Corporation ("Ocean Duke") on December 13, 2007, for infringement of Kowalski's U.S. Patent 5,972,401 ("the Kowalski Patent"). Ocean Duke has now filed a "Motion for Entry of Judgment, Based on Patent Invalidity on Grounds of Indefiniteness." The Court deems this motion appropriate for consideration without further hearing, and after careful review of the motion and the supporting and opposing memoranda, Ocean Duke's motion is hereby DENIED.

<u>DISCUSSION</u>

I.  TIMELINESS OF THE MOTION

Notwithstanding the jury verdict in this case, Ocean Duke has moved

for judgment in its favor on the grounds that the claims of the Kowalski patent are

invalid as a matter of law.  A party may move for judgment notwithstanding the

verdict only by renewing a motion for judgment as a matter of law already made

during the course of the trial.  Fed. R. Civ. P. 50(b).  Rule 50 provides that the

underlying motion for judgment as a matter of law "may be made at any time

before the case is submitted to the jury."  Fed. R. Civ. P. 50(a).  The renewal of

such a motion may only be based on arguments raised in the underlying motion.

<u>Freund v. Nycomend Amersham</u>, 347 F.3d 752, 761 (9th Cir. 2003) (stating that

"[a] party cannot raise argument in its post-trial motion for judgment as a matter of

law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion").

Here, Ocean Duke did make a Rule 50 motion for judgment as a

matter of law on the issue of patent invalidity at the close of Kowalski's case.   The

only invalidity ground that Ocean Duke asserted in this motion, however, was

invalidity on the basis of failure to meet the written description requirement.

Nowhere in this motion did Ocean Duke argue or even allude to indefiniteness.

These are very different defenses.  The written description defense involves issues

2

of fact, and is grounded in the first paragraph of 35 U.S.C. § 112.  <u>Cordis Corp. v.</u>

<u>Medtronic Ave., Inc.</u>, 339 F.3d 1352, 1363 (Fed. Cir. 2003).   The indefiniteness

defense, on the other hand, is a matter of law, and is grounded in the second

paragraph of § 112.  <u>Orthokinetics, Inc. v. Safety Travel Chairs, Inc.</u>, 806 F.2d

1565, 1576 (Fed. Cir. 1986).  Because of these differences,  Ocean Duke's present

motion for judgment on the grounds of indefiniteness fails to renew its earlier Rule

50(a) motion for a finding of invalidity based on the written description defense.

Moreover, it is now too late for Ocean Duke to bring an independent

Rule 50(a) motion, since it has not been brought "before the case is submitted to

the jury," Fed. R. Civ. P. 50(a).  The fact that Ocean Duke pled the indefiniteness

defense in its answer does not provide it with a free pass to ignore the requirements

of Rule 50.  <u>See, e.g.</u> <u>Bradford-White Corp. v. Ernst & Whitney</u>, 872 F.3d 1153,

1161 (3d. Cir. 1989) (finding that an affirmative defense pled in the answer had

been waived where it had not been pursued before or at trial because "it would be

grossly unfair to allow a plaintiff to go to the expense of trying a case only to be

met by a new defense after trial").  Ocean Duke did not raise indefiniteness during

summary judgment proceedings, did not raise it as a possible defense in its pre-trial

statement or its trial brief, and did not raise it at trial.  Ocean

Duke cannot be allowed to raise this defense now, at this very late stage in the proceedings.

Accordingly, Ocean Duke's motion for judgment on the basis of indefiniteness is hereby DENIED for being untimely under Rule 50(a), and for failing to meet the renewal requirement of Rule 50(b).

## II.  MERITS OF THE MOTION

Even if Ocean Duke's motion were timely filed at an appropriate stage of the litigation, it would fail on the merits.  A patent is invalid for indefiniteness where there is no objective standard allowing the public to determine the scope of the claimed invention.  See Datamize LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1347 (Fed. Cir. 2005).  Here, Ocean Duke asserts that the Kowalski Patent's claims of "reduc[ing] taste imparting components below thresholds for imparting smoke odor and taste" (Kowalski Patent, Col. 23, at 1-4) is entirely subjective, and hence, invalid.

Kowalski responds that the Kowalski Patent's claims, unlike those in Datamize, are capable of a reasonable and definite construction.  Unlike the claim of "aesthetically pleasing" at issue in Datamize, which is not susceptible to any objective criteria, there is no doubt what it means for something to be "tasteless," or how that criteria can be met.  Moreover, the Court was in fact able to construe

this language in its claims construction order, and so the claim language is not "insolubly ambiguous," nor did "reasonable efforts at claim construction prove futile," <u>Datamize</u>, 417 F.3d at 1347 (stating that "only claims 'not amenable to construction' or 'insolubly ambiguous' are indefinite).

<u>CONCLUSION</u>

For the foregoing reasons, Ocean Duke's motion for an entry of judgment on the grounds of patent invalidity is hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 31, 2008

<u>Kowalski v. Ocean Duke</u>; Civ. No. 04-00055 BMK; ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT OF PATENT INVALIDITY ON GROUND OF INDEFINITENESS.

5