IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 04-00055 BMK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION FOR |
| OCEAN DUKE CORPORATION, | ) | ATTORNEY'S FEES |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

       Plaintiff William R. Kowalski ("Kowalski") obtained a jury verdict against Defendant Ocean Duke Corporation ("Ocean Duke") on December 13, 2007, for infringement of Kowalski's U.S. Patent 5,972,401 ("the Kowalski Patent"). Ocean Duke has now filed a motion for attorney's fees on the Lanham Act trademark claims brought against it by Kowalski and his company, Hawaii International Seafood, Inc. ("HISI"), and which were dismissed during the course of the trial. The Court deems this motion appropriate for consideration without further hearing, and after careful consideration of the motion and the supporting and opposing memoranda, Ocean Duke's motion is DENIED.

STANDARD OF REVIEW

A party who prevails on claims brought under the Lanham Act can, at the discretion of the court,  recover attorney's fees "in exceptional cases." 15 U.S.C. § 1117 (stating that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party").  This applies not only to prevailing plaintiffs, but also to prevailing defendants.  Stephen W. Boney, Inc. v. Boney Servs., Inc., 127 F.3d 821, 827 (9th Cir. 1997).  Cases are "exceptional" where the prevailing defendant can show that the plaintiff's case was "groundless, unreasonable, vexatious, or pursued in bad faith."  Applied Information Sciences Corp. v. Ebay, Inc., 511 F.3d 966, 973 (9th Cir. 2007).

DISCUSSION

At trial, both Kowalski and HISI brought trademark infringement claims against Ocean Duke under the Lanham Act.  These claims were based on Kowalski's ownership of the registered trademark "Cryofresh" for use with his product treated with tasteless smoke.  Kowalski and HISI alleged that Ocean Duke used the phrase "Cryo-Freeze" in marketing its product treated with tasteless smoke, and that this infringed on Kowalski's trademark.  After the close of Plaintiffs' case, the Court granted Ocean Duke's Rule 50 motion and entered judgment as a matter of law for Ocean Duke on HISI and Kowalski's Lanham Act

claims.  Ocean Duke now argues that these Lanham Act claims were groundless and unreasonable, and that it should be awarded fees for the time it spent defending those claims.

Ocean Duke provides the following reasons as to why the Lanham Act claims should be deemed groundless and unreasonable: (1) HISI "has never owned the rights to the 'Cryofresh' trademark, nor at any time was HIS assigned the right to use the trademark, based on the evidence introduced at trial"; (2) Plaintiffs claimed large damages awards based, at least in part, on HISI's involvement in the case; (3) Kowalski "presented no evidence of lost sales or other actual damages" at trial, and failed to take any consumer surveys; and, (4) Kowalski did not move to re-open its case, move for judgment as a matter of law, or make a motion for a new trial. (Mem. Supp. Mot. 3-4.)

The Court finds these facts insufficient to deem the Lanham Act claims pursued at trial to be groundless or unreasonable to the extent that it would make this case "exceptional."  While Ocean Duke is correct that HISI presented no evidence at trial of its legal right to claim trademark infringement, this is an aspect of the case that went unnoticed by Ocean Duke itself for over three years, right up until the eve of trial.  And because HISI was Kowalski's wholly-owned company and the manufacturer of "Cryofresh" products, Kowalski appears to have had a

3

good-faith, although ultimately legally insufficient, reason for believing that HISI had a right to claim patent infringement.

In addition, Ocean Duke is incorrect that HISI's Lanham Act claims were the basis for Plaintiffs' position on damages. As Kowalski points out in his opposition, "the record shows that Plaintff made clear in his pretrial submissions that he was only seeking injunctive relief, not monetary damages, with respect to his trademark infringement claim." (Mem. Opp. 2-3.)

Moreover, Kowalski's failure to take consumer surveys or provide sufficient evidence at trial for these claims to go to the jury does not mean that they were unreasonable or groundless. Rule 50 motions are granted with relative frequency; a case cannot be deemed "exceptional" merely because a plaintiff failed to meet his or her burden of proof at trial.

Finally, the fact that Plaintiffs did not take dramatic measures to revive their Lanham Act claims does little to show that those claims were groundless or unreasonable. Kowalski wisely elected to spend his time and resources pursuing and protecting his successful patent infringement claim instead. Plaintiffs' Lanham Act claims, while not ultimately successful, were neither unreasonable nor groundless. This case was not exceptional, and Ocean Duke's motion for attorney's fees is hereby DENIED.

4

CONCLUSION

For the foregoing reasons, Ocean Duke's motion for attorney's fees is

hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 2, 2008

Kowalski v. Ocean Duke; Civ. No. 04-00055; ORDER DENYING DEFENDANT'S MOTION
FOR ATTORNEY'S FEES.