IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 04-00055 BMK |
| | ) | |
| Plaintiff, | ) | PERMANENT INJUNCTION IN |
| vs. | ) | FAVOR OF WILLIAM R. |
| | ) | KOWALSKI AND AGAINST |
| OCEAN DUKE CORPORATION, | ) | OCEAN DUKE CORPORATION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

PERMANENT INJUNCTION IN FAVOR OF WILLIAM R.
KOWALSKI AND AGAINST OCEAN DUKE
CORPORATION

Plaintiff William R. Kowalski ("Kowalski") obtained a jury verdict against Defendant Ocean Duke Corporation ("Ocean Duke") on December 13, 2007, for infringement of Kowalski's U.S. Patent 5,972,401 ("the Kowalski Patent"). In addition to damages, Kowalski sought equitable relief, and filed a post-trial motion for a permanent injunction to prohibit Ocean Duke from continuing to infringe on the Kowalski patent. The Court held a hearing on this motion on March 14, 2008. That motion has now been granted.

The parties made substantial progress towards a stipulated injunction, but were ultimately unable to agree on certain language. Kowalski then submitted a proposed permanent injunction to the Court, and Ocean Duke submitted

objections to this proposed injunction. Kowalski then re-submitted his proposed injunction, taking into account certain of Ocean Duke's objections.

After considering the proposed injunctions and Ocean Duke's remaining objections, the Court enters a permanent injunction in favor of Kowalski as follows.

IT IS ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over the subject matter and the parties to this action, and venue is proper in this District.

2. Ocean Duke, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from making, using, offering to sell, selling or importing food (including but not limited to fish) infringing on U.S. Patent 5,972,401, including as the claims of that patent have been construed by the Court in this litigation.

3. Ocean Duke, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from making, using, offering to sell, selling or importing food (including but not limited to fish) treated for color retention by any process in which carbon monoxide is derived from smoke generated by heating organic material.

4. Ocean Duke, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from making, using, offering to sell, selling or importing food (including but not limited to fish) processed in accordance with U.S. Patent 6,331,322.

5. Ocean Duke, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from making, using, offering to sell, selling or importing food (including but not limited to fish) treated with a process comprising:

> heating carbon containing materials (including wood, and the sawdust and charcoal that can be made from wood) to make smoke;
>
> filtering or separating out or reducing (including by cooling, condensing, settling out, and/or aging) the parts of the smoke which give smoke flavor to food at least enough so that the resulting or remaining smoke does not give smoke flavoring to food when food is exposed to that smoke;
>
> exposing to or bringing into contact with each other (a) the smoke and (b) the food, without giving a smoke flavor to that food.

6. Ocean Duke, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from making, using, offering to sell, selling or importing fish treated for color retention by a process involving the heating of charcoal, sawdust or wood that is the same fish treatment process for color retention involving the heating of

charcoal, sawdust or wood that was used on the fish Ocean Duke was purchasing from PT Inti Samudera Citra Perkasa before the trial in this action.

       7.  Ocean Duke shall label all product treated for color retention in accordance with FDA regulations, and where the product has not been treated with smoke or anything derived from smoke but has instead been treated with chemical carbon monoxide gas, such labeling shall truthfully specify that the subject product has been treated with carbon monoxide.

       8.  On request of plaintiff, Ocean Duke shall annually certify that all importation and sales of product treated for color retention has been in compliance with the terms of this injunction.

       9.  On reasonable notice to Ocean Duke, Ocean Duke shall make the facilities of its supplier(s) of fish treated for color retention available to Mr. Kowalski for inspection, which inspection shall be limited to verifying that no product is being sold to Ocean Duke in violation of this injunction.

       10.  This injunction shall be effective for the duration of the Kowalski patent.  In the event the United States Patent & Trademark Office or a United States federal court of competent jurisdiction in litigation in which Kowalski is a party determines that the entire Kowalski patent is invalid or that claims 1, 33, 67, 68, and 69 of the Kowalski Patent are all invalid, and that decision has been upheld

upon the highest possible appeal or the period for appeal has run without any appeal being filed, this injunction shall immediately be dissolved.

    IT IS SO ORDERED.



    /s/ Barry M. Kurren
    United States Magistrate Judge
    Dated: April 30, 2008

<u>Kowalski v. Ocean Duke</u>, Civ. No. 04-55 BMK; PERMANENT INJUNCTION IN FAVOR OF WILLIAM R. KOWALSKI AND AGAINST OCEAN DUKE CORPORATION.