IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 04-00055 BMK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER (1) DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| OCEAN DUKE CORPORATION, | ) | ENHANCED DAMAGES, (2) |
| | ) | GRANTING IN PART AND |
| Defendant. | ) | DENYING IN PART PLAINTIFF'S |
| | ) | MOTION FOR ATTORNEY'S |
| | ) | FEES, AND (3) GRANTING IN |
| | ) | PART AND DENYING IN PART |
| | ) | MOTION FOR PREJUDGMENT |
| _____ | ) | INTEREST AND EXPERT'S FEES. |

ORDER (1) DENYING PLAINTIFF'S MOTION FOR ENHANCED DAMAGES,
(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES, AND (3) GRANTING IN PART AND DENYING IN
PART MOTION FOR PREJUDGMENT INTEREST AND EXPERT'S FEES

Plaintiff William R. Kowalski ("Kowalski") obtained a jury verdict

against Defendant Ocean Duke Corporation ("Ocean Duke") on December 13,

2007, for infringement of Kowalski's U.S. Patent 5,972,401 ("the Kowalski

Patent"). Ocean Duke has filed three post-trial motions that are now before the

Court: (1) a motion for enhanced damages under 35 U.S.C. § 284; (2) a motion for

attorneys' fees and disbursements under 35 U.S.C. § 285; and, (3) a motion for

prejudgment interest and nontaxable costs under 35 U.S.C. § 284. The Court has

deemed these motions appropriate for decision without hearing. After careful

consideration of the motions, as well as the supporting and opposing memoranda,

Kowalski's motion for enhanced damages is DENIED, his motion for attorney's

fees and disbursements is GRANTED IN PART and DENIED IN PART, and his

motion for prejudgment interest and nontaxable costs is GRANTED IN PART and

DENIED IN PART.

<u>DISCUSSION</u>

I.  ENHANCED DAMAGES UNDER 35 U.S.C. § 284

When a jury has found willful infringement of a patent, the court may,

at its discretion, award enhanced damages up to three times the amount of damages

awarded by the jury.  <u>See</u> <u>Jurgens v. CBK, Ltd.</u>, 80 F.3d 1566, 1570 (Fed. Cir.

1996); 35 U.S.C. § 284.  In deciding to award such enhanced damages, courts are

encouraged to consider nine factors described in <u>Read Corp. v. Portec Inc.</u>, 970

F.2d 816, 826-27 (Fed. Cir. 1992).  These factors, known as the <u>Read</u> factors, are:

> (1) whether the infringer deliberately copied the ideas or design of
> another; (2) whether the infringer, when he knew of the other's patent
> protection, investigated the scope of the patent and formed a good-
> faith belief that it was invalid or that it was not infringed; (3) the
> infringer's behavior as a party to the litigation; (4) defendant's size
> and financial condition; (5) the closeness of the case; (6) duration of
> defendant's misconduct; (7) remedial action by the defendant; (8)
> defendant's motivation for harm; (9) whether defendant attempted to
> conceal its misconduct.

<u>Liquid Dynamics Corp. v. Vaughan Co., Inc.</u>, 449 F.3d 1209, 1225 (Fed. Cir.

2006).  In deciding to award enhanced damages, the Court must weigh the <u>Read</u>

factors in light of the "objective recklessness" standard for willful infringement

announced in <u>In re Seagate Technology, LLC</u>, 497 F.3d 1360, 1371 (Fed. Cir.

2007).  <u>See</u> <u>Informatica Corp. v. Business Objects Data Integration, Inc.</u>, 527 F.

Supp. 2d 1076, 1080 (N.D.Cal. 2007).

      Here, the Court declines to award enhanced damages.  While the

Court recognizes the jury's factual finding of willful infringement, the Court finds

that the <u>Read</u> factors do not indicate objective recklessness on the part of Ocean

Duke to the extent that an award of enhanced damages is merited.[1]

    A.  <u>Deliberate Copying</u>

      Kowalski presented little evidence at trial that Ocean Duke or Ocean

Duke's supplier had engaged in deliberate copying of the Kowalski Patent.

Kowalski speculates that "the willful infringement verdict indicates that the jury

likely believed that Ocean Duke intentionally copied Plaintiff's tasteless smoke

"CRYOFRESH" product,  (Mem. Supp. Mot. Enhanced Damages 3) but provides

no evidence in support of this speculative statement.  Moreover, the relevant

inquiry is not whether Ocean Duke or its supplier copied Plaintiff's trademark, but

---

[1]The Court rejects Ocean Duke's argument that enhanced damages must be pled.
Kowalski pled willful infringement, which is the cornerstone on which the Court can award
enhanced damages at its discretion.  Pleading willful infringement was sufficient to put Ocean
Duke on notice that it might be liable for enhanced damages.

whether Ocean Duke or its supplier copied the Kowalski Patent.  This factor

weighs against awarding enhanced damages.

B.  Good Faith Belief of Validity Based on Investigation

The evidence at trial showed that Ocean Duke had taken measures to

investigate the validity of the patented process used by its manufacturer in

Indonesia.  Ocean Duke obtained an opinion letter from a patent lawyer that the

Shih process did not infringe on the Kowalski Patent.  In addition, Ocean Duke's

owners made some investigation of the process while they were inspecting the

factory in Indonesia.  Based on this evidence, the Court cannot say that Ocean

Duke acted with reckless disregard of the Kowalski Patent.  This factor also weighs

against awarding enhanced damages.

C.  Litigation Behavior

The Court finds that Ocean Duke's litigation behavior does not weigh

in favor of an award of enhanced damages.  Kowalski argues that Ocean Duke's

litigation behavior merits enhanced damages based on certain tardy witness

disclosures and pretrial filings, incomplete responses to discovery requests, Ocean

Duke's arguments at trial, including "that someone else had invented tasteless

smoke prior to Mr. Kowalski" (Mem. Supp. Mot. Enhanced Damages 14), and

Ocean Duke's "unreasonable settlement position"  (Mem. Supp. Mot. Enhanced

4

Damages 17).  In response, Ocean Duke contends that "this 'litigation conduct' factor refers to the conduct of the parties in connection with the substantive aspects of patent law, and not the types of discovery or other procedural issues raised by the plaintiff in this motion."  (Mem. Opp. Mot. Enhanced Damages 13).

The Court does not view Ocean Duke's conduct in this case, either procedurally or substantively, to be a grounds for awarding enhanced damages. While some deadlines were missed, and some spurious arguments were made, none of Ocean Duke's behavior rose even close to the level of misconduct.

D.  Ocean Duke's Size and Financial Condition

The size and financial condition of Ocean Duke weigh in favor of awarding enhanced damages.  While Ocean Duke may not be a "giant," it is a relatively large company with revenues of approximately $200,000,000 per year. Ocean Duke had the resources to determine whether it was infringing on the Kowalski patent.  Its failure to do so is an indication of recklessness, and this factor weighs in favor of awarding enhanced damages to Kowalski.

E.  Closeness of the Case

This case was not close.  At trial, Kowalski presented significant evidence of infringement, and Ocean Duke presented very little evidence of non-infringement.  Ocean Duke argues that the case was not close because this Court

5

"invalidated the Kowalski patent, in ruling on a <u>Markman</u> motion." (Mem. Opp. Mot. Enhanced Damages 15.) As Ocean Duke knows, however, this earlier ruling in a separate case made an improper factual determination based on an incorrect standard of proof, and was subsequently vacated. At trial, Ocean Duke failed to offer much factual evidence or convincing argument that the Kowalski Patent was invalid. The jury had little choice but to find infringement. Accordingly, this factor weighs in favor of awarding enhanced damages.

F.  <u>Duration of the Conduct</u>

The duration of the conduct was relatively lengthy. As Kowalski notes, "Ocean Duke did not dispute that it sold the infringing product as early as 1999 and continued to sell the infringing product notwithstanding Plaintiff's January 2000 notice of infringement letter of the filing of this lawsuit." (Mem. Supp. Mot. Enhanced Damages 27.) Seven years of infringement is a long time in the twenty-year life of a patent, and this factor weighs in favor of enhanced damages.

G.  <u>Remedial Action by the Infringer</u>

After the jury's verdict, Ocean Duke took complete remedial action in this case by ceasing sales of products treated with tasteless smoke even though no permanent injunction had yet been issued. Ocean Duke took no remedial action

6

before trial, or during the course of this litigation, however.  Accordingly, the Court finds that this factor is neutral in determining whether Kowalski should be awarded enhanced damages.

H.  Ocean Duke's Motivation for Harm

There is little or no evidence that Ocean Duke's motivation in infringing the Kowalski Patent was motivated by a desire to harm Kowalski. Ocean Duke did little to specifically target Kowalski or his company, or try to imitate them.  Kowalski again raises the issue of Ocean Duke's use of the "CRYO-FREEZE" name, but this is a trademark issue dismissed at trial, and not before the Court at this time.  This factor weighs against a finding of enhanced damages.

I.  Attempted Concealment

Ocean Duke did not attempt to conceal its import activities, although it was less than forthcoming with information relevant to damages during discovery.  The Court recognizes that failure to turn over relevant documents during discovery can be a ground for enhanced damages, see Read Corp., 970 F.2d at 827, but finds that the conduct in this case was not severe enough to indicate a need for enhanced damages.  The Court deems this factor neutral.

After analyzing the Read factors, the Court finds that although the jury found willful infringement, the evidence of recklessness is not strong enough

7

to warrant enhanced damages in this case.  Only three of the nine factors weigh in favor of an award of enhanced damages, while four factors weigh against such a finding.  The jury had sufficient evidence before it to determine that Ocean Duke's infringement was willful, but the evidence of willfulness was not so strong that enhanced damages are warranted.  Kowalski's motion for enhanced damages is therefore DENIED.

## II.  ATTORNEY'S FEES UNDER 35 U.S.C. § 284

In addition to requesting enhanced damages under 35 U.S.C. § 284, Kowalski requests attorney's fees pursuant to 35 U.S.C. § 285.  Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285. Cases may be considered "exceptional" for an award of attorney's fees in patent infringement actions where there has been a finding of willful infringement.  Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1373 (Fed. Cir. 2006); see also L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1128 (Fed. Cir. 1993) (stating that "[w]illfulness of infringement is a sufficient basis for finding a case exceptional").  Whether a case is "exceptional" is a factual determination that must be made by the court; the decision to award fees based on this determination, however, is a matter of discretion.  S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201

(Fed. Cir. 1986).

When both patent and nonpatent issues were involved in the litigation, "no award of fees pursuant to section 285 can be allowed for litigating the nonpatent issues." Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp., 407 F.2d 288, 297 (1969). If the legal services provided were material to both the patent and nonpatent issues, courts may not blindly award fees for all such "mixed" services, but "should attribute only a fair portion of the 'mixed' services to the patent side of the case." Id. at 298.

Here, the Court finds that Kowalski was a prevailing party, and that this case was exceptional. The Court exercises its discretion to award Kowalski reasonable attorney's fees in the amount of $451,494.39.

A. Prevailing Party

At trial, Kowalski obtained a verdict of wilful infringement, and was awarded reasonable royalty damages in the amount of $2,200,000 against Ocean Duke. Nonetheless, Ocean Duke argues that Kowalski is not entitled to any fees because Kowalski was not the prevailing party. Specifically, Ocean Duke claims that "[o]f the twelve claims for relief set forth in the Complaint – six claims each for Kowalski and Hawaii International Seafood, Inc. ('HISI') – eleven were determined in Ocean Duke's favor," and that as a result, it is Ocean Duke, not

9

Kowalski, who ought to be deemed the prevailing party in this case. (Mem. Opp. Atty's Fees 2 (emphasis omitted).)  As Kowalski points out, however, "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses," Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005).

Here, Kowalski achieved his overall objective of the litigation, namely, obtaining compensation from Ocean Duke for its sales of product that infringed the Kowalski Patent.  Ocean Duke did not achieve its overall objective in the litigation, which was to escape all liability.  Accordingly the Court finds that Kowalski is the prevailing party in this action, and is eligible for attorney's fees under 35 U.S.C § 284.

B.  Exceptional Case

The Court finds that this is an exceptional case, based on both the jury's finding of willful infringement, and on the exceptionally strong evidence of infringement that Kowalski presented at trial.  While the Court does not find that the Read factors warrant an award of enhanced damages under § 284, the Court does find that the jury's finding of willful infringement is sufficient to make this is an exceptional case.  See L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117,

1128 (Fed. Cir. 1993) (stating that "[w]illfulness of infringement is a sufficient basis for finding a case exceptional").

   Moreover, the evidence of infringement presented by Kowalski was exceptionally strong. While Kowalski did not inspect the factory of Ocean Duke's supplier, Kowalski did introduce evidence of the factory's manufacturing process in the form of a schematic drawing made by its owner, Mr. Shih. This schematic showed a manufacturing process that infringed on every step of the Kowalski Patent. This schematic was never effectively impeached by Ocean Duke, or otherwise questioned, and Ocean Duke failed to introduce convincing evidence of the Kowalski patent's invalidity. The evidence of infringement was exceptionally strong, and the jury took only a few hours to decide this case in favor of Kowalski. The jury could hardly have concluded otherwise based on the evidence before it. Accordingly, the Court finds that this case was "exceptional" for the purposes of 35 U.S.C. § 285.

   Once a court has deemed a case "exceptional," it is charged with determining, in its discretion, whether reasonable attorney's fees should be awarded. See S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d at 201. Ocean Duke contends that "the circumstances of the litigation do not warrant shifting the entire litigation costs and fees to Ocean Duke" because "[t]his was a

11

very close case, as amply demonstrated by the fact that the court flatly rejected

most of Kowalski's claims." (Mem. Opp. Atty's Fees 2-3.)  This was not a close

case with respect to Kowalski's patent claims, however, and as Ocean Duke points

out later, only fees spent on the patent claims are at issue in this motion.  The Court

believes that attorney's fees are warranted in this case, and will award Kowalski

reasonable fees and costs pursuant to 35 U.S.C. § 285.

     C.  <u>Reasonableness of Fees Requested</u>

     Kowalski requests fees and costs in the amount of $504,193.09.

Notably, Ocean Duke does not challenge either the reasonableness of the rates

charged by Kowalski's attorneys or the reasonableness of the amount of time spent

on the litigation.  After reviewing the memoranda, exhibits, and declarations, the

court finds reasonable both the rates and the amount of time spent by Kowalski's

attorneys on the different phases of the litigation.

     Ocean Duke only contends that this fee is not reasonable insofar as it

includes work done on both the patent claims, as well as on the non-patent claims.

Ocean Duke correctly points out that "no award of fees pursuant to section 285 can

be allowed for litigating the nonpatent issues." <u>Monolith Portland Midwest Co.</u>,

407 F.2d at 297.  Ocean Duke does not itself identify any specific entries which it

contends are related solely to nonpatent issues. In reply to Ocean Duke's

12

opposition, however, Kowalski does identify some $2,431.25 in fees that were

spent solely in pursuit of non-patent claims.  Accordingly, the Court will deduct

this $2,432.25 from Kowalski's fee  request, in addition to the 4.166% excise tax

charged on those fees, for a total reduction of $2,532.63.

   This reduction accounts only for fees which can be directly attributed

to non-patent claims, however.  It does not include attorney's fees spent in

providing "mixed services" that pertained to both the patent and non-patent claims.

In awarding attorney's fees, the Court may "attribute only a fair portion of the

'mixed' services to the patent side of the case." <u>Monolith Portland Midwest Co.</u>,

407 F.2d at 298.  Here, the heart and soul of this case was always Kowalski's

patent infringement claim.  Most of the work performed in this case–such as the

claims construction briefing, all damages-related preparation, and most of the

discovery–pertained solely to the patent claims.  After extensive review of the

documents before it and the history of this litigation, the Court deems that

The Court deems that, at most, 30% of the work performed might be considered

"mixed services."

   Of these "mixed services" themselves, however, the mix itself was

predominated by patent-related issues.  The primary motivation for the mixed

services was nearly always the advancement of the patent case.  While it would be

unfair to attribute all of these mixed services to the patent related case, neither

would it be fair to attribute them all–or even half of them–to the nonpatent issues.

Rather the Court will allocate 1/3 of the mixed services to the nonpatent issues, and

2/3 of the mixed services to the patent case.

        The Court will therefore reduce Kowalski's fee request by an

additional 10% (1/3 of 30%) to ensure that only a fair portion of the mixed services

are attributed to the patent case.  Accordingly, Kowalski's motion for attorney's

fees and expenses is GRANTED IN PART and DENIED IN PART.  The Court

orders that Kowalski be awarded **$451,494.39** in attorney's fees and related

expenses.[2]

## III.  INTEREST & EXPERT WITNESS FEES

        Kowalski has also moved for prejudgment interest under 35 U.S.C. §

284, which provides that "[u]pon finding for the claimant, the court shall award the

claimant damages . . . together with interest and costs as fixed by the court."  The

parties agree that the determination of the prejudgment interest rate is a matter that

is within the discretion of the court.  See Allen Archery, Inc. v. Browning Mfg.

Co., 898 F.2d 787, 791 (Fed. Cir. 1990).  Pre-judgment interest should compensate

the patentee for lost use of income.  See Oiness v. Walgreen Co., 88 F.3d

---

[2]($504,193.09 - $2,532.63) x 90% = $451,494.39

1025,1033 (Fed. Cir. 1996); <u>Hoechst Celanese Corp. v. BP Chemicals, Ltd.</u>, 846

F.Supp. 542, 550-51 (S.D.Tex. 1994).

   Kowalski argues that interest should be awarded at the prime rate plus

2%, since "[b]oth he and his company were forced to borrow money at much

higher than market or industry rates." (Mem. Supp. Mot. Interest 6.) Kowalski

also suggests two other alternative interest rate possibilities, namely, Hawaii's 10%

statutory rate and the prime rate without the 2% addition.

   Ocean Duke, on the other hand, requests that Kowalski be awarded

prejudgment interest at the rate of the weekly average one-year constant maturity

treasury yield. The Court agrees that this is the proper calculation methodology to

properly compensate Kowalski–not his company, HISI–for lost use of reasonable

royalty payments. Kowalski's ground for using the prime rate, or the prime rate

plus 2% is that this was the rate at which HISI was forced to borrow money to

sustain its business. But the person to be compensated here is not HISI, but the

person to whom the royalties would have been paid, namely, Kowalski. The Court

finds that the one year constant maturity treasury yield rate will appropriately

compensate Kowalski for his lost use of royalty payments, and orders that he be

awarded **$369,111.33** in prejudgment interest.[3]

_____

[3]

| CALCULATION OF ROYALTY PAYMENTS WITH INTEREST | | | | | |
|---|---|---|---|---|---|
| Year | Annual Royalties | Avg Rate | Beginning Principal | Annual Interest | Year-End Balance |
| 1998 | | | | | |
| 1999 | $17,636.07 | 5.08% | $17,636.07 | $895.47 | $18,531.54 |
| 2000 | $117,803.39 | 6.11% | $136,334.93 | $8,327.79 | $144,662.72 |
| 2001 | $179,691.69 | 3.48% | $324,354.41 | $11,290.24 | $335,644.65 |
| 2002 | $284,083.52 | 2.00% | $619,728.17 | $12,404.89 | $632,133.06 |
| 2003 | $562,231.03 | 1.24% | $1,194,364.09 | $14,859.88 | $1,209,223.97 |
| 2004 | $249,942.51 | 1.89% | $1,459,166.48 | $27,529.61 | $1,486,696.09 |
| 2005 | $269,365.62 | 3.62% | $1,756,061.71 | $63,540.17 | $1,819,601.88 |
| 2006 | $269,365.62 | 4.93% | $2,088,967.50 | $103,038.32 | $2,192,005.82 |
| 2007 | $249,815.49 | 4.52% | $2,441,821.31 | $110,411.02 | $2,552,232.33 |
| 2008 | | 2.00% | $2,552,232.33 | $16,879.00 | $2,569,111.33 |

The box above shows the manner in which prejudgment interest was calculated. The Court based its calculation off of Kowalski's royalty distribution attached as Exhibit G to his motion for prejudgment interest. These numbers were for a total royalty amount of $2,009,073, however, and the jury awarded royalty damages of $2,200,000. This represents a 9.5% increase over the royalty rate calculated by Plaintiff's expert. Accordingly, each year's royalty amount listed on the Exhibit G schedule was increased by 9.5%. This provides base royalty amounts of: $17,636.07 for 1999, $117,803.39 for 2000, $179,691.69 for 2001, $284,083.52 for 2002, $562,231.03 for 2003, $249,942.51 for 2004, $269,365.62 for 2005, $269,365.62 for 2006, and $249,815.49 for 2007.

The Court used the historical data on constant maturity treasury yield rates provided by Ocean Duke in Exhibit A to its memorandum in opposition, as well as the source website from which the exhibit was derived. Averaging each year's rates provided rates of 5.08% for 1999, 6.11% for 2000, 3.48% for 2001, 2.00% for 2002, 1.24% for 2003, 1.89% for 2004, 3.62% for 2005, 4.93% for 2006, 4.52% for 2007, and 2.00% for the first four months of 2008. Assuming that each year's royalty payment was due at the beginning of the year, these rates yield a total prejudgment interest award of **$369,111.33**.

16

Kowalski also seeks to recover the $44,481.00 in expert witness fees paid to his damages expert as a "cost" under 35 U.S.C. § 284.  Ocean Duke opposes this request on the grounds that these costs are not recoverable in general, and that even if they were, Kowalski should not be allowed to recover them here because most of Mr. Francom's testimony was excluded.  While the Court believes that 35 U.S.C. § 284 would allow the recovery of expert witness costs in the appropriate circumstances, see Eldon Indus., Inc. v. Vanier Mfg. Inc. 1990 WL 160220 (C.D.Cal. Jan. 8, 1990), the Court declines to award them in this particular instance.

As Ocean Duke points out, most of Mr. Francom's testimony related to HISI's lost profits damages.  This testimony was excluded at trial because HISI lacked standing and Kowalski failed to introduce sufficient evidence on which the jury could have found that his company's lost profits translated directly to a personal harm to him.  Only a small portion of Mr. Francom's work was ultimately admitted.  Given these circumstances, the Court declines to award Kowalski his expert's fees.

Finally, the parties agree that post-judgment interest is appropriate in this case.  Post-judgment interest at the rate of the standard weekly average one-year constant maturity treasury yield will run from the date this order is filed until

17

the judgment is paid.

CONCLUSION

For the foregoing reasons, Kowalski's motion for enhanced damages is DENIED, Kowalski's motion for attorney's fees and disbursements is GRANTED IN PART and DENIED IN PART, and Kowalski's motion for prejudgment interest and expert's fees is GRANTED IN PARTand DENIED IN PART.  Kowalski is hereby awarded $451,494.39 in attorney's fees and $369,111.13 in prejudgment interest.  He will also be eligible for postjudgment interest at the rate described above.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 2, 2008

Kowalski v. Ocean Duke; Civ No. 04-00055 BMK; ORDER (1) DENYING PLAINTIFF'S MOTION FOR ENHANCED DAMAGES, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, AND (3) GRANTING IN PART AND DENYING IN PART MOTION FOR PREJUDGMENT INTEREST AND EXPERT'S FEES.

<u>Kowalski v. Ocean Duke</u>; Civ No. 04-00055 BMK; ORDER (1) DENYING PLAINTIFF'S MOTION FOR ENHANCED DAMAGES, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, AND (3) GRANTING IN PART AND DENYING IN PART MOTION FOR PREJUDGMENT INTEREST AND EXPERT'S FEES.