IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-0055 BMK <br><br> **DECLARATION OF ALLISON MIZUO LEE** |

### DECLARATION OF ALLISON MIZUO LEE

I, Allison Mizuo Lee, declare as follows:

1. I am an attorney with the law firm Cades Schutte, LLP, attorneys for Plaintiff William R. Kowalski ("*Kowalski*"). I make this declaration based on my personal knowledge, except where facts are specifically stated to be premised on information and belief.

2. This declaration is submitted in support of Plaintiff William R. Kowalski's Ex Parte Motion For Issuance Of Garnishee Summons.

3. On May 8, 2008, Final Judgment, a true and correct copy of which is attached hereto as Exhibit A, was entered in the above entitled case in favor of Kowalski and against Defendant Ocean Duke Corporation ("*Ocean Duke*"), stating:

1. Pursuant to the jury's verdict in this case, William R. Kowalski is awarded judgment against Ocean Duke Corporation for patent infringement in the amount of $2,200,000.00.

2. In addition, pursuant to the Court's order of May 2, 2008, William R. Kowalski is awarded judgment against Defendant Ocean Duke Corporation for attorney's fees in the amount of $451,494.39, and judgment against Ocean Duke Corporation for pre-judgment interest in the amount of $369,111.13.

3. Furthermore, a permanent injunction in favor of William R. Kowalski, against Ocean Duke Corporation was filed by the Court on April 30, 2008.

(the "*Judgment*").

4. The Judgment has not been reversed, modified, or set aside, in whole or in part, and remains in full force and effect against Ocean Duke.

5. Ocean Duke has not applied for or obtained a stay of execution of the Judgment.

6. The Judgment is unsatisfied, and Kowalski is still the owner and holder of the Judgment.

7. By virtue of the Judgment, Ocean Duke owes to Kowalski the sum of $3,020,605.52 and post-judgment interest accruing on this amount as of May 8, 2008.

8. This Ex Parte Motion for Issuance of Garnishee Summons asks that a Garnishee Summons be directed to Unicold Corporation ("Garnishee") because Garnishee may hold funds belonging to Ocean Duke.

ImanageDB:892644.1

9.  Upon information and belief, Garnishee is not an employer of Ocean Duke and is not holding a salary or wage for Ocean Duke.

10. Upon information and belief, the funds sought to be garnished are not traceable to Temporary Assistance for Needy Families grants or to funds that would be exempt from garnishment under the provision of Federal and State laws. I hereby declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, June 5, 2008.

_____
ALLISON MIZUO LEE

ImanageDB:892644.1