LOUISE K. Y. ING            2394-0
ALLISON KIRK GRIFFITHS   8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
Email:  ling@ahfi.com
        agriffiths@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
PAUL S. MARKS (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625 -2625
Facsimile:  (213) 625-2650
Email: tneufeld@neufeldlawgroup.com
       pmarks@neufeldlawgroup.com

Attorneys for defendant OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. CV 04-00055 BMK <br><br> **MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION FOR STAY OF ENFORCEMENT OF JUDGMENT AND RELATED RELIEF**; CERTIFICATE OF SERVICE |

133896.1

# MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION FOR STAY OF ENFORCEMENT AND RELATED RELIEF

A.  Introductory Statement.

The Final Judgment in this case, totaling $3,020,605.52, was filed on May 8, 2008. On June 18, 2008, defendant Ocean Duke Corporation ("Ocean Duke") will have filed with this Court its appeal bond in the amount of $3,100,000. Although this bond amount is approximately $80,000 greater than the judgment amount, the bond amount has not been agreed to by the plaintiff. However, this lack of agreement exists because plaintiff has *never* stated what size of appeal bond he would agree to -- despite repeated requests for that acceptable number from Ocean Duke's counsel.

Now, even though Ocean Duke has obtained an appeal bond, plaintiff will not agree to cease judgment enforcement. Plaintiff had agreed to a stay of enforcement until June 18, 2008, in order to permit Ocean Duke to obtain an appeal bond. Ocean Duke complied with this timing agreement and has obtained such a bond, for approximately $80,000 greater than the amount of the judgment. Plaintiff, however, has refused to stipulate to a further stay of enforcement of judgment. In addition, plaintiff has refused Ocean Duke's reasonable suggestion to allow the $3,100,000 bond to be filed, and have the matter of any higher bond amount be determined later, either by agreement or by this Court.

133896.1

Accordingly, by this *ex parte* application Ocean Duke seeks a stay of enforcement based on the filing of the $3,100,000 appeal bond (which will be filed on June 18, 2008), subject to final approval of the bond amount, based on Ocean Duke's noticed motion which will be ready for hearing in late July.

B.   Law Governing Appeal Bonds.

Federal Rule of Civil Procedure 62 provides that enforcement of a money judgment is stayed pending appeal if a satisfactory appeal bond is posted. "The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." (Fed. R. Civ. Proc. 62.) Rule 62(d) entitles the appellant who files a satisfactory bond to a stay of money judgment ***as a matter of right.*** (*American Manufacturers Mutual Insurance Co. v. American Broadcasting Paramount Theatres, Inc.*, 385 U.S. 931, 87 S.Ct. 1, 17 L.Ed.2d 37 (1966).) Indeed, it is worth noting that under certain circumstances the bond requirement of Rule 62(d) can be waived entirely. (*See Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989), vacated on reh'g on other grounds, 929 F.2d 1358 (9th Cir. 1990) (en banc).)

Here, Ocean Duke is not requesting that the bond requirements be waived, or that alternative security be allowed. Rather, Ocean Duke will file, on June 18, 2008, a full-fledged appeal bond, in an amount $80,000 higher than the judgment. Indeed, Ocean Duke may well have agreed to a bond for an even higher amount, if plaintiff's

133896.1                                                        2

counsel had ever responded to numerous inquiries requesting an amount he would agree to. However, plaintiff's counsel chose instead to remain silent about the amount that would be acceptable, forcing Ocean Duke to seek court intervention.

C.    Irreparable Harm Justifying *Ex Parte* Relief.

Plaintiff apparently intends to enforce the judgment against Ocean Duke's customers; at least, he has refused to agree to a further stay of enforcement. Such further enforcement would undoubtedly cause harm to Ocean Duke's customer relationships. More importantly, the threatened harm is **totally unnecessary**, since Ocean Duke has obtained an appeal bond, such that plaintiff will be secured in the event the judgment is affirmed on appeal.

D.    Ocean Duke Urges that the Requested Relief Be Granted.

Judgment was entered a little over one month ago. Without any input from plaintiff as to the bond size it would agree to, Ocean Duke has obtained an appeal bond in an amount $80,000 greater than the judgment, and will file that bond in court on June 18, 2008. ***Such a bond amount clearly protects plaintiff, in the principal amount of the judgment, plus interest, plus attorneys' fees for the foreseeable future, in the event the judgment is affirmed on appeal.*** Further, Ocean Duke will increase the bond amount if, after the hearing on Ocean Duke's motion, this Court determines the amount should be increased. (*See, e.g.,* Local Rule 65.1.1 ("court, on motion or of its own initiative, may order any party to file an original bond or

133896.1                                   3

additional security for costs in such an amount and so conditioned as the court by its order may designate").)

DATED: Los Angeles, California, June 17, 2008.

_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for defendant Ocean Duke Corp.