LOUISE K. Y. ING            2394-0
ALLISON KIRK GRIFFITHS   8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
Email:  ling@ahfi.com
        agriffiths@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
PAUL S. MARKS (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone: (213) 625 -2625
Facsimile: (213) 625-2650
Email: tneufeld@neufeldlawgroup.com
       pmarks@neufeldlawgroup.com

Attorneys for defendant OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. CV 04-00055 BMK <br><br> **DECLARATION OF PAUL S. MARKS IN SUPPORT OF *EX PARTE* APPLICATION FOR STAY OF ENFORCEMENT AND RELATED RELIEF;** <br> CERTIFICATE OF SERVICE |

133898.1

## DECLARATION OF PAUL S. MARKS

I, Paul S. Marks, declare as follows:

1.  I am a lawyer with Neufeld Law Group, counsel to defendant Ocean Duke Corporation. I have personal knowledge of the facts described in this declaration, and if called upon to testify in court under oath, I could and would so testify.

2.  Final Judgment was entered in this case on May 8, 2008, in the total amount of $3,020,605.52.

3.  In mid-May, I spoke on the phone with Mr. Yasunaga, counsel for plaintiff herein. At my request, Mr. Yasunaga agreed not to take any steps to enforce the judgment until June. This was expressly to permit Ocean Duke to begin arranging its appeal bond, as it had indicated it would do. (*See* Exhibit A e-mail, authenticated hereinbelow.) Later, after Mr. Yasunaga filed some preliminary judgment enforcement documents with the Court, we agreed to a further stay of enforcement, in order to enable Ocean Duke to finalize the securing of the appeal bond. That agreement took place in a phone conversation between me, Mr. Yasunaga, and his colleague Ms. Lee. (*See* Exhibit B e-mail.)

4.  During this time, I requested on several occasions that Mr. Yasunaga specify what appeal bond amount he would agree to. (*See, e.g.,* Exhibit C e-mail.)

133898.1

However, despite my numerous requests, he never specified an amount that would be agreeable to him. Indeed, in my last conversation with him, shortly before the filing of this application, Mr. Yasunaga spoke of a reported case in which it was stated that an amount equaling 120% of the judgment would be reasonable. I therefore asked him if he would agree to a bond in the amount of $3.6 million. However, he did not respond at all to my question. Later in the conversation, I asked him the exact same question, and again Mr. Yasunaga declined to respond one way or the other.

5. Attached hereto as Exhibits A through E are relevant e-mails I sent to Mr. Yasunaga on the subject matter of this application. I did not receive a response to any of these e-mails, until shortly before the filing of this application, when Mr. Yasunaga sent me the e-mail attached hereto as Exhibit F. I note that in his e-mail, Mr. Yasunaga again refers to the case authority suggesting that an amount equaling 120% of the judgment would be reasonable; however, Mr. Yasunaga once again declines to specifically state what bond amount would be agreeable to him.

6. I gave notice to Mr. Yasunaga that I would be making this application both on the phone on June 17, 2008, and in the Exhibit E e-mail.

I declare under penalty of perjury under the laws of the United States of America and the State of Hawai'i that the foregoing is true and correct.

Executed in Los Angeles, California, on June 17, 2008.

_____
PAUL S. MARKS

133898.1

3