**EXHIBIT F**

## Paul S. Marks

**From:** Milton Yasunaga [myasunaga@cades.com]
**Sent:** Tuesday, June 17, 2008 7:06 PM
**To:** Paul S. Marks
**Subject:** Ocean Duke

This is in response to your proposed stipulation sent by email yesterday and your phone call and email to me this afternoon (which email does not accurately set forth our discussion today).

Trial ended over half a year ago. Your side stalled the post-trial motions and rulings, using the excuse of settlement talks. The judgment in this action was finally filed, I held off on doing anything regarding enforcement for weeks, then, when you asked me on May 15 to hold off even longer, I agreed to hold off for the rest of May on the condition that the parties use the time to try to settle the case before June without having to incur the cost of a bond and motion for a bond, as it made more sense to throw those amounts towards a settlement. Thereafter, Ocean Duke did not engage in good faith settlement negotiations, with your office having told Judge Chang in the third week of May that you would attempt to get Ocean Duke by the beginning of the last week of May to authorize settlement at the amount the Judge proposed, and then failed to do so, or even respond to the Judge's follow up phone call made in the first week of June. We also heard nothing from you during that time about a settlement or a stay of enforcement.

You finally contacted us on June 10, and upon your request that day I again agreed to hold off further on enforcement of the judgment, this time until June 18 as you had requested, on the premise that good faith settlement negotiations would resume and Ocean Duke would work on obtaining a bond in an amount amount that amply covered the $3+ million judgment, plus interest and appeal fees and costs. When I asked you what bond amount you were working on obtaining, you said it was just the amount of the judgment, which I said could not be right since interst and appeal costs alos had to be covered. You then proposed $3.1 million as covering interest at a rate of only 2% and I expressly explained that $3.1 million would not be enough because it did not cover legal costs and likely increases in the interest rate. I also recommended that Mr. Neufeld promptly return Judge Chang's phone calls. Judge Chang then indicated that your office finally returned his calls, but that your client did not have, and/or your office had not bothered to get, any settlement position at all, and did not appear to be interested in good faith settlement negotiations.

Yesterday, you sent me an email saying you were about to obtain a bond of $3.1 million, despite the fact that the week before I had clearly stated that that was an inadequate amount because it would not cover attorneys' fees and costs incurred on appeal or likely interest on the original judgment and the appeal amounts. I recently found caselaw that confirms my belief that your proposed bond amount is unreasonably low. See, e.g., United States v. Cowan, 535 F. Supp. 2d 1135, 1148 (D. Haw. 2008) (requiring in excess of 120% for supersedeas bond amount). Your email of yesterday also said you would file that day a motion to approve bond and for stay of enforcement, but no such motion was filed.

Today, you called asking us to continue to hold off longer (no specific duration was mentioned), even though you said you still maintain that $3.1 million is a proper bond amount and you indicated no willingness on your part or your client's to obtain a larger bond. I then told you that, given your sticking to your position of $3.1 million for the bond, there was no point in continuing the phone call. Mr. Kowalski has been more than accommodating in holding off while Ocean Duke has dragged its feet for months on both settlement and taking action to post an adequate bond. The ten-day automatic stay is created to afford losing defendants time to move for a stay of enforcement and get a bond, but you have waited many weeks beyond that, only to take an unreasonable position. Under the circumstances and past history, your continued requests for further delay are not reasonable.