CADES SCHUTTE LLP

MILTON M. YAS3UNAGA   3058-0
ALLISON MIZUO LEE     7619-0
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4216
Telephone:  (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-0055 BMK <br><br> **WILLIAM R. KOWALSKI'S OPPOSITION TO OCEAN DUKE CORPORATION'S EX PARTE APPLICATION OF STAY OF ENFROCEMENT FILED 6/17/08; DECLARATION OF MILTON M. YASUNAGA; CERTIFICATE OF SERVICE** |
|---|---|

ImanageDB:898498.2

# WILLIAM R. KOWALSKI'S OPPOSITION TO OCEAN DUKE CORPORATION'S EX PARTE APPLICATION OF STAY OF ENFROCEMENT FILED 6/17/08

## I. INTRODUCTION

The jury rendered its verdict awarding William Kowalski ("Kowalski") $2.2 million in December of 2007. After months of post-trial briefing (and delay, requested by Defendant allegedly for settlement), final judgment in the amount of approximately $3.02 million entered on May 8, 2008. Despite ample opportunity, Ocean Duke Corp. ("Ocean Duke") did nothing during the 10-day automatic stay and nothing for weeks even after the automatic stay expired. See Yasunaga Decl. at ¶ 2 providing relevant factual background. Further delay is prejudicial to Kowalski and should not be allowed under these circumstances.

Fed. R. Civ. P. 62(d) gives Kowalski the right to enforce the judgment until Ocean Duke obtains the Court approval of a supersedeas bond. The bond submitted by Ocean Duke for the first time yesterday (May 18, 2008) is deficient in many respects, the most obvious being that the person who executed the bond did not have authority to bind the surety for the full amount of the bond. There are also serious problems regarding (1) the lack of specific terms and conditions identifying the surety's obligations to Kowalski and (2) the amount of the bond.

Because the bond submitted is inadequate and should not be approved (or "provisionally approved" which in effect means that the bond is not adequate as

is), Ocean Duke's Ex Parte Application For Stay of Enforcement Of Judgment ("Ex Parte Motion") should be denied.

## II. ARGUMENT

### A. Kowalski Is Entitled To Enforce The Judgment Until Such Time As Ocean Duke Obtains Court Approval Of An Adequate Bond.

Rule 62(d) provides in relevant part:

> Stay on Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . . The bond may be given at or after the time of filing the notice of appeal[.] **The stay is effective when the supersedeas bond is approved by the court.**

Fed. R. Civ. P. 62(d) (emphasis added). "The philosophy underlying Federal Rule of Civil Procedure 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if affirmed." Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville, 245 F.R.D. 65, 69 (D. Conn. 2007) (citing Lightfoot v. Walker, 797 F.2d 505 (7th Cir. 1986)).

Thus, "[a]bsent a stay of the judgment pending appeal which enters when a supersedeas bond is approved, the judgment is payable and may be collected upon." Id. at 70; see also Larry Santos Productions v. Joss Org., Inc., 682 F. Supp. 905, 906 (E.D. Mich. 1988) ("without a court-approved stay and a bond if one is ordered, the appealing party is protected against attempts to satisfy a final judgment only for the first 10 days thereafter").

The right to collect on the judgment is a valuable right. As Ocean Duke made it a point to bring out at trial, Kowalski is not financially strong; delay places a significant burden on him. Despite this, Kowalski was nice and agreed to accommodate Ocean Duke's initial requests to stay collection efforts, on the premise that good faith settlement negotiations would take place and Ocean Duke was taking prompt effort to secure an adequate bond. See Yasunaga Decl. at ¶ 2. But as the weeks dragged on, it became apparent that Ocean Duke had no intention of settling the case and had no bond to offer.[1] See id.

Notably, collection efforts that Kowalski accomplishes prior to the ordering of a supersedeas stay are not rendered void even if Ocean Duke eventually obtains court approval of a bond. See Ribbens Int'l v. Transport Int'l Pool, Inc., 40 F. Supp. 2d 1141, 1144 (C.D. Cal. 1999) (Rule 62(d) "cannot be read to give the supersedeas bond retroactive application regarding pre-existing levies. The final

---

[1] Ocean Duke faults Kowalski for not agreeing to a bond amount. Ocean Duke originally proposed a bond in the exact amount of the judgment. Kowalski responded that the proposed amount was inadequate because it did not account for interest and costs on appeal. Ocean Duke then came back with $3.1 million, which Kowalski's counsel explained again was unreasonably low especially because I had since our prior conversation found caselaw that supported more than 120%. Ocean Duke's counsel came back again saying that Ocean Duke had obtained a bond of $3.1 million and pressed Kowalski's counsel to commit to a bond in the amount of $3.6 million. Kowalski's counsel did not see the point in committing to a specific number because Ocean Duke's counsel insisted that $3.1 million was a reasonable amount and indicated no willingness to obtain a larger bond even after Kowalski's counsel told him that he had found case authority supporting that the bond amount should be 120% of the judgment to account for post-judgment interest, attorneys' fees, and costs of appeal. See Yasunaga Decl. ¶ 3.

sentence of this rule is clear and unambiguous: The stay becomes effective when the bond is approved; **before the bond is approved there is no stay and the judgment creditor is free to execute upon the judgment**") (emphasis added); see also Larry Santos Prod., 682 F. Supp. at 906 ("allowing retroactive stays would enable a judgment debtor to delay the filing of a bond until threatened by the efforts of a creditor to execute upon the judgment, and then benefit from the bond as though it had been filed before execution was attempted. Such a rule would subvert **the essential purpose of appeal bonds, which are meant to condition stays of execution upon the providing of security in advance**.") (emphasis added).

Rule 62(d) gives Kowalski the right to enforce the judgment until Ocean Duke submits an adequate bond and obtains Court approval.[2] Ocean Duke is not entitled to, nor should the Court grant, a stay in the meantime. See Rand-Whitney Containerboard Ltd. P'ship, 245 F.R.D. at 70 (denying appellant's "Emergency Supplemental Motion for stay of execution of judgment" and "Motion to approve a

---

[2] While Ocean Duke contends that "under certain circumstances the bond requirement of Rule 62(d) can be waived entirely," Ex Parte Mot. at 2, it makes absolutely no claim that the circumstances of this case warrant waiver of the bond requirement. See Yasunaga Decl. at ¶ 4. In fact, Ocean Duke said in settlement discussions, in an effort to persuade Kowalski to take less than the judgment amount, that they would have a hard time paying the full judgment, complaining about how bad publicity about products from China was hurting their business and threatening to shut the company down and have Roger Lin use his MBA to work in some other business. See id.

proposed supersedeas bond" where bond submitted lacked specific terms and conditions), U.S. v. Cowan, 535 F. Supp. 2d 1135, 1148 (D. Haw. 2008) ("The Court will order a supersedeas stay **only if** the Cowans post a supersedeas bond with the Court in the amount of $595,828.38 [more than 120% of the judgment amount]."). Moreover, Ocean Duke's request for provisional approval of the bond should not be granted or serve as the basis of a stay because the stay is only effective upon approval of the bond (not provisional approval, which is really disapproval) and could have the unintended effect of divesting the Court of jurisdiction to ensure that Ocean Duke eventually submits an adequate bond. See In Re Federal Facilities Realty Trust, 227 F.2d 651, 655 (7th Cir. 1955) ("Thus, on a timely application for a supersedeas, the function of the court is limited to a determination of whether the conditions of the bond form to the requirements of Rule 73(d) and whether the sureties thereon are adequate, it may approve or disapprove the bond. But, if it approves, the stay follows automatically under the last sentence of the Rule 62(d), and the court has no discretion in the matter. . . . . The provisions of the cited rules seem clearly to contemplate that the trial court's reserved power is exhausted when the court approves the supersedeas bond and the stay becomes effective."). Ocean Duke provides no good reason why the requirements of Rule 62(d) should be circumvented. See Ribbens Int'l, 40 F. Supp. 2d at 1146, Larry Santos Prod., 682 F. Supp. at 906 ("Santos served his writ

of garnishment after his right to do so had vested . . . . Polygram's stated reasons for delay and cost of its bond are insufficient to persuade this court that manifest injustice [i.e. execution of the garnishment] has resulted.").

### B. The Bond Submitted By Ocean Duke Is Deficient And Should Not Be Approved.

The bond submitted by Ocean Duke is deficient. There are at least three serious problems: (1) the individual who executed the bond did not have the authority to bind the surety for the full amount of the bond, (2) the bond lacks terms and conditions binding the surety to pay Kowalski the judgment amount and additional amounts when the judgment is affirmed on appeal, and (3) the bond amount does not account for additions of interest, costs of appeal (including attorneys fees), and damages for delay.[3]

> 1. The bond is invalid on its face because the person who executed it was granted power of attorney to bind the surety for an amount less than the stated $3.1 million bond amount.

The bond submitted by Ocean Duke purports to obligate the surety to Kowalski for the sum of $3.1 million. Notably, however, the power of attorney attached with the bond submitted by Ocean Duke provides the individual who

---

[3] Kowalski notes that this opposition was prepared on one day's notice after the filing of the Ex Parte Motion on the evening of June 17, 2008 and without the benefit of a reasonable opportunity to research the requirements and standards for an adequate supersedeas bond. Therefore, Kowalski reserves his right to present additional bases for challenging the sufficiency of the bond when Ocean Duke files its noticed motion for bond approval, which it represents "will be ready for hearing in late July." Ex Parte Mot. at 2.

signed on the surety's behalf, Will Mingram, with authority to execute a bond in an amount not to exceed $3 million. This discrepancy indicates that the bond may be invalid and/or unenforceable.

        2.    The bond submitted by Ocean Duke lacks necessary terms and conditions.

The bond submitted by Ocean Duke is also unclear and insufficient because it lacks necessary terms that indicate the surety's obligations to Kowalski. <u>Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville</u>, 245 F.R.D. 65 (D. Conn. 2007), is instructive as to the language and terms that should be included in the bond:

> **It is important that the language contained in a supersedeas bond be clear and unambiguous.** No federal statute, provision of the Federal Rules of Civil Procedure, or provision of the Federal Rules of Appellate Procedure defines the conditions that trigger a surety's obligation under a supersedeas bond. <u>Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.</u>, 782 F.Supp. 870 (S.D.N.Y.1991). ( citing <u>Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc.</u>, 803 F.2d 794, 798 (4th Cir.1986)); 11 Wright & Miller, Federal Practice and Procedure § 2905 (1972). The Supreme Court, however, has made it clear that the obligation of sureties upon bonds is strictissimi juris, and not to be extended by implication or enlarged construction of the contract entered into. <u>Crane v. Buckley</u>, 203 U.S. 441, 447, 27 S.Ct. 56, 58, 51 L.Ed. 260 (1906).
>
> . . . .
>
> Absent a stay of the judgment pending appeal which enters when a supersedeas bond is approved, the judgment is payable and may be collected upon. The supersedeas bond and attendant stay confer a benefit on appellants, to postpone plaintiff's right to execute on the judgment by substituting a surety for appellants whose ability or willingness to pay a judgment post-appeal is questionable. When an

approved bond is posted, plaintiffs are required to forbear from taking immediate steps to execute on a judgment in exchange for the assurance of the bond that a solvent surety is willing and able to pay the judgment when the appeal is concluded. **This process is not a game of "gotch ya" in which defendants may seek to avoid their legal obligations by interposing an ambiguous agreement which the surety can then seek to avoid.**

Defense counsel's cavalier dismissal at argument of legitimate questions about the meaning and effect of language contained in the two different bonds proposed by defendants, and the fact that he considered suggested terms like "promptly" and "within a reasonable time" **so lacking in specificity as to be meaningless has persuaded the Court that any bond it approves must be drafted with precision and clarity, so that it accurately reflects the agreement and intent of its parties, the defendants and the surety, as to their respective rights and responsibilities regarding the judgment. If defendants do not know what the bond requires of them, they will not know how to perform.** For example, from the two proposed bonds, the Court could not determine if the intent of its parties was that Montville be given an opportunity to satisfy the judgment first, or if Rand Whitney should seek recourse against the surety in the first instance. This is not a term that should be left for interpretation and argued at a later date.

The executed bond, dated July 30, 2007, is **NOT APPROVED.** It incorrectly references the Court's judgment (by citing an incorrect date) and its language is inadequate to secure timely payment of the judgment.

The Court will not approve a bond submitted in the proposed form appended to the Defendants' Reply Memorandum. It lacks specificity. **In light of the defendants' uncertainty about their obligations vis à vis the surety, the language of the bond must clearly bind the surety to pay the judgment, unless the defendants do so by a date certain. Accordingly, any proposed bond shall unequivocally bind the surety to pay any judgment affirmed or as modified by the Court of Appeals, up to $16 million, unless within 90 days of the Court of Appeals' decision, the defendants satisfy the judgment in full.**

Id. at 69-70 (emphasis added).

The bond submitted by Ocean Duke merely states that "the undersigned surety, does hereby obligate itself, jointly and severally to William R. Kowalski under said statutory obligations in the sum of THREE MILLION ONE HUNDRED THOUSAND AND 00/100 Dollars." What is meant by "said statutory obligations" is unclear; no statutory provisions are cited in the bond. The bond does not include terms that in any way indicate the circumstances under which the surety must pay Kowalski, the amount that must be paid, and when payment should be made. The bond is therefore insufficient and should not be approved until it is drafted with "precision and clarity, so that it accurately reflects the agreement and intent of its parties, the defendants and the surety, as to their respective rights and responsibilities regarding the judgment." Id.

        3.    The bond amount does not account for the full judgment amount plus interest, costs of appeal, and damages for delay.

The bond amount is not sufficient. Recently, in United States v. Cowan, 535 F. Supp. 2d 1135 (D. Haw. 2008), Judge Gillmor required the judgment debtor to put up a bond in the amount of 120% of the judgment,[4] as necessary to cover the judgment amount with interest, costs of appeal and **damages for delay**, plus additional amounts to account for liens:

---

[4] Notably, the 120% amount corresponds with the standard garnishee summons form directing the garnishees to hold an amount not to exceed 120% of the judgment amount.

> "Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable."
>
> ....
>
> To fully protect the Government on issuance of a stay of judgment, the supersedeas bond amount must be set to take into account the additions of interest, costs of appeal, damages for delay, and payment of the Countrywide and MERS liens. The Countrywide and MERS liens total $238,478.89. **To take into account the accruing interest on the amount owed to the Government and the costs of appeal and damages for delay, the Court sets the portion of the supersedeas bond at 120% of the amount owed to the Government as of December 20, 2007, that is, 120% of $297,791.24.** See U.S. v. Goltz, 2007 WL 295558 at *2 (W.D.Tex.2007) ("The Goltzes are entitled to a supersedeas stay as of right only if they post bond in an amount sufficient to cover the entire amount of the judgment, including interest, costs, and damages for delay.... Consequently, the Goltzes are entitled to a supersedeas stay as of right only if they can post bond in an amount ... which equals 120% of the Goltzes' outstanding tax liability."). The Court sets the total amount of supersedeas bond in the matter at $595,828.38 (which is the sum of $297,791.24 x 120% + $238,478.89). **The Court will order a supersedeas stay only if the Cowans post a supersedeas bond with the Court in the amount of $595,828.38.**

Id. at 1148 (internal citations omitted) (emphasis added).

Kowalski's judgment is for the amount of $3,020,605.52. The $3.1 million bond submitted by Ocean Duke is arguably unenforceable because the person who executed it did not have authority to bind the surety for a bond in excess of $3 million. Even ignoring this big problem, the $3.1 million amount is insufficient

because it is less than $80,000 above the judgment amount, and is insufficient to cover "additions of interest, costs of appeal [including attorneys' fees], [or] **damages for delay**." Id. (emphasis added). Ocean Duke cites no authority to support that a full supersedeas bond is not necessary in this case and fails to give any explanation as to why $80,000, as opposed to $624,000 (which is 120% of the judgment), should be deemed sufficient to cover interest, attorneys fees and costs on appeal, and especially damages for delay, which are significant given Kowalski's financial condition. At the very least, the bond should be for an amount not less than 120% of the judgment amount.

### III. CONCLUSION

The bond submitted by Ocean Duke is inadequate and possibly even void or unenforceable because the person who signed the bond lacked the authority to bind the surety for the full amount of the bond and the bond payment terms are deficient. Under Rule 62(d), as well as relevant caselaw, Kowalski is entitled to enforce the judgment until Ocean Duke posts and obtains court approval of an adequate supersedeas bond. Ocean Duke indicates that its motion for approval of the bond "will be ready for hearing in late July." Ex Parte Mot. at 2. Granting Ocean Duke's request for stay of enforcement and "provisional approval" of the bond submitted is prejudicial to Kowalski, contrary to Rule 62(d)'s requirement that "the stay takes effect when the court approves the bond," and could have the

unintended effect of divesting the Court of jurisdiction to ensure that an adequate bond is eventually procured by Ocean Duke. Ocean Duke's Ex Parte Motion should be denied.

DATED: Honolulu, Hawaii, June 19, 2008.

                CADES SCHUTTE LLP

                \s\ Milton M. Yasunaga
                MILTON M. YASUNAGA
                ALLISON MIZUO LEE

                Attorneys for Plaintiffs
                WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.