IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | CIVIL NO. 04-0055 BMK <br><br> **DECLARATION OF MILTON M. YASUNAGA** |

DECLARATION OF MILTON M. YASUNAGA

I, Milton M. Yasunaga, declare as follows:

1. I am a member of Cades Schutte, LLP, attorneys for Plaintiffs in this action. I make this declaration based on personal knowledge unless otherwise indicated.

2. My email to Paul Marks ("Mr. Marks"), counsel for Defendant Ocean Duke Corporation ("Ocean Duke"), dated June 17, 2008, a copy of which is attached as Exhibit F to Ocean Duke's Ex Parte Application for Stay of Enforcement of Judgment filed on June 17, 2008 ("Ex Parte Motion"), accurately sets forth my understanding of the history of events that occurred with respect to Ocean Duke's failure to take reasonably diligent action to obtain, and seek

Plaintiff's or the Court's approval of, an adequate bond.

3. In his declaration attached to Ocean Duke's Ex Parte Motion, Mr. Marks faults me for never specifying an amount for the bond that I would agree to. Mr. Marks originally proposed a bond in the exact amount of the judgment. I responded that the proposed amount was inadequate because it did not account for interest and costs on appeal. Mr. Marks then came back with $3.1 million, which I explained again was unreasonably low especially because I had since our prior conversation found caselaw that supported 120%. Mr. Marks came back again saying that Ocean Duke had obtained a bond of $3.1 million and pressed me to commit to a bond in the amount of $3.6 million. I did not see the point in committing to a specific number because Mr. Marks still insisted that $3.1 million was a reasonable amount and indicated no willingness to obtain a larger bond even after I told him that I had found case authority supporting that the bond amount should be 120% of the judgment to account for post-judgment interest, attorneys' fees, costs of appeal. I also wanted to explore the case authority's reference to "damages for delay" as something separate from its reference to interest and costs of appeal.

4. The Court should reject any contention by Ocean Duke that a bond is not necessary because of its obvious financial ability to pay. Ocean Duke said in settlement discussions trying to persuade Kowalski to take less than the judgment

amount that they would have a hard time paying the full judgment. Ocean Duke complained about how bad publicity about products from China was hurting their business and they threatened to shut the company down and have Roger Lin use his MBA to work in some other business.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, June 19, 2008.

\s\ Milton M. Yasunaga
MILTON M. YASUNAGA