LOUISE K. Y. ING       2394-0
ALLISON KIRK GRIFFITHS  8156-0
ALSTON HUNT FLOYD & ING
1800 ASB Tower, 1001 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
Email:  ling@ahfi.com
       agriffiths@ahfi.com

TIMOTHY L. NEUFELD (Admitted *Pro Hac Vice*)
PAUL S. MARKS (Admitted *Pro Hac Vice*)
NEUFELD LAW GROUP
360 East 2nd Street, Suite 703
Los Angeles, California 90012
Telephone:  (213) 625 -2625
Facsimile:  (213) 625-2650
Email: tneufeld@neufeldlawgroup.com
      pmarks@neufeldlawgroup.com

Attorneys for defendant OCEAN DUKE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>        Plaintiffs,<br><br>  v.<br><br>OCEAN DUKE CORPORATION,<br><br>        Defendant. | CIVIL NO. CV 04-00055 BMK<br><br>**MEMORANDUM IN OPPOSITION TO *EX PARTE* MOTION TO LIFT STAY OF ENFORCEMENT; DECLARATION OF PAUL S. MARKS; EXHIBITS A-G; DECLARATION OF AMY MEA; EXHIBIT A;** CERTIFICATE OF SERVICE |

133896.2

**MEMORANDUM IN OPPOSITION TO *EX PARTE* MOTION TO LIFT STAY OF ENFORCEMENT AND RELATED RELIEF**

This Court has approved the bond that was filed by Ocean Duke Corporation ("Ocean Duke") as being "sufficient to stay of enforcement of the judgment in this action." (*See* Court Order dated June 23, 2008; Exhibit E to plaintiff's *ex parte* motion.) Now, plaintiff has filed a motion claiming, contrary to this Court's Order, that the bond is not sufficient, and that "plaintiff remains without the protection required for a stay of enforcement." (*See* Motion at page 2.) Plaintiff also alleges, contrary to the facts, that Ocean Duke has somehow failed to comply with this Court's Order dated June 23, 2008.

However, as shown below, Ocean Duke has complied with this Court's Order dated June 23, 2008. That Order required the following with respect to the language of the bond:

> 5.    Ocean Duke is further ordered to address the Court's remaining concerns about the language of the bond by June 27, 2008. Specifically, the Court requests clarification:
>
>> a) regarding the "necessary information" that must be included with a claim on the bond;
>>
>> b) specifying the date of the judgment being appealed; and

c)  that the bond will be paid not only if this Court's

judgment is affirmed in part or in whole, but also upon

modification of the judgment by the Court of Appeals,

up to the full amount of the bond.

At 6:02 a.m. (Hawaii time) on June 26, 2008 – barely three days after issuance

of the June 23 Court Order -- Ocean Duke submitted a new bond to plaintiff's

counsel that addressed all three issues of concern to the Court.  For example, as to

points 5b) and 5c) of the Court Order, the revised bond clearly sets forth the date of

the judgment and the fact that modification of the award will still require payment.

(*See* Proposed Bond; Marks Decl., Exh. A.)  Thus, the only remaining issue of

legitimate concern is point 5a) of the Court Order, regarding the information to be

included on a claim form requesting payment on the bond.  In that respect, the new

bond sets forth the "necessary information" as follows:

"including but not limited to the name and address of the party to

receive such payment, the exact amount of payment to be made, a copy

of the court order(s) on which the claim is based, and a release to be

rendered effective upon issuance of such payment."

(Marks Decl., Exh. A.)

Ocean Duke submits that this revision complies with this Court's June 23

Order, which required "clarification . . . regarding the 'necessary information' that

must be included with a claim on the bond . . . ."  This new language clarifies the necessary information, and hence complies with the the Court Order.  Plaintiff, however, claims that this language is not good enough, and that it does not comply with the spirit of the Court Order.  Plaintiff then goes on to falsely accuse Ocean Duke of a litany of underhanded conduct.

Contrary to  plaintiff's allegations, there has been no attempt by Ocean Duke to do anything other than comply with this Court's Order.  Ocean Duke's money is tied up in the bond; all Ocean Duke wants now is resolution of these issues.  Ocean Duke does not care about what language is included in the bond; indeed, Ocean Duke sent Mr. Yasunaga's extensive "wish list" to the bonding company for inclusion in the bond, but the surety responded that none of Mr. Yasunaga's proposed changes was acceptable.  (Marks Decl., Ex. D.)

Plaintiff is apparently concerned that the bonding company will withhold payment on grounds that plaintiff will be unable to supply all "necessary information" when (or, more accurately, if) Ocean Duke's appeal fails and plaintiff submits a claim for payment.  Plaintiff apparently fears that what constitutes "necessary information" may be a moving target.  However, under the terms of the bond, this Court has the plenary authority to declare the surety company in default in case payment is not properly made.  Thus, if the bonding company unreasonably rejects or ignores an appropriately detailed submission, or makes an unreasonable

request for information that is supposedly "necessary" to pay on the bond, this Court can summarily deem the surety to be in default, and can enter judgment against the bonding company accordingly.

In addition, it must be remembered that the "necessary information" language arises out of *plaintiff's* insistence that timing parameters be placed in the bond relating to payment. In this regard, it is instructive that the Bender's form bond submitted by plaintiff with his papers, on which he relies for his arguments (*see* Exhibit J to the ex parte motion), contains *no timing requirements at all,* and also does not contain many of the other requirements that plaintiff continues to insist on including in the Ocean Duke bond. The Exhibit J Bender's form is a paragon of simplicity, and it obviously "does the trick." By comparison, the Ocean Duke bond -- which the surety has revised three times (Marks Decl., Exh. A) -- is *more protective of plaintiff* than the Bender's form bond that plaintiff attached to his motion.

Finally, before Mr. Yasunaga filed his ex parte motion, it must be noted that Ocean Duke made another suggestion to break this logjam. As set forth in Exhibit F to the Marks Declaration, Ocean Duke's counsel suggested a side agreement, or a stipulated court order, designed to address Mr. Yasunaga's concerns. However, Mr. Yasunaga rejected the idea. Ocean Duke is still open to the idea, and is also

open to having a conference call with the surety, if the Court deems that suggestion appropriate.

Ocean Duke simply wants resolution of these issues, and urges the Court to achieve such a resolution in one of the following suggested ways:

1.    Approve the bond proposed by the surety (Marks Decl., Exh. A) and deny the ex parte motion; or

2.    Require that the surety for Ocean Duke submit a bond that follows the precise language of the Bender's form bond with the minor alteration proposed by the bonding company (*see* the attached declaration of Amy Mea); or

3.    Acknowledge on the record that the Court has the authority, under the proposed bond submitted by the surety (Marks Decl., Exh. A), to declare the bonding company in default if the surety unreasonably withholds payment based on the surety's failure to pay on grounds of, *inter alia*, an unreasonable demand for claim-related information; or

4.    Accept the parties' stipulation to that effect, and enter it as a Court Order, with other terms and conditions protective of plaintiff; or

5.    If none of these suggestions is acceptable, Ocean Duke respectfully requests that the Court convene a conference with the parties and

counsel for the surety, to address the plaintiff's and the surety's

concerns.


Respectfully submitted,

DATED:  Los Angeles, California, July 8, 2008.


/s/ Paul S. Marks_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
TIMOTHY L. NEUFELD
PAUL S. MARKS
Attorneys for defendant Ocean Duke Corp.