IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUKE CORPORATION,<br><br>Defendant. | CIVIL NO. CV 04-00055 BMK<br><br>**DECLARATION OF PAUL S. MARKS** |

**DECLARATION OF PAUL S. MARKS**

I, Paul S. Marks, declare:

1.  I am counsel to Ocean Duke Corporation, and I have knowledge of the facts set forth herein, and could and would testify under oath to the matters set forth herein.

2.  This Court ordered on June 23, 2008 that Ocean Duke provide clarification regarding the following three items:

    a)  regarding the "necessary information" that must be included with a claim on the bond;

    b)  specifying the date of the judgment being appealed; and

    c)  that the bond will be paid not only if this Court's judgment is affirmed in part or in whole, but also upon modification of the

134183.1

judgment by the Court of Appeals, up to the full amount of the bond.

3. At Ocean Duke's request, the bonding company reviewed the June 23, 2008 Court Order and prepared a new bond in accordance with the Order. (Attached hereto as Exhibit A is a true and correct copy of the surety's proposed bond.) The proposed bond clarifies the "necessary information" that must be included, sets forth the date of the judgment, and clarifies that modification of the award will still require payment.

4. I forwarded the surety's proposed bond to plaintiff's counsel shortly after receiving it, and requested his comments. (Attached hereto as Exhibit B is a true and correct copy of the email to plaintiff's counsel forwarding the proposed bond.)

5. Plaintiff's counsel responded to this email with a redline version of the surety's proposed bond changing the language and including additional terms not addressed in the Court Order. We forwarded his requests to the surety. (Attached hereto as Exhibit C is a true and correct copy of the email to the surety forwarding plaintiff counsel's proposed changes.) The surety responded telephonically that the changes proposed by plaintiff's counsel were not acceptable.

6. I informed plaintiff's counsel by email that the surety would not accept his changes. (Attached hereto as Exhibit D is a true and correct copy of the

134183.1

email I sent to plaintiff's counsel on June 27, 2008.)  Plaintiff's counsel responded several hours later with one short sentence and no proposal to solve the impasse.  (Attached hereto as Exhibit E is plaintiff counsel's response.)

      7.     I waited a couple of days to see if Mr. Yasunaga would elaborate on his brief email response (*See* Exhibit E).  Finally, on July 3, 2008 I sent a further email to plaintiff's counsel suggesting that we consider entering into a side agreement or stipulated order to resolve any of his remaining concerns.  (Attached hereto as Exhibit F is a true and correct copy of this email.)

      8.     Plaintiff's counsel responded several hours later that he did not have time to review our email because he was working on the current *ex parte* motion.  He further stated that it would not have made a difference even if he had.  (Attached hereto as Exhibit G is a true and correct copy of his email.)

I declare under penalty of perjury under the laws of Hawaii and the United States of America that the foregoing is true and correct.

Executed on July 8, 2008, at Los Angeles, California.



                                              _____/s/ Paul S. Marks_____

                                                    **PAUL S. MARKS**

134183.1