**Erin Elizabeth Brady**

| | |
|---|---|
| **From:** | Paul S. Marks |
| **Sent:** | Friday, June 27, 2008 5:11 PM |
| **To:** | 'Milton Yasunaga'; 'Allison Mizuo Lee' |
| **Cc:** | 'PAUL Alston'; LOUISE ING; 'DONNA AHUNA'; Erin Elizabeth Brady |
| **Subject:** | Ocean Duke Bond |
| **Attachments:** | SKMBT_60008062715590.pdf |

Milton/Allison:

We reviewed your suggestions to the bond form and forwarded them to the surety. These were changes you suggested late last night, after the surety had amended the bond to comply with the three concerns expressed by Judge Kurren in his recent court order.

Please be advised that the surety representatives, after reviewing your extensive changes, have stated that they will not make any further changes to the bond language. They have stated that they almost never make changes to standard bond forms, but that in this case they have made numerous changes, on at least three separate occasions, based on your desires and, most recently, based on the Court order.

What we sent you a few days ago was the surety's attempt to comply with Judge Kurren's order, which we had sent them (and which is attached hereto, along with the language proposed by the surety to comply with the Court order). The surety's changes clearly address all three concerns expressed by the Court in the attached order, and the bond now provides details on the "necessary information" required as part of the bond claim.

Although you have suggested deleting the language "including but not limited to" in relation to the "necessary information" that should accompany the claim, the bond company has stated that changed circumstances two years from now may dictate that they need some information that they cannot predict they will need, and they do not want to foreclose themselves from asking for such information. Please understand that we do not control the bond company.

More importantly, in the unlikely event that a dispute arises about the information accompanying the bond claim, your client is clearly protected under the language proposed by the bond company, since any alleged default can be placed before Judge Kurren by your client.

Please confirm that the language proposed by the surety complies with Judge Kurren's order.

**EXHIBIT D**

7/7/2008

Thank you.

Paul Marks

**Paul S. Marks, Esq.**
**Neufeld Law Group**
360 East Second Street, Suite 703
Los Angeles, California  90012
Telephone: (213) 625-2625
Facsimile: (213) 625-2650
pmarks@neufeldlawgroup.com
www.neufeldlawgroup.com

7/7/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI, ) | |
| ) | Civ. No. 04-00055 BMK |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING STAY OF |
| ) | ENFORCEMENT OF JUDGMENT |
| OCEAN DUKE CORPORATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER GRANTING STAY OF ENFORCEMENT OF JUDGMENT

Having considered the *ex parte* application of Defendant Ocean Duke Corporation ("Ocean Duke") for an order granting stay of enforcement of the judgment in this action, and after holding hearings on this matter on June 19 and June 23, 2008,

IT IS HEREBY ORDERED THAT:

1. Ocean Duke's appeal bond in the amount of $3,650,000, dated June 23, 2008, is approved by this Court as being sufficient to stay enforcement of the judgment in this action.

1

2. Enforcement of the judgment in this action is stayed until further order of this Court.

3. All garnishee orders, or other enforcement of judgment actions, are hereby ordered withdrawn, and shall have no further force and effect.

4. Any customer of Ocean Duke who has been served with a garnishee order, or other enforcement action, is hereby ordered not to comply therewith.

5. Ocean Duke is further ordered to address the Court's remaining concerns about the language of the bond by June 27, 2008. Specifically, the Court requests clarification:

>a) regarding the "necessary information" that must be included with a claim on the bond;
>
>b) specifying the date of the judgment being appealed
>
>c) that the bond will be paid not only if this Court's judgment is affirmed in part or in whole, but also upon modification of the judgment by the Court of Appeals, up to the full amount of the bond.

2

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 23, 2008

Kowalski v. Ocean Duke; Civ. No. 04-00055 BMK; ORDER GRANTING STAY OF ENFORCEMENT OF JUDGMENT.

3



# American Contractors Indemnity Company

United States District Court for
The District of Hawaii

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiff, <br> v. <br><br> OCEAN DUKE CORPORATION, <br><br> Defendant. | No. **CV 04-0055 BMK** <br> UNDERTAKING FOR APPEAL <br><br> AMERICAN CONTRACTORS INDEMNITY COMPANY <br> 9841 AIRPORT BLVD., 9TH FLOOR <br> LOS ANGELES, CA 90045 |

**WHEREAS**, in the _____ Court of _____, a Judgment or Order was entered on _____, 20___ in favor of _____ and against _____ in the amount of _____ Dollars ($_____).

**WHEREAS** said **Ocean Duke Corporation**, feeling aggrieved thereby, intend(s) to appeal therefrom, and therefore desires to give an undertaking for Appeal and Stay of Execution as provided in FRCP §62.

**NOW THEREFORE**, American Contractors Indemnity Company, undertakes that if the Judgment or Order appealed from, or any part of it, is affirmed or modified by the Court of Appeals, or the Appeal is dismissed, we acknowledge ourselves bound to pay to the Appellee, **William Kowalski**, under said statutory obligation, the amount directed to be paid by the said Judgment or Order, or the part of such amount as to which the said Judgment or Order is affirmed or modified, if it be modified or affirmed only in part, which shall be awarded against said Appellants on said appeal, plus interest and costs, not to exceed the sum of **Three million six hundred fifty thousand** Dollars (**$3,650,000.00** ).

**CONDITIONED** that if **Ocean Duke Corpoation**, as Principal/Appellant, shall pay to the Appellee the amount directed to be paid by the said Judgment or Order, or the part of such amount as to which the said Judgment or Order is modified or affirmed, if it be modified or affirmed only in part, which shall be awarded against said Appellants on said appeal, plus interest and costs, then this obligation shall be void; otherwise to remain in full force and effect.

Payment of the aforesaid amount shall be made with in 90 (ninety) days after Appellant or Appellee makes a claim for payment on the bond, which claim shall include all necessary information to render such payment, by way of example including but not limited to the name and address of the party to receive such payment, the exact amount of payment to be made, a copy of the court order(s) on which the claim is based, and a release to be rendered effective upon issuance of such payment. Such claim may be made immediately after entry of the appellate court's final order, and Principal authorizes Surety to pay such claim upon receipt of the claim without requiring further approval from the Principal.

It is further agreed by the Surety, that in case of default or contumacy on the of the Surety, the court may, upon notice to it of not less than ten days, proceed summarily to render judgment against it in accordance with their obligation and award execution thereon.

Dated this **23rd** day of **JUNE**, 2008.

BOND NO. **443860**
PREMIUM $**37,000.00**

AMERICAN CONTRACTORS INDEMNITY COMPANY

By: _____
     WILL MINGRAM,   Attorney-in-Fact

\*\*\*Substitute original bond. Supersedes and replaces any other original bonds bearing the same bond number.\*\*\*