### Erin Elizabeth Brady

**From:** Milton Yasunaga [myasunaga@cades.com]
**Sent:** Friday, June 27, 2008 6:19 PM
**To:** Paul S. Marks; Allison Mizuo Lee
**Cc:** PAUL Alston; LOUISE ING; DONNA AHUNA; Erin Elizabeth Brady
**Subject:** RE: Ocean Duke Bond

If I felt the language was sufficient, I would not have bothered proposing changes.

-----Original Message-----
**From:** Paul S. Marks [mailto:PMarks@neufeldlawgroup.com]
**Sent:** Friday, June 27, 2008 2:11 PM
**To:** Milton Yasunaga; Allison Mizuo Lee
**Cc:** PAUL Alston; LOUISE ING; DONNA AHUNA; Erin Elizabeth Brady
**Subject:** Ocean Duke Bond

Milton/Allison:

We reviewed your suggestions to the bond form and forwarded them to the surety. These were changes you suggested late last night, after the surety had amended the bond to comply with the three concerns expressed by Judge Kurren in his recent court order.

Please be advised that the surety representatives, after reviewing your extensive changes, have stated that they <u>will not</u> make any further changes to the bond language. They have stated that they almost never make changes to standard bond forms, but that in this case they have made numerous changes, on at least three separate occasions, based on your desires and, most recently, based on the Court order.

What we sent you a few days ago was the surety's attempt to comply with Judge Kurren's order, which we had sent them (and which is attached hereto, along with the language proposed by the surety to comply with the Court order). The surety's changes clearly address all three concerns expressed by the Court in the attached order, and the bond now provides details on the "necessary information" required as part of the bond claim.

Although you have suggested deleting the language "including but not limited to" in relation to the "necessary information" that should accompany the claim, the bond company has stated that changed circumstances two years from now may dictate that they need some information that they cannot predict they will need, and they do not want to foreclose themselves from asking for such information. Please understand that we do not control the bond company.

EXHIBIT E

More importantly, in the unlikely event that a dispute arises about the information accompanying the bond claim, your client is clearly protected under the language proposed by the bond company, since any alleged default can be placed before Judge Kurren by your client.

Please confirm that the language proposed by the surety complies with Judge Kurren's order.

Thank you.

Paul Marks


**Paul S. Marks, Esq.**
**Neufeld Law Group**
**360 East Second Street, Suite 703**
**Los Angeles, California 90012**
**Telephone: (213) 625-2625**
**Facsimile: (213) 625-2650**
**pmarks@neufeldlawgroup.com**
**www.neufeldlawgroup.com**

------------------------------------------------------------
Circular 230 Disclosure:  To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice
contained in this communication (including any attachments) is
not intended, or written to be used, and cannot be used for the
purpose of avoiding tax-related penalties under the Internal
Revenue Code.
*****************************************************************
*********************
This message is intended for the use of the individual or entity
to which it is addressed and may contain information that is
privileged, confidential and exempt from disclosure under
applicable law. If you are not the intended recipient,
any dissemination, distribution or copying of this communication
is strictly prohibited.
If you think you have received this communication in error,
please notify us immediately by reply e-mail or by telephone
(808)521-9200, and delete the original message.