# DECLARATION OF AMY MEA

I, Amy Mea, declare as follows:

1. I am a Civil Administrator with Bond Services of California and have been employed with this company since 2004. I have personal knowledge of the facts described in this declaration, and if called upon to testify in court under oath, I could and would so testify.

2. I have been in close contact with American Contractors Indemnity Company over the past several weeks in order to complete an appeal bond that is satisfactory to the parties and the Court in the case of *Kowalski v. Ocean Duke.* The surety company, American Contractors Indemnity Company, has provided numerous drafts of this bond to me.

3. The most recent draft of the bond was prepared by American Contractors Indemnity Company in response to the Court Order dated June 23, 2008. This draft provided additional details regarding information that must be included when a claim is made on the bond. The proposed bond language states the following:

> Payment of the aforesaid amount shall be made with in 90 (ninety) days after Appellant or Appellee makes a claim for payment on the bond, which claim shall include all necessary information to render such payment, by way of example including but not limited to the name and address of the party to receive such payment, the exact amount of the payment to be made, a copy of the court order(s) on which the claim is base, and a release to be

134184.1

rendered effective upon issuance of such payment.

4. The "including but not limited to" language is included by the surety because the surety must be able to request additional information if it proves necessary when a claim on the bond is made. This is because the surety cannot predict the type of information it will be given in the claim for payment and therefore must have the flexibility to request additional information if any of the information it has been provided is unclear, or the circumstances or request for payment is complex in any way. Most bonds I have dealt with do not contain timing requirements on payment, nor do they specify the type of information needed on the bond claim form, and it is highly unorthodox to incorporate such restricting terms into the bond form. Placing extreme limitations upon the Surety's ability to respond to a claim prevents the Surety from being able to adequately conduct its business in the interests of its client, its claimants, and itself, and it is unlikely that any careful and respectable Surety could allow such excessive limitations.

5. In my experience, I have never been asked to make the number of changes to a bond that has been requested in this matter. The surety companies that write civil bonds use standard forms that are typically accepted in the Courts in which they are filed, and rarely if ever are changes requested or approved to these standard forms. American Contractors Indemnity Company is the most

134184.1

flexible surety that my company works with on bonds of this size.

6. I have reviewed the Bender's Federal Practice Form example of a supersedeas bond, together with American Contractors Indemnity Company. (Attached hereto as Exhibit A is a true and correct copy the Bender's Form.) The surety has advised me that they will accept the Bender's Form with one minor alteration. The surety would require that the condition language be changed as illustrated below (changes are bold and italics):

> Ocean Duke Corporation and American Contractors Indemnity Company, which has an office and usual place of business at 981 Airport Blvd., 9th Floor, Los Angeles, CA 90045, undertake and promise to pay to William Kowalski all damages, costs, and interest that may be awarded to him following the appeal of this matter up to the sum of $3,650,000.00 if:
> a) The judgment so appeals from is affirmed; *or*
> b) The appeal is dismissed;
>
> *and*
>
> c) Ocean Duke fails to pay promptly against it in or following the appeal in this action, including any costs that the court of appeals may award if the judgment is modified.

I declare under penalty of perjury under the laws of the United States of America and the State of Hawai'i that the foregoing is true and correct.

Executed in Los Angeles, California, on July 8, 2008.

_____
AMY MEA

134184.1